Wolfe filed papers in the Connecticut Superior Court seeking a non-suit of such action on behalf of Todd R. Bainer and Todd R. Bainer, LLC for alleged discovery delays. When one considers this factual setting, in context (the Complaint was filed April 4, 2001 and the defendants have had over two and one-half (2½) years to seek and obtain discovery), it does not take one looking through a magnifying glass to conclude, based on the facts and the clear over breadth of the Subpoena, that the Bainer defendants' counsel are attempting to unduly burden the undersigned with frivolous discovery in this case so as to place additional oppression on Paul M. Gaide in connection with the Connecticut Superior Court matter. Their conduct is deserving of sanctions, including, without limitation, the time it has taken the undersigned to prepare these motions at his normal rate of $185.00 per hour. *See* F.R.Civ.P. 45(c)(1).

        d.     Request 4 is unintelligible and, to the extent understandable, overly broad and unduly burdensome. The subscribing authority does not define "D.A.N." or "Cadle". While the undersigned could guess who they may be, why should the undersigned be left in that position? The phrase, "as well as the assignment of Peoples (sic) Bank judgment of $128,217.00 in Bridgeport Superior Court" is incomprehensible in its present context.

The use of the words "Any and all evidence" could once again require the undersigned to produce massive quantities of documents, if viewed broadly. If viewed narrowly, the documents, or copies thereof are, upon belief, of record in the various courts and land records in Connecticut. What breadth is the subscribing authority giving to the phrase, "Any and all evidence"?

Once again, it is beyond the undersigned's comprehension why it is that the undersigned, as a non-party, is being dragged into this matter for this discovery. It is the understanding of the undersigned that The Cadle Company and D.A.N. Joint Venture, A Limited

17

Partnership, are the plaintiffs in the instant RICO case. Why is it that the requested documentation cannot be obtained from them, if they are the "D.A.N." or "Cadle" which are the subject of Request 4? Why unreasonably burden and oppress a non-party?

C.　Relief Requested:

Under F.R.Civ.P. 26(c) and 45(c)(1), the undersigned prays that:

a.　The Subpoena be quashed;

b.　That the discovery not be had;

c.　That the undersigned be protected from the discovery abuses foisted upon him by counsel to the Bainer defendants by way of the Subpoena and any other future subpoena (such as a trial subpoena duces tecum); and

d.　That Mary Anne A. Charron, Esquire, the subscribing authority to the Subpoena, be ordered to pay to Paul M. Gaide the sum of $2,849.00 (15.4 hours at $185.00 per hour) to compensate him for his lost earnings in having to research and prepare the instant motions which have been necessitated by the failure of the subscribing authority to take reasonable steps to avoid imposing undue burden or expense on Paul M. Gaide. The undersigned respectfully suggests that such funds be paid in good funds, delivered to Paul M. Gaide at 713 Lovely Street, Avon, Connecticut 06001, within ten (21) days of the entry of the Order pertaining hereto.

[INTENTIONALLY LEFT BLANK]

Dated at Avon, Connecticut this 12th day of November, 2003.

                Paul M. Gaide, Esquire,
                Gaide & Associates, LLC, Attorneys At Law


By  */s/ Paul M. Gaide*
    Paul M. Gaide, Esquire
    Federal Bar No.: ct07838
    Paul M. Gaide, LLC
    713 Lovely Street
    Avon, Connecticut 06001
    Tele: (860) 675-4701
    Fax: (860) 673-5017
    E-Mail: pgaide@sbcglobal.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| The Cadle Company, et al. : | Case No.: 3:01cv531 (AVC) |
| : | |
| v. : | |
| : | |
| Charles A. Flanagan, et al. : | November 12, 2003 |

## **CERTIFICATION**

The undersigned hereby certifies that he has, this 12th day of November, 2003, sent a copy of the Motion to Quash Subpoena, Motion for Protective Order, Motion for Sanctions / Lost Earnings, with supporting Memorandum and Exhibits, by first class United States mail, to the following:

Edward C. Taiman, Jr., Esquire
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, Connecticut 06103-2205

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, Illinois 60422

Douglas S. Skalka, Esquire
Neubert, Pepe & Monteith
13th Floor
New Haven, Connecticut 06510-2026

David G. Hill, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

Attorney Barbara L. Cox
Gallagher & Calistro
1377 Boulevard
New Haven, Connecticut 06509

Attorney Mary Anne Charron
Gordon, Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, Connecticut 06106

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, Connecticut 06443

_____
Paul M. Gaide

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

A TRUE COPY ATTEST:

EDWARD W. JURGELAS
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

The Cadle Company, et al

V.

Charles A. Flanagan, et al

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:01CV00531(AVC)

TO:  Paul M. Gaide, Esquire, Gaide & Associates, LLC
     315 Albany Turnpike, Second Floor, Canton, CT 06019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached.

| PLACE United States District Court, District of Connecticut, 450 Main Street, Hartford, CT 06103 | DATE AND TIME 10:00 a.m. November 20, 2003 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 10/31/03 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mary Anne A. Charron, Esquire, Gordon, Muir and Foley, LLP,
Ten Columbus Boulevard, Hartford, CT 06106

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit A

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1. Any and all telephone records and logs of calls including bills from all of your telephone service carriers between December 31, 1996 and January 31, 1999 which evidence telephone calls to any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan.

