FILED

2003 DEC 19 A 7:41

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL, | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| VS. | : | |
| CHARLES A. FLANAGAN, ET AL, | : | DECEMBER 17, 2003 |
| Defendants | : | |

### DEFENDANTS' TODD R. BAINER AND TODD R. BAINER L.L.C.'S REPLY TO MOTION FOR SANCTION/LOST EARNINGS

In response to the Motion for Sanctions/Lost Earnings filed by Attorney Paul M. Gaide, dated November 12, 2003, defendants Todd R. Bainer and Todd R. Bainer L.L.C. (herein "Bainer") respectfully submits the following.

By way of background, Attorney Gaide represented the plaintiffs in various collection matters in both the state and federal court forums. Indeed, he represented the plaintiffs in the matters underlying the instant suit. Although he is not counsel in this matter, he has maintained contact with plaintiffs and as noted in the deposition of Mr. Tim Dugic, plaintiff's designee, he has provided information relative to this action.

Under Rule 35 of the Federal Rules of Civil Procedure, parties are permitted to seek the production of documents from persons not a party to the action. Rule 45 of the

Federal Rules of Civil Procedure governs the method by which this discovery may be sought. Specifically, a subpoena must be served "by delivering a copy thereof to such person...." Federal Rules of Civil Procedure 45(b)(1).

This office did send a State Marshal out with a Subpoena to serve on Attorney Gaide regarding the production of various documents relative to the underlying action. When we received the Attorney Gaide Motions, the undersigned contacted the Marshal and asked him how he effectuated service. He told me that he went to Attorney Gaide's house and was greeted at the door by Attorney Gaide's son, who told the Marshal that his father was on the telephone. The Marshal waited outside in the rain for several minutes and asked the son to see if his father was now available. The son said that he was still on the telephone. Thereupon, the Marshal handed the son the Subpoena. An Affidavit of Marshal Jurgelas is attached hereto.

Like Attorney Gaide, the undersigned researched whether service was effective. It did not take 15.4 hours to realize that service may not have been perfected. However, it is quite disconcerting to think that an officer of this court, knowing that a State Marshal was waiting for him, may have used his own son to evade service.

The costs and sanctions requested by Attorney Gaide are unreasonable and certainly unnecessary, especially given the fact that Attorney Gaide an officer of this

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361     FACSIMILE (860) 525-4849     JURIS No. 24029

court could have accepted service and then contacted me to discuss the scope of the documents requested.

This office made the decision to cancel the document inspection, given the question of service and will pursue the Subpoena again.

Attorney Gaide, for better or worse, is a fact witness in this matter. He is subject to the court's subpoena powers and he is required to produce documents in his possession bearing on the facts of this case. The question of whether the requested documents are appropriate given the nature of this litigation is certainly open for discussion, but that is not a sanctionable offense.

Additionally, no good faith affidavit was filed with Attorney Gaide's Motion. Attorney Gaide, in his Motion, stated that he attempted to contact the undersigned. However, he omitted the fact that his voice message was left at 6:21 p.m. on Veteran's Day, November 11, 2003. On November 12, 2003, the date of Attorney Gaide's Motions, the undersigned was at the all-day deposition of Mr. Dan Cadle in this matter along with all other counsel. We received the Motions in the mail the very next morning on November 13, 2003. Attorney Gaide's haste to file all of his motions prevented any opportunity to address, discuss and ultimately resolve any legitimate concerns. His own actions caused him to spend 15.4 hours preparing his motions, and therefore, it is respectfully submitted that no sanctions issue.

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.


By /s/ Mary Anne Charron
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

4

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on December 17, 2003, to the following:

F. Dean Armstrong, Esquire
639 Perth Avenue
Flossmoor, IL 60422

Jill Hartley, Esquire
Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Douglas S. Skalka, Esquire
James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Paul M. Gaide, Esquire
713 Lovely Street
Avon, CT 06001

_____
MARYANNE A. CHARRON

::ODMA\PCDOCS\DOCS\351579\1

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL, <br> Plaintiffs | : | CIVIL ACTION NO. <br> 3:01CV531(AVC) |
| VS. | : | |
| CHARLES A. FLANAGAN, ET AL, <br> Defendants | : | DECEMBER 16, 2003 |

### **AFFIDAVIT OF EDWARD W. JURGELAS**

I, EDWARD W. JURGELAS, hereby depose and say:

1.  I am over the age of eighteen years.

2.  I understand and believe in the obligations of an oath.

3.  I am a Connecticut State Marshal and was asked by Attorney Mary Anne A. Charron of Gordon, Muir and Foley, LLP to serve a Federal Court Subpoena on Mr. Paul M. Gaide, Esquire.

