UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| The Cadle Company, et al. | Case No.: 3:01cv531 (AVC) |
| v. | |
| Charles A. Flanagan, et al. | December 18, 2003 |

2003 DEC 22 P 2: 0
U.S. DISTRICT COURT
HARTFORD, CT.

**REPLY/OBJECTION/MEMORANDUM IN OPPOSITION TO DEFENDANTS' TODD R. BAINER AND TODD R. BAINER L.L.C.'S REPLY TO MOTION FOR SANCTION / LOST EARNINGS DATED DECEMBTER 17, 2003**

Paul M. Gaide, Esquire and Gaide & Associates, LLC, Attorneys at Law, or any variation thereof (collectively, the "purported witnesses") reply and object to defendants' Todd R. Bainer and Todd R. Bainer L.L.C.'s Reply to Motion for Sanction / Lost Earnings dated December 17, 2003, as follows:

1. The defendants' Reply is untimely and too late.

    a. The purported witnesses filed their joint Motion to Quash Subpoena, Motion for Protective Order, Motion for Sanctions / Lost Earnings, together with their Memorandum of Law in support thereof with this Court on November 13, 2003.

    b. Pursuant to Fed.R.Civ.P. 5(b)(2)(B), 6(e) and D.Conn.L.R.Civ.P. 7(a), the defendants had twenty-four (24) days from the date of service, November 12, 2003 (Fed.R.Civ.P. 5(a) and (b)), to file any memorandum of law in opposition to the referenced motions. D.Conn.L.R.Civ.P. 7(a)(1).

    c. Applying the foregoing Rules, together with Fed.R.Civ.P. 6(a) (the initial response date was a Saturday), the defendants had until December 8, 2003, a total of twenty-six

ORAL ARGUMENT IS REQUESTED

(26) days, to file any memorandum of law in opposition to the referenced motions, or a motion for extension / enlargement of time to respond to the referenced motions.

        d.      The defendants did not file a motion for extension / enlargement of time to file any memorandum of law in opposition to the referenced motions, and did not file any memorandum of law in opposition to the referenced motions.

        e.      Absent objection, on December 15, 2003, this Court granted the referenced motions, by margin Order, which Order was entered December 16, 2003 (the "Order").

        f.      The defendants have presented this Court with absolutely no evidence of mistake, inadvertence, surprise, excusable neglect or other justifiable reason which may have permitted this Court to consider relieving Attorney Charron from the Order, assuming this Court were to have treated the "Reply", without memorandum of law, as required by D.Conn.L.R.Civ.P. 7(a), as a motion for relief under Fed.R.Civ.P. 60(b).[1]

        g.      The defendants' Reply, to the extent it seeks relief, should be denied as moot.

      2.      As currently known to the purported witnesses, Fed.R.Civ.P. 35 (Physical and Mental Examinations of Persons) is not applicable to the instant litigation.

        a.      The defendants, at ¶ 3 on page one of their Reply, inform this Court that Fed.R.Civ.P. 35 entitles them, as parties, "to seek the production of documents from persons not a party to the action."

---

[1] The purported witnesses respectfully suggest to this Court that no motion for relief from the Order or memorandum in support thereof has been filed under Fed.R.Civ.P. 60(b). In the last sentence of the Reply, the defendants state, "it is respectfully submitted that no sanction issue", after the sanction had already issued and been entered.

  b. To the knowledge of the purported witnesses, "the mental or physical condition ... of a party or of a person in the custody or under the legal control of a party..." is not in controversy in the instant litigation. *See* Fed.R.Civ.P. 35(a).[2]

  c. To the knowledge of the purported witnesses, Fed.R.Civ.P. 35 does not allow the defendants, as parties to <u>this</u> litigation, to use Fed.R.Civ.P. 45 as a means of compelling the production of documents from the purported witnesses, who are acknowledged to be non-parties.

 3. Contrary to the implication which Attorney Charron would like to leave with this Court (Reply, p. 2, second full ¶), it did not take Paul M. Gaide "15.4 hours to realize that service may not have been perfected."

