UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| The Cadle Company, et al. | : | Case No.: 3:01cv531 (AVC) |
| v. | : | |
| Charles A. Flanagan, et al. | : | December 23, 2003 |

### OBJECTION TO MOTION FOR CLARIFICATION AND/OR MOTION FOR RECONSIDERATION

Paul M. Gaide, Esquire and Gaide & Associates, LLC, Attorneys at Law, or any variation thereof (collectively, the "Gaide witnesses"), object to the Motion for Clarification and/or Motion for Reconsideration of the defendants, Todd R. Bainer and Todd R. Bainer L.L.C., dated December 18, 2003 (the "Motion"), and have filed their Memorandum in Support of this Objection contemporaneously herewith. The particular grounds for this Objection, and the relief requested, are generally set forth below, and are supplemented with the Memorandum in Support hereof, to which reference is requested.

1. The defendants' Motion does not "state with particularity the grounds therefor, [or] set forth the relief or order sought", as required by Fed.R.Civ.P. 7(b). Accordingly, the Motion should be DENIED.

The Gaide witnesses are cognizant that the Court routinely grants motions for reconsideration and may re-evaluate the merits of the underlying pleadings/motions/memoranda in opposition on which reconsideration is sought. In the event the Court takes such action with respect to the Motion, the Gaide witnesses pray that all substantive relief, if any is determined by the Court as being sought by the defendants, be DENIED.

ORAL ARGUMENT IS REQUESTED

2. The defendants never timely objected to the substantive motions pertaining to the Order on which the defendants seek clarification and/or reconsideration. Accordingly, the Motion should be DENIED.

3. The defendants have never filed any motion for extension of time to object to the substantive motions pertaining to the Order on which the defendants seek clarification and/or reconsideration. Accordingly, the Motion should be DENIED.

4. The defendants have presented this Court with absolutely no evidence of mistake, inadvertence, surprise, excusable neglect or other justifiable reason which may have permitted this Court to consider relieving the defendants from the Order on which they seek clarification and/or reconsideration, inclusive of their failure to timely oppose the same. Accordingly, the Motion should be DENIED.

5. With respect to the Motion for Clarification, the Gaide witnesses believe that the defendants are raising an infinitesimally minuscule issue to subvert substantial justice. Accordingly, the Motion should be granted only to the extent of adding the letter "s" to the end of the word "motion" in the Order; all substantive relief should otherwise be DENIED.

6. The defendants have sought no relief with respect to ¶¶ 1, 2, 3, 5, 6, or 7 of the substantive motions pertaining to the Order. Accordingly, the Motion should be DENIED with respect to such paragraphs.

7. The Gaide witnesses believe that the defendants have concocted the Motion for Reconsideration, without foundation in fact or law, in an effort to allow them to serve the same subpoena and request for production on the Gaide witnesses, or to belatedly file a motion to compel in connection with the papers which were defectively served. Accordingly, the Motion should be DENIED.

8.    The defendants have failed to comply with D.Conn.L.R.Civ.P. 7(c)1 (Motions for Reconsideration) in that they have presented to the Court, by way of their Motion for Reconsideration, no "matters or controlling decisions which counsel believes the Court overlooked in the initial …order." Accordingly, the Motion should be DENIED.

9.    The "certification" requirement set forth in Fed.R.Civ.P. 37(a)(2) does not apply to the Fed.R.Civ.P. 45 motions pertaining to the Order on which the defendants seek clarification and/or reconsideration. Accordingly, the Motion should be DENIED.

10.    The "affidavit" requirement set forth in D.Conn.L.R.Civ.P. 37(a)2 does not apply to the Fed.R.Civ.P. 45 motions pertaining to the Order on which the defendants seek clarification and/or reconsideration, and assuming that it did, the conduct of defense counsel in failing to communicate with the Gaide witnesses obviated the need for any such "affidavit". Accordingly, the Motion should be DENIED.

11.    The irresponsibility of Attorney Charron in signing the subpoena and request for production containing overly burdensome and expensive requests, her placing the same in the hands of a marshal for service, its defective service, and Attorney Charron's failure to *ever* discuss the subpoena and request for production with Paul M. Gaide (either before or after: (i) they were prepared; (ii) they were placed in the hands of a marshal for service; (iii) they were defectively brought to the residence of Paul M. Gaide; (iv) Paul M. Gaide attempted to contact Attorney Charron with respect to the over breadth, undue burden, undue expense, and defective service, which communication has been acknowledged by Attorney Charron) were not excused by some alleged animus, and resulted in the necessity of the filing and prosecution of the motions pertaining to the Order. Accordingly, the Motion should be DENIED.

12. The unreported decisions attached to the defendants' Motion for Clarification and/or Motion for Reconsideration are not "controlling decisions", as that phrase is used in D.Conn.L.R.Civ.P. 7(c), and are factually distinguishable from this case. Accordingly, the Motion should be DENIED.

Under all of the facts and circumstances of this case, and the relevant and applicable law, this Court should conclude: (1) that the Gaide witnesses were entirely within their rights to file their motions when they did; (2) that the Gaide witnesses' motions were properly filed; (3) that it was the improper conduct of defense counsel, Attorney Charron, that necessitated the filing and prosecution of the Gaide witnesses' motions; (4) that the Gaide witnesses are entitled to the relief set forth in the Order; and (5) that no substantive change to the Order is appropriate (adding the "s" being a scriveners error).

Dated at Avon, Connecticut this 23rd day of December, 2003.

Paul M. Gaide, Esquire,
Gaide & Associates, LLC, Attorneys At Law

By _____/s/ Paul M. Gaide_____
Paul M. Gaide, Esquire
Federal Bar No.: ct07838
Paul M. Gaide, LLC
713 Lovely Street
Avon, Connecticut 06001
Tele: (860) 675-4701
Fax: (860) 673-5017
E-Mail: pgaide@sbcglobal.net

## CERTIFICATION

The undersigned hereby certifies that he has, this 23rd day of December, 2003, sent a copy of the foregoing by first class United States mail to the following:

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, Connecticut 06443

Douglas S. Skalka, Esquire
Neubert, Pepe & Monteith
13th Floor
New Haven, Connecticut 06510-2026

David G. Hill, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

Edward C. Taiman, Jr., Esquire
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, Connecticut 06103-2205

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, Illinois 60422

Attorney Barbara L. Cox
Gallagher & Calistro
1377 Boulevard
New Haven, Connecticut 06509

Attorney Mary Anne Charron
Gordon, Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, Connecticut 06106

_____Paul M. Gaide_____
Paul M. Gaide