UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

The Cadle Company, et al.               :     Case No.: 3:01cv531 (AVC)
                                        :
v.                                      :
                                        :
Charles A. Flanagan, et al.             :     December 23, 2003

**<u>MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION FOR
CLARIFICATION AND/OR MOTION FOR RECONSIDERATION</u>**

Paul M. Gaide, Esquire and Gaide & Associates, LLC, Attorneys at Law, or any variation thereof (collectively, the "Gaide witnesses") have objected to the Motion for Clarification and/or Motion for Reconsideration of the defendants, Todd R. Bainer and Todd R. Bainer L.L.C., dated December 18, 2003 (the "Motion"), and file this Memorandum in support of such Objection for the following reasons:

    1.    The defendants' Motion does not "state with particularity the grounds therefor, [or] set forth the relief or order sought", as required by Fed.R.Civ.P. 7(b).  Accordingly, the Motion should be DENIED.

The Gaide witnesses are cognizant that the Court routinely grants motions for reconsideration and may re-evaluate the merits of the underlying pleadings/motions/memoranda in opposition on which reconsideration is sought.

    a)    With respect to the defendants' Motion for Clarification, assuming that the Court generously reads such motion, the Court may be able to discern that the defendants are seeking a clarification as to whether the Court granted the Gaide witnesses' November 12, 2003: (i) Motion to Quash Subpoena; (ii) Motion for Protective Order; and / or (iii) Motion for Sanctions / Lost Earnings, all pursuant to the margin Order of this Court dated December 15, 2003 and entered December 16, 2003 (the "Order").  The foregoing motions were before the

ORAL ARGUMENT IS REQUESTED

Court in an omnibus format, will be collectively hereinafter referred to as the "Omnibus Motions", and, in the opinion of the Gaide witnesses, were each granted by the Court pursuant to the Order, there being no timely or otherwise sustainable objection filed in connection therewith.

As set forth in ¶ 1 on pp. 1-2 of the Gaide witnesses' Original Reply / Objection,[1] the defendants completely failed to timely object to, file a memorandum in opposition to, or file a motion for extension of time to object to any of the Omnibus Motions. Even to this date, no objection or memorandum of law in opposition to any of the Omnibus Motions has been filed.[2] Absent objection, the Court properly granted the Omnibus Motions, as referenced by the Order, and such Order should be maintained.

As referenced in ¶ 1 f. of the Original Reply/Objection, the defendants have presented this Court with absolutely no evidence of mistake, inadvertence, surprise, excusable neglect or other justifiable reason which may have permitted this Court to consider relieving the defendants from the Order, inclusive of their failure to timely oppose the same. The defendants continue to provide no evidence of mistake, inadvertence, surprise, excusable neglect or other justifiable reason for failing to timely or substantively oppose any of the Omnibus Motions. The defendants' Motion and Memorandum in Support thereof, both dated December 18, 2003,

---

[1]   The full document referred to is entitled REPLY/OBJECTION/MEMORANDUM IN OPPOSITION TO DEFENDANTS' TOOD R. BAINER AND TODD R. BAINER L.L.C.'S REPLY TO MOTION FOR SANCTIONS / LOST EARNINGS DATED DECEMBER 17, 2003, and is dated December 18, 2003 (hereinafter, the "Original Reply/Objection"), to which the Gaide witnesses specifically ask this Court to refer.

[2]   In no communication with the Gaide witnesses, and presumably in non communication with the Court, whether by objection / memorandum in opposition, correspondence, an e-mail, a telephone call, or other means of communication, has defendants' counsel attempted to address the substantive issues raised in the Omnibus Motions, other than to state: "The question of whether the requested documents are appropriate given the nature of this litigation is certainly open for discussion...." Defendants' Todd R. Bainer and Todd R. Bainer L.L.C.'s Reply to Motion for Sanction / Lost Earnings (hereinafter, "Reply"), at p. 3, second full ¶.

continue to fail to address the substantive and procedural issues raised in the Gaide witnesses' Memorandum in Support of their Original Reply / Objection.[3]

The Gaide witnesses have not seen such a trivial technicality raised before, *i.e.*, a potential clerical error of the clerk / secretary in the office of the Court to place an "s" after the word "motion" in a margin order pertaining to omnibus motions, as forming a legitimate basis for filing and prosecuting a motion for clarification, especially when one considers that the movants: (i) completely failed to file any objection in connection with any of the original motions related to the margin order; and (ii) appear to be attempting to untimely and belatedly object to one or more of the omnibus motions via such motion for clarification, all without fact or supporting substantive law.

