UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:01- CV-531 (AVC) |
| | : | |
| V. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL. | : | |
|     Defendants. | : | FEBRUARY 16, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL OR,
IN THE ALTERNATIVE, MOTION TO PRECLUDE**

Pursuant to Rule 7(a)(1) and Rule 37(a)(3) of the Local Civil Rules of the United States District Court for the District of Connecticut, the defendants, Leonard A. Fasano, Fasano, Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.) (collectively "Fasano"), respectfully submit this Memorandum of Law in Support their Motion to Compel Compliance with the Court's Standing Order ("Standing RICO Order") or, in the Alternative, to Preclude, dated February 16, 2004. In further support of this Motion, and in accordance with local rules, defendants Fasano submit an affidavit of counsel regarding good faith efforts to resolve this issue among counsel. Notwithstanding those efforts, the issues could not be resolved.

**I.  BACKGROUND FACTS**

Plaintiffs allege that in the early 1990s, defendants Flanagan and his wife Lisa Flanagan borrowed a substantial amount of money from banks and financial institutions

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to purchase investment properties.  <u>See</u> Second Amended Complaint dated August 30, 2002 ("Complaint") at ¶ 9.  Plaintiffs allege that Flanagan transferred title of the investment properties to various "d/b/a's", and allegedly placed "bogus" liens on one of his parcels of property.  (See Complaint at ¶ 10).  Additionally, plaintiffs claim that Flanagan and his wife filed "Chapter 7 (no asset) bankruptcy" on October 19, 1995 and that Fasano was their legal counsel.  (See Complaint at ¶ 17).

Plaintiffs assert that in 1996, plaintiff The Cadle Company (hereinafter "Cadle") filed suit against Flanagan in the United States District Court for the District of Connecticut (hereinafter "Initial Cadle Action"), obtaining a judgment against Flanagan in the amount of $93,519.38 on March 20, 1997.  (See Complaint at ¶ 19).  Plaintiffs allege that during these proceedings, Flanagan attempted to prevent plaintiffs from collecting on the debt by performing and undertaking a series of actions that were deceptive.  (See Complaint at ¶¶ 20-26).  However, plaintiffs admit that Flanagan ultimately paid the judgment in full.

Plaintiffs further admit that Flanagan and his father lawfully signed a pledge and security agreement for Flanagan's share of the Thompson stock, the effective date of which was the date that Judge Covello vacated the injunction prohibiting Flanagan from transferring his assets.  (See Complaint at ¶ 36).  Lastly, plaintiffs claim that Flanagan filed Chapter 11 bankruptcy protection in order to recoup the payment he made to the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiffs in satisfaction of the judgment previously mentioned.[1] (See Complaint at ¶ 70). Plaintiffs also allege that Flanagan committed bankruptcy fraud by listing a false debt owed to the defendant Socrates Babacas (hereinafter "Babacas"), failing to list an alleged debt owed to Sharon Demetropoulous (hereinafter "Demetropoulous"), failing to list his ownership interests in three rental properties, testifying falsely at the creditors' Section 341 meeting that he did not own any real estate, and failing to disclose the rental income received from his rental properties (See Complaint at ¶ 72).

As to Fasano, specifically, plaintiffs claim that he acted as Flanagan's attorney in connection with: (1) advising Flanagan to assert his Fifth Amendment right not to testify at the March 9, 1998 debtor's examination (See Complaint at ¶ 21); (2) advising Flanagan to set up checking accounts in the name of Flanagan's minor children (See Complaint at ¶ 23); (3) failing to produce documents for the Court's inspection (See Complaint at ¶ 26); (4) submitting a "Notice of Compliance" that Flanagan's stock was in the hands of Sharon Demetropoulos (hereinafter "Demetropoulos") (See Complaint at ¶¶ 27-28); (5) claiming that Socrates Babacus (hereinafter "Babacus") had possession of the stock as collateral for a loan (See Complaint at ¶¶ 29-30); (6) representing to the Court that Flanagan would produce all of the documents pertaining to the stock transfers (See Complaint at ¶ 33); (7) arranging to borrow money from Flanagan's father

