```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

THE CADLE COMPANY and           §       No. 3:01CV531(AVC)
D.A.N. JOINT VENTURE,
A LIMITED PARTNERSHIP,          §

     Plaintiffs,                §

vs.                             §

CHARLES A. FLANAGAN, et al.     §       March 8, 2004

     Defendants.                §
```

### PLAINTIFFS' RESPONSE TO FASANO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH THE COURT'S STANDING ORDER

This is the Response of Plaintiffs to the Motion of Defendants Leonard A. Fasano ("Fasano") and Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.) (collectively, the "Fasano Defendants") to Compel Compliance With The Court's Standing Order Or, In The Alternative, Motion To Preclude ("Motion").

### Introduction

The Fasano Defendants seek to compel Plaintiffs to supplement their April 23, 2001 RICO Case Statement to comply with the Court's Standing RICO Order or, in the alternative, to preclude Plaintiffs from introducing any evidence related to the Fasano Defendants' RICO predicate acts due to Plaintiffs' alleged failure to comply with the Courts' Standing RICO Order.

The Fasano Defendants' Motion should be denied for two reasons. First, as detailed in Plaintiffs' prior briefing in opposition to the numerous motions to dismiss and motions for reconsideration submitted by the Fasano Defendants and the other Defendants, Plaintiffs' RICO allegations against the Fasano Defendants are sufficient under the law. And second, the Fasano Defendants' delinquent attack on the alleged insufficiency of Plaintiffs' RICO Case Statement is, in essence, a disguised second motion for reconsideration of the Court's March 27, 2002 and May 7, 2002 rulings on the Fasano Defendants' prior motions to dismiss. All that the Fasano Defendants have done in connection with the current motion is to dump the same stale wine into a shiny new bottle.

## I.   Plaintiffs' RICO Allegations Against The Fasano Defendants Are Sufficient Under The Law

As pointed out in (1) Plaintiffs' Amended Response to Defendants' Motions to Dismiss and (2) Plaintiffs' Response to Motions for Reconsideration by Defendants Fasano and Bainer, Plaintiff's RICO allegations against the Fasano Defendants are sufficient under the law. Indeed, on March 27, 2002 and May 7, 2002 the Court overruled the Fasano Defendants' motions to

dismiss and agreed that Plaintiffs had adequately stated their RICO claims against the Fasano Defendants.

### II. The Fasano Defendants Delinquent Complaints About Plaintiffs' RICO Case Statement Were Previously Raised By The Defendants, But Rejected By This Court

The Plaintiffs filed their RICO Case Statement on April 23, 2001. Some two years and nine months after that filing, the Fasano Defendants now claim that Plaintiffs' RICO Case Statement is not sufficient under the law. The alleged deficiencies in Plaintiffs' RICO allegations against the Fasano Defendants were previously raised in motions to dismiss, and previously rejected by this Court in overruling the Fasano Defendants' motions to dismiss.

In connection with Plaintiffs' Second Amended Complaint and Plaintiffs' RICO Case Statement, the Fasano Defendants now claim:

(1) "[T]he Second Amended Complaint does not allege any culpable conduct by Fasano, let alone conduct sufficient to establish a RICO conspiracy" (Mem. p. 5[1]);

(2) "The RICO Case Statement, much like the Complaint, contains a series of conclusory

---

[1] References to "Mem. p.__" are to the Fasano Defendants' February 16, 2004 "Memorandum Of Law In Support Of Defendants' Motion To Compel Or, In The Alternative, Motion To Preclude".

          allegations, particularly with respect to Fasano" (id.);

    (3)  "[P]laintiffs have not set forth the pattern of racketeering activity with specificity required under the law" (id. p. 9); and

    (4)  "[E]ach of the references to Fasano in the RICO Case Statement relate to Attorney Fasano's conduct in connection with his representation of Mr. Flanagan." (Id. p. 9)

As a result of the purported deficiencies in Plaintiffs' RICO Case Statement, the Fasano Defendants claim that they "have absolutely no idea how they allegedly participated in the RICO conspiracy." (Motion p. 2)

    In connection with their prior motion to dismiss, on April 10, 2002 the Fasano Defendants asserted virtually identical arguments:

    (1)  "The complaint fails to allege that Fasano engaged in any act cognizable under RICO . . .." (April 12, 2002 Memorandum p. 8);

    (2)  "The Complaint fails to allege that Fasano engaged in a pattern of racketeering activity" (id. p. 5);

    (3)  "The complaint does not state a cognizable claim against Attorney Fasano or his firm under civil RICO" (Id. p. 2); and

    (4)  "The allegations of the complaint do not allege that Fasano provided anything other than legal services to his client, Charles Flanagan." (Id. p. 3)

Indeed, some two and a half years ago, the Fasano Defendants raised similar complaints about the alleged deficiencies of Plaintiffs' RICO Case Statement:

> Determining the basis of Plaintiffs' cause of action is not facilitated by the Plaintiffs' RICO Statement . . . purportedly filed in compliance with the Court's Standing Order In Civil RICO Cases ("RICO Order"). Instead of following the Court's instructions in the RICO Order of describing in detail the specific requirements for a RICO cause of action, the Plaintiffs again, in largely narrative form, offer mostly conclusory allegations unsupported by facts.

