UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAR 15 P 1:10

U.S. DISTRICT COURT
HARTFORD, CT.

THE CADLE COMPANY, et al.,
         -Plaintiffs


     -v-                                CIVIL NO. 3:01 CV 531 (AVC)


CHARLES A. FLANAGAN, et al.,
         -Defendants


## MEMORANDUM AND ORDER

This purports to be a multi-million dollar "racketeering" case brought under "RICO." It is coming up on three years old. Like most actions of its type, it has generated some heat, as an analysis of the 32 page docket sheet suggests, but not much progress. There seems to be a great deal of acrimony in this case. Mindful of the draining effect that RICO cases have upon the resources of the court, and the high cost of litigating them, on January 12, 2004, Judge Covello referred this case to the

undersigned for a settlement conference. (Dkt. #160)

A settlement conference was scheduled for March 15, 2004 at 10:00 a.m. The order establishing that conference was issued January 26, 2004, and specifically cited <u>Nick v. Morgan's Food, Inc.</u>, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000). On the basis of the <u>Nick</u> decision, the court denied several requests of various non-party insurance adjusters to be "available by telephone" in lieu of personally appearing at the conference, and insisted that they appear here today personally.[1] As a result, insurance adjusters from as far away as Mukilteo, Washington and Philadelphia, Pennsylvania attended the conference, as did adjusters from Connecticut.[2] The defendant principals appeared in person as well.

---

[1] <u>Nick v. Morgan's Food, Inc.</u>, *supra*, explains in detail why being "available by telephone" is insufficient. If it is insufficient for an insurance adjuster, it is plainly insufficient for plaintiffs' *lead counsel*. The court should not have to explain this to plaintiffs' counsel in a RICO case, with all the attendant responsibility that such an action entails.

[2] Counsel for the defendants whose insurance adjusters asked to be available by phone made their requests in writing and even mailed courtesy copies to Attorney Armstrong. Thus, Armstrong knew, or should have known of their requests. From reading <u>Nick v. Morgan's Food</u>, he knew, or should have known that the requests of the adjusters were denied. Common sense, if not common courtesy, should have alerted him that *lead counsel* to a party plaintiff may not absent himself from such a conference and, in these circumstances, declare himself, by proxy, to be "available by phone." <u>See</u> 28 U.S.C. § 1927 (2000).

On the morning of the conference, however, the court and defense counsel were informed by plaintiffs' local counsel that plaintiffs' *lead counsel*, F. Dean Armstrong, Esquire, was not personally present, but was "available by telephone." Notably, plaintiffs' lead counsel did not bother to seek the court's permission to be absent from the March 15, 2004, conference. Plaintiffs' lead counsel did not have the court's permission to absent himself from this hearing. And, plaintiffs' lead counsel did not have the court's permission to be "available by telephone." The same rationale for the court's compelling the attendance of *non-party* insurance adjusters obviously also required that plaintiffs' lead counsel be personally present, and not "available by telephone." Therefore, the settlement conference was terminated.

Counsel are free to move for attorney's fees and costs. See Fed. R. Civ. P. 37(a) and 28 U.S.C. § 1927 (counsel's personal liability for excessive costs). Such applications must be made within 30 days of this date. Such applications must be accompanied by an *affidavit* setting forth the dollar amount of costs incurred and, with regard to attorney's fees, the loadstar elements for each attorney. Within 21 days of the filing of each such application, plaintiffs may file appropriate papers challenging the fee award.

Another session will be calendared in the normal course of

business.

Dated at Hartford, Connecticut, this **15th** day of March, 2004.

                                              Thomas P. Smith
                                              United States Magistrate Judge