UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY; <br> D.A.N. JOINT VENTURE <br>     plaintiffs | NO.: 3:01cv531(AVC) |
| v. | |
| CHARLES A. FLANAGAN; LISA G. FLANAGAN; <br> MJCC CORP.; MJCC REALTY; SOCRATES T. BABACAS; <br> LEONARD A. FASANO; FASANO & IPPOLITO; <br> TODD R. BAINER; STANLEY F. PRYMAS; <br> THOMPSON & PECK; JOSEPH CAPORALE <br>     defendants. | MARCH 17, 2004 |

## MOTION TO QUASH

Pursuant to Fed.R.Civ.Pro. 45(c)(3)(A), the undersigned movant, Karen T. Gerber, Nuzzo & Roberts, L.L.C., hereby moves to quash the attached subpoena (Exhibit A) served Friday, March 12, 2004, on the grounds that the subpoena does not provide a reasonable time to comply, is overbroad, requires disclosure of privileged or otherwise protected matter, subjects the movant to undue burden and is otherwise improper.

The law firm of Nuzzo & Roberts, LL.C. was initially retained by Westport Insurance Company to represent the Estate of Attorney Robert Skelton in a matter brought in the United States District Court, District of Connecticut by Paul M. Gaide, No.:302cv392(SRU). That action has since been dismissed. Subsequently, the law firm of Nuzzo & Roberts, L.L.C. was retained by Westport Insurance Company to represent

the Estate of Attorney Robert Skelton in a state court action filed by Paul M. Gaide, which action is currently pending in the Judicial District of New Britain, docket number CV 03 0521353 S. At no time has the undersigned or the law firm of Nuzzo & Roberts represented Robert Skelton or his Estate in any other capacities, claims, matters or proceedings. At no time has the undersigned or the law firm of Nuzzo & Roberts represented any litigants to this action, including MJCC Corp. or MJCC Realty.

In connection with the representation of the Estate of Robert Skelton as described, the law firm of Nuzzo & Roberts received files of Robert Skelton relevant to the issues in the federal court and subsequent state court litigation. The files include documents relating to this action brought by The Cadle Company. A review of the PACER system reveals that, prior to his death, Robert Skelton represented the following defendants in this action: Socrates T. Babacas, Angela Cimino Burr, Joseph Caporale, Leonard A. Fasano, Fasano & Ippolito, Lisa G. Flanagan, MJCC Corp. and MJCC Realty.

Undersigned counsel has been contacted by Attorney Edward C. Taiman of Sabia & Hartley, who indicated that he represents D.A.N. Joint Venture and that D.A.N. had acquired MJCC Corp. and MJCC Realty. Attorney Taiman requested any documents from Attorney Skelton's files relating to the representation of MJCC Corp. and MJCC Realty. See letter of Attorney Taiman attached as Exhibit B. Counsel's response is attached as Exhibit C. Undersigned counsel is unaware whether Attorney Skelton ever represented

MJCC Corp. and MJCC Realty in any capacity other than as defendants in this action brought by The Cadle Company and D.A.N. Joint Venture.

Attorney Taiman has now served undersigned counsel with the subpoena attached as Exhibit A. The subpoena is overbroad in that it requests not only documents relating to MJCC, but also relating "in any way" to, apparently, every litigant in this action, as well as other individuals and addresses of which the movant has no knowledge. The request is not limited in time or scope.

Undersigned counsel was served with the subpoena on Friday March 12, 2004 and commanded to produce the documents by Friday, March 19, 2004, only 5 business days later. The movant has not been given a reasonable time to comply with the request. The subpoena further creates an undue burden on the movant in that counsel has over 3,000 documents which would need to be reviewed to determine if any comply with the request.

Moreover, because the request is not in any way limited in scope, the subpoena encompasses documents protected by the attorney client and work product privileges. Not only does the request include privileged and protected documents in Attorney Skelton's files, it includes privileged and protected documents in the files of Nuzzo & Roberts. Even documents which would have nothing to do with this litigation could be responsive to this request. Indeed, portions of undersigned counsel's own litigation file in connection with the Gaide case could be encompassed by this request.

The subpoena also seems to be a blatant attempt to obtain the strategy of the defendants in what appears to be hotly contested litigation. Attorney Skelton represented a number of defendants in the litigation. Certainly, at the least, the other defendants should have notice of this request and an opportunity to be heard.

As noted above, counsel has over 3,000 documents which would need to be reviewed in order to comply with any request. At this point, it is unclear if any of the documentation would relate directly to Attorney Skelton's representation of MJCC. A cursory review of the documents reveals that the vast majority are court filings and transcripts. However, sorting out Attorney Skelton's representation of MJCC separate from his representation of other defendants in this action may be an impossible task.

Finally, undersigned counsel has possession of these documents for the sole purpose of representing Attorney Skelton's Estate in litigation brought by Paul M. Gaide. The undersigned does not know whether a trustee was ever appointed for Attorney Skelton's files or who would have official custody of them. Undersigned counsel does not believe she has the authority to turn over any of Attorney Skelton's files except in response to discovery requests in the Gaide litigation.

WHEREFORE, the movant requests that the subpoena be quashed and that no documents be ordered produced to Edward C. Taiman and/or Sabia & Hartley.

>THE MOVANT
>KAREN T. GERBER, NUZZO & ROBERTS, L.L.C.
>
>
>By_____
>  Karen T. Gerber
>  Federal Bar No: ct 13317
>  NUZZO & ROBERTS, L.L.C.
>  One Town Center
>  P.O. Box 747
>  Cheshire, Connecticut 06410
>  (203) 250-2000
>  kgerber@nuzzo-roberts.com

      This is to certify that on March 17, 2004, a true copy of the foregoing Motion to Quash was mailed via first class postage prepaid mail to:

Michael G. Albano, Esq.
Sabia & Hartley
190 Trumbull Street, Suite 202
Hartford, CT  06103-2205

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Floosmoor, IL  60422

Todd R. Bainer, Esq.
Cooney & Bainer
71 Cedar Street
Branford, CT  06405

Mary Anne Charron, Esq.
Gordon Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, CT  06106-1976

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT  06443

Barbara Cox, Esq.
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Gerald R. Sqirsky, Esq.
Gordon Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, CT  06106-1976

William G. Gallagher, Esq.
Gallagher & Calistro
P.O. Box 1925
New Haven, CT  06509

David G. Hill, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT  06510-2026

Peter C. Schwartz, Esq.
Gordon Muir & Foley
Hartford Square North
10 Columbus Boulevard
Hartford, CT  06106-1976

Douglas. S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT  06510-2026

June M. Sullivan, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06106

Edward C. Taiman, Jr., Esq.  
Sabia & Hartley  
190 Trumbull Street, Suite 202  
Hartford, CT  06103-2205  

US Trustee  
US Trustee Office  
265 Church Street, Suite 1103  
New Haven, CT  06510-7016  

R. Bradley Wolfe, Esq.  
Gordon Muir & Foley  
Hartford Square North  
10 Columbus Boulevard  
Hartford, CT  06106-1976  

_____  
Karen T. Gerber  
Federal Bar No: ct 13317  
NUZZO & ROBERTS, L.L.C.  
One Town Center  
P.O. Box 747  
Cheshire, Connecticut 06410  
(203) 250-2000  
kgerber@nuzzo-roberts.com