FILED

2004 MAR 19 P 4: 04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
| Defendants. | : | MARCH 19, 2004 |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF MARCH 15, 2004 ORDER BY MAGISTRATE JUDGE SMITH

Plaintiffs The Cadle Company and D.A.N. Joint Venture, a Limited Partnership ("Plaintiffs") hereby move for an order reconsidering Magistrate Judge Smith's March 15, 2004 Memorandum And Order ("Memorandum") on the basis that its factual underpinnings were incorrect, and to sanction Plaintiffs under these circumstances would not only be inequitable and unjust, but would also violate Plaintiffs' right to due process under the United States Constitution.

I.   **Facts**

On or about April 4, 2001 Plaintiffs filed with the Court their RICO complaint against the Defendants herein seeking damages on the basis that the Defendants had either independently or collectively conspired with Defendant Charles A. Flanagan ("Flanagan") to defraud Plaintiffs by preventing them from exercising their legal rights to collect on various judgments Plaintiffs owned against Flanagan. On February 2, 2004 Plaintiffs' bankruptcy adversary proceeding against Flanagan for denial of a bankruptcy discharge was transferred to

this Court and later <u>consolidated</u> with this RICO action.

By order dated January 26, 2004 (the "Order") the parties were instructed by Magistrate Judge Smith to attend a settlement conference as follows:

> A settlement conference shall be held before the undersigned on March 15, 2004, at 10:00 a.m. The parties shall submit ex parte statements to the chambers of Judge Smith, Room 258, not to exceed four pages, briefly setting forth their settlement positions no later than March 11, 2004. Facsimiles will not be accepted.
>
> Counsel shall be accompanied by the appropriate persons with authority to settle. See <u>Nick v. Morgan's Foods, Inc.</u> (citations omitted)
> (Smith, J.)

Plaintiffs timely submitted their ex parte settlement statement to Magistrate Judge Smith in accordance with the Order. The settlement statement was signed by Attorney Edward C. Taiman, Jr. ("Attorney Taiman") because he was instructed by Plaintiffs to attend on their behalf.

On March 15, 2004 Attorney Taiman attended the settlement conference with Plaintiffs' representative, Tim Dugic. Mr. Dugic had full authority to settle this matter. Notably absent from the settlement conference were the following counsel and parties: (1) Todd R. Bainer, defendant and co-counsel to Todd R. Bainer, LLC; (2) Attorney Bradley K. Cooney, co-counsel to Thompson & Peck, Inc.; (3) Attorney June Sullivan, co-counsel to Leonard Fasano and Fasano & Ippolito, LLC; (4) Attorney James Lenes, co-counsel to Charles A. Flanagan; (5) Attorney William F. Gallagher, co-counsel to Thompson & Peck, Inc., Stanley F. Prymas, Todd

2

R. Bainer, and Todd R. Bainer, LLC; (6) Attorney Peter C. Schwartz, co-counsel to Todd R. Bainer; (7) Attorney Gerald R. Swirsky, co-counsel to Todd R. Bainer and Todd R. Bainer, LLC; and (8) party defendant Leonard Fasano.

At the settlement conference, Attorney Taiman introduced himself as counsel for Plaintiffs and informed Magistrate Judge Smith that he would be handling the settlement conference that day on behalf of Plaintiffs. The Court made inquiry as to the whereabouts of Attorney F. Dean Armstrong ("Attorney Armstrong") and Attorney Taiman responded by indicating that he would not be present that day. As an afterthought, Attorney Taiman informed the Court that Attorney Armstrong was available by phone, if need be. Without allowing any time for explanation, and without consulting with the attorneys in attendance, Magistrate Judge Smith immediately informed all counsel present that the settlement conference was terminated and advised defendants' counsel to file for sanctions. The Court then paused, and asked Defendants' counsel what their thoughts were on this matter. Attorney Barbara Cox informed the Court they had sought permission for Stanley F. Prymas to be available by telephone but were refused. Magistrate Judge Smith then terminated the settlement conference on the basis that Plaintiffs' lead counsel, Attorney Armstrong, was not present and for a second time advised defendants' counsel to file for sanctions. There was no opportunity for further discussion. Counsel then exited from Magistrate Judge Smith's chambers.

