FILED

2004 MAR 19 P 4: 04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs, | : <br>: <br>: | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| vs. | : <br>: | |
| CHARLES A. FLANAGAN, ET AL<br>Defendants. | : <br>: | MARCH 19, 2004 |

### AFFIDAVIT OF EDWARD C. TAIMAN, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF MARCH 15, 2004 ORDER BY MAGISTRATE JUDGE SMITH

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am counsel to the Plaintiffs, The Cadle Company and D.A.N. Joint Venture, a Limited Partnership, in connection with the above referenced matter and as such I am familiar with the facts and circumstances described herein and with Plaintiffs' Motion for Reconsideration of March 15, 2004 Order by Magistrate Judge Smith.

3. On or about June 16, 1999, I filed my appearance with the Bankruptcy Court in connection with the Chapter 11 bankruptcy proceedings of Charles A. Flanagan. From on or about June 16, 1999 until the present, the law firm of Sabia & Hartley, LLC at which I am a partner has billed the Plaintiffs over $386,550.00 for services rendered in connection with those bankruptcy proceedings. We have also billed Plaintiffs in excess of $48,672.00 for services rendered in connection with the instant RICO action.

4.  Prior to the March 15, 2004 settlement conference, I was instructed by my clients to attend the Settlement Conference on their behalf along with their designated representative, Tim Dugic. At no time was it contemplated that Attorney F. Dean Armstrong would be participating by telephone.

5.  Prior to attending the March 15, 2004 settlement conference, I spent approximately 6 hours of preparation time in connection with the settlement conference, including reviewing deposition transcriptions, pleadings and various rulings from the court, as well as discussing this matter with Tim Dugic.

6.  On March 15, 2004 I attended the settlement conference with Plaintiffs' representative, Tim Dugic. Mr. Dugic had full authority to settle this matter. Notably absent from the settlement conference were the following counsel and parties: (1) Todd R. Bainer, defendant and co-counsel to Todd R. Bainer, LLC; (2) Attorney Bradley K. Cooney, co-counsel to Thompson & Peck, Inc.; (3) Attorney June Sullivan, co-counsel to Leonard Fasano and Fasano & Ippolito, LLC; (4) Attorney James Lenes, co-counsel to Charles A. Flanagan; (5) Attorney William F. Gallagher, co-counsel to Thompson & Peck, Inc., Stanley F. Prymas, Todd R. Bainer, and Todd R. Bainer, LLC; (6) Attorney Peter C. Schwartz, co-counsel to Todd R. Bainer; (7) Attorney Gerald R. Swirsky, co-counsel to Todd R. Bainer and Todd R. Bainer, LLC; and (8) party defendant Leonard Fasano.

7.      At the settlement conference, I introduced myself as counsel for Plaintiffs and informed Magistrate Judge Smith that I would be handling the settlement conference that day on behalf of Plaintiffs. The Court made inquiry as to the whereabouts of Attorney F. Dean Armstrong ("Attorney Armstrong") and I responded by indicating that Attorney Armstrong would not be present that day. As an afterthought, I informed the Court that Attorney Armstrong was available by phone, if need be. Without allowing any time for explanation, and without consulting with the attorneys in attendance, Magistrate Judge Smith immediately informed all counsel present that the settlement conference was terminated and advised defendants' counsel to file for sanctions. The Court then paused, and asked Defendants' counsel what their thoughts were on this matter. Attorney Barbara Cox informed the Court they had sought permission for Stanley F. Prymas to be available by telephone but were refused. Magistrate Judge Smith then terminated the settlement conference on the basis that Plaintiffs' lead counsel, Attorney Armstrong, was not present and for a second time advised defendants' counsel to file for sanctions. There was no opportunity for further discussion. Counsel then exited from Magistrate Judge Smith's chambers.

8.      I was ready, willing and able to fully discuss all aspects of the case with a fully authorized representative of Plaintiffs at the settlement conference. I was ready, willing and able to fully engage in good faith negotiations with the goal of settling the case. What I meant by Attorney Armstrong being available by phone was not that Attorney Armstrong planned on participating in the settlement conference over the phone, but rather, in the unlikely event that

there was some aspect of the case that I needed to consult with Attorney Armstrong on, Attorney Armstrong would be available to me by telephone should I need to call him on that issue.

9. I also carefully reviewed this court's January 26, 2004 Order and case law cited therein. Based upon my review, I contacted Tim Dugic and informed him that he had to attend the Settlement Conference with full settlement authority. Nothing in the January 26, 2004 Order put me on notice that all counsel appearing on behalf of the Plaintiffs, including F. Dean Armstrong, were required to attend the settlement conference.

10. I hereby swear that the foregoing is true and correct.

Dated: 3/19/04

Edward C. Taiman, Jr.

Subscribed and sworn to before me this 19th day of March, 2004

Tina M. Del Greco
Notary Public
My Commission Expires: 9/30/08