UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL, | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:01- CV-531 (AVC) |
| | : | |
| V. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL. | : | |
| Defendants. | : | MARCH 16, 2004 |

## REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL

The defendants, Leonard A. Fasano and Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.) (collectively "Fasano"), hereby respond to Plaintiffs' Response to Motion to Compel Compliance with the Court's Standing Order, or in the Alternative, Motion to Preclude (hereinafter "Motion to Compel"). At the outset, the court should note that defendants' Motion to Compel addressed two portions of plaintiff's compliance – first, the sufficiency of plaintiff's RICO Case Statement; and second, the sufficiency of plaintiff's responses to two specific interrogatories. Plaintiff's Response, however, did not address the latter point; it only addressed the sufficiency of its RICO Case Statement. Therefore, as a procedural matter, that portion of defendants' Motion to Compel that addresses the sufficiency of plaintiff's discovery compliance should be granted without objection.

The remaining portion – that involving the sufficiency of plaintiff's RICO Case Statement – should also be granted, albeit for two other reasons. First, Plaintiff's RICO

10361.0088

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Case Statement fails to provide any specifics regarding: 1) the pattern of racketeering activity; 2) Fasano's specific conduct that allegedly constitutes RICO activity; and 3) any specific predicate acts committed by Attorney Fasano. Instead, plaintiffs offer nothing but general inferences without stating in any detail the underlying basis for those inferences. The Court's Standing RICO Order requires much more than broad, conclusory statements provided by the plaintiffs. As a result, plaintiffs did not comply with the Court's Standing Order and, in all fairness, must be precluded from doing so at this time to avoid any further prejudice.

Plaintiff's Response to defendants' Motion claims that the allegations in the Complaint are sufficient under the law. While it is true that the Court denied Fasano's Motion to Dismiss, the Court clearly used the standard for a motion to dismiss, as opposed to its requirements under its Standing RICO Order.

In considering a Rule 12(b)(6) motion to dismiss, the Court is required to accept as true all well-pleaded facts in the Complaint and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974); Easton v. Sundram, 947 F.2d, 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911, 112 S. Ct. 1943 (1992). "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Andrews v. Ohio, 104 F.3d 803, 806 (6th Cir. 1997). Under the Federal Rules of Civil Procedure, the complaint must "contain . . . (2) a short and plain statement of the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

claim showing that the pleader is entitled to relief . . . ." Fed. R. of Civ. P. 8(a)(2). General allegations may survive a motion to dismiss because the court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff.  KForce, Inc. v. Alden Personnel, Inc., 288 F. Supp. 2d 513, 515 (S.D.N.Y. 2003).

For the most part, RICO conspiracy claims in a complaint have not been held to the higher standard of specificity, such as those required by the Court's Standing RICO Order.  Majchrowski v. Norwest Mortgage, Inc., 6 F. Supp. 2d 946, 952-53 (N.D.Ill. 1998) (for the purposes of determining a motion to dismiss, only when the predicate acts on which the RICO claim is based sound in fraud must the plaintiff meet the more exacting standards of pleading under Federal Rules of Civil Procedure 9(b) – and even then 9(b) applies to only to the pleading particulars of those fraudulent acts.  In Re: Sumitomo Copper Litigation, 995 F. Supp. 451, 454 (S.D.N.Y. March 11, 1998) (for the purposes of a motion to dismiss, allegations of the existence of a RICO enterprise must meet only the "notice pleading" requirements of Federal Rules of Civil Procedure 8); Planned Parenthood of Columbia/Williamette, Inc. v. American Coalition of Life Activists, 945 F. Supp. 1355, 1379-80 (D. Ore. 1996), (for the purposes of determining a motion to dismiss where alleged RICO predicate acts do not involve fraud, general rules of pleading apply.)  Therefore, the court's ruling on a prior Motion to Dismiss is not at all dispositive, as it used a much different (i.e. broader) standard, and it liberally accepted

