## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A . FLANAGAN, ET AL | : | |
|     Defendants. | : | MARCH 25, 2004 |

## OBJECTION TO MOTION TO QUASH

The Plaintiffs, The Cadle Company ("Cadle") and D.A.N. Joint Venture, a Limited

Partnership ("DAN") (collectively "Plaintiffs"), hereby object to the Motion to Quash dated

March 17, 2004, filed by Karen T. Gerber of the law firm of Nuzzo & Roberts, LLC

(collectively "Attorney Gerber"). In support thereof, Plaintiffs state as follows.

### I.      Relevant Facts

On February 24, 2004, Plaintiffs' counsel attended a hearing at the Probate Court in

Middletown, Connecticut in connection with the Estate of Robert Skelton, former counsel

herein to MJCC Corporation, MJCC Realty Limited Partnership, Socrates T. Babacus, Lisa G.

Flanagan, Leonard A. Fasano, and Fasano & Ippolito, LLC. At the probate hearing, Plaintiffs'

counsel had a discussion with the decedent's brother, James Skelton, Jr. During the course of

that discussion Plaintiffs learned for the first time that Attorney Karen Gerber was in possession

of all or substantially all of Robert Skelton's old files. Plaintiffs learned that she had been retained to represent the estate of Robert Skelton in a third party lawsuit.

Previous to this, Plaintiffs had brought the instant RICO action and had named as defendants, inter alia, MJCC Corporation, MJCC Realty Limited Partnership (collectively "MJCC") and Angela Cimino Burr. During the course of these RICO proceedings Plaintiffs reached a settlement with Angela Cimino Burr which resulted in her assignment of all her rights and interests in MJCC to DAN. Also, as part of the settlement between the parties, Angela Cimino Burr executed a letter dated January 21, 2003, to all counsel that might arguably have represented Ms. Burr or MJCC demanding that they turn over to DAN their files. Copies of Ms. Burr's assignments to DAN and her correspondence to counsel are attached hereto.

With the understanding that Attorney Gerber might be in possession of documents relating to Robert Skelton's representation of MJCC, Plaintiffs' counsel corresponded with Attorney Gerber and provided her with copies of the various assignments discussed above. At that time, DAN only requested possession of documents which related to MJCC. DAN's letter to Attorney Gerber requesting this information is attached to the Motion to Quash as Exhibit B. Attorney Gerber's response, attached to the Motion to Quash as Exhibit C, stated that "I will need further verification that I am authorized to release any documentation. Perhaps a court order will be necessary." Because DAN had already provided Attorney Gerber with all

documents in its possession that would justify their underlying request, Plaintiffs decided that in fact a court order would be appropriate.  Plaintiffs opted for a Subpoena Duces Tecum (the "Subpoena").

Realizing that Attorney Gerber may have documents relevant to the pending RICO litigation, Plaintiffs decided to expand the original request so that anything arguably relevant to this RICO case would be covered by the Subpoena.  Mindful of various privacy concerns, Plaintiffs made certain that a copy of its correspondence to the state marshal serving the subpoena on Attorney Gerber was copied to all counsel of record and Bonnie Mangan, Trustee of the chapter 7 bankruptcy estate of Charles A. Flanagan.  Trustee Mangan was provided with a copy of the letter and subpoena because she was the holder of Flanagan's attorney client privilege with respect to those matters that arose on or before the date of her appointment. Plaintiffs wanted to make certain that all persons who might some how be affected by the Subpoena were given an opportunity to object.  Other than Attorney Gerber, no one did object.

**A.     A Simple Telephone Call To Plaintiffs' Counsel Could Have Obviated The Need For The Motion To Quash.**

Rule 34 of the Federal Rules of Civil Procedure permits a party to serve on any other party a request that they produce and permit the requesting party to inspect and copy documents which are in the possession, custody or control of the party upon whom the request is served.

Subsection (c) of Rule 34 states as follows: "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45."

Attorney Gerber's basis for the proposed quashing of the Subpoena is that it "does not provide a reasonable time to comply, is over broad, requires disclosure of privileged or otherwise protected matter, subjects the movant to undue burden and is otherwise improper."

It is Plaintiffs' position that all of Attorney Gerber's concerns could have been resolved with a simple telephone call to Plaintiffs' counsel as contemplated by Rule 37(a)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut. Said rule states in part that:

> No motion pursuant to Rules 26 through37, Fed.R.Civ.P., shall
> be filed unless counsel making the motion has conferred with
> opposing counsel and discussed the discovery issues between
> them in detail in a good faith effort to eliminate or reduce the area
> of controversy, and to arrive at a mutually satisfactory resolution.

Had Movant made such a telephone call to discuss this matter, it is very likely all of her concerns would have been resolved without the need for court intervention.

