UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION<br>NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | MARCH 26, 2004 |

**DEFENDANTS' MOTION TO COMPEL COMPLIANCE
WITH THE COURT'S STANDING ORDER AND DISCOVERY REQUESTS
OR, IN THE ALTERNATIVE, MOTION TO PRECLUDE**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Rule 37(a) of the Local Civil Rules of the District Court of Connecticut, and the Court's Standing Order in Civil RICO Cases (the Court's "Standing Order"), Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P") hereby move for an order compelling plaintiffs to supplement their RICO Case Statement, dated April 23, 2001, to comply with the Court's Standing RICO Order and to answer Prymas and T&P's interrogatories 6 and 7, requesting identification of the specific RICO predicate acts that plaintiffs claim Prymas and T&P committed. In the alternative, defendants move for an order precluding the introduction of any evidence related to alleged predicate acts of Prymas and T&P regarding racketeering activity due to plaintiffs' failure to comply with the Court's Standing RICO Order and defendants' discovery requests.

In support of their motion, Prymas and T&P submit that plaintiffs have failed to comply with §§ 2, 5(a), 5(b), 5(c), 5(f), 12, 13, and 14 of the Court's Standing RICO Order and have failed to properly respond to their Interrogatories

and Production Requests. Specifically, plaintiffs have failed to set forth: (1) the identity of each defendant and the basis of liability as to each such defendant (Standing Order § 2); (2) any alleged predicate acts and the specific statute that Prymas and T&P purportedly violated (id., § 5a); (3) the dates, participants, and background facts of the purported predicate acts (id., § 5b); (4) the requisite specificity as to the time, place, and contents of any misrepresentations, as well as the identity of persons to whom and by whom the alleged misrepresentations were made (id., § 5c); (5) the manner in which the predicate acts form a pattern of racketeering activity (id., §5f); (6) the identities of individuals who are employed by or associated with the alleged enterprise (id., §13a) and (7) the details of an alleged conspiracy (id., § 14). See plaintiffs' RICO Case Statement, attached as Exhibit A. Respectfully, rather than provide the requisite information, the plaintiffs' RICO Statement contains a rambling, argumentative diatribe of conclusory claims, in the nature of jury argument, and, consequently, fails sufficiently to advise Prymas and T&P of the alleged predicate acts that are necessary to defense of the plaintiffs' claims.

In addition, Prymas and T&P sought to ascertain this same information through written discovery; specifically, plaintiff was asked to specify each and every alleged predicate act committed by defendants Prymas and T&P. However, plaintiffs did not respond; instead they simply referred defendants to their Second Amended Complaint and "the discovery conducted or to be conducted in this case . . . ." See Plaintiffs' Responses to Interrogatories 6 and 7, dated November 7, 2003, attached as Exhibit B.

Prymas and T&P are unduly prejudiced by plaintiffs' failure to comply with the Court's Standing Order and their failure to respond to discovery requests. In fact, this case is approximately two months from trial and plaintiffs have, at no point in this case, identified the predicate acts alleged to comprise "a pattern of racketeering activity," necessary to support a substantive violation of RICO, or participation in a RICO conspiracy. Instead, plaintiffs' RICO Case Statement is filled with conclusory allegations about Prymas and T&P's participation, but no specific facts constituting predicate acts are alleged.

On January 15, 2004, the undersigned counsel participated in a conference call with plaintiffs' counsel to resolve this issue. See also Affidavit of David Hill, filed as Exhibit C to defendant Fasano's Motion to Compel and/or Preclude, dated February 16, 2004. However, the result of that effort is that plaintiffs refused to supplement either their RICO statement or answer Prymas and T&P's interrogatories. As a result, Prymas and T&P seek an order from this Court to avoid any further prejudice.

In support of this motion, Prymas and T&P hereby submit a memorandum of law in support, supporting exhibits, and an affidavit of counsel dated March 26, 2004. The undersigned counsel also offers to participate in any oral argument or conference calls that the Court may deem appropriate.

WHEREFORE, Defendants Prymas and T&P respectfully request an order from this Court compelling a more specific RICO Case Statement, as well as full and fair answers to their Interrogatories nos. 6 and 7. In the alternative, and since this matter is only two months from trial, defendants request an order

3

precluding the introduction of any predicate acts in support of plaintiffs' RICO claims against them, along with attorneys' fees, costs, and other relief that the Court may deem proper, in connection with the instant motion.

          RESPECTFULLY SUBMITTED,
          THE DEFENDANTS, STANLEY F.
          PRYMAS and THOMPSON &
          PECK, INC.

By: _____
          BARBARA L. COX
          Federal Bar #ct08523
          Gallagher & Calistro
          1377 Boulevard
          P.O. Box 1925
          New Haven, CT  06509
          Tel:  203-624-4165
          Fax:  203-865-5598

## CERTIFICATION

This is to certify that on this 26th day of March, 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT 06103-2205

&

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
&
Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT 06405
**For Defendant Todd R. Bainer**

David G. Hill, Esq.
June M. Sullivan, Esq.
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103
**For Defendants Leonard A. Fasano &
Fasano, Ippolito & Lee, LLC**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026
**For Defendant Charles A. Flanagan**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
**For Defendant Thompson & Peck, Inc.**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &
Associates, LLC**

_____
Barbara L. Cox

5