UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|    Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
|    Defendants. | : | APRIL 15, 2004 |

**PLAINTIFFS' RESPONSE TO STANLEY F. PRYMAS/THOMPSON & PECK, INC.'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S STANDING ORDER AND DISCOVERY REQUESTS OR, IN THE ALTERNATIVE, MOTION TO PRECLUDE**

This is the response of Plaintiffs to the Motion of Stanley F. Prymas and Thompson & Peck, Inc. (collectively, the "Moving Defendant's") to compel compliance with the Court's standing order and discovery requests or, in the alternative, to preclude the introduction of certain evidence ("the Motion").

    I.    **Introduction**

Plaintiffs would ask this Court to take note that the Motion is virtually word for word identical to the motion of defendants Leonard A. Fasano and Fasano & Ippolito, LLC (collectively, the "Fasano Defendants") dated February 16, 2004 entitled, "Defendant's Motion to Compel Compliance with the Court's Standing Order or, in the Alternative, Motion to Preclude" ("Fasano Motion"). Both motions complain to this Court that Plaintiffs' April 23, 2001 RICO Case Statement fails to set forth the alleged predicate acts, statutes violated, the dates and participants and background facts of the predicate acts, the time, place and contents

of any misrepresentations and the identity of the parties made, as well as the manner in which the predicate acts form a pattern of racketeering activity.  <u>See</u>, Moving Defendants' Motion at pp. 1-2 and Fasano Motion at pp. 1-2.  Both motions further allege that they submitted various discovery in the form of interrogatories seeking to ascertain the same information.  For purposes of judicial economy, Plaintiffs incorporate their "Response to Fasano Defendants' Motion to Compel Compliance with the Court's Standing Order", dated March 8, 2004, in response to the Motion.

Additionally, for reasons stated below, the Moving Defendants and Fasano Defendants are precluded from litigating these issues pursuant to the equitable principles of waiver, res judicata and collateral estoppel. The Moving Defendants and Fasano Defendants previously filed with this Court their motions to dismiss dated August 28, 2001 and August 31, 2001, respectively. Both motions were based upon FRCP 12(b)(6) and alleged Plaintiffs' Second Amended Complaint failed to state a claim upon which a relief can be granted.  Both motions discussed in great detail Plaintiffs' allegations against the respective parties and why, in their opinion, they were factually and legally deficient.  This Court's ruling as to both motions to dismiss held that Plaintiff's Second Amended Complaint sufficiently alleged a RICO cause of action against each of the defendants.  <u>See</u>, this Court's rulings both dated March 27, 2002. By choosing to move to dismiss pursuant to FRCP 12(b)(6), as opposed to filing a Motion for a

More Definite Statement pursuant to FRCP 12(e), Defendants have waived their right to argue that they do not now know the sum and substance of Plaintiffs' claims against them. The issue of sufficiency of pleading has been litigated and decided by this Court; Defendants are barred from relitigating the same pursuant to the equitable principle of collateral estoppel, and to the extent they weren't litigated, Defendants waived their right to do so at a time when they had the opportunity and are now barred from bringing this issue before the court pursuant to the equitable principle of res judicata.  Certainly, if the complaint is sufficiently plead such that Defendants decided not to file a motion for more definite statement, they should not now come before the Court complaining about the RICO Case Statement three years after it was filed.

What they are really trying to do is to come in through the back door in an attempt to preclude the introduction of evidence by alleging in the Motion (and this includes the Fasano Motion) that now, after answering the complaint and filing motions to dismiss, they do not know what the predicate acts are or how they supposedly participated in the fraudulent scheme which caused Plaintiffs the damages they suffered.  But by choosing to proceed in this manner, Defendants waived their right to claim Plaintiffs RICO Case Statement is insufficient, and equity prevents these issues from being litigated at this time. Defendants should have taken the opportunity to raise them at an earlier date, and in a different manner.

Finally, the RICO Case Statement is for the benefit of the Court, not the Defendants. The sufficiency or lack thereof does not form a basis to preclude the introduction of evidence at trial as Defendants are attempting. Paragraph 20 of the Local District Court Standing Order In Civil Rico Cases provides that the statement shall include "[a]ny additional information plaintiff feels would be helpful to the Court in processing the RICO claim." Defendants' motions should be denied.

                THE CADLE COMPANY AND
                D.A.N. JOINT VENTURE, L.P.

By:_____
                Edward C. Taiman, Jr.
                Sabia & Hartley, LLC
                190 Trumbull Street, Suite 202
                Hartford, CT 06103
                (860) 541-2077
                Fed. Bar No. ct01319

                F. Dean Armstrong, Esq.
                1324 Dartmouth Road
                Flossmoor Road, IL 60422
                Fed. Bar No. CT22417

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 15th day of April, 2004, to the following:

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson & Peck, Inc.)

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th floor
New Haven, CT 06510
(counsel for Charles A. Flanagan)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano and Fasano & Ippolito, LLC)

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
Peter C. Schwartz, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405

By:_____
Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077
Fed. Bar No. ct01319

E:\WPDOCS\CADLE\Flanagan\RICO\RESPONSE_PRYMAS_4_15_04.wpd