UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION<br>NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | APRIL 27, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS FASANO AND FASANO IPPOLITO & LEE, LLC'S
MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

In support of this Motion for Summary Judgment, defendants  Leonard A.

Fasano (hereinafter "Fasano") and Fasano & Ippolito (a/k/a Fasano, Ippolito & Lee,

L.L.C., (Fasano and Fasano & Ippolito are collectively referred to in the singular as

"Fasano") submit this memorandum of law.  As this memorandum demonstrates, the

record in this case clearly establishes that Plaintiffs failed to put forth any evidence to

support their claims against Fasano.  Therefore, summary judgment is appropriate and

should be granted on the record before the Court.

A review of the facts lead to only one viable conclusion: that Plaintiffs brought

this action as a failed attempt to bully and retaliate against the principal defendant,

Charles Flanagan (hereinafter "Flanagan"), his family, friends, and business associates.

Plaintiffs assert a variety of misleading and conclusory statements that, at best,

represent an illusion of the facts.  In defiance and blatant disregard of Federal Rules of

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Civil Procedure, the allegations are set forth as a legendary tale, intertwining irrelevant information as well as subjective opinion, while disregarding essential and pertinent facts in an effort to mislead the Court.  Parsing through the record, however, clearly reveals that there is no genuine issue of material fact and that Fasano is entitled to prevail as a matter of law.

## II.     STATEMENT OF FACTS

### A.     Procedural Posture

This action commenced on April 4, 2001, by Plaintiffs' 40 page Complaint with 30 exhibits attached.  The operative Complaint (Second Amended Complaint, dated August 30, 2002, attached as Exhibit A ("Complaint")) contains two counts.  The first count alleges  violations of sections 1962 (b), (c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.) ("RICO") (Complaint at ¶ 79).  The second count alleges tortious interference by Defendants with Plaintiffs' right to enforce, and realize the benefits from, their judgments against Flanagan.  (Complaint at ¶ 84).  The Complaint is a long-winded narrative of Plaintiffs' subjective version of the events and fails to comply with Rule 8 of the Federal Rules of Civil Procedure requiring a short and plain statement of the claim.  (See generally Complaint).

Plaintiff, in disregard of the law - -  and knowing that Charles Flanagan filed for bankruptcy protection on February 17, 1999  - - attempted to evade the applicable stay provisions of section 362 of the Bankruptcy Code by filing the original complaint

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

containing claims stemming from conduct that arose prior to Flanagan's bankruptcy filing.  However, the United States Bankruptcy Court saw through Plaintiffs' veil of illusion and determined that Plaintiffs were in violation of section 362, and imposed sanctions on Plaintiffs for violating the automatic stay.  In compliance with the Bankruptcy Court's Order, Plaintiffs thereafter withdrew the original action against Flanagan on May 24, 2001.  By motion dated June 20, 2002, Plaintiffs requested permission to amend their original complaint so that only post -bankruptcy petition claims are asserted against Flanagan.  The United States District Court granted Plaintiffs' Motion.  Thereafter, on August 30, 2002, Plaintiffs filed a second amended complaint (which remains the operative Complaint) alleging both a RICO claim and a tortious interference claim.

In response to the Complaint, Defendants filed a Motion to Dismiss, dated August 31, 2001.  On March 27, 2002, the Court denied the Motion as to the RICO count and granted the Motion as to the tortious interference count.  Consequently, the only remaining count against Defendants is the RICO claim.

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

B.    <u>Relevant Facts</u>

Plaintiffs allege that in the early 1990s, Defendants Flanagan and his wife Lisa Flanagan (hereinafter "Mrs. Flanagan") borrowed a substantial amount of money from banks and financial institutions for the purchase of apartment buildings and other investment properties.  (Complaint at ¶ 9).  Plaintiffs contend that in 1993, when the local real estate market took a downturn, Flanagan took precautionary measures to protect his assets by transferring title to certain real properties to what the Plaintiffs refer to as "d/b/a's" of Flanagan and placing what the Plaintiffs allege as "bogus" liens on one of his parcels of property.  (Complaint at ¶ 10).  Plaintiffs allege that, in a deposition conducted by another creditor, Flanagan testified that he no longer owned stock in Defendant insurance agency Thompson & Peck (hereinafter "Thompson"), which Plaintiffs maintain was not true.  (Complaint at ¶ 11)

Plaintiffs further allege that Flanagan formed Defendant MJCC Corporation (hereinafter "MJCC") with Defendant Angela Cimino (who is Flanagan's mother-in-law) and Sharon Rosen (who is Flanagan's sister) as sole stock holders, officers, and directors. (Complaint at ¶ 12).  Plaintiffs claim that Flanagan controlled the corporate affairs of MJCC and used it as a "vehicle to delay, hinder or defraud his creditors." (Complaint at ¶ 12).

Plaintiffs claim that Flanagan and his wife filed "Chapter 7 (no asset) bankruptcy" on October 19, 1995, and that Fasano was their legal counsel.  (Complaint at ¶ 17).

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs assert that, in 1996, Plaintiff The Cadle Company (hereinafter "Cadle") filed suit against Flanagan in the United States District Court for the District of Connecticut (hereinafter "Initial Cadle Action"), and obtained a judgment against Flanagan in the amount of $93,519.38 on March 20, 1997.  (Complaint at ¶ 19). Plaintiffs allege that during these proceedings, Flanagan attempted to prevent Plaintiffs from collecting on the debt by performing and undertaking a series of actions that were deceptive.  (See generally Complaint at ¶¶ 20-69).  Significantly, however, Plaintiffs admit that Flanagan paid the judgment in full.  (Complaint at ¶ 36).

