UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | APRIL 27, 2004 |
|     Defendants | | |

**LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED FACTS**

**A.    PARTIES**

1.    Plaintiff, The Cadle Company (herein "Cadle"), is an Ohio corporation with a principal place of business in Newton Falls, Ohio.  (Complaint, ¶4.1)

2.    Plaintiff, D.A.N. Joint Venture, A Limited Partnership (herein "D.A.N."), is an Ohio Limited Partnership with a principal place of business in Newton Falls, Ohio.  (Complaint, ¶4.2)

3.    Defendant, Charles A. Flanagan (herein "Flanagan"), at all times relevant to this action was a 50% shareholder and owner of defendant, Thompson & Peck, Inc. (herein "T & P"), an insurance agency in New Haven, Connecticut.  (Exhibit 21)

4.    Defendant, Stanley Prymas (herein "Prymas"), at all times relevant to this action was a 50% shareholder and owner of T & P.  (Exhibit 21)

5.  Defendants, Todd R. Bainer and Todd R. Bainer, LLC (herein "Bainer"), is an attorney licensed to practice law in the State of Connecticut and was corporate counsel to T & P at all times relevant to this action. (Complaint, ¶5.10)

**B.  FEDERAL COURT – The Cadle Co. v. Flanagan (3:96-CV-02648)**

6.  On December 31, 1996, Cadle brought suit in Federal Court, Civil Action No. 3:96-CV-02648(AJC), against Flanagan to collect on a $75,000.00 Promissory Note. (Complaint, ¶19)

7.  Cadle is represented by Paul M. Gaide, Esquire (herein "Gaide"). (Exhibit 109)

8.  Flanagan is represented by Leonard J. Fasano, Esquire (herein "Fasano") and then represented jointly by Fasano and Robert Skelton, Esquire (herein "Skelton"). (Exhibit 109)

9.  Cadle obtains judgment on March 20, 1997 in the amount of $90,747.87. (Exhibit 117)

10.  Cadle serves Writ of Execution, dated October 2, 1997, on Flanagan. (Exhibit 68A; Complaint, ¶44)

11.  T & P is served with Writ of Property Execution, dated January 5, 1998. (Complaint, ¶59)

12.  Bainer, corporate counsel for T & P, writes to Fasano on January 13, 1998, saying, inter alia, that T & P was obligated to pay over 1099 funds to Cadle pursuant to the

Execution unless there is a legitimate reason for Flanagan to object to the Execution. (Exhibit 23)

13. Flanagan <u>personally</u> fills out Execution Claim of Exemption, stating "the only property held by Thompson & Peck is wages and therefore not subject to a property execution." (Exhibit 25)

14. Fasano, on behalf of Flanagan, files Objection to Property Execution in federal court action. (Exhibit 24)

15. At March 9, 1998 hearing on Application for Cadle for post judgment examination of judgment debtor, Flanagan asserts Fifth Amendment. (Complaint, ¶21)

16. On April 13, 1998, Covello, J., grants Cadle's Application for Turnover Order and Cadle's Motion to Compel. (Exhibit 127)

17. On or about September 23, 1998, Covello, J. grants Flanagan's Motion for Reconsideration, but denies relief requested. (Complaint, ¶27)

18. Flanagan files Notice of Compliance on October 21, 1998 stating his T & P stock certificate is in possession of Sharon Demetropoulous. (Exhibit 1)

19. On October 22, 1998, Flanagan files Amended Notice of Compliance stating his T & P stock certificate is in possession of Sharon Demetropoulous as security for loan prior to March 9, 1998 Injunction. (Exhibit 2)

20. On October 6, 1998, Covello, J. issues Show Cause Order, requesting Flanagan to attend Contempt Hearing on November 16, 1998. (Complaint, ¶29)

21. Flanagan files Second Amended Notice of Compliance, dated November 12, 1998, stating the stock certificate in possession of Socrates Babacus as security for $120,000.00 loan on or about June 19, 1997. (Exhibit 6)

22. On or about November 12, 1998, a second Execution is served on T & P. (Exhibit 162)

23. At November 16, 1998 Show Cause Hearing, Covello, J. orders Flanagan to federal prison until Flanagan complies with Order. Gaide gives Flanagan pay off number. (Complaint, ¶32) (Fasano deposition, March 14, 2003, p. 123)

24. On November 19, 1998, Flanagan borrows $110,000.00 from father and pledges stock to father. (Exhibit 60)

25. Also on November 19, 1998, Flanagan pays judgment amount of $99,542.87 into federal court. (Complaint, ¶36)

26. On December 3, 1998, Covello, J. grants Flanagan's Motion to Vacate Judgment and also vacates injunction against transfer of assets. (Complaint, ¶37)

C.   **FLANAGAN V. PRYMAS, CV-96-0135292S**

     27.     In 1996, Flanagan sued Prymas in Superior Court relating to compensation, control and administrative decision-making issues at T & P.  (Complaint, ¶58)

     28.     Flanagan was represented by David Reilly, Esquire.  (Exhibit 21)

     29.     Prymas was presented by William J. Gallagher, Esquire.  (Exhibit 21)

     30.     The litigation was resolved on June 17, 1997, by virtue of a Settlement Agreement.  (Exhibit 21)

     31.     By the terms of the Settlement Agreement, Flanagan was to receive $75,000.00 to be paid over three years in bi-monthly installments.  (Exhibit 21)

