UNITE STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CADLE COMPANY and             :
D.A.N. JOINT VENTURE,             :        Case No.: 3:01 cv 531 (AVC)
A LIMITED PARTNERSHIP             :
                                  :
                                  :
v.                                :
                                  :
CHARLES A. FLANAGAN, ET AL.       :

## AFFIDAVIT OF CHARLES A. FLANAGAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF CONNECTICUT   }
                              ss:  New Haven
COUNTY OF NEW HAVEN   }

I, Charles Atwood Flanagan, being duly sworn, do depose and say:

1.      I am over the age of 18 years and understand the obligations of an oath. I am defendant in this case. I make this affidavit in connection with the Motion for Summary Judgment against the Cadle Company and D.A.N. Joint Venture, L.P.

2.      On February 17, 1999 (the "Petition Date"), I filed a voluntary petition for relief with the United States Bankruptcy Court, District of Connecticut (the "Bankruptcy Court") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). From the Petition Date through January 16, 2003, I managed my assets and liabilities as a debtor in possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. On January 16, 2003, my case was converted to one under Chapter 7 of the Bankruptcy Code and Bonnie C. Mangan, Esq. was appointed Chapter 7 Trustee.

3.      I am a defendant in the above-captioned action along with Lisa G. Flanagan (my wife), Angela Cimino Burr (my mother-in-law). MJCC Corp., MJCC Realty Limited Partnership, Socrates T. Babacus, Leonard A. Fasano (my attorney prior

to the Petition Date), Fasano & Ippolito, Todd R. Bainer (counsel to Thompson & Peck, Inc.), Todd R. Bainer, LLC, Stanley F. Prymas (my former business partner), Thompson & Peck, Inc. (my former business) and Joseph Caporale.

4.     On April 20, 2001, my attorneys filed on my behalf a motion with the Bankruptcy Court titled "Motion to Compel The Cadle Company and D.A.N. Joint Venture, L.P and For Sanctions for Violation of Automatic Stay" wherein I requested an order of the Bankruptcy Court determining that by commencing this action, the Plaintiffs willfully violated the automatic stay contained in Section 362 of the Bankruptcy Code. On May 16, 2001, Judge Albert S. Dabrowski of the Bankruptcy Court ruled that the Plaintiffs willfully violated the automatic stay contained in Section 362 of the Bankruptcy Code and ordered the Plaintiffs to file a notice of dismissal of this action as to me only. Subsequently, however, the Plaintiffs received permission from this Court to reinstate this action against me.

5.     I am informed by my attorneys that in the Plaintiffs' the Second Amended Complaint and Jury Demand dated August 30, 2002 (the "Complaint"), the Plaintiffs allege wrongful conduct from 1992 through 1999 and seek damages of $2,400,000.00 against the Defendants other than me. Against me, however, the Plaintiffs only seek damages caused by my alleged wrongful conduct which occurred from and after my bankruptcy filing on February 17, 1999.

6.     Additionally, I am informed by my attorneys that the Plaintiffs have admitted that their only damage claim against me relates to the ethics complaints (the "Grievances") I filed against Paul Gaide, Esq.  Apparently, the Plaintiffs claim they paid over $50,000 in legal fees to defend the Grievances.

7.     I filed the Grievances on February 18, 1999, March 3, 1999 and March 4, 1999. The Grievances, in summary, alleged the following violations: Gaide, who was representing Cadle at the time, harassed my minor children by having a Connecticut deputy sheriff serve post judgment interrogatories upon them. Also, he directly contacted my then business partner, Stanley F. Prymas (also a defendant herein), even though Prymas was represented by counsel at the time. Although Prymas' counsel authorized Gaide to speak to Prymas on certain topics, his interrogation of Prymas went well beyond the scope of his authority.

8.     Gaide's conduct was initially found by a Local Panel of the Statewide Grievance Committee to have violated the Rules of Professional Conduct. A copy of their Finding of Probable Cause is attached as <u>Exhibit A</u>. Afterwards, the Reviewing Committee of the Statewide Grievance Committee held 13 days of hearings to review the finding of Local Panel, from October 14, 1999 through October 25, 2001, and determined that there was not clear and convincing evidence that Gaide's conduct violated Connecticut's ethics rules. A copy of the Decision of the Statewide Grievance Committee is attached as Exhibit B.

