**1UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>     Plaintiff | : <br> : <br> : | Case No. 3:01-CV 531<br>     (AVC) |
| VS. | : <br> : | |
| CHARLES A. FLANAGAN, ET AL<br>     Defendants | : <br> : | APRIL 30, 2004 |

**REPLY TO PLAINTIFF'S RESPONSE TO STANLEY F PRYMAS/THOMPSON & PECK, INC.'S
MOTION TO COMPEL COMPLAIANCE WITH THE COURT'S STANDING ORDER AND DISCOVERY REQUESTS OR, IN THE ALTERNATIVE, MOTION TO PRECLUDE**

This memorandum is submitted in reply to plaintiffs' opposition to the Prymas/T&P motion to compel/preclude.

Contrary to plaintiffs' assertions, this Court's ruling on defendants' motion to dismiss is not determinative of the issues raised in the instant motion to compel. As plaintiffs recognize, defendants' motion to dismiss asked the Court to decide whether the amended complaint failed to state a claim upon which relief could be granted. In contrast, the issues raised by the pending motion are (1) the sufficiency of plaintiffs' compliance with this Court's Standing Order to provide certain information, organized in certain categories, in the form of a RICO Case Statement; and (2) the failure of the

1

plaintiffs to provide information in response to defendants' interrogatories. The Court's ruling on the motions to dismiss addressed neither of these issues.

Plaintiffs are simply wrong that the *only* purpose of the RICO Case Statement is to assist the Court. As our court of appeals has recognized, the purpose of the RICO Statement is also to aid the defendants as well as the Court. <u>E.g.</u>, <u>Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.</u>, 271 F.3d 374, 386 (2d Cir. 2001) ("A standing order of this nature may appropriately require a plaintiff to set forth the information it possesses in helpfully categorized form, as an aid to the court and ***to the accused defendant***.") (emphasis added). The purpose of the RICO Case Statement is plainly to assist the defendants in understanding the nature of the claims asserted against them.

Plaintiffs' RICO Case Statement utterly fails to serve this purpose. Plaintiffs' claim of bankruptcy fraud illustrates the problems for both the Court and the defendants in divining the basis of plaintiffs' claims. Plaintiffs' allegation of bankruptcy fraud fails to provide any meaningful information about which defendants or which conduct forms the basis of that claim:

> **80.1. Bankruptcy Fraud.** The conduct of the Defendants described herein constitutes bankruptcy fraud in violation of 18 U.S.C. § 152, 18 U.S.C. § 157 and 11 U.S.C. §

2

> 548 in that the Defendants provided knowing and substantial assistance to Flanagan in connection with the fraudulent transfer of Flanagan's assets as set forth above; Flanagan's assertion of the bogus Babacus debt; and the filing of fraudulent bankruptcy schedules and statements of financial affairs.

Second Amended Complaint, ¶ 80.1.

Nowhere in either the complaint or the RICO Case Statement is the specific conduct forming the basis of bankruptcy fraud disclosed. Moreover, neither the complaint nor the RICO Statement identifies the defendants against whom bankruptcy fraud is asserted. Nowhere in the pleadings of this case have the plaintiffs identified which conduct of which defendants forms the basis of the predicate act of bankruptcy fraud. The insufficiency of the RICO Case Statement is more egregious in light of the requirement imposed by F.R.Civ.P.9(b)'s requirement that averments of fraud be stated with particularity.

Defendants Prymas and T&P are utterly at a loss in attempting to understand whether plaintiffs have asserted a bankruptcy fraud claim against them. Plaintiffs have steadfastly refused to identify in any manner which predicate acts they assert Prymas and T&P committed. Prymas and T&P should not have to guess, at this late stage of the litigation, which of their acts plaintiffs contend form the basis of the RICO claims asserted in this lawsuit.

3

Defendants should not have to defend against the broad brush RICO claims asserted in this action blind. They are entitled to know definitively the factual and legal nature of the claims against them.

Plaintiffs should be sanctioned for their failure to obey a standing order of this Court and to provide responsive and meaningful information requested in discovery. Plaintiffs' continued resistance to identify the conduct alleged to form predicate acts is simply bad faith. The Court should preclude evidence of unidentified "predicate acts" by Thompson and T&P at trial. Alternatively, the Court should compel plaintiffs to immediately identify in detail the particular Prymas/T&P conduct they contend form the basis of specified predicate acts, or face preclusion of such evidence at trial.

Respectfully submitted,

DEFENDANTS, STANLEY F.
PRYMAS and THOMPSON &
PECK, INC.


BY: _____

Barbara L. Cox
Federal Bar #ct08523
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509
Tel:  203-624-4165
Fax:  203-865-5598

5

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was mailed on this 30th day of April, 2004, to the following:

Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
Tel. 7-8/798-1599
Fax: 7-8/798-1597

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
Peter C. Schwartz, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

　　　　　　　　　　　　　　　_____BA
　　　　　　　　　　　　　　　　　　RBARA L. COX