**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE CADLE COMPANY** and **D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP,** | § | **No. 3:01CV531(AVC)** |
| Plaintiffs, | § | |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.** | § | **May 11, 2004** |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANTS LEONARD A. FASANO AND FASANO, IPPOLITO & LEE, LLC**

**A. Payment**

1. In their Second Affirmative Defense, Defendants Leonard A. Fasano and Fasano, Ippolito & Lee, LLC (collectively, "Fasano") claim that "Defendant Flanagan paid all sums due in the Federal Court Collection Action to Plaintiff; therefore, Plaintiff suffered no loss in said action." There is no basis for the affirmative defense of payment as asserted by the Fasano Defendants.

2. Summary judgment is appropriate as to the affirmative defense of payment because:

(a) there is no evidence to support the affirmative defense of payment as asserted by the Fasano Defendants; and

(b) while Plaintiff TCC received full payment on the final judgment rendered in the Federal Court Action, Plaintiffs did not receive full payment on the other judgment claims that Plaintiffs held against Flanagan.

**B. Waiver And Estoppel**

3. In their Third Affirmative Defense, the Fasano Defendants claim that "Plaintiffs' claim is barred by the doctrine of waiver and estoppel." There is no evidence to support the affirmative defenses of waiver and estoppel as asserted by the Fasano Defendants.

4. Summary judgment is appropriate as to the affirmative defenses of waiver and estoppel because:

(a) there is no evidence to support the affirmative defense of waiver as asserted by the Fasano Defendants; and

(b) there is no evidence to support the affirmative defense of estoppel as asserted by the Fasano Defendants.

**C. Satisfaction**

5. In their Fourth Affirmative Defense, the Fasano Defendants claim that "Plaintiffs' claim is barred by the doctrine of satisfaction." There is no evidence to support the affirmative defense of satisfaction as asserted by the Fasano Defendants.

6. Summary judgment is appropriate as to the affirmative defense of satisfaction because:

(a) there is no evidence to support the affirmative defense of satisfaction as asserted by the Fasano Defendants; and

(b) while TCC received full payment on the final judgment rendered in the Federal Court Action, Plaintiffs did not receive full payment on the other judgment claims that Plaintiffs held against Flanagan.

**D. Unclean Hands**

7. In their Fifth Affirmative Defense, the Fasano Defendants claims that "Plaintiffs come to court with unclean hands." There is no evidence to support the affirmative defense of unclean hands as asserted by the Fasano Defendants.

8. Summary judgment is appropriate as to the affirmative defense of unclean hands because:

(a) there is no evidence to support the affirmative defense of unclean hands as asserted by the Fasano Defendants; and

(b) there is no evidence that any alleged improper conduct on the part of Plaintiffs has any connection with the claims of Plaintiffs against the Fasano Defendants in this suit, and thus there is no basis for the affirmative defense of unclean hands.

**PRAYER**

Pursuant to Rule 56(c), Fed.R.Civ.P., Plaintiffs respectfully request that the Court enter summary judgment against the Fasano Defendants as to the Affirmative Defenses asserted by the Fasano Defendants.

Respectfully submitted,
ARMSTRONG LAW FIRM

DATED: May __, 2004.

By______________________________

F. Dean Armstrong
Ct. Fed. Bar #CT22417
1324 Dartmouth Road
Flossmoor, IL 60422
(708) 798-1599
Fax (708) 798-1597

Edward C. Taiman, Esq.
SABIA & HARTLEY, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205
(860) 541-2077
Fax (860) 713-8944

Attorneys for Plaintiffs
The Cadle Company and
D.A.N. Joint Venture,
A Limited Partnership

**Certificate of Service**

I certify that a correct copy of the foregoing instrument was faxed and mailed on May __, 2004 to all defense counsel as shown on the attached Service List.

______________________________
F. Dean Armstrong