UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | September 7, 2004 |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED FACTS**

Rather than confront Plaintiffs' Motion for Summary Judgment on the merits, Defendants Todd R. Bainer and Todd R. Bainer, L.L.C. (collectively, "Bainer"); Leonard A. Fasano and Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.) (collectively, "Fasano"); Stanley F. Prymas ("Prymas"); Thompson & Peck, Inc. ("T&P"); and Charles A. Flanagan ("Flanagan") seek to strike all or a substantial portion of the statements in Plaintiffs' Local Rule 56(a)(1) Statement of Undisputed Facts.  In some instances the Defendants are correct -- Plaintiffs, like the Defendants in their separate Local Rule 56(a)(1) Statements, did fail to cite to the summary judgment evidence which supports the Statement. In numerous instances, however, there was simply a "no evidence" representation.  Plaintiffs will correct those Statements in an Amended Rule 56(a)(1) Statement.

In a couple of other instances, there were some mistakes and typographical errors in the cited summary judgment evidence.

-1-

Again, Plaintiffs will correct those mistakes in an Amended Rule 56(a)(1) Statement.

The vast majority of the objections raised by the Defendants, however, are either without merit or are of such a nature that the purported factual disputes raised should be addressed in the context of the Defendants' Responses to Plaintiffs' Motion for Summary Judgment.

In any event, sanctions are not appropriate -- there was no bad faith by anybody.  Indeed, if sanctions are appropriate against Plaintiffs, they are appropriate against the Defendants for the same mistakes that they made in their Rule 56(a)(1) Statements.  Plaintiffs, however, have chosen to deal with the real issue -- the factual disputes in connection with the Defendants' Motions for Summary Judgment -- rather than avoiding those issues by the filing of a separate motion to strike. Plaintiffs respectfully request that the Court deny the Defendants' Joint Motion to Strike and order the Defendants to address their concerns about Plaintiffs' Rule 56(a)(1) Statement in connection with their responses to Plaintiffs' Motion for Summary Judgment.

Plaintiffs respond to the Defendants' Motion to Strike as follows:

(13) The submitted reference, Px 105, does in fact support Statement 13.  Plaintiffs did, however, leave off the reference to page 199 of Flanagan's deposition (Px A(1)) wherein Flanagan

-2-

testified that the location of his stock had nothing to do with the I.R.S. investigation.

(17) The "<u>id</u>." reference in Statement 17 referred to the immediately preceding citation in Statement 17 -- Px D -- and <u>not</u> the citations in Statement 16.  Statement 17 is fully supported by Px D p. 28.

(30) Plaintiffs did, in fact, quote the wrong section of the Property Execution, and will correct that mistake in an Amended Rule 56(a)(1) Statement.

(32) Statement 32 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(33) Plaintiffs did, in fact, cite the wrong page of Flanagan's deposition (it should have been p. 55) and will correct this mistake in an Amended Rule 56(a)(1) Statement.

(35) Statement 35 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(37) Statement 37 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In light of the admissions made by Bainer at p. 2 of Px 72, it is puzzling as to why the Defendants would challenge Statement 37.

(39) Plaintiffs did, in fact, cite the wrong exhibit (it should have been Px B) and will correct this mistake in an Amended Rule 56(a)(1) Statement.

(40) Statement 40 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(41) Plaintiffs did, in fact, leave off reference to an additional page from Bainer's deposition (p. 224) and will correct this mistake in an Amended Rule 56(a)(1) Statement.

(44) Statement 44 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(45) Statement 45 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 45 is supported by Pxs 25A & 25B, as well as Judicial Notice of the Federal Court file.

(46) The Defendants are correct that Plaintiffs did not cite any summary judgment evidence to support the second portion of Statement 46. Plaintiffs will cite to appropriate summary judgment evidence in an Amended Rule 56(a)(1) Statement.

(48) Statement 48 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(50) Statement 50 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(51) Statement 51 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 51 is supported by Px 65.

(52) Statement 52 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 52 is supported by Px B p. 223 and Px 72 p. 2.

(53) Statement 53 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 53 is supported by Px B p. 223 and Px 72 p. 2.

(54) Statement 54 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 54 is supported by Px B. p. 223 and Px 72 p. 2.

(55) Statement 55 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be

addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 55 is supported by Pxs 114 & 142.

(56) Statement 56 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(62) Statement 62 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(63) Statement 63 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 63 is supported by Px F pp. 29, 51-52 & 56.

(65) Statement 65 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(66) Statement 66 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(67) Statement 67 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(70) The Defendants are correct that Plaintiffs did not cite any summary judgment evidence to support Statement 70. Plaintiffs will cite to appropriate summary judgment evidence in

an Amended Rule 56(a)(1) Statement.  Plaintiffs have the same response to Statement Nos. 98, 110, 111, 115, 121, 159, 162, 174, 187, 194, 196, 198, 200, 202, 206, 208, 211, 214, 215, 216, 217, 219, 220, 221, 222, 223, 224 and 225.

(71) Plaintiffs did, in fact, cite the wrong exhibit (it should have been Px 110) and will correct this mistake in an Amended Rule 56(a)(1) Statement.

(72) Statement 72 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 72 is supported by Px 20.

(75) Statement 75 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(78) Statement 78 is relevant and fairly supported by the cited references, which include admissions by T&P's counsel.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 78 is supported by Px D p. 22.

(79) Statement 79 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(82) There are some typographical errors in Statement 82. The first Motion for Turnover Order was filed on February 2, 1998, which sought a turnover of Flanagan's assets, and which was

received by T&P and Bainer on February 4, 1998 (see fax by-line on top of page and Px 69). In addition, revised Statement 82 is supported by Px 69 and Px B pp. 200-01; 66-67; & 163-64. Plaintiffs will correct those mistakes in an Amended Rule 56(a)(1) Statement.

