UNITE STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and | : | |
| D.A.N. JOINT VENTURE, | : | Case No.: 3:01 cv 531 (AVC) |
| A LIMITED PARTNERSHIP | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL. | : | |

**CHARLES A. FLANAGAN'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

In further support of his motion for summary judgment against the Plaintiffs The Cadle Company ("Cadle" or "TCC") and D.A.N. Joint Venture, A Limited Partnership ("DAN", collectively, the "Plaintiffs"), and in response to Plaintiffs' Amended Consolidated Response to Defendants' Motions for Summary Judgment (the "Consolidated Response"), the defendant Charles A. Flanagan ("Charles Flanagan" or "Flanagan"), through his undersigned counsel, submits the following:

In their 77 page Consolidated Response, the Plaintiffs devote only one paragraph to Flanagan's Motion for Summary Judgment. The totality of Plaintiff's argument in opposition is the following:

> Finally, Flanagan claims that Plaintiffs are not entitled to recover their attorneys' fees in defending TCC's attorney, Gaide, in connection with the baseless grievance that Flanagan filed against Gaide. The summary judgment evidence, however, shows that because Flanagan's baseless grievance against Gaide was the direct result of Gaide taking collection activities at TCC's express request, Plaintiffs were of the belief that they had a duty or obligation to defend Gaide in connection with that grievance. (Px L ¶9) Accordingly, it is a disputed issue of fact as to whether Plaintiffs are entitled to recover as RICO damages the attorneys' fees that they expended in representing Gaide in connection with the

> baseless grievance that Flanagan filed against Gaide as part of Flanagan's plan to "Sue Gaide to get him out of the litigation". (Px 7)  See Bankers Trust, 859 F.2d at 1105 (authorizing recovery of "legal fees and other expenses incurred in fighting defendants' frivolous lawsuits"); Stochastic Decisions, 995 F.2d at 1166-67.

Consolidated Response, p. 75.

The Plaintiffs do not dispute a primary factual predicate to Flanagan's Motion for Summary Judgment: that the only money damages that the Plaintiffs claim is due from Flanagan in this action is approximately $50,000.00, which is attributable to amounts spent by Cadle in providing Paul Gaide with legal counsel for his defense of the ethics complaints which Flanagan against him (the "Grievances").

Additionally, the Plaintiffs have provided no response whatsoever to Flanagan's legal arguments. The Plaintiffs have not challenged Flanagan's arguments that:

- The Plaintiffs are due no damages from Flanagan because they cannot establish a causal link between Flanagan's conduct (commencing the Grievances) and the Plaintiffs' alleged injury (having to pay Gaide's legal fees), since the Plaintiffs voluntarily and knowingly engaged in the very activity from which they claim injury. See Zito v. Leasecomm Corp., 2003 U.S. Dist. LEXIS 17236 (S.D.N.Y. 2003); In re Mastercard, 313 F.3d 257 (5th Cir. 2002); Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 187-88 (3rd Cir. 2000); and,

- The Plaintiffs cannot establish proximate causation (as required by Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992)) because even if, arguendo, the Grievances lacked merit, any resulting injury to the Plaintiffs would be secondary and not proximately caused by Flanagan's conduct. The proximate

cause of the Plaintiffs' alleged injury was Cadle's unilateral and voluntary decision to assume this cost.

The only two cases cited by the Plaintiffs, <u>Bankers Trust Co. v. Rhoades</u>, 859 F.2d 1096, 1105 (2d Cir. 1988) and <u>Stochastic Decisions, Inc. v. DiDomenico</u>, 995 F.2d 1158, 1166-67 (2d Cir., 1993) provide no guidance to the issues raised in Flanagan's motion. Both cases discuss whether attorney's fees may be an element of RICO damages when the attorney's fees are expended in representation of the allegedly injured party. Neither case discusses the separate question raised by this motion, whether a third party's attorney's fees may be proper element of damages.

The Plaintiffs' sole argument in opposition to Flanagan's Motion for Summary Judgment is that they "were of the belief that they had a duty or obligation to defend Gaide" in connection with the Grievances and, therefore, "it is a disputed issue of fact as to whether Plaintiffs are entitled to recover as RICO damages the attorneys' fees that they expended". Consolidated Response, p. 75. Plaintiffs' conclusory and self-serving statement is insufficient to meet their burden in opposing Flanagan's Motion for Summary Judgment.

