***1UNITED STATES DISTRICT COURT***

***DISTRICT OF CONNECTICUT***

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | Case No. 3:01-CV 531 |
|    Plaintiff | : |    (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | September 15, 2004 |
|    Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
STANLEY F. PRYMAS AND THOMPSON & PECK, INC.'S
MOTION FOR PERMISSION TO AMEND THEIR ANSWER**

**I.   STATEMENT OF FACTS**

The defendants Stanley F. Prymas and Thompson & Peck, Inc. filed their answer in this action on or about September 27, 2002. Docket item 99. Subsequent to the filing of the answer, during the preparation of this case, which involved review of hundreds of documents, it became apparent that Prymas and Thompson & Peck had an additional defense – that of reliance on the advice of counsel and an accountant.  At that time, counsel inadvertently neglected to amend the answer to assert the defense of reliance on counsel and accountant.

Consistent with the defense of reliance on advice of counsel and accountant, Prymas and Thompson & Peck waived their attorney-client privilege with respect to the advice of Thompson & Peck's corporate counsel, Todd Bainer, and permitted Bainer to produce documents from his files relating to his advice concerning the

facts underlying plaintiffs' claims against Prymas and Thompson & Peck. In addition, Stanley Prymas testified fully at his deposition about his reliance on Attorney Bainer's accountant Andrew D'Agostino's advice.

Prymas and Thompson & Peck filed a motion for summary judgment, relying in part on Prymas and Thompson & Peck's reliance on the advice of their attorney and accountant. Motion for Summary Judgment, docket items 219, 220, 221. In response to the motion for summary judgment, the plaintiffs claimed that those defendants had not asserted reliance on advice of counsel and accountant as affirmative defenses. Plaintiffs' Amended Consolidated Response to Defendants' Motion for Summary Judgment, dated September 9, 2004, p. 70-71.

In immediate response to the plaintiffs' contention in their response to the summary judgment response, that the advice of counsel has not been pled, Prymas and Thompson & Peck have moved to amend their answer to include that defense, in order to rectify an inadvertent oversight.


II. **LEGAL ARGUMENT:  Prymas and Thompson & Peck should be permitted to amend their answer to include their good faith reliance on professional advice as a defense.**

It is well settled that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires;" this mandate is to be heeded.  …. If

> the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Id. (citation omitted).

The rule articulated in Foman applies with equal force to requests to amend defendants' pleadings. Eg., Anthony v. City of New York, 339 F.3d 129, 138 n. 5 (2d Cir. 2003); Monahan v. New York City Department of Corrections, 214 F.3d 275, 283 (2d Cir. 2000); Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993); United States v. Continental Illinois National Bank & Trust Co. of Chicago, 889 F.2d 1248, 1254 (2d Cir. 1989)(reversing trial court's refusal to allow amendment of answer to assert affirmative defense as abuse of discreiton); Roloff v. Arabian American Oil Company, 421 F.2d 240, 242 (2d Cir. 1970).

The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of a showing of prejudice or bad faith by the opposing party. Block, 988 F.2d at 350. "Mere delay, … absent a showing of bad faith, or undue prejudice, does not provide a basis for a District Court to deny the right to

amend." Id. (quoting State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

The plaintiffs have not been prejudiced by the delay in formally raising the affirmative defense of reliance on professional advice. The plaintiffs have been provided ample discovery of the factual issues underlying the defendants' reliance on professional advice. There was no bad faith in the inadvertent delay in formally amending the pleadings to reflect defendants' reliance on the advice of their professional legal and financial advisors. Neither the court nor any party will suffer any harm from amendment to Prymas and Thompson & Peck's answer to assert their affirmative defense of reliance on professional advice.

Prymas and Thompson & Peck's motion for summary judgment should be construed as a motion to amend their answer. In support of their motion for summary judgment, Prymas and Thompson & Peck argued that their reliance on the advice of their corporate attorney and an accountant is a defense to the intent element of the fraud claims asserted in this action. Memorandum of Law in Support of Motion for Summary Judgment (docket item 220), pp. 13-15. The Court may treat the claims of reliance on professional advice raised in the motion for summary judgment as a motion to amend the answer under Rule 15(a). Anthony, 339 F.3d 138 n. 5 (defense raised in motion for summary judgment properly construed as a motion to amend answer); Monahan, 214 F.3d 275, 283)(district court has discretion to entertain defense raised in a motion for summary judgment by construing the motion as one to amend defendant's answer); Block, 988 F.2d

344, 350 (affirming trial court's treatment of summary judgment motion as a motion to amend); Roloff, 421 F.2d 240, 242 (affirming grant of summary judgment that in effect allowed an amendment to the defendant's answer insofar as the new defense was basis of motion for summary judgment).

Prymas and Thompson & Peck have fully raised their reliance on professional advice as a defense in this matter. The facts underlying the defense have been fully disclosed to the plaintiffs. There has been no prejudice to either the Court or to the parties in this action stemming from the inadvertent failure to formally amend the answer to assert the defense of reliance on professional advice. The failure to amend was not the result of bad faith. Consequently, the Court should permit Prymas and Thompson & Peck to amend their answer to include a defense of reliance on professional advice in this action.

        Respectfully submitted,

        DEFENDANTS, STANLEY F. PRYMAS and
          THOMPSON & PECK, INC.

BY: _____
     Barbara L. Cox
     Federal Bar #ct08523
     The Gallagher Law Firm
     1377 Boulevard
     P.O. Box 1925
     New Haven, CT  06509
     Tel:  203-624-4165
     Fax:  203-865-5598

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was mailed on the date above written to the following:

Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
Tel. 7-8/798-1599
Fax: 7-8/798-1597

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
230 Millbrook Road
North Haven, CT 06473

_____
BARBARA L. COX

6