UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | OCTOBER 14, 2004 |
|     Defendants | : | |

<u>REPLY OF DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC
TO PLAINTIFFS' AMENDED CONSOLIDATED RESPONSE TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT</u>

Defendants, Todd R. Bainer and Todd R. Bainer, LLC ("Bainer"), do not intend, through this Reply, to restate law and arguments made in his Motion for Summary Judgment and Memorandum in Support thereof. This Reply will address the different standards and elements applicable to a civil RICO cause of action brought pursuant to 18 U.S.C. §1964(c) for conspiracy under 18 U.S.C. §1962(d) as Plaintiffs devote much of their Amended Consolidated Response to Defendants' Motion for Summary Judgment (herein "Consolidated Response") to their conspiracy claim and their interpretation of what is the applicable caselaw.

From an analysis of Plaintiffs' Consolidated Response, it appears to be Plaintiffs' argument that as long as they can show Defendant Bainer had knowledge of the racketeering

enterprise and Defendant Bainer's willingness to promote the goals of the enterprise, then Defendant Bainer is liable as a co-conspirator under 18 U.S.C. §1962(d) even if he did not commit predicate acts amounting to a substantive violation under §1962(b) or (c).

Plaintiffs' cite various caselaw for its argument, however, the vast majority of cases cited by Plaintiffs are either from jurisdictions outside of our Circuit or are citations to criminal RICO cases, inapplicable to civil RICO actions brought under 18 U.S.C. §1964(c).

Plaintiffs' reliance on the U.S. Supreme Court case of Salinas v. U.S., 522 U.S. 52 (1997) is misplaced as Salinas specifically addressed 18 U.S.C. §1962(d) in a criminal context. The Supreme Court, relying on the American Law Institute's Model Penal Code and Congress' "well-settled terminology of criminal law" held that a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. Id. at 63. The Court went on to say that "it suffices that he [the co-conspirator] adopt the goal of furthering or facilitating the criminal endeavor." Id. at 65. It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public and so punishable in itself. Id.

Three years later, the U.S. Supreme Court, in Beck v. Prupis, 529 U.S. 494 (2000) again had the opportunity to address 18 U.S.C. §1962(d), this time in the context of civil RICO,

permissible under 18 U.S.C. §1964(c). The Supreme Court specifically distinguishes Salinas in footnote 6 stating:

> Petitioner suggests that we should look to criminal, rather than civil, common-law principles to interpret the statute. We have turned to the common law of criminal conspiracy to define what constitutes a violation of §1962(d), see Salinas v. United States, 522 U.S. 52, 63-65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997), a mere violation being all that is necessary for criminal liability. This case, however, does not present simply the question of what constitutes a violation of §1962(d), but rather the meaning of a civil cause of action for private injury by reason of such a violation. In other words, our task is to interpret §§1964(c) and 1962(d) in conjunction, rather than §1962(d) standing alone. The obvious source in the common law for the combined meaning of these provisions is the law of civil conspiracy.

Id. at 501. The Court very thoroughly analyzed civil common law caselaw regarding civil conspiracy and referenced authorities such as the Restatement (2d) of Torts.

Unlike criminal conspiracy, which is in and of itself a punishable offense, "conspiracy fails as a basis for the imposition of civil liability absent the actual commission of some independently recognized tort; and when such separate tort has been committed, it is that tort, and not the fact of the combination, which is the foundation of civil liability. Id. at 502. (Citations omitted) (Emphasis in original) Thus, the Supreme Court concluded that "injury caused by an overt act that is not the act of racketeering or otherwise wrongful under RICO, is not sufficient to give rise to a cause of action under §1964(c) for a violation of 1962(d)." Id. at 505.

The Court holding, however, had limitations, as it expressly declined to "resolve whether a plaintiff suing under 1964(c) for a RICO conspiracy must allege an actionable violation under §1962(a)-(c)," Id. at 506.  Consequently, the question was left to the separate Circuit courts.

