UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|    Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | OCTOBER 14, 2004 |
|    Defendants | | |

<u>DEFENDANT BAINER'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE</u>

I.    <u>BACKGROUND</u>

On or about April 27, 2004, Defendants Todd R. Bainer and Todd R. Bainer, LLC (hereinafter "Bainer") filed a Motion for Summary Judgment against the Plaintiffs. In accordance with Local Rule 56(a), Bainer filed a 56(a)(1) Statement of Undisputed Facts. On or about September 3, 2004, Plaintiffs filed their 56(a)(2) Statement ("Plaintiffs' Statement") and Consolidated Response to Defendants' Motions for Summary Judgment. Subsequently, on September 9, 2004, Plaintiffs filed an Amended Consolidated Response.

Bainer seeks by this Motion to Strike Plaintiffs' Statement in whole or alternatively, in part, as discussed below.

II.   LEGAL ARGUMENT

    A.   Standard of Review

"A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." Newport Elec., Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001). If the documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements; are incomplete; or have not been properly authenticated, a motion to strike is appropriate. See Spector v. Experian Information Services, Inc., No. 3:01-CV-1955 (EBB), 2004 WL 1242978 at *4 (D. Conn. 2004); Keene v. Hartford Hospital, 208 F. Supp. 2d 238, 242 (D. Conn. 2002). "Materials submitted by a party in connection with a summary judgment motion may be challenged on grounds that would preclude consideration of the material for the purposes of the motion. The vehicle to make this type of contention is a motion to strike." Rohman v. New York City Transit Authority, 215 F.3d 208, 218 n.6 (2d Cir. 2000). "The moving party must be specific with regards to what it is seeking to have stricken and must set forth reasons for why the materials should not be considered by the court." Keene v. Hartford Hospital, 208 F. Supp. 2d 238, 242 (D. Conn. 2002).

Rule 12(f) of the Federal Rules of Civil Procedure permits the court, in its discretion, to strike "… from any pleading any … insufficient defense or redundant, immaterial, impertinent or scandalous matter."

Connecticut Federal District Court Local Rule 56(a)(2) (hereinafter "Local Rule") provides that "[t]he papers opposing a motion for summary judgment shall include a document …which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)(1) Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)(2) Statement must also include a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried".

> This rule is more than a procedural nicety. It contains mandatory language and is strictly interpreted. The purpose of the rule is to make affirmative statements that will aid and inform the court. The rule requires the statement of the moving party to set forth, in separately numbered paragraphs, a concise statement of each material fact as to which it contends there is no genuine issue to be tried. This does not mean that the party can set forth a narrative recitation of the evidence or the testimony of the opposing party. Statements which recite what the plaintiff "said" or "could not remember" or "confirmed" are not statements of undisputed facts and are of no help to the court.

<u>Armstrong v. Chrysler Financial Corp.</u>, 1999 WL 60883 at p. 1, fn. 3 (D.Conn.) (regarding Rule 9(c)1 and 2 predecessor to Rule 56(a)(1) and (2)).

    B.    <u>Plaintiffs' Statement of "Disputed Issues of Material Fact" Fail to Conform to the Rule</u>

In §V of Plaintiffs' Statement, Plaintiff identified the following as their disputed issues of material fact in ¶¶1-4: whether defendant, Fasano (¶1), Bainer (¶2), Prymas (¶3), and Thompson & Peck (¶4) "provided knowing and substantial assistance in the implementation and/or

execution of Flanagan's fraudulent scheme of hide, transfer or otherwise shield Flanagan's assets from the judgment claims of TCC and/or DJV?"

Such so-called Statement does not, in any way, address specific material facts claimed to be disputed by plaintiffs. Material facts are those facts which might affect the outcome of the suit, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986), and the substantive law of the claim will identify those facts which are material. <u>Id</u>. The questions, as phrased by plaintiffs, do not even properly state the substantive law of plaintiffs' RICO claims, rather the questions refer to the substantive law of securities fraud aiding and abetting under Rule 10b-5. <u>Guerrier v. Advest, Inc.</u>, 1993 WL 90404 (D.N.J.).

