UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | October 13, 2004 |
| Defendants. | § | |

### PLAINTIFFS' RESPONSE TO MOTION OF DEFENDANTS THOMPSON & PECK AND PRYMAS TO AMEND THEIR ANSWER

Defendants Thompson & Peck, Inc. ("T&P") and Stanley F. Prymas ("Prymas") have offered no valid excuse for their two-year delay in seeking to amend their answer. Moreover, Plaintiffs would be prejudiced by the Defendants' delinquent assertion of a new affirmative defense. Indeed, the tardy amendment of the Defendants' answer at this late stage of the proceedings would be prejudicial to Plaintiffs because the discovery cut-off date has already passed, and Plaintiffs have already filed their motion for summary judgment. Accordingly, Plaintiffs respectfully request that the Court deny the motion of Defendants T&P and Prymas to amend their answer.

1. Defendants T&P and Prymas filed their answer on September 27, 2002. Pursuant to the Court's August 25, 2003 Scheduling Order, the discovery cut-off date was November 28, 2003. On May 11, 2004 Plaintiffs filed their motion for summary judgment. Now, some two years after the Defendants filed their answer, and after the discovery cut-off date has passed and Plaintiffs filed a motion for summary judgment, Defendants T&P

and Prymas want to amend their answer to assert the affirmative defense of reliance on advice of counsel.

2. The only excuse offered by Defendants T&P and Prymas for their two-year delay is a conclusory claim of "inadvertent[] neglect[]".

3. Defendants T&P and Prymas claim that Plaintiffs would not be prejudiced by the tardy assertion of a new affirmative defense because (a) Defendants T&P and Prymas "waived their attorney-client privilege with respect to the advice of [T&P's] corporate counsel, Todd Bainer"; and (b) "Prymas testified fully at his deposition about his reliance on Attorney Bainer's . . . advice."  According to Defendants T&P and Prymas, "Plaintiffs have been provided ample discovery of the factual issues underlying the defendants' reliance on professional advice." Defendants T&P and Prymas are wrong.

4. At Bainer's deposition, counsel for T&P and Prymas, Barbara Cox, Esq., repeatedly blocked testimony by Bainer about communications with T&P and Prymas pertaining to the conspiracy to hide Flanagan's assets from the judgment claims of Plaintiffs:

> Q: You [Todd Bainer] had a two-hour meeting with Charlie Flanagan, Stan Prymas, Andy D'Agostino in February of 1998 to discuss the recharacterization of the settlement proceeds issue, correct?
>
> MS. COX: Objection.  The witness is instructed not to answer to the extent that it reveals privileged communications.
>
> * * *
>
> Q: (By Mr. Armstrong) Do you refuse to answer any questions about what was discussed at that meeting because of the invocation of the attorney-client privilege?

A: Yes.

Q: All right. You didn't represent Lenny Fasano, and he was at the meeting, correct?

A: Correct.

Q: You didn't represent Andy D'Agostino, Charlie's accountant, and he was at that meeting, correct?

A: Correct.

Q: They were at that entire meeting, correct?

A: Correct.

Q: Tell me what was discussed at that meeting?

MS. COX: Same objection. The corporation can rely on the advice of outside professionals without waiving its privilege.

Q: (By Mr. Armstrong) All right. Do you refuse to answer any questions at all about what was discussed at that meeting because of the invocation of the attorney-client privilege?

A: Yes.

* * *

Q: Did you advise and counsel Thompson & Peck what to do with the four months of settlement proceeds that were withheld and not paid until the property execution expired?

MS. COX: Objection. Privilege.

THE WITNESS: I'm not going to answer it based on the privilege.

* * *

Q: Did it come to your attention on February 4, 1998 that Stanley Prymas was of the belief that Charlie Flanagan and Leonard Fasano were lying to the Court?

MS. COX: Objection. Privilege.

> THE WITNESS: I'm not going to answer based on the privilege.
>
> Q: (By Mr. Armstrong) Did it come to your attention on February 4, 1998 that Stanley Prymas was of the belief that Leonard Fasano and Charlie Flanagan were making misrepresentations to the Court?
>
> MS. COX: Same objection.
>
> THE WITNESS: Same answer.

(Px B pp. 83-84; 86; 196; & 197)

5. In addition, at the January 29, 2004 deposition of Prymas, he likewise was instructed to invoke the attorney-client privilege for questions pertaining to Bainer's role in the overall conspiracy:

> Q: Did Mr. Bainer advise you on June 2, 2000, that at least one of the claims in the grievance [against Plaintiffs' counsel, Paul Gaide, Esq.] did not have merit in light of Mr. Gallagher's recollection and [memo] in his file?
>
> MS. COX: Objection, that's privileged.
>
> THE WITNESS: It's privileged.
>
> BY MR. ARMSTRONG:
>
> Q: Did you ever tell Mr. Bainer, I don't want you to proceed with certain claims in the grievance [against Attorney Gaide] because we now know they're meritless?
>
> MS. COX: Objection, privileged.

(Px E p. 158)

6. Not only would the eleventh-hour assertion of a new affirmative defense require additional deposition testimony from Bainer, Prymas and Charlie Flanagan, along with the considerable expenses associated with the preparation for and the resumption of those depositions, Plaintiffs have already filed their motion

for summary judgment against Defendants T&P and Prymas. According to the Second Circuit, a defendant's proposed amendment to its answer is "especially prejudicial" when discovery has already been completed and the plaintiff has already filed a motion for summary judgment.  See Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998), quoting Ansam Associates v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985).  And that is the situation now before this Court.

## Conclusion

Plaintiffs respectfully request that the Court overrule the Motion by Defendants T&P and Prymas for leave to amend their answer, and that the Court grant Plaintiffs such other and further relief to which they may be entitled.

                                      Respectfully submitted,

                                      ARMSTRONG LAW FIRM

DATED: October __, 2004.    By_____
                                      F. Dean Armstrong
                                      Ct. Fed. Bar #CT22417
                                  1324 Dartmouth Road
                                  Flossmoor, IL 60422
                                  (708) 798-1599
                                  Fax (708) 798-1597

                                  Edward C. Taiman, Esq.
                                  SABIA & HARTLEY, LLC
                                  190 Trumbull Street
                                  Suite 202
                                  Hartford, CT 06103-2205
                                  (860) 541-2077
                                  Fax (860) 713-8944

                                  Attorneys for Plaintiffs
                                  The Cadle Company and

```
                              D.A.N. Joint Venture,
                              A Limited Partnership
```

## Certificate of Service

I certify that a correct copy of the foregoing instrument was faxed and mailed on October __, 2004 to all defense counsel as shown on the attached Service List.

_____
F. Dean Armstrong

**SERVICE LIST**

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas
and Thompson & Peck, Inc.)

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th floor
New Haven, CT 06510
(counsel for Charles A.
Flanagan)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano
and
Fasano & Ippolito, LLC)

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck,
Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405

Karen T. Gerber, Esq.
Nuzzo & Roberts LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410-0747