UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION<br>NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | OCTOBER 25, 2004 |

### <u>MEMORANDUM OF LAW IN SUPPORT OF FASANO'S<br>MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT</u>

I.    <u>INTRODUCTION</u>

On or about April 27, 2004, the defendants Leonard A. Fasano and Fasano &
Ippolito (hereinafter collectively "Fasano") filed a Motion for Summary Judgment against
the Plaintiffs.  In accordance with Local Rule 56(a), Fasano filed a Local Rule 56(a)(1)
Statement of Undisputed Material Facts.  On September 3, 2004, Plaintiffs filed their
Local Rule 56(a)(2) Statement and Consolidated Response to Defendants' Motions for
Summary Judgment.  Subsequently, on September 7, 2004, Plaintiffs filed an additional
Local Rule 56(a)(2) Statement in Opposition to Defendants' Motions for Summary Judg-
ment and on September 9, 2004, Plaintiffs filed an Amended Consolidated Response to
Defendants' Motions for Summary Judgment.

Once again, we seek the court's assistance due to Plaintiffs failure to comply with
well established rules.[1]  This time, Plaintiffs chose to ignore the clear mandate of Rule

---

[1] On February 16, 2004, Defendants were forced to file a Motion to Compel Plaintiffs' Compliance with the
Court's Standing Order regarding Plaintiffs' RICO Case Statement, as well as a Motion to Compel
Defendants' discovery requests.  On July 1, 2004, defendants were forced to file a Motion to Strike
Plaintiffs' Rule 56(a)(1) Statement due to the Plaintiffs' noncompliance with Local Rule 56.  In addition,
plaintiffs' lead counsel failed to appear a court-ordered settlement conference on March 15, 2004, which
prompted Magistrate Smith to terminate the settlement conference, stating "plaintiffs' lead counsel did not
bother to seek the court's permission to be absent from the March 15, 2004, conference.  Plaintiffs'
counsel did not have the court's permission to absent himself from this hearing."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

56 by failing to respond properly to Defendants' Rule 56(a)(1) Statement.

Consequently, for the reasons set forth below, the Defendants request that this Court

enter sanctions against the Plaintiffs by granting the Defendants' Motion for Summary

Judgment, by striking the Plaintiffs' Local Rule 56(a)(2) Statement and Disputed Issues

of Material Facts in its entirety, or by striking the portions thereof that do not comply with

Local Rule 56.  Additionally, Defendants request that the court order Plaintiffs to pay

Fasano's costs associated with preparing this Motion to Strike and supporting

Memorandum of Law.  Defendants recognize that the requested relief is harsh,

however, there appears to be no other way to force Plaintiffs to comply with our local

rules.

## II.    <u>LEGAL ARGUMENT</u>

Plaintiffs' entire argument against Fasano is predicated on their belief that, under

RICO, one person is liable for all of the other persons' predicate acts in a civil RICO

conspiracy.  This claim is simply untrue.  <u>Azrielli v. Cohen Law Offices</u>, 21 F.3d 512,

521 (2d Cir. 1994).  It is particularly untrue when the individual is an attorney.  <u>Azrielli v.

Cohen Law Offices</u>, 21 F.3d at 521, <u>Biofeedtrac, Inc. v. Kolinor Optical Enterprises &

Consultants</u>, 832 F.Supp. 585, 590-91 (E.D.N.Y. 1993).   In fact, this Court has already

recognized that "Civil RICO is an unusually potent weapon—the litigation equivalent of a

thermonuclear device."  <u>In re: SmithKline Beecham Clinical Laboratories, Inc.

Laboratory Test Billing Practices Litigation</u>, 108 F.Supp.2d 84, 92 (D. Conn. 1999, J.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Covello).  In addressing a civil RICO claim, the "court's focus must be to ensure that RICO's severe penalties are limited to enterprises consisting of more than simple conspiracies to perpetrate acts of racketeering."  Id. at 92-93.  "Courts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb."  Id. at 93.  "Further, in considering RICO claims, courts must attempt to achieve results consistent with Congress's goal of protecting legitimate businesses from infiltration by organized crime."  Id. at 93, FN12. Each time Defendants try to pinpoint the specific claims against them, Plaintiffs do not respond substantively, but choose to wax poetic about "stale wines" in a different bottle. Plaintiffs do not address the substance of the issue before them.  This time, however, their failure to do so should be fatal.


