FILED

2004 APR 27 P 3: 51

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION<br>NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | APRIL 27, 2004 |

### DEFENDANT FASANO'S LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)(1), the defendants, Leonard A. Fasano and Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.), submit the following Statement of Material Facts to which there are no genuine issues to be tried.

1.      The defendant, Leonard A. Fasano, at all relevant times, was legal counsel for Charles A. Flanagan.  (Deposition of Leonard Fasano, ("Fasano Dep. Tr.") at pp. 11-15, 19-28)

2.      Defendant Fasano, at all relevant times, acted as an agent of and within the course and scope of his duties as an attorney working for Defendant Fasano & Ippolito & Lee, L.L.C.  (Fasano Dep. Tr. at pp. 48, 113-114, 149-150)

3.      Defendant Fasano relied on information provided to him by his client, Charles A. Flanagan, when making various representations to the court.  (Fasano Dep. Tr. at pp. 35-39)

4.      Fasano had no other relationship with Flanagan, other than attorney/client relationship.  (Fasano Dep. Tr. at pp 35-36)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5.    Defendant Fasano corrected erroneous information with the court within a reasonable amount of time. (Fasano Dep. Tr. at pp. 11-30 )

6.    Defendant Fasano had never heard of Socrates Babacus prior to the filing of the pleading correcting the erroneous information with the court.   (Fasano Dep. Tr. at pp. 15-18)

7.    The pledge of the Thompson & Peck stock to Judge Flanagan didn't frustrate the creditors.  It paid the creditor, The Cadle Company.  But for the pledge of the stock to Judge Flanagan, The Cadle Company wouldn't have been paid in full. (Fasano Dep. Tr. at pp. 16-19)

8.    No one ever told Charles Flanagan that he would assert his Fifth Amendment right regarding the location of his Thompson & Peck stock as a pretext so that he would not have to disclose the whereabouts of his stock.  (Deposition of Charles Flanagan ("Flanagan Dep. Tr.") at p. 200)

9.    Fasano did not tell Charles Flanagan that the turnover order did not apply to Charles Flanagan if he had possession of the Thompson & Peck stock.  (Flanangan, Dep. Tr. at p. 234)

10.    Fasano had no knowledge that Charles Flanagan had possession of the Thompson & Peck stock.  (Fasano Dep. Tr. at pp. 102-105)

11.    Fasano did not know that a restrictive legend was placed on the stock. (Fasano Dep. Tr. at pp. 136-138)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

12.    Todd Bainer, Esq., counsel for Thompson & Peck, and Fasano testified that the defendants were at odds with each other and disagreed frequently. (Deposition of Todd Bainer ("Bainer Dep. Tr.") at pp. 137-138); and (Fasano Dep. Tr. at pp.129-134)

13.    The Thompson & Peck settlement proceeds were reclassified as wages at the advice of professional accountants. (Fasano Dep. Tr. at pp. 166-175; Bainer Dep. Tr. at pp. 218-230)

14.    Other than the unsubstantiated allegations in the Complaint, the Plaintiffs offer no evidence to support any criminal activity by Fasano. (See Plaintiffs' Response to Defendant Fasano's Motion to Compel dated March 8, 2004)

15.    Charles Flanagan paid The Cadle Company the full amount of the judgment. (Fasano Dep. Tr. at pp.144-146)

16.    Fasano, as legal counsel for Charles Flanagan, engaged in activities that are typical to an attorney, such as drafting motions to the court, advising clients, participating in hearings, and settling a claim. (Fasano Dep. Tr. at pp. 124-161) Fasano only provided legal services to Charles Flanagan. (Flanagan Dep. Tr. at p. 15)

17.    Plaintiffs have no evidence further to present at trial, other than the allegations in the complaint, that Fasano violated RICO. (Plaintiffs' Response to Defendant Fasano's Motion to Compel dated March 8, 2004)

18.    There was no "strategy" to stop Flanagan from testifying about where his Thompson & Peck stock was located. (Fasano Dep. Tr. at pp. 56-57)

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

19.    When there is a court order not to transfer assets, Fasano generally makes sure that he client understands the order and its ramifications.  (Fasano Dep. Tr. at p. 76)

20.    If there is an indication of a violation of a court order, Fasano meets with the client again and expresses his concerns to find out if there is a problem.  (Fasano Dep. Tr. at pp. 76-77)

21.    Fasano never advised any client to circumvent the spirit or the words of an injunction.  (Fasano Dep. Tr. at p. 78)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Respectfully submitted,
DEFENDANTS,
LEONARD A. FASANO and FASANO,
IPPOLITO & LEE, LLC


By _____
        David G. Hill
        June M. Sullivan
        HALLORAN & SAGE  LLP
        Fed Bar #ct13435
        Fed. Bar #ct24462
        One Goodwin Square
        225 Asylum Street
        Hartford, CT  06103
        (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>CERTIFICATION</u>

This is to certify that on this 27th day of April 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT 06103-2205
&

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
**For Plaintiffs The Cadle Company &**
**D.A.N. Joint Venture, A Limited Partnership**

Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT 06405
&

Peter C. Schwartz, Esq.
Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer**


Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &**
**Associates, LLC**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT 06509-1925
**For Defendant Stanley Prymas**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026
**For Defendant Charles A. Flanagan**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
**For Defendant Thompson & Peck, Inc.**

US Trustee
U.S. Trustee Office
265 Church Street, Suite 1103
New Haven, CT 06510-7016

Karen T. Gerber, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
**For Karen Gerber**

_____
David G. Hill
June M. Sullivan

542628_1.doc

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105