UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION<br>NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | OCTOBER __, 2004 |

**DEFENDANT FASANO'S LOCAL RULE 56(a)(1) STATEMENT
OF UNDISPUTED MATERIAL FACTS BLACK-LINED TO REFLECT THE CHANGES
PLAINTIFFS CREATED TO FASANO'S ORIGINAL STATEMENTS IN PLAINTIFFS'
LOCAL RULE 56(a)(2) STATEMENT**

1.  It is admitted that, Leonard A. Fasano, at all relevant times, was one of the attorneys representing Charles A. Flanagan. (Deposition of Leonard Fasano, ("Fasano Dep. Tr.") at pp. 11-15, 19-28)

2.  It is admitted that Fasano, at all relevant times, worked for Defendant Fasano & Ippolito & Lee, L.L.C. The cited summary judgment evidence, however, does not support he statement that, at all times, Fasano acted as an agent of and within the course and scope of his duties as an attorney working for Defendant Fasano & Ippolito & Lee, L.L.C.

3.  It is denied that Fasano relied on information provided to him by Flanagan, when making various representations to the court. Indeed, Flanagan testified that the false Flanagan affidavit that was submitted by Fasano to the Court (and copied to TCC) (Px 58) was signed by Flanagan without reading the affidavit, with Fasano, on his own,

Margin comments (deletions):
- **Deleted:** The defendant
- **Deleted:** legal counsel for
- **Deleted:** Defendant
- **Deleted:** acted as an agent of and within the course and scope of his duties as an attorney working for
- **Deleted:** (Fasano Dep. Tr. at pp. 48, 113-114, 149-150)
- **Deleted:** Defendant
- **Deleted:** his client, Charles A.
- **Deleted:** (Fasano Dep. Tr. at pp. 35-39)

10361 0088

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

filling in the false information about the purported staock pledge to Sharon Demetropoulous that was contained within the affidavit. (Px A(1) pp. 123-127)

4. It is denied that Fasano had no other relationship with Flanagan, other than attorney/client relationship. Indeed, the summary judgment evidence shows that Fasano did not simply provide legal advice to his client, but rather provided illegal advice to Flanagan on how Flanagan could further his scheme to hide, transfer and otherwise shield his substantial assets form the judgment claims of Plaintiffs. (See Plaintiffs' Response to Defendants' Motions for Summary Judgment ("Ps' MSJ Resp." §II)

> Deleted:
> Deleted: (Fasano Dep. Tr. at pp 35-36)

5. It is denied that Defendant Fasano corrected erroneous information with the court within a reasonable amount of time. Rather, the summary judgment evidence shows that once one false representation about the location of Flanagan's T&P stock was unearthed (Pxs 1&2), another false representation (Px 6) was provided to the Court and TCC. (See Pxs 3 &193) Further, at no time did Fasano correct the erroneous information that was provided to the Court on January 20, 1998 (Px 24) that T&P, in response to TCC's property execution, did not hold any assets (Settlement Agreement payments) that were due to Flanagan, and at no time did Fasano correct the erroneous repreesntations (sic) to the Court that Flanagan did not have control over his T&P stock. (Pxs 1&2)

> Deleted: (Fasano Dep. Tr. at pp. 11-30 )¶

6. Plaintiffs deny that Defendant Fasano had never heard of Socrates Babacus prior to the filing of the Second Amended Notice of Compliance (Px 6), and

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

object to the erroneous characterization of Fasano's deposition testimony as set forth in ¶6. Rather, Fasano testified that he first heard of Socrates Babacas "on or before the date that I amended the document dated October 21st, 1998 [Px1]." (Px C pp. 16-17)-18)

7.  Plaintiffs deny that the November 20, 1998 pledge of Flanagan's T&P stock to his father didn't frustrate the creditors [but] paid the creditor, [TCC], and deny that [b]ut for the pledge of the stock to Judge Flanagan, The Cadle Company wouldn't have been paid in full. First, the representations in ¶7 are not supported by the cited summary judgment evidence and, accordingly, should be struck. And second, the summary judgment evidence shows (a) that after Flanagan paid off the Federal Court judgment to TCC to avoid going to jail, Flanagan filed for bankruptcy and instituted a preference action against TCC for the return of the $99,542.87; (b) that Plaintiffs had over $1,000,000 in judgment and other debt claims against Flanagan at that time (Pxs 20 &175); and (c) that the pledging of Flanagan's T&P stock to his father – in violation of the Court's March 9, 1998 injunction (Px 78 p.7); in violation of the Court's April 13, 1998 Turnover Order (Px 127); and in violation of ¶13 of the Settlement Agreement – frustrated Plaintiffs' collection efforts in those other actions, and as a result, Plaintiffs were not paid in full. (Px L ¶2; Px H; Px 175)

