UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|    Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | October 19, 2004 |
|    Defendants | | |

**REPLY IN SUPPORT OF**
**MOTION TO AMEND ANSWER**

Defendants Thomson & Peck, Inc. ("T&P") and Stanley F. Prymas hereby reply to plaintiffs' opposition to their Motion to Amend Answer.

**Plaintiffs have suffered no prejudice as a result of the amended affirmative defense.**

Plaintiffs have had ample opportunity to conduct discovery with respect to defendants' reliance on professional advice defense. In July, 2003, defendants informed the plaintiffs that T&P had agreed to waive the attorney-client privilege with regard to the issues of payment and characterization of the stipulated judgment proceeds payable to Flanagan and the placement of a restrictive legend on Flanagan's T&P stock. Reply to Plaintiffs' Motion to Compel dated May 30, 2003, July 23, 2003; Docket Item # 139 p. 4. Defendants produced the documents from Bainer's files, previously withheld on the ground of privilege, shortly after November 12, 2003. See Cox and Armstrong letters dated November 12, 2003, attached hereto as Exhibit A.

The plaintiffs indicated an intent to resume the deposition of Todd Bainer in correspondence to defense counsel dated December 12, 2003, February 2,

1

2004 and February 5, 2004.  See Armstrong letters dated November 12, 2003, February 2, 2004, February 5, 2004, attached as Exhibit B. Although the Court's discovery cutoff date was November 28, 2003, the difficulties in scheduling depositions required the parties to conduct depositions after that date.  Thus, with the consent of all parties, depositions in this action continued until February 13, 2004.

Plaintiffs deposed representatives of Thompson & Peck on January 29, 2004, well after notice of Prymas and T&P's waiver and the document production.  They availed themselves of ample opportunity to question Stanley Prymas, Thompson & Peck's president, concerning his reliance on Thompson & Peck's corporate attorney, Todd Bainer, concerning the judgment payments and the restrictive legend, the issues underlying their affirmative defense.  Prymas deposition, pp. 144-46, 155-57, 159, 162-63, 169, 170-72, attached as Exhibit C. For reasons known only to themselves, plaintiffs did not resume the deposition of Bainer in accordance with their stated intention, although they had the opportunity to do so.

Plaintiffs attempt to mislead this Court by suggesting, in their lengthy recitation of Thompson & Peck's assertion of the privilege at Bainer's deposition, that they were precluded from conducting discovery into Bainer's advice to Prymas and Thompson & Peck. (Plaintiffs' Response ¶4)   However, the history of discovery in this case belies that suggestion.   Bainer's deposition was taken on January 15, *2003*.  Several months later, defendants informed plaintiffs that Thompson & Peck would waive its attorney-client privilege with respect to the payment and tax classification of the judgment monies and the restrictive legend

on Flanagan's stock.  See  Reply to Plaintiffs' Motion to, Docket Item #139. Plaintiffs had the opportunity to resume their deposition of Bainer on the issues of Thompson & Peck's waiver, but they chose not to.  They have not been prejudiced by assertion of the reliance on counsel defense, when they failed to resume Bainer's deposition when they had ample opportunity, and did in fact depose Prymas on the facts underlying that defense.

Plaintiffs' reliance on Thompson & Peck's assertion of attorney-client privilege on other issues (Plaintiffs' Response ¶5), unrelated to the judgment monies and the restrictive legend, does not support plaintiffs' argument that they have been deprived of discovery concerning Prymas and T&P's defense that they reliied on professional advice.  That defense concerns professional advice about the judgment monies and the restrictive legend.  Prymas and T&P waived their attorney-client privilege with respective to those two issues *only*.  They did not waive their attorney-client with respect to other areas.

Thompson & Peck's continued assertion of its attorney-client privilege with respect to *other* issues did not foreclose plaintiffs from discovering the factual basis of Thompson & Peck's reliance on professional advice defense. Thompson & Peck's defense relates to plaintiffs' claims concerning the payment and tax characterization of the judgment monies paid to Flanagan and the restrictive legend placed on his Thompson & Peck stock.  Plaintiffs had been afforded a full and ample opportunity to depose both Bainer and Thompson & Peck's representatives concerning the factual underpinnings of that defense. Thompson & Peck's continued assertion of their attorney-client privilege with respect to other matters, such as the grievance against Cadle's attorney, is

outside the scope of Thompson & Peck's reliance on counsel defense. Thus, plaintiffs' quotation of Prymas' assertion of the privilege on behalf of Thompson & Peck concerning his communications with Bainer about the grievance (Response ¶ 5), has no bearing on whether the plaintiffs have had opportunity to conduct discovery on the reliance on professional advice defense.

Plaintiffs' claim that Thompson & Peck's affirmative defense requires additional deposition testimony from Bainer, Prymas and Flanagan, is not well founded. Plaintiffs deposed Prymas on January 29, 2004, *well after* they were informed that Thompson & Peck would waive its privilege. Prymas testified about his reliance on Bainer's advice with respect to the judgment payments and restrictive legend. There is absolutely no basis for their argument that they need additional testimony from Prymas. Moreover, other than requesting convenient deposition dates, plaintiffs took no step to resume the depositions of either Bainer or Flanagan. Plaintiffs offer no specific examples of deposition testimony in support of their wholly conclusory claim that they would require additional deposition testimony from Bainer, Prymas and Flanagan.

Plaintiffs' claim that they are prejudiced by the amendment of Prymas/T&P's answer to assert their reliance on professional advice defense is not supported by the procedural facts. They have been given documentary and deposition discovery of the facts underlying the defense. Plaintiffs have not been prejudiced by a lack of discovery that they chose not to conduct. There has been no bad faith and no prejudice connected with the defendants' inclusion of a defense of reliance on professional advice in this action. Consequently, the

Court should permit Prymas and Thompson & Peck to amend their answer to include their defense of reliance on professional advice.

                    RESPECTFULLY SUBMITTED,

                    THE DEFENDANTS
                    STANLEY F. PRYMAS AND
                    THOMPSON & PECK, INC.

By: _____
       BARBARA L. COX
       Federal Bar #ct08523
       WILLIAM F. GALLAGHER
       Federal Bar #ct04147
       The Gallagher Law Firm
       1377 Boulevard, P.O. Box 1925
       New Haven, CT  06509
       Tel:  203-624-4165
       Fax:  203-865-5598

**_CERTIFICATION OF SERVICE_**

This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
230 Millbrook Road
North Haven, CT 06473

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

_____
BARBARA L. COX

6

Case 3:01-cv-00531-AVC     Document 303     Filed 10/22/2004     Page 7 of 7

