

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CADLE COMPANY, ET AL.        :       CIVIL ACTION
                                       NO: 3:01-CV-531

(AVC)

V.                           :

CHARLES A. FLANAGAN, ET AL.    :       OCTOBER 25, 2004

**MEMORANDUM OF LAW IN SUPPORT OF STANLEY F. PRYMAS AND THOMPSON & PECK, INC.'S MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENTS IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT DATED SEPTEMBER 7, 2004**

## I.    INTRODUCTION

On or about May 14, 2004, the defendants Stanley F. Prymas and Thompson & Peck, Inc. (hereinafter collectively "Prymas/T&P") filed a Motion for Summary Judgment against the Plaintiffs.  In accordance with Local Rule 56(a), Prymas/T&P filed a Local Rule 56(a)(1) Statement of Undisputed Material Facts.  On or about September 3, 2004, Plaintiffs filed their Local Rule 56(a)(2) Statement and Consolidated Response to Defendants' Motions for Summary Judgment.  Subsequently, on September 7, 2004 Plaintiffs filed an additional Local Rule 56(a)(2) Statement in Opposition to Defendants' Motions for Summary Judgment and on September 9, 2004, Plaintiffs filed an Amended Consolidated Response to Defendants' Motions for Summary Judgment.

Once again, Prymas/T&P turn to the Court for assistance because the Plaintiffs have failed to comply with the well established local procedural rules.  In their Local Rule 56(a)2 Statement, the Plaintiffs have chosen to ignore the clear mandate of Rule 56 and have created their own set of facts instead of properly responding with a straightforward admission or denial of Defendants' Rule 56(a)1

Statement. Consequently, for the reasons set forth below, Defendants request that the court either strike the Plaintiffs' Local Rule 56(a)(2) Statement and Disputed Issues of Material Facts in its entirety or strike the Plaintiffs' statements that do not comply with Local Rule 56 and deem those statements that do not admit or deny the facts asserted by Prymas/T&P in their Rule 56(a)1 Statement to be admitted by the Plaintiffs. Alternatively, Defendants request that this Court enter sanctions against the Plaintiffs by granting the Defendants' Motion for Summary Judgment. Additionally, the Defendants request that the court order Plaintiffs to pay Prymas/T&P's costs associated with preparing this Motion to Strike and supporting memorandum of law pursuant to Local Rule 31.

## II.    **LEGAL ARGUMENT**

Plaintiffs base their entire argument against Prymas/T&P on the claim that, under RICO, one person is liable for all of the other persons' predicate acts in a civil RICO conspiracy. Although "there are certain patterns of wrongful conduct which can and should be prosecuted under RICO" (Plaintiffs' Amended Consolidated Response to Defendants' Motions for Summary Judgment dated September 9, 2004, p. 52-53.), this Court has recognized that "Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device". In re SmithKline Beecham Clinical Laboratories, Inc. Laboratory Test Billing Practices Litigation, 108 F.Supp.2d 84, 92 (D. Conn. 1999, J. Covello). In addressing a civil Racketeer Influenced and Corrupt Organizations Act (RICO) claim, the "court's focus must be to ensure that RICO's severe penalties are limited to enterprises consisting of more than simple conspiracies to perpetrate acts of racketeering". Id at 92-93. "Courts must always be on the lookout for the

putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb." Id at 93. "Further, in considering RICO Claims, courts must attempt to achieve results consistent with Congress's goal of protecting legitimate businesses from infiltration by organized crime". Id at 93, n. 12. "[I]nvoking RICO's punitive, financially ruinous treble damage remedy could conceivably interfere with the very market force that RICO was designed to protect." Gruber v. Prudential-Bache Securities, Inc., 679 F. Supp. 165, 181 (D. Conn. 1987)(Cabrano, J.)(internal punctuation omitted).   Even with all of the Plaintiffs' hybolic language, when it comes down to the facts, there is no evidence that supports any of the Plaintiffs' RICO claims against Prymas or T&P, especially any claim based on a RICO conspiracy.

