UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY** and **D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP,** | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.** | § | November 4, 2004 |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT BAINER'S MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT**

Plaintiffs' Statement of Disputed Issues of Material Fact complies with Local Rule 56(a)(2). In addition, Plaintiffs have properly controverted Defendant Bainer's alleged undisputed facts in compliance with L.R. 56(a)(2). Accordingly, Defendant Bainer's Motion to Strike Plaintiffs' L.R. 56(a)(2) Statement should be denied.

**I.  Plaintiffs' Statement Of Disputed Issues Of Material Fact Complies With L.R. 56(a)(2)**

Defendant Bainer contends that Plaintiffs, in their L.R. 56(a)(2) Statement, "failed to include . . . a list of each material fact as to which it is contended there is a genuine issue to be tried . . .." (Mot. p. 1 ¶1) Defendant Bainer also contends that "Plaintiffs have not listed any issues of material fact as to Bainer" (id.), and, somewhat contradictorily, that the issues of material fact that Plaintiffs list as to Bainer

"do not even properly state the substantive law of plaintiffs' RICO claims . . .." (Mem. p. 4) Defendant Bainer's arguments are without merit.

Contrary to Defendant Bainer's representations, at p. 36 of Plaintiffs' L.R. 56(a)(2) Statement Plaintiffs set forth disputed issues of material fact as to Defendant Bainer:

> (2) Whether Defendant Bainer provided knowing and substantial assistance in the implementation and/or execution of Flanagan's fraudulent scheme to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of [Plaintiffs]? (Ps' MSJ Resp. §II)

This is a proper statement of material fact as to Defendant Bainer's conspiratorial role in assisting Defendant Flanagan with the implementation and execution of Flanagan's RICO fraudulent transfer scheme. See Baisch v. Gallina, 346 F.3d 366, 376 (2d Cir. 2003) (citing Salinas v. United States, 522 U.S. 52, 65-6 (1997)). See, also, United States v. Zichettello, 208 F.3d 72, 99-100 (2d Cir. 2000). As in Baisch, Plaintiffs "ha[ve] presented a genuine question as to [Defendant Bainer's] knowledge of the racketeering enterprise and his willingness to promote it." 346 F.3d at 376. Accordingly, Plaintiffs' Statement of Disputed Issues of Material Fact complies with L.R. 56(a)(2).

## II. Plaintiffs Have Properly Controverted Defendant Bainer's Alleged Undisputed Facts In Compliance With L.R. 56(a)(2)

Apparently claiming that Plaintiffs could only "admit" or "deny" each alleged undisputed fact as expressly set forth in Defendant Bainer's L.R. 56(a)(1) Statement of Undisputed Facts, Defendant Bainer seeks to strike Plaintiffs' L.R. 56(a)(2) Statement because Plaintiffs (a) only admitted certain facts, while qualifying other facts; (b) qualified some of their responses by providing explanations as to why certain alleged facts could not be admitted or denied as phrased; and (c) "cited additional exhibits/evidence." (Mot. p. 2)  Plaintiffs have, in fact, fairly met the substance of the allegations made by Defendant Bainer, with additional clarifications so Plaintiffs' responses would not be misleading.

There is no requirement that Plaintiffs could only admit or deny each statement of undisputed fact as expressly set forth in Defendant Bainer's L.R. 56(a)(1) Statement.  Although Plaintiffs could not locate any cases directly on point, the Federal Rules of Civil Procedure provide some guidance on appropriate responses to a request for admission.  Pursuant to Fed.R.Civ.P. 36(a), the response to a request for admission

>            shall specifically deny the matter or <u>set
>            forth in detail the reasons why the
>            answering party cannot truthfully admit or
>            deny the matter</u>.  A denial shall fairly meet
>            the substance of the requested admission,
>            and when good faith requires that a party
>            qualify an answer or deny only a part of the
>            matter of which an admission is requested,
>            the party shall <u>specify so much of it as is
>            true and qualify or deny the remainder</u>.

(Emphasis added.)

  Here Plaintiffs' denials or qualifications of Defendant Bainer's alleged undisputed facts fairly met the substance of the requested admissions.  Plaintiffs admitted those portions of Defendant Bainer's alleged undisputed facts which Plaintiffs could admit; denied or qualified the portions which were not correct; and set forth in detail the reasons why Plaintiffs could not admit or deny the statements as phrased by Defendant Bainer.  Accordingly, Plaintiffs have properly controverted Defendant Bainer's alleged undisputed facts in compliance with L.R. 56(a)(2).

**PRAYER**

Plaintiffs respectfully request that the Court deny Defendant Bainer's Motion to Strike, and that the Court grant Plaintiffs such other and further relief to which they may be entitled.

                        Respectfully submitted,

                        ARMSTRONG LAW FIRM

DATED: November 4, 2004.        By_____
                                          F. Dean Armstrong
                                          Ct. Fed. Bar #CT22417
                                          1324 Dartmouth Road
                                          Flossmoor, IL 60422
                                          (708) 798-1599
                                          Fax (708) 798-1597

                                          Edward C. Taiman, Esq.
                                          SABIA & HARTLEY, LLC
                                          190 Trumbull Street
                                          Suite 202
                                          Hartford, CT 06103-2205
                                          (860) 541-2077
                                          Fax (860) 713-8944

                                          Attorneys for Plaintiffs
                                          The Cadle Company and
                                          D.A.N. Joint Venture,
                                          A Limited Partnership

**Certificate of Service**

I certify that a correct copy of the foregoing instrument was faxed and mailed on November 4, 2004 to all defense counsel as shown on the attached Service List.

                                          _____
                                          F. Dean Armstrong