UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY** and **D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP,** § § § | No. 3:01CV531(AVC) |
| Plaintiffs, § | |
| vs. § | |
| **CHARLES A. FLANAGAN, et al.** § | November 15, 2004 |
| Defendants. § | |

**PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENTS**

Defendants Leonard A. Fasano and Fasano, Ippolito & Lee, L.L.C. (collectively, "Fasano"); Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P"); and Todd R. Bainer and Todd R. Bainer, L.L.C. (collectively, "Bainer") have filed motions to strike Plaintiffs' Local Rule 56(a)(2) Statements. These Defendants contend that Plaintiffs did not fairly admit or deny the alleged undisputed facts. As shown by a review of Plaintiffs' L.R. 56 (a)(2) Statements, Plaintiffs did, in fact, fairly admit those portions of the Defendants' alleged undisputed facts which Plaintiffs could admit; deny or qualify those portions which were not correct; and set forth in detail the reasons why Plaintiffs could not admit or deny the statements as phrased by the Defendants. Contrary to the representations of the Defendants, Plaintiffs' denials or qualifications of the Defendants' alleged undisputed facts fairly met the substance of the requested admissions.

As shown by the following, Plaintiffs' Statement of Disputed Issues of Material Fact complies with L.R. 56(a)(2). In addition, Plaintiffs have properly controverted the Defendants' alleged undisputed facts in compliance with L.R. 56(a)(2). Accordingly, the Defendants' motions to strike Plaintiffs' L.R. 56(a)(2) Statements should be denied.

### I. Plaintiffs' Statement Of Disputed Issues Of Material Fact Complies With L.R. 56(a)(2)

The Defendants claim that Plaintiffs failed to include in their L.R. 56(a)(2) Statements any disputed issues of material fact, and failed to cite any evidence to support any disputed issues of material fact. The Defendants' arguments are without merit.

Contrary to the Defendants' representations, at p. 36 of Plaintiffs' L.R. 56(a)(2) Statement Plaintiffs set forth disputed issues of material fact as to each of the Defendants:

(1) Whether Defendant Fasano provided knowing and substantial assistance in the implementation and/or execution of Flanagan's fraudulent scheme to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of [Plaintiffs]? (Ps' MSJ Resp. §II)

(2) Whether Defendant Bainer provided knowing and substantial assistance in the implementation and/or execution of Flanagan's fraudulent scheme to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of [Plaintiffs]? (Ps' MSJ Resp. §II)

(3) Whether Defendant Prymas provided knowing and substantial assistance in the

>     implementation and/or execution of
>     Flanagan's fraudulent scheme to hide,
>     transfer or otherwise shield Flanagan's
>     assets from the judgment claims of
>     [Plaintiffs]? (Ps' MSJ Resp. §II)
>
> (4) Whether Defendant T&P provided knowing and
>     substantial assistance in the implementation
>     and/or execution of Flanagan's fraudulent
>     scheme to hide, transfer or otherwise shield
>     Flanagan's assets from the judgment claims
>     of [Plaintiffs]? (Ps' MSJ Resp. §II)

These are proper statements of material fact as to each Defendant's conspiratorial role in assisting Defendant Flanagan with the implementation and execution of Flanagan's RICO fraudulent transfer scheme. See Baisch v. Gallina, 346 F.3d 366, 376 (2d Cir. 2003) (citing Salinas v. United States, 522 U.S. 52, 65-6 (1997)). See, also, United States v. Zichettello, 208 F.3d 72, 99-100 (2d Cir. 2000).

As far as summary judgment evidence, absent a confession by one of the co-conspirators, proof of a conspiracy is, by necessity, based on circumstantial evidence which, by necessity, must be examined in light of the totality of the circumstances. Accordingly, all of Plaintiffs' summary judgment evidence as set forth in §II of Plaintiffs' Amended Consolidated Response to Defendants' Motions for Summary Judgment provides both context for the commission of the wrongful conduct and circumstantial evidence of the conspiracy to commit the wrongful conduct.

Here, however, the existence of an overall conspiracy was confirmed in writing by Bainer. (See Px 65 p. 2) As in Baisch,

Plaintiffs "ha[ve] presented a genuine question as to [each Defendant's] knowledge of the racketeering enterprise and his willingness to promote it."  346 F.3d at 376.  Accordingly, Plaintiffs' Statement of Disputed Issues of Material Fact complies with L.R. 56(a)(2).

### II. Plaintiffs Have Properly Controverted Defendants' Alleged Undisputed Facts In Compliance With L.R. 56(a)(2)

Apparently claiming that Plaintiffs could only "admit" or "deny" each alleged undisputed fact as expressly set forth in the Defendants' L.R. 56(a)(1) Statements of Undisputed Facts, the Defendants seek to strike Plaintiffs' L.R. 56(a)(2) Statements because Plaintiffs (a) only admitted certain facts, while qualifying other facts; (b) qualified some of their responses by providing explanations as to why certain alleged facts could not be admitted or denied as phrased; and (c) cited to additional exhibits/evidence.  Plaintiffs have, in fact, fairly met the substance of the allegations made by the Defendants, with additional clarifications so Plaintiffs' responses would not be misleading.

There is no requirement that Plaintiffs could only admit or deny each statement of undisputed fact as expressly set forth in Defendants' L.R. 56(a)(1) Statements.  Although Plaintiffs could not locate any cases directly on point, the Federal Rules of Civil Procedure provide some guidance on appropriate responses

to a request for admission.  Pursuant to Fed.R.Civ.P. 36(a), the response to a request for admission

> shall specifically deny the matter or <u>set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter</u>.  A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall <u>specify so much of it as is true and qualify or deny the remainder</u>.

(Emphasis added.)

Here Plaintiffs' denials or qualifications of the Defendants' alleged undisputed facts fairly met the substance of the requested admissions.  Plaintiffs admitted those portions of the Defendants' alleged undisputed facts which Plaintiffs could admit; denied or qualified the portions which were not correct; and set forth in detail the reasons why Plaintiffs could not admit or deny the statements as phrased by the Defendants.  Accordingly, Plaintiffs have properly controverted the Defendants' alleged undisputed facts in compliance with L.R. 56(a)(2).

## **PRAYER**

Plaintiffs respectfully request that the Court deny the Defendants' Motions to Strike, and that the Court grant Plaintiffs such other and further relief to which they may be entitled.

Respectfully submitted,

-5-

ARMSTRONG LAW FIRM

DATED: November 15, 2004.        By_____
                                     F. Dean Armstrong
                                     Ct. Fed. Bar #CT22417
                                     1324 Dartmouth Road
                                     Flossmoor, IL 60422
                                     (708) 798-1599
                                     Fax (708) 798-1597

                                     Edward C. Taiman, Esq.
                                     SABIA & HARTLEY, LLC
                                     190 Trumbull Street
                                     Suite 202
                                     Hartford, CT 06103-2205
                                     (860) 541-2077
                                     Fax (860) 713-8944

                                     Attorneys for Plaintiffs
                                     The Cadle Company and
                                     D.A.N. Joint Venture,
                                     A Limited Partnership

### Certificate of Service

    I certify that a correct copy of the foregoing instrument was faxed and mailed on November 15, 2004 to all defense counsel as shown on the attached Service List.

                                     _____
                                     F. Dean Armstrong