


February 7, 2005. The motion is denied without prejudice to its refiling, if desired, with the amended Rule 56(a)(1) statement that must be filed on or before February 15, 2005.
SO ORDERED.

Alfred V. Covello, U.S.D.J.

01cv531end203

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | May 11, 2004 |
| Defendants. | § | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK

**A.   Estoppel**

1. In their First Affirmative Defense, Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P") claim that Plaintiffs are "estopped in prosecuting this action" because (a) Plaintiffs failed to take any steps to have notice of court orders served on Prymas and T&P; (b) Plaintiffs received full payment on the federal court collection action; and (c) Plaintiffs "engaged in overreaching and/or unethical conduct toward defendants Prymas and/or [T&P] . . . in the course of attempting to collect sums from defendant Flanagan." There is no evidence to support the affirmative defense of estoppel as asserted by Defendants Prymas and T&P.

2. Summary judgment is appropriate as to the affirmative defense of estoppel because: