UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION |
| | : | NO: 3:01-CV-531 (AVC) |
| V. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL.: | | OCTOBER 24, 2004 |

### STANLEY F. PRYMAS AND THOMPSON & PECK'S MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT AND FOR SANCTIONS

Pursuant to Rule 12(f) of the Rules of Civil Procedure and District of Connecticut Rule ("Local Rule") 56, the undersigned defendants hereby respectfully move this Court to grant sanctions against the plaintiffs for their failure to comply with Local Rule 56 by granting the defendants' Motion for

---

3:01cv531 (AVC). February 7, 2005. This is an action for damages and equitable relief brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The defendants, Stanly F. Prymas and Thompson & Peck, now move, among other things, to strike the plaintiffs' Local Rule 56(a)(2) statement of disputed issues of material fact for failure to admit or deny each of the facts asserted by the defendants in their Rule 56(a)(1) statement or, alternatively, strike the non-responsive portions of the Rule 56(a)(2) statement and deem those statements to be admitted by the plaintiffs, and to strike paragraphs 3 and 4 of the plaintiffs' statement of disputed issues of material fact for failure to cite supporting evidence that would be admissible at trial. Having considered the submissions of counsel, the court concludes that the plaintiffs have not properly answered each of the defendants Rule 56(a) averments with either an admission or a denial (see paragraphs 4, 7, 8, 12, 29, and 32), have answered without citation to evidence or cited memoranda (see paragraphs 11, 19, 34, 35) have failed to include a separate section entitled "disputed issues of material fact" containing a list of each issue of material fact as to which it is contended there is a genuine issue to be tried <u>with citations to the record</u>. The motion to strike the entire Rule 56(a)(2) statement is therefore GRANTED. This order will remain suspended until the close of business on February 15, 2005. The plaintiffs shall have to and including February 15 to file an amended Rule 56(a)(2) statement with proper citations and affirmative admissions/denials. The motion is denied in all other respects.

SO ORDERED.

Alfred V. Covello, U.S.D.J.