## 1UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | Case No. 3:01-CV 531 |
|    Plaintiff | : | (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | February 11, 2005 |
|    Defendants | : | |

**OBJECTION TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS MJCC CORPORATION and MJCC REALTY, LIMITED PARTNERSHIP (A/K/A M.J.C.C. REALTY, LIMITED PARTNERSHIP)**

The defendant Stanley F. Prymas, hereby objects to the plaintiffs' motion for the entry of a default judgment against MJCC Corporation and MJCC Realty, Limited Partnership ("MJCC"), for the following reasons:

1.    Plaintiffs' motion for default, filed by their local counsel, Edward C. Taiman, is unethical and a violation of Connecticut Rule of Professional Conduct 1.7[1]. Attorney Taiman is counsel of record to MJCC in connection with the bankruptcy proceedings <u>In re Charles Attwood Flanagan</u>, Case Number 99-30565, currently pending in the bankruptcy court of the District of Connecticut, and in <u>Titan Real Estate Ventures, LLC v. MJCC Realty Limited Partnership</u>, ADV.PRO. No. 04-03146, also pending in the bankruptcy court. (Affidavit of Edward C. Taiman, Jr., dated February 2, 2005, ¶ 3, 4, attached hereto as Exhibit A) Attorney Taiman's motion seeking a default judgment in

---

[1] This Court recognizes the authority of the Connecticut Rules of Professional Conduct as expressing the standards of professional conduct expected of lawyers practicing in this District. Conn. R. Civ. Proc.("Local Rule") 83.2(a).
This Court may enforce the standards of the Rules of Professional Conduct by appropriate proceedings other than referral to the Grievance Committee. Local Rule 83.2 (c)3. This Court may also refer this matter to the Federal Grievance Committee pursuant to Local Rule 83.2(c)3.

the instant proceeding *against his own client* is clearly acting against the interest of MJCC and constitutes a violation of Rule 1.7(a), (b).

2. Defendant Stanley Prymas is the sole owner of Titan Real Estate Ventures, LLC, an entity that has purchased the bankruptcy estate's interest in MJCC in the Flanagan bankruptcy. Consequently, defendant Prymas has an interest in MJCC's assets and seeks to protect them against the unethical conduct of the plaintiffs and Attorney Taiman.

3. It is respectfully submitted that the Court should not countenance Attorney Taiman's unethical conduct by imposing a default judgment against his own client, where the effect of such judgment will be to sacrifice the interests of MJCC for those of his other clients, plaintiffs herein.

4. The Court should be aware of the relationship between the plaintiffs in this action and defendant MJCC. Daniel Cadle, the affiant, is the president and controlling partner of the two plaintiffs in this action. Mr. Cadle also holds himself out as the president of MJCC. Exhibit B (January 18, 2005 letter) Mr. Cadle violates his fiduciary duty toward MJCC by seeking to hold it liable for millions of dollars in damages.

5. Moreover, the court should be aware that the plaintiffs, acting principally through Daniel Cadle, have improperly and fraudulently seized and disposed of assets of the bankruptcy estate without notice to or permission of the trustee or the bankruptcy court. Specifically, Cadle improperly took over control of MJCC and its assets, including real estate identified in paragraphs 12 though 14 of the Second Amended Complaint in this action. Cadle, on behalf of MJCC sold the property located at 230 Millbrook Road, North Haven, Connecticut, that belonged to the bankruptcy estate of Charles Flanagan without permission of the bankruptcy court or notice to the court or the trustee.. Cadle's

fraudulent conduct is now the subject of a motion for contempt filed in the bankruptcy court. See Exhibit C. The entry of a default judgment against MJCC in this case would permit the plaintiffs to continue their end-run around the bankruptcy court's jurisdiction, in violation of the bankruptcy laws.

      6.    Finally, the conclusory claims contained in the affidavit are insufficient to support the entry of a judgment for money damages against MJCC. Paragraph 2 of the affidavit broadly alleges conclusions about damages and attorney's fees without any supporting evidence. Moreover, the claimed damages appear not to have discounted the amounts that Cadle has recovered in selling the North Haven property stolen from the bankruptcy estate and sold to third parties. The plaintiffs have also not provided any evidentiary support for their claimed attorney's fees, and have appeared to include attorney's fees for which no claim is sought in the complaint. The court may not properly enter a judgment in the amounts claimed by the plaintiffs without proper evidentiary support.

      The Court should also disregard the remainder of Paragraph 2 including averments of a RICO conspiracy, as conclusory legal argument, improper in an affidavit, Mr. Cadle's claim that he has personal knowledge of such the claimed conspiracy plainly lacks credibility. The Court should strike or at least disregard the affidavit.

      WHEREFORE, the defendant requests that the motion for default judgment against the MJCC entities be denied.

Respectfully submitted,

DEFENDANT, STANLEY F. PRYMAS

BY: _____
BARBARA L. COX
Federal Bar #ct08523
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509
Tel:  203-624-4165
Fax:  203-865-5598

## *CERTIFICATION OF SERVICE*

      This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.  
1324 Dartmouth Road  
Flossmoor, Ill.  60422  

Edward C. Taiman, Esq.  
Michael G. Albano, Esq.  
Sabia & Hartley, LLC  
190 Trumbull Street, #202  
Hartford, CT  06103-2205  

Todd R. Bainer, Esq.  
P.O. Box 1092  
Branford, CT 06405  

Mary Anne A. Charron, Esq.  
Gerald R. Swirsky, Esq.  
R. Bradley Wolfe, Esq.  
Gordon, Muir & Foley  
Hartford Square North  
Ten Columbus Boulevard  
Hartford, CT 06106  

Douglas S. Skalka, Esq.  
James A. Lenes, Esq.  
Neubert, Pepe & Monteith  
195 Church Street, 13th Floor  
New Haven, CT 06510-2026  

Bradley K. Cooney, Esq.  
69 Island Avenue  
Madison, CT 06443  

David G. Hill  
June Sullivan, Esq.  
Halloran & Sage, LLP  
One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

Lisa G. Flanagan, *pro se*  
230 Millbrook Road  
North Haven, CT 06473  

Paul Morgan Gaide, Esq.  
713 Lovely Street  
Avon, CT 06001  

Richard Roberts, Esq.  
Karen T. Gerber, Esq.  
Amber J. Branciforte, Esq.  
Nuzzo & Roberts, LLC  
One Town Center  
P.O. Box 747  
Cheshire, CT 06410  

_____  
BARBARA L. COX