UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br>CHARLES ATWOOD FLANAGAN,<br><br>Debtor. | CASE NO. 99-30565<br><br>CHAPTER 7 |
| TITAN REAL ESTATE VENTURES, LLC<br><br>Plaintiff<br>VS.<br>MJCC LIMITED PARTNERSHIP, ET AL<br><br>Defendants | ADV. PRO. NO. 04-03146<br><br><br><br>JANUARY 4, 2005 |

### AFFIDAVIT

I, Stan Prymas, of lawful age, being duly sworn, deposes and says:

1. I believe in the obligations of an oath.

2. This prejudgment remedy is for an attachment of real estate and/or personal property.

3. I am the sole Member/Manager of the Plaintiff, Titan Real Estate Ventures, LLC, and as such I have personal knowledge of the information contained within this affidavit.

4. On February 17, 1999, Charles Atwood Flanagan ("Flanagan") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5. On January 16, 2003, Flanagan's Chapter 11 case was converted to a case under Chapter 7. Bonnie Mangan was appointed as Trustee ("Trustee") to oversee the Flanagan's bankruptcy estate (the "Estate").

6. MJCC Limited Partnership is a Connecticut Limited Partnership which was the title holder to properties located at 230 Millbrook Road, North Haven, Connecticut (the Millbrook Property") and 25 Queach Road, Branford, Connecticut (the "Queach Property") (hereinafter sometimes collectively referred to as the "Properties"), at the time that Flanagan filed for bankruptcy protection.

7. At the time Flanagan filed for bankruptcy protection, MJCC consisted of two limited partners, Angela Cimino Burr (the Debtor's mother-in-law) and Sharon Rosen a/k/a Flanagan (the Debtor's sister) and one General Partner, MJCC Corporation.

8. There is ample evidence showing that the Debtor was the true legal owner of MJCC and the Properties at the time that he filed for bankruptcy protection, including:

a. In a rule 2004 examination conducted by a creditor of the Debtor, Sharon Rosen a/k/a Flanagan testified she knew nothing about MJCC or her supposed involvement with that entity, even though she was listed as MJCC's President, Treasurer and Director;

b. In a rule 2004 examination conducted by a creditor of the Debtor, Angela Cimino Burr, though professing to be familiar with MJCC, knew little about its doings and in fact most of the information she testified to was inaccurate or just plain wrong;

c. In a rule 2004 examination conducted by a creditor of the Debtor, William Nygard, the individual who sold the Queach Property to MJCC and the individual who currently resides on the property, testified that he dealt only with the Debtor when negotiating the sale of the Queach Property, and that the Debtor was the only one who attended the actual sale;

d. The Debtor was the only one to write checks against, and deposit fund into, the MJCC bank account;

e. The Debtor was the only one to pay taxes on the Properties, and that the Debtor deposited checks made out to him directly into the MJCC bank account;

9. The Trustee let MJCC and the world know that she considered the Millbrook Property to be property of the Estate, by filing an affidavit to that effect on the land records in the town of North Haven on May 28, 2003, in volume 640 at page 333. At all times the affidavit was in the legal chain of title. (A true and correct copy of that affidavit is attached to this affidavit as Exhibit "A").

10. On March 5, 2004, Steve and Amy Sullivan (the "Sullivans") purchased from MJCC the Millbrook Property for the sum of $485,000.00. That sale was conducted without MJCC seeking or obtaining authorization of the Trustee or this Court and was subject to the Trustee's superior interest in the property.

11. On August 4, 2004, the Court, Dabrowski, J., signed an order approving the Trustee's sale of whatever interest she had in MJCC and the Millbrook Property to Titan.

14. The Sullivans have since failed and refused to turn over to the Trustee or Titan title to the Millbrook Property. It is my belief that the Sullivan's actions as set forth above constitute a violation of the automatic stay provision of the Bankruptcy Code, as they are in control of an asset of the Estate and have failed and refused to return it to the Trustee or Titan.

Titan Real Estate Ventures, LLC

_____
Stanley Prymas
Manager/Member

STATE OF CONNECTICUT    :
                        : ss: Milford
COUNTY OF NEW HAVEN     :

Personally appeared Stanley Prymas, signer and sealer of the foregoing Affidavit, who made oath to the foregoing before me, on this 4th day of January, 2005.

_____
Notary
Commission expires: My Commission Expires 10/31/08
Commissioner of the Superior Court