UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | February 15, 2005 |
| Defendants. | § | |

### PLAINTIFFS' AMENDED LOCAL RULE 56(a)2 STATEMENT IN OPPOSITION TO DEFENDANT FASANO'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)2, Plaintiffs The Cadle Company ("TCC") and D.A.N. Joint Venture, A Limited Partnership ("DJV") submit the following responses to the Local Rule 56(a)1 Statement submitted by Defendants Leonard A. Fasano and Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.) (collectively, "Fasano"}.

### I. Responses To Alleged Undisputed Facts

(1) Admitted.

(2) Denied, in part, as phrased. While it is admitted that Fasano, at all relevant times, worked for Defendant Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee, L.L.C.), the cited summary judgment evidence does not support the statement that, at all times, Fasano acted as an agent of and within the course and scope of his duties as an attorney working for Defendant Fasano, Ippolito & Lee, L.L.C., and, accordingly, the remaining

allegations in ¶2 should be struck. (Fasano Dep. pp. 48, 113-114, 149-150)

(3) Denied. (Px A(1) pp. 123-27 & Px 58)

(4) Denied. (Pxs 1, 2, 3, 6, 24, 25, 25A, 25B, 62, 90, 130, 133, 188, 193 & 195)

(5) Denied. (Pxs 1, 2, 3, 6, 24, 25, 25A, 25B, 62, 90, 130, 133, 188, 193 & 195)

(6) Denied. (Px C pp. 16-17)

(7) Denied. First, the representations in ¶7 are not supported by the cited summary judgment evidence and, accordingly, should be struck. And second, these factual allegations are disputed. (Pxs 20, 175, 78 p. 7, 127, Px L ¶2, Px H)

(8) Denied. (Px 105 & Px A(1) p. 199)

(9) Denied. First, the cited summary judgment evidence does not support the statements in ¶9 and, accordingly, the representations in ¶9 should be struck. And second, these factual allegations are disputed. (Px A(8) pp. 95-96; Px A(1) pp. 120-21)

(10) Denied. (Px 3; Px A(8) pp. 95-96; Px A(1) pp. 120-21; Pxs 18, 195, 56 & 193)

(11) Denied. (Pxs 18, 3, 56 & 195)

(12) Denied, in part, as phrased. While it is admitted that Bainer was corporate counsel for T&P and that Bainer testified that the defendants disagreed frequently, the cited

summary judgment evidence does not support the remainder of the allegations in ¶12 and, accordingly, should be struck.  And second, these factual allegations are disputed. (Pxs 69 & 142; Pxs 70, 72 p. 2 & 135)

(13) Denied, in part, as phrased.  While it is admitted that professional accountants provided information about the classification of the T&P settlement proceeds, there are disputed issues of fact about the remainder of the allegations in ¶13. (Px A(1) p. 55; Px B pp. 60; 62-63; 202; 204-07; 210-11; 213; 217-218 & 221-24; Px C p. 170 & 172; Px D pp. 15-16; 19; 20 & 47-48; Px E pp. 57; 87; 91; 93; 128-30; 136-39; 159-160 & 172; Px F pp. 4; 10; 17-18; 29-33; 37-38; 51-52 & 56; Px 72 p.2; Px 106 p. 3; & Pxs 3, 22, 65, 69, 70, 113, 140, 144, 179, 180, 181, 182 & 183)

(14) Admitted.  First, the summary judgment evidence cited by Fasano does not support the allegations in ¶14 and, accordingly, ¶14 should be struck.  And second, there are disputed factual issues about Fasano's role in connection with the allegations made in this suit. (Pxs 1, 2, 3, 6, 24, 25, 25A, 25B, 62, 90, 130, 133, 188, 193 & 195)

(15) Admitted.

(16) Denied. (Pxs 1, 2, 3, 6, 24, 25, 25A, 25B, 62, 90, 130, 133, 188, 193 & 195)

(17) Denied.  First, the summary judgment evidence cited by Fasano does not support the allegations in ¶17 and, accordingly

-3-

¶17 should be struck. And second, there are disputed factual issues about Fasano's role in the RICO conspiracy. (Pxs 1, 2, 3, 6, 24, 25, 25A, 25B, 62, 90, 130, 133, 188, 193 & 195)

(18) Denied. (Px 105 & Px A(1) p. 199)

(19) Admitted.

(20) Denied, in part, as phrased. While it is admitted that if there is an indication of a violation of a court order, Fasano <u>generally</u> meets with the client again and expresses his concerns to find out if there is a problem, the remainder of the allegations in ¶20 are not supported by the cited summary judgment evidence and, accordingly, ¶20 should be struck. And second, there are disputed issues of fact about Fasano's role in the RICO conspiracy. (Pxs 1, 2, 3, 6, 24, 25, 25A, 25B, 62, 90, 130, 133, 188, 193 & 195)

(21) Denied. (Px A(8) pp. 95-96; Px A(1) pp. 22-23; 63-64; 99; 128-30; 199 & 219; Px A(4) p. 184; Pxs 3, 105 & 193)

## II. <u>Disputed Issues Of Material Fact</u>

In addition to the disputed factual matters as set forth above, with citations to the record, Plaintiffs state the following as a disputed issue of material fact:

(1) Whether Defendant Fasano provided knowing and substantial assistance in the implementation and/or execution of Flanagan's RICO fraudulent scheme to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of Plaintiffs? (Pxs 1, 2, 3, 6, 18, 19, 23, 24, 25, 25A, 25B, 27, 28, 29, 31, 32, 56, 62, 65, 66, 67, 70, 72, 90, 118, 128, 129, 130, 133, 135, 167, 188, 193 & 195).

-5-

                                      Respectfully submitted,
                                      ARMSTRONG LAW FIRM

DATED: February 15, 2005.    By_____
                                      F. Dean Armstrong
                                      Ct. Fed. Bar #CT22417
                                      1324 Dartmouth Road
                                      Flossmoor, IL 60422
                                      (708) 798-1599
                                      Fax (708) 798-1597

                                      Edward C. Taiman, Esq.
                                      SABIA & HARTLEY, LLC
                                      190 Trumbull Street
                                      Suite 202
                                      Hartford, CT 06103-2205
                                      (860) 541-2077
                                      Fax (860) 713-8944

                                      Attorneys for Plaintiffs
                                      The Cadle Company and
                                      D.A.N. Joint Venture,
                                      A Limited Partnership

## **Certificate of Service**

    I certify that a correct copy of the foregoing instrument was faxed and mailed on February 15, 2005 to all defense counsel as shown on the attached Service List.

                                      _____
                                      F. Dean Armstrong