<u>1UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>　　Plaintiff | : <br> : <br> : | Case No. 3:01-CV 531<br>　(AVC) |
| VS. | : <br> : | |
| CHARLES A. FLANAGAN, ET AL<br>　　Defendants | : | FEBRUARY 22, 2005 |

**Defendants' Joint Objection to Plaintiffs' Motion for Leave
to File Summary Judgment Motions**

The defendants, Stanley F. Prymas, Thompson & Peck, Inc., Todd R. Bainer, and Todd R. Bainer, LLC ("Bainer"), Leonard A. Fasano, and Fasano, Ippolito & Lee, LLC ("Fasano"), object to Plaintiffs' Motion For Leave To File Summary Judgment Motions Addressed To The Defendants' Counterclaim And Affirmative Defenses, dated February 16, 2005 for the following reasons:

　　1.　　Plaintiffs' motion seeks to undo this Court's order setting forth a clear deadline of February 15, 2005 for resubmitting plaintiffs' defective Local Rule 56(a)1 statement in support of its motions for summary judgment without offering any valid basis or making a timely motion for extension of time. See Ruling on Defendants' Joint Motion to Strike Rule 56(a)1 Statement, dated February 7, 2005.

　　2.　　The motions plaintiffs seek permission to file are plainly inadequate under the most liberal reading of the federal and local rules governing summary judgment. First, no memorandum of law or legal analysis is offered in support of any of the summary judgment motions directed to defendants' respective affirmative

1

defenses and counterclaim. A memorandum of law is required by Local Rule 56(a)4.

Second, the Local Rule 45(a)1 statement supporting each of the motions is even more egregious than the 56(a)1 statement ordered stricken by the Court. Plaintiffs' Local Rule 56(a)1 statements fail to cite either "(1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial," required by Local Rule 56(a)3. Rather, each of plaintiffs' purported statements of undisputed material facts references only the self-serving conclusory *opinions* of their own trial counsel, F. Dean Armstrong. Clearly, Mr. Armstrong is not "a witness *competent to testify* . . . at trial." Moreover, his affidavits are devoid of facts and contain only self-serving opinions that no evidence exists to support defendants' affirmative defenses and counterclaim. The summary judgment motions that plaintiffs seek permission to file make a mockery of summary judgment procedure and should not be allowed.

3.  Plaintiffs' disregard of this Court's Local Rules is yet but another instance of a pattern of contempt for statutory law and the rules of court by these plaintiffs since the inception of this case. For example,

(a)  Plaintiffs violated the automatic stay triggered by the Flanagan bankruptcy filing by bringing suit against Flanagan in this court after Flanagan had filed for bankruptcy protection. Plaintiffs did not withdraw their claims against Flanagan in this case until the bankruptcy court imposed monetary sanctions against plaintiffs for violation of the automatic stay. See Ruling on Charles Flanagan's Motion for Summary Judgment, February 11, 2005 at 5.

2

        (b)    Plaintiffs further disregarded this Court's Standing Order in Civil RICO Cases by failing to file a RICO case statement that provided the information required by the Standing Order. <u>See</u> Motions to Compel Compliance with Standing Order, dkt ## 164, 183.

        (c)    Plaintiffs have most recently caused their attorney to violate ethical rules by seeking the entry of a default judgment in excess of $2 million against defendant MJCC, whom that same attorney represents in the Flanagan bankruptcy proceedings. <u>See</u> Objection to Motion for Entry of Final Default Judgment, dkt #338.

Plaintiffs have repeatedly flaunted both substantive law and the Rules of Practice. The Court should not permit another instance of such abuse. In fact, the Court invited the defendants to file a Rule 11 motion for averments in any amended Local Rule 56(a)1 statement that was unsupported. The failure to cite proper evidentiary support for the "facts" asserted in the new 56(a)1 statements easily constitutes a predicate for sanctions under Fed. R. Civ. P. 11(b)(3).

For all the foregoing reasons, Plaintiffs' Motion for Leave to File Summary Judgment Motions Addressed To The Defendants' Counterclaim and Affirmative Defenses, dated February 16, 2005, should be denied.

        THE DEFENDANT,
        Stanley F. Prymas
        and Thompson & Peck, Inc.

BY: _____
        BARBARA L. COX,    Federal    Bar #ct08523
        The Gallagher Law Firm
        1377 Boulevard – P.O. Box 1925
        New Haven, CT 06509
        Tel: (203) 624-4165
        Fax: (203) 865-5598

        THE DEFENDANT,
        Todd R. Bainer and
        Todd R. Bainer, LLC

BY: _____
        R. BRADLEY WOLFE
        Federal Bar#ct04332
        MARY ANNE A. CHARRON
        Federal Bar #ct02274
        Gordon, Muir and Foley, LLP
        Ten Columbus Boulevard
        Hartford, CT 06106-1976
        Tel: (860) 525-5361
        Fax: (860) 525-4849

        THE DEFENDANT,
        Leonard A. Fasano and
        Fasano, Ippolito & Lee, LLC

BY: _____
        JUNE M. SULLIVAN, Federal Bar #ct24462
        DAVID HILL, Federal Bar #ct13435
        Halloran & Sage LLP
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        Tel: (860) 522-6103
        Fax: (860) 548-0006

## ***CERTIFICATION OF SERVICE***

This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill.  60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT  06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


Lisa G. Flanagan, *pro se*
230 Millbrook Road
North Haven, CT 06473

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center - P.O. Box 747
Cheshire, CT 06410

Barbara L. Cox, Esq.
The Gallagher Law Firm
P.O. Box 1925
New Haven, CT 06509


_____

5