```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**THE CADLE COMPANY** and            §        No. 3:01CV531(AVC)
**D.A.N. JOINT VENTURE,**
**A LIMITED PARTNERSHIP,**           §

    Plaintiffs,                 §

vs.                                  §

**CHARLES A. FLANAGAN, et al.**      §        February 16, 2005

    Defendants.                 §

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO
THE AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANTS
TODD R. BAINER AND TODD R. BAINER, L.L.C.**

    **A.**    <u>**Estoppel**</u>

    1.    In their Second Affirmative Defense, Defendants Todd R. Bainer and Todd R. Bainer, L.L.C. (collectively, "Bainer") claim that "Plaintiffs are estopped and barred from prosecuting this action against defendants [Bainer] as a result of its own conduct in that plaintiffs failed to serve defendants [Bainer] . . . notices of Court orders."  There is no evidence to support the affirmative defense of estoppel as asserted by the Bainer Defendants.

    2.    Summary judgment is appropriate as to the affirmative defense of estoppel because:

        (a)    there is no evidence to support the affirmative defense of estoppel as asserted by the Bainer Defendants;

  (b) any alleged failure to serve notices of court orders would simply be a defense to a portion of Plaintiffs' claims, and not an affirmative defense to all of Plaintiffs' claims; and

  (c) there is no evidence that the Bainer Defendants were without notice of the court orders at issue in this case.

**B.** **Payment**

3. In their Third Affirmative Defense, the Bainer Defendants claim that "[a]ny and all sums due and owing to plaintiffs in the Federal Court Collection Action were paid by Defendant Flanagan. Therefore, plaintiffs suffered no loss in said action." There is no evidence to support the affirmative defense of payment as asserted by the Bainer Defendants.

4. Summary judgment is appropriate as to the affirmative defense of payment because:

  (a) there is no evidence to support the affirmative defense of payment as asserted by the Bainer Defendants; and

  (b) while Plaintiff TCC received full payment on the final judgment rendered in the Federal Court Action, Plaintiffs did not receive full payment on the other judgment claims that Plaintiffs held against Flanagan.

**C.** **Unclean Hands**

5. In their Fourth Affirmative Defense, the Bainer Defendants claim that Plaintiffs "come to this Court with

-2-

unclean hands."  There is no evidence to support the affirmative defense of unclean hands as asserted by the Bainer Defendants.

6. Summary judgment is appropriate as to the affirmative defense of unclean hands because:

    (a) there is no evidence to support the affirmative defense of unclean hands as asserted by the Bainer Defendants; and

    (b) there is no evidence that any alleged improper conduct on the part of Plaintiffs has any connection with the claims of Plaintiffs against the Bainer Defendants in this suit, and thus constitute a basis for the affirmative defense of unclean hands.

### D. **Vexatious Litigation**

7. In their Fifth Affirmative Defense, the Bainer Defendants claim that Plaintiffs' claims "are asserted without probable cause or reasonable basis and constitute vexatious litigation."  There is no evidence to support the affirmative defense of vexatious litigation as asserted by the Bainer Defendants.

8. Summary judgment is appropriate as to the affirmative defense of vexatious litigation because:

    (a) there is no evidence to support the affirmative defense of vexatious litigation as asserted by the Bainer Defendants; and

    (b) the summary judgment evidence shows that there was, in fact, a good faith basis for Plaintiffs' claims; that the suit was filed with probable cause; and that there is, in

fact, probable cause to support Plaintiffs' claims.

**PRAYER**

Pursuant to Rule 56(c), Fed.R.Civ.P., Plaintiffs respectfully request that the Court enter summary judgment against the Bainer Defendants as to the Affirmative Defenses asserted by the Bainer Defendants.

Respectfully submitted,
ARMSTRONG LAW FIRM

DATED: February 16, 2005.   By_____
F. Dean Armstrong
Ct. Fed. Bar #CT22417
1324 Dartmouth Road
Flossmoor, IL 60422
(708) 798-1599
Fax (708) 798-1597

Edward C. Taiman, Esq.
SABIA & HARTLEY, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205
(860) 541-2077
Fax (860) 713-8944

Attorneys for Plaintiffs
The Cadle Company and
D.A.N. Joint Venture,
A Limited Partnership

-5-

**<u>Certificate of Service</u>**

    I certify that a correct copy of the foregoing instrument was faxed and mailed on February 16, 2005 to all defense counsel as shown on the attached Service List.

                                                       _____
                                                       F. Dean Armstrong