UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY** and **D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP,** | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.** | § | February 16, 2005 |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO
THE AFFIRMATIVE DEFENSES ASSERTED BY
DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK**

**A.  Estoppel**

1.  In their First Affirmative Defense, Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P") claim that Plaintiffs are "estopped in prosecuting this action" because (a) Plaintiffs failed to take any steps to have notice of court orders served on Prymas and T&P; (b) Plaintiffs received full payment on the federal court collection action; and (c) Plaintiffs "engaged in overreaching and/or unethical conduct toward defendants Prymas and/or [T&P] . . . in the course of attempting to collect sums from defendant Flanagan." There is no evidence to support the affirmative defense of estoppel as asserted by Defendants Prymas and T&P.

2.  Summary judgment is appropriate as to the affirmative defense of estoppel because:

(a) there is no evidence to support the affirmative defense of estoppel as asserted by Defendants Prymas and T&P;

(b) any alleged failure to serve notices of court orders would simply be a defense to a portion of Plaintiffs' claims, and not an affirmative defense to all of Plaintiffs' claims;

(c) there is no evidence that Defendants Prymas and T&P were without notice of the court orders at issue in this case;

(d) while Plaintiff TCC received full payment on the final judgment rendered in the Federal Court Action, Plaintiffs did not receive full payment on the other judgment claims that Plaintiffs held against Flanagan;

(e) there is no evidence to support a claim that Plaintiffs engaged in overreaching and/or unethical conduct toward Defendants Prymas and/or T&P in the course of attempting to collect sums from Defendant Flanagan; and

(f) there is no evidence of any alleged overreaching and/or unethical conduct that has any connection with the claims of the Plaintiffs against Defendants Prymas and T&P in this suit, and thus there is no basis for the affirmative defense of estoppel.

**B. <u>Payment</u>**

3. In their Second Affirmative Defense, Defendant Prymas and T&P claim that Plaintiffs have been "paid all sums due in the Federal Court Collection Action, which forms the basis of claims against these defendants." There is no evidence to support the affirmative defense of payment as asserted by Defendants Prymas and T&P.

    4.    Summary judgment is appropriate as to the affirmative defense of payment because:

    (a)    there is no evidence to support the affirmative defense of payment as asserted by Defendants Prymas and T&P; and

    (b)    while Plaintiff TCC received full payment on the final judgment rendered in the Federal Court Action, Plaintiffs did not receive full payment on the other judgment claims that Plaintiffs held against Flanagan.

**C.**    **Unclean Hands**

    5.    In their Fourth Affirmative Defense, Defendants Prymas and T&P claim that Plaintiffs "come[] to court with unclean hands."  There is no evidence to support the affirmative defense of unclean hands as asserted by Defendants Prymas and T&P.

    6.    Summary judgment is appropriate as to the affirmative defense of unclean hands because:

    (a)    there is no evidence to support the affirmative defense of unclean hands as asserted by Defendants Prymas and T&P; and

    (b)    there is no evidence that any alleged improper conduct on the part of Plaintiffs has any connection with the claims of Plaintiffs against Defendants Prymas and T&P in the suit, and thus there is no basis for the affirmative defense of unclean hands.

**D. Vexatious Litigation**

    7.    In their Fifth Affirmative Defense, Defendants Prymas and T&P claim that Plaintiffs' claims "are asserted without probable cause or reasonable basis and constitute vexatious

litigation."  There is no evidence to support the affirmative defense of vexatious litigation as asserted by Defendants Prymas and T&P.

    8.   Summary judgment is appropriate as to the affirmative defense of vexatious litigation because:

    (a)   there is no evidence to support the affirmative defense of vexatious litigation as asserted by Defendants Prymas and T&P; and

    (b)   the summary judgment evidence shows that there was, in fact, a good faith basis for Plaintiffs' claims; that the suit was filed with probable cause; and that there is, in fact, probable cause to support Plaintiffs' claims.

### **PRAYER**

Pursuant to Rule 56(c), Fed.R.Civ.P., Plaintiffs respectfully request that the Court enter summary judgment against Defendants Prymas and T&P as to the Affirmative Defenses asserted by Defendants Prymas and T&P.

```
                              Respectfully submitted,
                              ARMSTRONG LAW FIRM


DATED: February 16, 2005.     By_____
                                 F. Dean Armstrong
                                 Ct. Fed. Bar #CT22417
                                 1324 Dartmouth Road
                                 Flossmoor, IL 60422
                                 (708) 798-1599
                                 Fax (708) 798-1597


                                 Edward C. Taiman, Esq.
                                 SABIA & HARTLEY, LLC
                                 190 Trumbull Street
                                 Suite 202
                                 Hartford, CT 06103-2205
                                 (860) 541-2077
                                 Fax (860) 713-8944

                                 Attorneys for Plaintiffs
                                 The Cadle Company and
                                 D.A.N. Joint Venture,
                                 A Limited Partnership
```

## Certificate of Service

I certify that a correct copy of the foregoing instrument was faxed and mailed on February 16, 2005 to all defense counsel as shown on the attached Service List.

_____
F. Dean Armstrong