FILED
2005 MAR -4 P 1:29
U.S. DISTRICT COURT
HARTFORD, CT.

UNITE STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP | : | Case No.: 3:01 cv 531 AVC |
| v. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | March 2, 2005 |

FILED
2005 MAR 4 A 11:39
U.S. DISTRICT COURT

March 14, 2005. GRANTED. The court's previous order setting the deadline for submission of the trial memorandum is hereby VACATED. That memorandum need not be submitted until 10 days following the adjudication of all currently pending motions for summary judgment. SO ORDERED.

Alfred V. Covello

**MOTION TO AMEND SCHEDULING ORDER**

The defendant Charles A. Flanagan ("Flanagan") respectfully moves this Court to amend the current scheduling order in this case with respect to the deadline for the Joint Trial Memorandum to be filed by the plaintiffs The Cadle Company and D.A.N. Joint Venture, L.P. (the "Plaintiffs") and Flanagan in connection with the Plaintiffs' action objecting to Flanagan's bankruptcy discharge pursuant to 11 U.S.C. § 727 (the "Objection to Discharge Action"). Simultaneous with this motion, Flanagan has filed a Motion to Sever Action or for Separate Trials and Motion to Refer Action to Bankruptcy Court, wherein Flanagan seeks to separate the Objection to Discharge Action from the Plaintiffs' action seeking damages under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, et seq.) (the "RICO Action") and to refer the Objection to Discharge Action back to the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). The current scheduling order requires that the Joint Trial Memorandum be filed by March 18, 2005. Should the Objection to Discharge Action be returned to Bankruptcy Court, no Joint Trial Memorandum would be required under the standing orders of the Bankruptcy Court. Accordingly, Flanagan requests that the scheduling order be modified so that the deadline for filing the Joint Trial Memorandum in the Objection to