# 1UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL : | Case No. 3:01-CV 531 |
|    Plaintiff : | (AVC) |
| VS. : | |
| CHARLES A. FLANAGAN, ET AL : | MARCH 10, 2005 |
|    Defendants | |

## DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK, INC.'S REPLY IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST MJCC DEFENDANTS

1.  Attorney Taiman's contention that his clients have waived any conflict of interest is ineffective in absolving him of his conflict of interest under Professional Conduct Rule 1.7, which provides:

> (a) a lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; *and*
>
> (2) each client consults after consultation.

Connecticut Rule of Professional Conduct 1.7(a), emphasis added.  The standard set by Rule 1.7(a) requires both a reasonable belief that representation will not harm the client <u>and</u> a valid waiver.

The conflict Attorney Taiman has in representing both MJCC and the plaintiffs

in this matter is not a conflict that can be waived. Attorney Taiman has not asserted, and there is no basis for such an assertion, that he "reasonably believes" that the representation of the plaintiffs in the instant action will not adversely affect his duty to his other client, MJCC defendants in this action. Rule 1.7(a)(1). Clearly, his attempt to subject his asserted client, MJCC, to a judgment for millions of dollars in favor of his other clients, plaintiffs herein, violates his duty to MJCC. Attorney Taiman cannot reasonably believe that his representation of the plaintiffs in the instant matter will not adversely affect MJCC, where he seeks a default judgment for millions of dollars in favor of the plaintiffs against his own asserted client, MJCC.

  2. Any waiver of Attorney Taiman's conflict of interest on behalf of MJCC is not a valid waiver. Attorney Taiman has represented to this Court that he has conferred with the designated representative of MJCC and was informed that MJCC has "expressly waived" any conflict he may have arising out of his representation of the plaintiffs in this action and MJCC. Affidavit of Ed Taiman, Esquire, ¶3. Daniel Cadle has held himself out as the president of MJCC. See Exhibit B to Objection to Plaintiffs' Motion for Entry of Final Default Judgment, dated February 11, 2005, docket item 338. Mr. Cadle has ostensibly assumed control of MJCC through some agreement with Angela Cimino Burr, a former defendant in this action, who owned 95% of the interest in MJCC. See MJCC Partnership Agreement, attached hereto as Exhibit A, ¶6. However, Mr. Cadle's ability to acquire an interest in MJCC, without leave of the bankruptcy court, is highly questionable. Moreover, Ms. Cimino Burr's interest in MJCC was not assignable. Exhibit A, ¶18. Consequently, Mr. Cadle's

purported waiver of Attorney Taiman's conflict of interest on behalf of MJCC is not valid.[1]

The question of who can assert MJCC's rights is the subject of current litigation in the bankruptcy court. See Exhibit C to Objection to Plaintiffs' Motion for Entry of Final Judgment, dated February 11, 2005; Titan Real Estate Ventures, LLC v. MJCC Realty Limited Partnership, ADV. PRO. NO. 04-03146 (Bankr. D. Conn.). Titan Real Estate Ventures, LLC ("Titan") purchased the assets of MJCC from the bankruptcy trustee pursuant to the bankruptcy court's order approving the sale. Order Approving Sale and Assignment of Estate Asset to Titan Real Estate Ventures, LLC, attached hereto as Exhibit B.  Titan is the appropriate entity to exercise any of MJCC's rights.  Titan has not authorized Attorney Taiman to represent MJCC in any proceeding and has not waived his conflict of interest, in attempting to represent the plaintiffs herein and MJCC.

It is respectfully submitted that the Court should not only deny plaintiffs' motion for an entry of default judgment against MJCC, but should call for an investigation of Attorney Taiman's clear violation of his ethical duties, in seeking a default judgment against his own asserted client.

---

[1] Moreover, for the same reasons, Mr. Taiman's authority to represent MJCC is far from clear.

*Respectfully Submitted,*

THE DEFENDANTS,
Stanley F. Prymas
and Thompson & Peck, Inc.


BY: _____
    BARBARA L. COX,    Federal    Bar #ct08523
    The Gallagher Law Firm
    1377 Boulevard – P.O. Box 1925
    New Haven, CT 06509
    Tel: (203) 624-4165
    Fax: (203) 865-5598

4

## **_CERTIFICATION OF SERVICE_**

      This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405 747

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
230 Millbrook Road
North Haven, CT 06473

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
   One Town Center - P.O. Box

Cheshire, CT 06410

.

_____
BARBARA L. COX

5