UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, ET AL : | CIVIL ACTION NO. |
|    Plaintiffs, : | 3:01CV531(AVC) |
| : | |
| vs. : | |
| : | |
| CHARLES A. FLANAGAN, ET AL : | |
|    Defendants. : | MARCH 17, 2005 |

### PLAINTIFFS' OBJECTION TO CHARLES FLANAGAN'S MOTION TO SEVER ACTION OR FOR SEPARATE TRIALS
### PLAINTIFFS' OBJECTION TO MOTION TO REFER ACTION TO BANKRUPTCY COURT

The Plaintiffs, The Cadle Company and D.A.N. Joint Venture, A Limited Partnership ("Plaintiffs"), hereby object to the motion of Defendant Charles A. Flanagan ("Flanagan") dated March 2, 2005, seeking an order from this Court severing Plaintiffs' Objection to Discharge Action from the RICO Action. The underlying facts for the RICO Action are virtually identical to the underlying facts for the Objection to Discharge Action. Those facts are complex and should only be tried once. For the reasons stated herein, the requested relief should be denied.

Although Flanagan is no longer a defendant in the RICO Action, nothing else has changed which would warrant an order from this Court severing the Objection to Discharge Action from the RICO Action. It appears that Flanagan's primary reason for requesting a severance is one of convenience. That is, Flanagan and his counsel do not want to sit through what they believe will be a three-to-four week RICO trial when, according to the motion, the

Objection to Discharge Action could be tried before the Bankruptcy Court in no more than one-to-three days. Plaintiffs disagree with Flanagan's estimates, and although Plaintiffs can empathize with his concerns, they are unwarranted.

Plaintiffs' complaint objecting to discharge is a 26 page document, exclusive of exhibits. As Plaintiffs pointed out in their original Motion to Withdraw Reference dated July 11, 2003, Plaintiffs will be required to prove the following in *both* the Objection to Discharge Action and the RICO Action:

1. Defendant Flanagan's wealth and the entry of judgments against him;

2. The assignment to Plaintiffs of judgments and claims against Defendant Flanagan;

3. Defendant Flanagan's fraudulent transfer of assets;

4. Defendant Flanagan's secretion of money in bank accounts held in the names of his children;

5. Defendant Flanagan's refusal to comply with Judge Covello's order to turn certain stock over to Movants;

6. The loan relationship between Defendant Flanagan and his father, and the subsequent stock pledge in his father's favor;

7. Defendant Flanagan's loan relationship with Socrates Babacus;

8. The Joseph Caporale property transfer scheme;

9. The bankruptcy fraud committed by Defendant Flanagan; and

2

    10. Defendant Flanagan's false oath before the Bankruptcy Court.

To prove the foregoing, Plaintiffs will need to examine at trial the following witnesses: Charles Flanagan, Joseph Caporale, Socrates Babacus, Leonard Fasano, Stanley Prymas and Todd Bainer, each of whom is already a defendant in the combined RICO/Objection to Discharge Actions. In addition, Plaintiffs will need to subpoena Judge John C. Flanagan to testify. By severing the Objection to Discharge Action from the RICO Action, each of those individuals, including Plaintiffs' representative(s), will be required to attend and testify at two separate trials. By far, the majority of exhibits which Plaintiffs will introduce to establish their case in the RICO Action will have to be introduced a second time, in the Objection to Discharge Action, should these matters be severed.

  Although most of the legal issues raised in the RICO Action will not overlap those raised in the Objection to Discharge Action, the factual issues will overlap. As Plaintiffs stated in their original Motion to Withdraw Reference, "all of the factual allegations set forth in [Plaintiffs] § 727 action are identical to those in [the RICO action]." This remains true to this day. Severing the Objection to Discharge Action from the RICO Action will be costly to all parties and witnesses herein, and will require two trials, two sets of testimony, the introduction of all exhibits twice, the possibility of inconsistent rulings, all involving the time of a second court.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

Although it may be more convenient for Flanagan and his counsel to attend a severed Objection to Discharge trial in the Bankruptcy Court, the same cannot be said for all individual defendants and witnesses in the RICO Action whose testimony is also required for both matters. They would all have to attend two trials instead of one. Severing the Objecting to Discharge Action would not reduce the length of the RICO trial. Severance would produce a "zero-sum" result. That is, Flanagan and his counsel would benefit at the expense of the remaining defendants, the Plaintiffs and the courts. Two trials are not better than one. Defendant's contention that no one else will be prejudiced is not correct. The factual issues are largely identical. The witnesses are identical. Requiring everyone to attend only one trial would prove more convenient in the "long run" for all of the parties and their counsel. Flanagan's concerns are unwarranted, and the Motion to Sever should be denied.

THE CADLE COMPANY AND
D.A.N. JOINT VENTURE, L.P.

By:_____
Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077
Fed. Bar No. ct01319

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 17th day of March, 2004, to the following:

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson & Peck, Inc.)

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th floor
New Haven, CT 06510
(counsel for Charles A. Flanagan)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano and Fasano & Ippolito, LLC)

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
P.O. Box 1092
Branford, CT 06405

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410-0747

By:_____
Edward C. Taiman, Jr.
Sabia & Hartley, LLC
Fed. Bar No. ct01319

E:\WPDOCS\CADLE\Flanagan\RICO\ObjMtSevre.wpd

5