UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY** and | § | **No. 3:01CV531(AVC)** |
| **D.A.N. JOINT VENTURE,** | | |
| **A LIMITED PARTNERSHIP,** | § | |
| | | |
| Plaintiffs, | § | |
| | | |
| vs. | § | |
| | | |
| **CHARLES A. FLANAGAN, et al.** | § | **February 16, 2005** |
| | | |
| Defendants. | § | |

**PLAINTIFFS' SECOND AMENDED LOCAL RULE 56(a)2 STATEMENT IN
OPPOSITION TO DEFENDANT BAINER'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)2, Plaintiffs The Cadle Company ("TCC") and D.A.N. Joint Venture, A Limited Partnership ("DJV") submit the following responses to the Local Rule 56(a)1 Statement submitted by Defendants Todd R. Bainer and Todd R. Bainer, L.L.C. (collectively, "Bainer").

**I.  Responses To Alleged Undisputed Facts**

(1)  Admitted.

(2)  Admitted.

(3)  Admitted.

(4)  Admitted.

(5)  Admitted.

(6)  Admitted.

(7)  Denied, in part, as phrased.  While it is admitted that attorney Paul Gaide <u>was</u> the attorney for Plaintiff TCC in

<u>Cadle I</u>, attorney Gaide is not the attorney for Plaintiffs in this action.  (Judicial Notice)

    (8)  Admitted.

    (9)  Admitted.

    (10) Admitted.

    (11) Denied, in part, as phrased.  While Plaintiffs admit that T&P was served with the Writ of Property Execution, Bainer's summary judgment evidence (Second Amended Complaint ("2AC") ¶59) does not provide that the Writ of Property Execution was <u>dated</u> January 5, 1998, but rather that T&P was <u>served</u> with the writ on January 5, 1998. (2AC ¶59)

    (12) Denied, in part, as phrased.  While it is admitted that Bainer, corporate counsel for T&P, wrote to Fasano on January 13, 1998, Plaintiffs deny that Bainer's representations in ¶12 are a fair summary of what was stated by Bainer in the January 5, 1998 letter. (Px 23)

    (13) Denied, in part, as phrased.  While it is admitted that Flanagan <u>signed</u> the Execution Claim of Exemption, stating "the only property held by Thompson & Peck is wages and therefore not subject to a property execution", Bainer's summary judgment evidence (Px 25) does not prove that this was done personally by Flanagan. (Pxs 25 & 25A)

    (14) Admitted.

(15) Admitted.

(16) Admitted.

(17) Admitted.

(18) Denied, in part, as phrased.  While it is admitted that <u>Fasano</u>, on behalf of Flanagan, files Notice of Compliance on October 21, 1998 (Px 1), Plaintiffs deny that Bainer's statements in ¶18 accurately summarize what was represented in the Notice of Compliance. (Px 1)

(19) Denied, in part, as phrased.  While it is admitted that on October 22, 1998 <u>Fasano</u>, on behalf of Flanagan, files Amended Notice of Compliance (Px 2), Plaintiffs deny that Bainer's statements in ¶19 accurately summarize what was represented in the Amended Notice of Compliance. (Px 2)

(20) Admitted, with the correction that the Show Cause Order was entered on October 26, 1998. (2AC ¶29 & Px 190)

(21) Denied, in part, as phrased.  While it is admitted that <u>Fasano</u>, on behalf of Flanagan, files Second Amended Notice of Compliance dated November 12, 1998 (Px 6), Plaintiffs deny that Bainer's statements in ¶21 accurately summarize what was represented in the Second Amended Notice of Compliance. (Px 6)

(22) Admitted.

(23) Denied, in part, as phrased.  While it is admitted that at the November 16, 1998 Show Cause Hearing, Covello, J.

orders Flanagan to federal prison until Flanagan complies with Order, Attorney Gaide gave the payoff number to Flanagan's attorney, Fasano. (Fasano Dep. p. 123)

(24) Admitted.

(25) Denied, in part, as phrased. While Plaintiffs admit that on November 19, 1998, Fasano tendered $99,542.87 into federal court, Bainer's summary judgment evidence (2AC ¶36) does not support a claim that the amount tendered was the full amount due under the judgment. (2AC ¶36)

(26) Admitted.

(27) Denied, in part, as phrased. While it is admitted that in 1996, Flanagan sued Prymas in Superior Court relating, in part, to control of T&P (2AC ¶58), Bainer's summary judgment evidence (2AC ¶58) does not support the additional allegations in ¶27. (2AC ¶58)

(28) Admitted.

(29) Admitted.

(30) Denied, in part, as phrased. While it is admitted that the Settlement Agreement was signed on June 17, 1997 (Px 21), Bainer's summary judgment evidence (Px 21) does not show that the Superior Court litigation was resolved on that date. (Px 21)

(31) Denied, in part, as phrased.  Whie it is admitted that by the terms of the Settlement Agreement, Flanagan was to receive, <u>in part</u>, $75,000 to be paid over three years in bi-monthly installments, Plaintiffs deny that Bainer has fairly summarized the terms of the Settlement Agreement. (Px 21 ¶¶2 & 12)

(32) Admitted.

(33) Admitted.

(34) Denied, in part, as phrased.  While it is admited that Bainer, as corporate counsel, prepared said Shareholders Agreement, which included a "Buy-Sell" Agreement, the remainder of Bainer's allegations in ¶34 are not supported by the summary judgment evidence (Exhibit 57) and, accordingly, should be struck. (Pxs 57, 195, 56 & 193)

(35) Admitted.

(36) Admitted.

(37) Admitted.

