**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE CADLE COMPANY** and | § | **No. 3:01CV531(AVC)** |
| **D.A.N. JOINT VENTURE,** | | |
| **A LIMITED PARTNERSHIP,** | § | |
| | | |
| Plaintiffs, | § | |
| | | |
| vs. | § | |
| | | |
| **CHARLES A. FLANAGAN, et al.** | § | **February 16, 2005** |
| | | |
| Defendants. | § | |

**PLAINTIFFS' SECOND AMENDED LOCAL RULE 56(a)2 STATEMENT**
**IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**
**SUBMITTED BY DEFENDANTS PRYMAS AND T&P**

Pursuant to Local Rule 56(a)2, Plaintiffs The Cadle Company ("TCC") and D.A.N. Joint Venture, A Limited Partnership ("DJV") submit the following responses to the Local Rule 56(a)1 Statement submitted by Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P").

**I.    Responses To Alleged Undisputed Facts**

(1)  Denied, in part, as phrased.  While it is admitted that Prymas and Flanagan were each 50% shareholders of T&P, the remaining portions of ¶1 are not supported by the cited summary judgment evidence and, accordingly, should be struck.

(2)  Denied, in part, as phrased.  First, Plaintiffs object to the characterization of the Settlement Agreement (Px 21) as a "stipulated judgment".  While it is admitted that on June 17, 1997, Flanagan and Prymas settled a lawsuit between them by

entering a settlement agreement (Px 21) which, on July 17, 1997, served as the basis for the stipulated judgment by the Connecticut Superior Court (T&P Ex. B pp. 6-7), the remaining allegations in ¶2 are not supported by the cited summary judgment evidence and, accordingly, should be struck.

(3) Denied, in part, as phrased. First, Plaintiffs object to the characterization of the Settlement Agreement (Px 21) as a "stipulated judgment". (See T&P Ex. B pp. 6-7). Second, while it is admitted that the Settlement Agreement required T&P (not Prymas) to pay Flanagan a total of $75,000 in installments (Px 21 ¶12), the remainder of the allegations in ¶3 are not supported by the cited summary judgment evidence and, accordingly, should be struck.

(4) Denied. First, the cited summary judgment evidence constitutes inadmissible hearsay and, accordingly, the allegations in ¶4 should be struck. Second, there are disputed issues of fact about the characterization of the $75,000 settlement agreement payments to Flanagan. (Px A(1) p. 55; Px B pp. 60; 62-63; 202; 204-07; 210-11; 213; 217-218 & 221-24; Px C p. 170 & 172; Px D pp. 15-16; 19; 20 & 47-48; Px E pp. 57; 87; 91; 93; 128-30; 136-39; 159-160 & 172; Px F pp. 4; 10; 17-18; 29-33; 37-38; 51-52 & 56; Px 72 p.2; Px 106 p. 3; & Pxs 3, 22, 65, 69, 70, 113, 140, 144, 179, 180, 181, 182 & 183)

(5)   Denied. (Pxs 70, 72 p. 2 & 135)

(6)   Admitted.

(7)   Denied, in part, as phrased. While it is admitted that by 1998, Prymas and Flanagan had a very rough relationship and they had a history of litigation, there is a disputed issue of fact as to whether they disliked each other intensely. (Pxs 70 & 72 p. 2 & 135; Pxs 67, 69, 142 & 194; Px B pp. 217-18)

(8)   Denied, in part, as phrased.  While it is admitted that in early January, 1998 Flanagan began demanding that T&P reclassify the Settlement Agreement payments as W-2 income and subsequently threatened litigation if Prymas and T&P would not comply, Plaintiffs dispute the late December 1997 date and object to the characterization of the Settlement Agreement payments as "judgment payments". (Px 72 p. 2)

(9)   Admitted.

