FILED
2005 APR 27 P 3: 51
U.S. DISTRICT COURT
HARTFORD, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

3:01cv531 (AVC). March 28, 2005. This is an action for damages and equitable relief brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The defendants, Leonard A. Fasano and his law firm, Fasano, IPPOITO & LEE, LLC now move for summary judgment pursuant to Fed. R. Civ. P. 56(a). In furtherance of their motion, Fasano and his law firm maintain that judgment as a matter of law is appropriate because "plaintiffs offer no evidence to support their claim that [they] were involved in any criminal act. . . [or] proof that Flanagan or his law firm engaged in any one of the racketeering activities listed in section 1961(1)." In response, the plaintiffs simply state that the evidence is to the contrary and follow this assertion with general citations to 15 exhibits (See plaintiffs' amended response at page 12 dated February 16, 2005). This form of response runs throughout the plaintiffs submission and is insufficient to raise a genuine issue of material fact. The law is clear that in order to prevail on a civil RICO cause of action, the plaintiffs must demonstrate that the defendant committed one or more of the crimes enumerated in 18 § U.S.C. 1961(1) and prove each prong of the predicate criminal offense(s). Central Distrib. Of Beer, Inc., v. Conn., 5 F.3d 181, 183-84 (6th Cir. 1993) ("the conduct used to support a civil RICO action must be indictable"). The second amended complaint alleges underlying criminal conduct of wire fraud, mail fraud, and bankruptcy fraud. The court will not divine from a string citation to 15 exhibits how each exhibit supports one or more of the alleged crimes or the material elements of each offense. Moreover, the court will not marshal evidence to fit argument that implicitly must be made and yet is no where to be found, that is, argument concerning whether the evidence supports a finding of the crimes charged and a pattern of racketeering activity. Because the plaintiffs' brief is insufficient to raise a genuine issue of material fact and fails to comply with Local Rule 7(a) requiring specific references to the record, the defendants' motion for summary judgment is GRANTED. Judgment shall be without prejudice pending re-submission by April 18, 2005 of opposition memorandum in a form that complies with this order, and shall be with prejudice in the event no submission is received. The defendants may file a reply to any such submission or before April 29, 2005. To the extent that the defendants have already filed a reply brief to the plaintiffs' amended response to Fasano and the law firm of FASANO, IPPOITO & LEE, LLC'S motion for summary judgment (dated February 16, 2005), the plaintiffs shall pay the costs of preparing and filing that reply brief.

SO ORDERED.

Alfred V. Covello, U.S.D.J.