**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

3:01cv531 (AVC). March 28, 2005. This is an action for damages and equitable relief brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The defendants, Todd Bainer and Todd R. Bainer LLC, now move for summary judgment pursuant to Fed. R. Civ. P. 56(a). In furtherance of their motion, Todd Bainer and Todd R. Bainer LLC maintain that judgment as a matter of law is appropriate because, among other things, [d]ue to the overly broad nonspecific language in the complaint and RICO statement, it is unclear whether any of Bainer's actions are alleged to be predicate acts of bankruptcy fraud and/or wire fraud [and are, in any event, predicate acts that are not supported by the record]." The court agrees. The law is clear that in order to prevail on a civil RICO cause of action, the plaintiffs must demonstrate that the defendant committed one or more of the crimes enumerated in 18 § U.S.C. 1961(1) and prove each prong of the predicate criminal offense(s). Central Distrib. Of Beer, Inc., v. Conn., 5 F.3d 181, 183-84 (6th Cir. 1993) ("the conduct used to support a civil RICO action must be indictable"). The second amended complaint alleges underlying criminal conduct of wire fraud, mail fraud, and bankruptcy fraud. At summary judgment, however, the burden is on the plaintiffs to come forward with evidence to support their allegations, and must demonstrate how that evidence constitutes the predicate criminal acts required for a finding of a pattern of racketeering activity. The court will not divine from the second amend complaint how the record supports one or more of the alleged crimes or the material elements of each offense. The plaintiffs must make their argument with specificity in connection with each crime alleged, and must demonstrate how that evidence supports a finding of a pattern of racketeering activity. Because the plaintiffs' brief is insufficient in this regard, and fails to comply with Local Rule 7(a) requiring specific references to the record, the defendants' motion is GRANTED (document no. 191). Judgment shall be without prejudice pending re-submission by April 18, 2005 of opposition memorandum in a form that complies with this order, and shall be with prejudice in the event no submission is received. The defendants may file a reply to any such submission on before April 29, 2005. To the extent that the defendants have already filed a reply brief to the plaintiffs' amended response to the motion for summary judgment (dated February 16, 2005) the plaintiffs shall pay the costs of preparing and filing that reply brief.

SO ORDERED.

Alfred V. Covello, U.S.D.J.