

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

3:01cv531 (AVC). March 28, 2005. This is an action for damages and equitable relief brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The defendants, Stanley Prymas and Thompson & Peck, now move for summary judgment pursuant to Fed. R. Civ. P. 56(a). In furtherance of their motion, Prymas and Thompson & Peck maintain that judgment as a matter of law is appropriate because "plaintiffs have not specified any acts by Prymas or Thompson & Peck claimed to constitute either bankruptcy fraud or wire fraud. . . . [and] the conduct alleged in the complaint does not constitute a 'pattern of racketeering activity' sufficient for imposition of liability under Civil RICO." In response, the plaintiffs claim that they have adequately alleged and proved the requisite pattern of racketeering activity. (See plaintiffs' amended response at page 23 dated February 16, 2005). This form of response runs throughout the plaintiffs submission and is insufficient to raise a genuine issue of material fact. The law is clear that in order to prevail on a civil RICO cause of action, the plaintiffs must demonstrate that the defendant committed one or more of the crimes enumerated in 18 § U.S.C. 1961(1) and prove each prong of the predicate criminal offense(s). Central Distrib. Of Beer, Inc., v. Conn., 5 F.3d 181, 183-84 (6th Cir. 1993) ("the conduct used to support a civil RICO action must be indictable"). The second amended complaint alleges underlying criminal conduct of wire fraud, mail fraud, and bankruptcy fraud. At summary judgment, however, the burden is on the plaintiffs to come forward with evidence to support their allegations, and must demonstrate how that evidence constitutes the predicate criminal acts required for a finding of a pattern of racketeering activity. The court will not divine from the second amend complaint how the record supports one or more of the alleged crimes or the material elements of each offense. Because the plaintiffs' brief is insufficient to raise a genuine issue of material fact and fails to comply with Local Rule 7(a) requiring specific references to the record, the defendants' motion and amended motion for summary judgment is GRANTED (document nos. 219 and 226). Judgment shall be without prejudice pending re-submission by April 18, 2005 of opposition memorandum in a form that complies with this order, and shall be with prejudice in the event no submission is received. The defendants may file a reply to any such submission or before April 29, 2005. To the extent that the defendants have already filed a reply brief to the plaintiffs' amended response to Prymas and Thompson & Peck's motion for summary judgment (dated February 16, 2005), the plaintiffs shall pay the costs of preparing and filing that reply brief.
SO ORDERED.

Alfred V. Covello, U.S.D.J.