UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CADLE COMPANY, et al.,      §        No. 3:01CV531(AVC)

        Plaintiffs,      §

vs.      §

CHARLES A. FLANAGAN, et al.,      §        April 8, 2005

        Defendants.      §

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION OF MARCH 28, 2005 ORDER

Plaintiffs seek partial reconsideration of the Court's March 28, 2005 Order as far as the assessment of costs against Plaintiffs for the costs of Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P") in preparing and filing their summary judgment reply brief.

Plaintiffs will, as directed, file an amended summary judgment response making more specific citations to the summary judgment record.  The assessment of costs against Plaintiffs, however, is not warranted because Defendants Prymas and T&P did not object to Plaintiffs' summary judgment response on the basis of lack of specificity of citations to the summary judgment record, and did not seek the assessment of costs against Plaintiffs for their February 16, 2005 summary judgment response.  Rather, Defendants Prymas and T&P raised numerous legal issues in their summary judgment reply brief that were not dependent on any factual assertions by Plaintiffs.  Further,

Defendants Prymas and T&P argued that the inferences from Plaintiffs' cited summary judgment references should be viewed in their favor.

The Court was critical of Plaintiffs' summary judgment response because, "[a]t summary judgment . . . the burden is on the plaintiff to come forward with evidence to support their allegations." At the summary judgment stage, however, a plaintiff need not prove what the defendants, in their summary judgment motion, have not challenged. See Landry v. Air Line Pilots Ass'n, 901 F.2d 404, 426, 430 & 431 (5th Cir. 1990).

Further, neither Prymas nor T&P complained in their summary judgment reply about any objectionable string citations or failure to cite specific references to the summary judgment record. Rather, the summary judgment reply submitted by Prymas and T&P relied primarily on legal arguments that were not dependent upon any facts set forth in Plaintiffs' summary judgment response. As far as factual issues, Defendants Prymas and T&P argued that the cited summary judgment evidence should be viewed in their favor.

Moreover, Plaintiffs did in fact make specific citations to the record which showed the knowing and active participation of Prymas and T&P in Flanagan's conspiracy to hide, transfer or otherwise shield his assets from the judgment claims of Plaintiffs. According to T&P's attorney:

> As we discussed at the meeting [among Prymas, Flanagan, Bainer and Fasano], no matter what you call the monies, and no matter how correct that new interpretation may or may not be -- now -- the change of positions on what the money is characterized as [as to how it has been treated in the past by the Corporation] in response to the service of the execution is troubling to me. I believe we need to go very slowly and very carefully, here.  If it is not handled properly, a claim can and likely will be made that there has been some type of civil conspiracy to help Charlie defraud his creditors.  That is a risk that needs to be seriously assessed . . ..

(Px 72 p. 2)  As noted at pp. 11-18 of Plaintiffs' September 9, 2004 Amended Consolidated Response to Defendants' Motions for Summary Judgment (which was incorporated by reference at p. 4 of Plaintiffs' February 16, 2005 Amended Response to Motion for Summary Judgment Submitted by Defendants Prymas and Thompson & Peck), Defendants Prymas and T&P provided knowing and active assistance to Flanagan in carrying out Flanagan's conspiracy to hide, transfer and otherwise shield his assets from the judgment claims of Plaintiffs.  The cited pages made specific references to specific affirmative conduct on the part of Prymas and T&P to further Flanagan's conspiracy.

Finally, not only did Defendants Prymas and T&P not object to any portion of Plaintiffs' February 16, 2005 summary judgment response, they did not seek the assessment of costs against Plaintiffs for any alleged deficiencies in that summary judgment response.  Of course, Plaintiffs will correct what the Court

-3-

found objectionable.  But costs should not be assessed against Plaintiffs and in favor of Defendants Prymas and T&P for a summary judgment response that neither Prymas nor T&P found objectionable, and for which they did not seek reimbursement of costs.

### PRAYER

Plaintiffs respectfully request that the Court grant partial reconsideration of its March 28, 2005 Order as far as the assessment of costs against Plaintiffs for the costs of Defendants Prymas and T&P in preparing and filing their summary judgment reply brief.

Respectfully submitted,

ARMSTRONG LAW FIRM

DATED: April 8, 2005.                    By_____/s/_____
                                            F. Dean Armstrong
                                            Ct. Fed. Bar #CT22417
                                         1324 Dartmouth Road
                                         Flossmoor, IL 60422
                                         (708) 798-1599
                                         Fax (708) 798-1597

                                         Edward C. Taiman, Esq.
                                         SABIA & HARTLEY, LLC
                                         190 Trumbull Street
                                         Suite 202
                                         Hartford, CT 06103-2205
                                         (860) 541-2077
                                         Fax (860) 713-8944

                                         Attorneys for Plaintiffs
                                         The Cadle Company and
                                         D.A.N. Joint Venture,
                                         A Limited Partnership

-4-

## <u>Certificate of Service</u>

I certify that a correct copy of the foregoing instrument was mailed on April 8, 2005 to all defense counsel as shown on the attached Service List.


_____/s/_____
F. Dean Armstrong