UNITE STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY and<br>D.A.N. JOINT VENTURE,<br>A LIMITED PARTNERSHIP | Case No.: 3:01 cv 531 AVC |
| v. | |
| CHARLES A. FLANAGAN, ET AL. | April 8, 2005 |

### JOINT MOTION TO DISMISS OBJECTION TO DISCHARGE ACTION

Pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 7041-1 of the Local Rules of Bankruptcy Procedure, the plaintiffs' The Cadle Company and D.A.N. Joint Venture, L.P. (the "Plaintiffs") and the defendant and debtor Charles Atwood Flanagan ("Flanagan" or the "Debtor"), by and through their undersigned counsel, move this court for an Order dismissing the action filed by the Plaintiffs seeking a denial of the Debtor's bankruptcy discharge pursuant to 11 U.S.C. § 727. In support of this motion, the Plaintiffs and the Debtor state the following:

1. On February 17, 1999 (the "Petition Date"), Flanagan filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). On January 16, 2003, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and Bonnie C. Mangan was appointed Chapter 7 Trustee.

2. On April 14, 2003, the Plaintiffs filed an adversary proceeding with the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") seeking to deny the

Flanagan's discharge pursuant Section 727 of the Bankruptcy Code (the "Objection to Discharge Action"). The Debtor filed an answer to the complaint on June 12, 2003.

3. On July 14, 2003, the Plaintiffs moved to withdraw the reference to the Bankruptcy Court, pursuant to Local Bankruptcy Rule 5011-1. By Order dated February 4, 2004, the District Court granted the motion to withdraw reference and simultaneously consolidated the Objection to Discharge Action with the action seeking damages under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, et seq.) ("RICO") already pending between the Plaintiffs, Flanagan and 12 others (the "RICO Action").[1]

4. On or about February 11, 2005, summary judgment entered in favor of Flanagan in the RICO Action. The RICO Action remains pending against the 12 other parties.

5. On or about March 2, 2005, the Debtor filed a Motion to Sever Action or For Separate Trials and Motion to Refer Action to Bankruptcy Court, seeking to separate the Objection to Discharge Action from the RICO Action and to refer the Objection to Discharge Action back to the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). While that motion has not yet been acted upon, it would be rendered moot should the Court grant the instant motion.

6. The Plaintiffs and the Debtor now request that the Objection to Discharge Action be dismissed, with prejudice.

---

[1] Prior to being consolidated with the RICO Action, the Objection to Discharge Action bore Civil Case Number 3:04-cv-00186-AVC.

## Applicable Legal Standards

7. Bankruptcy Rule 7041 provides in pertinent part as follows:

> a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States Trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Fed. R. Bank. P. 7041.

8. Local Rule 7041-1 provides in pertinent part as follows:

> (a) No adversary proceeding to deny a discharge shall be withdrawn, dismissed, or settled except upon an order of the court after notice to the trustee, all creditors, and other parties in interest and a hearing.
>
> (b) In the event of a dismissal of an adversary proceeding to deny the discharge of a debtor, no discharge shall be granted unless the debtor shall file an affidavit and the debtor's attorney shall sign and file a statement that no consideration has been promised or given, directly or indirectly, for any such dismissal.

D.Conn. LBR 7041-1(a), (b) (hereafter, the "Local Rule").

9. Under In re Chalasani, 92 F.3d 1300, 1309-13 (2d Cir. 1996), upon filing a motion to dismiss an action commenced under Bankruptcy Code Section 727, the requisite parties identified in the two rules quoted above must be notified that they have an opportunity to object to the proposed dismissal and seek to continue its prosecution. In re Buzzeo, 315 B.R. 243, 245 (Bankr. D. Conn. 2004). A conforming notice is attached hereto and this motion has been served upon all parties entitled to notice under the relevant rules.

## Agreement of the Parties

10. The Plaintiffs and the Debtor have agreed to the following in connection with this Joint Motion to Dismiss:

   a.  The Debtor shall provide no monetary consideration whatsoever to the Plaintiffs, directly or indirectly, either in total or partial satisfaction of the Plaintiffs' claims filed in the Debtor's bankruptcy case, or otherwise.

   b.  If requested by the Plaintiffs or any other party to the RICO Action, the Debtor shall provide his truthful testimony at the trial of the RICO Action and/or will provide his truthful affidavit to the Plaintiffs or any other party to the RICO Action for their use in the RICO Action.

   c.  The Plaintiffs and the Debtor have indicated a desire to exchange mutual general releases, subject to court approval, in the form attached hereto as Exhibit A. The mutual general releases have been executed and are being held in escrow by the undersigned counsel and shall not be delivered absent court order.

