<u>1UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | Case No. 3:01-CV 531 |
|     Plaintiff | : |   (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | APRIL 18, 2005 |
|     Defendants | | |

**<u>DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF MARCH 28, 2005 ORDER</u>**

Defendants Stanley F. Prymas and Thompson & Peck, Inc. ("T&P") hereby object to the plaintiffs' motion for reconsideration of the court's assessment of costs against the plaintiffs by its order dated March 28, 2005, for the following reasons:

1.	Plaintiffs' motion is not timely, having been filed more than ten days beyond the date of the order for which it seeks reconsideration. D. Conn. Loc. R. Civ. P. 7(c)(1) ("Motions for reconsideration *shall* be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought.") Plaintiffs' motion should be denied as untimely.

2.	This Court has inherent authority to order sanctions, even in the absence of a specific objection to plaintiffs' insufficient memorandum of law in opposition to the motions for summary judgement. It is well established that the court has inherent authority to order sanctions on its own. <u>E.g.</u>, <u>United States v. Seltzer</u>, 227 F. 3d 36, (2d Cir. 2000). The Court is not dependent upon the request of an opposing party for sanctions, but may award sanctions of its on initiative.

3.	The Court's sanction is also permitted by Local Rule 16(g)(1) which allows the court to impose sanctions directly against counsel who disobey an order of

the Court or intentionally obstruct the effective and efficient administration of justice. D. Conn. R. Civ. P. 16 (g)(1). The Court's sanction is appropriate in light of the plaintiffs' repeated refusal to file papers conforming to Local Rules 7 and 56.

Plaintiffs' most recent memorandum of law, utterly fails in its essential mission: to demonstrate how the applicable law applies to the facts of this case. Instead, the memorandum, as did its predecessors, simply recites legal doctrine, in boilerplate fashion, without tying it into the facts of the case or the supporting evidence. Plaintiffs' memorandum is "little more than a 'doctrinal recapitulation masquerading as a legal argument,' 'tantamount to an invitation [for the court] to scour the record, research any legal theory that comes to mind and serve generally as an advocate for [plaintiffs]." Amnesty America v. Town of West Hartford, 361 F.3d 113, 132 (2d Cir. 2004) quoting Sioson v. Knights of Columbus, 303 F. 3d 458, 460 (2d Cir. 2002). Although Amnesty America principally addressed the deficiencies of plaintiffs' appellate brief, it also criticized plaintiffs' summary judgments submissions to the district court as "consist[ing] of an 11-page primer on municipal liability doctrine with almost no application of the law to the facts of th[e] case." Id.

Plaintiffs' counsel, like the attorney in Amnesty America, have repeatedly disregarded the rules of this Court. Id. 133. (listing instances and threatening discipline against counsel for continued disregard of court rules). Just as the plaintiffs in Amnesty America, plaintiffs at bar have continually failed to present their "claims and evidence in a manner that is conducive to adjudication; Id., 133; by filing prolix pleadings and refusing to clarify their claims as required by this Court's rules. Instead, they ask the Court and defendants to "divine . . . how the record supports one or more of the alleged crimes or the material elements of each offense." Ruling on Prymas and Thompson & Peck's Motion for Summary Judgment, March 28, 2005 (Docket Item 219).

Plaintiffs' failure to abide by this Court's rules has created additional expense for the defendants. Plaintiffs have not once articulated how any of Prymas's or Thompson & Peck's acts, as reflected by the evidence, constitutes an indictable crime. Because plaintiffs have refused to clarify their claims, instead preferring to lump all defendants together, Prymas and Thompson & Peck were needlessly forced to brief bankruptcy fraud issues, where plaintiffs later conceded they were not pursuing any claim of bankruptcy fraud or other substantive RICO violations against those defendants. Indeed, plaintiffs have now admitted that they claim only participation in a civil RICO conspiracy. These defendants have been prejudiced by plaintiffs' repeated disregard of the rules of practice. The court's award of sanctions was entirely appropriate.

4. Plaintiffs have been given at least four opportunities to cure the deficiencies in their opposition papers. Their persistent refusal to follow this Court's procedural rules have required defendants to expend resources to require plaintiffs' compliance. The Court was well within its discretion to award Prymas and Thompson & Peck their costs incurred in responding to opposing papers that did not adhere to the rules of practice.

Plaintiffs' Motion for Partial Reconsideration should be denied.

*Respectfully Submitted,*

THE DEFENDANTS,
Stanley F. Prymas
and Thompson & Peck, Inc.

BY: _____
BARBARA L. COX,
Federal Bar #ct08523
The Gallagher Law Firm
1377 Boulevard – P.O. Box 1925
New Haven, CT 06509
Tel: (203) 624-4165
Fax: (203) 865-5598

### *CERTIFICATION OF SERVICE*

This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422 2146

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
12 Green Hill Road
North Haven, CT 06473-

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center - P.O. Box 747
Cheshire, CT 06410

.

_____
BARBARA L. COX