UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY, et al.,** § | | No. 3:01CV531(AVC) |
| Plaintiffs, § | | |
| vs. § | | |
| **CHARLES A. FLANAGAN, et al.,** § | | April 26, 2005 |
| Defendants. § | | |

**PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM
IN OPPOSITION OF PLAINTIFFS' MOTION FOR PARTIAL
<u>RECONSIDERATION OF MARCH 28, 2005 ORDER</u>**

1.  Plaintiffs' Motion for Reconsideration was timely filed.  Pursuant to Fed.R.Civ.P. 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  The order for which reconsideration is sought was entered on March 28, 2004, with the motion for reconsideration filed on April 8, 2005.  Excluding the intermediate Saturday and Sunday, the motion for reconsideration was timely filed.

2.  Defendants Prymas and T&P have not disputed the fact that their reply brief relied primarily on legal arguments that were <u>not</u> dependant on any factual assertions by Plaintiffs, and that they did not complain about any objectionable string citations in Plaintiffs' summary judgment response.  Indeed, in their March 18, 2005 Motion for Permission to File Reply in

Support of Summary Judgment Motion Out of Time, Defendants Prymas and T&P argued that "Defendants believe that a reply memorandum will be of assistance to the Court, especially in light of new case law and cases that have come to the undersigned counsel's attention since filing the original memorandum of law approximately 10 months ago."  (Prymas/T&P March 18, 2005 Motion for Permission to File Reply in Support of Summary Judgment Motion Out of Time pp. 1-2 ¶3)

3.   The Defendants represent that it was only recently that Plaintiffs limited their claims against Prymas and T&P to that of co-conspirators.   (Mem. p. 3 ¶3) Not correct.   On September 9, 2004 -- long before Prymas and T&P filed the summary judgment reply brief at issue -- Plaintiffs submitted Plaintiffs' Amended Consolidated Response to Defendants' Motions for Summary Judgment where they stated on pp. 61-62 that:

> Defendants . . . Prymas and T&P claim that bankruptcy fraud cannot serve as a predicate act under RICO because it was Flanagan who committed the bankruptcy fraud, and not the Defendants.
>
> * * *
>
> While it is correct that each Defendant did not commit each of the elements of bankruptcy fraud, it is alleged that the bankruptcy fraud by Flanagan was part of the overall fraudulent transfer scheme. Accordingly, any of the Defendants that joined the conspiracy and helped Flanagan accomplish the goals of the conspiracy would

>     be liable for the harm caused by the
>     predicate acts committed by the other
>     conspirators.

See Cadle Co. v. Schultz, 779 F.Supp. 392, 400 (N.D.Tex. 1991).

    4.   Finally, the Defendants have continued to ignore the law of conspiracy which provides that if a defendant enters into a RICO conspiracy, the defendant becomes liable for all prior and subsequent conduct of the other co-conspirators. See Cadle Co., 779 F.Supp. at 400. Like Prymas and T&P herein, the RICO defendant in Baisch v. Gallina, 346 F.3d 366 (2d Cir. 2003) argued that "he [was] not a proper defendant for [plaintiff's] RICO claims because . . . he committed no predicate criminal acts . . .." 346 F.3d at 376. In reversing the district court's summary judgment dismissing the civil RICO charges against the alleged co-conspirator, the Second Circuit in Baisch ruled that "Baisch [the RICO plaintiff] has presented a genuine question as to Gallina's [the RICO co-conspirator's] committing mail fraud" (id.) because

>     [e]ven if Gallina [the alleged RICO co-
>     conspirator] never mailed a fraudulent
>     letter himself, Baisch [the RICO plaintiff]
>     has sufficiently alleged that Gallina
>     committed mail fraud by "act[ing] with
>     knowledge that the use of the mails will
>     follow in the ordinary course of business,"
>     and that the use of mail could have been
>     "reasonably foreseen."

346 F.3d at 374. Accordingly, because it is alleged that Prymas and T&P conspired with Flanagan in carrying out Flanagan's admitted fraudulent scheme to hide, transfer and otherwise shield his assets from the judgment claims of Plaintiffs, Plaintiffs need not show that Prymas or T&P, in and of themselves, used the mail or interstate wires. Rather, the indictable crimes of mail fraud and wire fraud were committed by Flanagan, with Prymas and T&P providing knowing and active assistance for Flanagan's implementation and execution of his fraudulent conspiracy, and thus Prymas and T&P can be held liable as co-conspirators under §1962(d) of RICO. See Baisch, 346 F.3d at 374-76.

**PRAYER**

Plaintiffs respectfully request that the Court grant partial reconsideration of its March 28, 2005 Order as far as the assessment of costs against Plaintiffs for the costs of Defendants Prymas and T&P in preparing and filing their summary judgment reply brief.

```
                              Respectfully submitted,
                              ARMSTRONG LAW FIRM


DATED: April 26, 2005.        By_____/s/_____
                                F. Dean Armstrong
                                Ct. Fed. Bar #CT22417
                                1324 Dartmouth Road
                                Flossmoor, IL 60422
                                (708) 798-1599
                                Fax (708) 798-1597


                                Edward C. Taiman, Esq.
                                SABIA & HARTLEY, LLC
                                190 Trumbull Street
                                Suite 202
                                Hartford, CT 06103-2205
                                (860) 541-2077
                                Fax (860) 713-8944

                                Attorneys for Plaintiffs
                                The Cadle Company and
                                D.A.N. Joint Venture,
                                A Limited Partnership
```

## Certificate of Service

I certify that a correct copy of the foregoing instrument was mailed on April 26, 2005 to all defense counsel as shown on the attached Service List.

```
                              _____/s/_____
                              F. Dean Armstrong
```