UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, ET AL<br>　　　Plaintiffs | :   CIVIL ACTION NO.<br>:   3:01CV531(AVC)<br>: |
| VS. | :<br>: |
| CHARLES A. FLANAGAN, ET AL<br>　　　Defendants | :   APRIL 29, 2005<br>: |

### DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC'S REPLY TO PLAINTIFFS' SECOND AMENDED RESPONSE TO DEFENDANT BAINER'S MOTION FOR SUMMARY JUDGMENT

I.   PLAINTIFFS' APRIL 18, 2005 SECOND AMENDED RESPONSE FAILS TO COMPLY WITH THIS COURT'S ORDER OF MARCH 28, 2005

By Order dated March 28, 2005, this Court granted defendants Todd R. Bainer and Todd R. Bainer, LLC's (herein "Bainer") Motion for Summary judgment "without prejudice pending resubmission of an opposing memorandum [by plaintiffs] in a form that complies with this order." Specifically, the Court's Order stated that:

> The court will not divine from the second amended [sic] complaint how the record supports one or more of the alleged crimes or the material elements of each offense. The plaintiffs must make their argument with specificity in connection with each crime alleged and must demonstrate how that evidence supports a finding of a pattern of racketeering activity. Because the plaintiffs' brief is insufficient in this regard, and fails to comply with Local Rule 7(a) requiring specific references to the record, defendants' Motion is granted.

Plaintiffs' resubmission, their Second Amended Response to Bainer's Motion for Summary Judgment, dated April 18, 2005 (herein "Second Amended Response") is essentially a regurgitation of their three prior responses (Consolidated Response dated September 3, 2004, Amended Consolidated Response dated September 9, 2004 and Amended Response dated February 16, 2005) in which plaintiffs merely repeat their story and make legal conclusions with little relevant applicable caselaw and without applying the facts of this case to the law. Notwithstanding plaintiffs' four opportunities to meet its burden of proof, plaintiffs continue to fail to set forth with the necessary specificity how the record supports one or more of the alleged crimes or material elements of each offense, indictable under 18 U.S.C. §1961(1). Central Distrib. of Beer, Inc. v. Conn., 5 F.3d 181, 183-84 (6th Cir. 1993). They do attach a "Chronology of Predicate Acts" to the Second Amended Response (it was also attached to the Amended Response) which identifies various offenses: bankruptcy fraud, wire fraud and mail fraud and identifies exhibits. However, the several letters, fax communications between various parties and prior pleadings identified as exhibits do not describe how such communications constitute any of the RICO predicate acts, who the actor is alleged to be in each case, how such acts constitute a "pattern of racketeering", who was the recipient of said communication/act, and how the recipient relied on said communication or act. It is not up to opposing counsel and certainly it is not up to the court to be plaintiffs' advocate and make plaintiffs' case for them. Sioson v.

2

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361              FACSIMILE (860) 525-4849              JURIS No. 24029

Knights of Columbus, 303 F.3d 458, 460 (2d Cir. 2002); <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 132 (2d Cir. 2004). Local Rule 56(a)(3) requires and this Court's March 28, 2005 Order clearly stated that the "plaintiffs must demonstrate that the defendant committed one or more of the crimes enumerated in 18 § U.S.C. 1961(1) and prove each prong of the predicate criminal offenses". Plaintiffs' resubmission clearly fails to do so.

II. <u>PLAINTIFFS' ACKNOWLEDGE THAT THEY ARE NOT SUING BAINER UNDER §1962(b) and (c)</u>

Plaintiffs, in their Second Amended Response, state: "what Bainer has overlooked, however, is that plaintiffs have sued Bainer under the RICO conspiracy statute. 18 U.S.C. §1962(d) …." (at pp. 47-48). This admission is important as it has previously been unclear from plaintiffs' pleadings whether plaintiffs asserted a substantive §1962(b) and/or §1962(c) claim against Bainer. Plaintiffs' allegations and evidence do not support such claims, but plaintiffs in their Prayer for Relief did assert the §1962(b) and (c) violations.

III. <u>LIKEWISE, PLAINTIFFS APPEAR TO RELINQUISH ANY CLAIM OF A PREDICATE ACT OF BANKRUPTCY FRAUD BY BAINER</u>

Although plaintiffs' continue to allege a §1962(d) RICO conspiracy claim against Bainer, plaintiffs now acknowledge that Bainer did not commit the offense of bankruptcy fraud. On page 51 of plaintiffs' Second Amended Response, plaintiffs' state: "it is correct that Bainer did not, himself commit each of the elements of bankruptcy fraud…."

