UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL | : | CIVIL ACTION NO: 3:01CV531 (AVC) |
| Plaintiffs | : | |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
| Defendants | : | APRIL 29, 2005 |

**DEFENDANT FASANO'S REPLY BRIEF
TO PLAINTIFFS' SECOND AMENDED RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

The defendants Leonard A. Fasano and Fasano & Ippolito (hereinafter "Fasano" or "the Fasano defendants"), hereby reply to plaintiffs' Second Amended Response to Fasano's Motion for Summary Judgment.

I. **Summary Judgment Should Enter Since Plaintiffs Have Not Complied With the Court's Order**

First and foremost, the court's order of March 28, 2005 should be reinstated *with prejudice* since plaintiffs have not complied with the requirements of that order. In fact, plaintiffs have not even attempted to comply with those requirements ! The court was very specific that it will not "divine [evidence] from a string citation", nor will it "marshal evidence to fit arguments that . . . must be made [but are] nowhere to be found", thus, compliance with Local Rule 7 (a) is mandatory. However, instead of specific references to the record, instead of references to specific racketeering activity, and instead of references to specific predicate acts, plaintiffs have resorted to their usual practice of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

bald assertions and conclusory statements.  This practice cannot continue.  In fact, it's apparently getting worse if we consider that plaintiffs' Amended Response was a mere 15 pages, but the Second Amended Response is 69 pages.  Length, however, does not equal substance, nor does it satisfy the requirements that the court articulated in its March 28, 2005 ruling.  As a result, summary judgment should enter for that reason alone.  Plaintiffs have had ample opportunity to establish a cause of action, but have failed to do so on ***every occasion***.  Indeed, their recent filing is the latest in a series of acts or omissions that have violated court orders or local rules; to wit:

- <u>see</u> plaintiffs' RICO Case Statement, attached as Exhibit A;

- <u>see</u> plaintiffs' discovery responses, attached as Exhibit B;

- <u>see</u> plaintiffs' Rule 56 (a)(2) Statement, attached as Exhibit C;

- <u>see</u> plaintiffs' Amended 56 (a)(2) Statement, attached as Exhibit D;

- <u>see</u> plaintiffs' Second Amended 56 (a)(2) Statement, attached as Exhibit E;

- <u>see</u> plaintiffs' Response to Defendant Fasano's Motion for Summary Judgment, which is part of the court's file;

- <u>see</u> plaintiffs' Amended Response to Defendant Fasano's Motion for Summary Judgment, which is part of the Court's file; and

- <u>see</u> plaintiffs' Second Amended Response to defendant Fasano's Motion for Summary Judgment, which is also part of the Court's file.

The bottom line is that we are now three weeks from trial and the Fasano defendants still don't know the basis of the claims against them.  Clearly, the time for establishing

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the plaintiffs' claim has long since passed. As a result, summary judgment should enter as a matter of law.

II. **Summary Judgment Should Enter Because Plaintiffs Have Admitted That Fasano Did Not Violate §§1962(b) or (c)**

Plaintiffs' Second Amended Response makes several admissions which, by definition, negate any chance of establishing a violation §1962(d). The law regarding RICO conspiracies is clear; "any claim under section 1962(d) based on conspiracy to violate other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." Thus, if plaintiffs cannot establish a viable claim under §§1962 (b) or (c), their 1962(d) claim must fail. <u>Daddona v. Gaudio</u>, 156 F.Supp.2d 153, 165 (D.Ct. 2000); <u>Lightning Lube, Inc. v. Witco</u>, 4 F.3d 1153, 1191 (3d Cir. 1993);

Despite this requirement, plaintiffs admit that they have **no evidence** that Fasano violated either §§1962(b) or (c). Specifically, on pages 7-8, plaintiffs state:

> Plaintiffs do not contend that Fasano personally committed each act necessary to constitute a substantive violation of §§1962(b) or (c) of RICO. Rather, Plaintiffs contend – <u>and</u> <u>the</u> <u>defendants</u> <u>do</u> <u>not</u> <u>contest</u> – that it was Flanagan who personally committed the acts necessary to constitute substantive violations of §1962(b) and §1962(c). [1]

---

[1] Though plaintiffs only admit that Fasano did not commit "each" act, thus leaving open the possibility that he committed "some" of the acts, the court should note that plaintiffs have not made any such argument, nor have they presented any such evidence. In fact, the only person they allege who violated 1962(b) or 1962(c) is Flanagan, thus the second sentence of this quote reads: "it was Flanagan who personally committed the acts necessary to constitute substantive violations of §1962(b) and §1962(c)."

