UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § | No. 3:01CV531(AVC) |
| | § | |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al., | § | May 4, 2005 |
| Defendants. | § | |

**PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS**

Plaintiffs submit the following Proposed Voir Dire Questions, which are submitted on separate pages so the questions can be rearranged in any manner that the Court deems appropriate.

Respectfully submitted,
ARMSTRONG LAW FIRM

DATED: May 4, 2005.          By_____/s/_____
                                                F. Dean Armstrong
                                                Ct. Fed. Bar #CT22417
                                                1324 Dartmouth Road
                                                Flossmoor, IL 60422
                                                (708) 798-1599
                                                Fax (708) 798-1597

                                                Edward C. Taiman, Esq.
                                                SABIA & HARTLEY, LLC
                                                190 Trumbull Street
                                                Suite 202
                                                Hartford, CT 06103-2205
                                                (860) 541-2077
                                                Fax (860) 713-8944
                                                Attorneys for Plaintiffs
                                                The Cadle Company and
                                                D.A.N. Joint Venture,
                                                A Limited Partnership

**<u>Certificate of Service</u>**

I certify that a correct copy of the foregoing instrument was faxed and mailed on May 4, 2005 to all defense counsel as shown on the attached Service List.

_____/s/_____
F. Dean Armstrong

### 1.   <u>Civil Case, Not A Criminal Case</u>

This is a civil case for money damages.  That means that one party is suing another party to recover money damages.

This is not a criminal case; that is, this is not a case in which the government is seeking to put anyone in jail for the commission of a crime.

Under our system of justice, the civil justice system allows parties, such as the Plaintiffs in this suit, to bring lawsuits when they contend that their rights have been violated and they seek to recover monetary damages for the alleged violation of their rights.

It will be your job as jurors to determine whether the party bringing the lawsuit has met the burden of proof, and, as to certain defenses raised by the Defendants, whether the Defendants have met their burden of proof on their affirmative defenses.  And unlike a criminal case, the burden of proof in a civil case for a monetary recovery is by a preponderance of the evidence.

Those of you who have sat on criminal juries before have probably heard the term "proof beyond a reasonable doubt."  That is not the burden of proof that applies in a civil case for monetary damages.  Proof beyond a reasonable doubt is a very high burden of proof when we are considering issues such as the liberty of the person accused.  In a civil case for money damages, such as this case, the burden of proof is the lower standard called a preponderance of the evidence, which generally means that something is more likely so than not so.

(a)  Is there anyone on the panel who does not understand the difference between the burden of proof in a criminal case (which is a very high burden to prove a matter beyond a reasonable doubt) and the burden of proof in a civil case for money damages, which is the lower standard of proof by a preponderance of the evidence?

(b)  Is there anyone on the panel who, for reasons important to you, disagrees with the lower standard of proof in a civil case, and believes that even though this is a civil case for money damages, the burden of proof should be higher than proof by a preponderance of the evidence?

## 2.  <u>Knowledge Of Parties Or Their Counsel</u>

The Plaintiffs -- the parties bringing this civil lawsuit for money damages -- are The Cadle Company and D.A.N. Joint Venture with the representative of those Plaintiffs being Mr. Dan Cadle.  Please stand up Mr. Cadle.

The attorneys for the Plaintiffs are Mr. Dean Armstrong and Mr. Ed Taiman.  Will you two please stand.

Mr. Armstrong is a solo practitioner, and Mr. Taiman is an attorney with the law firm of Sabia & Hartley.

(a)  (i) Is there anyone on the panel who knows Plaintiffs, The Cadle Company or D.A.N. Joint Venture?  Do any of you know Mr. Cadle?

(ii) Do any of you know the Plaintiffs' attorney, Mr. Dean Armstrong?

(iii) The other attorney for the Plaintiffs, Mr. Ed Taiman, works for the law firm of Sabia & Hartley.  Do any of you know Mr. Taiman or his law firm, Sabia & Hartley?

Thank you, gentlemen, you may be seated.

Plaintiffs The Cadle Company and D.A.N. Joint Venture are bringing this civil lawsuit for money damages against various Defendants, some of them are individuals and some of them are corporations.

(b)  (i)  Do any of you know Defendant Leonard A. Fasano?

(ii) Do any of you know anyone in Mr. Fasano's law firm, Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee)?

(iii) Mr. Fasano and his law firm are being defended in this suit by Mr. David Hill and Ms. June Sullivan from the law firm of Halloran & Sage.  Do any of you know Mr. Hill, Ms. Sullivan or their law firm, Halloran & Sage?

(c)  (i)  Do any of you know Defendant Todd R. Bainer?

