UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs | : CIVIL ACTION NO.<br>: 3:01CV531(AVC) |
| VS. | : |
| CHARLES A. FLANAGAN, ET AL<br>Defendants | : MAY 5, 2005 |

## SUPPLEMENTAL PROPOSED JURY VOIR DIRE AND CASE STATEMENT BY DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK, INC.

### A. BRIEF CASE STATEMENT

This is an action for damages and equitable relief brought under the Racketeer Influenced and Corrupt Organizations Act,, commonly known as "RICO". This case arises out of the plaintiffs' efforts to collect debts from the defendant Charles Flanagan. Plaintiffs claim that Flanagan committed certain crimes in attempting to avoid paying his debts to the plaintiffs and that the other defendants, (1) Leonard Fasano, Flanagan's attorney, (2) Stanley Prymas, Flanagan's business partner at the time, (3) Thompson & Peck, Inc, the business Flanagan and Prymas owned, and (4) Thompson & Peck's attorney, Todd Bainer, conspired with him by assisting him in committing those crimes.

The plaintiffs are seeking three times the amounts they claim they lost in their collection efforts against Flanagan as damages under RICO.

1

## B. SUPPLEMENTAL VOIR DIRE QUESTIONS

1. Do you know, have any dealings with, or have any feelings about any of the following persons who may testify or be mentioned in this case?

   a. Daniel Cadle;

   b. Timothy Dugic;

   c. Alan Adams;

   d. Leonard A. Fasano;

   e. Fasano, Ippolito & Lee, LLC;

   f. Todd Bainer;

   g. Stanley Prymas;

   h. Thompson & Peck, Inc. (insurance agency);

   i. Charles A. Flanagan;

   j. Judge John Flanagan;

   k. Lou D'Agostino;

   l. Socrates Babacas;

   m. Sharon Demetropoulous

   n. Lisa Flanagan

   o. Paul Gaide

   p. Michael Buckmir

2. Do you understand that in our system of justice, anyone can bring a claim, but it is up to the person who brings the claim to prove it in a court of law; it is not the responsibility of the party being sued to disprove the claim?

2

3. If after you have heard the evidence in this case, you are of the opinion that the plaintiffs have not met their burden of proof under the various claims in this case, would you hesitate to decide in favor of the defendants, if by doing so, the plaintiffs were to receive no money damages?

4. Do you understand that the plaintiffs also have the burden to prove their damages—their losses—in this case? Do you have any concern that you would not be able to hold the plaintiffs to their burden of proof?

5. Do you have any feelings, positive or negative, about the following:

    a. lawyers?

    b. politicians?

    c. our legal system in general?

    d. persons who bring lawsuits?

    e. persons or companies who defend claims made against them in lawsuits?

6. Do you understand that in our system of justice, anyone can bring a claim, but it is up to the person who brings the claim to prove it in a court of law; it is not the responsibility of the party being sued to disprove the claim?

7. If after you heard the evidence in this case, you are of the opinion that the defendants are not liable under the law, would you hesitate to render a verdict in favor of the defendants?

8. Do you understand that we have different claims against a number of defendants and that each claim is to be decided separately?

9. If the plaintiffs fail to prove that one or more of the defendants are responsible for their alleged injuries, would you hesitate to decide in favor of that defendant or defendants?

10. The Court requires that the plaintiffs put on their case first and that the defendants wait and put on their evidence afterwards. Would you have any problem listening carefully to all parties, keeping an open mind and waiting until all the evidence is heard before you make a final decision in the case?

11. The Court requires that the plaintiffs put on their case first and that the defendants wait and put on their evidence afterwards. Would you have any problem listening carefully to all parties, keeping an open mind and waiting until all the evidence is heard before you make a final decision in the case?

12. If selected to serve on the jury, would you have any problem voicing your opinions about the evidence during deliberations with your fellow jurors and insisting that your views be considered, even if other jurors disagreed with you?

13. Do you know of any reason why you think that you should not sit and render a just, fair, honest and impartial verdict for both sides?

Respectfully Submitted,

THE DEFENDANTS,
Stanley F. Prymas
and Thompson & Peck, Inc.

BY: _____
BARBARA L. COX,
Federal Bar #ct08523
The Gallagher Law Firm
1377 Boulevard – P.O. Box 1925
New Haven, CT 06509
Tel: (203) 624-4165
Fax: (203) 865-5598

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was /hand delivered or/ mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
12 Green Hill Rd.
North Haven, CT 06473

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center - P.O. Box 747
Cheshire, CT 06410

_____
BARBARA L. COX