<u>1UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL : | Case No. 3:01-CV 531 | |
|     Plaintiff : |  (AVC) | |
| VS. : | | |
| CHARLES A. FLANAGAN, ET AL : | May 9, 2005 | |
|     Defendants : | | |

**MEMORANDUM OF LAW IN SUPPORT OF
STANLEY F. PRYMAS AND THOMPSON & PECK, INC.'S
<u>MOTION FOR PERMISSION TO AMEND THEIR ANSWER</u>**

**I.     STATEMENT OF FACTS**

The defendants Stanley F. Prymas and Thompson & Peck, Inc. ("T&P") filed their answer in this action on or about September 27, 2002. Docket item 99. Subsequently the Court granted Prymas and T&P's defense of reliance on professional legal accounting advice. Ruling on Motion to Amend Answer, January 26, 2005. (Docket Item #323)

On April 8, 2005 the plaintiffs and defendant Charles Flanagan jointly stipulated to a dismissal of plaintiffs' objection to Flanagan's bankruptcy discharge. Docket Item #390.[1] As consideration for the stipulation plaintiffs released Flanagan and his wife, defendant Lisa Flanagan, from all claims. See Ex. A to accompanying motion.

Plaintiffs' claims against Flanagan comprise the basis of their loss debt damage claims in this action. Their release of these claims against Flanagan, the main tortfeasor in this case, constitutes a failure to mitigate their damages, as

---

[1] The Court approved the dismissal in Docket Item 427.

well as a waiver of their lost debt damages. They are estopped from seeking these damages against Prymas and T&P.

II.  **LEGAL ARGUMENT: Prymas and Thompson & Peck should be permitted to amend their answer to include new affirmative defenses resulting from plaintiffs' forgiveness of Flanagan's debt.**

It is well settled that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires;" this mandate is to be heeded. …. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Id. (citation omitted).

The rule articulated in Foman applies with equal force to requests to amend defendants' pleadings. Eg., Anthony v. City of New York, 339 F.3d 129, 138 n. 5 (2d Cir. 2003); Monahan v. New York City Department of Corrections, 214 F.3d 275, 283 (2d Cir. 2000); Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993); United States v. Continental Illinois National Bank & Trust Co. of Chicago, 889 F.2d 1248, 1254 (2d Cir. 1989)(reversing trial court's refusal to allow amendment of answer to assert affirmative defense as abuse of

discreiton); Roloff v. Arabian American Oil Company, 421 F.2d 240, 242 (2d Cir. 1970).

The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of a showing of prejudice or bad faith by the opposing party. Block, 988 F.2d at 350. There has been no delay in seeking to amend Prymas and T&P's answer based on the plaintiffs' last minute release of Flanagan, approved by the Corut only days ago.

Prymas and T&P should be permitted to amend their answer to include affirmative defenses resulting from the plaintiffs' recent release of Flanagan and withdrawal of their objection to his bankruptcy discharge.

      Respectfully submitted,

      DEFENDANTS, STANLEY F. PRYMAS and
        THOMPSON & PECK, INC.


BY: _____
   Barbara L. Cox
   Federal Bar #ct08523
   The Gallagher Law Firm
   1377 Boulevard
   P.O. Box 1925
   New Haven, CT  06509
   Tel:  203-624-4165
   Fax:  203-865-5598

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
12 Green Hill Road
North Haven, CT 06473-2146

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410


_____
BARBARA L. COX