UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CADLE COMPANY, ET AL           :    CIVIL ACTION NO: 3:01CV531 (AVC)

       Plaintiffs                :

V.                                    :

CHARLES A. FLANAGAN, ET AL       :

       Defendants              :    MAY 13, 2005

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RECONSIDERATION OF THE FASANO DEFENDANTS

      The Court's denial of Fasano's Motion for Summary Judgment was understandable given that it did not have all the information it needed to consider the motion.  In addition, in reading the Court's opinion, it is clear that the Court was misled by Plaintiffs' Second Amended Response in several respects, inaccuracies that need to be addressed before the parties embark on a 3-week trial.  Therefore, Fasano now wishes to supplement the record to include another set of facts that should clarify the issues before the Court.

      Attached as Exhibit A is an affidavit that Charlie Flanagan signed in response to the Court's Ruling of May 2, 2005.  In it, Mr. Flanagan admits a number of acts that plaintiffs allege to be "predicate acts"; however, he denies that Fasano participated in any of those acts.  In fact, he states very clearly that he (Flanagan) acted alone.  He also states clearly that Mr. Fasano knew nothing of his actions, nor did Mr. Fasano counsel him to perform said acts.  As a result, if the court reviews each of the Plaintiffs' alleged schemes, particularly in comparison to Mr. Flanagan's affidavit, it will see that there is no

10361.0088

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

issue of fact as to whether Fasano participated in any of them.  The Court may find

evidence of the scheme itself, but not of Fasano's participation in it.

The Plaintiffs have alleged five different RICO schemes – (1) the settlement pro-

ceeds scheme; (2) the shifting stock scheme; (3) the checking account scheme; (4) the

bankruptcy fraud scheme; and (5) the Caporale property scheme.  See Plaintiffs' Second

Amended Complaint; see also, Plaintiffs' Second Amended Response dated April 18,

2005, p. 8, which is part of the Court's file.  However, Plaintiffs have admitted that the fifth

scheme does not apply to Fasano – see Plaintiffs' discovery compliance of September 7,

2004 and March 25, 2005, attached as Exhibit B; see also, Plaintiffs' Second Amended

Response, which does not allege any wrongdoing by Fasano in the fifth scheme –

therefore, we need only concern ourselves with the first four. [1]  Fortunately, Flanagan's

affidavit (Exhibit A) completely resolves any issue about Fasano's alleged participation in

these schemes.  First:

- •      paragraphs 1-10 resolve any issue about "the settlement scheme";
- •      paragraphs 11-14 resolve any issue the "checking account scheme";
- •      paragraphs 15-28 resolve any issue about "the shifting stock scheme"; and
- •      paragraphs 28-31 resolve any issue about "the bankruptcy fraud scheme.

Second, Plaintiffs have not offered any evidence to contradict the testimony of either Mr.

Flanagan or Mr. Fasano; indeed, their testimony will be uncontested at trial.  Third, the

---

[1]  Curiously, the plaintiffs' discovery compliance also admits that Fasano did not participate in the
fourth scheme – the bankruptcy fraud scheme – but for reasons that are not clear, plaintiffs' Second
Amended Response claims otherwise.  Therefore, Fasano will address the merits of the fourth scheme in
this memorandum.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

only evidence cited by Plaintiffs in their Second Amended Response is either inaccurate or misleading; either way, it does not create an issue of fact.

     a.     **the "checking account scheme"**

The so-called "checking account scheme is the most misleading of the Plaintiffs' claims. It is found on Page 45-50 of Plaintiffs' Second Amended Response, and alleges that "Fasano provided knowing and substantial assistance to Flanagan in connection with the secret checking account scheme." See Second Amended Response dated April 18, 2005, p. 45. In fact, Plaintiffs go so far as to state:

> based on Fasano's advice, Flanagan secretly ran the income from his rental properties through three checking accounts in the names of third parties third parties: one in the name of MJCC . . .; the second in the name of Matthew Flanagan, which was one of Flanagan's sons; and the third in the name of Jeremy Flanagan, which was another of Flanagan's sons.

See Second Amended Response dated April 18, 2005, p. 47. (Emphasis not added).

In addition, Plaintiffs further state:

> it was Fasano who advised Flanagan that it was perfectly acceptable to transfer the funds out of Flanagan's nominee checking accounts even in the face of the Court's March 9, 1998 injunction.

See Second Amended Response, p. 49. The Plaintiffs even had the audacity to cite a number of exhibits for each statement, thus representing to the Court that the exhibits somehow support their claim. However, if the court reviews Plaintiffs' exhibits, it will not see ANY support for Fasano's participation in the alleged scheme. Again, the exhibits may support the scheme itself, but they are utterly silent as to Fasano's participation in it.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE** LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Nevertheless, plaintiffs have used these exhibits to allege fraud against a respected member of the Connecticut bar, knowing full well that, as to Fasano, they prove nothing !

