<u>UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL : | Case No. 3:01-CV 531 |
|    Plaintiff : |  (AVC) |
| : | |
| VS. : | |
| : | |
| CHARLES A. FLANAGAN, ET AL : | May 13, 2005 |
|    Defendants : | |

**<u>DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK, INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT RULING</u>**

The defendants Stanley F. Prymas and Thompson & Peck, Inc. ("T&P") respectfully request that the Court reconsider its ruling on their Motion for Summary Judgment for the following reasons:

1.  The Court has subjected T&P and Prymas to liability for violations of court orders of which they received no notice and had no knowledge. Specifically, the Court has found as "undisputed" that Prymas and Bainer, T&P's attorney "*violated an order of this Court* by placing a restrictive legend on the back of Flanagan's stock certificates." Ruling on the Defendants', Leonard Fasano and Fasano, Ippolitto & Lee, LLC's Motion for Summary Judgment, p. 5, emphasis added.

2.  The ruling also states that "Bainer, who was also subject to the Court's turn over order as T&P's agent, thereafter typed a restrictive legend on the stock certificates in order to limit their transferability, and, *in violation of the turn over order* returned the certificates to Flanagan. <u>Ruling</u> p. 11.

1

3.   The Court also imposes liability on Prymas and Bainer for violating the Court's injunction forbidding Flanagan from transferring his assets by "proceeding with their plan to execute a shareholder agreement and place a restrictive legend on Flanagan's stock." Ruling at 10.

4.   There is no admissible evidence, required by F.R. Civ. P. 56, to support the Court's assumption that either Prymas, Bainer, or T&P had notice of or knowledge of the Court's orders in Cadle I. Although the turn over directed Flanagan and T&P to turn over assets, there is no evidence that the order was ever served on T&P. T&P was not a party to Cadle I. There was no appearance filed on behalf of T&P in that case. Consequently T&P would not have received notice pursuant to the Court's usual procedures of sending notice of its orders to counsel of record and pro se parties. There is no indication in the Court's Cadle I file that the Court sent T&P any special notice that it granted an order directed to T&P.

5.   The Court's willingness to impose liability on T&P for violating an order of which it had no notice violates principals of due process and fundamental fairness. It is clear from the court's file that it took no steps to notify T&P of its turn over order. It is fundamentally unfair to impose civil RICO liability on T&P or its agents for failing to abide by a Court order about which they did not know.

6.   Nor is there any admissible evidence that T&P, Prymas or Bainer knew about the Court's turn over or injunction orders. The only evidence offered by the plaintiffs in support of their contention that Bainer, Prymas and T&P had any knowledge of the Court's orders are the conclusory and unsupported

averments in Charles Flanagan's affidavit. The vague conclusory and hearsay statements of Flanagan that Bainer and Prymas "were informed" of the Court's orders is not admissible evidence on a motion for summary judgment and do not provide an adequate basis for the Court to determine there is a question of material fact as to Bainer, Prymas and T&P's knowledge of the Court's orders prior to the acts alleged to be "violations" of the orders.

7. It is patently clear from the contemporaneous correspondence in December of 1998 (submitted as Def. Ex. P to Prymas and T&P's Reply in Support of their Motion for Summary Judgment), that neither Bainer nor Prymas knew of the Court's orders submitted in Cadle I until that month. There is no evidence to support that they knew of the Court's orders at any time prior to December 9, 1998. The Court's findings and imposition of liability based on Prymas, Bainer, and T&P's "violation" of its orders violates due process and should be retracted.

8. The Court's reasoning that the execution of a shareholder's agreement, with a concomitant restriction on the stock, overlooks the fact that the Court order in Flanagan v. Prymas required Prymas and Flanagan to execute a shareholder's agreement. PX 21, ¶¶ 10, 13. It is untenable that the preparation of a shareholder's agreement in compliance with a Superior Court judgment can constitute the basis for civil RICO liability. Restrictive legends are common mechanisms for enforcement of shareholder agreements. See Fletcher Corporation Forms §1922(3).9 (attached to Prymas and T&P's Reply in Support of their Motion for Summary Judgment).

