```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**THE CADLE COMPANY** and            §        No. 3:01CV531(AVC)
**D.A.N. JOINT VENTURE,**
**A LIMITED PARTNERSHIP,**           §

    Plaintiffs,                 §

vs.                                  §

**CHARLES A. FLANAGAN, et al.**      §        May 16, 2005

    Defendants.                 §

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR CONTINUANCE OF TRIAL

Plaintiffs <u>oppose</u> the Motion for Continuance of Trial submitted by Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P") and the anticipated motions for continuance to be filed by the remaining Defendants.

1. Plaintiffs did <u>not</u> amend their Complaint on May 12, 2005. Rather, Plaintiffs sought leave to add an additional legal theory -- negligence -- which has not yet been ruled upon by the Court.

2. Even if the Court allowed Plaintiffs to add a negligence claim as an additional legal theory, there are no new facts alleged, and no need for additional discovery.

3. It is disingenuous for Defendants Prymas and T&P to claim that there would be the need for new insurance defense counsel at trial that supposedly would "need time to evaluate

and defend the claims at the trial."  Current counsel for Defendants Prymas and T&P -- not new insurance defense counsel -- would try this case.

4. Further, the mere fact that Plaintiffs have settled their claims against Flanagan does not require additional discovery and justify continuance of the trial.  The release executed with Flanagan specifically provides that:

> This Release shall not, however, in any way, shape or form affect, alter, diminish or prejudice the rights, claims and causes of action of Cadle against any persons or entities other than Flanagan, with all such rights, claims and causes of action against such other persons or entities being hereby expressly protected, saved and reserved.

(Px A ¶4)  Plaintiffs' release of Flanagan does not release Flanagan's co-conspirators from liability for their wrongful conduct.  See <u>Zenith Radio Corp. v. Hazeltine Research, Inc</u>., 401 U.S. 321 343-47 (1971); <u>Aro Manufacturing Co. v. Convertible Top Replacement Co</u>., 377 U.S. 476, 500-01 (1964).

5. The Defendants have known about Plaintiffs' settlement with Flanagan since April 8, 2005, but they have done nothing since that date.  To the extent the Defendants genuinely claim the need for additional discovery, Plaintiffs will, upon reasonable notice, make Mr. Cadle available for a telephone deposition this week.

6. Plaintiffs have disclosed their attorney fee information to the Defendants in a timely fashion, and have supplemented this information in a timely fashion as additional information is available. The only thing additional discovery on attorneys' fees would do is increase the amount of attorneys' fees.

7. Finally, Defendants Prymas and T&P claim that they need additional time to prepare for trial because, in light of the Court's ruling on March 28, 2005, they didn't expect the Court to deny their motions for summary judgment on the merits in the Court's ruling on May 2, 2005. What Defendants Prymas and T&P have conveniently overlooked, however, is that the Court in its March 28, 2005 order expressly acknowledged that it would reexamine the merits of the summary judgment issue if Plaintiffs re-submitted a new summary judgment brief with specific citations to the summary judgment record. By pleading dated April 8, 2005, Plaintiffs specifically informed Defendants Prymas and T&P that Plaintiffs would, indeed, re-submit a more cite-specific summary judgment response so the Court could examine the summary judgment issues on the merits. It is, again, disingenuous for Defendants Prymas and T&P to claim that they were surprised by the Court's willingness to revisit the

summary judgment issues and address the motions for summary judgment on the merits.

## **PRAYER**

Plaintiffs respectfully request that the Court deny the Motion for Continuance submitted by Defendants Prymas and T&P and allow this case to proceed to trial on May 23, 2005.

                                      Respectfully submitted,
                                      ARMSTRONG LAW FIRM

DATED: May 16, 2005.         By_____/s/_____
                                          F. Dean Armstrong
                                          Ct. Fed. Bar #CT22417
                                          1324 Dartmouth Road
                                          Flossmoor, IL 60422
                                          (708) 798-1599
                                          Fax (708) 798-1597

                                          Edward C. Taiman, Esq.
                                          SABIA & HARTLEY, LLC
                                          190 Trumbull Street
                                          Suite 202
                                          Hartford, CT 06103-2205
                                          (860) 541-2077
                                          Fax (860) 713-8944

                                          Attorneys for Plaintiffs
                                          The Cadle Company and
                                          D.A.N. Joint Venture,
                                          A Limited Partnership

-5-

## **Certificate of Service**

     I certify that a correct copy of the foregoing instrument was mailed on May 16, 2005 to all defense counsel as shown on the attached Service List.

                                    _____/s/_____
                                         F. Dean Armstrong