UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY** and | § | No. 3:01CV531(AVC) |
| **D.A.N. JOINT VENTURE,** | | |
| **A LIMITED PARTNERSHIP,** | § | |
| Plaintiffs, | § | |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.** | § | May 17, 2005 |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION OF
SUMMARY JUDGMENT RULING BY DEFENDANTS PRYMAS AND T&P**

1.  Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P") claim, once again, that they had no notice of the court orders that they violated. The summary judgment evidence, and the reasonable inferences to be drawn therefrom, are sufficient to raise a disputed issue of fact on that issue. (See Px 196 pp. 1 & 7; Px 192) Indeed, it is undisputed that both the writ of execution (Px 68A) and the motion for turnover order (Px 196) were served on T&P. (See Pxs 68 & 69) Moreover, T&P's agent, Attorney Todd R. Bainer ("Bainer"), knew about the injunction because Bainer reviewed the "Production Budget" (Px 90), which was prepared in connection with the injunction prohibiting Flanagan from transferring his assets. (Px B pp. 187-90) Finally, at all relevant times Charles Flanagan ("Flanagan") was an officer, director and 50% shareholder of

T&P.  Certainly knowledge of the court orders by Flanagan -- an officer and director of T&P -- is imputed to T&P.

2. The Court did not find, as Defendants Prymas and T&P contend, that it was "undisputed" that Prymas and Bainer violated an order of the court by placing a restrictive legend on the back of Flanagan's stock certificates.  Rather, the Court properly noted that it was undisputed that "<u>Cadle</u> . . . <u>discovered</u> <u>evidence</u> <u>indicating</u> <u>that</u> [Prymas and Bainer] violated an order of this court by placing a restrictive legend on the back of Flanagan's stock certificates."  (5/25/05 Ruling p. 5 (emphasis added))

3. Next Defendants Prymas and T&P claim that the Court "overlooked the fact that the court order in <u>Flanagan v. Prymas</u> required Prymas and Flanagan to execute a shareholder's agreement."  The settlement agreement (which is not a court order) does not require that there be a restrictive endorsement placed on Flanagan's T&P stock.  (<u>See</u> Px 21 ¶10)  Moreover, as detailed in Plaintiffs' Second Amended Response to the Motion for Summary Judgment Submitted by Defendants Prymas and Thompson & Peck, the summary judgment evidence shows that the placement of the restrictive legend on Flanagan's T&P stock was for the purpose of delaying, hindering or defrauding Flanagan's creditors.

4. Defendants Prymas and T&P also contend that the Court "overlooked Prymas and T&P's right to rely on professional accounting and legal advice in selecting the appropriate tax classification to be applied to the stipulated judgment proceeds, payable to Flanagan." What Prymas and T&P have overlooked, however, is the simple logic that had they actually relied on the advice of counsel and the advice of their accountant, T&P would have immediately commenced reissuing the settlement agreement payments to Flanagan, instead of waiting until May of 1998 for the writ of execution to expire before T&P recommenced making the settlement agreement payments to Flanagan. (Px 72 p. 2; Px E p. 91; Px F pp. 17-18; 29-33; 37-38; 51-52 & 56) A reasonable inference can be drawn that there was no such reliance on the advice of professionals, but rather that additional settlement agreement payments to Flanagan were delayed until after the expiration of the writ of execution for the express purpose of avoiding the writ of execution.

4. Defendants Prymas and T&P also claim that there was no evidence that Flanagan signed the claim of exemption on behalf of T&P. Not only have Defendants Prymas and T&P overlooked the summary judgment evidence, they have overlooked the admission that they made in their May 14, 2004 Memorandum of Law in Support of Motion for Summary Judgment that "Flanagan

unilaterally filed a claim of exemption in *Cadle I*, <u>on behalf of T&P</u>, stating that T&P owed no money other than wages to Flanagan." (<u>Id</u>. p. 3)

5.   Finally, Defendants Prymas and T&P sarcastically claim that "[t]he Court's 'one size fits all' summary judgment ruling has overlooked important distinctions applicable to Prymas and T&P . . .."  It is Defendants Prymas and T&P, however, that have overlooked the fact that their knowing and active assistance to Flanagan in the execution of his fraudulent transfer scheme has left them liable for the full amount of the harm and damage caused by the entire fraudulent transfer scheme.  Defendants Prymas and T&P should not overlook the fact that they have no one to blame for this consequence, other than themselves.

**<u>PRAYER</u>**

Plaintiffs respectfully request that the Court overrule the Motion for Reconsideration of Summary Judgment Ruling submitted by Defendants Prymas and T&P.  Plaintiffs also request that the Court sanction Defendants Prymas and T&P for the impertinent language in their Motion by ordering them to submit a brief to the Court on the requirement that all parties, even if they disagree with the Court's ruling, are still duty bound to treat the Court with civility and respect.

|  |  |
|---|---|
|  | Respectfully submitted,<br>ARMSTRONG LAW FIRM |
| DATED: May 17, 2005. | By_____/s/_____<br>F. Dean Armstrong<br>Ct. Fed. Bar #CT22417<br>1324 Dartmouth Road<br>Flossmoor, IL 60422<br>(708) 798-1599<br>Fax (708) 798-1597<br><br>Edward C. Taiman, Esq.<br>SABIA & HARTLEY, LLC<br>190 Trumbull Street<br>Suite 202<br>Hartford, CT 06103-2205<br>(860) 541-2077<br>Fax (860) 713-8944<br><br>Attorneys for Plaintiffs<br>The Cadle Company and<br>D.A.N. Joint Venture,<br>A Limited Partnership |

## Certificate of Service

I certify that a correct copy of the foregoing instrument was faxed and mailed on May 17, 2005 to all defense counsel as shown on the attached Service List.

_____/s/_____
F. Dean Armstrong