### 1UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | Case No. 3:01-CV 531 |
|     Plaintiff | : |   (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | May 9, 2005 |
|     Defendants | : | |

### AMENDED ANSWER OF DEFENDANTS STANDLEY F. PRYMAS AND THOMPSON & PECK, INC. TO SECOND AMENDED COMPLAINT

1.  So much of the second sentence of Paragraph 1 as alleges the suit involves a fraudulent conspiracy among Flanagan's business associates to transfer, hide and otherwise shield the substantial assets of Flanagan from the claims of plaintiffs is denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 1.

2.  Denied.

3.  Denied.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4.

5.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 5.1 – 5.10, 5.13. Paragraphs 5.11 and 5.12 are admitted.

6-24.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6-24.

25.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25, and it is further averred that no

notice of any court order was served on either defendant Prymas or Thompson & Peck, Inc.

26-42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraphs 26-42.

43. Paragraph 43 is admitted.

44. So much of Paragraph 44 as alleges a property execution in a federal suit was served on the Insurance Agency by service on its president Prymas is admitted. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 44.

45. So much of Paragraph 45 as alleges that Prymas was concerned about Flanagan's creditors and that during the summer of 1998 Flanagan and Prymas had some discussions about Flanagan's stock in the Insurance Agency is admitted; the balance is denied.

46. So much of Paragraph 46 as alleges that in the summer of 1998 Flanagan and Prymas entered into a shareholder agreement restricting the ability to either shareholder to transfer of otherwise encumber their Insurance Agency stock and that a restrictive legend be placed on the stock to limit its transferability is admitted; the balance is denied.

47. So much of Paragraph 47 as alleges that Bainer prepared a shareholders' agreement is admitted. The provisions of said shareholders' agreement are neither admitted nor denied, as the document speaks for itself. The balance of Paragraph 47 is denied.

48. So much of Paragraph 48 as alleges that Flanagan signed the shareholder agreement and that Bainer typed the restrictive legend on Flanagan's stock

certificate and then returned the stock certificate to Flanagan is admitted. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of averments in Paragraph 48.

49. So much of Paragraph 49 as alleges Bainer received the Insurance Agency stock from Flanagan, typed the restrictive legend on Flanagan's stock certificate and returned the stock certificate to Flanagan is admitted. The balance of Paragraph 49 is denied.

50-52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50-52.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 53. The balance of Paragraph 53 is neither admitted nor denied, as the document speaks for itself.

54. Paragraph 54 is neither admitted nor denied, as the document speaks for itself.

55. Paragraph 55 is neither admitted nor denied, as the document speaks for itself.

56. Paragraph 56 is neither admitted nor denied, as the document speaks for itself.

57. Paragraph 57 is denied.

58. So much as Paragraph 58 as alleges that in 1996 Flanagan and Prymas had a dispute over control of the Insurance Agency, which resulted in a suit filed by Flanagan against Prymas in a State court in Connecticut, which suit was settled in mid June, 1997, is admitted. Defendants neither admit nor deny the third sentence of Paragraph 58, as the Settlement Agreement speaks for itself.

Defendants deny so much of Paragraph 58 as alleges it was fully recognized by Prymas that the settlement proceeds due to Flanagan where not exempt wages. It is further denied that the agency's accountant opined that the payments to Flanagan under the Settlement Agreement were not wages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 58.

59.     So much of Paragraph 59 as alleges a property execution was served on the Insurance Agency and Prymas is admitted. The balance of Paragraph 59 is denied.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 60.

61.     So much of Paragraph 61 as alleges the TCC served Post-Judgment Remedies Interrogatories on Prymas and the Insurance Agency and that Prymas forwarded the PJR Interrogatories to Bainer with a request that Bainer review the documents and advise how to respond is admitted. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 61.

62.     So much of Paragraph 62 as alleges Bainer advised Prymas to respond that no money was due by the Insurance Agency to Flanagan and that Prymas mailed to Plaintiffs' counsel responses to the PJR Interrogatories is admitted. The balance of Paragraph 62 is denied.

63.     Paragraph 63 is denied.

64-72.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraphs 64-72.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76-77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraphs 76-77.

78. Defendants incorporate their responses to all preceding and succeeding paragraphs as the response for each of the following counts, as if fully set forth.

79-83. The allegations of Paragraphs 79-83 are denied.

84. No response to this allegation is required, as this count has been dismissed.

85-87. The allegations of Paragraphs 85-87 are denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

The plaintiff is estopped in prosecuting this action against defendants Prymas and Thompson & Peck by its own conduct as follows:

1. It failed to take any steps to have notice of court orders served on Prymas and Thompson & Peck;

2. It received full payment on the Federal Court collection action, which is the basis of its claims against said defendants;

3. It engaged in overreaching and/or unethical conduct toward the defendants Prymas and/or Thompson & Peck by its agent, servant, attorney or employee in the course of attempting to collect sums from defendant Flanagan.

4. They released Flanagan from his debts.

**SECOND AFFIRMATIVE DEFENSE:**

The plaintiff has been paid all sums due in the Federal Court Collection Action, which forms the basis of claims against these defendants.

**THIRD AFFIRMATIVE DEFENSE:**

The complaint fails to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE:**

The plaintiff comes to court with unclean hands.

**FIFTH AFFIRMATIVE DEFENSE:**

The claims against defendants Prymas and Thompson & Peck are asserted without probable cause or reasonable basis and constitute vexatious litigation.

**SIXTH AFFIRMATIVE DEFENSE:**

Prymas and Thompson & Peck relied in good faith on professional legal and accounting advice in changing the tax classification of the settlement/judgment proceeds paid to Charles Flanagan.

**SEVENTH AFFIRMATIVE DEFENSE:**

The plaintiffs has failed to mitigate their damages by releasing Charles Flanagan from his debts.

**EIGHTH AFFIRMATIVE DEFENSE:**

Plaintiffs have waived any right to seek damage from the defendants herein by virtue of their release of Charles Flanagan's indebtedness to them.

**WHEREFORE** the plaintiff should take nothing by its claims.

        Respectfully submitted,

        THE DEFENDANTS, STANLEY F. PRYMAS
        and THOMPSON & PECK, INC.

BY: _____
        WILLIAM F. GALLAGHER
        Federal Bar #ct04147
        BARBARA L. COX
        Federal Bar #ct08523
        The Gallagher Law Firm
        1377 Boulevard
        P.O. Box 1925
        New Haven, CT  06509
        Tel:  203-624-4165
        Fax:  203-865-5598

## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing was mailed on the date above written to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill. 60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, *pro se*
12 Green Hill Road
North Haven, CT 06473-2146

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

 

_____
BARBARA L. COX