**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE CADLE COMPANY** and | § | **No. 3:01CV531(AVC)** |
| **D.A.N. JOINT VENTURE,** | | |
| **A LIMITED PARTNERSHIP,** | § | |
| | | |
| Plaintiffs, | § | |
| | | |
| vs. | § | |
| | | |
| **CHARLES A. FLANAGAN, et al.** | § | **May 18, 2005** |
| | | |
| Defendants. | § | |

**PLAINTIFF'S MOTION IN LIMINE**
**AND BRIEF IN SUPPORT THEREOF**

Prior to commencement of the trial of this cause, Plaintiffs (collectively, "Cadle") request the Court to order counsel for the Defendants and, through them, the Defendants and all of the Defendants' witnesses, to refrain from making any reference (directly or indirectly, by any means whatsoever) to any of the matters set forth below within the hearing of any ultimate or prospective jurors called or selected to sit in this case.

### 1.   The Trebling Of Damages Under RICO

The fact that the Court may, based upon the jury verdict, treble the jury's response to the amount of actual damages is not relevant to any issue in this case, and would only serve to confuse the jury as to their role in determining the amount of actual damages in this case.  See HBE Leasing Corporation v. Frank, 22 F.3d 41, 45-6 (2d Cir. 1994).  Accordingly, the Court

should prohibit in limine the Defendants from mentioning any reference to the fact that the amount of actual damages to be decided by the jury may be trebled by the Court when the Court enters a final judgment in this case.

### 2. The Amount Paid By Cadle For The Package Of Loans Or The Underlying Claim

The issue in the case is not the amounts paid by Cadle to the bank/FDIC/seller for the package of loans relating to Charles A. Flanagan ("Flanagan"). Rather, the issue is the Defendants' wrongful conduct. Any mention by the Defendants of the amount paid by Cadle for the entire loan package or the claims at issue would be completely irrelevant to the issues in this case, and would be unfairly prejudicial to Cadle's cause. The introduction of or reference to the purchase price which Cadle paid for the underlying claims will not have the tendency to make the existence of any fact that is relevant to the determination of this action more probable or less probable than it would be without such evidence. As provided in Rule 401, F.R.E., this evidence is not relevant and thus is inadmissible.

### 3. The Acquisition Of Loans For Less Than Face Value

The Defendants should not be permitted to do indirectly what they can't do directly. Accordingly, for the reasons set forth in No. 2 above, the Defendants should be prohibited from

making any reference to the acquisition by Cadle, or others, of loans (whether from a governmental agency or any other seller) at a discount or for an amount less than face value.

### 4. Other Litigation Involving Cadle Or Dan Cadle

Because of the nature of Cadle's business, there are numerous lawsuits between Cadle (as well as Dan Cadle) and third parties not related to the Defendants or any issues in this case. These other suits are not relevant to the issues in this case and would only serve to prejudice the jury against Cadle. Further, reference to these other suits would only confuse the jury and complicate and significantly lengthen the trial of this case.

Cadle should not be put to the task of trying all of the other litigation involving Cadle in this case. The pleadings and claims made in these other lawsuits, or even a reference to the pendency of the other lawsuits, are unfairly prejudicial and are irrelevant and inadmissible. Accordingly, the Court should rule that any evidence pertaining to other litigation involving Cadle or Dan Cadle (such as the number of lawsuits that Cadle has been involved in; the number of depositions that Dan Cadle has sat for; the number of attorneys that Cadle has engaged throughout the United States; and the amount of money paid by

Cadle to various attorneys throughout the United States) is not admissible in this case.

### PRAYER

Plaintiffs respectfully request that the Court grant this Motion in Limine and instruct counsel for the Defendants and, through them, the Defendants and all of the Defendants' witnesses, to refrain from making any reference (directly or indirectly, by any means whatsoever) to any of the matters set forth above within the hearing of any prospective or actual jurors in this case.

                            Respectfully submitted,
                            ARMSTRONG LAW FIRM

DATED: May 18, 2005.        By_____/s/_____
                              F. Dean Armstrong
                              Ct. Fed. Bar #CT22417
                              1324 Dartmouth Road
                              Flossmoor, IL 60422
                              (708) 798-1599
                              Fax (708) 798-1597

                              Edward C. Taiman, Esq.
                              SABIA & HARTLEY, LLC
                              190 Trumbull Street
                              Suite 202
                              Hartford, CT 06103-2205
                              (860) 541-2077
                              Fax (860) 713-8944

                              Attorneys for Plaintiffs
                              The Cadle Company and
                              D.A.N. Joint Venture,
                              A Limited Partnership

**<ins>Certificate of Service</ins>**

I certify that a correct copy of the foregoing instrument was faxed and mailed on May 18, 2005 to all defense counsel as shown on the attached Service List.


_____/s/_____
F. Dean Armstrong