UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and<br>D.A.N. JOINT VENTURE,<br>A LIMITED PARTNERSHIP, | §<br>§ | No. 3:01CV531 (AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al., | § | May ___, 2005 |
| Defendants. | § | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Respectfully submitted,

ARMSTRONG LAW FIRM

Edward C. Taiman, Esq.
SABIA & HARTLEY, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205
(860) 541-2077
Fax (860) 713-8944

By_____/s/_____
F. Dean Armstrong
Ct. Fed. Bar #CT22417
1324 Dartmouth Road
Flossmoor, IL 60422
(708) 798-1599
Fax (708) 798-1597

DATED: May ___, 2005.

Attorneys for Plaintiffs
The Cadle Company and
D.A.N. Joint Venture,
A Limited Partnership

**Certificate of Service**

I certify that a correct copy of the foregoing instrument was faxed and mailed on May ___, 2005 to all defense counsel as shown on the attached Service List.

_____/s/_____
F. Dean Armstrong

### (1) GENERAL INSTRUCTION - AGENCY

Defendant Thompson & Peck, Inc. is a corporation. A corporation can only act through its officers, directors, agents or employees, and the corporation is liable for those acts performed by such persons in the course of their business or employment. A corporation is liable for the actions of its officers, directors, agents or employees even if the corporation did not specifically authorize or participate in the transactions. A corporation is also liable for the wrongful conduct of any of its officers, directors, agents or employees when any such persons are acting within the course and scope of their actual or apparent authority.

You are hereby instructed that at all relevant times Charles A. Flanagan and Stanley F. Prymas were officers and directors of Thompson & Peck, Inc., and that Defendant Todd R. Bainer was the attorney and agent for Thompson & Peck, Inc.

You are further instructed that the knowledge of or notice to an officer, director or agent of a corporation about matters that may pertain to the corporation is the equivalent of knowledge of or notice to the corporation itself.

(2) <u>**GENERAL INSTRUCTION - KNOWLEDGE**</u>

The means of knowledge are ordinarily the equivalent in law to knowledge. So, if it appears from the evidence in the case that a person had information which would lead a reasonably prudent person to make inquiry through which that person would surely learn certain facts, then this person will be presumed to have actual knowledge of those facts, the same as if he had made such inquiry and learned such facts. That is to say, the law will charge a person with notice and knowledge of whatever that person would have learned, upon making such inquiry as it would have been reasonable to expect that person to make under the circumstances.

(3) <u>**GENERAL INSTRUCTION - PREPONDERANCE OF THE EVIDENCE**</u>

The burden is on each party in a civil action such as this to prove every essential element of their claim by a

"preponderance of the evidence." Plaintiffs must prove each element of their claims against the Defendants by a preponderance of the evidence, and the Defendants must prove each element of their affirmative defenses by a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so. Accordingly, each of the questions listed below must be answered based on a preponderance of the evidence standard, and not some other or higher standard that you may have heard about in some other cases.

## I. RICO

Plaintiffs allege that the Defendants named herein, as well as alleged co-conspirator Charles A. Flanagan ("Flanagan"), engaged in conduct in violation of the Racketeer Influenced and Corrupt Organizations Act, otherwise known as "RICO". In order to prevail on a RICO claim, Plaintiffs must show, by a

preponderance of the evidence, (1) a violation of §1962 of the RICO statute, and (2) an injury to Plaintiffs' business or property by reason of a violation of the RICO statute.

### Sections 1962(b) & (c)

Section 1962(b) of the RICO statute provides that:

> It shall be unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Section 1962(c) of the RICO statute provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

As used in §1962 of RICO:

> (1) "Racketeering activity" includes any act indictable under the federal mail fraud, wire fraud, or bankruptcy fraud statutes.
>
> (2) "Pattern of racketeering activity" requires at least two acts of racketeering activity within a 10 year period of time (referred to as "predicate acts"), and that the predicate acts are related and sufficiently continuous.
>
>> (a) The predicate acts are "related" if they involve the same or similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.
>>
>> (b) The predicate acts are sufficiently "continuous" if they amount to, or otherwise constitute a threat of, continuing wrongful activities. This continuity requirement can be met by

