United States District Court
District of Connecticut
FILED AT HARTFORD
5/18/05
Kevin F. Rowe, Clerk
By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs | : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| VS. | : | |
| CHARLES A. FLANAGAN, ET AL<br>Defendants | : | MAY 18, 2005 |

## DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC PROPOSED JURY CHARGES

Note to the Court: Although the following proposed charges refer to defendant Bainer only, these charges are intended to apply to the other defendants with equal applicability. The other defendants will not be filing a separate jury charge submission.

Plaintiffs claim that defendants, individually and collectively as co-conspirators violated RICO. RICO is a very complex federal statute, so I will review each element necessary with you.

A.   ENTERPRISE

In order for plaintiffs to be successful with any of their RICO claims against any of these defendants, plaintiffs must first demonstrate the existence of an "enterprise" that engaged in a pattern of racketeering activity. Racketeering activity is the commission of predicate acts,

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW   HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                           FACSIMILE (860) 525-4849                              JURIS No. 24029

something a RICO enterprise is an entity, a group of persons associated together for the common purpose of engaging in a course of conduct. U.S. v. Turkette, 452 U.S. 576 (1981). An enterprise has three primary characteristics: (1) it is an ongoing organization, formal or informal; (2) the various associates comprising the enterprise all must function as a common unit; and (3) the enterprise is an entity separate and apart from the pattern of racketeering. Id. at 583. Thus, for an association of individuals to constitute an enterprise within RICO the individuals must share a common purpose to engage in a fraudulent course of conduct and work together to achieve such purposes. United States Fire Ins. Co. v. United Limousine Service, Inc., 303 F. Supp 2d 432, 447 (S.D.N.Y. 2004).

You must first determine if an enterprise existed. That is, that Charles Flanagan had associates functioning as a common unit to engage in fraudulent conduct. I instruct you, as a matter of law, to find judgment in favor of all defendants. If you find that an enterprise existed, if you find no enterprise existed then you must then determine if each defendant, individually, was a member of that enterprise. That is, were they each a part of a common unit, with a common purpose of engaging in illegal or fraudulent. If you find that each defendant was not a member of that enterprise, then I instruct you, as a matter of law, that you must enter judgment in favor of Mr. Bainer.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS No. 24029

If you find that Mr. Bainer was a member of the enterprise, then you must next address whether the enterprise engaged in racketeering activity.

B.   RACKETEERING ACTIVITY

Racketeering activity is defined as the commission of the one of what are called predicate acts enumerated in 18 U.S.C. §1961(1). City of New York v. Cyco.net, Inc., 2005 WL 1748482 at p. 17 (S.D.N.Y.). Predicate acts are, in essence, violations of federal criminal law.

Here, plaintiffs claim three specific predicate acts: (1) bankruptcy fraud; (2) mail fraud; and (3) wire fraud.

1.   Bankruptcy Fraud

It is undisputed that Charles Flanagan field a Chapter 11 Bankruptcy Petition February 17, 1999. With specific regard to bankruptcy fraud, plaintiffs must prove to you, by clear and convincing evidence that defendant Bainer: (a) knowingly and fraudulently concealed from a custodian, trustee, marshal or other officer of the court charged with the control and custody of property, any property belonging to the estate of the debtor, here, Charles Flanagan, or (b) in connection with Charles Flanagan's Title 11 bankruptcy, knowingly and fraudulently concealed, from creditors or the U.S. Trustee any property belonging to the estate of Charles Flanagan, or (c) Bainer in a personal capacity or as an agent or officer of Flanagan in contemplation of a case under Title 11 by Flanagan or against Flanagan with the intent to defeat the provisions of Title

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

11 knowingly and fraudulently transferred or concealed any of Flanagan's property. In other words, you must find that Bainer with respect to (a) above. I instruct you that Mr. Bainer had an active role in the bankruptcy. Therefore, I charge you, that you are not to consider Bainer to have violated (a).

With regard to (b) "in connection" with means during the bankruptcy Bankers Trust Co. v. Feldesman, 648 F. Supp. 17, 24 (S.D.N.Y. 1986).

With regard to (c), an intent to engage in a transfer for the purpose of hindering potential creditors does not alone rise to the level of bankruptcy fraud. First Capital Asset Management, Inc. v. Brickellbush, Inc., 219 F.2d 576, 582 (S.D.N.Y. 2002). Plaintiffs must demonstrate that defendant Bainer engaged in the transfer with the intent to defraud a U.S. Bankruptcy court. Id.; Burke v. Dowling, 944 F. Supp. 1036, 66 (E.D.N.Y. 1995).

