UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL | : | CIVIL ACTION NO: 3:01CV531 (AVC) |
| Plaintiffs | : | |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
| Defendants | : | MAY 18, 2005 |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, the defendants Leonard Fasano and Fasano, Ippolito & Lee submit the following requests for jury instructions. The defendants reserve the right to supplement, modify and/or withdraw these requested instructions.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### PROPOSED JURY INSTRUCTION NO. ONE:  SYMPATHY[1]/

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

---

[1]/   Leonard B. Sand, et al. Modern Federal Jury Instructions, ¶ 71.01 at 71-20 (1995) (hereinafter "3 Sand").

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. TWO: PUBLICITY DURING THE TRIAL [2]/

Ladies and gentlemen, there is a possibility that this case receives some publicity, either in print or on television. If so, you must decide this case only from the evidence presented in the trial, not from any media accounts of the evidence. You are the finder of fact. The facts you find must come from the witness stand or the exhibits, and from the media.

---

[2]/ 3 Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice and Instructions: Civil, § 101.19, at 45 (5th ed. 2000) (hereinafter "3 O'Malley").

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THREE IMPEACHMENT BY CONVICTION OF CRIME[3]/**

You have heard evidence that a witness Charles Flanagan was convicted of a felony. Evidence of a witness's prior conviction of a felony may be considered by you only insofar as it may affect the credibility of the witness. You may use that evidence to help you decide whether to believe that witness and how much weight, if any, you should give the witness's testimony.

---

3/   Adapted from 3 O'Malley, § 102.44 at 94-96. See Fed. R. Evid. 609

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. FOUR: CONSIDERATION OF THE EVIDENCE

Statements and arguments of counsel are not evidence in this case, unless made as an agreement or stipulation of fact.[4] In particular, statements made by counsel in their opening or closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers.

It is the duty and the right of counsel to address you and explain the testimony to enable you better to understand the questions that you are to decide. However, if counsel inadvertently misstates the law or misstates the evidence, you will follow the law as given to you by the Court in these instructions and not as stated by counsel. And you will take the evidence detailed by the witnesses and shown by the documents introduced instead of the statements of counsel. During the course of this trial you have heard the various attorneys objecting to questions of other counsel. When the other side offers testimony or other evidence the attorney believes was not properly admissible, it is his or her right and duty to object. When I overruled the objection by allowing the testimony or other evidence to be introduced into evidence, I was not expressing any opinion as to the weight or effect of such evidence. The attorneys were raising

---

[4]    Devitt, § 70.03, at 8.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

objections that I either accepted or rejected.[5]/ The fact that I allowed that evidence into the case does not mean that I agree or disagree with the evidence, or that I find it valid or invalid. You, the jury, determine what weight to give each piece of evidence.

---

[5]/     Adapted from Devitt, § 70.01, at 3.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. FIVE: MULTIPLE DEFENDANTS AND MULTIPLE CLAIMS [6]/

In this case, we have three defendants, or three sets of defendants: Attorney Leonard Fasano and his firm, Fasano, Ippolito & Lee, LLC; Attorney Todd R. Bainer and his firm, Todd R. Bainer, LLC; and Stanley Prymas and Thompson & Peck, Inc.  You must decide the claims against each group separately.  It does not follow from that fact alone that if one defendant is liable to the plaintiff, all the defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  You must decide each claim against each defendant separately.  You must not be influenced in deciding the claim against one defendant by the claims against the others.  In sum, you must decide whether the plaintiff has proven each of the elements of each of his claims against each defendant separately.  Moreover, if you find against a defendant on one claim, that does not mean you should find against him or her on all the claims.  Each claim has to be examined independently.

---

[6]/    Adapted from 3 O'Malley, § 103.14, at 119.  See Ninth Circuit Pattern Jury Instructions, Instruction No. 3.11.

- 7 -

One Goodwin Square            HALLORAN            Phone (860) 522-6103
225 Asylum Street              & SAGE LLP          Fax (860) 548-0006
Hartford, CT 06103                                 Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. SIX: 18 U.S.C. § 1962 - NATURE OF THE ACTION

The plaintiffs allege that the defendants conspired to hide, conceal and fraudulently convey Mr. Flanagan's assets in order to prevent the plaintiffs' from collecting on judgments Flanagan owed to the plaintiffs.

The defendants deny that any of their actions during the time in question hindered or prevented the plaintiffs from collecting on the judgments. The defendants claim that they acted properly and in good faith and that their actions were reasonable. The defendants further maintain that they were not guilty of any fault or wrongdoing in regard to the plaintiffs' claims. The burden of proving each of these claims is upon the plaintiffs.[7] The defendants need not prove or disprove any of these claims. The defendants do have to prove other claims they have asserted – called special defenses – which I will explain later. But as to the plaintiffs' claims of RICO violations, the burden of proof rests solely with the plaintiffs.

---

[7] Adapted from Devitt, § 72.01, at 31-32. See Ninth Circuit Pattern Jury Instructions, Instructions Nos. 1.13, 5.1; Manuel of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 3.04 (2001) (hereinafter "Eighth Circuit Pattern Jury Instructions").

