470

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and<br>D.A.N. JOINT VENTURE,<br>A LIMITED PARTNERSHIP, | §<br>§ | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | May 18, 2005 |
| Defendants. | § | |

**PLAINTIFF'S MOTION IN LIMINE
AND BRIEF IN SUPPORT THEREOF**

Prior to commencement of the trial of this cause, Plaintiffs (collectively, "Cadle") request the Court to order counsel for the Defendants and, through them, the Defendants and

---

3:01CV531(AVC) May 20, 2005. The plaintiffs, the Cadle Company and D.A.N. Joint Ventures (collectively "Cadle"), have filed the within motion in limine (document no. 470). The motion is GRANTED in part and DENIED in part. Cadle requests a court order instructing the defendants, their counsel, and their witnesses from refraining "from making any reference (directly or indirectly, by any means whatsoever)" to four matters during trial. Specifically, Cadle asks the court to instruct the defendants, their attorneys, and their witnesses not to mention: (1) "the fact that the amount of actual [RICO] damages to be decided by the jury may be trebled by the Court;" (2) "the amount Cadle paid for the loans or the underlying claim;" (3) Cadle's "acquisition of the loans for less than face value;" and (4) "other litigation involving Cadle or Dan Cadle." With regard to the trebling of damages, the court instructs the parties not to discuss RICO's treble damage provisions before the jury. See HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994)(holding that "district courts should not as a general matter permit reference before the jury to the fact that any eventual award will be trebled under the [RICO] statute . . ."). With regard to the amount Cadle paid for the loans and "other litigation involving Cadle or Dan Cadle" the court concludes such evidence is relevant to the determination of the reasonable amounts of time and money expended by Cadle in the attempts to collect on Flanagan's debts. See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("All relevant evidence is admissible . . ."). The court concludes that the probative value of such evidence in this respect is not substantially outweighed by the danger of unfair prejudice. Cf. Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice").

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.