UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|    Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
|    Defendants. | : | MAY 20, 2005 |

**PLAINTIFFS' OBJECTION TO PROPOSED EXHIBITS OF
THOMPSON & PECK, STANLEY PRYMAS, TODD BAINER,
AND THE LAW OFFICES OF TODD BAINER, LLC**

The Plaintiffs, The Cadle Company and D.A.N. Joint Venture, a Limited Partnership ("Plaintiffs"), hereby object to the admissibility of the following exhibits proposed by Defendants, Thompson & Peck, Inc., Stanley F. Prymas, Todd Bainer, and the Law Offices of Todd Bainer, LLC:

**AS TO EXHIBITS PROPOSED BY THOMPSON & PECK, INC. AND STANLEY F. PRYMAS**

Thompson & Peck, Inc. and Stanley F. Prymas have not identified their exhibits by letter or number. Plaintiffs are in receipt of a list of their proposed exhibits and will identify those Plaintiffs find objectionable by using the same description set forth in the exhibit list provided to Plaintiffs by said Defendants.

1. Affidavit of Charles Flanagan, 9/6/02, Babacus possession of Flanagan stock certificates.

2. Deposition of Charles Flanagan, 8/24/00, Flanagan testimony.

Plaintiffs object to the admissibility of this affidavit on the basis that it constitutes hearsay. The document does not fall within any of the exceptions set forth in Rule 803 of the Federal Rules of Evidence that contain the hearsay exceptions where the declarant is available. Charles Flanagan is an available witness, he will be called to testify, and the affidavit and deposition transcript should not be admissible except for purposes of impeachment.

3. Cease and desist letter to Daniel Cadle, 12/10/03, Cadle practices.

4. Cease and desist letter to Daniel Cadle, 4/14/03, Cadle practices.

5. Motion for Entry of Default Judgment against MJCC, bankruptcy misconduct.

6. Motion for Contempt, Mangan v. MJCC Realty. Plaintiffs' bankruptcy misconduct.

Plaintiffs object to the admissibility of numbers 3, 4, 5, and 6 on the basis that they are irrelevant and inadmissible pursuant to Rule 403 of the Federal Rule of Evidence. The cease and desist letters (numbers 3, 4) consist of correspondence from the Commonwealth of Massachusetts concerning alleged collection practices by the Plaintiff, The Cadle Company. Not only are these proposed exhibits not relevant, as they have absolutely no bearing whatsoever on the facts and issues presented herein, but their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and introduction of them would be a complete waste of time. See FRE 403.

Plaintiffs object to the admissibility of the "Motion for Entry of Default Judgment against MJCC, bankruptcy misconduct" (number 5) and "Motion for Contempt, Mangan v. MJCC Realty, Plaintiffs' bankruptcy misconduct" (number 6) on the basis that they are totally irrelevant and they have no tendency to make the existence of any fact that is of consequence to the determination of action any more probable or less probable than it would be without the evidence (Federal Rule of Evidence 401). In addition, their probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and will tend to mislead the jury by considerations of matters that have no bearing whatsoever on the facts or issues presented in this action. See FRE 403.

**AS TO EXHIBITS PROPOSED BY TODD BAINER AND THE LAW OFFICES OF TODD BAINER**

Plaintiffs object to the admissibility of those exhibits proposed by Defendants Todd Bainer and the Law Offices of Todd Bainer, LLC identified as follows:

1. Financial Asset Sale Agreement dated May 31, 1994 between Great Country Bank and The Cadle Company.

2. Financial Asset Sale Agreement dated September 8, 1994 between Bank of New Haven and The Cadle Company.

3. Bill of Sale dated August 1, 1997 between Peoples Bank and The Cadle Company.

The foregoing documents are the loan sale agreements involving the purchase of various loans and judgments that comprise, in part, Plaintiffs' claims against Charles Flanagan, and hence, the Defendants. Plaintiffs object to the admissibility of these documents to the extent that they reflect the purchase price paid by Plaintiffs. None of these documents have any probative value. They do not relate to any of the issues raised in Plaintiffs' complaint, will unfairly prejudice Plaintiffs in the eyes of the jury and will tend to confuse the issues and be a waste of time. See FRE 403. In the event this Court should permit these documents into evidence. Plaintiffs request that all references to the purchase prices paid be ordered redacted.

4. May 10, 2005 letter from Dan Cadle to Maryanne Charron. At page 2 of Bainer Exhibit 5, referenced to "subject to treble damages" should be whited out. In addition the arrow and the underlining on p. 2 should be deleted as well.

12. Affidavit of Judge Flanagan dated December 3, 1998.

Plaintiffs object to the Affidavit of Judge Flanagan being admitted into evidence on the basis that he is an available witness and fully capable of appearing in court and testifying. This document should be excluded pursuant to Rule 802 of the Federal Rules of Evidence on the basis that it is hearsay and does not come within the allowable exceptions set forth in Rule 803 of the Federal Rules of Evidence.

16. Correspondence dated January 18, 2005 from Dan Cadle, President of MJCC Realty, L.P., to Statewide Bar Counsel regarding ownership of MJCC (without enclosures).

Plaintiffs object on the basis that this proposed exhibit is totally irrelevant under FRE 401 and does not have any tendency to make the existence of any fact that is of consequence to the determination of this action any more probable or less probable than it would be without the evidence. Moreover, any tangential probable value of this exhibit is substantial out weighed by the risk of unfair prejudice. See FRE 403.

WHEREFORE, Plaintiffs request relief in accordance with the foregoing.

    THE CADLE COMPANY AND
    D.A.N. JOINT VENTURE, L.P.

By:_____
    F. Dean Armstrong, Esq.
    1324 Dartmouth Road
    Flossmoor, IL 60422
    Federal Bar No. ct22417

and

Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077
Fed. Bar No. ct01319

## CERTIFICATION

_____This certifies that the foregoing was sent by first class mail, postage prepaid, this 20th day of May, 2005 to the parties on the attached Service List.

_____
F. Dean Armstrong

E:\WPDOCS\CADLE\Flanagan\RICO\Plaintiff.ObjExhibits.wpd