# Gallagher
# ⹄ Gallagher
# & Calistro

COUNSELLORS AT LAW

April 25, 1998

77 BOULEVARD
P. Box 1925
New HAVEN, CT
06509
203 824 4185
Fax 203 865 5598

William F. Gallagher
Elizabeth A. Gallagher
Roger B. Calistro
Cynthia C. Bott
Barbara L. Cox
Kurt D. Koehler
Thomas J. Airone
Board Certified Trial Lawyer

Legal Assistants
Kathy-Ann Ferrara
Donna J. Tommer
Debra A. Malone

Leonard A. Fasano, Esq.
Fasano & Ippolito
388 Orange Street
New Haven, CT 06511

Re:  <u>Flanagan/Prymas/Thompson & Peck</u>

Dear Attorney Fasano:

Stanley Prymas is not a party to the federal court proceedings against Charles Flanagan prosecuted by Attorney Gaide. I corresponded with Attorney Flanagan's counsel in the federal proceeding, Robert G. Skelton, on April 2, 1998, setting out our position.

How is it possible for Stanley Prymas to oppose a federal judge looking at the *Flanagan v. Prymas* Superior Court file? As the letter reflects, we have no objection to the judge reviewing the file, but we obviously have an objection to the file becoming public.

My understanding from the discussion with Mr. Skelton was that it was not the entire file that was to be looked at, but merely the judgment, and the transcript of the proceedings in which judgment was entered.

If anyone has standing to intervene to oppose making the file public, it seems to me Thompson & Peck has such standing. Charles Flanagan has objected to me taking any action on behalf of Thompson & Peck. Thompson & Peck is now represented by Todd Bainer.

I interpret your April 22, 1998 letter to attempt to shift some responsibility to Stanley Prymas for Mr. Flanagan's current problem in the federal court. Mr. Prymas is not responsible for the status of that matter, he did not invoke the 5th Amendment, and he did not bring about the request by Judge Covello to look at the Waterbury file in camera.



PLAINTIFF'S EXHIBIT 193    03676

# Gallagher
# & Gallagher
# & Calistro

COUNSELLORS AT LAW

Page 2.
Leonard A. Fasano, Esq.
April 25, 1998
>>>>>>>>>>>>>

Please explain your claim that Stanley Prymas' failure to intercede at this point constitutes a waiver of "any arguments." What arguments are you talking about?

The transcript of proceedings in which Judge Kulawiz sealed the file made clear that it was the business of Thompson & Peck that provided the factual predicate for sealing the file. In fact the court made a finding to this effect. It is Thompson & Peck's issue, and I think that Thompson & Peck should have its counsel review the matter.

Very truly yours,


William F. Gallagher

WFG/dam

Enclosure

cc:   Stanley Prymas


403677