UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs | : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| VS. | : | |
| CHARLES A. FLANAGAN, ET AL<br>Defendants | : | MAY 20, 2005 |

### DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC'S OBJECTIONS TO PLAINTIFFS' MOTION IN LIMINE

Defendants Todd R. Bainer and Todd R. Bainer, LLC hereby object to items 2, 3 and 4 of plaintiffs' Motion in Limine, dated May 18, 2005, for the reasons more specifically set forth below.

Evidence of what plaintiffs paid for the loan packages is highly relevant to the issues at hand in this litigation as such evidence goes toward the issue of the plaintiffs' damages. As this Court is aware, in order to successfully sue under RICO, the RICO plaintiff must be "injured in his business or property. Injury requires plaintiffs to demonstrate they suffered some actual out of pocket financial loss. Dornberger v. Metropolitan Life Ins. Co., 961 F. Supp. 506 (S.D.N.Y. 1997). Compensation under RICO must place plaintiffs in the same position they would have been in but for the illegal conduct. Commercial Union Assurance Co. v. Milken, 17 F.3d 608,

612 (2d Cir. 1994). Moreover, to the extent plaintiffs have recovered money in excess of plaintiffs' total investment, plaintiffs have suffered no RICO loss. Id.

Evidence of the amount paid by the plaintiff for the entire loan package and the claims at issue is relevant and probative on the issue of the "injury" sustained by the plaintiff. Evidence of the purchase price that the plaintiff paid for the underlying claims as well as evidence of the plaintiff's acquisition of loans at a discount or for an amount less than face value is critical to the assessment and/or calculation of whether the plaintiff has sustained any demonstrable damages or injury. If the plaintiff cannot establish any injury, plaintiffs cannot succeed in their RICO cause of action.

Evidence involving other lawsuits brought by the plaintiffs is relevant and should be admissible on the basis that this evidence is necessary to establish that the plaintiffs' bringing of this lawsuit is in the ordinary course of plaintiffs' business. Such evidence also goes to the issue of damages as the plaintiffs claim that they are entitled to damages in the original face amount of the Flanagan judgments and loans. As the bringing of lawsuits such as this proceeding in order to collect on loans and judgments is an essential part of the plaintiffs' business model, evidence regarding other litigation will help to establish that in the ordinary course of the plaintiffs' business, plaintiff does not pay, collect, nor expect to collect the face amount of such judgments and loans.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS NO. 24029

Therefore, the evidence that plaintiffs seek to preclude under items #2, #3 and #4 of their Motion in Limine is extremely relevant and should not be precluded. Preclusion of such evidence will unduly prejudice defendant Bainer in his ability to defend against the plaintiffs' claim that they have been injured as a result of conduct by the Bainer.

WHEREFORE, for the foregoing reasons, the defendants respectfully request that the Court deny the plaintiffs' Motion in Limine.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.


By *[signature]*
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

-4-

CERTIFICATION OF SERVICE

       This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 20, 2005:

| | |
|---|---|
| F. Dean Armstrong, Esquire<br>1324 Dartmouth Road<br>Flossmoor, IL 60422 | Bradley K. Cooney, Esquire<br>69 Island Avenue<br>Madison, CT 06443 |
| Edward C. Taiman, Esquire<br>Sabia & Hartley, LLC<br>190 Trumbull Street, #202<br>Hartford, CT 06103-2205 | Barbara L. Cox, Esquire<br>Gallagher & Calistro<br>1377 Boulevard<br>P.O. Box 1925<br>New Haven, CT 06509-1925 |
| David G. Hill, Esquire<br>Halloran & Sage, LLP<br>225 Asylum Street<br>Hartford, CT 06103-4303 | Todd R. Bainer, Esquire<br>71 Cedar Street<br>P.O. Box 1092<br>Branford, CT 06405-8092 |

                                                         MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\393741\1

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361      FACSIMILE (860) 525-4849      JURIS No. 24029