UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | MAY 20, 2005 |
|     Defendants | : | |

<u>**DEFENDANT TODD R. BAINER AND TODD R. BAINER, LLC'S
MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
REGARDING PRECLUSION OF EXHIBIT 74 AND PERSONAL INFORMATION**</u>

I.    <u>FACTS</u>

The purpose of this Motion in Limine is to preclude from evidence plaintiffs' proposed Exhibit 74, a copy of the decision in the divorce case of <u>Kathy F. Bainer v. Todd R. Bainer</u>, 1995 WL 925321 (Conn. Super.) (the "Decision") on the grounds that it is so highly prejudicial and irrelevant that any probative value it could conceivably have is far outweighed by the clear unfair prejudice it would create. Further, this evidence is inadmissible character evidence that does not meet any of the exceptions to inadmissibility of character evidence set forth in the Federal Rules of Evidence. For these reasons, addressed in further detail below, defendant Bainer respectfully requests that the Court preclude Exhibit 74 and further order that the plaintiffs refrain from

submitting or soliciting any evidence, whether by testimony or document, regarding or relating to Mr. Bainer's domestic life, child custody issues, personal life or financial affairs.

II.   LEGAL ARGUMENT

   A.   MOTION IN LIMINE

"The purpose of a **motion** *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  See Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.")", Commerce Funding Corp. v. Comprehensive Habilitation, 2005 WL 1026515 at page 3 (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996)).

   B.   APPLICABLE FEDERAL RULES OF EVIDENCE

Federal Rules of Evidence, Rule 404 provides that:

(a)   Evidence of a person's character or a trait of a character is not admissible for the purpose of providing action in conformity therewith on a particular occasion, except;

-2-

  (1)  Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;

  (2)  Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;

  (3)  Evidence of the character of a witness, as provided in rules 607, 608 and 609.

(b) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable motive in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Additionally, Federal Rules of Evidence, Rule 403, provides that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence".

C. <u>RULE 404(b) EXCEPTIONS TO PROHIBITION ON CHARACTER EVIDENCE ARE INAPPLICABLE IN THE INSTANT CASE</u>

-3-

The "traditional rule" regarding character evidence has two premises. The first premise is that character evidence lacks probative value in civil cases. Proponents of the traditional rule reason that character evidence is only probative in criminal cases because the conduct typically at issue in a criminal case deviates form 'normal' behavior more than the conduct typically at issue in a civil case. Thus, the probative value of character evidence in civil cases falls below the threshold of relevancy set by Rule 401", 21 Am Jur Proof of Facts 3d 629, Section 2.

The second premise of the "traditional rule" is that character evidence shifts the jury's focus away form the issue in the complaint and instead to the quality of the parties' characters. "To preserve the impartial nature of a civil trial, the trier of fact must resolve the conflict at issue rather than punish or reward a party's character. Moreover, the distraction, prejudice, and time consumption that accompany the introduction of character evidence creates an administrative inconvenience for the courts." 21 Am Jur Proof of Facts 3d 629, Section 2.

Our Second Circuit has embraced the traditional rule. For example, in Berkovich v. Hicks, 922 F. 2d 1018, 1022 (2d Cir. 1991), the court held that Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question. The rationale behind the rule is that [c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened

on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened. Lataille v. Ponte, 754 F.2d 33, 35 (1st Cir.1982) (citing Committee Note to Federal Rule of Evidence 404(b)). Thus, evidence of other wrongs or acts is not admissible to show an actor's propensity to commit a particular act. See, Schaetzle v. Gorayeb, 901 F.2d 252, 255 (2d Cir.1990); Lewis v. Velez, 149 F.R.D. 474, 479 (S.D.N.Y.1993), Lombardo v. Stone, 2002 WL 113913 at page 3.

While Rule 404(b) does provide that character evidence may be offered for proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, there is nothing in the Decision that could possible be used for any of these excepted purposes. The conclusions of Judge Steinberg made in 1995 address the distribution of marital property and whether Mr. or Mrs. Bainer should have custody of their child. Although the Decision is not complimentary of Mr. Bainer as a husband to the former Mrs. Bainer, the Decision does not speak to any motive, opportunity or intent of Mr. Bainer to participate in a RICO scheme to defraud these plaintiffs.

Even if the Decision could legitimately be offered as proof of one of the listed exceptions in Rule 404(b), the Court's balancing test under Rule 403 would still apply to determine whether the Decision's probative value is substantially outweighed by the danger of

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

unfair prejudice. To expose the jury to the Decision, or any other evidence regarding Mr. Bainer's personal life, could only serve to encourage the jury to form an opinion as to whether they think Mr. Bainer is the "good guy" or the "bad guy" in this case and potentially result in an unfair bias against him that is unrelated to the substance of this case.

It should also be noted that there are multiple defendants in this case. "Where allegedly prejudicial evidence is admitted solely against one defendant in a multi-defendant trial, the prejudice this might cause to his co-defendants is an appropriate consideration for Rule 403 balancing and may result in the exclusion of such evidence in the joint trial", <u>United States v. Gelzer</u>, 50 F.3d 1133, 1140, (1995).

Based on the foregoing, the defendant Bainer requests that the Court preclude the introduction of plaintiffs' Exhibit 74 and order that the plaintiffs refrain from submitting any evidence, whether by testimony or document, regarding or relating to Mr. Bainer's domestic life, child custody issues, personal life or financial affairs.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.


By /s/ Mary Anne Charron
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 20, 2005:

| | |
|---|---|
| F. Dean Armstrong, Esquire<br>1324 Dartmouth Road<br>Flossmoor, IL 60422 | Bradley K. Cooney, Esquire<br>69 Island Avenue<br>Madison, CT 06443 |
| Edward C. Taiman, Esquire<br>Sabia & Hartley, LLC<br>190 Trumbull Street, #202<br>Hartford, CT 06103-2205 | Barbara L. Cox, Esquire<br>Gallagher & Calistro<br>1377 Boulevard<br>P.O. Box 1925<br>New Haven, CT 06509-1925 |
| David G. Hill, Esquire<br>Halloran & Sage, LLP<br>225 Asylum Street<br>Hartford, CT 06103-4303 | Todd R. Bainer, Esquire<br>71 Cedar Street<br>P.O. Box 1092<br>Branford, CT 06405-8092 |

_____
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\393702\1

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361     FACSIMILE (860) 525-4849     JURIS NO. 24029