UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | MAY 20, 2005 |
| Defendants | : | |

<u>DEFENDANT TODD R. BAINER AND TODD R. BAINER, LLC'S
MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
REGARDING POST BANKRUPTCY EVIDENCE</u>

I.    <u>FACTS</u>

The purpose of this Motion in Limine is to preclude from evidence, whether by document

or testimony, all evidence that is offered in connection with any act of defendant Bainer that

occurred subsequent to the filing of the bankruptcy of Charles Flanagan on February 17, 1999.

On February 11, 2005, this Court granted in the case at hand the Motion for Summary

Judgment of Charles Flanagan on the basis that the plaintiffs failed to prove that they had

suffered any RICO injuries based on the alleged wrongful conduct of Charles Flanagan which

occurred from and after Flanagan's Bankruptcy filing.

Further all of the predicate acts alleged to have been committed by defendant Bainer as part of the alleged scheme to defraud plaintiffs occurred prior to the filing of bankruptcy by Flanagan.

II.     LEGAL ARGUMENT

A.     MOTION IN LIMINE

"The purpose of a **motion** *in **limine*** is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  See Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."), Commerce Funding Corp. v. Comprehensive Habilitation, 2005 WL 1026515 at page 3 (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996)).

B.     APPLICABLE FEDERAL RULES

Federal Rules of Evidence Rule 401 provides:

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence".

Federal Rules of Evidence <u>Rule 402</u> provides:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible".

It is clear from the Federal Rules that evidence that is not relevant is not admissible.

C.      <u>RICO INJURY MUST BE PROXIMATELY CAUSED BY RICO VIOLATION</u>

RICO grants standing to sue to "(a)ny person injured in his business or property by reason of a violation of §1962 of this chapter." 18 U.S.C. §1964(c). The phrase "by reason of" "limits standing to plaintiffs whose injuries were both factually and proximately caused by the alleged RICO violation." <u>Holmes v. Securities Investor Protection Corp.</u>, 503 U.S. 258, 262 (1992). To the extent that the plaintiffs offer evidence, by way of document or testimony, regarding any acts of Bainer that occurred after the filing of Flanagan's bankruptcy, such evidence can have no relevance as such acts could not have served as predicate acts proximately causing any RICO injury of the plaintiffs. The plaintiffs alleged RICO injuries all occurred prior to the bankruptcy filing.

Based on the foregoing, and the fact that it has not been alleged by the plaintiffs that Bainer committed any predicate act after the date of Flanagan's bankruptcy, all evidence,

-3-

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

whether by document or testimony, that is offered in connection with any act by defendant

Bainer that occurred subsequent to the filing of the bankruptcy of Charles Flanagan on February

17, 1999 should be precluded and the plaintiffs should refrain from offering such evidence.

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.


By _____
      R. BRADLEY WOLFE
      Federal Bar No. ct04332
      GERALD R. SWIRSKY
      Federal Bar No. ct05574
      MARY ANNE A. CHARRON
      Federal Bar No. ct02274
      Gordon, Muir and Foley, LLP
      Ten Columbus Boulevard
      Hartford, CT 06106-1976
      Telephone (860) 525-5361
      Facsimile (860) 525-4849

-4-

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 20, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

MARYANNE A. CHARRON

::ODMA\PCDOCS\DOCS\393735\1

-5-

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029