UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs | : <br> : <br> : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| VS. | : <br> : <br> : | |
| CHARLES A. FLANAGAN, ET AL<br>Defendants | : <br> : | MAY 20, 2005 |

### DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE REGARDING PREDICATE ACT OF BANKRUPTCY FRAUD EVIDENCE

I.   FACTS

The purpose of this Motion in Limine is to preclude from evidence, whether by document or testimony, all evidence that relates to, refers to or is offered in connection with any allegation of bankruptcy fraud by Defendant Bainer.

Plaintiffs have admitted that Bainer did not commit the offense of bankruptcy fraud. On page 51 of plaintiffs' Second Amended Response, plaintiffs' state: "it is correct that Bainer did not, himself commit each of the elements of bankruptcy fraud...."

II.   LEGAL ARGUMENT

A.   MOTION IN LIMINE

"The purpose of a **motion** *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."), Commerce Funding Corp. v. Comprehensive Habilitation, 2005 WL 1026515 at page 3 (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996)).

B.   APPLICABLE FEDERAL RULE

Federal Rules of Evidence Rule 401 provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence".

Federal Rules of Evidence Rule 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible".

It is clear from the Federal Rules that evidence that is not relevant is not admissible.

C.  NO RELEVANCE/ADMISSION BY PARTY

As the plaintiffs have admitted that Bainer has not committed bankruptcy fraud, any evidence in any way relating to any bankruptcy fraud by defendant Bainer would not be relevant to this proceeding, because the plaintiffs have admitted that Bainer did not commit bankruptcy fraud. If any such evidence did come in, it would be contrary to their own admission, prejudicial to defendant Bainer and serve to only confuse the jury.

Based on the foregoing, the defendant Bainer requests that the Court preclude the introduction of, and order the plaintiffs refrain from submitting any evidence, whether by testimony or document, regarding or relating to the commission of any bankruptcy fraud by Mr. Bainer.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.


By _____
    R. BRADLEY WOLFE
    Federal Bar No. ct04332
    GERALD R. SWIRSKY
    Federal Bar No. ct05574
    MARY ANNE A. CHARRON
    Federal Bar No. ct02274
    Gordon, Muir and Foley, LLP
    Ten Columbus Boulevard
    Hartford, CT 06106-1976
    Telephone (860) 525-5361
    Facsimile (860) 525-4849

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 20, 2005:

| | |
|---|---|
| F. Dean Armstrong, Esquire<br>1324 Dartmouth Road<br>Flossmoor, IL 60422 | Bradley K. Cooney, Esquire<br>69 Island Avenue<br>Madison, CT 06443 |
| Edward C. Taiman, Esquire<br>Sabia & Hartley, LLC<br>190 Trumbull Street, #202<br>Hartford, CT 06103-2205 | Barbara L. Cox, Esquire<br>Gallagher & Calistro<br>1377 Boulevard<br>P.O. Box 1925<br>New Haven, CT 06509-1925 |
| David G. Hill, Esquire<br>Halloran & Sage, LLP<br>225 Asylum Street<br>Hartford, CT 06103-4303 | Todd R. Bainer, Esquire<br>71 Cedar Street<br>P.O. Box 1092<br>Branford, CT 06405-8092 |

_____
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\393726\1

-5-