UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | MAY 20, 2005 |
| Defendants | : | |

## DEFENDANTS STANLEY F. PRYMAS AND THOMPSON & PECK, INC. PROPOSED JURY CHARGES

Plaintiffs claim that defendants, individually and collectively as co-conspirators violated RICO. Specifically, plaintiffs claim that defendants Stanley F. Prymas and Thompson & Peck, as co-conspirators, violated §1962(d).

A.    ENTERPRISE

In order for plaintiffs to be successful with any of their RICO claims against these defendants, plaintiffs must first demonstrate the existence of an "enterprise" engaged in a pattern of racketeering activity, also known as predicate acts. An enterprise is an entity, a group of persons associated together for the common purpose of engaging in a course of conduct. U.S. v. Turkette, 452 U.S. 576 (1981). An enterprise has three primary characteristics: (1) it is an ongoing organization, formal or informal; (2) the various associates comprising the enterprise function as a common unit; and (3) the enterprise is an entity separate and apart from the pattern of racketeering. Id. at 583. For an association of individuals to constitute an enterprise the individuals must share a common purpose to engage in a fraudulent course of conduct and work together to achieve such

purposes.  <u>United States Fire Ins. Co. v. United Limousine Service, Inc.</u>, 303 F. Supp 2d 432, 447 (S.D.N.Y. 2004).

You must first determine if an enterprise existed.  If you do not find that an enterprise existed, I instruct you, as a matter of law, that you must find judgment in favor of defendants Prymas and Thompson & Peck.

If you find that an enterprise existed, you must then determine if defendant Prymas was a member of that enterprise.  If you find that defendant Prymas was not a member of that enterprise, then I instruct you, as a matter of law, that you must enter judgment in favor of defendant Prymas.

If you find that an enterprise existed, you must then determine if defendant Thompson & Peck was a member of that enterprise.  If you find that defendant Thompson & Peck was not a member of that enterprise, then I instruct you, as a matter of law, that you must enter judgment in favor of defendant Thompson & Peck.

If you find that either defendant Prymas or Thompson & Peck was a member of the enterprise, then you must next address whether the enterprise engaged in racketeering activity.

B.    RACKETEERING ACTIVITY

Racketeering activity is defined as the commission of the one of the predicate acts enumerated in 18 U.S.C. §1961(1).  <u>City of New York v. Cyco.net, Inc.</u>, 2005 WL 1748482 at p. 17 (S.D.N.Y.).

Here, plaintiffs claim three specific predicate acts: (1) bankruptcy fraud; (2) mail fraud; and (3) wire fraud.

1.    <u>Bankruptcy Fraud</u>

With specific regard to bankruptcy fraud, plaintiffs must show by clear and convincing evidence that defendant Prymas knowingly and fraudulently concealed from (a) a custodian, trustee, marshal or other officer of the court charge with the control and custody of property, any property belonging to, estate of the debtor, here, Charles Flanagan, or (b) in connection with a case under Title 11, from creditors or the U.S. Trustee any property belonging to the estate of Charles Flanagan, or (c) in a personal capacity or as an agent or officer of any person or corporation in contemplation of a case under Title 11 by or against the person or other person or corporation or with the intent to defect the provisions of Title 11 knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation.

With regard to (b) "in connection" with means during the bankruptcy <u>Bankers Trust Co. v. Feldesman</u>, 648 F. Supp. 17, 24 (S.D.N.Y. 1986).

With regard to (c), an intent to engage in a transfer for the purpose of hindering potential creditors does not alone rise to the level of bankruptcy fraud. <u>First Capital Asset Management, Inc. v. Brickellbush, Inc.</u>, 219 F.2d 576, 582 (S.D.N.Y. 2002) .

Plaintiffs must demonstrate that defendant Prymas engaged in the transfer with the intent to defraud a U.S. Bankruptcy court. <u>Id.</u>; <u>Burke v. Dowling</u>, 944 F. Supp. 1036, <u>66</u> (E.D.N.Y. 1995).

Similarly, plaintiffs must demonstrate that defendant Thompson & Peck engaged in the transfer with the intent to defraud a U.S. Bankruptcy court. <u>Id.</u>

2.    <u>Mail Fraud</u>

Mail fraud is (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) the use of the mails to further the scheme. 18 U.S.C. §1341; <u>Lorentzen v. Curtis</u>, 18 F. Supp. 2d 322, 329 (2d Cir. 1996). Plaintiffs must prove the elements of

mail fraud by clear and convincing evidence.  Bank of China v. NBM LLC, 359 F.3d 171, 175 (2d Cir. 2004).  A "scheme to defraud" is a plan to deprive a person of something of value by trick, deceit, chicane or overreaching.  U.S. v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000).

