UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>   Plaintiffs | : <br> : <br> : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| VS. | : <br> : | |
| CHARLES A. FLANAGAN, ET AL<br>   Defendants | : <br> : | MAY 23, 2005 |

<u>DEFENDANT TODD R. BAINER AND TODD R. BAINER, LLC'S
MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: CONTROL AND POST
AUGUST 21, 1998 EVIDENCE</u>

I.  FACTS

The purpose of this Motion in Limine is to preclude from evidence, whether by document or testimony, all evidence that relates to, refers to or is offered in connection with any alleged act of defendant regarding his attempt to control the RICO enterprise, as well as any evidence, whether by document or testimony, this is dated or relates to occurrences subsequent to August 21, 1998.

On May 20, 2005, this Court, pursuant to its decision on Bainer's Motion for Reconsideration/Clarification, granted summary judgment in favor of Bainer as to 18 U.S.C. Section 1962(b) (acquisition and control of an Enterprise). Pursuant to plaintiffs' own complaint, plaintiffs claim that Bainer's participation in the shifting stock scheme and the

settlement proceeds scheme ended August 21, 1998. Therefore, Bainer hereby moves to preclude the introduction of any evidence related to his alleged control of the RICO enterprise and to further preclude the introduction of any evidence as to Bainer post August 21, 1998.

II. LEGAL ARGUMENT

    A. MOTION IN LIMINE

"The purpose of a **motion *in limine*** is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."), Commerce Funding Corp. v. Comprehensive Habilitation, 2005 WL 1026515 at page 3 (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996)).

Bainer has only been implicated by plaintiffs in 2 schemes: the shifting stock scheme and the settlement proceeds scheme. Bainer's alleged participation in the shifting stock scheme ended on August 21, 1998, when he placed the restrictive legend on Flanagan's stock certificate.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

Bainer's participation in the settlement proceeds scheme is alleged to have occurred from January 1998 through the spring of 1998. Plaintiffs also allege that Bainer vied for control over the RICO enterprise starting in December 9, 1998 (Section L, paragraphs 52 – 57). However, as this court's ruling dated May 20, 2005 makes clear, Bainer did not acquire or control the alleged RICO enterprise. Consequently, summary judgment entered in favor of Bainer as to §1962(b).

Based on the foregoing order of this court and the allegations of plaintiff regarding Bainer's participation in the shifting stock scheme and the settlement proceeds scheme, there are no acts of Bainer subsequent to August 21, 1998 at issue. Wherefore, Bainer requests that the Court preclude the introduction of any evidence relating to Bainer's alleged control over the enterprise and further preclude the introduction of any evidence from August 21, 1998 in an attempt to show predicate acts of Bainer.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By _____
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 23, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

_____
R. BRADLEY WOLFE

::ODMA\PCDOCS\DOCS\393761\1

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361       FACSIMILE (860) 525-4849       JURIS No. 24029