2. Any and all evidence of communications between you and/or your agents, or any attorney or employee under your direction, and any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan, between December 31, 1996 and January 31, 1999, whether oral or written and whether transmitted via facsimile, mail or electronic means.

3. Any and all recordings of oral communications between you and/or your agents or any attorney or employee under your direction, and any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan.

4. Any and all evidence showing that D.A.N./Cadle owned notes sued upon by you as counsel for D.A.N./Cadle against Charles A. Flanagan, including but not limited to Charles A. Flanagan notes to Bank of New Haven and Great Country Bank, as well as the assignment of Peoples Bank judgment of $128,217.00 in Bridgeport Superior Court.

```
.SSOZ                    CONCORD                         11/11/2003
                   DISPLAY LLC ADDRESS                    18:44:04

              GAIDE & ASSOCIATES, LLC, ATTORNEYS AT LAW

BUSINESS ID: 0588886    TERMINATION DATE:
ADDRESS       STREET:  30 TOWER LN


              CITY:    AVON                  STATE:   CT ZIP: 06001-
              COUNTRY:
MAILING       STREET:  30 TOWER LN
 ADDRESS


              CITY:    AVON                  STATE:   CT ZIP: 06001
              COUNTRY:


PF:  1-HELP   3-END    12-MENU
```

[Enter] [Clear]

[PF1] [PF2] [PF3] [PF4] [PF5] [PF6] [PF7] [PF8] [PF12]

[ Sign-off of the Concord system ]

Exhibit B

```
.SS6V                   CONCORD                  11/11/2003
                VALIDATE NAME FOR INQUIRY        18:44:55
                                                       1  OF  1
   NAME   GAIDE & ASSOCIATES, LLC
```

BUSINESS NAME NOT FOUND
PF: 1-HELP   3-END   12-MENU

[ Enter ]   [ Clear ]

[PF1] [PF2] [PF3] [PF4] [PF5] [PF6] [PF7] [PF8] [PF12]

[ Sign-off of the Concord system ]

```
SS14                    CONCORD                    11/11/2003
                  DISPLAY FILING HISTORY              18:50:16
                                                          1   OF   1
              GAIDE & ASSOCIATES, LLC, ATTORNEYS AT LAW

  BUSINESS ID:   0588886
     FILING            FILING DATE/TIME        FILING      VOL   ST   NBR OF
     NUMBER          EFFECTIVE DATE/TIME        TYPE             PG   PAGES
     0001825007   APR 09 1998    08:30 AM  ORGANIZATION   00183 B 0676    1

     0001962354   MAR 29 1999    08:30 AM  REPORT (1999)  00258 B 1478    1

     0002393252   JAN 14 2002    08:30 AM  REPORT (2001)  00481 B 2557    2

     0002393251   JAN 14 2002    08:30 AM  REPORT (2000)  00481 B 2555    2


  PF: 1-HELP   3-END   12-MENU
```

[Enter] [Clear]

[PF1] [PF2] [PF3] [PF4] [PF5] [PF6] [PF7] [PF8] [PF12]

[ Sign-off of the Concord system ]

Exhibit C

Search - 21 Results - "undue burden" w/15 45		Page 1 of 5
Case 3:01-cv-00551-AVC   Document 147-2   Filed 11/13/2003   Page 11 of 12
Source: Legal > Federal Legal - U.S. > District Court Cases - By Circuit > 2nd Circuit - US District Court Cases
Terms: "undue burden" w/15 45  (Edit Search)

↙Select for FOCUS™ or Delivery
☐

*1997 U.S. Dist. LEXIS 191, **

IN RE SUBPOENA DUCES TECUM SERVED ON BELL COMMUNICATIONS RESEARCH, INC., BY LUCENT TECHNOLOGIES INC., DATED JULY 16, 1996, FOR THE NONPARTY PRODUCTION OF DOCUMENTS IN BELL ATLANTIC CORPORATION AND DSC COMMUNICATIONS CORPORATION v. AT&T CORPORATION AND LUCENT TECHNOLOGIES INC., CIVIL ACTION NO. 5-96CV45 (E.D. TEX. (TEXARKANA DIV.)).

CIVIL ACTION NO. 5-96CV45

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 191

January 10, 1997, Decided
January 13, 1997, FILED

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff phone company brought an antitrust action against defendant competitor and defendant other company. The competitor filed a motion to compel a non-party to produce documents pursuant a Fed. R. Civ. P. 45(c)(2)(B) nonparty subpoena duces tecum it served upon the non-party.