4.  On November 4, 2003, I went to Attorney Gaide's office at 30 Tower Lane, Avon, Connecticut, as well as the 315 Albany Turnpike, Second Floor, Canton, Connecticut, office. Both offices were closed. Additionally, I called the office telephone numbers and heard a recording stating that the phone number had been changed.

5.  Thereafter, on November 4, 2003, I went to Attorney Gaide's residence at 713 Lovely Street, Avon, Connecticut.

6. I rang the doorbell and asked for Attorney Gaide. The young man who answered the door told me that his father was on the telephone.

7. I asked the young man to identify himself and he told me that he was Attorney Gaide's son. The son confirmed that his father was no longer at the Canton office.

8. Although it was raining out, I told Attorney Gaide's son that I would wait. I was not invited in the house.

9. After several minutes of waiting in the rain, I again asked for Attorney Gaide.

10. Attorney Gaide's son left the room and then returned back to the door saying that his father was still on the telephone.

11. Thereupon, I stated loud enough to be heard by others in the house that I would be leaving and I left the Subpoena with a check with the fees required by the Federal Rules of Civil Procedure.

12. A copy of said check and return of service is attached.

_____
EDWARD W. JURGELAS

Subscribed and Sworn to before me
This 16th day of December, 2003.

_____
Scott Kraimer
Notary Public
My Comm. Expires 3/31/07

::ODMA\PCDOCS\DOCS\351559\1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

The Cadle Company, et al

V.

Charles A. Flanagan, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:01CV00531(AVC)

TO: Paul M. Gaide, Esquire, Gaide & Associates, LLC
315 Albany Turnpike, Second Floor, Canton, CT 06019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached.

| PLACE United States District Court, District of Connecticut, 450 Main Street, Hartford, CT 06103 | DATE AND TIME  10:00 a.m. November 20, 2003 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 11/21/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mary Anne A. Charron, Esquire, Gordon, Muir and Foley, LLP,
Ten Columbus Boulevard, Hartford, CT 06106

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | NOVEMBER 4, 2003 | 713 LOVELY STREET, AVON, CT |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| PAUL M. GAIDE | AT THE USUAL PLACE OF ABODE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| EDWARD W. JURGELAS | CT STATE MARSHAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___11-4-03___
DATE

Service         30.00
Witness fee     45.00
Pages            3.00
Travel           8.00
End              ?.?0
               ──────
              $86.80

SIGNATURE OF SERVER

ADDRESS OF SERVER   EDWARD W. JURGELAS
P.O. BOX 330444
WEST HARTFORD, CT 06133-0444

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1. Any and all telephone records and logs of calls including bills from all of your telephone service carriers between December 31, 1996 and January 31, 1999 which evidence telephone calls to any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan.

2. Any and all evidence of communications between you and/or your agents, or any attorney or employee under your direction, and any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan, between December 31, 1996 and January 31, 1999, whether oral or written and whether transmitted via facsimile, mail or electronic means.

3. Any and all recordings of oral communications between you and/or your agents or any attorney or employee under your direction, and any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan.

4. Any and all evidence showing that D.A.N./Cadle owned notes sued upon by you as counsel for D.A.N./Cadle against Charles A. Flanagan, including but not limited to Charles A. Flanagan notes to Bank of New Haven and Great Country Bank, as well as the assignment of Peoples Bank judgment of $128,217.00 in Bridgeport Superior Court.

| EDWARD W. JURGELAS<br>CONNECTICUT STATE MARSHAL<br>OFFICE ACCOUNT<br>P.O. BOX 330444<br>WEST HARTFORD, CT 06133 | 51-7018-2111 | 1797 |
|---|---|---|
| | DATE 11-4-03 | |

PAY TO THE ORDER OF  Paul M. Gaide                              $ 45.00

Forty-Five ———————————————————  DOLLARS

SAVINGS BANK
OF MANCHESTER

VOID AFTER 60 DAYS

MEMO _____

⑆211170185⑆9500 986 528⑈ 1797