 4. Contrary to the libelous statements of Attorney Charron (Reply, p. 2, second full ¶), Paul M. Gaide did not "know[] that a State Marshal was waiting for him, [and] may have used his own son to evade service."

  a. First of all, Attorney Charron has done all but admit that the service issue is a "red herring", service was not properly made.[3]

  b. Secondly, I can represent to this Court that I first became aware of the subject subpoena after one of my children either handed the same to me while I was on the telephone or laid it down in the area where I was working at that time. I did not know that State Marshal Jurgelas, whose services I have used in the distant past, had been to my residence until I read the subpoena and saw his identification thereon. Attorney Charron's reckless statements of

---

[2] The subject conditions of one of the purported witness is an issue in other litigation pending in state court against, among others, Todd R. Bainer and Todd R. Bainer, LLC, wherein Attorney Charron, the subscribing authority to the subpoena and request for production at issue in this case, represents the Bainer defendants.

[3] Attorney Charron raises the same "red herring" of Paul M. Gaide's alleged evasion of service at Reply, pp. 2-3, last and carry-over ¶.

condemnation and unprofessionalism made against Paul M. Gaide, a recognized officer of this Court, should not be condoned by this Court.[4]

5. When the purported witnesses had time to deal with the subpoena and request for production, they attempted to contact Attorney Charron, which she has acknowledged. At no time, before or after the attempted service of the subpoena or the inquiry made to Attorney Charron (even to this date), has Attorney Charron or any counsel representing the referenced defendants bothered to attempt to communicate with the purported witnesses with respect to the defendants' subpoena and requests for production (yet they improperly seek the invocation of this Court's power over non-parties when there is no jurisdictional basis therefor, and due to what they describe as "animosity" caused by their own improper actions)(see discussion below).

6. Attorney Charron states that her "office made the decision to cancel the document inspection, given the question of service and will pursue the Subpoena again." (Reply, p. 3, first full ¶)

    a. Paul M. Gaide received no notice of the alleged cancellation. Once the Motion to Quash Subpoena and Motion for Protective Order were filed, the production of documents could not go forward absent an order of the Court in favor of the defendants, or agreement of the purported witnesses. *See* Fed.R.Civ.P. 45(c)(2)(B). In the last paragraph of their Reply, the defendants acknowledge receiving the referenced Motions on November 13, 2003, six days before the date set for compliance in the subpoena. It defies any form of logic,

---

[4] Paul M. Gaide assumes that Attorney Charron is relying primarily on paragraph 11 of State Marshal Jurgelas' Affidavit for her reckless accusations. Of note, nowhere in the Affidavit, including paragraph 11 thereof, does State Marshal Jurgelas attest that he identified himself to anyone in any way, much less as a State Marshal. Would you allow unidentified strangers into your house, even if it was raining? (Parenthetically, the last time I saw Edward Jurgelas, which was many, many years ago, he was a very large man.) There is no evidence presented in the Affidavit that confirms that Paul M. Gaide knew that someone was at the door of his residence, much less who it was and for what purpose, prior to any purported service.

and any facts known to the purported witnesses,[5] for the defendants to claim that they cancelled the document inspection.

        b.     With respect to any <u>future</u> subpoena, the defendants have never objected to or filed any memorandum in opposition to the purported witnesses' Motion for Protective Order dated November 12, 2003. Such Motion for Protective Order was granted December 15, 2003, and entered December 16, 2003. As part of the relief prayed for in the Motion for Protective Order, the purported witnesses sought protection "from having to comply with any future subpoena, such as a trial subpoena duces tecum, demanding substantially similar information." Motion at ¶ 3. The purported witnesses requested such relief given Paul M. Gaide's past experience with the Bainer defendants use and attempted use of subpoenas in other litigation. The purported witnesses respectfully request that the defendants, and their counsel, heed the Order of this Court.

        7.     Attorney Charron states, "The question of whether the requested documents are appropriate given the nature of this litigation is certainly open for discussion, but that is not a sanctionable offense." Reply, p. 3, second full ¶. Should the defendants not withdraw the instant Reply, or should this Court consider granting any relief to Attorney Charron, the purported witnesses make the following offer of proof, which offer can be substantiated by the testimony of Edward Taiman, Jr., Esquire:

        (a) Attorney Taiman has spoken with Attorney Charron about the subject subpoena and request for production at issue;

---

[5] As set forth as an attachment to the correspondence from Paul M. Gaide, LLC to this Court dated December 9, 2003, which is incorporated herein by reference, on November 19, 2003, at 12:07 p.m., Attorney Charron's office attempted to cancel an otherwise un-noticed "deposition" to which neither of the non-party purported witnesses had been subpoenaed.