On the foregoing bases alone, any relief requested by the defendants, over and above a reconsideration of the issue and a clarification that the Order pertains to all three of the Omnibus Motions, should be denied.

b)   The only "relief or order sought" in the "reconsideration" aspect of the Motion is a statement by the defendants that they "seek reconsideration of this Order." It is unknown from the Motion what specific relief the defendants seek.[4] The defendants have continuously completely failed to seek any relief with respect to ¶¶ 1, 2, 3, 5, 6, or 7 of the

---

[3] The defendants have apparently decided to forego attempting to provide the Court with any evidence of mistake, inadvertence, surprise, excusable neglect or other justifiable reason for their failure to timely and substantively oppose the Omnibus Motions, but in lieu thereof, by way of the Motion for Reconsideration, have attempted to wrongfully and inappropriately attack the procedure by which the Omnibus Motions were themselves filed, approximately (35) days after the same were filed, and (3) days after the Court granted the same.

[4] As more fully set forth below, the defendants' Memorandum in Support of their Motion appears to wrongfully claim that the "Motion for Sanctions" was procedurally defective, and therefore should be denied from the start. *See* Memorandum at p. 2. (In their "Reply", filed after the entry of the Order, the defendants belatedly asked that no sanctions issue. Reply, p. 3, last line, last ¶.) The Gaide witnesses will address this erroneous claim below.

Omnibus Motions, much less do so in a timely manner.[5] As a result, the Court's Order pertaining to ¶¶ 1, 2, 3, 5, 6, and 7 should not be disturbed.

Further, as to ¶ 3 of the Omnibus Motions, the defendants have made it known that they want to serve Paul M. Gaide and / or Gaide & Associates, LLC, Attorneys At Law with the same subpoena duces tecum. *See* Reply, p. 3, first full ¶ (the defendants "will pursue the Subpoena again"). The Gaide witnesses believe that the defendants Motion for Reconsideration is an improper and back door attempt to have this Court, in part, reverse the Order so as to allow for such attempted service of the patently overly broad, burdensome and expensive subpoena. *See* Memorandum in Support of Omnibus Motions, pp. 4-18, ¶¶ II.A. and B. Clearly, the Order would bar any such action. *See* Order and ¶ 3 of the Omnibus Motions.

Respectfully, the defendants should not be allowed to sleep on their rights, utterly fail to respond substantively to the Gaide witnesses' Omnibus Motions, make wrongful allegations of fact (*see* below), and make erroneous legal arguments (*see* below) via the back door in an attempt to accomplish their goals.

Since the defendants have sought no relief other than "reconsideration", no additional relief of any form should be granted to them. *See* Fed.R.Civ.P. 7(b). To the extent the Court reconsiders the facts and circumstances pertaining to the Order on the Motion for Sanctions / Lost Earnings, the Gaide witnesses ask this Court to consider the information and argument set forth below and in the Omnibus Motions and Memorandum in Support thereof.

2.   The defendants have failed to comply with D.Conn.L.R.Civ.P. 7(c)1 (Motions for Reconsideration). The Rule states, in relevant part:

---

[5]   The defendants still have not even addressed the Motion to Quash Subpoena or Motion for Protective Order, seeming to be satisfied with their erroneous claim that they "cancelled" the inspection request (*see* Reply / Objection / Memorandum at ¶6), and apparently that such "cancellation" somehow relieved them of any obligation to address the referenced motions.