---

1/ In connection with this allegation, plaintiffs failed to express to the court that Section 547(b) of the Bankruptcy Code prohibits the transfer for the benefit of the bankruptcy estate, and any recovery may only be distributed to Flanagan's creditors, including Cadle. (See Bankruptcy Code, 11 U.S.C. § 547(b)).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and pledging the stock as security (See Complaint at ¶¶ 35-37); (8) representing to the Court that Flanagan made no transfers after the Court issued its order freezing Flanagan's assets on March 9, 1998 (See Complaint at ¶ 39); (9) advising Flanagan not to turn the stock over to the plaintiffs (See Complaint at ¶ 50); (10) discussing the validity of the restrictive stock legend with defendant Attorney Todd Bainer (counsel for Thompson & Peck Insurance Company) (hereinafter "Bainer") (See Complaint at ¶¶ 52-55); (11) recharacterizing the reimbursement of monies owed to Flanagan by Thompson & Peck (See Complaint at ¶ 59); and (12) submitting an objection to the property execution to the Court (See Complaint at ¶ 60).

Significantly, even though plaintiffs allege that they were damaged by the above actions, **plaintiffs recovered the judgment against Flanagan in full.** (See Complaint at ¶ 36). This claim, therefore, apparently stems from plaintiffs inability to collect other judgments against Flanagan, judgments that were not involved in the Initial Cadle Action; again, the only judgment in that action was paid in full.

II.     **PROCEDURAL POSTURE**

Plaintiffs commenced this action on April 4, 2001 with a 40-page Complaint and 30 exhibits. The operative complaint (i.e., the Second Amended Complaint dated August 30, 2002) initially contained two counts: the First Count alleging violations of Sections 1962(b), (c), and (d) of the Racketeer Influenced and Corrupt Organizations

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Act, 18 U.S.C. §§ 1961-1968 ("RICO"), and the Second Count alleged claims of tortious interference by defendants with plaintiffs' right to enforce and realize the benefits from their judgments against defendant Flanagan.  Defendants filed a Motion to Dismiss on August 31, 2001, seeking to have all claims against them dismissed.  On March 27, 2002, the Court granted the motion as to the tortious interference claim, but denied it as to the RICO count.  Consequently, the only remaining count against each defendants is the RICO claim.  However, the operative complaint, the Second Amended Complaint does not allege any culpable conduct by Fasano, let alone conduct sufficient to establish a RICO conspiracy.  As a result, since the subsequent has also failed to produce any evidence of a RICO conspiracy, defendants Fasano now seek to know the basis for the claim against them. [2]

### III.    PLAINTIFFS' RICO CASE STATEMENT IS INSUFFICIENT

On April 23, 2001, plaintiffs served and filed their RICO Case Statement.  See plaintiffs' RICO Case Statement, dated April 23, 2001 ("RICO Case Statement"), attached as Exhibit A.  The RICO Case Statement, much like the Complaint, contains a series of conclusory allegations, particularly with respect to Fasano.  More importantly, it fails to advise Fasano of the specific claims against him; specifically, it fails to specify

---

2/  Counsel for Fasano replaced original counsel in 2003.  Unfortunately, prior counsel lost his file, therefore, current counsel did not get a copy of plaintiff's RICO Statement until last month.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the purported predicate acts with sufficient specificity to apprise Fasano as to how he allegedly participated in the RICO conspiracy.

Plaintiffs clearly failed to comply with Sections 5(a), 5(b), 5(c), 5(f), 12, 13, and 14 of the Court's Standing RICO Order. Specifically, plaintiffs failed to set forth with respect to Fasano: (1) any alleged predicate acts and the specific statute that Fasano purportedly violated; (2) the dates, participants and background facts of the purported predicate acts; (3) the requisite specificity as to the time, place and contents of any misrepresentations, as well as the identity of persons to whom and by whom the alleged misrepresentations were made; and (4) the manner in which the predicate acts form a pattern of racketeering activity.