(August 31, 2001 Memorandum p. 2)

In overruling the Fasano Defendants' prior motions to dismiss, on March 27, 2002 this Court ruled that "the amended complaint sufficiently alleges a RICO cause of action against [the Fasano] defendants . . .." And then on May 7, 2002 the Court, in overruling the Fasano Defendants' motion for reconsideration, let the Fasano Defendants know what conspiratorial conduct the Court believed to be actionable under RICO:

> While the court agrees with the defendants that attorneys violate no rule of law by simply providing legal advice and services to their clients, the amended complaint alleges conduct far beyond that of simply furnishing legal advice. In particular, the amended complaint alleges that Fasano was a

-5-

> member of an association-in-fact [enterprise] (amended complaint at ¶82.2) and in this capacity: (1) lied to this court for Flanagan about an IRS investigation to shield Flanagan from disclosing asset information; (2) worked with Flanagan to create a fraudulent scheme to hide Flanagan's income from creditors; and (3) fabricated a bogus stock pledge agreement to shield Flanagan's stock from a turn-over order from the court.  In the court's view, the allegations allege conduct "cross[ing] the line between traditional rendition of legal services [to] active participation in directing the enterprise".  <u>Dumas v. National League Baseball Properties, Inc.</u>, 52 F.Supp.2d 1170, 1180-81 (S.D.Cal.1999); <u>Biofeedtrac, Inc. v. Kolinor Optical Enterprises & Consultants</u>, 832 F.Supp.585, 591 (E.D.N.Y.1993).  Accordingly, the amended complaint sufficiently states a RICO cause of action against Fasano.

The Fasano Defendants are being less than candid with the Court when they claim that they "have absolutely no idea how they allegedly participated in the RICO conspiracy."  (Motion p. 2)

Not only have the Fasano Defendants regurgitated the same arguments that were rejected by this Court in March and May of 2002, they have misrepresented the nature of Plaintiffs' claims.

The Fasano Defendants represent to the Court that:

> Plaintiffs further admit that Flanagan and his father lawfully signed a pledge and security agreement for Flanagan's share of the Thompson [& Peck] stock . . ..

-6-

(Mem. p. 2)  But where do the Plaintiffs so admit?  Neither the Plaintiffs nor their counsel ever made any such admission.  Indeed, the facts are directly to the contrary.  As noted by Thompson & Peck's attorney, Todd R. Bainer, the fact that Fasano didn't see a problem with his dual representation of Flanagan and his father

> with regard to Charlie's pledging of his stock, in known violation of the buy/sell agreement, <u>and in an obvious attempt to frustrate the creditors</u>, is a strong testament to the reason Charlie finds himself in the serious difficulty he apparently, and unfortunately, does.  Your representation of the pledgor [Flanagan] and pledgee [Flanagan's father] in this situation is <u>strong evidence</u> that there does exist an <u>improper effort to defraud the creditors</u>.

(Px 18 (copy attached) p. 2)  Contrary to the representations of the Fasano Defendants, Plaintiffs never admitted that Flanagan's stock pledge was lawful.

The Fasano Defendants also claim that Plaintiffs violated §13 of the Court's Standing RICO Order by allegedly

> fail[ing] to state with particularity whether the same entity is both the liable "person" and the "enterprise" under Section 1962[b].

(Mem. pp. 10-11)  Not true.  As specifically stated in Plaintiffs' RICO Case Statement, "[t]he liable 'person' and the

'enterprise' are not one and the same entity." (Mem. Ex. A p. 41 ¶13)

Next the Fasano Defendants complain that Plaintiffs did not particularize the specific RICO predicate acts committed exclusively by Fasano as opposed to the predicate acts committed by the RICO enterprise in furtherance of the overall RICO conspiracy. (Mem. p. 9) The Fasano Defendants, however, fail to recognize that a plaintiff in a RICO case need not show that each defendant personally utilized the mails or long distance wire communications in connection with the execution of the overall fraudulent scheme. See United States v. Zichetello, 208 F.3d 72, 105-06 (2d Cir.2000); Cadle Co. v. Schultz, 779 F.Supp. 392, 399 (N.D.Tex.1991); Constellation Bank, N.A. v. C.L.A. Management Co., 1995 WL 42285 at *5 (S.D.N.Y. 1995); Morrow v. Black, 742 F.Supp. 1199, 1203-04 (E.D.N.Y.1990); Center Cadillac v. Bank Leumi Trust Company of New York, 808 F.Supp. 213, 228 (S.D.N.Y.1992); 131 Main Street Associates v. Manko, et al., 897 F.Supp. 1507, 1530 (S.D.N.Y.1995).