3

Although Magistrate Judge Smith did not allow any explanations at the settlement conference, it should be noted that Plaintiffs' chosen counsel had full knowledge of the facts and circumstances that gave rise to Plaintiffs' RICO lawsuit <u>and</u> the consolidated bankruptcy adversary proceeding.  Attorney Taiman was retained by Plaintiffs some time in late May or early June, 1999 for purposes of representing The Cadle Company in Flanagan's bankruptcy proceedings, including the defense of an adversary proceeding brought by Flanagan to recover an alleged preferential transfer.  Attorney Taiman has extensive knowledge and experience in bankruptcy law, the defense and prosecution of fraudulent conveyances and preferential transfers, and commercial litigation in general.  From the moment Attorney Taiman first filed his appearance with the Bankruptcy Court on or about June 16, 1999 until the present, he and the law firm of Sabia & Hartley, LLC billed Plaintiffs over $386,550.00 for services rendered in connection with Defendant Flanagan's bankruptcy proceedings.  Attorney Taiman and the law firm of Sabia & Hartley, LLC have also billed Plaintiffs in excess of $48,672.00 for services rendered in connection with the RICO action.  Attorney Taiman had substantial involvement in the prosecution of the RICO case and the consolidated bankruptcy adversary proceeding.  Further, prior to the March 15, 2004 settlement conference, Attorney Taiman spent approximately 6 hours of his time preparing for the conference, including reviewing deposition transcripts, the pleadings, and various rulings from the Court, as well as discussing the matter with Tim Dugic.  (<u>See</u> attached Affidavit of Edward C. Taiman, Jr.)

4

## II. Legal Argument

### A. Plaintiffs Fully Complied With This Court's Order Of January 26, 2004.

The terms of the Order sent to counsel were plain and simple: file a settlement statement with the Court on or before March 11, 2004 and attend the conference "accompanied by the appropriate persons with authority to settle." There is no question that Plaintiffs complied with the first part of the Court's directive. That is, Plaintiffs did submit to Magistrate Judge Smith's chambers the settlement statement.

Plaintiffs believe Magistrate Judge Smith erred in his March 15, 2004 Memorandum when he ruled that Attorney Armstrong should have first sought permission from the Court to be absent from the hearing. Plaintiffs' chosen counsel for the settlement conference was Attorney Taiman, not Attorney Armstrong. Nothing in the Order can be construed as giving notice to Plaintiffs that *all* appearing counsel must attend. Indeed, most of the listed counsel for defendants did not attend. It would be patently unfair to impose sanctions under these circumstances where it appears that Plaintiffs complied with Magistrate Judge Smith's Order.

Nor was Attorney Taiman unprepared or unqualified to attend the settlement conference on Plaintiffs' behalf. Attorney Taiman and the law firm of Sabia & Hartley, LLC were actively involved in both the bankruptcy and RICO litigation. In fact, from a perspective of time spent, Attorney Taiman has had *more* involvement with the facts and circumstances giving rise to the RICO case and the consolidated bankruptcy adversary proceeding than Attorney Armstrong.

5

Nor should Plaintiffs be required to pay sanctions to other parties when they themselves arguably were not in compliance with the Order. Neither Defendants Todd Bainer nor Leonard Fasano attended the settlement conference. It has been represented to Plaintiffs' counsel (Attorney Taiman) by Attorney Mary Anne Charron, counsel to Todd Bainer and Todd Bainer, LLC, that Mr. Bainer was running late on his way to the settlement conference. However, the fact remains that the conference was scheduled to commence at 10:00 a.m., and as of 10:00 a.m. he had not appeared. Attorney David Hill has represented that Leonard Fasano was excused by the Court.

Further, numerous other counsel of record were not present at the settlement conference, yet Plaintiffs were the only ones sanctioned by Magistrate Judge Smith. No one, however, should have been sanctioned; Magistrate Judge Smith should have proceeded with the settlement conference.