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the truthfulness of the conclusory allegations. Furthermore, plaintiffs suggest that the denial of a Motion to Dismiss, in and of itself, warrants denying defendants' Motion to Compel. Respectfully, plaintiffs have misinterpreted the motion. The Court's Standing Order requires plaintiff to state with specificity <u>each</u> <u>and</u> <u>every</u> predicate act allegedly committed by defendants. In response, plaintiff cites the courts decision that simply found the possibility of three predicate acts (again, if we take all well-pleaded facts as true). The Court never ruled on the sufficiency of those facts, nor did it rule as to whether plaintiff had stated each and every predicate act. It simply ruled that the allegations alone suggest three predicate acts that are enough to defeat a 12(b)(6) motion. To use that decision as the basis for arguing compliance with the Court's Standing Order, an order which again requires each and every predicate act, is somewhat disingenuous.

"The standing order calls for information far in excess of the essential elements of a RICO claim." <u>Commercial Cleaning Services v. Collin Service Systems</u>, 271 F.3d 374 (2d Cir. 2001). In deciding this Motion to Compel, the Court does not rely on the liberal pleading standard of Federal Rules of Civil Procedure 8. Although the plaintiffs' claims survived the Motion to Dismiss, they cannot survive the heightened requirement under the Court's Standing RICO Order for detailed descriptions, specificity and particularity. The Court must use the heightened requirement contained in the Court's Standing RICO Order. In <u>Commercial</u>, the Appellate Court criticized the District Court

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

for not allowing the plaintiff an opportunity to conduct discovery so as to fill in the deficiencies in the plaintiff's claims. <u>Commercial</u>, 271 F.3d at 386. In the present case, there was a reasonable opportunity for further investigation and discovery prior to this current motion. Discovery has not revealed any additional information pertaining to plaintiffs' RICO claims against Fasano. Plaintiffs' RICO Case Statement is insufficient because it contains conclusory statements without any basis for support.

 Additionally, and/or alternatively, plaintiffs should be compelled to sufficiently respond to Fasano's Interrogatories and Requests for Production regarding predicate acts. Plaintiffs' responses to Fasano's Interrogatories and Requests for Production simply incorporated the allegations in the Second Amended Complaint. Such a vague response, in addition to the insufficient RICO Case Statement, is not proper. As a result, if the Court is not inclined to preclude evidence of RICO acts, it must compel full and fair disclosure of those acts, both in plaintiffs' RICO Case Statement, as well as their discovery compliance. Since trial is merely two months away, the Court should preclude any evidence at trial regarding additional information of predicate acts. If the Court is not inclined to preclude it, the Court should compel plaintiffs to immediately supplement their Case Statement and their discovery compliance.

 WHEREFORE, for the foregoing reasons the undersigned defendants respectfully request the Court grant their Motion to Compel and/or Motion to Preclude as a result of plaintiffs' failure to comply with the Court's Standing Order and failure to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

remedy their noncompliance through written discovery or through Fasano's attempts to resolve this issue amicably. Defendants Fasano also seek attorney's fees, costs and such other relief that the Court may deem proper in connection with the instant motion.

> RESPECTFULLY SUBMITTED,
> DEFENDANTS LEONARD A. FASANO
> and FASANO, IPPOLITO & LEE, LLC
>
> By: _____
>   David G. Hill
>   Federal Bar No.: ct 13435
>   June M. Sullivan
>   Federal Bar No.: ct24462
>   HALLORAN & SAGE LLP
>   One Goodwin Square
>   225 Asylum Street
>   Hartford, Connecticut 06103
>   (860) 522-6103

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 16th day of March 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT  06103-2205

&

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL  60422
**For Plaintiffs The Cadle Company &**
**D.A.N. Joint Venture, A Limited Partnership**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
&
Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT  06405
**For Defendant Todd R. Bainer**

US Trustee
U.S. Trustee Office
265 Church Street, Suite 1103
New Haven, CT 06510-7016

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT  06509-1925
**For Defendant Stanley Prymas**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT  06510-2026
**For Defendant Charles A. Flanagan**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT  06443
**For Defendant Thompson & Peck, Inc.**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &**
**Associates, LLC**

_____
David G. Hill

526287_1.doc

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

526287.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105