**As To Movant's Claims That The Subpoena Does Not Provide A Reasonable Time to Comply.**

Plaintiffs and their counsel have always made every effort to be reasonable and sensitive to the needs of third parties. At the time Plaintiffs issued the Subpoena for service, they had absolutely no idea how many documents were in possession of the Movant. A simple call to

Plaintiffs' counsel would have resolved this issue. Plaintiffs are more than willing to permit the Movant an additional 30 days, or longer, within which to produce the requested information.

>   **As To Movant's Claim That The Subpoena Is Over Broad.**

Plaintiffs are only interested in reviewing documents which are in some way relevant to the instant litigation. Plaintiffs have no need or desire to look at copies of pleadings from the Gaide case (as defined in the Motion to Quash). The reason why the request was not limited in time or scope as suggested by Attorney Gerber is because this is a RICO case and involves allegations of wrongful activity by a number of different defendants herein beginning in the late 1990s up through the date this action was commenced in April, 2000. Once again, a simple telephone call to Plaintiffs' counsel could have resolved this issue.

>   **As To Movant's Claim That The Subpoena Requires Disclosure Of Privileged Or Otherwise Protected Matter.**

Plaintiffs have no desire to invade the attorney client privilege between Attorney Gerber and her client. Generally, that fact is a "given." That is, it is the general practice of most litigants to serve and respond to discovery with the understanding that the documents being requested do not seek to invade either the attorney client or some other relevant privilege. This case should be no different. Plaintiffs' seek Attorney Gerber to produce all documents as set forth on the Schedule A to the Subpoena, with the exception of those documents protected by

the attorney client privilege.  A ten minute call to Plaintiffs' counsel would have likely led to

her production of the relevant documents, *sans* privileged matters.[1]

### As To Movant's Claim That The Subpoena Subjects Them To An Undue Burden And Is Otherwise Improper.

The Subpoena requires the production of documents, and no testimony.  As with many

other subpoenas issued in this case, all Attorney Gerber had to do was to call Plaintiffs' counsel

and all issues pertaining to the timing and the cost of complying with the Subpoena could have

been resolved.  In fact, after receiving the Motion to Quash, Plaintiffs' counsel called Attorney

Gerber and left a detailed message attempting to resolve this matter.  Attorney Gerber has never

returned the call.  It is true that Plaintiffs' subpoenaed Attorney Gerber to appear at the law

offices of Sabia & Hartley, LLC on March 19, 2004, but Plaintiffs are flexible.  Because she is

in possession of over 3,000 pages of relevant documentation (the equivalent of a few

expandable folders), arrangements could have been made for her to produce the documents at

her own office on a date and time that is convenient to her.  Plaintiffs would have endeavored to

be as accommodating as possible by having the contents of the relevant documents copied at

Plaintiffs' expense.  This offer still stands.

Plaintiffs request that the Motion to Quash be denied.  Plaintiffs do not seek documents

protected by the attorney client privilege or copies of pleadings already on file and a matter of

---

[1]    And *sans* the many hours Attorney Gerber, Plaintiffs' counsel, and this Court must now spend on
this issue.

public record.  Rather, Plaintiffs seek copies of all documents which may in any way be

relevant to the instant case.  Plaintiffs' Subpoena was drafted with that objective in mind.

Plaintiffs provided all counsel of record and Charles A. Flanagan's chapter 7 bankruptcy trustee

with notice of their intentions.  No one else has filed an objection.  In fact, any documents that

are relevant will, by virtue of prior discovery between Plaintiffs and Defendants herein, be

produced and made available to all parties of record.  Plaintiffs have no hidden agenda; their

cards are on the table.  The Motion to Quash should be denied and Attorney Gerber should be

required to comply with the Local Rules by picking the telephone and making an effort to

communicate directly with Plaintiffs' counsel to resolve these issues.

THE CADLE COMPANY AND
D.A.N. JOINT VENTURE, L.P.


By:_____
     Edward C. Taiman, Jr.
     Sabia & Hartley, LLC
     190 Trumbull Street, Suite 202
     Hartford, CT 06103
     (860) 541-2077
     Fed. Bar No. ct01319

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 25th day of March, 2004, to the following:

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson
& Peck, Inc.)

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th floor
New Haven, CT 06510
(counsel for Charles A. Flanagan)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano and
Fasano & Ippolito, LLC)

Paul M. Gaide, Esq.
Paul M. Gaide, L.L.C.
713 Lovely Street
Avon, CT 06001

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
Peter C. Schwartz, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405

Bonnie C. Mangan, Trustee
1050 Sullivan Avenue, #A3
South Windsor, CT 06074-2000
(Trustee for Charles A. Flanagan's chapter 7
estate)

Karen T. Gerber, Esq.
Nuzzo & Roberts LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410-0747

By:_____
     Edward C. Taiman, Jr.
     Sabia & Hartley, LLC
     190 Trumbull Street, Suite 202
     Hartford, CT 06103
     (860) 541-2077
     Fed. Bar No. ct01319