Plaintiffs also admit that Flanagan and his father lawfully signed a pledge and security agreement for Flanagan's share of the Thompson stock, the effective date of which was the date that the District Court vacated the injunction prohibiting Flanagan from transferring his assets.  (Complaint at ¶ 36).

Lastly, Plaintiffs claim that Flanagan filed Chapter 11 bankruptcy protection in order to recoup the payment he made to the Plaintiffs in satisfaction of the judgment in the Initial Cadle Action.  (Complaint at ¶ 70).  Plaintiffs allege that Flanagan filed an adversary proceeding in the bankruptcy action against Cadle, claiming that the $99,542.87 was a voidable preference and subject to recoupment by Flanagan through section 547(b) of the Bankruptcy Code.  (Complaint at ¶ 70).  However, Plaintiffs failed to reveal to the Court that section 547(b) prohibits the transfer for the benefit of the bankruptcy estate and any recovery may only be distributed to Flanagan's creditors,

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

which included Cadle.  (See 11 U.S.C. § 547(b)).   Plaintiffs also allege that Flanagan

committed bankruptcy fraud by:  listing a false debt owed to Defendant Socrates

Babacus (hereinafter "Babacus"); failing to list an alleged debt owed to Sharon

Demetropoulous (hereinafter "Demetropoulous"); failing to list his ownership interests in

three rental properties; testifying falsely at the section 341 meeting that he did not own

any real estate (Complaint at ¶ 71); and failing to disclose the rental income received

from his rental properties (Complaint at ¶ 72).

### 1.    Plaintiff's Claims Related to Fasano

> While Plaintiffs allege a variety of extensive facts - - offered in a misleading and

conclusory manner - -  the specific allegations directed toward Fasano are as follows:[1]

1.  Plaintiffs assert that Flanagan arranged for Fasano to become Mrs. Flanagan's attorney in connection with her bankruptcy proceeding.  (Complaint at ¶ 17.)  Even if true, this statement establishes nothing more than Flanagan sought legal representation for his wife by contacting Fasano.

2.  Plaintiffs claim that Fasano, acting as Flanagan's attorney, advised Flanagan to assert his Fifth Amendment right not to testify at the March 9, 1998, debtor's examination in order to "avoid or delay providing any information to Plaintiffs about the location and transfer of Flanagan's assets."  (Complaint at ¶ 21.)  The facts demonstrate that Flanagan indeed asserted his Fifth Amendment right, guaranteed by the United States Constitution, at the debtor's examination in order to prevent self incrimination in a concurrent F.B.I. criminal investigation of Flanagan's financial affairs. (See Deposition of Charles Flanagan, attached as Exhibit B at 197-200 (hereinafter "Flanagan Dep. Tr.").  Legitimate acts of an attorney on behalf of his client do not form the basis of a RICO claim.

---

[1] The only allegation against Defendant Fasano & Ippolito, also referred to in the complaint as n/k/a Fasano, Ippolito & Lee, LLC, is that Defendant Fasano was acting at all times as an agent of, and within the course and scope of his duties as, an attorney working for Defendant Fasano & Ippolito. (Complaint at ¶ 5.8).

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3.  Plaintiffs assert that Fasano, acting as Flanagan's attorney, advised Flanagan to set up checking accounts in the name of Flanagan's minor children, and then place the rental income from Flanagan's rental properties into those accounts.  (Complaint at ¶ 23).  In fact, however, Flanagan testified that he was not instructed by Fasano to place the income from Flanagan's rental properties into his children's checking accounts. (Flanagan Dep. Tr. at 12-17).

4.  Plaintiffs claim Fasano failed to produce Flanagan's documents that were supposed to be gathered for the Court's inspection in response to its request for in camera review of the same.  (Complaint at ¶ 26.)  Even if true, however, this act occurred  during the course of legal representation and does not rise to the level of RICO activity.

5.  Plaintiffs assert Fasano submitted a "Notice of Compliance" that represented to the Court that Thompson stock was in the hands of creditor Sharon Demetropoulous (Complaint at ¶ 27.)  Plaintiffs also assert, but offer no facts to support their conclusory statement, that Fasano "knew, must have known, or should have known" that it was untrue. (Complaint at ¶ 28.)  The evidence, however, demonstrates Fasano relied on the information provided to him by Flanagan, the substance of which is set forth in Flanagan's affidavit.  (See Affidavit of Charles Flanagan,  dated October 27, 1998, attached as Exhibit C, "Flanagan Aff."))  Fasano corrected the erroneous information with the Court within a reasonable period of time. (See Second Amended Notice of Compliance dated November 12, 1998, attached as Exhibit D).  It is well settled that even misstatements during the course of litigation do not rise to the level of a RICO predicate act.  See Forty-Eight Insulations, Inc. v. Black, 63 B.R. 415, 418 (Bankr. N.D.Ill 1986).