     32.     By the terms of the Settlement Agreement, an Auxiliary Committee was created adding one more member to the Board of Directors.  (Exhibit 21)

     33.     By the terms of the Settlement Agreement, the Auxiliary Committee had to approve and ratify a Stockholders Agreement within one year of the date of the settlement, June 17, 1997.  (Exhibit 21)

     **a.**     **Restrictive Stock Legend**

     34.     Bainer, as corporate counsel, prepared said Shareholders Agreement, which included a "Buy-Sell" Agreement (herein "Buy-Sell") in the event of stalemate and disagreement between Flanagan and Prymas.  (Exhibit 57)

35.  As a provision of the Buy-Sell, a restrictive stock legend was to be placed on the respective stock certificates of Flanagan and Prymas.  (Exhibit 57)

36.  Flanagan and Prymas executed the Shareholders Agreement on August 21, 1998 in the presence of each other and Bainer.  (Exhibit 57)

37.  Bainer personally typed the restrictive legends on the respective stock certificates of Flanagan and Prymas and then handed each of them back their stock certificates.  (Complaint, ¶48)

    b.  **$75,000.00 Payment**

38.  Payment of the $75,000.00 was determined by the T & P accountant and Flanagan's personal accountant to be legally either 1099 settlement income or W-2 wages.  (Prymas deposition, January 29, 2004, p. 21)

39.  Flanagan and Prymas, as owners of T & P, were obligated under the terms of a loan agreement with Sun Trust to limit management salaries to a certain percentage of company revenues, otherwise they risked default under the loan.  (Prymas deposition, January 29, 2004, p. 20-21)

40.  Because of their concern about this provision in Sun Trust Loan Agreement, they opted to have the $75,000.00 paid as 1099 income in 1997.  (Prymas deposition, January 29, 2004, p. 22)

41. On or about January 5, 1998, T & P was served with a Property Execution in the federal court matter <u>Cadle v. Flanagan</u>, 3:96-CV-02648. (Complaint, ¶59; Prymas deposition, January 29, 2004, p. 99-100)

42. In response to said execution, Bainer wrote to Flanagan's counsel, Fasano, by letter dated January 13, 1998 stating that T & P was obligated to pay over 1099 funds to Cadle pursuant to the Execution unless there was a legitimate reason for Flanagan to object to the Execution. (Exhibit 23)

43. T & P withheld from Flanagan payment of the bi-monthly settlement. (Prymas deposition, January 29, 2004, p. 35)

44. Flanagan <u>personally</u> fills out Execution Claim of Exemption, stating "the only property held by Thompson & Peck is wages and therefore not subject to a property execution." (Exhibit 25)

45. Fasano, on behalf of Flanagan, files Objection to Property Execution in federal court action. (Exhibit 24)

46. Payments to Flanagan resume in May 1998 as W-2 wages, subject to existing attaching creditors' liens. (Prymas deposition, January 29, 2004, p. 144)

**D.     OTHER CADLE/D.A.N. LITIGATION AGAINST FLANAGAN**

47. On or about September 1, 1995, D.A.N. brings suit against Flanagan in New Haven Superior Court, CV-95-0378422S, to collect on $550,000.00 note upon which Flanagan defaulted. (JIS)

48. On or about January 15, 1999, D.A.N. obtains $800,000.00 Prejudgment Remedy against Flanagan. D.A.N. requests that Flanagan's stock be kept by the court as security for the Prejudgment Remedy and said relief is denied by the court. (Adams deposition, February 13, 2004, p. 36-38)

49. On or about September 18, 1995, D.A.N. brings suit against Flanagan in Litchfield Superior Court, CV-95-0069365S, to collect on $60,000.00 and $200,000.00 notes on which notes Flanagan defaulted. (JIS)

50. On or about April 15, 1998, D.A.N. obtains $321,546.27 judgment. (Exhibit 163)

51. On or about December 18, 1998, Peoples Bank assigns judgment in the amount of $128,217.00 against Flanagan to Cadle in CV-96-0333436S. (Exhibit 164)

52. On or about December 18, 1998, Cadle serves Post Judgment Interrogatories on T & P employees. (Exhibits 163 and 164, in connection with the Litchfield action and the Peoples Bank action).

53. On or about December 30, 1998, D.A.N. serves Notice of Deposition of T & P. (Exhibit 28)

54. By letter dated December 31, 1998, Bainer writes to Restelli who represents Cadle, accusing him of harassment. (Exhibit 28)

55. On or about January 7, 1999, Bainer files a Motion for Protective Order regarding December 30, 1998 deposition notices. (JIS)

56. On or about January 19, 1999, T & P employees respond to Post Judgment Interrogatories. (Exhibit 164)

57. Flanagan files Chapter 11 Bankruptcy Petition on February 17, 1999. (Complaint, ¶70)

58. By letter dated February 19, 1999, Bainer writes to Restelli who represents Cadle accusing him of harassment. (Exhibit 29)

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By_____
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

9

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on April 27, 2004:

F. Dean Armstrong, Esquire
639 Perth Avenue
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Douglas S. Skalka, Esquire
James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

_____
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\362424\1