_____
Charles A. Flanagan

Subscribed and sworn to before me on April 29, 2004.

_____
Commissioner of the Superior Court/Notary Public

# EXHIBIT A

# •STATE OF CONNECTICUT
## GRIEVANCE PANEL

Atherton B. Ryan
P. O. Box 568
Rockville, CT 06066

Attorney for the Panel
Judicial District of Hartford-New Britain
Geographical Areas 12, 15, 16 & 17

July 26 1999

Atty. Paul Morgan Gaide
30 Tower Lane
Avon, CT 06001

Mr. Charles A. Flanagan
321 Whitney Avenue
New Haven, CT 06511

RE: #98-0702 Flanagan vs. GAIDE, Paul Morgan

Dear Parties,                 **FINDING OF PROBABLE CAUSE**

This Local Grievance Panel has carefully considered the complaint and such additional information as the parties have submitted. Based upon the Panel's review of the available information, the Panel has determined that no hearing is necessary and none has been conducted.

Based upon its careful review of the facts of this case, the Panel has determined at its meeting held the date of this letter that PROBABLE CAUSE EXISTS that the attorney referred to is guilty of a violation of the Rules of Professional Conduct as set forth below.

Respondent initiated contact with a director of a corporation where Respondent knew the director was represented personally which was a violation of Rule 4.2. Respondent's service upon Complainant's children of interrogatories and encouragement to the sheriff to press the children as well as interrogation of employees of Complainant's insurance firm constituted harrassment in violation of Rule 4.4.

You are being notified herewith of the Panel's determination pursuant to Practice Book Section 27F(g). This determination is made without prejudice to such claims as you may have elsewhere. The Statewide Grievance Committee will conduct a hearing on this matter pursuant to Practice Book Section 27I(c). It will notify each of you when the hearing is scheduled. Any further inquiries or correspondence should be directed to Statewide Bar Counsel, 287 Main Street, East Hartford, Ct. 06118-1885.

Very truly yours,

GRIEVANCE PANEL

ATHERTON B. RYAN
Local Bar Counsel

cc:    Statewide Grievance Committee

NBLT699.DOC

# EXHIBIT B

# STATEWIDE GRIEVANCE COMMITTEE

Charles A. Flanagan
    Complainant

                        :

vs.                         :       Grievance Complaint #98-0702

Paul Morgan Gaide
    Respondent

                        :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted hearings at the Superior Court, 1 Court Street, Middletown, Connecticut on October 14, 1999, June 8, 2000, October 13, 2000, April 6, 2001, May 8, 2001, May 24, 2001, August 8, 2001, September 18, 2001, September 19, 2001, October 24, 2001 and October 25, 2001. The hearings addressed the record of the complaint filed on February 22, 1999, and the probable cause determination filed by the Hartford/New Britain Judicial District, Geographical Areas 12, 15, 16 and 17 Grievance Panel on July 29, 1999, finding that there existed probable cause that the Respondent violated Rules 4.2 and 4.4 of the Rules of Professional Conduct.

Notice of the October 14, 1999 hearing was mailed to the Complainant and to the Respondent on September 7, 1999. Notice of the June 8, 2000 hearing was mailed to the Complainant and to the Respondent on April 17, 2000. Notice of the October 13, 2000 hearing was mailed to the Complainant and to the Respondent on August 14, 2000. Notice of the April 6, 2001 hearing was mailed to the Complainant and to the Respondent on March 21, 2001. Notice of the May 8, 2001 hearing was mailed to the Complainant and to the Respondent on April 23, 2001. Notice of the May 24, 2001 hearing was mailed to the Complainant and to the Respondent on May 14, 2001. Notice of the August 8, 2001 hearing was mailed to the Complainant and to the Respondent on July 12, 2001. Notice of the September 18, 2001 hearing was mailed to the Complainant and to the Respondent on June 22, 2001. Notice of the September 19, 2001 hearing was mailed to the Complainant and to the Respondent on June 22, 2001. Notice of the October 24, 2001 hearing was mailed to the Complainant and to the Respondent on October 2, 2001. Notice of the October 25, 2001 hearing was mailed to the Complainant and to the Respondent on October 2, 2001.