(85) Statement 85 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 85 is supported by Px 78 pp. 3-4; Px A(1) p. 199; Px 188 p. 3 #9 and Px 186 p. 2 ¶¶5 & 10.

(90) Plaintiffs did, in fact, cite to the wrong exhibit number (it should have been Px 186 p. 2 ¶6), which will be corrected in an Amended Rule 56(a)(1) Statement. In addition, Plaintiffs will cite to the appropriate pages to identify the witnesses for Px G(1) and Px G(2).

(91) Plaintiffs did, in fact, fail to cite to the appropriate pages of Px G(1) and Px G(2) to identify the appropriate witness, which will be corrected in an Amended Rule 56(a)(1) Statement.

(92) Statement 92 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 92 is supported by Px B p. 18 and Pxs 70; 72 p. 2; 135 p. 2; and 194.

(93) Statement 93 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 94 is supported by Pxs 114 and 142.

(94) Statement 94 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(96) Statement 96 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 96 is supported by Pxs 18, 3, 56 & 195.

(97) Statement 97 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 97 is supported by Px 72 p. 2.

(99) Statement 99 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 99 is supported by Px M.

(100) Plaintiffs did, in fact, cite to the wrong exhibit (it should have been Px A) and will correct this mistake in an Amended Rule 56(a)(1) Statement.  In addition, Statement 100 is supported by Px A(8) pp. 4 & 95-96.

(101) Plaintiffs did, in fact, cite to the wrong exhibit (it should have been Px 187) and will correct this mistake in an Amended Rule 56(a)(1) Statement.

(105) Plaintiffs did, in fact, cite the wrong page of Px C (it should have been p. 70), which will be corrected in an Amended Rule 56(a)(1) Statement. In addition, Plaintiffs will cite to the witness page for Px J.

(106) The Defendants are correct that Plaintiffs did not cite to the appropriate summary judgment evidence to support Statement 106. Plaintiffs will cite to appropriate summary judgment evidence in an Amended Rule 56(a)(1) Statement.

(107) Statement 107 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(109) Plaintiffs did, in fact, cite to the wrong exhibit number (it should have been Px 190), which will be corrected in an Amended Rule 56(a)(1) Statement.

(114) Statement 114 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(116) The Defendants are correct that Plaintiffs did not cite any summary judgment evidence to support Statement 116. Plaintiffs will cite to appropriate summary judgment evidence in an Amended Rule 56(a)(1) Statement.

Case 3:01-cv-00531-AVC    Document 261    Filed 09/07/2004    Page 11 of 15

(128) Statement 128 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 128 is supported Px B p. 32.

(129) Statement 129 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 129 is supported by Px B p. 147.

(131) Statement 131 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 131 is supported by Px B p. 146.

(133) Statement 133 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.  In addition, Statement 133 is supported by Px 19.

(134) Statement 134 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(138) Statement 138 is relevant and fairly supported by the cited references (Px C p. 157).  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(143) Statement 134 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 143 is supported by Px C pp. 152-57.

(144) Statement 144 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 144 is supported by Px 21 ¶113.

(145) Statement 145 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(146) Statement 146 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(151) Statement 151 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(154) Statement 154 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 154 is supported by Px 20.

(155) Statement 155 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(160) Statement 160 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 160 is supported by Px 122.

(161) Statement 161 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(172) Statement 172 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 172 is supported by Px C p. 51.

(176) Statement 176 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 176 is supported by Px A(1) pp. 133-34.

(177) Statement 177 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 177 is supported by Px E pp. 50-52.

(178) Statement 178 is relevant and fairly supported by the cited references. Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 178 is supported by Px A(4) p. 185, Plaintiffs will identify the witness page and correct this mistake in an Amended Rule 56(a)(1) Statement.

(188) The Defendants are correct that Plaintiffs did not cite any summary judgment evidence to support Statement 188. Plaintiffs will cite to appropriate summary judgment evidence in an Amended Rule 56(a)(1) Statement.

(189) Statement 189 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses. In addition, Statement 189 is supported by Px A(1) p. 26 and Px A(5) p. 28.

(193) Statement 193 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(201) Statement 201 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(210) Statement 210 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

(212) Statement 212 is relevant and fairly supported by the cited references.  Any factual or inferential dispute should be addressed by the Defendants in their Summary Judgment Responses.

**PRAYER**

Plaintiffs respectfully request that the Court deny Defendants' Joint Motion to Strike Plaintiffs' Local Rule 56(a)(1) Statement of Undisputed Facts; grant Plaintiffs leave to

file an Amended Rule 56(a)(1) Statement; and order the Defendants to address their concerns about the summary judgment evidence in connection with their Responses to Plaintiffs' Motion for Summary Judgment.

                                                Respectfully submitted,

                                                ARMSTRONG LAW FIRM

DATED: September 7, 2004.        By_____
                                                F. Dean Armstrong
                                                Ct. Fed. Bar #CT22417
                                                1324 Dartmouth Road
                                                Flossmoor, IL 60422
                                                (708) 798-1599
                                                Fax (708) 798-1597

                                                Edward C. Taiman, Esq.
                                                SABIA & HARTLEY, LLC
                                                190 Trumbull Street
                                                Suite 202
                                                Hartford, CT 06103-2205
                                                (860) 541-2077
                                                Fax (860) 713-8944

                                                Attorneys for Plaintiffs
                                                The Cadle Company and
                                                D.A.N. Joint Venture,
                                                A Limited Partnership


## **Certificate of Service**

    I certify that a correct copy of the foregoing instrument was faxed and mailed on September __, 2004 to all defense counsel as shown on the attached Service List.


                                                _____
                                                F. Dean Armstrong