"In order to defeat a summary judgment motion that is properly supported by affidavits, depositions, and documents as envisioned by Fed. R. Civ. P. 56(e), the opposing party is required to come forward with materials envisioned by the Rule, setting forth specific facts showing that there is a genuine issue of material fact to be tried." <u>Gottlieb v. County of Orange</u>, 84 F.3d 511, 518 (2d Cir. 1996). "Mere assertions or conclusory allegations are insufficient to withstand summary judgment." <u>Martin v. Town of Westport</u>, 2004 U.S. Dist. LEXIS 15349 (D. Conn. 2004); <u>accord</u> <u>Conroy v. New York State Dep't of Corr. Servs.</u>, 333 F.3d 88, 94 (2d Cir. 2003).

Not only is the Plaintiffs' assertion that they believed they had a duty to defend Gaide insufficient to defeat summary judgment, their assertion was specifically contradicted by their own employee, Alan C. Adams, the Plaintiffs' Account Officer at the time in question, who stated at his deposition that he attended the meetings when the Cadle decided to pay for Gaide's representation, Deposition Transcript of Alan C. Adams, p. 154, and that Cadle had no obligation to defend Gaide. Mr. Adams stated the following on this issue at his deposition:

> Q:   First, getting right back to the topic that Attorney Cooney was just speaking to you about, the Cadle's decision to provide Attorney Gaide with representation in the grievance hearing --
>
> A:   Yes.
>
> Q:   -- to your knowledge, was Cadle again under any obligation to provide that counsel?
>
> A:   No.
>
> Q:   Was there any contractual relationship between Mr. Gaide and Cadle or Dan over anything that might encompass a grievance hearing that you're aware of?
>
> A:   Not that I'm aware of.
>
> Q:   So it's your understanding that it was purely voluntary on Cadle's part to pay for Mr. Gaide's representation in a grievance?
>
> A:   I believe so.

Deposition Transcript of Alan C. Adams, p. 158. A copy of the relevant pages of the transcript of the Alan C. Adams deposition is attached as Exhibit C to the Affidavit of James A. Lenes previously submitted.

This absolute admission on the issue of the Plaintiffs' duty to defend Gaide cannot be countered by Mr. Dugic's mere assertion contained in an affidavit prepared in opposition to summary judgment. Absent evidence of specific facts showing that Cadle had a duty or obligation to provide Gaide's defense, the Court should find that there is no genuine issue of material fact to be tried on this issue. Summary Judgment should enter in favor of Charles Flanagan and against the Plaintiffs.

## CONCLUSION

For all of these reasons, the defendant Charles A. Flanagan respectfully requests that the Court enter summary judgment against the Plaintiffs The Cadle Company and D.A.N. Joint Venture, A Limited Partnership.

Dated: September 15, 2004         THE DEFENDANT
                                  CHARLES ATWOOD FLANAGAN


                                  By:  /s/ James A. Lenes
                                       James A. Lenes (CT 10408)
                                       Neubert, Pepe & Monteith, P.C.
                                       195 Church Street, 13th Floor
                                       New Haven, CT  06510
                                       Telephone No. (203) 821-2000

## CERTIFICATION

      This is to certify that a copy of the foregoing was sent, via U.S. Mail, postage prepaid, on September 15, 2004 to:

Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205

F. Dean Armstrong
639 Perth Ave.
Flossmoor, IL 60422

David G. Hill
Halloran & Sage
One Goodwin Sq.
225 Asylum St.
Hartford, CT 06103

Peter C. Schwartz, Mary Anne Charron
R. Bradley Wolfe, Gerald R. Swirsky
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Barbara L. Cox
William F. Gallagher
Gallagher & Calistro
1377 Boulevard, Po Box 1925
New Haven, CT 06509-1925

Todd R. Bainer
Cooney & Bainer, P.C.
71 Cedar St.
Branford, CT 06405

Bradley K. Cooney
69 Island Ave.
Madison, CT 06443

                        By:  /s/  James A. Lenes
                             James A. Lenes (CT 10408)
                             Neubert, Pepe & Monteith, P.C.
                             195 Church Street, 13th Floor
                             New Haven, CT  06510
                             Telephone No. (203) 821-2000