The district courts of the Second Circuit have clearly answered that question, stating that "a claim under §1962(d) fails as a matter of law if the substantive claims based on the other subsections are defective." First Capital Asset Management, Inc. v. Brickellbush, 219 F. Supp. 2d 576, 588 (S.D.N.Y. 2002).  ("In the absence of contrary direction from the Supreme Court, the law of this circuit requiring actionable violations of §1962(a)-(c) in order to establish a conspiracy claim under §1962(d) controls.")  Thus, if "the prior claims do not state a cause of action for substantive violations of RICO, than a RICO conspiracy claim necessarily does not set forth a conspiracy to commit such violations." Wood v. Incorporated Village of Patchague of N.Y., 311 F. Supp. 2d 344, 360 (E.D.N.Y. 2004); Kades v. Organic, Inc., 2003 WL 470331 at 14 (S.D.N.Y. 2/24/03) (citations omitted).

Moreover, a valid substantive claim under §1962(a)-(c) must be established as to each defendant alleged to be a co-conspirator under §1962(d). Wood, 311 F. Supp. 2d at 359-60. ("As set forth above, the only remaining claims under the civil RICO statute are the §1962(c) causes of action against [defendants] Keegan, Ihne, Kracht & Tomeo.  Therefore, only the

§1962(d) causes of action relating to the §1962(c) [claims] against Keegan, Ihne, Kracht & Tomeo remains.")

Further, these district courts have held that "to state a claim under 1962(d), a plaintiff must allege that each defendant, by word or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." Kades, 2003 WL 470331 at 13. Mere allegations of some agreement are insufficient, specific facts supporting the conclusion that conspirators consciously agreed to commit predicate acts is required. Sony Music Entertainment, Inc. v. Robison, 2002 WL 272406 at p. 6 (S.D.N.Y. 2/25/02); Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 2002 WL 719471 at p. 8 (E.D.N.Y. 3/1/02); United States Fire Ins. Co. v. United Limousine, 303 F. Supp. 2d 432, 453-54 (S.D.N.Y. 2004). The requirement of specificity is elevated when the predicate acts alleged are fraud. Com-Tech Assocs. v. Computer Assocs. Intern, Inc., 753 F. Supp. 1078, 1092 (E.D.N.Y. 1990). Plaintiffs' reliance on United States v. Zichettello, 208 F.3d 72 (2d Cir. 2000) is misplaced as Zichettello is a criminal RICO conspiracy case and therefore follows Salinas.

Additionally, Plaintiffs' in their Amended Consolidated Response to Defendants' Motions for Summary Judgment (herein "Consolidated Response") continually rely on the allegations of its Complaint and this Court's earlier ruling on Defendants' Motion to Dismiss to support their position that there is enough evidence to overcome summary judgment against

them. Plaintiffs' further represent in the Consolidated Response that their allegations are unchallenged (see, e.g., pp. 58, 69), something clearly not true from a review of the Answers submitted by Defendants.

Plaintiffs' pleadings, while found by the Court to be adequate to overcome a Motion to Dismiss are insufficient to overcome summary judgment. Plaintiffs have clearly ignored the different legal standard for a Motion to Dismiss and a Motion for Summary Judgment. To successfully defeat a Motion for Summary Judgment, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Fed. Rule of Civ. Pro. 56(e).

As to all other matters addressed in Plaintiffs' Consolidated Response, Defendant Bainer relies on the cases cited in his moving papers for the applicable substantive law to establish civil RICO liability, with the exception of Ideal Steel Supply Corp. v. Anza, 254 F. Supp. 2d 464 (S.D.N.Y. 2003), which holding has been overturned on July 2, 2004 (after Defendants' Motion was submitted to this court) at 373 F.3d 251 (2004).

        DEFENDANTS: TODD R. BAINER and
        TODD R. BAINER, L.L.C.


By_____
    R. BRADLEY WOLFE
    Federal Bar No. ct04332
    GERALD R. SWIRSKY
    Federal Bar No. ct05574
    MARY ANNE A. CHARRON
    Federal Bar No. ct02274
    Gordon, Muir and Foley, LLP
    Ten Columbus Boulevard
    Hartford, CT 06106-1976
    Telephone (860) 525-5361
    Facsimile (860) 525-4849

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on October 14, 2004:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

_____
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\376178\1