The Local Rule provides clear guidance on how such genuine issues are to be presented. As the Plaintiffs have failed to properly present "specific facts showing that there is a genuine issue for trial", the Court should strike the entire content of Plaintiffs' Statement and order costs in preparing this Motion and supporting Memorandum for Plaintiffs' failure to comply with the Local Rule.

    C.    <u>Plaintiffs' Statement Fails to Conform to Local Rule 56 (a)(2)</u>

Despite the clear language of the Local Rule, Plaintiffs have failed to comply with the requirements of Rule 56(a)2.

First, of the 58 paragraphs of Plaintiffs' Statement, only 17 of them are free from misstatements or improper additions. The Plaintiffs' Statement contains 39 paragraphs that purport to restate and admit a statement set forth in the Defendant Bainer's Local Rule 56(a)(1) Statement of Undisputed Facts ("Bainer's Statement") but contain misstatements of the text from Bainer's Statement. Further, 20 of those 39 paragraphs also contain additional, explanatory, argumentative or conclusive supplementary statements improperly added by the Plaintiffs. Of the remaining 19 paragraphs, two contain an accurate restatement of the applicable text from Bainer's Statement but include supplementary statements improperly added by the Plaintiffs.

1.   <u>Paragraphs 6, 7, 9, 10, 11, 16, 25, 26, 28, 29, 31, 32, 34, 35, 37, 41, 51, 54 and 58</u> of Plaintiffs' Statement should be stricken on the basis that the Plaintiffs have purportedly admitted or denied and restated text from Bainer's Statement however Plaintiffs have actually admitted or denied Plaintiffs' <u>own</u> version of such text.

For example, the text of paragraph 34 of Bainer's Statement is as follows:

"Bainer, as corporate counsel, prepared said Shareholders Agreement, which included a "Buy-Sell" Agreement (herein "Buy-Sell") in the event of stalemate and disagreement between Flanagan and Prymas. (Exhibit 57)"

The text of paragraph 34 of the Plaintiffs' Statement is as follows:

"It is admitted that Bainer, with the assistance of Fasano, prepared a Shareholders Agreement, which included a "buy-sell" agreement. (Pxs 57, 195, 56 & 193). The remainder of the allegations in ¶34 are not supported by the cited summary judgment evidence and, accordingly, those allegations should be struck".

As a further example, the text of paragraph 41 of the Bainer's Statement is as follows:

"On or about January 5, 1998, T&P was served with a Property Execution in the federal court matter Cadle v. Flanagan, 3:96-CV-02648. (Complaint, ¶59; Prymas deposition, January 29, 2004, p. 99-100)."

The text of paragraph 41 of the Plaintiff's Statement is as follows:

"It is admitted that on or about January 5, 1998 a property execution was served on T&P and Prymas (Px 68A) in connection with the final judgment in the Federal Suit. (2AC 59)"

Attached to this Memorandum are Bainer's Statement (Exhibit A); Plaintiffs' Statement (Exhibit B) and a "black-lined" version of Bainer's Statement showing all of the additions, deletions and modifications made to Bainer's Statement by Plaintiffs in their Plaintiffs' Statement (Exhibit C).

    2.    <u>Paragraphs 3, 4, 13, 14, 15, 18, 19, 20, 21, 23, 24, 30, 33, 38, 39, 40, 43, 44, 45 and 46</u> of Plaintiffs' Statement should be stricken as the Plaintiffs have not only admitted to or denied Plaintiffs' own version of the text from Bainer's Statement, but has supplemented such text with plaintiffs' own additional, explanatory, argumentative or conclusive statements in violation of the Local Rule.

As an example, the text of paragraph 15 of the Bainer's Statement is as follows:

"At March 9, 1998 hearing on Application for Cadle for post judgment examination of judgment debtor, Flanagan asserts Fifth Amendment. (Complaint, ¶21)"

The text of paragraph 15 of the Plaintiffs' Statement is as follows:

"It is admitted that at the March 9, 1998 Debtor's Examination (Px 78), Flanagan asserted his Fifth Amendment right against self-incrimination and refused to provide any evidence about his assets by claiming that any testimony about his assets would somehow serve to incriminate Flanagan because of a pending I.R.S. investigation".