A.    **Standard of Review**

"A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion."  Newport Elec., Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001).  If the documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements; are incomplete; or have not been properly authenticated, a motion to strike is appropriate.  See Spector v. Experian Information Services, Inc., No. 3:01-CV-1955 (EBB), 2004 WL 1242978 at *4 (D. Conn. 2004); Keene v. Hartford Hospital,  208 F.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Supp. 2d 238, 242 (D. Conn. 2002).  A motion to strike is also appropriate if depositions

contain testimony that contains hearsay, speculation, or conclusory statements.  A

motion to strike can also be used to challenge documentary evidence which has not

been properly authenticated.  See e.g., <u>Dedyo v. Baker Engineering New York, Inc.</u>,

1998 WL 9376 at *4 (S.D.N.Y. 1998).  <u>Newport Elec., Inc.</u>, 157 F. Supp. 2d at 208.

"Materials submitted by a party in connection with a summary judgment motion may be

challenged on grounds that would preclude consideration of the material for the

purposes of the motion.  The vehicle to make this type of contention is a motion to

strike."  <u>Rohman v. New York City Transit Authority</u>, 215 F.3d 208, 218 n.6 (2d Cir.

2000).  "The moving party must be specific with regards to what it is seeking to have

stricken and must set forth reasons for why the materials should not be considered by

the court."  <u>Keene v. Hartford Hospital</u>,  208 F. Supp. 2d 238, 242 (D. Conn. 2002).

       Rule 12(f) of the Federal Rules of Civil Procedure permits the court, in its

discretion, to strike " . . . from any pleading any … insufficient defense or redundant,

immaterial, impertinent or scandalous matter."

       Connecticut Federal District Court Local Rule 56(a)(2) (hereinafter "Local

Rule") provides that "[t]he papers opposing a motion for summary judgment shall

include a document entitled "Local Rule 56(a)2 Statement," which states in separately

numbered paragraphs corresponding to the paragraphs contained in the moving party's

Local rule 56(a)1 Statement whether each of the facts asserted by the moving party is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

admitted or denied.  The Local  Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended that there is a genuine issue to be tried."

Local Rule 56(a)(3) provides "[e]ach statement of material fact by … an opponent in a Local Rule 56(a)(2) Statement, and each denial in an opponent's Local Rule 56 (a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial an/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)(1) and 2 Statements in conformity with Fed. R. Civ. P. 56(e)."  Further, Rule 56(a)(3) provides "failure to provide specific citations to evidence in the record as required by this Local rule may result in sanctions, including, … when the opponent fails to comply, an order granting the motion [for summary judgment]."

"In addition to raising its own set of disputed facts, a nonmoving party first must admit or deny the undisputed facts alleged by the moving party.  This procedural requirement is more clearly set forth in the revised Local Rules."  Otherwise, the non-moving party's Local Rule 56(a)(2) Statement may be deemed non-responsive.  Sprint Spectrum L.P. v. Town of North Stonington, 12 F.Supp.2d 247, 248 (D. Conn. 1998). (Holding that the   defendants' Local Rule 9(c)(2) Statement was improper because it was nonresponsive to the undisputed facts cited by the plaintiff.  Local Rule 56(a) was

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

previously numbered as Local Rule 9(c).  Tyson v. Willauer, 289 F.Supp.2d 190, 194

(D. Conn. 2003); Clarke v. Sweeney, 312 F.supp.2d 277, 281 (D. Conn. 204)).