8.  While it is correct that Flanagan testified at his deposition that [n]o one ever told him that he would assert his Fifth Amendment right regarding the location of his Thompson & Peck stock as a pretext so that he would not have to disclose the

Margin comments (tracked changes):
- Formatted: Superscript
- Deleted: the pleading correcting the erroneous information with the court. (Fasano Dep. Tr. at pp. 15
- Deleted: The pledge of the Thompson & Peck stock to Judge Flanagan
- Deleted: It
- Deleted: The Cadle Company
- Deleted: B
- Deleted: (Fasano Dep. Tr. at pp. 16-19)
- Deleted: N
- Deleted: Charles Flanagan

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

whereabouts of his stock, the summary judgment evidence shows that Flanagan and Fasano had developed a "strategy" to have Flanagan invoke the Fifth Amendment "based upon outside issues" (i.e., the pending I.R.S. investigation) so as to avoid disclosing the whereabouts of Flanagan's stock. (See Px 105; Px 188 p. 3 #9; Px 186 p. 2, ¶¶5 & 10) As finally admitted by Flanagan, however, the I.R.S. investigation had nothing to do with the location of his T&P stock. (Px A(1) p. 199)

> Deleted: .
> Deleted: (Deposition of Charles Flanagan ("Flanagan Dep. Tr.") at p. 200)

9. While it is admitted that Flanagan testified that "nobody said anything" about whether the turnover order did not apply if Flanagan had the T & P stock in his hands to deliver it to Bainer, the cited reference does not support the statement in ¶9 and, accordingly, the representations should be struck. Moreover, Flanagan previously testified that even though he had physical possession of this T & P stock on August 21, 1998 and hand-delivered his T&P stock certificate to Bainer, he was advised by Fasano that he did not have to comply with the Federal Court order and turn the stock over. (Px A (8) pp. 4 & 96; Px A(1) pp. 120-21)

> Deleted: Fasano did not tell Charles Flanagan that the turnover order did not apply to Charles Flanagan if he had possession of the Thompson & Peck stock. (Flanangan, Dep. Tr. at p. 234)¶

10. While it is admitted that Fasano testified at his deposition that, in essence, he had no knowledge that Flanagan had possession of the T&P stock, the summary judgment evidence is to the contrary. (See Px 3; Px A(8) pp. 4 & 96; Px A(1) pp. 120-21; Pxs 18, 195, 56 &193)

> Deleted: Fasano had no knowledge that Charles Flanagan had possession of the Thompson & Peck stock. (Fasano Dep. Tr. at pp. 102-105)¶

11. While it is admitted that Fasano testified that he did not know that a restrictive legend was placed on Flanagan's T&P stock, the summary judgment evidence is to the contrary. (See Pxs 18, 3, 56 & 195).

> Deleted: Fasano
> Deleted: the
> Deleted: ¶
> Deleted: (Fasano Dep. Tr. at pp. 136-138)¶

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

12. While it is admitted that at times some of the Defendants were at odds with other of the Defendants, and some of the Defendants occasionally disagreed with the other Defendants, the summary judgment evidence referenced do not support the representations in ¶12 and, accordingly, ¶12 should be struck.

> **Deleted:** Todd Bainer, Esq., counsel for Thompson & Peck, and Fasano testified that the defendants were at odds with each other and disagreed frequently. (Deposition of Todd Bainer ("Bainer Dep. Tr.") at pp. 137-138); and (Fasano Dep. Tr. at pp. 129-134)¶

13. While it is admitted that Fasano and Bainer testified that [t]he T&P settlement proceeds were reclassified as wages at the advice of professional accountants, the summary judgment evidence is to the contrary. Indeed, there was confirmation of the reclassification provided to this Court on January 20, 1998 (Pxs 24, 25A & 25B), with the purported "advice" from the accountant not provided until February 10, 1998.

> **Deleted:** T
> **Deleted:** Thompson & Peck
> **Deleted:** . (Fasano Dep. Tr. at pp. 166-175; Bainer Dep. Tr. at pp. 218-230)¶

14. It is denied that Plaintiffs offer no evidence to support any criminal activity by Fasano, and it is denied that the cited summary judgment evidence supports that proposition. Accordingly, the representations in ¶14 should be struck. See §II.