### A.   Applicable Law

Rule 12(f) of the Federal Rules of Civil Procedure permits the court, in its discretion, to strike " . . . from any pleading any ... insufficient defense or redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion."  Newport Elec., Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001).  See also Spector v. Experian Information Services, Inc., No. 3:01-CV-1955 (EBB), 2004 WL 1242978 (D. Conn. 2004 at *4); (evidentiary submissions supporting summary judgment) Keene v. Hartford Hospital,  208 F. Supp. 2d 238, 242 (D. Conn. 2002);  Dedyo v. Baker Engineering New York, Inc., No. 96 CIV. 7152 (LBS), 1998 WL 9376 at

*4 (S.D.N.Y. Jan. 13, 1998) (inadmissible deposition testimony improperly authenticated documents).

A motion to strike is also the appropriate vehicle to challenge materials opposing summary judgment. See Id. "Materials submitted by a party in connection with a summary judgment motion may be challenged on grounds that would preclude consideration of the material for the purposes of the motion. The vehicle to make this type of contention is a motion to strike." Rohman v. New York City Transit Authority, 215 F.3d 208, 218 n. 6 (2d Cir. 2000); ); Hollander v. American Cyanamid Co., 999 F. Supp., 252, 255-56 (D. Conn. 1998). "The moving party must be specific with regards to what it is seeking to have stricken and must set forth reasons for why the materials should not be considered by the court." Keene v. Hartford Hospital, 208 F. Supp. 2d 238, 242 (D. Conn. 2002).

Local Rule 56(a) sets out specified formats for the identification of material issues of fact in connection with motions for summary judgment.

> The papers opposing a motion for summary judgment *shall* include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56 (a)1 Statement whether each of the *facts asserted by the moving party* is *admitted or denied*. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

Local Rule 56(a)2 (2004) (emphasis added).

Local Rule 56(a)(3) requires the party opposing summary judgment to cite admissible evidence supporting its own statement of disputed issues of fact and each denial of the moving party's facts:

> [E]ach statement of material fact by … an opponent in a Local Rule 56(a)(2) Statement, and each denial in an opponent's Local Rule 56 (a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial an/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)(1) and 2 Statements in conformity with Fed. R. Civ. P. 56(e)[emphasis added].

Rule 56(a)(3) also provides "failure to provide specific citations to evidence in the record as required by this Local rule may result in sanctions, including, … when the opponent fails to comply, an order granting the motion [for summary judgment]."

"In addition to raising its own set of disputed facts, a nonmoving party first must *admit or deny* the undisputed facts *alleged by the moving party*. This procedural requirement is more clearly set forth in the revised Local Rules." Sprint Spectrum L.P. v. Town of North Stonington, 12 F.Supp.2d 247, 248 n. 1 (D. Conn. 1998) (emphasis added) (holding that the defendants' Local Rule 9(c)(2) Statement was improper because it was nonresponsive to the undisputed facts cited by the plaintiff. Local Rule 56(a) previously numbered as Local Rule 9(c). Tyson v. Willauer, 289 F.Supp.2d 190, 194 (D. Conn. 2003); Clarke v. Sweeney, 312 F.Supp.2d 277, 281 (D. Conn. 204)).

Local Rule 56(a) is more than just a procedural nicety:

> It contains *mandatory language* and is *strictly interpreted.* The purpose of the rule is to make affirmative statements that will aid and inform the court.

Armstrong v. Chrysler Financial Corp., No. CIV. 3:97CV1557(AHN), 1999 WL 608831 (D. Conn. July 29, 1999)(emphasis added).

> The purpose of a Rule 9(c)2 [now 56(a)2] Statement is to make affirmative statements which will aid and inform the Court. Leaving a 9(c)1 statement unanswered in significant part most certainly fails to serve this purpose. *The . . . failure to answer facts in Defendants' 9(c)1 Statement . . . is a "statement" which is not in compliance with the Local Rules and is the equivalent of no filing at all.*

Cooper v. Regaglia, No. 3:96-CV-00530(EBB), 1999 WL 1067680 (D. Conn. Oct. 19, 1999) at *2 (emphasis added).