(38) Denied.  The cited summary judgment evidence (Prymas Dep. p. 20-21) constitutes inadmissible hearsay and, accordingly, the representations in ¶38 should be struck.  In addition, there are disputed issues of fact about the reasons for the characterization of the $75,000 settlement proceeds. (Pxs A(1) p. 55; Px B pp. 60; 62-63; 202; 204-07; 210-11; 213;

217-218 & 221-24; Px C p. 170 & 172; Px D pp. 15-16; 19; 20 & 47-48; Px E pp. 57; 87; 91; 93; 128-30; 136-39; 159-160 & 172; Px F pp. 4; 10; 17-18; 29-33; 37-38; 51-52 & 56; Px 72 p.2; Px 106 p. 3; & Pxs 3, 22, 65, 69, 70, 113, 140, 144, 179, 180, 181, 182 & 183)

(39) Plaintiffs object to the allegations in ¶39 because the allegations in ¶39 are not consistent with the cited summary judgment evidence (Prymas Dep. pp. 20-21) and, accordingly, should be struck, and because the cited summary judgment evidence constitutes inadmissible hearsay.

(40) Denied.  There are disputed issues of fact about the reasons for the characterization of the $75,000 settlement proceeds. (Pxs A(1) p. 55; Px B pp. 60; 62-63; 202; 204-07; 210-11; 213; 217-218 & 221-24; Px C p. 170 & 172; Px D pp. 15-16; 19; 20 & 47-48; Px E pp. 57; 87; 91; 93; 128-30; 136-39; 159-160 & 172; Px F pp. 4; 10; 17-18; 29-33; 37-38; 51-52 & 56; Px 72 p.2; Px 106 p. 3; & Pxs 3, 22, 65, 69, 70, 113, 140, 144, 179, 180, 181, 182 & 183)

(41) Admitted.

(42) Denied, in part, as phrased.  While it is admitted that in response to said execution, Bainer wrote to Flanagan's counsel, Fasano, by letter dated January 13, 1998, it is denied

that the remaining allegations in ¶42 accurately summarize what was stated in the January 13, 1998 letter. (Px 23)

(43) Denied, in part, as phrased.  While it is admitted that T&P <u>temporarily</u> <u>suspended</u> payment of the bi-monthly settlement to Flanagan, the subject settlement payments weren't simply withheld as alleged. (Px 140; Px F pp. 17-18; Px C p. 172; Px E pp. 87-159-60)

(44) Denied, in part, as phrased.  While it is admitted that Flanagan signed the Execution Claim of Exemption, stating "the only property held by Thompson & Peck is wages and therefore not subject to a property execution", Bainer's cited summary judgment evidence (Px 25) does not prove that this was done personally by Flanagan. (Pxs 25 & 25A)

(45) Admitted.

(46) Admitted.

(47) Admitted.

(49) Admitted.

(50) Admitted.

(51) Admitted, except as to the date, which was July 15, 1997. (Px 175)

(52) Denied, in part, as phrased.  It is admitted that on or about December 18, 1998, DJV (<u>not</u> Cadle) served post-judgment interrogatories on T&P employees in connection with the

-7-

Litchfield action (<u>not</u> the People's Bank action) (Px 163), and that TCC (<u>not</u> DJV) served post-judgment interrogatories on T&P employees in connection with the People's Bank action (<u>not</u> the Litchfield action). (Px 164)

(53) Admitted.

(54) Denied, in part, as phrased. While it is admitted that by letter dated December 31, 1998, Bainer writes to Attorney Restelli who represents Cadle (Px 28), Plaintiffs deny that the remaining allegations in ¶54 fairly summarize what was stated in the letter. (Px 28)

(55) Admitted.

(56) Admitted.

(57) Admitted.

(58) Denied, in part, as phrased. While it is admitted that by letter dated February 19, 1999 Bainer writes to Attorney Restelli who represents Cadle (Px 29), Plaintiffs deny that the remaining statements in ¶58 fairly summarize what was stated in the letter. (Px 29)

## II.  <u>Disputed Issues Of Material Fact</u>

In addition to the disputed factual matters as set forth above, with citations to the record, Plaintiffs state the following as a disputed issue of material fact:

(1)  Whether Defendant Bainer provided knowing and substantial assistance in the implementation

and/or execution of Flanagan's RICO fraudulent scheme to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of Plaintiffs? (Pxs 1, 2, 3, 6, 18, 19, 20, 23, 24, 25, 25A, 25B, 27, 28, 29, 31, 32, 56, 62, 65, 66, 67, 69, 69A, 70, 72, 90, 105, 118, 122 128, 129, 130, 133, 135, 167, 188, 193 & 195; Px B pp. 200-01, 66-68, 92-93, & 163-64; Px E p. 57; Px AA pp. 63-64).


                              Respectfully submitted,
                              ARMSTRONG LAW FIRM


DATED: February 16, 2005.      By_____
                                  F. Dean Armstrong
                                  Ct. Fed. Bar #CT22417
                                  1324 Dartmouth Road
                                  Flossmoor, IL 60422
                                  (708) 798-1599
                                  Fax (708) 798-1597


                                  Edward C. Taiman, Esq.
                                  SABIA & HARTLEY, LLC
                                  190 Trumbull Street
                                  Suite 202
                                  Hartford, CT 06103-2205
                                  (860) 541-2077
                                  Fax (860) 713-8944


                                  Attorneys for Plaintiffs
                                  The Cadle Company and
                                  D.A.N. Joint Venture,
                                  A Limited Partnership

**<u>Certificate of Service</u>**

    I certify that a correct copy of the foregoing instrument
was faxed and mailed on February 16, 2005 to all defense counsel
as shown on the attached Service List.


_____
F. Dean Armstrong