(10) Denied, in part, as phrased.  While it is admitted that on January 5, 1998 TCC served T&P with a property execution in Cadle I (Px 68A), the remainder of the allegations in ¶24 are denied. (Pxs 72 p. 2; 24; 25A & 25B)

(11) Denied. (Pxs 70, 72 p. 2, 135 p. 2 & 194; Pxs 67, 69 & 142; Px B pp. 217-18)

(12) Denied. (Pxs 70, 72 p. 2, 114, 135 p. 2, 142 & 194)

(13) Denied. (Pxs 70, 72 p. 2, 135 p. 2 & 194)

(14) Admitted.

(15) Denied.   First,   Plaintiffs   object   to   the characterization  of  the  Settlement  Agreement  as  a  "stipulated judgment".   And second, the cited summary judgment evidence does not  support  the  allegations  in  ¶15  (Px  21  p.  3  §5)  and, accordingly, the allegations in ¶15 should be struck.

(16) Denied, in part, as phrased.   While it is admitted that neither Prymas nor T&P were parties plaintiff or defendant to  Cadle I,  there  is  a  disputed  issue  of  fact  as  to  the remainder of the allegations in ¶16. (Pxs 197 pp. 1 & 7; Px 127)

(17) Denied.   The cited summary judgment evidence does not support the allegations in ¶17 and, accordingly, the allegations in ¶17 should be struck. (Px 21 ¶¶5 & 6)

(18) Denied.   The cited summary judgment evidence does not support the allegations in ¶18 and, accordingly, the allegations in ¶18 should be struck. (Px 21 ¶¶5 & 6 & ¶18; Px 25A)

(19) Denied, in part, as phrased.   While Plaintiffs admit that on December 10, 1998 Andrew D'Agostino, CPA signed the letter marked as Exhibit F, Plaintiffs deny that the remainder of the allegations in ¶19 fairly summarize what was stated in the letter.   Further, Plaintiffs object to the characterization of the Settlement Agreement payments as "judgment payments". (Px A(1) p. 55; Px B pp. 60; 62-63; 202; 204-07; 210-11; 213;

217-218 & 221-24; Px C p. 170 & 172; Px D pp. 15-16; 19; 20 & 47-48; Px E pp. 57; 87; 91; 93; 128-30; 136-39; 159-160 & 172; Px F pp. 4; 10; 17-18; 29-33; 37-38; 51-52 & 56; Px 72 p.2; Px 106 p. 3; & Pxs 3, 22, 65, 69, 70, 113, 140, 144, 179, 180, 181, 182 & 183)

(20) Denied, in part, as phrased.  While it is admitted that T&P resumed settlement payments in May, 1998, the remainder of the allegations in ¶20 are denied. (Pxs 72 p. 2; 25; 25A; 25B; 114; 128 & 142)

(21) Admitted.

(22) It is admitted that TCC did not subsequently obtain another property execution in Cadle I to serve on T&P or file any motion or objection contesting the claim of exemptions filed by Flanagan in January, 1998.

(23) Denied, in part, as phrased.  While it is admitted that on November 19, 1998, Fasano paid the Cadle I judgment, the remainder of the allegations in ¶23 are not supported by the cited summary judgment and, accordingly, should be struck. (Px L ¶4; Pxs 20 & 175; Px G(1) pp. 44-45; Px H pp. 60-61, 84, 86, 89, 90 & 93-95)

(24) Denied, in part, as phrased.  Plaintiffs object to the characterization of the Settlement Agreement as a "stipulated judgment".  While it is admitted that the Settlement Agreement

-5-

required Fasano and Prymas to execute a shareholder's agreement, directed each of them to continue ownership of the corporate stock, and prohibited a transfer of the stock to "any other person or entity", the remainder of the allegations in ¶24 are not supported by the cited summary judgment evidence and, accordingly, should be struck. (Px 21 ¶¶10 & 13)

(25) Denied, in part, as phrased.  While it is admitted that T&P's corporate attorney, Bainer, placed restrictive legends on each of their stock certificates, the remainder of the allegations in ¶25 are denied. (Pxs 21, 114, 128, 142 & 194)

(26) Admitted.