11. The Plaintiffs and the Debtor believe that the agreement outlined above is in accordance with the law in this district relative to dismissal of Bankruptcy Code Section 727 actions. The Debtor has not promised nor given any consideration, either directly or indirectly, to the Plaintiffs in exchange for such dismissal. While the Debtor has agreed to provide truthful testimony at trial and in affidavit form, the Debtor believes that he was always under the

obligation to testify truthfully and that such testimony does not constitute consideration.

12. The dismissal of the Objection to Discharge Action would provide little benefit to the Debtor if his discharge is nonetheless denied because this Court (or the Bankruptcy Court) later determined that the Debtor improperly provided the Plaintiffs consideration in exchange for the dismissal. Moreover, due to the possibility that the exchange of mutual general releases might be construed as consideration provided by the Debtor in exchange for the dismissal of the instant action, the Plaintiffs and the Debtor have executed such releases and placed them in escrow pending further order of the Court. Accordingly, the undersigned parties further request that this Court make a finding that in the agreement outlined above, the Debtor does not promise or provide any direct or indirect consideration in exchange for the dismissal.

13. Wherefore the Plaintiffs and the Debtor respectfully request that this motion be granted.

THE CADLE COMPANY AND
D.A.N. JOINT VENTURE, L.P.,

By: _____
Edward C. Taiman, Jr. (CT    )
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205
Telephone No.: (860) 541-2077
AND

By: _____
F. Dean Armstrong
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
Telephone No.: 708-798-1599

CHARLES A. FLANAGAN,

By: _____
Douglas S. Skalka (CT 00616)
James A. Lenes (CT 10408)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Telephone No.: 203-821-2000

UNITE STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY and<br>D.A.N. JOINT VENTURE,<br>A LIMITED PARTNERSHIP : | Case No.: 3:01 cv 531 AVC |
| v. : | |
| CHARLES A. FLANAGAN, ET AL. : | |

## ORDER GRANTING
## JOINT MOTION TO DISMISS OBJECTION TO DISCHARGE ACTION

The foregoing Joint Motion to Dismiss Objection to Discharge Action (the "Motion") having been heard, it is hereby GRANTED, and

It is ORDERED that the action commenced by the plaintiffs objecting to the entry of a discharge for Charles A. Flanagan (the "Debtor") is hereby dismissed, with prejudice, and

It is further found that under the agreement of the parties, as contained in the Motion, no consideration has been promised or given, directly or indirectly by the Debtor to the plaintiffs in exchange for the dismissal, and

It is further found that the exchange of general mutual releases in the form provided in Exhibit A to the Motion shall not constitute the giving of consideration by the Debtor to the plaintiffs in exchange for the dismissal, and that the counsel for the Debtor and the plaintiffs are hereby authorized to release the mutual general releases from escrow and to deliver them to the intended releasees.

Date: _____     _____
                                  Alfred V. Covello, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY, et al.,** | § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.,** | § | |
| Defendants. | § | April 5, 2005 |

### MUTUAL RELEASE OF ALL CLAIMS

This is a Mutual Release of All Claims between (1) Plaintiffs The Cadle Company and D.A.N. Joint Venture, A Limited Partnership ("Cadle") and (2) Defendant Charles A. Flanagan ("Flanagan").

1. Upon execution of this Release, both Cadle and Flanagan hereby release each other of and from any and all claims, whether now known or unknown, whether now in existence or arising hereafter, which each has or may have against each other from the beginning of time until the date of the execution of this Release.

2. As far as any and all claims of Cadle, this Release shall also run to the benefit of Flanagan's wife, Lisa A. Flanagan, and Flanagan's current attorneys, Doug Skalka, James Lenes and Neubert, Pepe & Monteith, P.C.

3. As far as any and all claims of Flanagan, this Release shall also run to the benefit of all of Cadle's past and present officers, directors, shareholders, employees, agents and attorneys.

4. This Release shall not, however, in any way, shape or form affect, alter, diminish or prejudice the rights, claims and causes of action of Cadle against any persons or entities other than Flanagan, with all such rights, claims and causes of action against such other persons or entities being hereby expressly protected, saved and reserved.