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

IV. **PLAINTIFF CONTINUES TO MISSTATE THE ELEMENTS OF MAIL FRAUD AND WIRE FRAUD**

Plaintiffs' argue that Bainer committed the predicate acts of mail and/or wire fraud. However, plaintiffs have failed to provide this Court with specific evidence supporting this allegation and plaintiffs continue to misconstrue the applicable law regarding proof necessary to establish each prong of the predicate act of mail and wire fraud. Bainer's Memorandum in Support of his Motion for Summary Judgment fully addresses the elements of mail and wire fraud (pp. 15-25) which discussion will not be fully repeated here. However, it is necessary to address the element of reliance, as plaintiffs' statement of the law in their Second Amended Reply is not correct.

A. <u>Mail Fraud</u>

The Second Circuit law is clear that RICO liability based on mail fraud as a predicate act requires plaintiff to adequately demonstrate reliance on the defendant's misrepresentation in order to establish proximate cause. <u>Metromedia Co. v. Fugazy</u>, 983 F.2d 350 (2d Cir. 1992), cert. denied, 508 U.S. 952 (1993). Moreover, plaintiffs must prove that plaintiffs' injuries are the result of reliance on a fraud. <u>Falise v. American Tobacco Co.</u>, 94 F. Supp. 2d 306, 334 (E.D.N.Y. 2000). However, the plaintiffs rely heavily on the case of <u>Ideal Steel Supply Corp. v. Anza</u>, 373 F.3d 251 (2004), for the proposition that a "RICO plaintiff need not show that it detrimentally relied on any misleading mailings or interstate wire communications by the

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS No. 24029

defendants" (p. 55 of plaintiffs' Second Amended Reply).  The plaintiffs misconstrue and misapply Ideal Steel.

In Ideal Steel, the Second Circuit Court did not say that reliance was not required, the court held that the reliance requirement, given the facts of its case, could be fulfilled by the reliance of a third party rather than the plaintiff.  Id. at pp. 262, 263.  (Emphasis added)  Specifically, the Court, dealing only with a Motion to Dismiss, stated that "the principle governing the present case is that where a complaint contains allegations of facts to show that the defendant engaged in a pattern of fraudulent conduct that is within the RICO definition of racketeering activity and that was intended to and did give the defendant a competitive advantage over the plaintiff, the complaint adequately pleads proximate cause.... That is so even where the scheme depended on fraudulent communications directed to and relied on by a third party rather than the plaintiff".  Id. at p. 263.  (Emphasis added)

Here plaintiffs have not shown reliance by any party on Bainer's alleged mailings, nor is there any evidence that such mailings included any fraudulent communications.  The case at hand is not a case that involves competitors as in Ideal Steel and has little if any direct applicability here.  Mail fraud requires the commission of a fraud not merely a bare allegation of a party's participation in a fraudulent scheme and a listing of random mailings by that party.  As the Court stated in its March 28, 2005 Order, the "plaintiff must demonstrate that the defendant

5

committed one or more of the crimes enumerated in 18 §U.S.C. 1961(1)". The plaintiffs have failed to so demonstrate.

    B.    <u>Plaintiffs Again Misrepresent the Law in its Discussion Regarding Wire Fraud</u>

Plaintiffs inappropriately cite <u>Ideal Steel</u> to support a position that Bainer somehow has the burden at the summary judgment stage to provide evidence that the communications cited by plaintiffs "did not cross state lines". (Plaintiffs' Second Amended Response at p. 58) The courts of the Second Circuit have confirmed that "[w]ire fraud requires the additional element of a communication crossing state lines", <u>Center Cadillac, Inc. v. Bank Leumi Trust Company of New York</u>, 808 F. Supp. 213, 227 (S.D.N.Y. 1992). <u>Ideal Steel</u> does not alter that law. It stands only for the proposition that in order to prevail on a motion to dismiss a RICO case based on wire fraud on the basis that the wire communications did not cross state lines, the moving party must do more than state that the delivering and receiving parties of those communications were located in the same state.

As the nonmoving party in a summary judgment proceeding, the burden is on plaintiffs to provide evidence that the alleged wire communications crossed state lines. Plaintiffs simply never did not meet this burden. Plaintiffs do boldly claim that defendant Bainer never challenged ¶80.3 of their Second Amended Complaint, dated August 30, 2002, which paragraph alleges interstate wire communication. However, that claim is untrue. Bainer did, as a matter of

6

record, deny that allegation of the complaint in his Answer to Second Amended Complaint dated September 30, 2002.