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs' Second Amended Response, dated April 18, 2005, pp. 7-8.  Frankly, the significance of this admission cannot be overstated.  "Because a conspiracy — an agreement to commit predicate acts — cannot by itself cause an injury, we think that Congress presupposed injury-causing overt acts as the basis of civil standing to recover for RICO conspiracy violations."  Hecht v. Commerce Clearing, Inc., 897 F.2d 21, 25 (2d Cir. 1990).  However, plaintiffs have just admitted that Fasano did not violate §1962(b) or §1962(c), an admission that should be fatal in and of itself.  How then can they establish a claim against Fasano under §1962(d) ?  The answer should be clear.

The answer is even more clear when we consider that this court has already ruled, as a matter of law, that Flanagan is not liable under RICO.  See court order of February 11, 2005 granting summary judgment for defendant Flanagan.  Thus, the admissibility of his alleged RICO violations is in doubt.  More importantly, for purposes of summary judgment, Fasano does not acquire the burden of disproving Flanagan's RICO violations, plaintiffs maintain the burden of proving them, or at least, of establishing an issue of fact as to whether they exist.  Once again, however, plaintiffs have not even attempted to satisfy their burden.

In short, plaintiffs argument is that Fasano is somehow liable under §1962(d) because Flanagan violated §§1962(b) or (c).  Though the logic is difficult to follow, the court should note that plaintiffs have not cited any law to support their position.  The reason, quite simply, is that no such law exists.  In addition, plaintiffs have not offered

- 4 -

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

any evidence that Fasano "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense [or that] he adopt[ed] the goal of furthering or facilitating the criminal endeavor." Baisch v. Gallina, 346 F. 3d 366, 376-77 (2d Cir. 2003), citing Salinas v. United States, 522 U.S. 52, 65 (1997). The reason, quite simply, is that no such evidence exists. As a result, judgment should enter as a matter of law.

### III. Summary Judgment Should Enter Because There is No Factual Basis for the Claims Against the Fasano Defendants

Notwithstanding plaintiffs' failure to comply with Local Rule 7(a), if the court wishes to review the 69-page Second Amended Response, and its 100+ exhibits, the court will see that there is no factual basis to this claim. Specifically, there is no proof of ANY wrongdoing by Fasano, let alone proof of a pattern of racketeering activity, proof of control over an enterprise, or proof of unlawful predicate acts. See 18 U.S.C. §§ 1962 (b), (c) and (d). See also, Hecht, 897 F. 2d at 23.

"Congress enacted RICO as Title 9 of the Organized Crime Control Act of 1970 (Pub. L. 91-452, 84 Stat. 922) for the purpose of seeking the eradication of organized crime in the United States." Beck v. Prupis, 529 U.S. 494, 496, 120 S.Ct. 1608 (2000). Thus, there is no liability under RICO without proof of racketeering activity or some wrongful RICO act. Beck, 529 U.S. at 505. This is true **even if** the defendant has caused an injury by some overt act that is not an act of racketeering or otherwise wrongful under RICO. Id.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> At common law, a civil conspiracy plaintiff cannot bring suit under RICO based on injury caused by *any* act in furtherance of a conspiracy that might have caused the plaintiff injury. Rather, consistency with the common law requires that a RICO conspiracy plaintiff allege injury from an act that is analogous to an "act of tortious character." See 4 Restatement (Second) of Torts, § 876, comment b meaning an act that is independently wrongful under RICO.

Beck, 529 U.S. at 505. Thus, civil RICO "does not extend to any illegal act . . ., only those predicate acts listed by the RICO statute. Hecht 897 F.2d at 24. Plaintiffs, however, have failed to delineate ANY illegal acts, let alone RICO predicate acts. The reason, again, is that no such acts occurred.