(ii) Do any of you know anyone in Mr. Bainer's law firm, Todd R. Bainer, L.L.C.?

(iii) Mr. Bainer and his law firm are being defended in this suit by R. Bradley Wolfe, Gerald Swirsky and Mary Anne Charron from the law firm of Gordon, Muir & Foley.  Do any of you know Mr. Wolfe, Mr. Swirsky, Ms. Charron or their law firm, Gordon, Muir & Foley?

(d)   (i)   Do any of you know Defendant Stanley F. Prymas?

(ii) Do any of you know Defendant Thompson & Peck, Inc.?

(iii) Mr. Prymas and Thompson & Peck are being defended in this suit by Ms. Barbara Cox from the Gallagher Law Firm and by Mr. Bradley K. Cooney, a solo practitioner.  Do any of you know Ms. Cox or her law firm, the Gallagher Law Firm, or Mr. Cooney?

### 3.   <u>Knowledge Of Witnesses</u>

Besides the parties to this lawsuit, you will be hearing the testimony of various witnesses who are not parties.  Please raise you hand and let me know if you have any knowledge about any of the potential witnesses who may be called to testify in this case:

(1)   The judgment debtor, Charles A. Flanagan?

(2)   Mr. Flanagan's wife, Lisa G. Flanagan?

(3)   Socrates T. Babacus;

(4)   Sharon Demetropoulos;

(5)   Joseph Caporale;

(6)   Alan Adams;

(7)   Michael Buckmir;

(8)   Angela Cimino Burr;

(9)   Daniel C. Cadle;

(10)  Andrew D. D'Agostino;

(11)  Tim Dugic;

(12)  John C. Flanagan;

(13)  Paul Gaide;

(14)  William F. Gallagher;

(15)  Ed Jurkiewicz;

(16)  Bonnie Mangan;

(17)  James A. Raynor;

(18)  Sharon Rosen;

(19)  Andrea Steele;

(20)  Pat Wolcott;

(21) Steve Wright;

(22) [Plus witnesses from Defendants' witness list.]

### 4.    <u>Nature Of The Suit</u>

This is a civil lawsuit for money damages by Plaintiffs, The Cadle Company and D.A.N. Joint Venture, against Defendants Leonard A. Fasano; Fasano & Ippolito (n/k/a Fasano, Ippolito & Lee); Todd R. Bainer; Todd R. Bainer, L.L.C.; Stanley F. Prymas; and Thompson & Peck, Inc.    Basically, the Plaintiffs hold monetary judgments against judgment debtor Charles A. Flanagan, and they contend that the Defendants herein conspired and provided knowing and active assistance to Flanagan in Flanagan's efforts to hide, transfer and otherwise shield his assets from the judgment claims of Plaintiffs.    The Plaintiffs contend that because of the Defendants' alleged conspiracy with Flanagan to hide, transfer and otherwise shield Flanagan's assets, Flanagan no longer has sufficient assets to satisfy Plaintiffs' judgments against Flanagan, and Plaintiffs were thereby wrongfully deprived of the opportunity to collect on their monetary judgments through execution on Flanagan's assets.

The Defendants deny Plaintiffs' allegations.    In addition, Defendants Prymas and Thompson & Peck contend that they took the action that they did and engaged in the conduct which Plaintiffs complain about in reliance on the advice of their counsel, Defendant Todd R. Bainer, and, therefore, they should not be held liable for engaging in a conspiracy to hide, transfer and otherwise shield Flanagan's assets from the judgment claims of Plaintiffs.

Once again, I instruct you that what I have said about this case is a very shorthand rendition of what I've been informed about it, about the allegations, and that what I say is not evidence.

(a)  Having heard this brief recitation of the claims, is there anyone on the panel who either believes that you have any knowledge about any of these claims, or that perhaps it may not be appropriate for you to sit as a juror for a case of this nature?

### 5.  <u>Fraudulent Transfers</u>

(a)  If a court renders a monetary judgment against a defendant, would all of you agree that the defendant should honor the judgment, and not attempt to hide, transfer or otherwise dispose of his assets in an effort to avoid the judgment?

(b)  Would all of you agree that a judgment debtor and his attorneys should honor court orders prohibiting the transfer of assets?

(c)  Would all of you agree that a judgment debtor and his attorneys should honor court orders requiring the turnover of assets?

(d)  Have any of you heard about or know about what's called fraudulent transfers, whereby a judgment debtor transfers his or her assets in an effort to delay, hinder or defraud the judgment creditor out of recovery on the judgment?

Please explain what you know about or have heard about fraudulent transfers.

(e)  Would all of you agree that persons, corporations or other entities who conspire to assist a judgment debtor in fraudulently transferring his assets should be held accountable for that conduct?