By contrast, Mr. Flanagan's affidavit (Exhibit A) could not be any more specific. He states clearly that the checking accounts were opened without Fasano's knowlege, consent or advice (Paragraph 11); that Flanagan never consulted with Fasano about the operation of these properties (Paragraph 12); that he never told Fasano about these properties or the rental payments associated with them (Paragraph 12); that Fasano was unaware of the George Street mortgage for $94,000; and that Fasano did not advise or consult with him about the mortgage (Paragraph 13).   See Flanagan Affidavit, attached as Exhibit A.

Clearly, based on these facts, there is no issue of fact as to whether Fasano participated in a RICO conspiracy regarding the checking account scheme.  If he didn't know the accounts existed, and if he didn't know about the rental income, how could he "secretly run the income from the . . . properties through [the] accounts" as alleged by the plaintiffs ?  Moreover, how can the Plaintiffs make such an inflammatory allegation without any proof to support it ?

   **b.**    **the shifting stock scheme**

Similarly, Plaintiffs' claim about the shifting stock scheme (Page 24-45 of Plaintiffs' Second Amended Response) is equally misleading.  However, if the Court reviews Mr. Flanagan's affidavit, it will see that there is no issue of fact as to whether Fasano partici-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

pated in the shifting stock scheme.  Again, Plaintiffs exhibits may support the scheme itself, but not Fasano's participation in it.  For example, Plaintiffs allege:

> • that Flanagan's 5th Amendment plea was "simply a ruse concocted by Flanagan and Fasano to avoid or delay providing any information about the location and transfer of Flanagan's assets."

See Second Amended Response, p. 11. Once again, plaintiffs have misled the court, first by making a bald assertion, and second, by representing that their exhibits somehow support the claim.

Flanagan did indeed plead the Fifth Amendment, but not at Fasano's advice, not with his consent, and not with his knowledge.  See Mr. Flanagan's affidavit, Exhibit A, Paragraph 21.  In fact, Mr. Flanagan's affidavit states clearly that "prior to the hearing, Fasano had no knowledge that I was going to plead the Fifth Amendment, nor did he discuss with me my decision to plead the Fifth Amendment." See Flanagan Affidavit, Paragraph 21.  Nevertheless, despite clear evidence to the contrary, Plaintiffs again make a bald assertion without regard for the consequence.  More importantly, they do so knowing full well that the assertion is incorrect, and that their evidence is insufficient. Clearly, if Fasano did not know about the plea, was not consulted about it, and did not learn of it until after the hearing, he did not "concoct" the so-called "ruse" alleged by Plaintiffs.  The only ones who knew about the plea were Flanagan and his bankruptcy counsel, Robert Skelton.  Fasano was completely uninvolved.

In addition, Plaintiffs allege "that Fasano provided knowing and substantial assistance to Flanagan in connection with the shifting stock scheme."  See Second

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Amended Response dated April 18, 2005, p. 24.  Once again, Plaintiffs' cite a series of

exhibits that purportedly support their claim.  However, as always, we need to separate

fact from fiction.  The fact is that Plaintiffs' exhibits arguably support a scheme, but the

fiction is that Fasano participated in it.  In fact, Mr. Flanagan has admitted:

- that Fasano explained to him that he was not allowed to transfer any assets without express permission from the court (Paragraph 22);

- that Fasano did not know whether Sharon Demetropolous had the stock when he filed his Notice of Compliance (Paragraph 17), as he had no knowledge where the stock was located other than what Flanagan told him (Paragraph 19);

- that Fasano never intentionally provided any inaccurate information to the court (Paragraph 16); again, he had no knowledge where the stock was located other than what Flanagan told him (Paragraph 19);

- that Fasano never advised him, counseled him, suggested to him or directed him to move his stock in violation of the court order (Paragraph 19);

- that Fasano simply acted as his lawyer and attempted to provide truthful disclosures to the court using information provided by Flanagan (Paragraph 19);

- that Fasano had no knowledge that a restrictive legend had been placed on the stock (Paragraph 25);

- that Fasano had no knowledge as to whether the restrictive legend had been endorsed by anyone in violation of the court's order (Paragraph 25);

- that Flanagan never sought Fasano's advice regarding the restrictive legend on the stock (Paragraph 26);

- that Fasano never orchestrated, planned or participated in any effort to disregard the court's orders, or to delay Flanagan's disclosure of his assets (Paragraph 43); on the contrary, Fasano advised him to act with the utmost respect for each of the court's orders (Paragraph 43).

See Flanagan Affidavit, attached as Exhibit A.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103



Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In short, if the only claim against Fasano is that he conspired to assist Flanagan in a RICO conspiracy, and if both Fasano and Flanagan deny Fasano's involvement in such a conspiracy, and if Flanagan admits that he acted alone in committing the alleged predicate acts, how can Fasano be a co-conspirator in violation §1962(d) ?  The answer should be clear.