9.  The stipulated Superior Court judgment required Flanagan and Prymas to execute a shareholder's agreement within one year, directed each of them to continue ownership of the corporate stock, and prohibited transfer of the stock "to any other person or entity." Px. 21 ¶¶ 10, 13. The Court has also overlooked the undisputed fact that the T&P stock had traditionally had a restrictive legend on its stock certificates and had such a restrictive legend when Prymas and Flanagan purchased the agency in 1988. Prymas, Depo, 144. In addition, the court-ordered shareholder's agreement was a necessary way of providing a means to resolve disputes, since neither shareholder owned a majority interest in T&P. The Court's disregard of the requirements of the Superior Court judgment to execute a shareholder's agreement as a means of breaking the stalemate between two warring 50 percent shareholders in imposing civil RICO liability for compliance with that order is unjust and should be reversed.

10. The Court has also overlooked Prymas and T&P's right to rely on professional accounting and legal advice in selecting the appropriate tax classification to be applied to the stipulated judgment proceeds, payable to Flanagan. It is undisputed that in February 1998, Prymas and Bainer were furnished with a letter from Andrew D'Agostino, CPA, that advised that the so-called "settlement proceeds" money required to be paid under the Superior Court judgment, were more properly classified as W-2 income to Flanagan. (Prymas/T&P Exhibits in Support of Motion for Summary Judgment, Exhibit F). The mere fact that a change in tax treatment may have had some effect on Cadle's ability to execute on the judgment monies does not transform a

4

legitimate change in tax classification, based on accounting advice, into an illegal act, much less a RICO predicate act. The Court's summary judgment ruling, addressing Fasano's liability, overlooks this important principal, applicable to Prymas and T&P. Plaintiffs had no protected interest or right in the tax treatment of the judgment monies. In the accountant's opinion, T&P could have been subject to taxes, penalties and interest if the monies were not classified as W-2 income to Flanagan. Motion for Summary Judgment, Def. Ex. F.

    11. There is no admissible evidence that Flanagan signed the claim of exemption *on behalf of T&P* as the plaintiffs claim. Flanagan did not sign the exemption claim form (PX 25) as an officer or other representative of T&P. Rather, Flanagan signed individually as the "Judgment debtor," not as a representative of T&P. Showing the claim form to Bainer did not convert Flanagan's representation as the "judgment debtor" into a representation on hehalf of T&P. It was Flanagan's *individual* representation that T&P had none of Flanagan's property other than wages, and not a representation by T&P. The Court's conclusion that there is any evidence supporting an issue of material fact regarding whether Flanagan signed the exemption claim form on behalf of T&P is error.

    12. The Court's "one size fits all" summary judgment ruling has overlooked important distinctions applicable to Prymas and T&P that clearly do not apply to the analysis of Fasano's liability in this case. T&P and Prymas may not properly be held liable for violations of court orders about which they had no notice or knowledge until well after their acts deemed by the Court as "violations" of its orders occured. Similarly, they were entitled to rely on professional advice

5

in selecting the appropriate tax classifications for the stipulated judgment monies and were entitled to comply with a state superior court judgment without being subject to civil RICO liability.

It is respectfully submitted that the Court should reconsider its summary judgment ruling as applied to Prymas and T&P and enter summary judgment in their favor.

                Respectfully submitted,

                DEFENDANTS, STANLEY F. PRYMAS and
                      THOMPSON & PECK, INC.


BY:     _____
        Barbara L. Cox
        Federal Bar #ct08523
        The Gallagher Law Firm
        1377 Boulevard
        P.O. Box 1925
        New Haven, CT  06509
        Tel:  203-624-4165
        Fax:  203-865-5598

### ***CERTIFICATION OF SERVICE***

      This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
12 Green Hill Road
North Haven, CT 06473-2146

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

_____
BARBARA L. COX