-4-

> showing a series of related predicate acts extending over a substantial period of time, or by showing that the predicate acts posed a threat of repetition extending indefinitely into the future. The continuity requirement can also be satisfied where it is shown that the wrongful acts are the regular way of conducting the defendant's ongoing legitimate business.
>
> (3) An "enterprise" is an individual, partnership, corporation, association or other legal entity, or group of individuals associated in fact although not a legal entity. An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or has an effect on commerce between the states or between the states and foreign countries.
>
> (4) "Employed by or associated with" means that a defendant must have a minimal association with the enterprise. A defendant must know something about the enterprise's activities as they relate to the racketeering activity, but it is not necessary that the defendant be aware of all racketeering activities of each of the participants in the enterprise.
>
> (5) For a claim under §1962(c), "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs" requires a person to participate in the operation or management of the enterprise itself. However, the defendant need not have primary responsibility for the enterprise's affairs or a formal position in the enterprise. Further, there is no requirement that the defendant have significant control over or within the enterprise.

For Plaintiffs' §1962(b) claims, Plaintiffs contend that the Defendants, along with alleged co-conspirator Flanagan, engaged in a "pattern of racketeering activity" through mail fraud, wire fraud and bankruptcy fraud to acquire an interest in, or maintain control of, Flanagan's financial empire, which is the alleged "enterprise", the affairs of which affect interstate commerce.

-5-

For Plaintiffs' §1962(c) claims, Plaintiffs contend that the Defendants, along with alleged co-conspirator Flanagan, participated in an associational enterprise-in-fact which was devoted to the purpose of hiding, transferring and otherwise shielding Flanagan's assets from the judgment and other debt claims of Plaintiffs and the continuing custodianship over Flanagan's assets; that this alleged scheme constitutes an enterprise affecting interstate commerce; and that the Defendants and Flanagan participated in the conduct of the enterprise's affairs through a pattern of mail fraud, wire fraud and bankruptcy fraud.  It is not required that each Defendant be associated with the enterprise for the entire time that the enterprise existed.  However, for Plaintiffs' §1962(c) claims it is required that Plaintiffs prove that at some period of time during the life of the enterprise the Defendant was associated with the enterprise.

The mail fraud statute, 18 U.S.C. §1341, provides in pertinent part that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . shall be [guilty of an offense against the laws of the United States].

In a civil RICO case, to prove a predicate act of mail fraud a plaintiff must show that:

> (1) the defendant participated in some scheme or artifice to defraud;
>
> (2) the defendant or someone associated with the scheme used the mails or "caused" the mails to be used; and
>
> (3) the use of the mails was for the purpose of executing the scheme.

The wire fraud statute, 18 U.S.C. §1343, provides in pertinent part that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by any means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of an offense against the laws of the United States].

In a civil RICO case, to prove a predicate act of wire fraud a plaintiff must show that:

> (1) the defendant participated in some scheme or artifice to defraud;
>
> (2) the defendant or someone associated with the scheme used interstate telephone communications or "caused" interstate telephone communications to be used; and
>
> (3) the use of interstate telephone communications was for the purpose of executing the scheme.

For their mail fraud or wire fraud claims, Plaintiffs need only show the connection of the defendant to the overall fraudulent scheme which, during some part thereof, involves the use of the mail or long distance wire communications. Indeed, so long as one participant in a fraudulent scheme "causes" the use of the mail or interstate telephone wires in the execution of the

-7-

fraudulent scheme, all other knowing participants in the scheme are legally liable for the use of the mail or the interstate wires. A defendant "causes" a use of the mail or wires when that defendant does an act knowing that the use of the mail or wires will follow in the ordinary course of business, or if the defendant reasonably could foresee that the use of the mail or wires would follow, even if the defendant did not actually intend for the use of the mail or wires to follow.

Although the use of the mails or interstate wires must be a part of the execution of the overall fraudulent scheme, the use of the mails or long distance telephone communications need not be an essential element of the scheme. Rather, it is sufficient for the mailing or long distance telephone communication to be (a) incident to an essential part of the scheme or (b) a step in the plot.

Each separate use of the mails or interstate wires in furtherance of a scheme to defraud can constitute a separate violation of the mail fraud or wire fraud statute.