2.    Mail Fraud

Mail fraud is (1) a scheme to defraud, (2) the use of the mails to further, and (3) money or property as the object of that scheme. 18 U.S.C. §1341; Lorentzen v. Curtis, 18 F. Supp. 2d 322, 329 (2d Cir. 1996). A "scheme to defraud" is a plan to deprive a person of something of value by trick, deceit, chicane or overreaching. U.S. v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000). In other words, plaintiffs must prove that there was a scheme to deprive them of money by trick,

4

deceit, chicanery or over-teaching. Plaintiffs must prove the elements of mail fraud by clear and convincing evidence. Bank of China v. NBM LLC, 359 F.3d 171, 175 (2d Cir. 2004).

With specific regard to correspondence between Mr. Bainer and other attorneys, I instruct you, as a matter of law, that correspondence between attorneys cannot be considered predicate acts of mail fraud. Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 393 (S.D.N.Y. 2000); Morin v. Trupin, 711 F. Supp. 97, 105 (S.D.N.Y. 1998). Thus, to hold Mr. Bainer to be responsible for a predicate act of mail fraud, plaintiffs must prove that Bainer sent a mailing to non-lawyers, which mailing was in furtherance of the "scheme to defraud" plaintiffs of money or property.

3.   Wire Fraud

Wire fraud is the commission of fraud through the use of interstate wire transmission which you would understand to be telephone communication, including facsimile transmissions through the phone lines. Specifically, plaintiffs must demonstrate by clear and convincing evidence: (1) the existence of a scheme to defraud; (2) defendant Bainer's knowing or intentional participation in the scheme; and (3) his use of transmission facilities in furtherance of the scheme. Odyssey re: (London) Limited v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 282, 301 (S.D.N.Y. 2001); S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996). You are asked to use the definition of "scheme to defraud" from mail fraud

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                 FACSIMILE (860) 525-4849                 JURIS No. 24029

above. Wire fraud also requires the additional element of a communication crossing state lines. Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York, 808 F. Supp. 213, 227 (S.D.N.Y. 1992); Mathon v. Feldstein, 303 F. Supp. 2d 317 (E.D.N.Y. 2004). Also, as with mail fraud, I instruct you that, as a matter of law, wire communications between attorneys cannot be considered predicate acts of wire fraud.

If you find that defendant Bainer did not commit bankruptcy fraud, mail fraud or wire fraud, then I instruct you as a matter of law to find judgment in favor of Mr. Bainer.

4.      Proximate Causation

If you find by clear and convincing evidence that Mr. Bainer committed any of the above predicate acts of bankruptcy fraud, mail fraud or wire fraud, you must next determine whether those predicate acts were the proximate cause of plaintiffs' injury.

The proximate cause requirement means that plaintiffs must also prove three elements: "but for causation" transactions and loss causation. Baisch v. Gallina, 346 F.3d 366, 373 (2d Cir. 2003). "But for" causation means you must find that, but for the predicate act committed by Bainer, plaintiffs would not have suffered any injury. "Transaction causation" means that the fraud must have led plaintiffs to enter into the transaction at issue. "Loss causation" means that

6

the fraud must be both actual and proximate source of the loss that plaintiffs suffered. Odyssey re: (London) Ltd. V. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 282, 302 (S.D.N.Y. 2000). Thus, in addition to showing that "but for" defendants' fraudulent acts the transaction would not have come about, the plaintiffs must also show that the misstatements were the sole reason the transaction turned out to be a losing one. Additionally, when factors other than the defendant's fraud are an intervening direct cause of plaintiffs' injury, that same injury cannot be said to have occurred "by reason of" the defendant's actions. Oak Beverages, Inc. v. Tomra of Massachusetts, L.L.C., 96 F. Supp. 2d 336, 342 (2d Cir. 1995).

As part of the causation element for mail and wire fraud, plaintiffs must also prove reliance. That is, plaintiffs must show "reasonable reliance" on defendant Bainer's fraudulent acts. Bank of China v. NBM LLC, 359 F.3d 171 (2d Cir. 2004). The plaintiffs, however, need not be the entity that relied on Bainer's fraudulent acts, as long as a third party relied on such fraud. Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 263 (2d Cir. 2004).