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. SEVEN: 18 U.S.C. § 1962 - THE STATUTE**

The law to be applied in this case is the federal Racketeer Influenced and Corrupt Organizations law which provides a remedy for individuals who have suffered damages as a result of a pattern of racketeering activity. Section 1962 of Title 18 of the United States Code states:

> (a)   It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, or use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.
>
> (b)   It shall be unlawful for any person through a patter of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c)   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d)  It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. EIGHT: ELEMENTS OF SECTION 1962 (c)[8]/**

Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. To show that the defendants have violated Section 1962(c), plaintiffs must prove each of the following elements by a preponderance of the evidence:

First: The existence of an enterprise affecting interstate or foreign commerce;

Second: Defendants were employed by or associated with the enterprise;

Third: Defendants conducted or participated in the conduct of the enterprise's affairs;

Fourth: Defendants' participation was through a pattern of racketeering activity; and

Fifth: Plaintiffs' business or property was injured by reason of defendants' conducting or participating in the conduct of the enterprise's affairs.

I shall now examine each of these five elements in greater detail.

---

[8]/ See 18 U.S.C.A. § 1962(c). See Sedima S.P.R. L. v. Imex Co., 473 U.S. 479, 496 105 S.Ct. 3275, 3285, 87 L.E.Ed.2d 346 (1985), setting forth the elements of a civil RICO action. In Reves v. Ernst & Young, 507 U.S. 170, 183, 113 S.Ct. 1163, 1172, 122 L.Ed.2d 525 (1993), the Supreme Court held that there is no liability under Section 1962(c) unless one has participated in the operation or management of the enterprise itself.

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. NINE: FIRST ELEMENT OF 1962(c) - EXISTENCE OF AN ENTERPRISE AFFECTING INTERSTATE OR FOREIGN COMMERCE**

An enterprise means "any individual, partnership, corporation, association, or other legal entity."[9] An association-in-fact enterprise is "any union or group of individuals associated in fact although not a legal entity."[10] The group of individuals must be associated together for a common purpose of engaging in a course of conduct. The existence of the association is demonstrated by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.[11] In order for an association of individuals to create an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.[12]

---

[9]   18. U.S.C. §1961(4).
[10]  18 U.S.C. §1961(4).
[11]  First Capitol Assessment Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004) (quoting United States v. Turkette, 452 U.S. 576, 583, 69 L.Ed.2d 246, 101 S.Ct. 2524 (1981)).
[12]  The City of New York v. Cyco.Net., Inc., 2005 WL 174482 (S.D.N.Y., January 27, 2005).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TEN: SECOND ELEMENT of 1962(c) – "EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE."**

The law also requires that the plaintiffs prove that the defendants were employed or associated with the enterprise.[13]

---

13/    18 U.S.C. §1962(c)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. ELEVEN: THIRD ELEMENT OF 1962(c) – CONDUCTED OR PARTICIPATED IN THE CONDUCT OF THE ENTERPRISE'S AFFAIRS.**

The conduct must include the direction of some part of the enterprise's affairs.[14] The test is whether the defendant had control over the enterprise to warrant liability. The simple taking of directions and performance of tasks that are necessary or helpful to the enterprise, without more involvement, is not sufficient to bring a defendant within the scope of 1962(c).[15] There is a difference between having actual control over an enterprise and mere association with an enterprise, in that regard, the test for liability is not mere involvement, but control over the enterprise.[16]

---

14/ Reeves v. Ernst & Young, 507 U.S. 170, 178-179, 13 S.Ct. 1163, 122 L.Ed.2d 525 (1998).
15/ United States v. Viola, 35 F.3d 37, 41 (2d Cir. 1994).
16/ Congregcion de la Mission Provincia de Venezuela v. Curi, 978 F. Supp. 435, 450 (E.D.N.Y. 1997).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. TWELVE: FOURTH ELEMENT OF 1962(c) – PATTERN OF RACKETEERING ACTIVITY

The defendants must participate in the enterprise through a pattern of racketeering activity. A pattern racketeering activity consists of at least two acts of racketeering activity committed in a ten-year period.[17] Racketeering activity is defined as the commission of one of several offenses or predicate acts.[18] Such racketeering activity includes mail fraud and wire fraud.[19] The mail and wire fraud statutes prohibit the use of the mails or interstate wires to execute "any scheme or artifice to defraud, or for obtaining money or property my means of false or fraudulent pretenses, representations, or promises."[20]

Where a plaintiff in a RICO claim alleges racketeering activity based on the predicate acts of violating the mail or wire fraud statutes, he must prove three elements: 1) scheme to defraud, including proof of intent; 2) money or property as the object of the scheme; 3) use of mails or wires to further the scheme.[21] A scheme to defraud under the mail or wire fraud statutes in the Second Circuit is defined as a plan to deprive a person of something of value by trick, deceit, chicane or over reaching.[22] Fraudulent

---

17/ First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004).
18/ 18 U.S.C. § 1961(1).
19/ 18 U.S.C. §§ 1341 and 1343.
20/ 18 U.S.C. §§ 1341 and 1343.
21/ United States v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000); United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996).
22/ Autuori, 212 F.3d at 115 (quoting McNally v. United States, 483 U.S. 350, 358, 97 L.Ed.2d 292, 107 S.Ct. 2875 (1987), and Hammerschmidt v. United States, 365 U.S. 182, 188, 68 L.Ed.2d 968, 44 S.Ct. 511 (1924)).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

intent is essential for a scheme to defraud.[23] You have heard throughout these instructions references to intentional acts in relation to various elements of the offenses. Intentional refers to the state of mind of the defendants. You must decide whether various acts were committed by the defendants with a certain state of mind.