       3.      Wire Fraud

Wire fraud is the commission of fraud through the use of wire transmission. Specifically, plaintiffs must demonstrate by clear and convincing evidence: (1) the existence of a scheme to defraud; (2) defendant Prymas's knowing or intentional participation in the scheme; and (3) the use of transmission facilities in furtherance of the scheme.  Odyssey re: (London) Limited v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 282, 301 (S.D.N.Y. 2001); S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996).  You are asked to use the definition of "scheme to defraud" from mail fraud above.  Wire fraud also requires the additional element of a communication crossing state lines.  Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York, 808 F. Supp. 213, 227 (S.D.N.Y. 1992); Mathon v. Feldstein, 303 F. Supp. 2d 317 (E.D.N.Y. 2004).

If you find that defendant Prymas did not commit bankruptcy fraud, mail fraud or wire fraud, then I instruct you as a matter of law to find judgment in favor of defendant Prymas and against plaintiffs as to their §1962(b) claims..

Similarly, if you find that defendant Thompson & Peck did not commit bankruptcy fraud, mail fraud or wire fraud, then I instruct you as a matter of law to find judgment in favor of defendant Thompson & Peck and against plaintiffs as to their §1962 (b) claims..

       4.      Proximate Causation

If you find by clear and convincing evidence that defendant Prymas or Thompson & Peck committed any of the above predicate acts of bankruptcy fraud, mail fraud and wire fraud, you must next determine whether said predicate acts were the proximate cause of plaintiffs' injury.

The proximate cause requirement means that plaintiffs must also prove both transactions and loss causation.  Baisch v. Gallina, 346 F.3d 366, 373 (2d Cir. 2003). "Transaction causation" means that the fraud must have led plaintiffs to enter into the transaction at issue.  "Loss causation" means that the fraud must be both actual and proximate source of the loss that plaintiffs suffered.  Odyssey re: (London) Ltd. V. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 282, 302 (S.D.N.Y. 2000).  Thus, in addition to showing that "but for" defendants' misrepresentations the transaction would not have come about, the plaintiffs must also show that the misstatements were the reason the transaction turned out to be a losing one.  Additionally, when factors other than the defendant's fraud are an intervening direct cause of plaintiffs' injury, that same injury cannot be said to have occurred "by reason of" the defendant's actions.  Oak Beverages, Inc. v. Tomra of Massachusetts, L.L.C., 96 F. Supp. 2d 336, 342 (2d Cir. 1995).

As part of the causation element for mail and wire fraud, plaintiffs must also prove reliance.  That is, plaintiffs must show "reasonable reliance" on defendant Prymas's misrepresentations.  Bank of China v. NBM LLC, 359 F.3d 171 (2d Cir. 2004). The plaintiffs, however, need not be the entity that relied on the fraud, as long as a third party relied on the fraud.  Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 263 (2d Cir. 2004).

If you find that there was no proximate cause between the fraud predicate personally committed by defendant Prymas and the injury, I instruct you as a matter of

law, you must find in favor of defendant Prymas and against plaintiffs as to plaintiffs'

RICO §1962(b) and §1962(c).

Similarly, if you find that there was no proximate cause between the fraud

predicate personally committed by defendant Thompson & Peck and the injury, I instruct

you as a matter of law, you must find in favor of defendant Thompson & Peck and against

plaintiffs as to plaintiffs' RICO §1962(b) and §1962(c).

If you find that defendant Prymas or Thompson & Peck committed one or more

predicate acts and that those predicate acts proximately caused plaintiffs' injury, then you

must next address liability under the specific RICO provisions of §1962(b), §1962(c) and

§1962(d).

C.    §1962(b)

Section 1962 makes in unlawful for a person, through a pattern of racketeering

activity, to acquire or maintain, directly or indirectly, any interest in or control of any

enterprise which is engaged in, or the activities of which affect, interstate or foreign

commerce.

1.    Pattern of Racketeering

To establish a "pattern of racketeering" plaintiffs must demonstrate by a

preponderance of the evidence that the racketeering predicates you found to have been

performed by defendant Prymas or defendant Thompson & Peck consists of at least two

predicate acts of racketeering activity committed in a ten year period.  First Capital Asset

Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004).  Moreover, the

predicate acts must be (1) related and amount to or pose a threat of (2) continued criminal

activity.  Kades v. Organic, Inc., 2003 WL 470331 at p. 10.

If you find that defendant Prymas did not commit at least two predicate acts of racketeering in a ten year period of time, then I instruct you as a matter of law to enter judgment in favor of defendant Prymas and against plaintiffs as to their §1962(b) claims.

Similarly, if you find that defendant Thompson & Peck did not commit at least two predicate acts of racketeering in a ten year period of time, then I instruct you as a matter of law to enter judgment in favor of defendant Thompson & Peck and against plaintiffs as to their §1962(b) claims.

If you find that defendant Prymas or defendant Thompson & Peck did commit at least two predicate acts of racketeering, then you must next determine if those acts are "related".

The racketeering acts are "related" if they have the same purpose, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.  Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 240 (2d Cir. 1999).