**OVERVIEW:** The two questions presented by the competitor's motion to compel were: (1) whether the court should have issued an order prohibiting use of the nonparty's confidential documents during the trial of the underlying action unless the courtroom is closed; and (2) whether the court should have directed the nonparty to produce its customer proprietary documents on the finding that the protective order in place in the underlying action was adequate. The court held that the burden of establishing the appropriateness of the nonparty subpoena duces tecum was upon the competitor. The court applied a two-prong test and found the competitor established compliance with its document request would not impose significant expense or undue burden on the nonparty, such that ordering compliance with the subpoena was appropriate.

**OUTCOME:** The motion to compel was granted and the non-party was ordered to produce the requested documents subject to the protective conditions described.

**CORE TERMS:** customer, subpoena, proprietary, confidentiality, confidential, underlying litigation, discovery, undue burden, subpoena duces tecum, underlying action, designated, interface, switch, serving, specifications, inspection, permission, commanded, courtroom, nonparty, software, copying, telecommunications industry, confidential information, business relations, motion to compel, outside counsel, underlying case, relevant market, trade secret

**LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts**

Criminal Law & Procedure > Discovery & Inspection > Subpoenas
**HN1**⚓ While a subpoena duces tecum may be served on a nonparty, the burden of establishing its appropriateness is on the serving party. Thus, the moving party bears the burden of proving that compliance with its document request would not impose "significant expense" or **undue burden**" on the nonparty, in violation of Fed. R. Civ. P. **45**(c)(1) and (2)(B).  More Like This Headnote

**COUNSEL:** [*1] For Lucent Technologies, Inc., defendant: Paul C. Saunders, Esq., Cravath, Swaine & Moore, New York, New York.

For Bell Communications Research, Inc., non-party: Richard H. Epstein, Esq., Weil, Gotshal & Manges LLP, New York, New York.

**JUDGES:** WHITMAN KNAPP, SENIOR U.S.D.J.

**OPINIONBY:** WHITMAN KNAPP

**OPINION:** PART I

MEMORANDUM AND ORDER

MA-85

**WHITMAN KNAPP, SENIOR D.J.**

Lucent Technologies, Inc. ("Lucent"), defendant in the above captioned underlying action, has filed a motion to compel Bell Communications Research, Inc. ("Bellcore") to produce documents pursuant to the nonparty subpoena duces tecum ("the Subpoena") served on Bellcore by Lucent on July 16, 1996. See Fed. R. Civ. P. 45(c)(2)(B). For the reasons that follow, we grant Lucent's motion, and order Bellcore to produce the requested documents subject to the protective conditions herein described.

**BACKGROUND**

Bell Atlantic v. AT&T, the underlying litigation, is an antitrust action in which plaintiffs Bell Atlantic Corporation ("Bell Atlantic") and DSC Communications Corporation ("DSC") have sued defendants Lucent and AT&T Corporation ("AT&T") for alleged monopolistic practices in the telecommunications [*2] industry. The action is pending in the United States District Court for the Eastern District of Texas (Texarkana Division). Among other things, the complaint alleges that Lucent (formerly a part of AT&T) has monopolized or attempted to monopolize (a) the alleged relevant market for transmission equipment by allegedly delaying or thwarting the implementation of an interface between the Lucent switch and transmission equipment, and (b) the alleged relevant market for applications software for Lucent switches by allegedly using its control over switch software to thwart the deployment of interfaces between Lucent switches and applications software.

On July 30, 1996, the District Court for the Eastern District of Texas issued a Protective Order in the underlying litigation. Lucent Exh. D. In addition to the standard restriction that confidential discovery material can only be used for purposes of the litigation, can only be disclosed to Qualified Persons, must be filed under seal, and must be returned or destroyed at the end of the litigation, the Protective Order provides that documents designated as "confidential" by the producing party may only be shown to "in-house and outside counsel [*3] involved in the Action," "Designated Experts," and their respective staff. Lucent Exh. D, P 5. However, the Protective Order makes no provision for the protection of such confidential information at trial. That problem is left to the discretion of the trial judge at the time any documents should be offered.

Nonparty Bellcore is owned in part by plaintiff Bell Atlantic and acts as Bell Atlantic's agent, and as its research and development arm. Bellcore wrote the technical specifications for the interfaces at issue in the underlying litigation. Bellcore further acts as the arbiter of disputes relating to equipment vendors' interpretation of such technical specifications, and is instrumental in evaluating and testing such vendors' equipment to measure compliance with the specifications.

In light of Bellcore's role in designing and producing the interfaces at issue in the litigation, on July 16, 1996, Lucent served a subpoena on Bellcore for production of many documents it deemed relevant to its defense. Over the past five months, Lucent and Bellcore have conferred at great length and, based on those conferences, Bellcore has substantially completed its collection of documents responsive [*4] to a narrowed document request. Moreover, Bellcore and Lucent have reached agreement on many of the discovery issues. n1 Consequently, the discovery dispute now before us is limited to two issues: (1) protection of confidential Bellcore information at trial; and (2) production of Bellcore's customer proprietary documents.