(b) prior to the entry of the Order, Attorney Taiman encouraged Attorney Charron to communicated with Paul M. Gaide about the subject subpoena and request for production; and

(c) Attorney Taiman was informed by Attorney Charron that, by way of the subpoena and request for production, the defendants are only seeking limited information:

(i) a telephone bill of Paul M. Gaide's law practice pertaining to a December 1, 1998 telephone call with Mr. Stanley Prymas (which telephone bill has previously been produced to the Bainer defendants in other litigation);

(ii) some document possibly pertaining to a communication between Attorney Gaide and Attorney William F. Gallagher; and

(iii) possibly a few other miscellaneous documents.

Under such circumstances, the massive nature of the subpoena and the request for production which was presented to the purported witnesses, by counsel's own implicit admission, clearly attempted to impose an undue burden and undue expense upon the purported witnesses and fully warranted the granting and entry of the Order.

8. The purported witnesses also object to the December 17, 2003 correspondence sent to this Court, for the following reasons:

a. While the correspondence (and presumably the Reply) was, by its own notation, sent to the Court by way of facsimile transmission and regular mail, it was not sent to the purported witnesses by way of facsimile transmission, notwithstanding that the facsimile transmission number for Paul M. Gaide, LLC is set forth on:

(i) Paul M. Gaide's Appearance in this matter;

(ii) the letterhead of the letter referenced in Attorney Charron's December 17, 2003 correspondence to this Court; and

6

(iii) the Motion for Sanctions / Lost Earning to related to the Reply.

b. To the knowledge of the purported witnesses, the discovery bar date in this case has passed.

c. This Court has already entered an Order protecting the purported witnesses from any future subpoena and request for production in this case which requests substantially similar information as was requested in the subpoena and request for production presented at the residence of Paul M. Gaide on or about November 4, 2003, at the direction of the Bainer defendants.

d. At this time, the purported witnesses can identify no jurisdictional basis for this Court to participate in a discussion pertaining to what Attorney Charron would describe as a mutually agreeable date and time for service of some future subpoena on Paul M. Gaide and/or Gaide & Associates, LLC, Attorneys At Law, and the parameters of any request for production which may be attached thereto. Neither Paul M. Gaide, nor Gaide & Associates, LLC, Attorneys At Law, are parties to the instant case and this Court lacks jurisdiction over them.

e. To the knowledge of the purported witnesses, this case has been pending for almost 2 and ¾ years (since April 4, 2001). The Bainer defendants have had ample time to complete any discovery.

f. Upon belief, defendants Bainer and their counsel are attempting to unjustifiably burden Paul M. Gaide for their own strategic advantage. Within approximately five (5) days of having the subject subpoena and request for production presented at the residence of Paul M. Gaide, the Bainer defendants moved to non-suit Paul M. Gaide in the lawsuit brought in state court against the Bainer defendants, and others, for failure to comply with their extensive

request for production, notwithstanding their knowledge that Paul M. Gaide had recently retained counsel in the matter, which counsel had to become familiar with the totality of the circumstances / facts / causes and potential causes of action, etc. As a result, Paul M. Gaide was forced into the position of having to deal with the same defendants', same counsel's, requests for production simultaneously, under the threat of having his state court case dismissed.

For all of the foregoing reasons, the purported witnesses pray that the relief sought in the Reply and referenced correspondence, if any is subject to affirmative action by this Court, be denied.

Dated at Avon, Connecticut this 18th day of December, 2003.

        Paul M. Gaide, Esquire,
        Gaide & Associates, LLC, Attorneys At Law


By _/s/ Paul M. Gaide_____
    Paul M. Gaide, Esquire
    Federal Bar No.: ct07838
    Paul M. Gaide, LLC
    713 Lovely Street
    Avon, Connecticut 06001
    Tele: (860) 675-4701
    Fax: (860) 673-5017
    E-Mail: pgaide@sbcglobal.net

### CERTIFICATION

The undersigned hereby certifies that he has, this 18th day of December, 2003, sent a copy of the foregoing by first class United States mail, to the following:

Edward C. Taiman, Jr., Esquire
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, Connecticut 06103-2205

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, Illinois 60422

Douglas S. Skalka, Esquire
Neubert, Pepe & Monteith
13th Floor
New Haven, Connecticut 06510-2026

Attorney Barbara L. Cox
Gallagher & Calistro
1377 Boulevard
New Haven, Connecticut 06509

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, Connecticut 06443

David G. Hill, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

Attorney Mary Anne Charron
Gordon, Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, Connecticut 06106

_____
Paul M. Gaide