4

> Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

No such "matters or controlling decisions" have been presented to the Court. Initially, in there Memorandum, the defendants run through a litany of untrue or irrelevant allegations of fact, which are not new to the Court:

    a)    The defendants claim that "Attorney Gaide was served a Subpoena for document discovery." *See* Memorandum, p. 1. Attorney Gaide has more than dispelled such claim in the past. *See, e.g.*, Part I of Gaide witnesses' Memorandum in Support of Omnibus Motion; Reply / Objection / Memorandum, ¶ 4; and defendants' Reply, p. 2, second full ¶ ("service may not have been perfected").

    b)    The defendants claim that "By e-mail dated November 19, 2003, this office notified him that we would not proceed." *See* Memorandum, p. 1. Interestingly enough, at this point, defense counsel does not tell this Court what the defendants were not going to proceed with. Previously, the defendants contended that "This office made the decision to cancel the document inspection, given the question of service and will pursue the Subpoena again." *See* Reply, p. 3, first full ¶. This allegation of "fact" was dispelled by the Gaide witnesses in their Reply / Objection / Memorandum, p. 5, fn 5, and in the correspondence dated December 9, 2003 from Paul M. Gaide, LLC to the Court (received by the Court prior to entry of the Order) as referenced therein (the Gaide witnesses received notification that the defendants were canceling some deposition to which neither of the Gaide witnesses had been subpoenaed, sent a corresponding e-mail back to defendants' counsel, and received no communication pertaining to

the subpoena and request for production). The Gaide witnesses respectfully request that the Court consider such footnote and the documents referenced therein.[6]

    c) While the defendants state that there was some delay in obtaining the Affidavit of State Marshal Jurgelas (an admittedly new allegation), they do not inform this Court as to when they initially sought such Affidavit (keeping in mind that the defendants were put on notice of the service issue by virtue of the Omnibus Motions, which they acknowledged receiving thirty-three (33) days prior to the execution of the Affidavit), the reason(s) for any such delay, the impact that any such delay may have had on their conduct in this litigation, or the impact that any such delay had on the entry of the Order. The Gaide witnesses certainly cannot draw any reasonable conclusion that this new allegation would have impacted the Order of the Court.

    The defendants' legal arguments are equally unavailing. In substance, the defendants contend that the Gaide witnesses failed to comply with Fed.R.Civ.P. 37(a)2 (sic) and D.Conn.L.R.Civ.P. 37(a)2 by failing to hold a good faith conference, and by failing to file a good faith affidavit with the Omnibus Motions. *See* Memorandum in Support of Motion (dated December 18, 2003)(hereinafter, "Memorandum"), p. 1, second full ¶. It appears that the defendants contend that the Gaide witnesses' alleged non-compliance with Fed.R.Civ.P. 37(a)2 (sic) and D.Conn.L.R.Civ.P. 37(a)2 renders the "Motion for Sanctions" "defective in that he failed to file his Good Faith Affidavit required by the Local Rules and Federal Rules of Civil Procedure." Memorandum, p. 2, first full ¶.

---

[6] The defendants seem to be suggesting that their erroneous "notice" at 12:07 p.m. on November 19, 2003, allegedly pertaining to an allegedly valid subpoena duces tecum, which would have required massive production on November 20, 2003 at 10:00, should somehow mitigate the damages caused to the Gaide witnesses and preclude the enforcement of the sanctions for lost earnings which were part of the Order. Such a contention is logically and legally absurd. The filing of the Fed.R.Civ.P. 45 motions (and the corresponding incurrence of lost earnings) by the Gaide witnesses stopped the subpoena and request for production in their tracks, absent an order of this Court or agreement of the parties. *See* Fed.R.Civ.P. 45(c)(2)(B); Reply / Objection / Memorandum, p. 4, ¶ 6.a.

However, in what is becoming a consistent and disturbing pattern with these defendants, it is what they do not inform the Court of which is of equal, if not greater, importance than that which they do represent to the Court. In this instance, the defendants fail to inform this Court that neither Fed.R.Civ.P. 37(a)(2), nor D.Conn.L.R.Civ.P. 37(a)2, are applicable to the facts of this case.