On several occasions, counsel for the defendants made good faith efforts at obtaining information by contacting plaintiffs' counsel to request more particular statements and supporting documents pertaining to the alleged predicate acts as put forth in the RICO Case Statement. See Affidavit of David G. Hill dated February 12, 2004 ("Hill Affidavit") at ¶¶ 2-5, attached as Exhibit B. However, plaintiffs refused, and continue to refuse, defendants' request for more particular statements and documents pertaining to the alleged predicate acts. (See Hill Affidavit at ¶ 6).

Furthermore, Fasano sought to obtain this information through written discovery. Specifically, on August 12, 2003, plaintiff was asked to specify each and every alleged predicate act committed by defendant Fasano. However, plaintiffs did not respond; instead they simply incorporated (1) their Second Amended Complaint and (2) "the

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery conducted or to be conducted in this case . . . ." <u>See</u> Plaintiffs' Responses to Interrogatories 23 and 24, dated December 19, 2003, attached as Exhibit B.  As a result, Fasano brings the instant Motion to Compel plaintiffs compliance with the Court's Standing RICO Order, or in the alternative, Motion to Preclude plaintiffs from introducing evidence regarding Fasano's alleged predicate acts in furtherance of the supposed racketeering activity.

### IV.  ARGUMENT

Numerous courts have stressed the importance of complying with RICO case statement orders.  <u>See</u> <u>Marriott Bros. v. Gage</u>, 911 F.2d 1105, 1107 (5th Cir. 1990) (a RICO case statement is a "useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute").  In fact, under certain circumstances, failure to comply with an order requiring a RICO case statement may result in dismissal of the action or sanctions.  <u>See</u> <u>Gould v. National Westminster Bank</u>, No. 3:99-CV-01892, 2000 WL 1339520 (D. Conn. August 8, 2000) (dismissing plaintiff's RICO claims for non-compliance with the Standing Order in Civil RICO Cases of the Local Rules of Civil Procedure for the United States District Court, District of Connecticut); <u>Figueroa Ruiz v. Alegria</u>, 896 F.2d 645, 648-649 (1st Cir. 1990) (affirming dismissal of RICO claim with prejudice for failure to comply with order to file a detailed explanation of the facts supporting the claim); <u>Petrochem Insulation, Inc. v.</u>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Northern Cal. & N. Nev. Pipe Trades Council, 1992 WL 131162 (N.D. Cal. 1992) (dismissing plaintiff's RICO claim because of failure to comply with the court's standing order regarding pleading with particularity in RICO cases) aff'd, 8 F.3d 29 (9th Cir. 1993); Davis v. A.G. Edwards & Sons, Inc., 687 F. Supp. 266, 267-69 (W.D. Louisiana, 1988) (dismissing RICO claim for failure to comply with Standing Civil RICO Order because plaintiff could not meet the heightened pleading requirements of Fed.R.Civ.P. 9(b) that is required for RICO predicate acts).  As a result, our federal courts have decreed that failing to comply with the Court's RICO Standing Order can be fatal.

### A.  Plaintiff's RICO Case Statement is Insufficient.

As set forth above, plaintiffs' RICO Case Statement is wholly inadequate.  First, plaintiffs do attempt any specificity with respect to Section 5 of the RICO Case Statement (Pattern of Racketeering Activity).  Rather, plaintiffs only assert general conclusory statements with respect to "defendants" in general.  By way of example, plaintiffs assert the following for the description of the pattern of racketeering activity:

> The Defendants engaged in a pattern of wrongful conduct involving bankruptcy fraud, mail fraud and wire fraud to acquire an interest in and to maintain control over the affairs of Flanagan's financial empire.  Further, the Defendants combined together to engage in a pattern of wrongful conduct involving bankruptcy fraud, mail fraud and wire fraud to fraudulently transfer and otherwise maintain custodianship over Flanagan's assets.

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

See RICO Case Statement at p. 34.  It is clear that plaintiffs have not set forth the pattern of racketeering activity with the specificity required under the law.  Second, with respect to Section 5(a), plaintiffs do not distinguish among any of the collective defendants, an omission that is insufficient to allow Fasano to indentify HIS purported conduct that constitutes a predicate act under RICO.