For a mail fraud or wire fraud claim, Plaintiffs need only allege the connection of the Defendant to the overall fraudulent scheme involving the use of the mails or long distance wire communications. Id. Indeed, so long as one participant in a

fraudulent scheme "causes" the use of the mails or interstate telephone wires in the execution of the overall fraudulent scheme, all other knowing participants in the scheme (such as Fasano) are legally liable for the use of the mails or the interstate wires.  Id.  Moreover, a defendant "causes" a use of the mails or wires when that defendant does an act knowing that the use of the mails or wires will follow in the ordinary course of business, or if the defendant reasonably could foresee that the use of the mails or wires would follow, even if the defendant did not actually intend for the use of the mails to follow.  Id.  See, also, United States v. Amrep Corp., 560 F.2d 539, 545 (2d Cir.1977); United States v. Jones, 648 F.Supp. 225, 235 & n. 8 (S.D.N.Y.1996).

As recently noted by the Second Circuit, RICO liability does not require proof that each co-conspirator -- such as Fasano -- agreed to commit two predicate acts.  Zichettello, 208 F.3d at 99 n. 13.  Indeed, the Supreme Court has ruled that:

> Even if [the conspirator] did not commit [two or more acts of racketeering activity], there was ample evidence that he conspired to violate [§1962](c).  The evidence showed that [the primary wrongdoer] committed at least two acts of racketeering activity . . . and that [the conspirator] knew about and agreed to facilitate the scheme.  This is

>     sufficient to support a conviction under
>     §1962(d).

United States v. Salinas, 118 S.Ct. 469, 478 (1997).

Further, a RICO conspiracy claim can be proved if the Defendant embraced the objective of the alleged conspiracy, and agreed to commit predicate acts in furtherance thereof. Zichettello, 208 F.3d at 99. To prove a RICO conspiracy it need only be shown that Fasano knew that the general nature of the conspiracy extended beyond his individual role. Id. In applying this analysis, a court need inquire only whether an alleged conspirator -- such as Fasano -- knew what the other conspirators "were up to" or whether the situation would logically lead an alleged conspirator "to suspect he was part of a larger enterprise." Id.

Moreover, there is no rule requiring that the Plaintiffs prove that a RICO conspirator such as Fasano knew of all predicate acts by insiders in furtherance of the conspiracy. Id. at 100. To be held liable as a RICO conspirator, a defendant must be shown to have possessed knowledge of only the general contours of the conspiracy. Id. Simply, a plaintiff need not prove that a RICO conspirator-defendant agreed with every other conspirator, or knew all of the other conspirators,

-10-

or had full knowledge of all of the details of the conspiracy. Id. Rather, a RICO plaintiff need only show that a conspirator defendant such as Fasano was aware of the general nature of the conspiracy and that the conspiracy extended beyond the defendant's individual role. Id.

Finally, although Plaintiffs' April 23, 2001 RICO Case Statement is sufficient under the law, conspicuously absent from the Fasano Defendants' briefing is any reference to Commercial Cleaning Services v. Collin Service Systems, 271 F.3d 374 (2d Cir.2001), which is the leading decision on the legal effect of an allegedly insufficient RICO case statement.

## PRAYER

The Fasano Defendants' Motion is no more meritorious than their claim that they "have absolutely no idea how they allegedly participated in the RICO conspiracy." (Motion p. 2) Based on the foregoing, Plaintiffs respectfully request that the Court deny the Fasano Defendants' Motion To Compel Compliance With The Court's Standing Order, Or, In The Alternative, Motion To Preclude.

                                                Respectfully submitted,

                                                ARMSTRONG LAW FIRM

DATED: March __, 2004.          By_____
                                                F. Dean Armstrong
                                                Ct. Fed. Bar #CT22417
                                          1324 Dartmouth Road
                                          Flossmoor, IL 60422
                                          (708) 798-1599
                                          Fax (708) 798-1597

                                          Edward C. Taiman, Esq.
                                          SABIA & HARTLEY, LLC
                                          190 Trumbull Street
                                          Suite 202
                                          Hartford, CT 06103-2205
                                          (860) 541-2077
                                          Fax (860) 713-8944

                                          Attorneys for Plaintiffs
                                          The Cadle Company and
                                          D.A.N. Joint Venture,
                                          A Limited Partnership

## <u>Certificate of Service</u>

    I certify that a correct copy of the foregoing instrument was faxed and mailed on March __, 2004 to all defense counsel as shown on the attached Service List.

                                          _____
                                          F. Dean Armstrong