Regardless, Plaintiffs did attend. Attorney Taiman was ready, willing and able to fully discuss all aspects of the case with a fully authorized representative of Plaintiffs at the settlement conference. Attorney Taiman was ready, willing and able to fully engage in good faith negotiations with the goal of settling the case. What Attorney Taiman meant by Attorney Armstrong being available by phone was not that Attorney Armstrong planned on participating in the settlement conference over the phone, but rather, in the unlikely event that there was some aspect of the case that he needed to consult with Attorney Armstrong on, Attorney

6

Armstrong would be available to Attorney Taiman by telephone should Attorney Taiman need to call him on that issue. (See, Attoreney Taiman Affidavit.)

The case of Nick v. Morgan's Foods, Inc., 99 F.Supp. 2d 1056 (2000), cited by the Court in its Order does not stand for the proposition that all counsel of record, or lead counsel and local counsel of record, must attend the settlement conference or they will be subject to sanctions. Rather, that case holds that good faith participation requires compliance with the order referring the matter to alternative dispute resolution. As in the instant case, the Nick v. Morgan's Foods, Inc. order required the parties to submit a settlement memorandum and provide a representative with authority to settle the case. Here, Plaintiffs did that. Plaintiffs submitted their settlement statement and their counsel attended with an account officer who had settlement authority. Plaintiffs violated neither the spirit nor the literal terms of the Order.

Nor are Plaintiffs arguing that the Court should also sanction other defendants or their counsel because they did not appear; rather, Plaintiffs are requesting this Court reconsider its Memorandum because the Order did not put Plaintiffs or anyone else on notice that lead trial counsel was required to attend the conference. Plaintiffs' due process rights would be violated should the Court not reconsider and then set aside its Memorandum.

In Satcorp International Group v. China National Silk Import and Export Corporation, 101 F.3d 3 (2nd Cir. 1996), the Second Circuit reviewed the circumstances under which an attorney could be sanctioned for alleged discovery abuses. In Satcorp, the trial court judge had

7

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

ordered, *sua sponte*, that sanctions be imposed against the attorney and he appealed on the basis that his due process rights were violated because he had no prior notice or opportunity to be heard before the sanctions were levied. The Second Circuit agreed and reversed the lower court's decision. "At the least, due process requires . . . that the delinquent party be provided with notice of possibility that sanctions will be imposed and with the opportunity to present evidence or arguments against their imposition." Satcorp at 6 (citations and internal quotations omitted). Pivotal in the Second Circuit's decision was the fact that the attorney sanctioned by the trial court was only given notice that his conduct during discovery might lead to the striking of his client's jurisdictional defense. He was given no indication that he might be fined or found in contempt. Satcorp at id.

In the instant case, Plaintiffs were given no notice that Attorney Armstrong was required to be present. The Order only stated that "Counsel shall be accompanied by the appropriate persons with authority to settle." Plaintiffs fully complied with this Order. Plaintiffs had no knowledge or notice that appearing as they did - - with Attorney Taiman fully knowledgeable of the relevant facts and the applicable law - - would violate the Court's Order. Plaintiffs had no intention of having Attorney Armstrong participate by telephone. At no time did the Court recognize that defendants Todd Bainer, Todd Bainer, LLC, Leonard Fasano, Fasano & Ippolito, LLC or other defense counsel were not present and at no time did the Court advise Plaintiffs that they could seek sanctions against non appearing defendants and non appearing counsel.

8

The time, effort and resources of the parties and the Court should be spent on settling this case, not litigating the side issue of the lack of constitutionally required notice before the imposition of sanctions.

Plaintiffs respectfully request that this Court reconsider its Memorandum dated March 15, 2004, and for such other and further relief as to equity pertains.

        THE CADLE COMPANY AND
        D.A.N. JOINT VENTURE, L.P.

        By: _____
        Edward C. Taiman, Jr.
        Sabia & Hartley, LLC
        190 Trumbull Street, Suite 202
        Hartford, CT 06103
        (860) 541-2077
        Fed. Bar No. ct01319

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 19th day of March, 2004, to the following:

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson & Peck, Inc.)

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th floor
New Haven, CT 06510
(counsel for Charles A. Flanagan)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano and Fasano & Ippolito, LLC)

Mary Anne A. Charron
Gerald R. Swirsky
Peter C. Schwartz
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405

By: _____
Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077
Fed. Bar No. ct01319

E:\WPDOCS\CADLE\Flanagan\RICO\MtReconsideration.wpd

10