6.  Plaintiffs claim that Fasano and Flanagan devised a plan in which Flanagan would claim to have loaned money to a business associate, Defendant Babacus, and that Babacus would claim to have possession of the stock as collateral for the "bogus loan." (Complaint at ¶ 29)  Again, without presenting any facts to support it, Plaintiffs make a conclusory allegation that "Fasano knew, must have known, or should have known that the Babacus debt / stock collateral representations were false."  (Complaint at ¶ 30).  In fact, Flanagan testified that Babacus loaned him money to help pay for living expenses and to pay for costs to support his rental properties.  (Flanagan Dep. Tr. at 81.)  Fasano was not involved in a "plan" with Babacus.  In fact, Fasano never even heard of Socrates Babacus until Fasano drafted the Seconded Amended Notice of Compliance dated November 12, 1998.  (See Deposition of Leonard Fasano, attached as Exhibit E at 44 (hereinafter "Fasano Dep. Tr.")).

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7.  Plaintiffs allege that Fasano represented directly to the Court that he and Flanagan would produce all the documents pertaining to the stock transfers.  (Complaint at ¶ 33.)  Even if true, this statement does not rise to the level of a RICO activity because legitimate acts of an attorney on behalf of his client do not form the basis of a RICO claim.  See Morin v. Trupin, 711 F.Supp. 97, 105 (S.D.N.Y. 1989).

8.  Plaintiffs claim that Fasano and Flanagan arranged to borrow money from Flanagan's father and pledge the stock as security for the loan.  (Complaint at ¶ 35.)  In fact, Plaintiffs admit that it was this very arrangement that allowed them to receive full payment for their judgement against Flanagan.  (Complaint at ¶ 35-37.)  Moreover, Plaintiffs admit that this transfer was in accordance with the law in that the "effective date of the stock pledge was the date that Judge Covello vacated the injunction order prohibiting Flanagan from transferring his assets."  (Complaint at ¶ 36-37.)  Plaintiffs fully admit that the effective date of the pledge agreement was December 3, 1998. (Complaint at ¶ 37.) Again, legitimate acts of an attorney on behalf of his client do not form the basis of a RICO claim.  See Morin v. Trupin, 711 F.Supp. at 97.

9.  Plaintiffs allege that on October 27, 1998 and on November 16, 1998, Fasano represented to the Court that Flanagan made no transfers after the Court issued its order freezing Flanagan's assets on March 9, 1998.  (Complaint at ¶ 39.)  In keeping with their true form, Plaintiffs again offer no factual support for their allegation that Fasano "knew, must have known, or should have known that his representations were false".  The evidence, however, demonstrates that Fasano relied on proper sources when he made those representations to the Court.  (See Flanagan Aff. at ¶ 4-9.) Indeed, Fasano had no reason to believe that his representations to the Court were erroneous.  (Fasano Dep. Tr. at  36-39.)  Even if the statements were erroneous, misstatements during the course of litigation do not rise to the level of RICO predicate acts.  See Forty-Eight Insulations, Inc. v. Black, 63 B.R. 415 (Bankr. N.D.Ill 1986).

10.  Plaintiffs claim Flanagan had possession of the stock in the summer of 1998 but failed to turn the stock over to Plaintiffs "based on the advice of Fasano."  (Complaint at ¶ 50.)  Again, Plaintiffs fail to cite any evidence that support this allegation.  In fact, Plaintiffs cannot assert that they have first hand knowledge of evidence to support the allegation as those communications are protected by the attorney/client privilege. Moreover, Flanagan testified that no one told him that the turnover order did not apply to him if he had possession of the stock.  (Flanagan Dep. Tr. at 234.)  Fasano also testified that he had no knowledge that Flanagan had possession of the stock.  (Fasano Dep. Tr. at 102-105.)

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

11.  Plaintiffs allege that Fasano and Defendant Todd Bainer (counsel for Thompson) (hereinafter "Bainer") allegedly had a conversation in which they discussed the validity of a restrictive stock legend that was placed on the back of Flanagan's Thompson stock.  (Complaint at ¶ 52.)  Plaintiffs also allege that Bainer was very critical of Fasano's legal representation of Flanagan.  (Complaint at ¶¶ 53-55.)  Contrary to the allegations, the facts demonstrate that Fasano did not know that a restrictive legend was placed on the stock. (Fasano Dep. Tr. at 136-138.)  The facts reinforce Fasano's role as Flanagan's attorney.  Moreover, both Fasano and Bainer testified that the parties were at odds and oftentimes disagreed, which fails to support Plaintiffs' assertions that the parties were "conspiring."  (Fasano Dep. Tr. at  38, 129-134, 138; Deposition of Defendant Todd Bainer, attached as Exhibit F (hereinafter "Bainer Dep. Tr.") at 137-38.) Communication between attorneys on behalf of clients cannot serve as predicate acts for RICO because it would chill an attorney's efforts and duty to represent his client in the course of pending litigation.  See Spiegel v. Continental Illinois Nat'l Bank, 609 F.Supp. 1083, 1089 (N.D.Ill. 1985).

12.  Plaintiffs claim Fasano cooperated with Flanagan, Prymas, and Bainer to recharacterize reimbursement of monies owed by Thompson to Flanagan as "wages in an effort to shield those settlement proceeds from Plaintiffs. ..."  (Complaint at ¶ 59.)  The evidence shows that the settlement monies were properly reclassified as wages at the advice of professional accountants.  (Fasano Dep. Tr. at 166-175; Exh. F. at 218-230.)  Legitimate acts of an attorney on behalf of his client do not form the basis of a RICO claim.  See Morin, 711 F.Supp. at 105.