Both the Complainant and the Respondent attended the hearings before this reviewing committee and testified. Attorney Todd Bainer represented the Complainant at the hearings before this reviewing committee until the October 13, 2000 hearing. Attorney Brad Cooney represented the Complainant at the hearings subsequent to the October 13, 2000 hearing. Attorney Edward Jurkiewicz and Attorney F. Dean Armstrong, Pro Hac Vice, represented the Respondent at the hearings before this reviewing committee. Attorney William F. Gallagher, Stanley Prymus, Attorney Thomas Restelli, Mary Lyons and Benjamin Mazzucco testified as witnesses. Exhibits were received into evidence.

Grievance Complaint #98-0702
Decision
Page 2

This reviewing committee finds the following:

The Respondent represented the Cadle Company in collection matters against the Complainant. The Respondent contacted Stanley Primus, in connection with the Respondent's collection matters against the Complainant. The Respondent obtained the permission of Mr. Primus' counsel, Attorney William Gallagher, prior to communicating with Mr. Primus.

All efforts by the Respondent to collect from the Complainant were unsuccessful. The Respondent came to believe that the Complainant was hiding his assets in his childrens' assets. The Respondent caused interrogatories to be served upon the Complainant's minor children in an attempt to discover assets of the Complainant. The Respondent also caused interrogatories to be served upon employees of the Complainant's insurance business in an attempt to discover assets of the Complainant.

Attorney William Gallagher testified that he represented Stanley Primus. Attorney Gallagher also testified that he gave the Respondent permission to speak with Mr. Primus.

Attorney Thomas Restelli testified that he was the Respondent's associate. Attorney Restelli testified that he issued interrogatories on the Complainant's employees at the Respondent's direction. Stanley Primus testified that he was a business partner of the Complainant. Mr. Prymus testified that he and the Complainant had an adversarial relationship at times. Mr. Primus further testified that the Respondent's service of interrogatories upon his employees was disruptive to his business. Mary Lyons testified in her capacity as an employee of Fleet Bank in Connecticut for document authentication purposes. Benjamin Mazzucco testified that he made abode service, in his capacity as a deputy sheriff of interrogatories issued by the Respondent, upon the Complainant's children.

This reviewing committee cannot conclude by clear and convincing evidence that the Respondent violated the Rules of Professional Conduct:

There does not exist clear and convincing evidence that the Respondent, in representing the Cadle Company, communicated about the subject of the representation with a party that the Respondent knew to be represented by another lawyer in the matter, without the consent of the other lawyer. The Respondent obtained the consent of Attorney William Gallagher prior to communicating with Stanley Primus.

There does not exist clear and convincing evidence that the Respondent, in representing the Cadle Company, used means that have no substantial purpose other than to embarrass, delay, or burden the Complainant's employees or minor children, or use methods of obtaining evidence that violate the legal rights of the Complainant's employees or minor children. Legal authority

Grievance Complaint #98-0702
Decision
Page 3

exists for service upon the Complainant's minor children, and employees. See LaRosa v. Lupoli, 44 Conn. App. 225 (1997), Rules 4(g) and 71 of Federal Rules of Civil Procedure, and Rule 7071 of the Federal Rules of Bankruptcy Procedure. The Respondent believed, under the circumstance of this case, that the Complainant was hiding assets and that interrogatories might reveal those assets. Accordingly, this reviewing committee dismisses this complaint.

_____
Attorney Kerry Tarpey

_____
Attorney Carl Fortuna, Jr.

_____
Mr. Terrance K. Nichols

(5)
kag

## CERTIFICATION

This is to certify that a copy of the foregoing was sent, via U.S. Mail, postage prepaid, on

April 29, 2004 to:

Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205

F. Dean Armstrong
639 Perth Ave.
Flossmoor, IL 60422

David G. Hill
Halloran & Sage
One Goodwin Sq.
225 Asylum St.
Hartford, CT 06103

Peter C. Schwartz, Mary Anne Charron
R. Bradley Wolfe, Gerald R. Swirsky
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Barbara L. Cox
William F. Gallagher
Gallagher & Calistro
1377 Boulevard, Po Box 1925
New Haven, CT 06509-1925

Todd R. Bainer
Cooney & Bainer, P.C.
71 Cedar St.
Branford, CT 06405

Bradley K. Cooney
69 Island Ave.
Madison, CT 06443

By: _____

James A. Lenes (CT 10408)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Telephone No. (203) 821-2000