The attached Exhibits A, B and C reflect all of the supplementary statements made by Plaintiffs.

3. <u>Paragraphs 5 and 27</u> of Plaintiffs' Statement should be stricken as the Plaintiffs have supplemented the text taken from Bainer's Statement with Plaintiffs' own explanatory, argumentative or conclusive statements in violation of the Local Rule.

A. The text of paragraph 5 of the Bainer's Statement is as follows:

"Defendants, Todd R. Bainer and Todd R. Bainer, LLC (herein "Bainer"), is an attorney licensed to practice law in the State of Connecticut and was corporate counsel to T&P at all times relevant to this action. (Complaint, ¶5.10)"

The text of paragraph 5 of the Plaintiffs' Statement is as follows:

"It is admitted that Bainer is an attorney licensed to practice law in the State of Connecticut and was corporate to T&P at all times relevant to this action. It should also be noted, however, that Bainer served as counsel for Flanagan in connection with the prosecution of Flanagan's grievance against Plaintiffs' prior counsel, Paul M. Gaide, Esq., which resulted in a finding of no wrongful conduct by Gaide."

B. The text of paragraph 27 of Bainer's Statement is as follows:

7

> "In 1996, Flanagan sued Prymas in Superior Court relating to compensation, control and administrative decision-making issues at T&P. (Complaint, ¶58)"

The text of paragraph 27 of the Plaintiffs' Statement is as follows:

> "It is admitted that in 1996 Flanagan and Prymas had a dispute over control of T&P, which resulted in a suit filed by Flanagan against Prymas in state court in Connecticut ("Flanagan v. Prymas"). (2AC ¶58)  There is not, however, any summary judgment evidence to support the claim by Bainer in ¶27 that Flanagan's suit against Prymas was limited to "compensation, control and administrative-making issues at T&P".  Accordingly, that allegation in ¶27 should be struck. Further, it is believed by the undersigned that Defendants Fasano, Flanagan, Bainer, Prymas and T&P all have a copy of the complaint that was filed by Flanagan against Prymas in 1996, which complaint should be disclosed to the Court and Plaintiffs to determine the scope of the claims by Flanagan against Prymas, and the nature of the relief sought by Flanagan."

III.   CONCLUSION

Plaintiffs' Statement not only fails to comply with the Local Rule but such noncompliance is clearly intentional on the part of the Plaintiffs.  Defendant Bainer respectfully asks that the Court recognize that it is unreasonable and unduly burdensome for the Court and the Defendants to continue to be subjected to the Plaintiffs' complete and intentional disregard for the Court's rules of practice.  The Plaintiffs, as they have time and time again, place the burden on the Defendants to find a way to fashion an appropriate response to Plaintiffs' improper pleadings.  The Plaintiffs' abusive style of pleading practice should be curtailed in order to allow the substantive allegations of this case to be effectively addressed.  Therefore, Defendants ask this Court to strike Plaintiffs' Statement in its entirety or alternatively, to strike those paragraphs

of the Plaintiffs' Statement that do not comply with the Local Rule as set forth above, as well as order Plaintiffs to pay Defendant Bainer's costs associated with preparing this Motion to Strike.

        DEFENDANTS: TODD R. BAINER and
        TODD R. BAINER, L.L.C.


By_____
    R. BRADLEY WOLFE
    Federal Bar No. ct04332
    GERALD R. SWIRSKY
    Federal Bar No. ct05574
    MARY ANNE A. CHARRON
    Federal Bar No. ct02274
    Gordon, Muir and Foley, LLP
    Ten Columbus Boulevard
    Hartford, CT 06106-1976
    Telephone (860) 525-5361
    Facsimile (860) 525-4849

CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on October 14, 2004:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Douglas S. Skalka, Esquire
James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

                                                                                 _____
                                                                                   MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\374571\1