Local Rule 56(a) is more than just a procedural nicety.  "It contains

mandatory language and is strictly interpreted.  The purpose of the rule is to make

affirmative statements that will aid and inform the court.  The rule requires the statement

of the moving party to set forth, in separately numbered paragraphs, a concise

statement of each material fact as to which it contends there is no genuine issue to be

tried.  This does not mean that the party can set forth a narrative recitation of the

evidence or the testimony of the opposing party."  Armstrong v. Chrysler Financial

Corp., No. CIV. 3:97CV1557(AHN), 1999 WL 608831 (D. Conn. July 29, 1999).

Statements which recite baseless assertions are not statements of undisputed facts and

are of no help to the court.  Armstrong, 1999 WL 608831, at *1.  "Failure to comply with

Local Rule 9(c) (now Local Rule 56(a)) is grounds to grant … a motion for summary

judgment."  Armstrong, 1999 WL 608831, at *1.

### B.   Plaintiffs' Statements Fail to Conform to Local Rule 56 (a)(2)

Despite the clear language of Local Rule 56, Plaintiffs failed to comply with

its requirements.  As has been their pattern throughout this matter, plaintiffs have once

again defied the Court's rules.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

A classic example of the plaintiffs' defiance of Local Rule 56 is their Rule 56(a)(2) Statement in Opposition to Defendants' Motions for Summary Judgment, Section II, <u>Fasano</u>, ¶4.  In ¶4 of their Rule 56(a)(1) Statement, Defendants stated: "Fasano had no other relationship with Flanagan, other than attorney/client relationship."  The obvious intent of this statement was to see if any evidence exists that differentiates this case from the decisions in <u>Azrielli</u> and <u>Biofeedtrac, Inc.</u>  Plaintiffs, however, did not respond.  Instead, they stated:

> "It is denied that Fasano had no other relationship with Flanagan other than an attorney/client relationship.  Indeed, the summary judgment evidence shows that Fasano did not simply provide legal advice to his client, but rather provided *illegal* advice to Flanagan on how Flanagan could further his scheme to hide, transfer and otherwise shield his substantial assets from the judgment claims of plaintiffs."

First, Plaintiffs' statement does not address Defendants' statement.  One was specific to the attorney/client relationship, the other alters the discussion to one of "illegal advice".  Second, Plaintiffs purport to deny this allegation, however, they provide no basis for said denial.  Third, the so-called denial is a speaking denial, which itself is impermissible.  Fourth, to the extent that this Court allows "speaking objections", Plaintiffs state that Fasano "did not simply provide legal advice to his client, but [also] provided illegal advice to [him]" without advising how "illegal advice" is different from "legal advice".  Fifth, in support of this statement, Plaintiffs do not offer evidence that is admissible at trial; instead, they boldly offer their counsel's 44-page summary of facts listed in the Plaintiffs' Response to Defendants' Motions for Summary Judgment.  The

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

summary, it should be noted, is a broad narration of Plaintiffs' version of the facts. It does not specifically cite any particular evidence that is admissible, or that supports the Plaintiffs' denial.

Local Rule 56 clearly states that a party opposing the motion for summary judgment shall supply a Local Rule 56(a)(2) Statement containing denials that are followed by specific citations, either to an affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial. Plaintiffs have clearly failed to provide anything remotely related to any evidence that may be admissible at trial to either support their denial or support their additional assertions. The plaintiffs have no substantiating evidence for their response, and thus must merely rely on the same rendition of fictitious information compiled in preparation for this baseless action. Absent any evidence to support their statement, the court must deem ¶4 was admitted by the Plaintiffs.

In fact, the Plaintiffs fail to offer any evidence that would be admissible at trial as proof that Fasano did anything other than provide legal advice and services to Flanagan. It is well established that "legitimate acts of attorneys on behalf of clients cannot form the basis of a RICO claim." Morin v. Trupin, 711 F. Supp. 97, 105 (S.D.N.Y. 1989). Most of Plaintiffs' purported evidence centers around correspondence associated with Fasano's legal representation of Flanagan. However, a lawyer's correspondence which states a client's legal position in a dispute does not constitute