> **Deleted:** Other than the unsubstantiated allegations in the Complaint, the
> **Deleted:** . (See Plaintiffs' Response to Defendant Fasano's Motion to Compel dated March 8, 2004)

15. While it is admitted that Flanagan paid TCC the full amount of the Federal court judgment, he did so to avoid going to jail for contempt, and after paying TCC he filed for bankruptcy and initiated a preference action against TCC for return of the $99,540.87. (Px L ¶3)

> **Deleted:** Charles
> **Deleted:** The Cadle Company
> **Deleted:** . (Fasano Dep. Tr. at pp. 144-146)¶

16. It is denied that Fasano, as legal counsel for Charles Flanagan, engaged in activities that are typical to an attorney, and that Fasano only provided legal services to Flanagan. Indeed, the summary judgment evidence shows that rather than the provision of legal services to a client, Fasano provided illegal services to Flanagan in an

> **Deleted:** such as drafting motions to the court, advising clients, participating in hearings, and settling a claim. (Fasano Dep. Tr. at pp. 124-161)
> **Deleted:**
> **Deleted:** Charles
> **Deleted:** (Flanagan Dep. Tr. at p 15)

- 5 -

effort to assist Flanagan in his scheme to hide, transfer and otherwise shield his assets from the judgment claims of Plaintiffs.  See Ps' MSJ Resp. §II.

17. It is denied that Plaintiffs have no evidence further to present at trial, other than the allegations in the complaint, that Fasano violated RICO. Further, the cited reference for this allegaitn, Plaintiffs' Response to Defendant Fasano's Motoin to Compel dated March 8, 2004, does not support the representation in ¶17 and, accordingly, ¶17 should be struck.  See Ps' MSJ Resp. §II.

18. Plaintiffs deny that [t]here was no "strategy" to stop Flanagan from testifying about where his Thompson & Peck stock was located. Indeed, the summary judgment evidence shows that Flanagan and Fasano implemented and successfully executed a strategy to have Flanagan invoke the Fifth Amendment to stop Flanagan form testifying bacin March of 1998 about his stock bny pleading the Fifth Amendment "based upon outside issues." (Pxs 105, 186 &188)

19. It is admitted that Fasano testified, in essence, that [w]hen there is a court order not to transfer assets, Fasano generally makes sure that he client understands the order and its ramifications.

20. Plaintiffs admit that Fasano testified, in essence, [i]f there is an indication of a violation of a court order, Fasano generally meets with the client again and expresses his concern to find out if there is a problem. However, Sharon Demetropoulous was a client of Fasano, but Fasano never checked with Ms. Demetropoulous about whether or not she did in fact hold Flanagan's T&P stock.  (Px C

Deleted: (Plaintiffs' Response to Defendant Fasano's Motion to Compel dated March 8, 2004)

Deleted: T

Deleted: (Fasano Dep. Tr. at pp. 56-57)

Deleted: W

Deleted: (Fasano Dep. Tr. at p. 76)

Deleted: I

Deleted: s

Deleted: (Fasano Dep. Tr. at pp. 76-77)

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

pp. 39 & 67-70)  Further, in spite of what Flanagan had stated to Fasano in his January 6, 1998 letter (Px 3), Fasano represented to the Court that Ms. Demetropoulous had physical possession of Flanagan's T&P stock, with Flanagan not having any control over that stock.  (Pxs 1 & 2)  Flanagan knew, must have known, or should have known that his representations to the Court were false.  (Px 3; Px C pp.94-95 & 111-12)

21. It is denied that Fasano never advised any client to circumvent the spirit or the words of an injunction.  Indeed, the summary judgment evidence is to the contrary. (See Px A(8) pp. 4 & 96; Px A(1) pp. 22-23; 63-64; 99; 128-30 & 219; Px A(4) p. 184; Pxs 3 & 193)  Indded, Fasano prepared the pledge agreement for the transfer of Flanagan's T&P stock to his father, which was in direct violation of both the March 9, 1998 injunction (Px 78 p. 7) and the April 13, 1998 Turnover Order (Px 127).  (Px 18)

**Deleted:** (Fasano Dep. Tr. at p. 78)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Respectfully submitted,
DEFENDANTS,
LEONARD A. FASANO and FASANO,
IPPOLITO & LEE, LLC

By_____
    David G. Hill
    HALLORAN & SAGE LLP    *Deleted: June M. Sullivan ¶*
    Fed Bar #ct13435
    One Goodwin Square    *Deleted: Fed. Bar #ct24462¶*
    225 Asylum Street
    Hartford, CT  06103
    (860) 522-6103

– 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

CERTIFICATION

This is to certify that on this 27th day of April 2004, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT 06103-2205
&

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT 06405
&

Peter C. Schwartz, Esq.
Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &
Associates, LLC**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT 06509-1925
**For Defendant Stanley Prymas**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026
**For Defendant Charles A. Flanagan**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
**For Defendant Thompson & Peck, Inc.**

US Trustee
U.S. Trustee Office
265 Church Street, Suite 1103
New Haven, CT 06510-7016

Karen T. Gerber, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
**For Karen Gerber**

_____
David G. Hill

602994

Deleted: June M. Sullivan¶
Deleted: 542628_1.doc

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105