In cases of noncompliance with this Local Rule, courts within this District have routinely applied Rule 56(a)'s and its predecessor rule's specified sanction and deemed the movant's statement of facts admitted. See Pipkin v. Bridgeport Board of Education, 323 F.Supp.2d 326, 329 (D. Conn. 2004); Booze v. Shawmut Bank, Connecticut, 62 F. Supp. 2d 593, 595 (D. Conn 1999) (proceeding to evaluate summary judgment based on the movant's facts alone); Tunnel v. United States Corp, 54 F. Supp. 2d 136, 137 (D. Conn. 1999) (same); Trzaskos v. St. Jacques, 39 F. Supp. 2d 177, (D. Conn. 1999) (same); Kusnitz v. Yale Univ. School of Medicine, No. 3:96-CV-02434(EBB), 1998 WL 422903 *1 (D. Conn. July 16, 1998) (same). The Second Circuit has affirmed the validity of such a sanction. See Dusaneko v. Maloney, 726 F. 2d 82, 83-84 (2d Cir.. 1984) (applying equivalent local rule from the Southern District of New York).

Where the party opposing summary judgment does not *strictly comply* with Local Rule 56(a)(2)'s explicit direction to admit or deny "*the facts asserted by the moving party*," the non-complying paragraphs of the 56(a)2 Statement must be deemed admissions of the facts asserted in the 56(a)1 Statement for purposes of the summary judgment motion. Cooper v. Regaglia,. 1999 WL 1067680 at * 2 (citing cases); see also Brasic v. Heinemann's, Inc., 121 F. 3d 281, 285-86 (7th Cir. 1997). In addition, "[f]ailure to comply with Local Rule 9(c) [now Local Rule 56(a)] is grounds to grant ... a motion for summary judgment." Armstrong, 1999 WL 608831, at *1.

As another district court has explained, the local summary judgment rules

"serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the Court of the evidence and arguments in an organized way – thus facilitating its judgment of the necessity for trial." Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir. 1995). Each of these functions is vital. When a party fails to comply with these provisions, it is unfair to its adversary, which has the right to know the factual bases of its opponent's case and the specific foundations for those assertions of fact; and its conduct is adverse to the conservation of judicial resources which are most efficiently deployed when the parties fulfill their adversarial functions in a rigorously organized, coherent fashion.

Jackson v. Broome County Correctional Facility, 194 F.R.D. 436, 437 (N.D.N.Y. 2000). Requiring "strict compliance" with local summary judgment rules "is justified both by the nature of summary judgment and by the rule's purposes." Gardels v. Central Intelligence Agency, 637 F. 2d 770, 227 (D.C. Cir. 1980). The Seventh Circuit Court of Appeals has explained,

We have endorsed the exacting obligation these rules impose on a party contesting summary judgment to highlight which factual

averments are in conflict as well as what record evidence there is to confirm the dispute . . . . We repeatedly have sustained entry of summary judgment where "the nonmovant has failed to submit a factual statement *in the form called for by the pertinent rule* and thereby conceded the movant's version of the facts."

Brasic v. Heinemann's, 121 F. 3d 285-86 (quoting Waldredge v. American Hoechst Corp., 24 F. 3d 918, 921-22 (7th Cir. 1994, emphasis added).

The obvious aim of the local rule is to enable the parties and the Court to know precisely which  material facts are admitted and which assertions of fact will have to be further tested against the cited evidence to determine whether there exists truly conflicting evidence upon which to conclude that there is a genuine issue for trial as to that fact. Ungerleider v. Fleet Mort. Group of Fleet Bank, 329 F. Supp. 2d 343, 364 (D. Conn. 2004); Coger v. State of Connecticut, 309 F.Supp.2d 274, 277 (D.Conn.2004). Without such a statement, "the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." Coger, 309 F.Supp.2d. at 277 (internal quotation marks and citations omitted).  This court has warned litigants that failure to strictly comply with local summary judgment rules will result in sanctions Ungerleider       329       F.       Supp.       2d       364.

To further this goal, the local rule contemplates that there will be one set of facts asserted by the moving party in the 56(a)1 statement.  The nonmoving party's 56(a)2 statement must state whether it admits or denies each of the *moving party's* facts set forth in the 56(a)1 statement "in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement."  The nonmoving party's 56(a)2 Statement should

state "admitted" or "denied" following the paragraph number of the fact asserted in the 56(a)1 Statement, allowing the Court to readily ascertain which facts are admitted and which must be tested against the evidence cited in the nonmoving party's denials.