(27) Denied.  (Px 196 pp. 1 & 7 & Px 192)

(28) Denied.  First, the cited summary judgment evidence does not support the allegations in ¶28 and, accordingly, the allegations in ¶28 should be struck.  Further, there is a factual dispute on this issue. (Px 196 pp. 1 & 7 & Px 192)

(29) Denied. (Pxs 25, 25A & 25B)

(30) Denied.  First, the cited summary judgment evidence constitutes inadmissible hearsay and, accordingly, should be struck.  Further, there is a factual dispute on this issue. (Px 196 pp. 1 & 7 & Px 192)

(31) Admitted.

(32) Admitted.

(33) Denied.  (Pxs 72 p. 2; Pxs 24, 25, 25A & 25B)

(34) Denied, in part, as phrased.  First, Plaintiffs object to the characterization of the Settlement Agreement as a "stipulated judgment".  While it is admitted that as of May 19, 1998, T&P treated the monies payable to Flanagan in compliance with the Settlement Agreement as W-2 income, subject to withholding and garnishment, and resumed payment to Flanagan as wages, the remainder of the allegations in ¶34 are not supported by the cited summary judgment evidence and, accordingly, the allegations in ¶34 should be struck.  Further, there is a factual dispute on this issue. (Px 72 p. 2 & Pxs 24, 25, 25A & 25B)

(35) Denied.  First, the allegations in ¶35 are not supported by the cited summary judgment evidence and, accordingly, the allegations in ¶35 should be struck.  Further, there is a factual dispute on this issue. (Px A(1) p. 55; Px B pp. 60; 62-63; 202; 204-07; 210-11; 213; 217-218 & 221-24; Px C p. 170 & 172; Px D pp. 15-16; 19; 20 & 47-48; Px E pp. 57; 87; 91; 93; 128-30; 136-39; 159-160 & 172; Px F pp. 4; 10; 17-18; 29-33; 37-38; 51-52 & 56; Px 72 p.2; Px 106 p. 3; & Pxs 3, 22, 65, 69, 70, 113, 140, 144, 179, 180, 181, 182 & 183)

(36) Admitted.

## II. <u>Disputed Issues Of Material Fact</u>

In addition to the disputed factual matters as set forth above, with citations to the record, Plaintiffs state the following as a disputed issue of material fact:

(1) Whether Defendants Prymas and/or T&P provided knowing and substantial assistance in the implementation and/or execution of Flanagan's RICO fraudulent scheme to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of Plaintiffs? (Pxs 3, 12, 15, 16, 17, 25A, 25B, 26, 56, 66, 67, 68, 69, 70, 72, 110, 111, 112, 113, 114, 115, 116, 119, 122, 126, 135, 140, 142, 143, 144, 145, 162, 167, 180, 181, 182, 185, 193 & 194; Px B pp. 217-18)

Respectfully submitted,
ARMSTRONG LAW FIRM


DATED: February 16, 2005.     By_____
                                  F. Dean Armstrong
                                  Ct. Fed. Bar #CT22417
                                  1324 Dartmouth Road
                                  Flossmoor, IL 60422
                                  (708) 798-1599
                                  Fax (708) 798-1597


                                  Edward C. Taiman, Esq.
                                  SABIA & HARTLEY, LLC
                                  190 Trumbull Street
                                  Suite 202
                                  Hartford, CT 06103-2205
                                  (860) 541-2077
                                  Fax (860) 713-8944

                                  Attorneys for Plaintiffs
                                  The Cadle Company and
                                  D.A.N. Joint Venture,
                                  A Limited Partnership

## **<u>Certificate of Service</u>**

I certify that a correct copy of the foregoing instrument was faxed and mailed on February 16, 2005 to all defense counsel as shown on the attached Service List.

_____
F. Dean Armstrong