Dated: April ___, 2005.

_____
Charles A. Flanagan

The Cadle Company

By _____

D.A.N. Joint Venture, A
Limited Partnership

By _____

3. As far as any and all claims of Flanagan, this Release shall also run to the benefit of all of Cadle's past and present officers, directors, shareholders, employees, agents and attorneys.

4. This Release shall not, however, in any way, shape or form affect, alter, diminish or prejudice the rights, claims and causes of action of Cadle against any persons or entities other than Flanagan, with all such rights, claims and causes of action against such other persons or entities being hereby expressly protected, saved and reserved.

Dated: April ___, 2005.

_____
Charles A. Flanagan

The Cadle Company

By_____

D.A.N. Joint Venture, A Limited Partnership

By_____

-2-

UNITE STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY and<br>D.A.N. JOINT VENTURE,<br>A LIMITED PARTNERSHIP<br><br>v.<br><br>CHARLES A. FLANAGAN, ET AL. | Case No.: 3:01 cv 531 AVC |

### NOTICE TO ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that a motion to dismiss the complaint objecting to the entry of a discharge for Charles A. Flanagan (the "Debtor") has been filed. Any party seeking to object or intervene or be substituted as plaintiff in this adversary proceeding, see In re Chalasani, 92 F.3d 1300, 1309-13 (2d Cir. 1996), shall file with the Clerk and serve upon the plaintiffs, the Debtor, the Chapter 7 Trustee, and the United States Trustee, a written Objection or Motion to Intervene as Plaintiff, no later than twenty-one (21) days after the filing of the Joint Motion to Dismiss Objection to Discharge Action, or by such time as otherwise ordered by this Court. In the absence of the timely filing of an Objection or Motion to Intervene as Plaintiff, an order dismissing the complaint objecting to the Debtor's discharge may enter without further notice.

CERTIFICATION

This is to certify that a copy of the foregoing was sent, via United States mail, postage prepaid, on April 8, 2005 to the United States Trustee, the Chapter 7 Trustee, all creditors, and other parties in interest as indicated in Schedule A attached hereto.

By: _____
James A. Lenes (CT 10408)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Telephone No.: (203) 821-2000

## Schedule A

Office of the United States Trustee
265 Church Street
New Haven, CT 06510

Barbara H. Katz, Esq.
Law Off. of Barbara H. Katz
57 Trumbull Street
New Haven, CT 06510-1804

Andrew M. DiPietro, Jr., Esq.
205 Church Street
New Haven, CT 06510

Francis J. Doherty, Esq.
3190 Whitney Avenue
Hamden, CT 06518

Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205

Leonard A. Fasano, Esq.
Fasano & Ippolito
388 Orange Street
New Haven, CT 06511

William J. Egan, Esq.
Levin, Ford & Paulekas, LLP
One State Street
Hartford, CT 06103

Joseph Rini, Esq.
Votre & Rini, P.C.
201 Orange Street
New Haven, CT 06510

Paul M. Gaide, Esq.
Gaide & Associates
30 Tower Lane
Avon, CT 06001

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Jeanette A.A. Johnson
Office of the Corporation Counsel
City of New Haven
165 Church St., 3rd floor – LCI
New Haven, CT 06510

EMC Mortgage Corp.
P.O. Box 141358
Irving, TX 75014-1358

Heritage Bank & Trust
C/o BankBoston National Association
100 Federal Street
Boston, MA 02110

Internal Revenue Service
Special Procedures Office
135 High Street
Hartford, CT 06103

Fleet Bank
157 Church Street
New Haven, CT 06510

Mayflower Cooperative
60 South Main Street
Middleborough, MA 02346-0311

Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Southern Connecticut Gas Company
855 Main Street
Bridgeport, CT 06601

CASA Investments Company
17046 Mock Road
Berlin Center, OH 44401

First Federal Savings and Loan
Association of Rochester
25 Franklin Street
Sibley Tower Building
Rochester, NY 14604

Milford Savings Bank
33 Broad Street
Milford, CT 06460

Roger Yopp
17 Howe Street
New Haven, CT 06511

S.J. Massenberg
c/o Howard Lee Schiff, P.C.
P.O. Box 280245
East Hartford, CT 06128-0245

Water Pollution Control Authority and
Regional Water Authority
90 Sargent Drive
New Haven, CT 06510