Further, as with mail fraud, plaintiffs fail to provide evidence of reliance on any fraudulent representations made by Bainer in any alleged wire communications (as previously discussed in Bainer's Memorandum in support of his Motion for Summary Judgment).

V. PLAINTIFFS' ARGUMENT THAT SUBSTANTIVE VIOLATIONS OF §1962(B) AND (C) COMMITTED BY FLANAGAN ARE UNCHALLENGED IS DEFECTIVE

Plaintiffs argue that:

> A plaintiff need not prove what the defendant has not properly challenged in the defendant's summary judgment motion. Rather, at the summary judgment stage, a plaintiff need only prove the elements of its claims that were specifically and properly challenged by the defendant (Second Amended Reply at p. 1).

Plaintiffs further argue that because this court denied Flanagan's earlier Motion to Dismiss and because Bainer has not contested plaintiffs allegation that Flanagan engaged in substantive violations of §1962(b) and §1962(c) of RICO, then plaintiffs claim that Flanagan engaged in substantive violations of §1962(b) and §1962(c) of RICO remain unresolved questions for fact to be resolved only at trial (Second Amended Reply at p. 1).

This argument is seriously defective for four reasons: plaintiffs misconstrue summary judgment standards and law; plaintiffs ignore defendants' Answer dated September 30, 2002; plaintiffs ignore this Court's Order granting summary judgment in favor of Flanagan dated

7

February 11, 2005 and plaintiffs ignore the applicable RICO law regarding what is/is not threshold legal questions as to substantive RICO violations.

A.  Plaintiffs' Misconstrue Summary Judgment Standard

Plaintiffs miscite Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Celotex does not stand for the proposition that at the summary judgment stage, a plaintiff is only required to come forward controverting summary judgment evidence as to facts (1) specifically challenged by the defendant which are (2) appropriately supported by the defendant's specific reference to pleadings, depositions, answers to interrogatories, admissions or affidavits which prove the absence of a genuine issue of material fact as to each challenged fact" (Second Amended Reply at p. 2). (Emphasis in original) Rather Celotex states that: "[t]he movant is not required to make an affirmative showing that there are no material facts in issue." Id. at p. 325. (Emphasis added) Additionally, the movant only has to show an 'absence of evidence to support the non-moving party's case.' Id. Once the movant has met its burden, the non-moving party must 'go beyond the pleadings, and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a material issue for trial. Id. at 323-324 (quoting Fed.R.Civ.P. 56(e). This is precisely what this court asked for in its March 28, 2005 Order and despite having now four attempts at responding to defendants' Motion for Summary Judgment, this is precisely what plaintiffs have failed to do.

B.  Plaintiffs' Ignore Bainer's Answer

It is plaintiffs' proposition that they have standing to bring a RICO conspiracy action against Bainer since Bainer has not "challenged" plaintiffs' allegations that Flanagan committed substantive RICO violations. This proposition is unsupported by any reference to law and is yet another example of plaintiffs' counsel's irresponsible pleading practices. In his Answer, Bainer has either directly denied or stated that he has no knowledge of the truth of said allegations. As Rule 8(b) of the Federal Rules of Civil PRocedures states: "If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." Plaintiffs are therefore left to their proof, and as we know, at the summary judgment stage, plaintiffs must come forward with evidence to support their allegations. Celotex, 477 U.S. at 323-325.

C.  Plaintiffs' Ignore This Court's Prior Ruling Granting Summary Judgment in Favor of Flanagan

By Ruling, dated February 11, 2005, this Court granted defendant Flanagan's Motion for Summary Judgment finding that "no RICO injury is stated as a matter of law." Plaintiffs' ignore this ruling in its Second Amended Response, claiming that "this Court has previously ruled that plaintiffs have stated viable claims against Flanagan for substantive violations of §1962(b) and §1962(c) of RICO (July 3, 2003 Ruling on Flanagan's Motion to Dismiss)" (Second Amended Response at p. 6). What was alleged in plaintiffs' Complaint was sufficient to overcome a

9

Motion to Strike. But at the summary judgment stage, where the burden now rests on plaintiffs to put forth evidence in support of their allegations, the plaintiffs failed as a matter of fact and law to sustain their burden. Plaintiffs cannot ignore the fact that, as a matter of law, they could not sustain their RICO action against Flanagan.