In short, despite plaintiffs' lengthy memorandum, and numerous exhibits, there is no proof that Fasano acted in any capacity other than one of an advocate, a role our courts have gone to great lengths to protect. An attorney who provides legal advice and/or legal services to a client **cannot** be held liable under RICO where his advice was limited to minimizing a client's legal risks and performing ministerial legal tasks to that end. See Biofeedtrac, Inc. v. Kolinor Optical Enter. & Consultants, 832 F. Supp. 585, 589-90 (E.D.N.Y. 1993). Again, if the Court reviews the plaintiffs' exhibits, it will see nothing other than mere advocacy. Further, an attorney who provides legal representation, prepares documents, and offers legal advice and legal services does not "conduct" or "direct" a RICO enterprise under §1962(c). See Azrielli v. Cohen Law Offices, 21 F.3d 512 (2d Cir. 1994) and Reves v. Ernst & Young, 507 U.S. 170, 113 S.Ct. 1163 (1993). Once again, if the court reviews the plaintiffs' exhibits, it will not see anything

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

other than legal advice and legal services. As a result, judgment should enter for the Fasano defendants as a matter of law.

## IV.     Plaintiff has No Damages

Lastly, plaintiffs have still not provided any evidence of actual damages. The law is clear that without damages, there is no recovery under RICO. See Commercial Union Assurance Co. v. Milken, 17 F.3d 608 (2d Cir. 1994); Sperber v. Boesky, 849 F.2d 60 (2d Cir. 1988); Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158 (2d Cir. 1993). In Commercial Union Assurance Co., the court found that to the extent the plaintiffs received the return actually bargained for, they suffered no compensable RICO injury. "A plaintiff who claims that a debt is uncollectible because of the defendant's conduct can only pursue the RICO treble damages remedy after his contractual rights to payment have been frustrated." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 768 (2d Cir. 1994).

The plaintiffs admit that "on March 20, 1997, a final judgment was entered by Judge Covello against Flanagan and in favor of TCC (the Cadle Company) in the amount of $93,519.38." (Second Amended Complaint, dated 8/30/02, ¶ 19). The plaintiffs further admit that the final judgment was paid by Flanagan in the amount of $99,542.87. (Id. at ¶ 36)  As a result, the plaintiffs received over and above the amount of the judgment and, therefore, cannot claim damages. The plaintiffs' RICO claims must fail because they lack the most fundamental of legal elements necessary to support a viable cause of action . . . any demonstrable damages. The evidence fails to demonstrate with any specificity that the plaintiffs have any debt claims against

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Flanagan other than the aforementioned judgment. If there are other debts, it is likely that they may have been satisfied by other means, and are not properly the subject of this action.

WHEREFORE, based on the foregoing, the defendants Leonard A. Fasano and Fasano & Ippolito, n/k/a Fasano, Ippolito & Lee, LLC respectfully request that the Court grant their Motion for Summary Judgment.

Respectfully submitted,
DEFENDANTS
LEONARD A. FASANO
FASANO, IPPOLITO & LEE, LLC

By_____
David G. Hill
Fed. Bar No. ct13435
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum street
Hartford, CT 06106
Their Attorneys

- 8 -

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 29th day of April 2005, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT 06103-2205
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT 06509-1925
**For Defendant Stanley Prymas
& Thompson & Peck, Inc.**

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
**For Defendant Thompson & Peck, Inc.**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer, LLC**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026
**For Defendant Charles A. Flanagan**

Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT 06405
**For Defendant Todd R. Bainer**

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon CT 06001
**For Defendant Paul M. Gaide & Gaide &
Associates, LLC**

US Trustee
U.S. Trustee Office
265 Church Street, Suite 1103
New Haven, CT 06510-7016

Amber J. Branciforte, Esq.
Anthony Nuzzo, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
**For Defendants Karen T. Gerber, Esq.
Nuzzo & Roberts, LLC, Movant**

_____
David G. Hill

680089_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105