(f)  What are your thoughts on that subject? Juror No. 1, let's start with you.  What are your thoughts on whether others who conspire to assist a judgment debtor in fraudulently transferring his assets should be held accountable for that conduct?

(g)  For each of you going in order, what are your thoughts on that subject?

### 6. <u>Proof Of A Conspiracy</u>

Plaintiffs have asserted that the Defendants and others conspired with judgment debtor Charles A. Flanagan to hide, transfer and otherwise shield Flanagan's assets from the judgment claims of Plaintiffs. For a conspiracy claim in the civil context, the plaintiffs must show that the defendant knew about and agreed to facilitate the scheme. In that connection, a conspiracy claim is proven if the defendant embraced the objective of the alleged conspiracy and agreed to commit certain acts in furtherance thereof. Conspiracies are, by their very nature, secretive operations. Accordingly, a plaintiff rarely has direct evidence of a conspiracy but may, under the law, show a conspiracy by circumstantial evidence.

(a) Would all of you be able to accept proof of a conspiracy through circumstantial evidence, and not require the Plaintiffs to prove their conspiracy claims by direct evidence?

(b) What are your thoughts on that subject? Juror No. 1, let's start with you again. Do you agree that it is acceptable under our law to allow Plaintiffs to prove their conspiracy claims through circumstantial evidence? Could you follow the law and allow Plaintiffs to prove their conspiracy claims through circumstantial evidence?

(c) For each of you going in order, what are your thoughts on that subject?

### 7.  <u>Lawyers As Defendants</u>

Two of the Defendants to this lawsuit are attorneys -- Todd R. Bainer and Leonard A. Fasano.  These lawyers have been sued for allegedly conspiring with judgment debtor Charles A. Flanagan to hide, transfer and otherwise shield Flanagan's assets from the judgment claims of the Plaintiffs.

(a)  Are any of you lawyers or have you ever been married to a lawyer or worked for a lawyer?

(b)  Do any of you have any close friends or relatives that are lawyers?

(c)  Have any you had any formal or informal legal training?

(d)  In general, what do think about lawyers?  Juror No. 1, what do you think about lawyers?

For each of you going in order, what are your thoughts in general about lawyers?

(e)  Do any of you have such strong feelings either for or against lawyers that you may find it difficult to serve as a juror in this case?

(f)  Do any of you feel as though Defendant Todd R. Bainer or Defendant Leonard A. Fasano should have any special rights or privileges simply because they are lawyers?

(g)  What are your thoughts on that subject?  Juror No. 1, let's start with you again.  What are your thoughts on whether Defendants Todd Bainer or Leonard Fasano should have any special or additional rights or privileges simply because they are lawyers?

(h)  For each of you going in order, what are your thoughts on that subject?

8.   **Fasano As State Senator**

In addition to being an attorney, Defendant Leonard A. Fasano is a Connecticut state senator.

(a)  Would the fact that Mr. Fasano is a Connecticut state senator affect at all your ability to judge the conduct of Mr. Fasano the same as you would any other defendant?

(b)  Do any of you feel as though Mr. Fasano should have any special or additional rights or privileges simply because of his position as a state senator?

(c)  What are your thoughts on that subject?  Juror No. 40 [last?], let's start with you this time.  What are your thoughts on whether Defendant Leonard A. Fasano should have any special or additional rights or privileges simply because of his position as a state senator?

(d)  For each of you going in reverse order, what are your thoughts on that subject?

### 9.    **Insurance Agencies**

Defendant Thompson & Peck is an insurance agency with offices in Hartford and New Haven, Connecticut.

(a)  Do any of you have any particularly strong feelings for or against insurance agencies or insurance companies which might affect your ability to serve as a fair and impartial juror in this case?

(b)  Do any of you or a close friend or relative work for an insurance agency or an insurance company?

(c)  Do any of you or a close friend or relative have any relationship or association with an insurance agency or insurance company?  Please explain that relationship or association to us, if you would.

### 10.  <u>Prior Suits</u>

(a)  Have any of you or a close friend or relative ever been a party to a lawsuit as a plaintiff or a defendant?

(b)  If so, what kind of lawsuit was it?

(c)  What was your involvement?

(d)  Is there anything about that prior experience which would prevent you from being a fair and impartial member of the jury in this case?

## 11. __Prior Jury Duty__

(a)  Have any of you ever sat on a jury before?

(b)  If you have, was it a civil or criminal case?

(c)  Also, please let us know if the dispute involved any of the disputes of the sort involved in this case.  Please explain in detail.