### c.    the settlement proceeds scheme

Third, plaintiffs' claim about the settlement proceeds scheme (Pages 14-24 of Plaintiffs' Second Amended Response) is also misleading.  Clearly, Mr. Flanagan wanted the proceeds recharacterized to wages.  See Flanagan's affidavit, Paragraph 5. However, even more clearly, Fasano would not allow him to do so without the express written consent of both his (Flanagan's) accountant, and T & P's accountant.  See Flanagan affidavit, Paragraph 7.  Where then is the criminal conduct ?  More importantly, where is the evidence that Fasano, as conspirator, intended to further an endeavor which, if completed, was a substantive criminal offense.  Davis Lee Pharmacy v. Manhattan Central Capitol Corp., 327 F.Supp. 2d 159, 164 (E.D. New York 2004), citing Salinas v. United States, 522 U.S. 52, 65, 118 S.Ct. 469 (1997).  The answer, respectfully, is that there is none because none exists.  Again, one may find evidence of a scheme, but not of Fasano's participation in the scheme.  As Mr. Flanagan admitted in Exhibit A:

- •    Fasano did not orchestrate or participate in any scheme to withhold the settlement proceeds (Paragraph 4);

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

- •     Fasano did not exercise any judgment or discretion as to how those proceeds were to be characterized, nor did he counsel anyone as to how they should be characterized (Paragraph 4);

- •     Fasano simply investigated his client's request to see if the proceeds could legally be characterized as wages (Paragraph 6), just as Flanagan's partner, Stan Prymas, had previously characterized them as wages (Paragraph 5);

- •     Fasano did not dictate the manner in which the proceeds would be characterized, but instead, he told Flanagan that the decision would be left to Flanagan's accountant (Para. 7) and to T & P's accountant (Paragraph 8);

- •     most importantly, Fasano told Flanagan that if either accountant decided that the proceeds were 1099 income, he (Flanagan) would be obligated to classify them as such (Paragraph 9).

<u>See</u> Flanagan Affidavit, Exhibit A.  Where then is the criminal conduct?  Fasano did not seek to defraud, nor did he try to further a RICO endeavor.  He simply acted on behalf of his client to see how the proceeds should be characterized.  Moreover, the decision was left to the accountants ! !  If they had decided to characterize the proceeds as 1099 income, this issue would be moot.  Unfortunately, the accountants decided to characterize them as wages, ***a decision the plaintiffs have never contested.***  Fasano, in turn, simply abided by their decision, and somehow, he committed a RICO conspiracy ? !  The absurdity speaks for itself.

### d.    <u>the bankruptcy fraud scheme</u>

Frankly, Plaintiffs claim that Fasano participated in the bankruptcy fraud scheme was a surprise, as Plaintiffs failed to make such a claim on several prior occasions.  In

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fact, Plaintiffs' specifically failed to list this scheme as one of Fasano's predicate acts <u>on two separate occasions</u>.  <u>See</u> plaintiffs' discovery compliance of September 7, 2004 and March 25, 2005, attached as Exhibit B.  In addition, the only alleged wrongdoing by Fasano can be found in one sentence of page 53 of Plaintiffs' Second Amended Response:

> On December 9, 1998, Fasano told Bainer that Flanagan was not going to file bankruptcy unless Flanagan had arranged some side deal with Prymas regarding Flanagan's T & P stock. (Plaintiffs' Exhibits 130 and 18).

However, if the court reviews those exhibits, it will not find any evidence of wrongdoing by Fasano, let alone evidence of a RICO conspiracy.  It will also not find any issue of fact when the two exhibits are compared to Mr. Flanagan's affidavit.  Once again, Flanagan admits that the so-called predicate acts are his, and his alone.  Specifically, he admitted:

- that the bankruptcy schedules filed by Fasano were based solely upon information he provided to Fasano (Paragraph 28);

- that Fasano never advised him regarding valuations of the T & P stock (Paragraph 29);

- that Fasano never advised him as to what information or assets should be included or excluded from the schedules (Paragraph 29);

- that Fasano had no reason to believe that the schedules were inaccurate, as he had no idea what assets he (Flanagan) owned (Paragraph 29); and

- that Fasano was replaced as Flanagan's bankruptcy lawyer shortly after Flanagan filed his bankruptcy petition, therefore, he could not have participated in any alleged scheme (Paragraph 30).

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Clearly, based on the above, there is no issue of fact as to whether Fasano participated in the alleged bankruptcy fraud scheme.  In fact, he was not counsel long enough to know about the scheme, let alone attempt to further its interests or goals.

Respectfully submitted,
DEFENDANTS
LEONARD A. FASANO
FASANO, IPPOLITO & LEE, LLC


By_____
David G. Hill
June M. Sullivan
Fed. Bar No. ct13435
Fed. Bar No. ct24462
HALLORAN & SAGE  LLP
One Goodwin Square
225 Asylum street
Hartford, CT 06106
Their Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>CERTIFICATION</u>

This is to certify that on this 13th day of May 2005, I hereby mailed a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT 06103-2205
**For Plaintiffs The Cadle Company &**
**D.A.N. Joint Venture, A Limited Partnership**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT 06509-1925
**For Defendant Stanley Prymas**
**& Thompson & Peck, Inc.**

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
**For Plaintiffs The Cadle Company &**
**D.A.N. Joint Venture, A Limited Partnership**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
**For Defendant Thompson & Peck, Inc.**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer, LLC**

Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT 06405
**For Defendant Todd R. Bainer**

_____

688121_1.DOC

David G. Hill

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105