It is not necessary that the person who did the actual mailing or made the long distance telephone communication be a participant in the scheme to defraud or even have knowledge of the scheme to defraud. Plaintiffs need not show that each Defendant personally utilized the mail for long distance wire communications in connection with the execution of the overall fraudulent scheme. Rather, so long as one participant in a fraudulent scheme causes a use of the mails or long distance telephone communications in execution of the fraudulent scheme,

-8-

all other knowing participants in the scheme are legally liable for that use of the mails or long distance telephone communications. The use of the mails or long distance telephone communications by one co-schemer is chargeable to all participants even if the other participants could not have foreseen that the use of the mails or long distance telephone communications would occur.

The bankruptcy fraud statute, 18 U.S.C. §152, provides in pertinent part that:

> A person who (1) knowingly and fraudulently conceals from a custodian, trustee . . . or other officer of the court charged with control or custody of property, or, in connection with a case under title 11 [bankruptcy], from creditors or the United States Trustee, any property belonging to the estate of a debtor; (2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11 [bankruptcy]; [or] (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury . . . in relation to any case under title 11 [bankruptcy] . . . shall [violate Section 152 of Title 18].

In a civil RICO case, to prove a predicate act of bankruptcy fraud a plaintiff must show that:

> (1) the debtor or the defendant knowingly and fraudulently concealed from creditors or the United States Trustee any property belonging to the bankruptcy estate of a debtor; or
>
> (2) the debtor or the defendant knowingly and fraudulently made a false oath or account in or in relation to a bankruptcy proceeding; or
>
> (3) the debtor or the defendant knowingly and fraudulently made a false declaration, certificate, verification or statement under

-9-

penalty of perjury in relation to a bankruptcy proceeding.

Title 18, United States Code, §2 provides:

Whoever commits [mail fraud, wire fraud or bankruptcy fraud] or aids, abets, counsels, commands, induces, or procures its commission, is [liable] as a principal.

Whoever willfully causes an act to be done, which if directly performed by him or another would be [mail fraud, wire fraud or bankruptcy fraud], is [liable] as a principal.

Further, mail fraud, wire fraud or bankruptcy fraud as predicate acts may be established without proof that any one Defendant did every act constituting mail fraud, wire fraud or securities fraud. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort.

Under RICO, one co-schemer is liable for the other co-schemers' predicate acts. Indeed, upon joining a fraudulent conspiracy, each defendant becomes liable for the prior conduct of the earlier conspirators, and remains liable for the subsequent conduct of the other conspirators.

### Section 1962(d)

Plaintiffs also contend that the Defendants, along with alleged co-conspirator Flanagan, violated Section 1962(d) of RICO, which provides that "it shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (b), or (c) of this section." Accordingly, for a violation of

-10-

§1962(d), Plaintiffs must prove, by a preponderance of the evidence, (1) that Flanagan or one or more of the Defendants engaged in conduct in violation of §1962(b) or §1962(c); and (2) that the Defendant knew about and agreed to facilitate some material aspect of the overall fraudulent scheme.

A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of Section 1962(b) and/or Section 1962(c) under the law that I have given you with respect to those sections.

To prove their conspiracy claims, Plaintiffs do not have to show that the Defendant had full knowledge of all of the details of the conspiracy, but only that each Defendant was aware of the general nature of the conspiracy and that the conspiracy extended beyond the Defendant's individual role.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or without knowledge of the names and identities of all of the other alleged conspirators. If the Plaintiffs prove by a preponderance of the evidence that the particular Defendant has knowingly and willfully joined the alleged conspiracy, it does not matter that the Defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

Further, the Plaintiffs must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy. An "overt act" is a transaction or event, even one

which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the Defendant under consideration willfully became a member of that conspiracy.

In determining whether there was a conspiracy you may consider all the evidence in the case. If you find that there was a conspiracy then you may attribute the statements or acts of Flanagan or any one Defendant in furtherance of the conspiracy to the other Defendants who you find to be members of the conspiracy. If you find that there was no conspiracy then you may not attribute the statements or acts of Flanagan or any one Defendant to the other Defendants.

If you find that no such conspiracy existed, then you must find for the Defendants. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.

### Causation

Finally, for the Plaintiffs to prevail under RICO, the Plaintiffs must prove by a preponderance of the evidence that the Defendant's RICO violations were the "proximate cause" of injury to the Plaintiffs' business or property. Therefore, you must find that the Plaintiffs suffered an injury to their business or

-12-

property and that the injury was caused by reason of the Defendant's violation of RICO.