If you find that the fraudulent acts personally committed by defendant Bainer were not the proximate cause of plaintiffs' injury, I instruct you as a matter of law, you must find in favor of Bainer and against plaintiffs as to plaintiffs' RICO §1962(b) and §1962(c) claims.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029

If you find that defendant Bainer committed one or more predicate acts and that those predicate acts proximately caused plaintiffs' injury, then you must next address liability under the specific RICO provisions of §1962(b), §1962(c) and §1962(d).

C.  §1962(b)

Section 1962(b) makes in unlawful for a person, through a pattern of racketeering activity, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

1.  Pattern of Racketeering

To establish a "pattern of racketeering" plaintiffs must demonstrate by a preponderance of the evidence that Bainer committed at least two predicate acts of racketeering activity within a ten year period. First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004). Moreover, Bainer's predicate acts must be (1) related and amount to or pose a threat of (2) continued criminal activity. Kades v. Organic, Inc., 2003 WL 470331 at p. 10.

If you find that defendant Bainer did not commit at least two predicate acts of racketeering in a ten year period of time, then I instruct you as a matter of law to enter judgment in favor of defendant Bainer and against plaintiffs as to their §1962(b) claims.

If you find that defendant Bainer did commit at least two predicate acts of racketeering within ten years, then you must next determine if those acts are "related".

8

For Bainer's racketeering acts to be "related" they must have the same purpose, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.</u>, 187 F.3d 229, 240 (2d Cir. 1999).

If you find that the predicate acts committed by Mr. Bainer are not "related", I instruct you as a matter of law to enter judgment in favor of Bainer and against plaintiffs as to plaintiffs RICO §1962(b) claims.

If you find that the predicate acts committed by Bainer are "related" you must next address the issue of whether Bainer's predicate acts "amount to or pose a threat of continued criminal activity."

The continued criminal activity/continuity necessary to prove a pattern can either by "closed-ended continuity" or "open-ended continuity". <u>Kades v. Organic, Inc.</u>, 2003 WL 470331, p. 10.

Closed-ended continuity is defined as a series of related predicate acts amounting to continued criminal activity by a particular defendant extending over a substantial period of time. <u>DeFalco v. Bernas</u>, 224 F.3d 286, 321 (2d Cir. 2001). I instruct that, as a matter of law, a "substantial period of time" means a period not less than two years. <u>DeFalco</u>, 244 F.3d at 321.

9

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849         JURIS No. 24029

If you find that the predicate acts committed by Bainer spanned less than two years in duration, then I instruct you to find no closed-ended continuity.

Open-ended continuity will exist where Bainer's predicate acts themselves include a specific threat of repetition extending indefinitely into the future or where it is shown that the predicate acts are a regular way of conducting Bainer's on-going legitimate business. Brookes v. August 22 Development d/b/a, 1997 WL 76664 at p. 3 (D.Conn. 1977).

If you find that there was no closed-ended and no open-ended continuity, I instruct you, as a matter of law, that you must enter judgment in favor of Bainer and against plaintiffs as to plaintiffs' RICO claim under §1962(b).

2.  Interest in or Control Over the Enterprise

If you find that there was either closed-ended or open-ended continuity, you must next determine whether defendant Bainer not only had some interest or control over the enterprise, but also that this interest in or control over the enterprise was associated with, or connected to, or acquired by, or maintained by the pattern of racketeering activity. Riverwoods Chappaqua v. Marine Midland Bank, N.A., 30 F.3d 339 (1994).

If you find that defendant Bainer did not have an interest in or control over the enterprise which was associated with, or connected to, or acquired by, or maintained by the pattern of

10

racketeering activity then, you must enter judgment in favor of defendant Bainer and against plaintiffs as to plaintiffs §1962(b) claim against him.

3.  Acquisitional Injury

If you find that Bainer did have an interest in or control over the enterprise, which was associated with, or connected to, or acquired by or maintained by the pattern of racketeering activity then you must next address whether plaintiffs suffered "an acquisition or maintenance injury". That is, you must determine whether plaintiffs suffered an injury caused by Bainer's acquisition of an interest in the enterprise. United States Fire Ins. Co. v. United Limousine Service, Inc., 303 F. Supp. 2d 432, 450 (S.D.N.Y. 2004). I caution you that this injury must be distinct from an injury resulting from the pattern of racketeering activity which you will address separately below.