An act is done intentionally if the defendants have a conscious objective or desire, either to engage in the conduct or to cause the results.[24] In order to establish fraudulent intent on the part of a person, the plaintiffs must establish that such person knowingly and intentionally attempted to deceive another. One who knowingly and intentionally deceives another is chargeable with fraudulent intent, notwithstanding the manner and form in which the deception was attempted. To act with "intent to defraud" means to act knowingly and with intent to deceive, ordinarily for the purpose of causing some financial loss to another.[25] Fraudulent intent is a basic element of mail fraud. Fraudulent intent requires proof that the defendants contemplated harm to the victim.[26]

---

23/ Powers v. British Vita, P.L.C., 57 F.3d 176, 184 (2d Cir. 1985); United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir. 1994).
24/ 18 U.S.C. §1962.
25/ United States v. Starr, 816 F.2d 94, 101 (2d Cir. 1987).
26/ United States v. Regent Office Supply, 421 F.2d 1174, 1182 (2d Cir. 1970).

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. THIRTEEN: FIFTH ELEMENT OF 1962(c) – INJURY TO BUSINESS OR PROPERTY.

The plaintiffs must prove that their business or property was injured by reason of the defendants' participation in the enterprise.[27] In other words, the plaintiffs' business must have suffered some tangible injury or damage as a result of the defendants' actions pertaining to the RICO enterprise. It is not enough that the defendants derived a benefit from their actions.[28]

---

27/   18 U.S.C. §1962(c).
28/   Starr, 816 F.2d at 101; Regent Office Supply, 421 F.2d at 1174.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## PROPOSED JURY INSTRUCTION NO. FOURTEEN: CAUSATION

In order to prevail on a civil claim under the Racketeer Influenced and Corrupt Organizations Act, the plaintiffs must show that the defendants' violation was a proximate cause of the plaintiffs' injury.[29]

The RICO statute provides that any person injured in his business or property by reason of a RICO violation, may bring a civil action to recover damages.[30] The phrase "by reason of" requires that there be a causal connection between the prohibited conduct and the plaintiff's injury.[31] The law in Connecticut is that if the plaintiff alleges a RICO predicate act of mail fraud, as these plaintiffs have done here, the plaintiffs must prove by a preponderance of the evidence that they relied on the defendants' misrepresentations.[32]

If you find that all of the elements of the alleged violation of Section 1962(c) or (d) have been established by a preponderance of the evidence, before you find in favor of the plaintiffs, you must also find that the plaintiffs sustained an injury to their businesses that was caused by their reliance on the defendants' predicate acts. There must be a

---

29/    18 U.S.C. §1964(c); <u>Bank of China, New York Branch v. NBM, LLC</u>, 359 F.3d 171, 176 (2d Cir. February 17, 2004); <u>Holmes v. Sec. Inv. Prot., Corp.</u>, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 535 (1992).
30/    18 U.S.C. §1964(c).
31/    <u>County of Suffolk v. Long Island Lighting Co.</u>, 907 F.2d 1295, 1311 (2d Cir. 1990) (quoting Norman v. Niagara Mohawk Power Corp., 873 F.2d 634, 636 (2d Cir. 1989). <u>See Also</u>, <u>Holmes</u>, 509 U.S. 258 at 117.
32/    <u>County of Suffolk</u>, 907 F.2d at 1311; <u>See Also, Brandenburg v. Seidel</u>, 859 F.2d 1179, 118 n. 10 (4th Cir. 1988); <u>Grantham & Mann, Inc. v. American Safety Products, Inc.</u>, 831 F.2d 596, 606 (6th Cir. 1987); <u>Metro Media Co. v. Fugazy</u>, 983 F.2d 350, 368 (2d Cir. 1992).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

relationship between the plaintiffs' reliance on the defendants' misrepresentations.[33]/ It is not enough to say that a misrepresentation occurred, and therefore damages occurred. The plaintiffs must prove that they relied upon the misrepresentation, and the reliance caused damage to their business.

>
> Respectfully submitted,
> DEFENDANTS
> LEONARD A. FASANO
> FASANO, IPPOLITO & LEE, LLC
>
> By_____
>   David G. Hill
>   June M. Sullivan
>   Fed. Bar No. ct13435
>   Fed. Bar No. ct24462
>   HALLORAN & SAGE  LLP
>   One Goodwin Square
>   225 Asylum street
>   Hartford, CT 06106
>   Their Attorneys

---

[33]/   Metro Media Co., 983 F.2d at 368.

- 19 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105