If you find that the predicate acts committed by defendant Prymas are not "related", I instruct you as a matter of law to enter judgment in favor of defendant Prymas and against plaintiffs as to plaintiffs RICO §1962(b) claims.

Similarly, if you find that the predicate acts committed by defendant Thompson & Peck are not "related", I instruct you as a matter of law to enter judgment in favor of defendant Thompson & Peck and against plaintiffs as to plaintiffs RICO §1962(b) claims.

If you find that the predicate acts committed by defendant Prymas or defendant Thompson & Peck are "related" you must next address the issue of whether those predicate acts "amount to or pose a threat of continued criminal activity."

The continued criminal activity/continuity necessary to prove a pattern can either by "closed-ended continuity" or "open-ended continuity".  Kades v. Organic, Inc., 2003 WL 470331, p. 10.

Closed-ended continuity is defined as a series of related predicates amounting to continued criminal activity by a particular defendant extending over a substantial period of time.  DeFalco v. Bernas, 224 F.3d 286, 321 (2d Cir. 2001).  I instruct that, as a matter of law, a "substantial period of time" means a period not less than two years.  DeFalco, 244 F.3d at 321.

If you find that the predicates acts committed by defendant Prymas spanned less than two years in duration, then I instruct you to find no closed-ended continuity as to defendant Prymas.

Similarly, if you find that the predicates acts committed by defendant Thompson & Peck spanned less than two years in duration, then I instruct you to find no closed-ended continuity as to defendant Thompson & Peck.

Open-ended continuity exists where the predicate acts themselves include a specific threat of repetition extending indefinitely into the future or where it is shown that the predicate acts are a regular way of conducting defendant's on-going legitimate business.  Brookes v. August 22 Development d/b/a, 1997 WL 76664 at p. 3 (D.Conn. 1977).

If you find that there was no closed-ended and no open-ended continuity, I instruct you, as a matter of law, that you must enter judgment in favor of defendant Prymas and against plaintiffs as to plaintiffs' RICO claim under §1962(b).

Similarly, if you find that there was no closed-ended and no open-ended continuity, I instruct you, as a matter of law, that you must enter judgment in favor of

defendant Thompson & Peck and against plaintiffs as to plaintiffs' RICO claim under
§1962(b).

      2.      <u>Interest in or Control Over the Enterprise</u>

      If you find that there was either closed-ended or open-ended continuity, you must
next determine whether defendant Prymas or defendant Thompson & Peck not only had
some interest or control over the enterprise, but also that this interest in or control over
the enterprise was associated with, or connected to, or acquired by, or maintained by the
pattern of racketeering activity.  <u>Riverwoods Chappaqua v. Marine Midland Bank, N.A.</u>,
30 F.3d 339 (1994).

      If you find that defendant Prymas did not have an interest in or control over the
enterprise which was associated with, or connected to, or acquired by, or maintained by
the pattern of racketeering activity then, you must enter judgment in favor of defendant
Prymas and against plaintiffs as to plaintiffs §1962(b) claim against him.

      If you find that defendant Thompson & Peck did not have an interest in or control
over the enterprise which was associated with, or connected to, or acquired by, or
maintained by the pattern of racketeering activity then, you must enter judgment in favor
of defendant Thompson & Peck and against plaintiffs as to plaintiffs §1962(b) claim
against him.

      3.      <u>Acquisitional Injury</u>

      If you find that defendant Prymas or defendant Thompson & Peck did have an
interest in or control over the enterprise, then you must next address whether plaintiffs
suffered "an acquisition or maintenance injury".  That is, you must determine whether
plaintiffs suffered an injury caused by the acquisition of an interest in an enterprise.
<u>United States Fire Ins. Co. v. United Limousine Service, Inc.</u>, 303 F. Supp. 2d 432, 450

(S.D.N.Y. 2004).  I caution you that this injury must be distinct from an injury resulting from the pattern of racketeering activity which you will address separately below.

If you find that plaintiffs did not suffer such a separate "acquisitional injury" then, as a matter of law, I instruct you to enter judgment in favor of defendants Prymas and Thompson & Peck, and against plaintiffs as to plaintiffs §1962(b) claims against defendant Prymas and defendant Thompson & Peck.

If you find that plaintiffs did suffer such a separate "acquisitional injury" then you must next address the issues of injury and proximate cause detailed below in Sections E and F.

D.    §1962(c)

Section 1962(c) makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprises affairs through a pattern of racketeering.

A violation of §1962(c) requires participation in the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering.  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985).

1.    Conduct

To "conduct or participate" directly or indirectly, in the conduct of the enterprise's affairs requires the participation in the operation and management of the enterprise itself, meaning one must have some part in directing the enterprise's affairs.  Reves v. Ernst & Young, 507 U.S. 170 (1993).  "Conduct" requires some degree of direction and "participate" requires some part in that direction.  Id.  Aiding and abetting a violation is insufficient to trigger liability.  Lesavoy v. Lane, 2004 WL 99815 at p. 11 (S.D.N.Y.