Fed.R.Civ.P. 37(a)(2) states in relevant part:

(a) Motion for Order Compelling Disclosure or Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: ...

(2) Motion.

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

Clearly, Fed.R.Civ.P. 37(a)(2)(A) is not applicable to the non-party Gaide witnesses and they had no mandatory disclosure requirement. Fed.R.Civ.P. 37(a)(2)(A) applies to motions to compel. The Omnibus Motions were defensive/protective motions filed pursuant

to Fed.R.Civ.P. 45, not motions to compel. No good faith certification was required of the Gaide witnesses pursuant to Fed.R.Civ.P. 37(a)(2)(A).

Likewise, Fed.R.Civ.P. 37(a)(2)(B) pertains solely to motions to compel certain types of discovery. Again, the Omnibus Motions were defensive/protective motions filed pursuant to Fed.R.Civ.P. 45, and were not motions to compel. No good faith certification was required of the Gaide witnesses pursuant to Fed.R.Civ.P. 37(a)(2)(B).[7]

D.Conn.L.R.Civ.P. 37(a)2 states in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

While on its face D.Conn.L.R.Civ.P. 37(a)2 may be viewed to be more expansive than Fed.R.Civ.P. 37(a)(2), by its express terms, it does not apply to the Omnibus Motions, which were primarily brought under Fed.R.Civ.P. 45, not "pursuant to Rules 26 through 37, Fed.R.Civ.P."

It is undisputed that the defendants attempted to obtain jurisdiction over the Gaide witnesses by way of the attempted service of the subpoena and request for production under Fed.R.Civ.P. 45. *See* Reply, pp. 1-2, last and carry-over ¶. It is further undisputed that the

---

[7] While they have not laid their cards on the table, based on their contention that the subpoena and request for production were "served", and their new dubious contention that they were delayed in obtaining the Affidavit of Deputy State Marshal Jurgelas, it would not surprise the Gaide witnesses to learn that the defendants may be improperly angling for a "clarification" or "reconsideration" of the Order so as to allow them to move to compel the discovery which they originally improperly sought.

Gaide witnesses filed their Omnibus Motions, in large part, pursuant to Fed.R.Civ.P. 45. *See, e.g.,* Memorandum in Support of Omnibus Motions (dated November 12, 2003)(hereinafter, "Omnibus Memorandum") at p. 2, ¶ I.B; p. 7, ¶ II.B; pp. 15-16, ¶ II.B.2.b.; and p. 18, ¶II.C.

It was the irresponsibility of Attorney Charron in signing the subpoena and request for production containing overly burdensome and expensive requests, her placing the same in the hands of a marshal for service, its defective service, and Attorney Charron's failure to <u>ever</u> discuss the subpoena and request for production with Paul M. Gaide (either before or after: (i) they were prepared; (ii) they were placed in the hands of a marshal for service; (iii) they were defectively brought to the residence of Paul M. Gaide; (iv) Paul M. Gaide attempted to contact Attorney Charron with respect to the over breadth, undue burden, undue expense, and defective service, which communication has been acknowledged by Attorney Charron) which necessitated the filing and prosecution of the Omnibus Motions (in addition to the Gaide witnesses' subsequent Reply / Objection / Memorandum, and the instant Objection and Memorandum, resulting in the expenditure of significant additional lost earnings). Attorney Gaide has made an offer of proof as to what documents Attorney Charron really seeks from Paul M. Gaide or his prior firm, which offer is incorporated herein by reference. *See* Reply / Objection / Memorandum, p. 5, ¶ 7. The defendants completely failed to address such offer in their Motion. In addition, such issues were not addressed by the defendants' counsel with the Court in the conference call held on Monday, December 22, 2003, despite the fact that one of the purported reasons for the requested participation of Paul M. Gaide and the Court, as set forth in the defendants' correspondence to the Court dated December 17, 2003, was "to discuss the scope and parameters of the production" which the defendants desired from the Gaide witnesses. One must ask why the defendants have avoided and are continuing to avoid the issue. Is their avoidance

purposeful in that they know any disclosure will reveal further evidence of counsel's failure to take steps to avoid imposing undue burden or expense on a person subject to a subpoena issued by such counsel, before the Motion for Clarification / Motion for Reconsideration are decided?