Third, in Sections 5(b) and 5(c), plaintiffs merely refer the defendants to the narrative set forth in Section 2 of the RICO Case Statement.  As a result, Fasano is left to peruse more than 28 pages of a narrative to identify those predicate acts committed by him.  Moreover, the 28 pages of narrative do not specify any such predicate act.  In fact, each of the references to Fasano in the RICO Case Statement relate to Attorney Fasano's conduct in connection with his representation of Mr. Flanagan.  Section 2 contains no specific dates of predicate acts, does not identify the participants in the predicate acts, and gives only a general description of the facts surrounding the predicate acts.  See RICO Case Statement at § 2.

Fourth, Section 2 also fails to provide specific information required by Section 5(c) of the Court's Standing RICO Order.  See RICO Case Statement at § 2.  Section 5(c) requires a plaintiff in a RICO claim to provide:

> if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the 'circumstances constituting fraud or mistake shall be stated with particularity.' Fed. R. Civ. P. 9(b).  The time, place and contents of the alleged misrepresentation, and the identity of the persons to whom and by whom the alleged misrepresentations were made shall be identified.

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The response provided by plaintiffs was simply: "The circumstances constituting mail fraud and wire fraud are set forth in detail and discussed in §2 above." Again, as discussed above, this response is entirely inadequate, particularly when Section 2 does not set forth the required information.

Fifth, Section 12 of the Court's Standing RICO Order provides "[i]f the complaint alleges a violation of 18 U.S.C. § 1962(b), describe **in detail** the acquisition or maintenance of any interest in or control of the alleged enterprise." See Standing RICO Order at § 12 (emphasis added). Plaintiffs fail to specify any "acquisition or maintenance of any interest" that Fasano had in any alleged enterprise. Again, the RICO Case Statement states simply that Fasano participated in the scheme, not how he allegedly participated. In addition, his only involvement was that as counsel for Flanagan.

Section 13 requires that:

> [i]f the complaint alleges a violation of 18 U.S.C. Section 1962(b), provide the following information:
>
> a. The individuals who are employed by or associated with the enterprise; and
>
> b. Whether the same entity is both the liable 'person' and the 'enterprise' under § 1962(c).

Although the plaintiffs name individuals allegedly associated with certain events, they fail to clarify the alleged "enterprise" with which the individuals are associated, and they fail to specify any facts that supports their contention of the existence any alleged enterprise. See RICO Case Statement at § 1 B and 2 P. Additionally, plaintiffs fail to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

state with particularity whether the same entity is both the liable "person" and the "enterprise" under Section 1962(c).

Lastly, Section 14 provides that "[i]f the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy."  Again, the RICO Case Statement obliquely refers to a quagmire of events in which Fasano participated as legal representative of Flanagan, but nowhere in the RICO Case Statement does the plaintiffs provide sufficient particularized information as to Fasano's connection to the alleged conspiracy.

Conclusory statements without any basis for support are not sufficient to meet the requirements of the Standing Order in Civil RICO Cases.  See Standing Order in Civil RICO Cases §§ 5, 12, 13, and 14.  It is not enough for the plaintiffs to construct a convoluted narrative of people, places, and events that are allegedly connected in some peculiar fashion to sustain a RICO cause of action.  The Rules require the plaintiffs to set forth **in detail** specific information precisely in order to determine the predicate acts that each and every defendant participated in and the alleged connection each one had to the so-called enterprise.  See Standing Order in Civil RICO Cases §§ 5, 12, 13, and 14 and Fed.R.Civ.P. 9(b).  Plaintiffs failed to do so.

The issues raised by Fasano regarding the predicate acts are significant.  The law requires that the plaintiffs plead the predicate acts with particularity in order to state a claim under RICO.  Zito v. Leasecomm Corp., No. 02Civ. 8074 (GEL), 2003WL 222513 at *13 (S.D.N.Y. Sept. 30, 2003).  Most importantly, the courts have held that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

there is no valid RICO claim where the plaintiff fails to allege sufficient predicate acts and, consequently, the claim shall be dismissed. <u>Medina v. Bauer</u>, No. 02Civ.8837 (DC), 2004Wl136636 at *5 (S.D.N.Y. Jan. 27, 2004).