13.  Plaintiffs allege that Fasano, acting as Flanagan's attorney, submitted an objection to property execution to the District Court that asserted there was no property held by Thompson other than wages.  (Complaint at ¶ 60.)  Without any facts supporting it, Plaintiffs make the conclusory statement that "Fasano's ... representations were knowingly false."  (Complaint at ¶ 60.)  Even if the allegations are true, which Fasano denies, the actions do not rise to the level of RICO activity because misstatements in litigation do not rise to the level of RICO predicate acts.  See Forty-Eight Insulations, Inc. v. Black, 63 B.R. 415 (Bankr. N.D.Ill 1986).  Moreover, legitimate acts of an attorney on behalf of his client do not form the basis of a RICO claim.  See Morin, 711 F.Supp. at 105.

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

It is noteworthy that even though Plaintiffs assert they have been damaged by the above actions related to the Initial Cadle Action, **Plaintiffs recovered the judgment against Flanagan in full.**  (Complaint at ¶ 36) (emphasis added).

## III.    LEGAL ARGUMENT

### A.    Standard of Review

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The standard for granting summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)."  Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct 2548, 2552 (1986).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  Id. at 327, 106 S. Ct. at 2555.                    A fact is deemed material if it might affect the outcome of the lawsuit.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Further, a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Id.   The existence of a "scintilla of evidence" in support of the plaintiff's position is insufficient to overcome a motion for summary judgment.  Id. at 252, 106 S.Ct. at 2512.  In ruling on a motion for

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

summary judgment, the Court's inquiry should be "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict - -  whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it. ..." Id.  The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

Where a defendant's motion for summary judgment is properly supported, the plaintiff cannot rest on mere allegations of a conspiracy to get to a jury, without any significant probative evidence tending to support the complaint.  See Anderson at 249, 106 S. Ct. at 2510.  In short, the party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Id.

**B.   RICO**

**1.    Plaintiffs Fail to Establish That Fasano Acquired an Interest in a RICO Enterprise Through a Pattern of Racketeering Activity**

Section 1962(b) of the Racketeer Influenced and Corrupt Organizations Act (RICO) prohibits "any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, an interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  18 U.S.C. § 1962(b).  "Racketeering activity is defined

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in RICO to mean 'any act or threat involving' specified state-law crimes, any 'act' indictable under various specified federal statutes, and certain federal 'offenses.'" H.J. Inc. v. Northwestern Bell Tel. Co., 492 US 229, 232, 109 S. Ct. 2893 (1989).  "In order for there to be a violation of § 1962(b), a defendant's racketeering activities must result in the acquisition or maintenance of an interest in or control of a RICO enterprise." Schuylkill Skyport Inn, Inc. v. Rich, No. 95-3128, 1996 WL 502280, at 36 (E.D. Pa. Aug. 21, 1996).

An attorney who provides legal advice and legal services to clients cannot be held liable under RICO section 1962(b) where the attorney advised his client to minimize legal risks and performed ministerial legal tasks to that end.  See Biofeedtrac, Inc. v. Kolinor Optical Enter. & Consultants, 832 F. Supp. 585, 589-90 (E.D.N.Y. 1993). In Biofeedtrac, the plaintiff brought a RICO action against his business competitor and the attorney who advised his competitor.  The attorney advised his client (plaintiff's business competitor) regarding contract negotiations, financing, and analysis of legal risks involved in a plan to manufacture and market a competing vision device using plaintiff's technical secrets; to conceal the plan from plaintiff through a series of deceptive wire and mail communications; and to conceal that plan from the Court in the course of a preliminary injunction hearing.   The Court granted summary judgment in the attorney's favor, holding that RICO section 1962(b) did not impose civil liability on

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the attorney even if, in advising clients, the attorney intentionally assisted the clients' plan to defraud.  See Biofeedtrac, 832 F.Supp. at 590.

Biofeedtrac is readily applicable to the instant case.  First, Plaintiffs offer no evidence to support their claim that Fasano or his law firm were involved in any criminal act.  Moreover, Plaintiffs fail to provide proof that Flanagan or his law firm engaged in any one of the racketeering activities listed under section 1961(1), as required by section 1962(b).  The reason, quite simply, is that no such evidence exists.  In fact, the evidence demonstrates that Fasano acted only as legal counsel to Flanagan.  (Fasano Dep. Tr. at  124-161.)  Plaintiffs fail to offer any evidence to the contrary.

Second, Plaintiffs offer no proof that Fasano or his law firm gained an interest in or control of Flanangan's so-called "financial empire."  In the Complaint, Plaintiffs merely make the bald assertion that "[t]he Defendants engaged in a pattern of wrongful conduct involving bankruptcy fraud, mail fraud and wire fraud to acquire an interest in and to maintain control over the affairs of Flanagan's financial empire."  (Complaint at Count One.)  Plaintiffs further claim that "the Defendants have engaged in the pattern of racketeering activity described herein to acquire an interest in or maintain control of Flanagan's financial empire, an 'enterprise' affecting interstate commerce within the meaning of 18 U.S.C. § 1961(4)."  (Complaint at ¶ 82.1.)  The Complaint does not suggest, nor do Plaintiffs offer any proof, that there were any profits from a pattern of racketeering activity that were used to acquire control of any enterprise.  There was no

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"financial empire" to control.  In fact, Plaintiffs admit that Flanagan filed for bankruptcy.