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

mail fraud or support a RICO violation.  "If such were the situation, every dispute in which the parties' counsel exchanged letters could give rise to RICO litigation."  Paul S. Mullin & Assoc., Inc. v. Bassett, 632 F.Supp. 532, 540 (D. Del. 1986).  RICO does not impose civil liability on an attorney who provided legal advice and services to a client, even if, in so doing, the attorney intentionally assisted the clients' scheme to defraud plaintiff where there was no evidence that the attorney participated in the operation or management of the RICO enterprise.  Biofeedtrac v. Kolinor Optical Enterprises & Consultants, 832 F. Supp. 585, 590-92 (E.D.N.Y. 1993)

Indeed, in  several instances the Plaintiffs go so far as to misstate the defendants' Local Rule 56(a)(1) Statement and fail to offer any anything but a qualified response to each and every statement of fact without evidence to support the Plaintiffs' additional facts or omissions of facts.  For instance, in Plaintiffs' Local Rule 56(a)(2) Statement, Section II, Fasano, paragraph (1), the plaintiffs state that "It is admitted that Fasano, at all relevant times, was one of the attorneys representing Flanagan." Plaintiffs' response is neither an admission nor a denial of Fasano's statement that "The defendant, Leonard A. Fasano, at all relevant times, was legal counsel for Charles Flanagan."  Plaintiffs offer no contrary evidence to support their non-responsive statement.  Failure to cite admissible evidence in support of a denial is grounds for deeming the statement admitted.  See D. Conn. L. Civ. R. 56(a)(2); Pipkin v. Bridgeport Board of Education, 323 F.Supp.2d 326, 329 (D. Conn. 2004).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Therefore, the Defendants request that the court sanction the Plaintiffs by granting Defendants' Motion for Summary Judgment, or in the alternative, either strike the entire content of Plaintiffs' Local Rule 56(a)(2) Statement, or strike the improper material from the Plaintiffs' Local Rule 56(a)2 Statement and deem that the Plaintiffs admitted those statements in Defendants' Local Rule 56(a)(1) Statements for which the Plaintiffs added, omitted or altered facts without providing contrary evidence.  Plaintiffs should not be allowed to purportedly restate the Defendants' facts by inserting additional, explanatory, argumentative or conclusory supplementary statements or by deleting words or phrases from Defendants' Local Rule 56(a)(1) Statement.

Additionally, Plaintiffs failed to include any issues of material fact in their purported Statement of Disputed Issues of Material Fact.  In their Statement of Disputed Issues of Material Fact, Plaintiffs merely boil down the allegations in the complaint to seven simple paragraphs, none of which involve any particular issues pertaining to the specific violation of 18 U.S.C. § 1962, which is the basis for this action.  While Fasano and the Plaintiffs do not agree that Fasano provided knowing or substantial assistance in the execution of any plan to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of the Plaintiffs, the court need not decide that issue as Plaintiffs has not introduced any specific issues of material facts in support of their argument.

Although the burden of demonstrating that no factual dispute exists is on the moving party, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), once the moving

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

party has met this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. (56(e).  "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation."  Scotto v. Alemas, 143 F.3d 105, 114 (2d Cir. 1998).  Local Rule 56 provides clear guidance on how such genuine issues are to be presented.  As the Plaintiffs have failed to properly present "specific facts showing that there is a genuine issue for trial", the Court should properly grant Defendants' Motion for Summary Judgment or, alternatively, strike the entire content of Plaintiffs' Local Rule 56(a)(2) Statement as well as Plaintiffs' purported Disputed Issues of Material Facts, and order costs in preparing this Motion and supporting Memorandum for Plaintiffs' failure to comply with Local Rule 56.

In the alternative, the Court should order costs in preparing this Motion and supporting Memorandum and strike specific paragraphs of Plaintiffs' Statement as follows.