The plaintiffs' disregard of the unambiguous requirements of Local Rule 56(a)2 creates confusion for defendants and the Court. Rather than follow the Local Rule's clear cut procedure, the plaintiffs have created a second set of facts by rewriting the facts they have been asked to admit or deny by inserting additional self-serving and argumentative statements into each of the defendants' 56(a)1 statements . The rule provides no provision for the moving parties to respond to the new "facts" inserted into their initial factual assertions. The result is confusion, strategically created, with the hope that the facts will appear so complicated that the Court will throw up its hands and deny defendants' summary judgment motions. The court should not countenance such subversion of its rules.

**B.    Plaintiffs' Statements Fail to Conform to Local Rule 56 (a)(2)**

Despite the clear language of Local Rule 56(a)(2), Plaintiffs have utterly failed to comply with its requirements. As has been their pattern throughout the course of this litigation, Plaintiffs have once again willfully disregarded the Court's rules.

A classic example of the plaintiffs' defiance of Local Rule 56 is their response to ¶ 14 of Prymas/T&P's Local Rule 56(a)1 Statement. Paragraph 14 of Prymas/T&P's Local Rule 56(a)1 Statement states:

14. On or about January 20, 1998, Flanagan signed a form claim of exemption, stating that T&P had no Flanagan assets other than wages, and filed the claim with the court in Cadle I (Complaint Ex. 25).

The corresponding paragraph of the plaintiffs' 56 (a)2 Statement states:

14. It is admitted that on or about January 20, 1998, Flanagan signed *on behalf of T&P* a form claim of exemption, stating that T&P had no Flanagan assets other than wages, and filed the claim with the court in Cadle I (Complaint Ex. 25). [added language emphasized]

Plaintiffs' response does not comply with Local Rule 56(a)(2)'s direction to admit or deny the "facts asserted by the moving party." Plaintiffs have not admitted or denied the facts set forth in defendants' Paragraph 14. Rather, plaintiffs have changed defendants' asserted fact by inserting the words "on behalf of T&P" and admitted the altered fact. Plaintiffs' response does not comply with the clear mandate of Local Rule 56(a)(2), and should be deemed non-responsive, and therefore an admission of Prymas/T&P's Paragraph 14.

Plaintiffs' alteration of Paragraph 14 is very significant. A critical issue in this case is whether T&P can be held accountable for the representation Flanagan made to the court in the Exemption Claim Form. The exemption form contains no indication that it was filed on behalf of T&P. It was signed by Flanagan individually as the "Judgment-debtor." (Px 25)[1]. There is absolutely no indication anywhere on the exemption form filed in <u>Cadle I</u> that Flanagan signed the form as a representative of T&P, and, consequently, no basis to find that he filed the exemption claim "on behalf of T&P."

Plaintiffs' response to Paragraph 14 is by no means an isolated instance. Plaintiffs have altered 24 of the 36 paragraphs[2] of Prymas/T&P's Local Rule 56(a)1 Statement, as demonstrated by the redlined statement, filed with this memorandum as Exhibit A. Plaintiffs have failed to admit or deny the facts in Prymas/T&P's statement of undisputed material facts, as required by Local Rule 56(a)(2).

In many instances, Plaintiffs have rewritten Prymas/T&P's statements of fact to by adding highly arumentative assertions. For example, Paragraph 10 of Prymas/T&P's 56 (a)1 statement states:

> 10.  On January 5, 1998, the Cadle Company served T&P with a property execution in <u>Cadle Company v. Flanagan</u>, Civ. Action No. 3:98-CV-02648 (AVC) (D.Conn.) ("Cadle I") (Cadle I, Execution). Faced with competing demands from the execution and Flanagan, T&P, on advice of the corporation's counsel, Todd Bainer, suspended the stipulated judgment payments to Flanagan, pending a legal opinion from Flanagan's attorney, Leonard Fasano, Esq., as to the proper tax classification of the payments (Prymas, 24-30, 34, 42, 47, 91-92).