Northeast Waste Systems, Inc.
136 Bradley Road
Woodbridge, CT 06525

Solar Fuel Oil Co.
P.O. Box 304
New Haven, CT 06510

Stephen P. Wright, Esq.
James M. Nugent, Esq.
Harlow, Adams & Friedman, P.C.
300 Bic Drive
Milford, CT 06460

Herbert G. Hyman, Esq.
P.O. Box 1613
New Haven, CT 06506

United Illuminating
157 Church Street
New Haven, CT 06510

William F. Gallagher, Esq.
Gallagher & Calistro
1377 Boulevard
New Haven, CT 06510

Todd R. Bainer, Esq.
71 Cedar Street
P.O. Box 1092
Branford, CT 06405

Equifax Risk Management Services
2420 Sweet Home Road, S-150
Amherst, NY 14228

Gary J. Wilson, Esq.
4 Daniels Farm Road, #168
Trumbull, CT 06611

Howard Wright
P.O. Box 3724
Woodbridge, CT 06525

John Stopper
42 Camore Street
Stamford, CT 06908

New Haven Savings Bank,
n/k/a NewAlliance Bank
195 Church Street
New Haven, CT 06510

Robert Hall
12 Mill Street
New Haven, CT 06510

Socrates Babacus
224 Birchland Avenue
Springfield, MA 01119

SunTrust Bank
P.O. Box 4418
Atlanta, GA 30302

Hon. John C. Flanagan
45 Brookhaven Road
Hamden, CT 06517

Thompson and Peck, Inc. Employees
401(k) Plan
321 Whitney Avenue
New Haven, CT 06511

Thompson and Peck, Inc.
321 Whitney Avenue
New Haven, CT 06511

Yale-New Haven Ambulatory Services
Temple Radiology Group
60 Temple Street
New Haven, CT 06510

Zeldes, Needles & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06601-1740

Alaska Seaboard Partners
c/o William J. Egan, Esq.
Levin, Ford & Paulekas
One State Street
Hartford, CT 06103

Angela Burr
c/o Dean W. Baker
205 Church Street, Suite 506
New Haven, CT 06510

Anthony Piazza, Esq.
P.O. Box 15390
Stamford, CT 06901-1207

Edward J. Carroll, III
1500 Main Street, Suite 1600
P.O. Box 15609
Springfield, MA 01115

Hong Kong Shanghai Banking Corp.
251 Main Street, 4th Floor
Buffalo, NY 14203

Hudson United Bank
c/o Laura Gold Becker, Esq.
Becker Law Offices, LLC
968 Farmington Ave., Suite 206
West Hartford, CT 06107

Michael S. Schenker
c/o Francis O'Neil & Del Piano LLC
255 Main Street
Hartford, CT 06106

MJCC Realty L.P.
c/o Dean W. Baker, Esq.
205 Church Street, Suite 506
New Haven, CT 06510

MJCC Realty L.P.
c/o James C. Graham, Esq.
Pepe & Hazard, LLP
Goodwin Square
Hartford, CT 06103

New Century Mortgage
c/o Randall S. McHugh, Esq.
160 Farmington Avenue
Farmington, CT 06032

Robert W. Lynch, Esq.
Lynch Traub Keefe & Errante
P.O. Box 1612
New Haven, CT 06506

State of CT, Dept. Revenue Services
C&E Division, Bankruptcy Section
25 Sigourney Street
Hartford, CT 06106

Stephan Hilcoff, Esq.
Hilcoff & Pellegrino
209 Orange Street, P.O. Box 2073
New Haven, CT 06521

William G. Reveley, Esq.
McCoy, Reveley & McCoy, LLC
117 Hartford Turnpike
Tolland, CT 06084

William Gallagher, Esq.
The Gallagher Law Firm
1377 Boulevard, P.O. Box 1925
New Haven, CT 06509-1925

Beasley Co. Realtors
27 Webster Square Road
Berlin, CT 06037

Milford Bank
c/o Brian A. Lema
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

Bonnie C. Mangan, Esq.
Chapter 7 Trustee
Law Office of Bonnie C. Mangan
1050 Sullivan Ave., #A3
South Windsor, CT 06074-2000

F. Dean Armstrong
1324 Dartmouth Road
Flossmoor, IL 60422

David G. Hill
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Peter C. Schwartz, Mary Anne Charron
R. Bradley Wolfe, Gerald R. Swirsky
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Bradley K. Cooney
69 Island Ave.
Madison, CT 06443