D. <u>Plaintiffs Ignore Applicable RICO Law</u>

Civil RICO liability requires very specific compliance with the U.S. Code. The Code requires, as a matter of law, that in order to have standing, meaning before plaintiffs even get to a trial by a fact-finder, a plaintiff must have suffered an injury both factually and proximately caused by two or more predicate acts as defined by §1961(1). <u>Baisch v. Gallina</u>, 346 F.3d 366, 373 (2d Cir. 2003). When RICO liability is based on a fraud, plaintiff must also adequately demonstrate reliance on the defendants' misrepresentation in order to establish proximate cause. <u>Metromedia v. Fugazy</u>, 983 F.2d 350, 368 (2d Cir. 1992). Plaintiffs simply ignore that the establishment of <u>all</u> these elements by specific reference to the record is their burden, at this summary judgment stage. While it is convenient to state in a brief that a non-party committed the substantive violations necessary so as to bootstrap Bainer into conspiracy liability, Rule 56(3) and this Court's March 28, 2005 Order specifically require plaintiffs to "prove each prong of the predicate criminal offenses" by "demonstrating with specificity how the evidence supports a finding of a pattern of racketeering." As stated previously, plaintiffs April 18, 2005 Second

10

Amended Response does not do this. If plaintiff can't prove standing to bring the case at the summary judgment stage, then the opportunity to present questions of fact to the jury never ripens.

As discussed in detail in Bainer's Reply to plaintiffs' Amended Consolidated Response to his Motion for Summary Judgment, dated October 14, 2004, the district courts of the Second Circuit have clearly confirmed that "a claim under §1962(d) fails as a matter of law if the substantive claims based on the other subsections are defective." First Capital Asset Management, Inc. v. Brickellbush, 219 F. Supp. 2d 576, 588 (S.D.N.Y. 2002). ("In the absence of contrary direction from the Supreme Court, the law of this circuit requiring actionable violations of §1962(a)-(c) in order to establish a conspiracy claim under §1962(d) controls.") Thus, if "the prior claims do not state a cause of action for substantive violations of RICO, then a RICO conspiracy claim necessarily does not set forth a conspiracy to commit such violations." Wood v. Incorporated Village of Patchague of N.Y., 311 F. Supp. 2d 344, 360 (E.D.N.Y. 2004); Kades v. Organic, Inc., 2003 WL 470331 at 14 (S.D.N.Y. 2/24/03) (citations omitted).

Moreover, a valid substantive claim under §1962(a)-(c) must be established as to each defendant alleged to be a co-conspirator under §1962(d). Wood, 311 F. Supp. 2d at 359-60. ("As set forth above, the only remaining claims under the civil RICO statute are the §1962(c) causes of action against [defendants] Keegan, Ihne, Kracht & Tomeo. Therefore, only the

§1962(d) causes of action relating to the §1962(c) [claims] against Keegan, Ihne, Kracht & Tomeo remains.")

Further, these district courts have held that "to state a claim under 1962(d), a plaintiff must allege that each defendant, by word or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." Kades, 2003 WL 470331 at 13. Mere allegations of some agreement are insufficient, specific facts supporting the conclusion that conspirators consciously agreed to commit predicate acts is required. Sony Music Entertainment, Inc. v. Robison, 2002 WL 272406 at p. 6 (S.D.N.Y. 2/25/02); Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 2002 WL 719471 at p. 8 (E.D.N.Y. 3/1/02); United States Fire Ins. Co. v. United Limousine, 303 F. Supp. 2d 432, 453-54 (S.D.N.Y. 2004). The requirement of specificity is elevated when the predicate acts alleged are fraud. Com-Tech Assocs. v. Computer Assocs. Intern, Inc., 753 F. Supp. 1078, 1092 (E.D.N.Y. 1990).

In Second Circuit held recently in the case of 236 Cannon Realty, LLC v. Ziss, 2005 WL 289752 (S.D.N.Y.), that "[w]here more than one defendant is charged with fraud, it is necessary for a plaintiff to particularize and prove each defendant's participation in the fraud and each defendants enactment of the two necessary acts". Id. at p. 5. Here, plaintiffs have failed to provide evidence to support the conclusion that Bainer either consciously agreed to or actually committed predicate acts.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

VII.  CONCLUSION

Based on the foregoing, it is respectfully submitted that plaintiffs, in their Second Amended Response, dated April 18, 2005, failed to comply with this Court's Order requiring plaintiffs to make their arguments with specificity in connection with each crime alleged and to demonstrate how the evidence in the record supports a finding of a pattern of racketeering activity. Consequently, Bainer respectfully requests that this Court grant summary judgment with prejudice in favor of Bainer.

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By _____
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS NO. 24029

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on April 29, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

_____
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\391235\1