(d)  If you sat on a jury in a criminal case, do you understand that the burden of proof in a criminal case is the very high standard of beyond a reasonable doubt, but that this is a civil case for money damages during which Plaintiffs need only prove their claims by the lower standard of a preponderance of the evidence, which means that something is more likely so than not so.  Do you understand that a different lower standard of proof is to be applied in this civil case?

### 12.  <u>All Parties Entitled To A Fair Trial</u>

At the close of the evidence in this case, just before the jury begins its deliberations, I will instruct the jury that all persons stand equal before the law and are to be dealt with as equals in a court of justice.

(a)  Do each of you believe that all parties -- even unpopular businesses or unpopular people -- are entitled to a fair trial?

(b)  Even if you do not care for some personal aspects of a party, could you put your personal feelings about that party aside and decide this case based on the facts and the law as I shall instruct you?

### 13.  <u>Collection Agencies</u>

What are your thoughts on collection agencies?

(a)  Juror No. 1, what do you think about collection agencies?

(b)  For each of you going in order, what are your thoughts about collection agencies?

(c)  Do collection agencies have the same rights as any other citizens to bring a lawsuit if they believe they have been harmed by the wrongful conduct of another?  What are your thoughts about that subject?

(d)  Juror No. 40 [last?], what are your thoughts about whether a collection agency has the same rights as any other citizen to bring a lawsuit if they believe they have been harmed by the wrongful conduct of another?

(e)  For each of you going in reverse order, what are your thoughts on that subject?

(f)  Juror No. 1, could you put aside your personal thoughts and beliefs about collection agencies and render a true and just verdict based on the evidence and the law I shall instruct you, regardless of the status or business of any of the parties?

(g)  For each of you, going in order, what are your thoughts on that subject?

## 14. <u>RICO</u>

Plaintiffs have brought suit against the Defendants for alleged violations of the civil damage provisions of the Racketeer Influenced Corrupt Organizations Act, otherwise known as the RICO statute. While the RICO statute contains criminal provisions, it also contains sections authorizing a civil damage suit for monetary damages such as the suit brought by the Plaintiffs in this case.

(a) Have any of you heard about or know anything about the RICO statute?

(b) Do all of you understand that this is a civil suit for monetary damages under the civil damage provisions of the RICO statute, and not a criminal RICO case?

(c) Do any of you feel as though you could not view the evidence objectively and render a true and just verdict in this case because it involves alleged violations of the RICO statute?

(d) Since this is a civil suit for recovery of monetary damages under the civil damage provisions of the RICO statute, will all of you agree to view the evidence and apply the lower burden of proof in a civil case -- by a preponderance of the evidence -- in passing judgment on Plaintiffs' civil damage claims for violation of the RICO statute?

(e) Do any of you believe that it would not be appropriate for you to sit as a juror in this case because it involves allegations that the Defendants violated the civil damage provisions of the RICO statute?

### 15.  **Proof Of Damages**

On the issue of money damages sought by the Plaintiffs, you may be instructed at the end of the case that the Plaintiffs need not prove their damages with absolute certainty or mathematical precision, but rather need only prove their damages with as much definiteness and accuracy as the circumstances permit.

(a) Would all of you be able to accept proof of Plaintiffs' damages through reasonable approximations, and not require Plaintiffs to prove their damages with mathematical precision?

(b) What are your thoughts on that subject? Juror No. 40 [last?], let's start with you this time.  In determining an appropriate award of monetary damages, would you require the Plaintiffs to prove their damages with mathematical precision, or would you be able to accept proof of Plaintiffs' damages through reasonable approximations?

(c) For each of you going in reverse order, what are your thoughts on that subject?

### 16.  **Not Fit To Sit As A Juror**

(a) Is there anyone on the panel who, for reasons important to you, does not believe that he or she can sit in judgment of someone else?

(b) Is there anyone on the panel who, for reasons important to you, does not believe that he or she can sit on a jury and make an appropriate award of monetary damages?

17. <u>**Length Of Trial**</u>

While it is my hope that the attorneys trying this case will be as efficient as I know they can be, this trial may last as long as three weeks. Will the length of this trial impose any extreme or particular hardship on you?

## 18.  <u>Anything Else</u>?

(a)  Now we've asked you a lot of questions today and covered a lot of information, but is there anything else you can think of -- regardless of how small or insignificant -- as to why perhaps it would be better if you did not serve as a juror in this case?

(b)  Are any of you thinking in the back of your mind, "Why didn't the Judge ask me about X?  Because if the Judge would have asked me about X, I would have told him about Y, and that may be important on the issue of whether I should serve as a juror in this case."  Are any of you thinking those thoughts in the back of your mind?

(c)  Do any of you have any other questions, comments or concerns about any matters which may reflect on your ability to serve as a juror in this case?