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A plaintiff is injured in its business or property when it suffers loss of money or profits or a reduction in the value or worth of its business or property.

A finding that the Plaintiffs were injured in their business or property because of the Defendant's violation of RICO requires only that you find the Plaintiffs were harmed by the predicate acts.

However, to find that injury to the Plaintiffs' business or property was caused by reason of the Defendant's violation of RICO, you must find that the injury to the Plaintiffs was caused by, and was a direct result of the Defendant's violation of either Section 1962(b) or (c).

Therefore, you must find that the commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity directly resulted in the injury or played a substantial role in producing the injury.

In considering the issue of damages, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the Plaintiffs in their business or property. Damages may not be

-13-

based on speculation because it is only actual damages (what the law calls compensatory damages) that you are to determine.

Therefore, on Plaintiffs' RICO claims, the questions you must answer are as follows:

1. Did any one or more of the Defendants engage in conduct in violation of §1962(b) of RICO?

Answer by writing "Yes" or "No" next to each Defendant's name:

    _____    Leonard A. Fasano

    _____    Todd R. Bainer

    _____    Stanley F. Prymas

    _____    Thompson & Peck, Inc.

2. Did any one or more of the Defendants engage in conduct in violation of §1962(c) of RICO?

Answer by writing "Yes" or "No" next to each Defendant's name:

    _____    Leonard A. Fasano

    _____    Todd R. Bainer

    _____    Stanley F. Prymas

    _____    Thompson & Peck, Inc.

3.   Did any one or more of the Defendants engage in conduct in violation of §1962(d) of RICO?

Answer by writing "Yes" or "No" next to each Defendant's name:

_____    Leonard A. Fasano

_____    Todd R. Bainer

_____    Stanley F. Prymas

_____    Thompson & Peck, Inc.


If you have answered "Yes" to any part of Nos. 1, 2 or 3, then answer No. 4.  Otherwise, do not answer No. 4.

4.   Did Plaintiffs sustain an injury to their business or property by reason of any violations of RICO?

> A plaintiff is injured in its business or property by reason of a violation of RICO when that plaintiff suffers a loss or diminution in the value of property in which it has or had a legal or beneficial interest.
>
> ANSWER "Yes" or "No"
>
> _____

-15-

If you have answered "Yes" to No. 4, then answer No. 5. Otherwise, do not answer No. 5.

5. What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their actual damages, if any, proximately caused by such violations of RICO?

> Here Plaintiffs' damages fall into two categories: (1) lost debt damages; and (2) collection expense damages.
>
> For <u>lost debt damages</u>, Plaintiffs must show by a preponderance of the evidence the amount of the debt that they most likely would have been able to collect from Flanagan, but were prevented form doing so because of the Defendants' alleged RICO violations.
>
> For <u>collection expense damages</u>, Plaintiffs must show by a preponderance of the evidence the amount of legal fees and other expenses that they incurred in their unsuccessful attempts to collect on Flanagan's assets which were proximately caused by the Defendants' alleged RICO violations.

ANSWER:    $_____

## II.  NEGLIGENCE

For Plaintiffs' negligence claims, Plaintiffs must show, by a preponderance of the evidence, that the Defendant breached a duty to the Plaintiffs which proximately caused loss or damage to the Plaintiffs.

You are hereby instructed that the Defendants owed a duty to the Plaintiffs to honor and follow the applicable provisions of orders of this Court which the Defendant knew, must have known, or should have known to be in existence at the time that the Defendant engaged in the conduct in question.

Therefore, on Plaintiffs' negligence claims, the questions you must answer are as follows:

6. Were any one or more of the Defendants negligent in terms of complying with orders of this Court, which negligence proximately caused harm or damage to the Plaintiffs?

Answer by writing "Yes" or "No" next to each Defendant's name:

_____   Leonard A. Fasano

_____   Todd R. Bainer

_____   Stanley F. Prymas

_____   Thompson & Peck, Inc.

If you have answered "yes" to any part of No. 6, then answer No. 7. Otherwise, do not answer No. 7.

7. What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their actual damages, if any, proximately caused by such negligence?