If you find that plaintiffs did not suffer such a separate "acquisitional injury" then, as a matter of law, I instruct you to enter judgment in favor of defendant Bainer and against plaintiffs as to plaintiffs §1962(b) claim against defendant Bainer.

If you find that plaintiffs did suffer such a separate "acquisitional injury" then you must next address the issues of injury and proximate cause detailed below in Sections F and G.

D.  §1962(c)

11

Section 1962(c) makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprises affairs through a pattern of racketeering.

A violation of §1962(c) by Bainer requires his participation in the (1) conduct (2) of the enterprise (3) through a pattern (4) of racketeering. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985).

1. Conduct

To "conduct or participate" directly or indirectly, in the conduct of the enterprise's affairs requires Bainer's participation in the operation and management of the enterprise itself, meaning he must have some part in directing the enterprise's affairs. Reves v. Ernst & Young, 507 U.S. 170 (1993). "Conduct" requires some degree of direction and "participate" requires some part in that direction. Id. Aiding and abetting a violation is insufficient to trigger liability. Lesavoy v. Lane, 2004 WL 99815 at p. 11 (S.D.N.Y. January 22, 2004). Performance of tasks that are necessary, important or even helpful to the enterprise, without more is also insufficient, since providing important services is not the same as directing the affairs of an enterprise. Id., Madanes v. Madanes, 981 F. Supp. 241, 256-57 (S.D.N.Y. 1997). With specific regard to attorneys, I instruct you that, as a matter of law, Bainer's provision of standard legal services

12

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361              FACSIMILE (860) 525-4849              JURIS No. 24029

does not create liability for Bainer. <u>Madanes</u>, 981 F. Supp. at 257, even if the provision of his services was essential to the operation of the RICO enterprise. <u>Id</u>.

I instruct you, as a matter of law, that if you find that defendant Bainer did not participate in the operation and management of the enterprise, then you must find in favor of defendant Bainer and against plaintiffs as to plaintiffs claim under §1962(c).

2.      <u>Pattern of Racketeering</u>

If you find that defendant Bainer did participate in the operation and management of the enterprise, then you must next address whether there was a pattern of racketeering activity by defendant Bainer individually, this is a pattern of the predicate acts of defendant Bainer you previously found to exist.

I ask that you use the same criteria for pattern as I gave you for §1962(b).

That is, you must find that Bainer's predicate acts are related. If Bainer's predicate acts are not "related" you must enter judgment in favor of Bainer and against plaintiffs as to plaintiffs claims under §1962(c).

If Bainer's predicate acts are "related" you must next determine whether Bainer's predicate acts amount to or pose a threat of continued criminal activity.

Continued criminal activity can be either "closed-ended" or "open-ended" continuity.

13

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

If you do not find either closed-ended or open-ended continuity, then you must enter judgment for defendant Bainer and against plaintiffs as to plaintiffs claim under §1962(c).

If you find either closed-ended or open-ended continuity, then you must next address the issue of "injury" and proximate causation detailed below in Sections F and G.

E.    §1962(d)

Section 1962(d) makes it unlawful for any person to conspire to violate §1962(a) (b) or (c).

1.    Substantive Violation

There can be no RICO conspiracy without a substantive violation, i.e., here a violation of §1962(b) or (c). Therefore, I instruct you, as a matter of law, that if you find no violation of §1962(b) or (c) by defendant Bainer, then you must find that he is not liable under §1962(d) and enter judgment in his favor. First Capital Asset Management, Inc. v. Brickellbush, 219 F. Supp. 2d 576, 588 (S.D.N.Y. 2002)

2.    Knowledge

If you find a substantive violation against defendant Bainer, then plaintiffs must show that defendant Bainer knew about and agreed to facilitate the scheme. Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003). Additionally, plaintiffs must show that defendant Bainer embraced the objective of the alleged conspiracy, or, by his words or actions, manifested an agreement to

commit two predicate acts in furtherance of the common purpose of the RICO enterprise. Kades v. Organic, Inc., 2003 WL 470331 at p. 13 (S.D.N.Y. February 24, 2003); (citing Colony at Holbrook, Inc. v. Strata G.C., Inc., 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996); Wood v. Incorporated Village of Patchague of N.Y., 311 F. Supp. 2d 344, 360 (E.D.N.Y. 2004).