January 22, 2004). Performance of tasks that are necessary, important or even helpful to the enterprise, without more is also insufficient, since providing important services is not the same as directing the affairs of an enterprise. Id., Madanes v. Madanes, 981 F. Supp. 241, 256-57 (S.D.N.Y. 1997).

I instruct you, as a matter of law, that if you find that defendant Prymas did not participate in the operation and management of the enterprise, then you must find in favor of defendant Prymas and against plaintiffs as to plaintiffs claim under §1962(c).

Similarly, I instruct you, as a matter of law, that if you find that defendant Thompson & Peck did not participate in the operation and management of the enterprise, then you must find in favor of defendant Thompson & Peck and against plaintiffs as to plaintiffs claim under §1962(c).

2.    Pattern of Racketeering

If you find that defendant Prymas did participate in the operation and management of the enterprise, then you must next address whether there was a pattern of racketeering activity by defendant Prymas individually, this is a pattern of the predicate acts of defendant Prymas you previously found to exist.

I ask that you use the same criteria for pattern as I gave you for §1962(b).

That is, you must find that the predicate acts are related. If the predicate acts are not "related" you must enter judgment in favor of defendant Prymas and against plaintiffs as to plaintiffs claims under §1962(c).

Similarly, if you find that defendant Thompson & Peck did participate in the operation and management of the enterprise, then you must next address whether there was a pattern of racketeering activity by defendant Thompson & Peck individually, this is

a pattern of the predicate acts of defendant Thompson & Peck you previously found to exist.

Again, I ask that you use the same criteria for pattern as I gave you for §1962(b).

That is, you must find that the predicate acts are related. If the predicate acts are not "related" you must enter judgment in favor of defendant Thompson & Peck and against plaintiffs as to plaintiffs claims under §1962(c).

If the predicate acts committed by either defendant Prymas or defendant Thompson & Peck are "related" you must next determine whether those predicate acts amount to or pose a threat of continued criminal activity.

Continued criminal activity can be either "closed-ended" or "open-ended" continuity.

If you do not find either closed-ended or open-ended continuity with regard to the predicate acts of defendant Prymas, then you must enter judgment for defendant Prymas and against plaintiffs as to plaintiffs claim under §1962(c).

Similarly, if you do not find either closed-ended or open-ended continuity as to the predicate acts of defendant Thompson & Peck, then you must enter judgment for defendant Thompson & Peck and against plaintiffs as to plaintiffs claim under §1962(c).

If you find either closed-ended or open-ended continuity, then you must next address the issue of "injury" and proximate causation detailed below in Sections E and F.

E.    §1962(d)

Section 1962(d) makes it unlawful for any person to conspire to violate §1962(a) (b) or (c).

1.    Substantive Violation

There can be no RICO conspiracy without a substantive violation, i.e., here a violation of §1962(b) or (c).

Therefore, I instruct you, as a matter of law, that if you find no violation of §1962 (b) or (c) by defendant Prymas, then you must find that he is not liable under §1962(d) and enter judgment in his favor.  First Capital Asset Management, Inc. v. Brickellbush, 219 F. Supp. 2d 576, 588 (S.D.N.Y. 2002).

Similarly, I instruct you, as a matter of law, that if you find no violation of §1962 (b) or (c) by defendant Thompson & Peck, then you must find that Thompson & Peck is not liable under §1962(d) and enter judgment in its favor.  Id.

2.    Knowledge

If you find a substantive violation against either defendant Prymas or defendant Thompson & Peck, then plaintiffs must show that either defendant Prymas or defendant Thompson & Peck knew about and agreed to facilitate the scheme.  Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003).  Additionally, plaintiffs must show that either defendant Prymas or defendant Thompson & Peck embraced the objective of the alleged conspiracy or by his or its words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise.  Kades v. Organic, Inc., 2003 WL 470331 at p. 13 (S.D.N.Y. February 24, 2003); (citing Colony at Holbrook, Inc. v. Strata G.C., Inc., 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996); Wood v. Incorporated Village of Patchague of N.Y., 311 F. Supp. 2d 344, 360 (E.D.N.Y. 2004).

If you find that defendant Prymas, by words or actions, did not manifest an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise, then I instruct you, as a matter of law, to find in favor of defendant Prymas and against plaintiffs on plaintiffs claim under §1962(d).

Similarly, if you find that defendant Thompson & Peck, by the words or actions of its agents, did not manifest an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise, then I instruct you, as a matter of law, to find in favor of defendant Thompson & Peck and against plaintiffs on plaintiffs claim under §1962(d).

If you find that defendant Prymas or defendant Thompson & Peck, by words or actions, did manifest an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise, then you must next address "injury" defined below.