As a result of filing the Omnibus Motions under Fed.R.Civ.P. Rule 45, compliance with Fed.R.Civ.P. 37(a)(2) and D.Conn.L.R.Civ.P. 37(a)2 was not required. Neither Fed.R.Civ.P. Rule 45, nor any known Rule related to any motion filed pursuant to the terms thereof, requires any certification, much less any more of a certification than that which was set forth in the Omnibus Motions, nor requires an affidavit, as suggested by the defendants. As set forth above, the Gaide witnesses' claims of fact and law under Fed.R.Civ.P. 45, as set forth in the Omnibus Motions, were more than sufficient for this Court to have entered the Order, inclusive of the sanction.[8] As a result, the defendants have failed to fulfill the requirements of D.Conn.L.R.Civ.P. 7(c)1, in that they have not set forth any matter or controlling decisions which they "believe[] the Court overlooked in the initial ... order". Their Motion should be denied.

In addition to their factual mud slinging and unsubstantiated accusations of unprofessional conduct which the defendants have thrown against the wall in connection with this matter in an attempt to see what might stick, they have presented this Court with no

---

[8] While the Gaide witnesses referenced Fed.R.Civ.P. 26, F.R.Civ.P.45(c)(1) and 45(c)(3)(A)(iv) permits this Court to quash the subpoena, to otherwise protect the Gaide witnesses from "undue burden", and to enter the sanction for the Gaide witnesses' lost earnings. Fed.R.Civ.P. 45 is more than sufficiently broad to have resulted in the relief granted in the Order.

Contrary to the position taken by the defendants, the Gaide witnesses did certify to the Court they attempt to confer with defendants' counsel to resolve the issues, under Fed.R.Civ.P. 26(c)(the Gaide witnesses inadvertently made a certification rather than an affidavit and referenced former D.Conn.L.Civ.R. 9(d)2 as opposed current D.Conn.L.R.Civ.P. 37). See Omnibus Motion, p. 2, last ¶. The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. A local rule of a district court imposing a requirement of form, in this case, the requirement of an affidavit in lieu of a certification of counsel of record, "shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." Fed.R.Civ.P. 83(a)(2).

"controlling decisions which counsel believes the Court overlooked in the initial ... order." D.Conn.L.R.Civ.P. 7(c)1. Accordingly, their Motion should be denied.

The Gaide witnesses have been unable to find any controlling authority substantiating the position taken by the defendants, that is, that a motion filed under Fed.R.Civ.P. 45 must be accompanied by an "affidavit" filed pursuant to Fed.R.Civ.P. 37(a)(2) and D.Conn.L.R.Civ.P. 37(a)2. Memorandum, un-numbered p. 2. Apparently the defendants were unable to find any such controlling authority as well, as no such authority was brought to the attention of the Court. Notwithstanding, the defendants baldly contend that the cases which they attach to their Motion are such controlling authority, stand for such proposition, and were overlooked by the Court. Such cases, however, are not controlling upon this Court, are highly distinguishable from the instant case before this Court, and likely would not have been "overlooked" by the Court, given that they do not stand for the proposition cited.

*Richardson v. NYS Dept. of Correctional Serv.*, 2001 WL 603705 (W.D.N.Y.), is obviously an unreported decision out of United States District Court, Western District of New York, and is not controlling authority in the United States District Court, District of Connecticut. The Fed.R.Civ.P. 37 motion at issue before the Court in *Richardson*: (i) was between the parties to the action (not a party and non-parties as in this case); (ii) had nothing to do with discovery sought under Fed.R.Civ.P. 45 (as was the situation in this case); (iii) had absolutely nothing to do with defensive or protective motions filed under Fed.R.Civ.P. 45 (as was the situation in the instant case); and (iv) had nothing to do with a Local Rule of the United States District Court, Western District of New York. *Id.* at *7.