In short, the plaintiffs, by law, are not allowed to give general information to support a RICO claim; they must instead state with specificity the predicate acts Fasano allegedly engaged in and how those acts allegedly violate RICO (i.e. the specific statute violated or the manner in which the predicate acts form a pattern of racketeering activity).  Failure to do so can be fatal.  Typically, Fasano would seek only an order compelling a supplemental Case Statement, however, since trial is only two months away, a supplemental Case Statement will only add to the prejudice, particularly if the supplemental statement adds claims not previously seen, which in turn will require additional discovery, postponement of trial, disclosure of experts, etc., etc. etc.  As a result, the evidence must be precluded.  Defendants Fasano sought to resolve this issue on several occasions, but each time, plaintiffs continued to prosecute this claim in bad faith.  First, Fasano sought to elicit this information through written discovery, but again, plaintiffs did not respond, instead they simply incorporated their Complaint and "the discovery conducted" for the past three years !  Second, after a conference call specifically to address this issue, plaintiffs' counsel refused to supplement their disclosures.  As a result, respectfully speaking, the only appropriate remedy is to preclude that which plaintiffs have failed to disclose, and that which they withheld in violation of the Court's Standing Order.

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### B. Plaintiff's Interrogatory and Production Request Responses are Likewise Inadequate.

Additionally, and/or alternatively, plaintiffs should be compelled to sufficiently respond to Fasano's Interrogatories and requests for production regarding predicate acts. Again, on August 12, 2003, Fasano served Interrogatories and Requests for Production to the plaintiffs to determine the basis of the RICO claim. Plaintiffs did not reply; instead they simply incorporated (1) their Second Amended Complaint and (2) "the discovery conducted or to be conducted in this case . . . ." See Exhibit B. Such a response, particularly in light of an insufficient RICO Case Statement, is not simply inappropriate, but egregious. More importantly, it is proof of plaintiffs' continued violation of the Court's Order. As a result, at this late date, if the court is not inclined to preclude evidence of RICO acts, it must compel full and fair disclosure of those acts, both in plaintiffs' RICO Case Statement, as well as their discovery compliance. A plaintiff is required to respond to Interrogatories and Production Requests regarding RICO claims, including predicate acts, in the later stage of discovery. McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996). However, the "later stage" in McCarthy was not as egregious as the present claim. As a result, since we are only two months from trial, again, the Court should preclude any such evidence at trial. If, however, the Court is not inclined to preclude it, the Court should compel plaintiffs to immediately supplement both their Case Statement and their discovery compliance.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## V. **CONCLUSION**

For the foregoing reasons, defendants Fasano respectfully request that the Court grant their Motion to Compel and/or Motion to Preclude as a result of plaintiffs failure to comply with the Court's Standing Order, and failure to remedy their non-compliance through written discovery or through Fasano's attempts to resolve this issue amicably. Defendants Fasano also seek attorneys' fees, costs, and such other relief that the Court may deem proper, in connection with the instant motion.

>
> DEFENDANTS,
> LEONARD A. FASANO and FASANO,
> IPPOLITO & LEE, LLC
>
> By_____
>   David G. Hill
>   Fed. Bar #ct13435
>   June M. Sullivan
>   HALLORAN & SAGE LLP
>   Fed. Bar #ct24462
>   One Goodwin Square
>   225 Asylum Street
>   Hartford, CT  06103
>   (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

      This is to certify that on this 16th day of February 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT  06103-2205
&

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL  60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Peter C. Schwartz, Esq.
Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
&
Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT  06405
**For Defendant Todd R. Bainer**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT  06509-1925
**For Defendant Stanley Prymas**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT  06510-2026
**For Defendant Charles A. Flanagan**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT  06443
**For Defendant Thompson & Peck, Inc.**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &
Associates, LLC**

_____
David G. Hill

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

513765.1(HSFP)

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105