(Complaint at ¶ 70.)    Accordingly, as in <u>Biofeedtrac</u>, Plaintiffs do not demonstrate that

Fasano violated section 1962(b).

> **2.     Plaintiffs Fail to Establish That Fasano Participated in the Operation or Management of a RICO Enterprise**

RICO, section 1962(c), makes it unlawful "for any person employed by or

associated with any enterprise engaged in, or the activities of which affect, interstate or

foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

enterprise's affairs through a pattern of racketeering activity or collection of unlawful

debt."  18 U.WS.C. § 1962(c).  In order to prevail on a civil RICO claim for violation of

section 1962(c), "a plaintiff must show that he was injured by defendants' (1) conduct

(2) of an enterprise (3) through a pattern (4) of racketeering activity."  <u>Azrielli v. Cohen</u>

<u>Law Offices</u>, 21 F.3d 512, 520 (2d Cir. 1994) "One must participate in the operation or

management of the enterprise itself in order to be subject to § 1962(c) liability."  <u>Reves</u>

<u>v. Ernst & Young</u>, 507 U.S. 170, 185, 113 S. Ct. 1163 (1993).

In <u>Reves</u>, the Supreme Court throughly analyzed RICO's statutory language,

legislative history, and "liberal construction" clause.  The Supreme Court determined

that the use of the word "conduct" in the context of the statute "indicates some degree

of direction" of the enterprise, not just any involvement in the affairs of the enterprise.

<u>See</u> <u>Reves</u>, 507 U.S. at 177-78, 113 S. Ct. at 1169-70.  The Supreme Court also

determined that, within the context of section 1962(c), "participate" requires some part

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in that direction.  See Id. at 179, 113 S. Ct. at 1170.  "In order to participate, directly or indirectly, in the conduct of such enterprise's affairs, one must have some part in directing those affairs."  Id.  Thus, one is not liable under section 1962(c) "unless one has participated in the operation or management of the enterprise itself."  Id. at 183, 113 S. Ct. at 1172.

The Supreme Court applied the "operation or management" test to the facts in Reves and determined that accountants, who knowingly over valued an asset on a corporation's balance sheet thereby misrepresenting the corporation as solvent, did not violate section 1962(c) because they did not have a part in directing the affairs of the enterprise.  See Id at 185-86, 113 S. Ct. at 1173-74.  Even though the accountants were employed by and  participated in the affairs of the company, there was no evidence that the accountants conducted or participated, directly or indirectly, in the operation or management of the RICO enterprise itself.  See Id. (emphasis added).  Not all assistance rendered by words, acts, encouragement, support or presence rises to the level of liability under RICO.  See Reves, 507 U.S. at 178-179, 113 S. Ct. at 1170.

Similarly, in Azrielli, the Court of Appeals for the Second Circuit found that an attorney who represented prepared documents, offered legal advice and legal services to real estate investors did not violate section 1962(c).  In Azrielli, purchasers of stock in a real estate corporation brought an action against the sellers, their counsel, and related parties for violations of the Securities Exchange Act of 1934 and RICO.

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs claimed that the attorney was involved in a scheme that had sham transactions and bogus contracts.  Plaintiffs alleged that the defendant counselor furthered the scheme by helping to persuade many of the plaintiffs that the defendant buyers were legitimate, were in fact paying a certain price for the building, and that the building was worth it.  Defendant counselor moved for summary judgment, contending, inter alia, that because he was merely the attorney for the defendants and not a principal, the complaint failed to state a claim against him under RICO.  See Id. at 517.

The Second Circuit decided that there was no basis for holding counsel liable under RICO because there was no evidence that counsel either played a role in events prior to the legal representation, or had a role in the conception, creation, or execution of the purported arrangement that plaintiffs alleged formed the basis of the RICO claims.  Plaintiffs failed to show that counsel in any way participated in the management or direction of a RICO enterprise.  The court granted summary judgment in favor of the attorney, based on the operation or management test established in Reves.  See Azrielli, 21 F. 3d at 522.

Just as in Reves and Azrielli, the evidence in the present case demonstrates that Fasano was merely the legal representative of Flanagan and his wife.  In performing his duties of legal representation, Fasano engaged in activities that are typical of an attorney, including drafting motions to the court, advising clients, participating in hearings, and settling a claim. (Fasano Dep. Tr. at pp. 124-161.) (Flanagan Dep. Tr. at

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

15.)   In fact, Plaintiffs have not put forth any evidence to demonstrate that Fasano did anything more than represent Flanagan in his legal affairs.

The allegations directed to Fasano and his law firm claim nothing more than the undersigned defendants, acting as Flanagan's legal counsel, had a role in advocating for Flanagan:  1) in the debtor's examination of Flanagan (Complaint at ¶  21); 2) at court before Judge Covello (Complaint at ¶¶  24, 25, 26, 28, 31, 37, and 38);  3) in paying off the judgment debt (Complaint at ¶¶  33, 34, and 35 );  4) with Flanagan's business associates (Complaint at ¶¶ 50, 57, and 58); and 5) in Flanagan's bankruptcy protection proceedings (Complaint at ¶¶ 68, and 69).