1.    Paragraphs 3, 4, 5, 6, 7, 11, 14, 16, 17, 18, 20, and 21 of Plaintiffs' Local Rule 56(a)(2) should be stricken, or in the alternative Defendants' corresponding paragraph in their Local Rule 56(a)(1) Statement should be deemed to be admitted, because the Plaintiffs' so-called support for their purported admission or denial is either unresponsive, not supported by evidence admissible at trial, or Plaintiffs failed to cite any evidence and, therefore, Plaintiffs actually failed to either admit or deny the statement.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.     <u>Paragraphs 1, 8, 9, and 10</u> of Plaintiffs' Local Rule 56(a)(2) Statement should be stricken on the basis that the Plaintiffs have purportedly admitted or denied and restated text from Fasano's Local Rule 56(a)(1) Statement, however Plaintiffs have actually admitted to or denied Plaintiffs' own version of such text.

3.     <u>Paragraphs 2, 12, 13, and 15,</u> of Plaintiffs' Local Rule 56(a)(2) Statement should be stricken as the Plaintiffs have not only admitted to or denied Plaintiffs' own version of the text from Fasano's Local Rule 56(a)(1) Statement, but has supplemented such text with plaintiffs' own additional, explanatory, argumentative or conclusive statements in violation of  Local Rule 56.

4.     <u>Paragraph 19</u> of Plaintiffs' Local Rule 56(a)(2) Statement should be stricken as the Plaintiffs have supplemented the text taken from Fasano's Local Rule 56(a)(1) Statement with Plaintiffs' own explanatory, argumentative or conclusive statements in violation of Local Rule 56.

Attached to this Memorandum are:  1) Fasano's Local Rule 56(a)(1) Statement; 2) Plaintiffs' Local Rule 56(a)(2) Statement, and 3) a "black-lined" version of Fasano's Local Rule 56(a)(1) Statement showing all of the additions, deletions and modifications made to Fasano's Local Rule 56(a)(1) Statement by Plaintiffs in their Local Rule 56(a)(2) Statement.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

III.    **CONCLUSION**

Plaintiffs' Local Rule 56(a)(2) Statement not only fails to comply with Local Rule 56, but such noncompliance is clearly intentional on the part of the Plaintiffs.  Fasano respectfully requests that the Court recognize that it is unreasonable and unduly burdensome for the Court and the Defendants to continue to be subjected to the Plaintiffs' complete and intentional disregard for the Court's rules of practice.  The Plaintiffs, as they have time and time again, place the burden on the Defendants to find a way to fashion an appropriate response to Plaintiffs' improper pleadings.  The Plaintiffs' abusive style of pleading practice should be curtailed in order to allow the substantive allegations of this case to be effectively addressed.

Therefore, Defendants ask this Court to sanction the Plaintiffs by granting Defendants' Motion for Summary Judgment.  Alternatively, Defendants request that the court strike Plaintiffs' Local Rule 56(a)(2) Statement and Disputed Issues of Material Facts in its entirety, or alternatively, strike those paragraphs of the Plaintiffs' Statement that do not comply with Local Rule 56 and deem those statements for which the Plaintiff offers no proper evidence for support as admitted by the Plaintiffs as set forth above.  Additionally, Defendants request that the Court order Plaintiffs to pay Fasano's costs associated with preparing this Motion to Strike and supporting Memorandum of Law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Respectfully submitted,

DEFENDANTS,
LEONARD A. FASANO and FASANO,
IPPOLITO & LEE, LLC


By_____/s/_____
        June M. Sullivan
        HALLORAN & SAGE  LLP
        Fed. Bar #ct24462
        One Goodwin Square
        225 Asylum Street
        Hartford, CT  06103
        (860) 522-6103

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>CERTIFICATION</u>

This is to certify that on this 25th day of October 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT  06103-2205
&

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT  06509-1925
**For Defendant Stanley Prymas
And Thompson & Peck, Inc.**

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL  60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT  06443
**For Defendant Thompson & Peck, Inc.**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
&
Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT  06405
**For Defendant Todd R. Bainer**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT  06510-2026
**For Defendant Charles A. Flanagan**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &
Associates, LLC**

US Trustee
U.S. Trustee Office
265 Church Street, Suite 1103
New Haven, CT 06510-7016

Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
**For Defendants Karen T. Gerber, Esq.
Nuzzo & Roberts, LLC, Movant**

_____/s/_____
June M. Sullivan

601893_1.DOC

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105