Plaintiffs' 56(a)2 response states:

> (10) It is admitted that on January 5, 1998 TCC served T&P with a property execution in <u>Cadle I</u>. (Px 68A) It is denied, however, that the **¶12 Settlement Agreement** payments to Flanagan were suspended based on the advice of Bainer pending a legal opinion from Flanagan's attorney, Fasano, as to the proper tax classification of the payments. **Rather, the summary judgment evidence shows that the ¶12 Settlement Agreement payments to Flanagan were suspended as part of a conspiracy by Fasano, Prymas, T&P and Bainer to assist Flanagan with his scheme to hide, transfer and otherwise shield his ¶12**

---

[1] Plaintiffs' documents in Opposition to Defendants' Motions for Summary Judgment, Sept. 7, 2004.

[2] Those paragraphs are: 2, 3, 5, 6, 8, 10, 12, 14, 15, 16, 18, 19, 20, 23, 24, 25, 27, 28, 29, 30, 32, 33, 34, 35.

**Settlement Agreement payments from the judgment claims of Plaintiff.** (See Pxs 72 p. 2, 24, 25A & 25B) [emphasis added]

Plaintiffs' gratuitous argument appended to its response, highlighted above, should be stricken as well as the changes of Prymas/T&P's original language ("stipulated judgment" to "¶12 Settlement Agreement").

Similarly, the argumentative changes and additions to Paragraphs 3, 5, 6, 7, 8, 12, 16, 18, 19, 20, 25, 27, 28, 29, 30, 32, 33, 34, and 35 of Prymas/T&P's 56(a)1 statement should be stricken from the corresponding paragraphs of the plaintiffs' 56(a)2 Statement. Such argumentative statements, in the nature of "speaking responses," are improper, as they are neither admissions nor denials of the facts asserted by Prymas/T&P in their 56(a)1 Statement. See 3 C. Wright & A. Miller, Federal Practice & Procedure S 1268 (2004) (argumentative denial that renders unclear which averments the defensive pleading is designed to place in issue are subject to a motion to strike under Rule 12(f)); cf Texas Co. v. Cohen, 15 F.2d 358 (2d Cir. 1926) (L. Hand, J.) (Argumentative denials should be disregarded.); Woodruff v. New York & N.E.R. Co, 59 Conn. 63, 89 (1890) ("An agrumentative denial is no denial."). They are, rather. new factual assertions that have no place in the responses to the 56(a)1 Statement, and to which defendants have no opportunity to respond. They should be stricken altogether or deemed admissions of Defendants' Statements.

In other instances, plaintiffs' response does not address the fact asserted in Prymas/T&P's statement at all. For example, Paragraph 4 of Prymas/T&P's statement states:

> 4.    At the time of the Flanagan/Prymas settlement, T&P's accountant verbally told Prymas that the payments to Flanagan

could be treated either as W-2 or 1099-Miscellaneous income for
tax purposes (Prymas Dep. 21

Plaintiffs' "response" states:

> (4)    It is admitted that Prymas **_testified at his deposition_**
> **_that, in essence,_** T&P's accountant verbally told Prymas that the
> Settlement Agreement payments to Flanagan could be treated
> either as W-2 or 1099-Miscellaneous income for tax purposes. **_The_**
> **_testimony by Prymas, however, constitutes hearsay and,_**
> **_accordingly, should be struck [sic]._** [added language
> emphasized]

Once again, by inserting additional facts into Prymas/T&P's Paragraph 4,

plaintiffs have not admitted or denied the "facts asserted by the moving part[ies],"

but some other facts, in violation of this Court's local rule.[3]    Similar instances of

this type of non-response may be found at paragraphs 7, 8, 12, 29 and 32 of

plaintiffs' 56(a)2 Statement.    These paragraphs should be also be deemed

admissions of defendants' 56(a)1 Statement for purpose of the motion for

summary judgment.

Finally, a number of Plaintiffs' broad argumentative assertions fail to cite

any admissible evidence.    For example, Plaintiffs' response to Paragraph 11

cites no evidence at all.    The response to Paragraph 19 cites "Ps' MSJ Resp.

§II," referring to the Plaintiffs' 44 page response the defendants's motions for

summary judgment.    Plaintiffs'Response is not evidence and is not an adequate

citation.    The Court should not have to wade through Plaintiffs' Response in

---

[3]In addition, plaintiffs' speaking motion to strike is also unfounded.    What T&P's
accountant advised Prymas is not offered for the truth of the accountant's
statements, but rather to show that Prymas/T&P acted in response to the advice.
Consequently, the accountant's advice is not hearsay. Fed. R. Evid. 801(c);
United States v. Bishop, 291 F. 3d 1100, 1111 (9th Cir. 2002) (trial court erred in
excluding tax advice as hearsay, because testimony not offered to prove the truth
of content of advice).

search of support for Plaintiffs' improper denials. E.g., Ungerleider, 329 F. Supp.