If you find that defendant Bainer, by words or actions, did not manifest an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise, then I instruct you, as a matter of law, to find in favor of defendant Bainer and against plaintiffs on plaintiffs claim under §1962(d).

If you find that defendant Bainer, by words or actions, did manifest an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise, then you must next address "injury" defined below.

F.  INJURY

Plaintiffs must demonstrate that they suffered an injury to their business or property. That means they must have suffered some actual out-of-pocket financial loss. Dornberger v. Metropolitan Life Ins. Co., 961 F. Supp. 506, 52 (S.D.N.Y. 1997). RICO injury does not exist so long as the loss is speculative or the amount and nature is not proveable. Rohland v. Syn-fuel Assoc. LTD Partnership, 879 F. Supp. 322 (S.D.N.Y. 1995).

It is only after plaintiffs have exhausted the bargained for remedies available to them that they can assert that they were damaged by defendants fraud and then only to the extent of the deficiency. Motorola Credit Corp. v. Uzan, 322 F.3d 130, 135 (2d Cir. 2003). That is because damages as compensation under RICO for injury to property, must place plaintiffs in the same position they would have been in but for the illegal conduct. Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 612 (2d Cir. 1998). To the extent plaintiffs' have recovered money in excess of plaintiffs' total investment, plaintiffs have suffered no RICO loss. Id.

Here, plaintiffs claim that "but for" the RICO violations committed by defendants, they (1) would have received the bi-weekly settlement agreement payment from Thompson & Peck to Charles Flanagan; (2) would have gained possession of the stock and been able to sell the stock for $1 million; and (3) would not have had to incur legal fees to collect on its judgments.

There is in evidence the amount of money plaintiffs paid for the loan packages and judgments against Charles Flanagan. There is also in evidence the amounts plaintiffs collected in connection with the Flanagan debts: $99,542.87 paid in the federal court litigation known as Cadle I; and $485,000.00 received by plaintiffs for the sale of Charles Flanagan's home.

Plaintiffs also claim they incurred attorneys fees. As a matter of law, I instruct you that only the attorneys fees incurred after the judgments were entered may be considered by you as damages. Motorola Credit Corp. v. Uzan, 322 F.3d at 135-36. Additionally, I instruct you, as a

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361              FACSIMILE (860) 525-4849                       JURIS No. 24029

matter of law, that plaintiffs suffered no damages after February 17, 1999, the date Mr. Flanagan filed his Chapter 11 bankruptcy. Cadle v. Flanagan, 3:01CV531(AVC). Ruling on Flanagan's Motion for Summary Judgment dated _____.

If after you deduct amounts of money recovered by plaintiffs, you find that plaintiffs suffered no loss, then you must find that there is no injury and you are instructed as a matter of law to enter judgment in favor of the defendants and against plaintiffs on plaintiffs' claims.

If after you have deducted amounts recovered, you have a net positive number, you must next determine whether those damages were factually and proximate caused by the acts of defendants.

G.    PROXIMATE CAUSATION

In order for plaintiffs to be entitled to bring their RICO claims against defendants, you must determine whether plaintiffs' injury was by reason of the RICO violations.

"By reason of" means plaintiffs' injuries must be both factually and proximately caused by the alleged RICO violation. Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 262 (1992). This is often called "but for" causation meaning but for the RICO violation, plaintiffs would not have been injured. In other words, plaintiffs must have suffered an injury that was directly, not indirectly, caused by the RICO predicate acts, even if plaintiffs' injury was proximately caused by some non-RICO violations committed by defendants. Baisch v. Gallina,

17

346 F.3d 366, 373 (2d Cir. 2003). A defendant is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were a substantial factor in the sequence of responsible causation and whose injury was reasonably foreseeable or anticipated as a natural consequence. Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 258 (2d Cir. 2004).

If you find that plaintiffs' injuries were not proximately caused by defendant Bainer's predicate acts, then as a matter of law, I instruct you to enter judgment in favor of defendant Bainer.

If after finding plaintiffs have proven all of the aforementioned necessary elements for RICO violations by Bainer, and you find that plaintiffs' injuries were proximately caused by defendant Bainer's predicate acts, then you may find in favor of plaintiffs.

::ODMA\PCDOCS\DOCS\393129\1

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361   FACSIMILE (860) 525-4849   JURIS No. 24029