F.      <u>INJURY</u>

First, you must determine if plaintiffs suffered any injury or damages.  To figure that out you must know that these defendants are not liable for all losses that may occur, but only for those losses actually suffered.  It is only after plaintiffs have exhausted the bargained for remedies available to them that they can assert that they were damaged by defendants fraud and then only to the extent of the deficiency.  <u>Motorola Credit Corp. v. Uzan</u>, 322 F.3d 130, 135 (2d Cir. 2003).  That is because damages as compensation under RICO for injury to property, must place plaintiffs in the same position they would have been in but for the illegal conduct.  <u>Commercial Union Assurance Co. v. Milken</u>, 17 F.3d 608, 612 (2d Cir. 1998).  To the extent plaintiffs' recovery exceeds the total investment, plaintiffs have suffered no RICO loss.  <u>Id</u>.

Here, plaintiffs claim that "but for" the RICO violations committed by defendants, they (1) would have received the bi-weekly settlement agreement payment from Thompson & Peck to Charles Flanagan; (2) would have gained possession of the stock

and been able to sell the stock for $1 million; (3) would not have had to incur legal fees to collect on its judgments.

There is in evidence the amount of money plaintiffs paid for the loan packages and judgments. There is also in evidence the amounts plaintiffs collected against Charles Flanagan: $99,542.87 paid in the federal court litigation known as Cadle I and the $465,000.00 received by plaintiffs for the sale of Charles Flanagan's home.

However, there is evidence that plaintiffs incurred attorneys fees in obtaining their judgments and in trying to collect on those judgment. As a matter of law, I instruct you that only the attorneys fees incurred in collecting the judgments may be considered by you as damages. Motorola Credit Corp. v. Uzan, 322 F.3d at 135-36. Additionally, I instruct you, as a matter of law, that plaintiffs suffered no damages after February 17, 1999, the date Mr. Flanagan filed his Chapter 11 bankruptcy. Cadle v. Flanagan, 3:01CV531(AVC).

If after you deduct amounts recovered, you find that plaintiffs suffered no loss, then you must find that there is no injury and you are instructed as a matter of law to enter judgment in favor of the defendants and against plaintiffs on plaintiffs claim.

If after you have deducted amounts recovered, you have a net positive number, you must next determine whether those damages were factually and proximate caused by the acts of defendants.

G.    PROXIMATE CAUSATION

In order for plaintiffs to be entitled to bring such claims against defendants, you must determine whether plaintiffs were each a person injured in his business or property by reason of a violation of §1962.

"By reason of" means plaintiffs' injuries must be both factually and proximately caused by the alleged RICO violation. Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 262 (1992). This is often called "but for" causation meaning but for the RICO violation, plaintiffs would not have been injured. In other words, plaintiffs must have suffered an injury that was directly, not indirectly, caused by the RICO predicate acts, even if plaintiffs' injury was proximately caused by some non-RICO violations committed by defendants. Baisch v. Gallina, 346 F.3d 366, 373 (2d Cir. 2003). A defendant is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were a substantial factor in the sequence of responsible causation and whose injury was reasonably foreseeable or anticipated as a natural consequence. Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 258 (2d Cir. 2004).

If you find that plaintiffs' injuries were not proximately caused by defendant Prymas's predicate acts, then as a matter of law, I instruct you to enter judgment in favor of defendant Prymas. If you find that plaintiffs' injuries were proximately caused by defendant Prymas's predicate acts, then you may find in favor of plaintiffs as against defendant Prymas.

If you find that plaintiffs' injuries were not proximately caused by defendant Thompson & Peck's predicate acts, then as a matter of law, I instruct you to enter judgment in favor of defendant Thompson & Peck. If you find that plaintiffs' injuries were proximately caused by defendant Thompson & Peck's predicate acts, then you may find in favor of plaintiffs as against defendant Thompson & Peck.

H.     SPECIAL DEFENSES


1.     RELIANCE ON ADVICE OF PROFESSIONALS

It is clear that a defendant cannot be liable for a violation of the civil RICO statute unless the defendant's frame of mind is the same as that required in a criminal prosecution.  Therefore, the plaintiffs must prove to you that each defendant acted with willful intent to deceive or with reckless disregard.  Babst v. Morgan Keegan & Co., 687 F.Supp. 255, 258 (E.D. Louisianna 1988).

If you find that a defendant relied on the advice of a qualified professional prior to performing any of the acts complained of, then you may consider the advice of the professional in determining whether the defendant acted with willful intent to deceive or with reckless disregard.  Stichting – Van Saybolt Interntional v. Schreiber, 327 F.3d 173, 183 (2d Cir. 2003) ("reliance on the advice of counsel is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent.").