> Plaintiff's motion for discovery sanctions is similarly unsubstantiated. Firstly, FRCvP 37(a)(2) requires that a party moving for sanctions certify "that the Movant has in good faith conferred or attempted to confer with the party not

11

> making the disclosure in an effort to secure the disclosure with court action." No such certification has been proffered....

*Id.* *Richardson* completely fails to support the defendants' position that it stands for the proposition that a defensive motion made under Fed.R.Civ.P. 45 is defective, and therefore, subject to denial, unless it is filed with a "Good Faith Affidavit required by both the Local Rules and Federal Rules of Civil Procedure." Memorandum, un-numbered p. 2.

*In re David Schick v. Fragin,* 1997 WL 465217 (Bankr., S.D.N.Y.), is equally unavailing to the defendants. *Schick* is an unreported bankruptcy court decision out of the United States Bankruptcy Court, Southern District of New York, applying the Federal Rules of Civil Procedure, through the United States Bankruptcy Rules. In *Schick*, the defendant had purportedly received a preferential transfer. The plaintiff brought an adversary proceeding in an attempt to recover the property. In connection therewith, the defendant served a document request upon the plaintiff pursuant to Fed.R.Civ.P. 34. After a protracted discussion of the efforts which the defendant made to obtain the discovery from the plaintiff, the Court stated:

> On or about June 25, 1997, Fragin moved pursuant to Fed.R.Civ.P. 37(a)(2)(B), made applicable by Fed. Bankr. R. 7037, to compel disclosure and for sanctions. While the motion focuses primarily on the trustee's failure to provide a privilege log, it also points to other deficiencies in her document production. Rule 37 (a)(2)(B) requires the Movant to certify that he has tried to work out the dispute with the other party: The motion must include a certification that the Movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action....
>
> Under the Court's local rules, the failure to file the certification closes the courthouse doors to the Movant. Local Bankruptcy Rule 7007-1(a) states that "[n]o discovery related motion ... shall be heard unless counsel for the moving party files the certification... Under ordinary circumstances, the violation of the "meet and confer" rule mandates denial of the motion to compel... Nevertheless, courts have excused the failure to "meet and confer" where compromise is unlikely or the exigencies of the case require a prompt decision.

*Id.* at *3 (citations omitted).

*Schick*, like *Richardson*, provides no support for the defendants. It is an unreported decision out of United States Bankruptcy Court, Southern District of New York, applying a Local Bankruptcy Rule requiring a Fed.R.Civ.P. 37 type "certification"; is not controlling authority on this Court; was between the parties to the action (not a party and non-parties as in this case); related to discovery under Fed.R.Civ.P. 34 (not an issue in this case); and had absolutely nothing to do with defensive or protective motions filed under Fed.R.Civ.P. 45 (as was the situation in the instant case). Even if the "meet and confer" rule of Fed.R.Civ.P. 37 is somehow applicable to this case, defense counsel's complete failure to communicate with Paul M. Gaide about the discovery, <u>at any time</u>, even when invited to do so, and her attempt to invoke the Court's intervention with respect to this very discovery "[g]iven the level of animosity that presently exists" by way of her December 17, 2002 correspondence to the Court, would have excused the "certification" requirement of Fed.R.Civ.P. 37(a)(2) if the Gaide witnesses had not included such a certification in their moving papers, which they did.[9] *See* fn 8, *supra*.

While the defendants, by and through Attorney Charron, acknowledged to the Court that the Gaide witnesses attempted to contact Attorney Charron on the evening of November 11, 2003 (*see* Reply, p. 3, third full ¶), the defendants conveniently fail to disclose to the Court when it was that Attorney Charron received the message, or to inform the Court why Attorney Gaide's telephone call was not returned, only if to inform Attorney Gaide that Attorney

---

[9] While the Gaide witnesses do not know to what "animosity" Attorney Charron is referring in her correspondence to the Court, as of the date of the correspondence, in this case there had been the attempted service, Attorney Gaide's attempted communication with Attorney Charron (left message), a notice to Attorney Gaide about some aborted deposition to which the Gaide witnesses had not been subpoenaed, Attorney Gaide's response thereto, and the Gaide witnesses' Omnibus Motions. None of the foregoing in isolation, or when combined, or even when combined with the fact that Paul M. Gaide is suing the Bainer defendants in state court, obviates defendants' counsel's participation in a good faith conference, assuming one was required.