Thus, Plaintiffs cannot assert that Fasano either played a role in events prior to the legal representation, or had a role in the conception, creation, or execution of the purported arrangements that Plaintiffs allege form the basis of the RICO claims. Fasano was not part of a grand "conspiracy" to wrongfully and fraudulently transfer, hide or otherwise shield the assets of Flanagan from Plaintiffs.  There was no fraudulent scheme by Fasano to acquire an interest in or to maintain control over the affairs of the so-called "Flanagan financial empire" or to fraudulently transfer or otherwise maintain custodianship over Flanagan's assets.  Flanagan, himself, testified that Fasano merely provided legal services to him.  (Flanagan Dep. Tr. at 15.)  Thus, even if we assume that Flanagan's personal activities created liability under RICO, his attorney is not guilty by association.

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs allege that Fasano developed a "strategy" to plead Flanagan's Fifth Amendment right against self-incrimination at the debtor's examination hearing in order to avoid disclosing the whereabouts of Flanagan's Thompson stock. (Complaint at ¶¶ 9-21.) Fasano testified that there was no "strategy" to stop Flanagan from testifying in March of 1998 about where his Thompson stock was located. (Fasano Dep. Tr. at 56-57.) In fact, the Fifth Amendment was only invoked because there was an ongoing FBI criminal investigation into Flanagan's financial affairs. (Id. at 54-55; IRS Memorandum of Interview, attached as Exhibit G.) Flanagan invoked the Fifth Amendment in response to requests for his financial statements. (Fasano Dep. Tr. at 58.) Certainly, the act of legitimately invoking an individual's Fifth Amendment right does not constitute activity that is actionable under RICO, neither for the individual, nor for his attorney.

Plaintiffs also claim that Fasano and others developed a "scheme" to undermine the Court's Order enjoining Flanagan from transferring any of his assets. Contrary to Plaintiffs' allegations, Fasano testified that when there is a court order not to transfer assets, he generally makes sure that the client understands the order and its ramifications. (Fasano Dep. Tr. at 76.) If there is an indication of a violation of a court order, whether a restraining order or injunction, Fasano meets with the client again and expresses his concerns to find out if there is a problem. (Id. at 76-77.) **Fasano never advised any client to circumvent the spirit or the words of an injunction.** (Id. at 78 (emphasis added).)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs offer no evidence that Fasano conducted or participated, directly or indirectly, in the operation or management <u>of the purported RICO enterprise itself</u>.  Not all assistance rendered by words, acts, encouragement, support, or presence rises to the level of liability under RICO.  <u>See</u> <u>Reves</u>, 507 U.S. at 178-179, 113 S. Ct. at 1170.  Fasano's advocacy for Flanagan does not even remotely demonstrate any degree of direction or any part in that direction that would rise to the level of participation, directly or indirectly, in the conduct of such a purported RICO enterprise's affairs because he had no part in directing those affairs.

3.     <u>Plaintiffs Fail to Establish That Fasano Conspired to Violate Section 1962</u>

RICO, section 1962(d), makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), and (c) of this section."  18 U.S.C. § 1962(d).   "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement."  <u>Hecht v. Commerce Clearing House, Inc.</u>, 897 F.2d 21, 25 (2d Cir. 1990) (holding that overt act of dismissal of an employee is not a predicate act and, therefore, plaintiff's loss of employment does not confer standing to bring an action under 18 U.S.C. § 1962(d));  <u>Biofeedtrac</u>, 832 F.Supp at 592 (granting defendant's summary judgment motion on 1962(d) claim because plaintiff neither alleged nor provided any evidence that defendant agreed to do any acts other than acts that did not rise to the level of operation or management of the enterprise);  <u>Daddona v.</u>

- 19 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Gaudio, 156 F. Supp. 2d 153, 165 (D. Conn. 2000) (dismissing plaintiff's complaint because the pleadings fail to satisfy sections 1962(b) and (c) and holding where the substantive claims are themselves deficient, there is no conspiracy claim under section 1962(d));  Friedman v. Hartmann, No. 91 Civ. 1523 (BSJ), 1996 WL 457300 (S.D.N.Y. Aug. 13, 1996)  (granting defendant's summary judgment motion on a section 1962(d) claim because plaintiff's acts as an attorney did not constitute predicate acts). A conspiracy is an agreement to commit predicate acts, which by itself cannot cause injury.  See Hecht, 897 F.2d at 25.  Only injury from predicate acts are recoverable under section 1962(d).  See id.

In the present case, even when construing the evidence in light most favorable to Plaintiffs and assuming that Fasano had knowledge of predicate acts (which he did not), that knowledge does not rise to the level of a predicate act.  See Friedman, 1996 WL 457300 at *8.  Certainly, there is no claim that Fasano is liable under section 1962(a).  There can be no inference that there was an agreement by Fasano to acquire an interest in or control of a RICO enterprise, as required under section 1962(b).  Nor can there be an inference that there was an agreement by Fasano to conduct or participate in a RICO enterprise, as required under section 1962(c).  Fasano's acts confine him to the role of an attorney who provided legal advice and services to Flanagan, nothing more.  As such, Plaintiffs' claim under section 1962(d) must fail and summary judgment should be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**4.**     <u>Plaintiffs Offer no Evidence to Support Allegations That the Undersigned Defendant Engaged in any RICO Predicate Acts</u>