2d 364.    Plaintiffs' unsupported denials in Paragraphs 11, 19, 34, and 35

should be stricken because they fail to cite evidence.

### C. Plaintiffs' 56(a)2 Statement of Disputed Issues of Material Fact Fails to State Facts or Cite Evidentiary Support.

Plaintiffs' statement of Disputed Issues of Material fact fails to state facts

or supporting evidence and should be stricken.  The only  statements relative to

Prymas/T&P are Paragraphs 3 and 4:

> (3)    Whether Defendant Prymas provided knowing and
> substantial assistance in the implementation and/or
> execution of Flanagan's fraudulent scheme to hide,
> transfer or otherwise shield Flanagan's assets from the
> judgment claims of TCC and/or DJV? (Ps' MSJ Resp.
> §II)

> (4)    Whether Defendant T&P provided knowing and substantial
> assistance in the implementation and/or execution of
> Flanagan's fraudulent scheme to hide, transfer or otherwise
> shield Flanagan's assets from the judgment claims of TCC
> and/or DJV? (Ps' MSJ Resp. §II)

Plaintiffs' statement of disputed issues is flawed in two respects.

First, paragraphs 3 and 4 are not statements of fact at all, but rather are

statements of conclusions.   As such, they fail to satisfy Local Rule

56(a)(2)'s requirement of "a list of *each* issue of material fact as to which it

is contended there is a genuine issue to be tried."  Local Rule 56(a)(2).

Second, in support of these two statements, the plaintiffs simply

cite their entire 44-page biased summary of facts listed in the Plaintiffs'

Response to Defendants' Motions for Summary Judgment ("Ps' MSJ

Resp. §II"), rather than citations to a competent witness affidavit or admissible evidence, required by rule 56(a)(3)[4]. Plaintiffs' response is a broad narration of the plaintiffs' version of the facts and does not specifically point to any particular evidence that directly supports the Plaintiffs' statement of disputed issues.    Rather, they require the Defendants and the court to "dig through the voluminous records" in contradiction of the Local Rules very purpose. E.g., Ungerleider, 329 F. Supp. 2d 364.

Although the burden of demonstrating that no factual dispute exists is on the moving party, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), once the moving party has met this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).    "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Alemas, 143 F.3d 105, 114 (2d Cir. 1998).  Local Rule 56 provides clear guidance on how such genuine issues are to be presented.  As the Plaintiffs have failed to properly present "specific facts showing that there is a genuine issue for

---

[4]"The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried." Local Rule 56(a)(2) (2004). "Each statement of material fact by ... an opponent in a Local Rule 56(a)(2) Statement, . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial an/or (2) evidence that would be admissible at trial." Rule 56(a)(3) (2004).

trial", the Court should strike Plaintiffs' statements of disputed "facts" and grant Defendants' Prymas/T&P's Motion for Summary Judgment.

## III.    **CONCLUSION**

Plaintiffs' Local Rule 56(a)(2) Statement not only fails to comply with Local Rule 56, but such noncompliance is clearly intentional on the part of the Plaintiffs. Prymas/T&P respectfully request that the Court recognize that it is unreasonable and unduly burdensome for the Court and the Defendants to continue to be subjected to the Plaintiffs' complete and intentional disregard for the Court's rules of practice. The Plaintiffs, as they have time and time again, place the burden on the Defendants to find a way to fashion an appropriate response to Plaintiffs' improper pleadings. The Plaintiffs' abusive style of pleading practice should be curtailed in order to allow the substantive allegations of this case to be effectively addressed and costs should be assessed against Plaintiffs, pursuant to Local Rule 31, for their intentional disregard of this court's rules.