2.     UNCLEAN HANDS

If you find that the plaintiffs are equally responsible for the losses they now complain of, you may find for the defendants because the plaintiffs have come to court with unclean hands.  Meadowbrook-Richman, Inc. v. Associated Financial Corp., 325 F.Supp.2d 341, 364 (S.D.N.Y. 2004) (noting that the Second Circuit has not yet determined whether unclean hands is a defense to civil RICO, but acknowledging Sikes v. Teleline, Inc., 281 F.3d 1350, 1366 n.41 (11th Cir. 2002) (discussing the "curious nature" of a gambler bringing a RICO claim against a bookie and noting the possibility that plaintiffs may be barred from bringing such a claim by the unclean hands doctrine.))

3.     FAILURE TO SERVE COURT ORDERS ON DEFENDANTS PRYMAS AND THOMPSON & PECK

If you find that the plaintiffs failed to have a copy of this Court's turnover order served on defendants Prymas and Thompson & Peck, I instruct you as a matter of law that you must find in favor of these defendants on plaintiffs' RICO claims.  Rule 65(d), Fed. R. Civ. P., stating in relevant part:  "Every order granting an injunction and every restraining order  …  is binding **only** upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  (Emphasis added.)  See also <u>Vermont Women's Health Center v. Operation Rescue</u>, 617 A.2d 411, 413 (Vt. 1992).

4.     ACCORD AND SATISFACTION

If you find that the plaintiff has been paid all sums due in the Federal Court Collection Action, I instruct you as a matter of law that you must find in favor of the defendants on all RICO claims in which said sums form the basis of the claim against any defendant.  <u>Clarke v. Max Advisors, LLC</u>, 235 F.Supp.2d 130, 143 (N.D.N.Y. 2002) ("As its name implies, an accord and satisfaction has two components. An accord is an agreement that an agreed-upon performance will be accepted, in the future, in lieu of an existing claim.  Execution of that agreement constitutes satisfaction.")

5.     RELEASE

You will have with you in the jury room a copy of a Release of All Claims, dated April 5, 2005, in which the plaintiffs have released Charles Flanagan from all claims existing from the beginning of the world to the date of that release.  I instruct you as a matter of law that you must find in favor of the defendants on any claim of the plaintiffs that they could have asserted against Mr. Flanagan, but for that release, as the damages owed by the defendants are otherwise too speculative.  <u>Clarke v. Max Advisors, LLC</u>, 235

F.Supp.2d 130, 143 (N.D.N.Y. 2002) ("A release ... involves the present intent to abandon a right or claim to the party against whom the claim exists or against whom the right is to be exercised or enforced."); <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763 (2d Cir. 1994) ("the general rule of fraud damages is that the defrauded plaintiff may recover [only] out of pocket losses caused by the [RICO] fraud. ... Because the fraud defendant is not liable for all losses that may occur, but only for those actually suffered, ***only after the lender has exhausted the bargained for remedies available to it*** can the lender assert that it was damaged by the fraud, and then only to the extent of the deficiency. ... A plaintiff who claims that a debt is uncollectible because of the defendant's conduct can only pursue the RICO treble damages remedy after his contractual rights to payment have been frustrated. ... RICO provides a civil remedy only to those persons injured ***by reason of*** the defendants' predicate acts. ... [W]hen factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions.") (emphasis added).

**PROPOSED INTERROGATORIES RE: DEFENDANT STANLEY F. PRYMAS**

A.

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1. | Do you find a RICO enterprise? | | |
| 2. | If no, you must enter judgment in favor of defendant Prymas on all RICO claims: §1962(b), (c) and (d). | | |
| 3. | If yes, do you find that defendant Prymas was a member of the RICO enterprise? | | |
| 4. | If no, you must enter judgment in favor of defendant Prymas on all RICO claims: §1962(b), (c) and (d). | | |
| 5. | If yes, proceed to Section B. | | |

B.      §1962(b)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1.a. | Did defendant Prymas commit predicate acts of bankruptcy fraud? | | |
| 1.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of bankruptcy fraud.) | | |
| 2.a. | Did defendant Prymas commit predicate acts of mail fraud? | | |
| 2.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 3. | If yes, was there reliance?  (If no, then as a matter of law there is no predicate act of mail fraud.) | | |
| 4.a. | Did defendant Prymas commit predicate acts of wire fraud? | | |
| 4.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 5. | If yes, was there reliance?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 6. | Do you find that the wire fraud communications crossed state lines? | | |
| 7. | If no, then as a matter of law, there is no wire fraud. | | |
| 8. | If you answered no to all of 3, 5 and 7, above, you must find in favor of defendant Prymas. | | |
| 9. | If you answered yes to any of 3, 5 or 7, above, do you find that defendant Prymas committed two or more of these predicate acts within ten years?  (If you answer no, then you must find in favor of defendant Prymas.) | | |
| 10. | Of the predicate acts you determined were committed by defendant Prymas, do you find that these predicate acts were related? | | |
| 11. | Of the predicate acts you determine were committed by defendant Prymas, do you find that these acts amount to or pose a threat of continued criminal activity through either closed-ended or open-ended continuity? | | |
| 12. | If you answered no to either 9 or 11, you must find in favor of defendant Prymas. | | |