Charron was in a deposition and needed to make arrangements to discuss the matters at a later date.[10]

Defendants' counsel's reading and interpretation of Fed.R.Civ.P. 37(a)(2) and the common law related thereto is clearly erroneous. Under specified conditions, not present in the instant case, the Rule requires a "certification". Even when a "certification" is required under Fed.R.Civ.P. 37(a)(2), it can take the form of a representation that the moving party has "attempted", in good faith, to confer with the opposing party to resolve the discovery disputes. An actual conference is not required.

The plain reading of D.Conn.L.R.Civ.P. 37 would apparently require an actual conference involving a discovery dispute pertaining to Fed.R.Civ.P. 26-37. There does not yet appear to be any reported common law, of substance, interpreting this Local Rule. An obvious goal of such a conference requirement would be to attempt to have those involved resolve all discovery disputes between them without the intervention of the Court and the consumption of its and the taxpayers' resources. Notwithstanding, nothing in D.Conn.L.R.Civ.P. 37(a)2 requires an actual good faith conference be had between a non-party (potentially even a *pro se* non-party) and the subscribing counsel serving or attempting to serve discovery under F.R.Civ.P. 45, nor that an affidavit pertaining to such conference be filed with the Court as a condition precedent to the ripeness of a motion filed under Fed.R.Civ.P. 45. Even assuming that the defendants are correct in their legal analysis, defense counsel's failure and/or refusal to respond to a witnesses' invitation for any requisite conference could effectively deny the target of the discovery any viable relief, which is exactly what defense counsel is believed to be attempting to accomplish in

---

[10]   The numerous open factual issues and changes of position by the defendants, as referenced herein, would justify this Court in granting oral argument, and possibly an evidentiary hearing, should the Court be in the slightest bit inclined to grant any substantive relief to the defendants or Attorney Charron.

this case. This Court should not approve or otherwise condone such an implausible reading or application of D.Conn.L.R.Civ.P. 37.

Under all of the facts and circumstances of this case, and the relevant and applicable law, this Court should conclude: (1) that the Gaide witnesses were entirely within their rights to file the Omnibus Motions when they did; (2) that the Omnibus Motions were properly filed; (3) that it was the improper conduct of defense counsel, Attorney Charron, that necessitated the same; (4) that the Gaide witnesses are entitled to the relief set forth in the Order; and (5) that no substantive change to the Order is appropriate.

Dated at Avon, Connecticut this 23rd day of December, 2003.

        Paul M. Gaide, Esquire,
        Gaide & Associates, LLC, Attorneys At Law


By _____/s/ Paul M. Gaide_____
    Paul M. Gaide, Esquire
    Federal Bar No.: ct07838
    Paul M. Gaide, LLC
    713 Lovely Street
    Avon, Connecticut 06001
    Tele: (860) 675-4701
    Fax: (860) 673-5017
    E-Mail: pgaide@sbcglobal.net

## **CERTIFICATION**

The undersigned hereby certifies that he has, this 23rd day of December, 2003, sent a copy of the foregoing by first class United States mail to the following:

| | |
|---|---|
| Bradley K. Cooney, Esquire | F. Dean Armstrong, Esquire |
| 69 Island Avenue | 1324 Dartmouth Road |
| Madison, Connecticut 06443 | Flossmoor, Illinois 60422 |

Douglas S. Skalka, Esquire
Neubert, Pepe & Monteith
13th Floor
New Haven, Connecticut 06510-2026

David G. Hill, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

Edward C. Taiman, Jr., Esquire
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, Connecticut 06103-2205

Attorney Barbara L. Cox
Gallagher & Calistro
1377 Boulevard
New Haven, Connecticut 06509

Attorney Mary Anne Charron
Gordon, Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, Connecticut 06106

_____
Paul M. Gaide