In order to sustain a claim under RICO, a plaintiff must prove that the defendant engaged in a "pattern of racketeering activity." 18 U.S.C. §§ 1962(b)-(c). A pattern requires at least two acts of racketeering activity, occurring within ten years that are related and amount to, or threaten the continued likelihood of, continued criminal activity. <u>See</u> 18 USC § 1961(5); <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 237-39, 109 S. Ct. 2893 (1989); <u>DeGeorge Fin. Corp. v. Novak</u>, Nos. 99-32300-02 (ASD), Civ.A. 3:01 CV0009 (CFD), 2002 WL 31096716, at *9, (D. Conn. July 15, 2002). "Racketeering activity" means "any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 481-82, 105 S. Ct 3275 (1985). Thus, a pattern of racketeering may consist of at least two acts of mail fraud, wire fraud, or bankruptcy fraud that are related and amount to, or threaten the continued likelihood of criminal activity. <u>H.J., Inc.</u>, 492 U.S. at 237-39, 109 S. Ct. at 2893.

"To be guilty of mail fraud under 18 U.S.C. § 1341, defendants must have used the mail as a means to obtain 'money or property by means of false or fraudulent pretenses, representations, or promises' or for purposes of executing a scheme to defraud." <u>O'Malley v, New York City Transit Auth.</u>, 896 F.2d 704, 706-07 (2nd Cir.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1990) (holding that routine business communications are not mail fraud).  "A showing of intentional fraud, or reckless indifference to the truth is necessary to satisfy the requisite knowledge and criminal intent element of mail fraud.  Acts done inadvertently, mistakenly, or in good faith without an intent to defraud do not satisfy the requirements of the statute."  Id.

Moreover, "legitimate acts of attorneys on behalf of clients cannot form the basis of a RICO claim."  Morin v. Trupin, 711 F. Supp. 97, 105 (S.D.N.Y. 1989).  In Morin, investors brought a RICO claim against a law firm that represented partnerships in which the plaintiffs invested money.  Investors alleged that the law firm provided substantial assistance and encouragement via mail to other defendants in connection with fraudulent conduct.  The court ruled that the attorneys' correspondence on behalf of their clients does not constitute mail fraud.  See id. at 105.

> Congress could not have intended that the mail fraud statute
> sweep up correspondence between attorneys, dealing at arm's
> length on behalf of their parties, concerning an issue in pending
> litigation...Subjecting the letters in issue to the mail fraud statue
> would chill an attorney's efforts and duty to represent his or her
> client in the course of pending litigation.

Speigel v. Cont'l Illinois Nat'l Bank, 609 F. Supp. 1083, 1089 (N.D. Ill. 1985), aff'd 790 F.2d 638 (7th Cir. 1986) (RICO claims for mismanagement of a trust by defendant bank were dismissed based on the fact that the alleged predicate acts of mail fraud, which consisted of two letters written by the bank's attorneys, did not constitute mail fraud).

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In <u>Mullin v. Bassett</u>, the Court determined that the plaintiffs' apparent suggestion that "a lawyer's act in posting a letter which states a client's legal position in a dispute can constitute mail fraud" was "absurd."  <u>Paul S. Mullin & Assoc., Inc. v. Bassett</u>, 632 F. Supp. 532, 540 (D. Del. 1986).  "If such were the situation, every dispute in which the parties' counsel exchanged letters could give rise to RICO litigation."  <u>Id.</u> (holding letter sent by attorney to prospective purchasers of businesses was not mail fraud, and thus, not racketeering activity for purposes of RICO).

Similarly, in the present case, Plaintiffs' claim of RICO activity by Fasano is ludicrous.  Fasano acted only as Flanagan's attorney when he advocated on behalf of Flanagan.  Plaintiffs' claims against Fasano demonstrate nothing to the contrary. Moreover, Plaintiffs offer no evidence to support their allegations.  Plaintiffs appear to rely on Fasano's representations to the Court, communication to Flanagan's business associates, as well as Fasano's legal advice to his client as evidence of Fasano's predicate acts.  RICO does not impose civil liability on an attorney who provided legal advice and services to a client, even if, in so doing, the attorney intentionally assisted clients' scheme to defraud plaintiff where there was no evidence that the attorney participated in operation or management of RICO enterprise.  <u>See</u> <u>e.g.</u>, <u>Biofeedtrac v. Kolinor Optical Enterprises & Consultants</u>, 832 F. Supp. 585, 590-92 (E.D.N.Y. 1993).

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs have not offered any evidence sufficient enough to support their RICO claim against Fasano.  There is no pattern of "racketeering activity," as required under RICO.  Consequently, Defendants' Motion for Summary Judgment should be granted.

### 5.   Plaintiffs' RICO Claim is Not Viable Because There Are no Damages

In order to support a viable RICO claim, Plaintiffs must suffer actual damages. See Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 612, (2d Cir., 1994). Moreover, the RICO acts must cause the Plaintiff's injury.  See Sperber v. Boesky, 849 F.2d 60, 64 (2d Cir. 1988).  In the instant case, Plaintiffs allege that "On March 20, 1997, a final judgment was entered by Judge Covello against Flanagan and in favor of TCC (the Cadle Company) in the amount of $93,519.38."  (Complaint at ¶ 19.)  Plaintiffs further admit that the final judgment paid by Flanagan was $99,542.87.  (Complaint at ¶ 36.)  As a result, Plaintiffs received over and above the amount of the judgment and, therefore, cannot claim damages.  Plaintiffs' RICO claim must fail because it lacks the most fundamental of legal elements necessary to support a viable cause of action --  any demonstrable damages.