Therefore, Defendants ask this Court to sanction the Plaintiffs by granting Defendants' Motion for Summary Judgment. Alternatively, Defendants request that the court strike Plaintiffs' Local Rule 56(a)(2) Statement and Disputed Issues of Material Facts in its entirety, or alternatively, strike the following  paragraphs of the Plaintiffs' Statement that do not comply with Local Rule 56 and deem those statements as admitted by the Plaintiffs:

1.    Paragraphs 4,7, 8, 12, 29, 32 of Plaintiffs' Local Rule 56(a)(2) Statement should be stricken because the Plaintiffs have not admitted or denied the facts asserted in Prymas/T&P's Local Rule 56(a)(1) Statement. Rather,

Plaintiffs have revised Defendants' 56(a)1 Statement and have admitted or denied their own version of the factual averments, in violation of Local Rule 56(a)(2).

2.    Paragraphs 2, 3, 5, 6, 8, 10, 12, 14,15, 16, 18, 19, 20, 23, 24, 25, 27, 28, 29, 30, 32, 33, 34, 35 of Plaintiffs' Local Rule 56(a)(2) Statement should be stricken as the Plaintiffs have not only admitted to or denied Plaintiffs' own version of the text from Prymas/T&P Local Rule 56(a)(1) Statement, but has supplemented defendants' statements with plaintiffs' own I, self-serving, argumentative statements, in violation of Local Rule 56(a)(2).

3.    Paragraphs 11, 19, 34, and 35 of Plaintiffs' Local Rule 56(a)(2) Statement should be stricken insofar as they fail to cite admissible evidentiary support, in violation of Local Rule 56(a)(3)..

4.    Paragraphs 3 and 4 of Plaintiffs Statement of Disputed Issues of Material Fact should be stricken because they do not state facts and they fail to cited admissible evidence, in contravention of Local Rule 56(a)(3) In the alternative, the Court should strike specific paragraphs of Plaintiffs' Statement as follows.

Additionally, Defendants request that the Court order Plaintiffs to pay Prymas/T&P's costs associated with preparing this Motion to Strike and supporting Memorandum of Law, pursuant to Local Rule 31.

Attached to this Memorandum are: 1) Prymas/T&P's Local Rule 56(a)(1) Statement; 2) Plaintiffs' Local Rule 56(a)(2) Statement, addressed to Prymas/T&P's Statement and 3) a "red-lined" version of Prymas/T&P's Local

Rule 56(a)(1) Statement showing all of the additions, deletions and modifications made to their Local Rule 56(a)(1) Statement by Plaintiffs in their Local Rule 56(a)(2) Statement.

Respectfully submitted,

DEFENDANTS,
STANLEY F. PRYMAS,
THOMPSON & PECK, INC.,

By _____

BARBARA L. COX
Federal Bar ct08523
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven,CT  6509
Tel:  203-624-4165
Fax:  203-865-5598

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
230 Millbrook Road
North Haven, CT 06473

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

Barbara          L.          Cox

# EXHIBIT A:  Local Rule 56(a)1 Statement

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>　　　Plaintiffs | : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL<br>　　　Defendants | : | October 14, 2004 |

**STANLEY F. PRYMAS AND**
**THOMPSON & PECK, INC.'S SECOND SUPPLEMENTAL CORRECTED**
**LOCAL RULE 56(a)1 STATEMENT**

Notice is hereby given that defendants Stanley F. Prymas and Thompson & Peck hereby correct their Local Rule 56(a)(1) Statement in Support of their Motion for Summary Judgment, dated May 14, 2004 as follows: ¶¶ 1, 26, 32, 33 and 35 have been corrected by supplying citation to evidence inadvertently omitted as a result of clerical error. No change has been made to ¶ 6 because plaintiffs have admitted it in their Local Rule 56(a)(2) Statement dated September 3, 2004..

　　　1.　　　Stanley Prymas and Charles Flanagan were each fifty (50%) percent owners of Thompson & Peck, Inc. ("T&P"), an insurance agency that had operated since 1928 in New Haven, Connecticut (Exhibit A, Px 3).

　　　2.　　　On June 17, 1997, Flanagan and Prymas settled a lawsuit between them by entering a settlement agreement that was subsequently entered as a judgment by the Connecticut Superior Court ("stipulated judgment") (Exhibits A, B).

3.    The stipulated judgment required Prymas/T&P to pay Flanagan a total of $75,000.00 in installments (Exhibit A, ¶12).