| | | | |
|---|---|---|---|
| 13. | If you answered yes to both 9 and 11, above, do you find that defendant Prymas acquired an interest or control of the enterprise itself?  If no, you must find in favor of defendant Prymas. | | |
| 14. | If yes, do you find a separate "acquisitional" injury?  If no, you must find in favor of defendant Prymas. | | |
| 15. | If yes, do you find that plaintiffs were injured in their business or property?  If no, you must find in favor of defendant Prymas. | | |
| 16. | If yes, do you find that plaintiffs' injuries were proximately caused by the patter of predicate acts committed by defendant Prymas?  If no, you must find in favor of defendant Prymas. | | |
| 17. | If yes, you must find in favor of plaintiffs on §1962(b). | | |

C.    §1962(c)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1.a. | Did defendant Prymas commit predicate acts of bankruptcy fraud? | | |
| 1.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of bankruptcy fraud.) | | |
| 2.a. | Did defendant Prymas commit predicate acts of mail fraud? | | |
| 2.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 3. | If yes, was there reliance?  (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 4.a. | Did defendant Prymas commit predicate acts of wire fraud? | | |
| 4.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 5. | If yes, was there reliance?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 6. | Do you find that the wire fraud communications crossed state lines?  (If no, then as a matter of law, there is no wire fraud.) | | |
| 7. | Do you find that defendant Prymas committed two or more predicate acts?  (If you answer no, then you must find in favor of defendant Prymas.) | | |
| 8. | Of the predicate acts you determine were committed by defendant Prymas, do you find that these predicate acts were related? | | |
| 9. | Of the predicate acts you determine were committed by defendant Prymas, do you find that these acts amount to or pose a threat of continued criminal activity through either closed-ended or open-ended continuity? | | |
| 10. | If you answered no to either of 7 or 9, above, you must find in favor of defendant Prymas. | | |
| 11. | If you answered yes to both 7 and 9 above, do you find that defendant Prymas participated in the operation and management of the enterprise?  If no, you must find in favor of defendant Prymas. | | |
| 13. | If yes, do you find that plaintiffs were injured in their business or property?  If no, you must find in favor of defendant Prymas. | | |

| 14. | If yes, do you find that plaintiffs' injuries were proximately caused by the pattern of predicate acts committed by defendant Prymas?  If no, you must find in favor of defendant Prymas | | |
| 15. | If yes, you must find in favor of plaintiffs on §1962(c). | | |

D.    §1962(d)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1. | Did you find that defendant Prymas violated either §1962(b) or (c)?  Your answer to this question comes from your answers to sections B and C of these interrogatories, appearing immediately above.  If not, then you must find in favor of defendant Prymas. | | |
| 2. | If yes, do you find that defendant Prymas, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the enterprise?  If no, you must find in favor of defendant Prymas. | | |
| 3. | If yes, do you find that plaintiffs were injured in their business or property?  If no, you must find in favor of defendant Prymas. | | |
| 4. | If yes, do you find that plaintiffs' injuries were factually and proximately caused by the pattern of predicate acts committed by the co-conspirators?  If no, you must find in favor of defendant Prymas. | | |
| 5. | If yes, you must find in favor of plaintiffs. | | |

**§1962(b) Damages**

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of defendant Prymas. | |

**§1962(c) Damages**

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of defendant Prymas. | |

**§1962(d) Damages**

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of co-conspirators. | |

**PROPOSED INTERROGATORIES RE: DEFENDANT THOMPSON & PECK**

A.

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1. | Do you find a RICO enterprise? | | |
| 2. | If no, you must enter judgment in favor of defendant Thompson & Peck on all RICO claims: §1962(b), (c) and (d). | | |
| 3. | If yes, do you find that defendant Thompson & Peck was a member of the RICO enterprise? | | |
| 4. | If no, you must enter judgment in favor of defendant Thompson & Peck on all RICO claims: §1962(b), (c) and (d). | | |
| 5. | If yes, proceed to Section B. | | |

B.      §1962(b)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1.a. | Did defendant Thompson & Peck commit predicate acts of bankruptcy fraud? | | |
| 1.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of bankruptcy fraud.) | | |
| 2.a. | Did defendant Thompson & Peck commit predicate acts of mail fraud? | | |
| 2.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 3. | If yes, was there reliance?  (If no, then as a matter of law there is no predicate act of mail fraud.) | | |
| 4.a. | Did defendant Thompson & Peck commit predicate acts of wire fraud? | | |
| 4.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 5. | If yes, was there reliance?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 6. | Do you find that the wire fraud communications crossed state lines? | | |
| 7. | If no, then as a matter of law, there is no wire fraud. | | |
| 8. | If you answered no to all of 3, 5 and 7, above, you must find in favor of defendant Thompson & Peck. | | |
| 9. | If you answered yes to any of 3, 5 or 7, above, do you find that defendant Thompson & Peck committed two or more of these predicate acts within ten years?  (If you answer no, then you must find in favor of defendant Thompson & Peck.) | | |
| 10. | Of the predicate acts you determined were committed by defendant Thompson & Peck, do you find that these predicate acts were related? | | |