The Second Circuit made it crystal clear that a plaintiff must suffer actual damages in order to maintain a RICO cause of action.  Milken, 17 F.3d at 612.  In Milken, plaintiffs were investors that claimed they suffered monetary damages when they lost the capital that they invested in a partnership organized by Ivan Boesky.  After Mr. Boesky pled guilty to insider trading activities, the court ordered the partnership

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

liquidated.  The court named a liquidation trustee to oversee the liquidation.  The plaintiffs filed suit against Mr. Boesky, based on RICO, claiming that if they had known of the criminal activity of Mr. Boesky and his business associates, they would not have purchased shares in the partnership.  Less than ten months from the time the suit commenced, the liquidation trustee distributed the full amount of the investors' capital to them plus a yield of 10.2 percent on their investment.

The Second Circuit affirmed the grant of summary judgment in favor of the defendants.  The Court reasoned that the plaintiffs failed to demonstrate that they were harmed.  In fact, the Court recognized that the plaintiffs had "recouped not only their investment, but also received 10.2 percent return on their capital."  Id.  The court went on to state that "damages as compensation under RICO § 1964(c) for injury to property must, under the familiar rule of law, place the appellants [plaintiffs] in the same position they would have been in but for the illegal conduct."  Id.  There is no viable RICO cause of action without provable damages.

"[A] debt is 'lost' and thereby becomes a basis for RICO trebling only if the debt: (1) cannot be collected; (2) by reason of a RICO violation.  See, e.g., Stochastic Decisions, Inc. v. DiDomenico, 995 F. 2d 1158, 1165 (2d Cir. 1993).  A judgment that is fully paid is not a "lost debt."  Id. at 1165-66.  Additionally, purported efforts to frustrate the collection of outstanding judgments cannot serve as a basis for a RICO violation because a "RICO claim does not accrue until it is established that collection of the claim

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

or judgment has been successfully frustrated." <u>Id.</u> at 1166.  Moreover, the legal fees

incurred by a judgment creditor in obtaining judgments based on conspiracy to prevent a

creditor from satisfying judgments are not considered damages under RICO.  <u>Id.</u> at

1166-67.  RICO injury must stem from and be caused by RICO violation.  <u>Id.</u>

     In the present case, Plaintiffs claim that, but for the activity of Fasano and the

other defendants, they would have been able to collect under the judgment and other

debt claims they held against Flanagan, as well as attorneys' fees incurred by Plaintiffs

in connection with their unsuccessful efforts to execute on the assets of Flanagan.

(Complaint at ¶85.)  However, Plaintiffs fail to note that the RICO activities alleged in the

complaint only relate to Plaintiffs' attempts to collect on the final judgment in <u>Cadle v.

Flanagan</u>, No. 3:96-CV-02648 (AVC) (D. Conn. 1996).  (Complaint at ¶¶19-75.)

Moreover, Plaintiffs fail to explain to the Court that, similar to the situation in <u>Milken</u>, the

final judgment was paid by Flanagan, with interest.  (<u>See</u> Exhibit H, Charles Flanagan's

Request to Deposit the Agreed Upon Judgment Amount With the Registry of the United

States District Court; Letter from Fasano to The Cadle Company's counsel, Attorney

Paul Gaide; Satisfaction of Judgment and Vacating of the Court's Order; copies of check

in payment of the judgment debt; Letter from Fasano to Federal Court Clerk enclosing

check for payment).

     Plaintiffs fail to base the Complaint on any other specific debt claims they may

have had against Flanagan.  Moreover, the record fails to demonstrate with any

- 26 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

specificity that Plaintiffs, in fact, have other debt claims.  If there are other debts, it is likely that they may have been satisfied by other means, and, in any event, are not properly the subject of this action.  Therefore, summary judgment in favor of Fasano should be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

IV.    **CONCLUSION**

Based on the foregoing, the defendants, Leonard A. Fasano and Fasano &

Ippolito (a/k/a Fasano, Ippolito & Lee, L.L.C.), respectfully request that the Court grant

their Motion for Summary Judgment, dated April 27, 2004.

                                DEFENDANTS,
                                LEONARD A. FASANO and FASANO,
                                IPPOLITO & LEE, LLC



                        By_____
                                David G. Hill
                                June M. Sullivan
                                HALLORAN & SAGE  LLP
                                Fed. Bar #ct13435
                                Fed. Bar #ct24462
                                One Goodwin Square
                                225 Asylum Street
                                Hartford, CT  06103
                                (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>CERTIFICATION</u>

This is to certify that on this 27TH day of April 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT  06103-2205
&
F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL  60422
**For Plaintiffs The Cadle Company &**
**D.A.N. Joint Venture, A Limited Partnership**


Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT  06405
&

Peter C. Schwartz, Esq.
Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001
**For Defendant Paul M. Gaide &**
**Gaide & Associates, LLC**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grass Blvd.
P. O. Box 1925
New Haven, CT  06509-1925
**For Defendant Stanley Prymas**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT  06510-2026
**For Defendant Charles A. Flanagan**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT  06443
**For Defendant Thompson & Peck, Inc.**

US Trustee
U.S. Trustee Office
265 Church Street, Suite 1103
New Haven, CT 06510-7016

Karen T. Gerber, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
**For Karen Gerber**

_____
David G. Hill
June M. Sullivan

542448

- 29 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105