4.    At the time of the Flanagan/Prymas settlement, T&P's accountant verbally told Prymas that the payments to Flanagan could be treated either as W-2 or 1099-Miscellaneous income for tax purposes (Prymas Dep. 21).

5.    Because Prymas was concerned that classifying the stipulated judgment payments might exceed limits on employees' salaries imposed by a loan covenant, he and Flanagan agreed to treat the payments as 1099-Miscellaneous income to avoid running afoul of the covenant (Prymas 21-22).

6.    Payments were made to Flanagan as 1099-Miscellaneous from August through December, 1997 (Admitted by plaintiffs).

7.    By 1998, Prymas and Flanagan had a very rough relationship; they had a history of litigation and they disliked each other intensely (Prymas, 25-27).

8.    In late December, 1997 or early the following January, Flanagan began demanding that T&P reclassify the judgment payments as W-2 income and subsequently threatened litigation if Prymas/T&P would not comply (Prymas 23-24, 34, 91-92, 127-28; Exhibit E).

9.    In January of 1998 and before, Prymas knew that Flanagan's wages from T&P were subject to active garnishment from Flanagan's creditors (Prymas, 34-40).

10.    On January 5, 1998, the Cadle Company served T&P with a property execution in Cadle Company v. Flanagan, Civ. Action No. 3:98-CV-02648 (AVC) (D.Conn.) ("Cadle I") (Cadle I, Execution).  Faced with competing

demands from the execution and Flanagan, T&P, on advice of the corporation's counsel, Todd Bainer, suspended the stipulated judgment payments to Flanagan, pending a legal opinion from Flanagan's attorney, Leonard Fasano, Esq., as to the proper tax classification of the payments (Prymas, 24-30, 34, 42, 47, 91-92).

11.    In 1998, Prymas was not interested in doing anything to help Flanagan (Prymas, 25-26, 27).

12.    Prymas was very concerned about the potential disruption to the business created by Flanagan's threats of more legal action against the corporation (Prymas, 39, 41).

13.    Prymas did not care if Flanagan's creditors received the settlement money, and, in fact, hoped that the money would go to a creditor through garnishment, because he did not like Flanagan (Prymas, 34-40).

14.    On or about January 20, 1998, Flanagan signed a form claim of exemption, stating that T&P had no Flanagan assets other than wages, and filed the claim with the court in Cadle I (Complaint Ex. 25).

15.    The 1997 stipulated judgment required Flanagan and Prymas to both sign checks and other important documents on behalf of T&P (Ex. A, ¶¶5, 6).

16.    Neither Prymas nor T&P were parties to Cadle I (Judicial Notice, Cadle I).

17.    Prymas and Flanagan construed paragraphs 5 and 6 of the stipulated judgment to require both of them to sign any important documents on behalf of T&P (Ex. A, ¶¶5, 6; Ex. H).

18.    Flanagan was not authorized to sign the exemption unilaterally on behalf of T&P (Id.).

19.    On February 10, 1998, Andrew D'Agostino, CPA, issued a professional opinion letter stating that the judgment payments to Flanagan should be classified as wages in order to avoid tax code violations that could subject T&P to various taxes, penalties and interest (Ex. F; Prymas, 32-33).

20.    Based on the accountant's opinion, T&P reclassified the judgment payments to Flanagan as W-2 wages and, on advice, of T&P's attorney, Bainer, resumed settlement payments in May, 1998 (Prymas, 46-49, 57).

21.    The Cadle I property execution served on T&P expired on May 5, 1998 (Execution).

22.    The Cadle Company did not subsequently obtain another property execution to serve on T&P or file any motion or objection contesting the claim of exemption filed by Flanagan in January, 1998 (Cadle I docket sheet).

23.    On November 19, 1998, Flanagan paid the Cadle I judgment, together with interest and attorney's fees, in full (Ex. G).

24.    The stipulated judgment required Flanagan and Prymas to execute a shareholders' agreement within one year, directed each of them to continue ownership of the corporate stock, and prohibited transfer of the stock to "any other person or entity" (Ex. A, ¶¶10, 13).

25.    In August, 1998, as part of their compliance with the stipulated judgment, Prymas and Flanagan had T&P's corporate attorney, Bainer, place restrictive legends on each of their stock certificates (Prymas, 144).