| | | | |
|---|---|---|---|
| 11. | Of the predicate acts you determine were committed by defendant Thompson & Peck, do you find that these acts amount to or pose a threat of continued criminal activity through either closed-ended or open-ended continuity? | | |
| 12. | If you answered no to either 9 or 11, you must find in favor of defendant Thompson & Peck. | | |
| 13. | If you answered yes to both 9 and 11, above, do you find that defendant Thompson & Peck acquired an interest or control of the enterprise itself?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 14. | If yes, do you find a separate "acquisitional" injury?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 15. | If yes, do you find that plaintiffs were injured in their business or property?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 16. | If yes, do you find that plaintiffs' injuries were proximately caused by the patter of predicate acts committed by defendant Thompson & Peck?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 17. | If yes, you must find in favor of plaintiffs on §1962(b). | | |

C.    §1962(c)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1.a. | Did defendant Thompson & Peck commit predicate acts of bankruptcy fraud? | | |
| 1.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of bankruptcy fraud.) | | |
| 2.a. | Did defendant Thompson & Peck commit predicate acts of mail fraud? | | |
| 2.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 3. | If yes, was there reliance?  (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 4.a. | Did defendant Thompson & Peck commit predicate acts of wire fraud? | | |
| 4.b. | If yes, was there transactional loss and loss causation?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 5. | If yes, was there reliance?  (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 6. | Do you find that the wire fraud communications crossed state lines?  (If no, then as a matter of law, there is no wire fraud.) | | |
| 7. | Do you find that defendant Thompson & Peck committed two or more predicate acts?  (If you answer no, then you must find in favor of defendant Thompson & Peck.) | | |
| 8. | Of the predicate acts you determine were committed by defendant Thompson & Peck, do you find that these predicate acts were related? | | |
| 9. | Of the predicate acts you determine were committed by defendant Thompson & Peck, do you find that these acts amount to or pose a threat of continued criminal activity through either closed-ended or open-ended continuity? | | |

| | | | |
|---|---|---|---|
| 10. | If you answered no to either of 7 or 9, above, you must find in favor of defendant Thompson & Peck. | | |
| 11. | If you answered yes to both 7 and 9 above, do you find that defendant Thompson & Peck participated in the operation and management of the enterprise?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 13. | If yes, do you find that plaintiffs were injured in their business or property?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 14. | If yes, do you find that plaintiffs' injuries were proximately caused by the pattern of predicate acts committed by defendant Thompson & Peck?  If no, you must find in favor of defendant Thompson & Peck | | |
| 15. | If yes, you must find in favor of plaintiffs on §1962(c). | | |

D.    §1962(d)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1. | Did you find that defendant Thompson & Peck violated either §1962(b) or (c)?  Your answer to this question comes from your answers to sections B and C of these interrogatories, appearing immediately above.  If not, then you must find in favor of defendant Thompson & Peck. | | |
| 2. | If yes, do you find that defendant Thompson & Peck, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the enterprise?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 3. | If yes, do you find that plaintiffs were injured in their business or property?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 4. | If yes, do you find that plaintiffs' injuries were factually and proximately caused by the pattern of predicate acts committed by the co-conspirators?  If no, you must find in favor of defendant Thompson & Peck. | | |
| 5. | If yes, you must find in favor of plaintiffs. | | |

### §1962(b) Damages

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of defendant Thompson & Peck. | |

### §1962(c) Damages

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of defendant Thompson & Peck. | |

### §1962(d) Damages

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of co-conspirators. | |

Respectfully submitted,

DEFENDANTS, STANLEY F. PRYMAS and
THOMPSON & PECK, INC.

BY:     _____
        Barbara L. Cox
        Federal Bar #ct08523
        The Gallagher Law Firm
        1377 Boulevard
        P.O. Box 1925
        New Haven, CT  06509
        Tel:  203-624-4165
        Fax:  203-865-5598

### *CERTIFICATION OF SERVICE*

This is to certify that a copy of the foregoing was mailed or hand delivered on
May 23, 2005 to all counsel and *pro se* parties of record, namely:

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, Ill.  60422

Edward C. Taiman, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT  06103-2205

Todd R. Bainer, Esq.
P.O. Box 1092
Branford, CT 06405

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026


Bradley K. Cooney, Esq.
69 Island Avenue
Madison, CT 06443

David G. Hill
June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Lisa G. Flanagan, pro se
12 Green Hill Road
North Haven, CT 06473-2146

Paul Morgan Gaide, Esq.
713 Lovely Street
Avon, CT 06001

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410


————————————————
BARBARA L. COX