UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A . FLANAGAN, ET AL | : | |
|     Defendants. | : | MAY 24, 2005 |

### MOTION TO RECONSIDER ORDER

The Plaintiffs, The Cadle Company and D.A.N. Joint Venture, A Limited Partnership, hereby request the Court to reconsider its ruling of May 23, 2005, wherein it sustained the objection of Todd Bainer and Todd Bainer, LLC ("Bainer") to the introduction by Plaintiffs of correspondence between legal counsel regardless of the fact that they are co-conspirators. Plaintiffs request reconsideration on the basis that neither case cited by Bainer stands for the proposition that correspondence between attorney co-conspirators is somehow protected or otherwise inadmissible into evidence. In support hereof, Plaintiffs state the following.

Bainer's objection relied upon two cases: Morin v. Trupin, 711 F. Supp. 97, (S.D.N.Y. 1989) and Kashelkar v. Rubin, 97 F. Supp. 2d 383 (S.D.N.Y. 2000). Neither case stands for the proposition that correspondence between attorney co-conspirators is inadmissible into evidence. In fact, neither case addressed the admissibility of evidence at trial. Rather, both the Morin and Kashelkar cases are Rule 12(b)(6) decisions, with facts clearly distinguishable from those presented in the instant matter.

In <u>Morin</u>, the attorneys sent correspondence to investors demanding that they make payment on various promissory notes. The issue before the court was not whether the correspondence was admissible into evidence at trial, but rather, whether the demand letter at issue could serve as a predicate act of mail fraud under RICO.

The <u>Kashelkar</u> decision is likewise inapplicable. That decision also did not address whether correspondence between co-conspirator attorneys was admissible into evidence in a civil RICO trial. Rather, the issue was whether normal actions by attorneys, such sending court papers and invoices for legal bills through the mail, in furtherance of their clients' attempts at debt collection could form the basis of a RICO action. The court noted that: "Garden-variety pleading errors and the filing of routine motions do not constitute RICO predicate acts. To hold otherwise, would turn every state court lawsuit into a predicate for a subsequent RICO action." <u>Id.</u> at 392. The Complaint at issue alleged that the Defendants violated the wire fraud statute by transmitting and receiving "falsified" legal papers through the mail. The court stated that:

> Far from pleading conduct that would constitute a violation of the mail and wire fraud statutes, the Complaint does nothing to negate the proposition that these actions were completely lawful, and constituted nothing more than the legitimate conduct of attorneys representing their clients in pending litigation . . . . This Court has soundly rejected the contention that such conduct by attorneys can constitute mail or wire fraud.

<u>Kashelkar</u> at 392 - 93. Thus, this case did not even address the issue as to whether

2

correspondence between co-conspirator attorneys was admissible at a trial to establish whether the attorneys violated RICO.

Both courts relied heavily upon the Spiegel v. Continental Illinois decision that this court also relied upon. In that case, the court noted that:

> Congress could not have intended that the mail fraud statute sweep up correspondence between attorneys, dealing at arm's length on behalf of their parties, concerning an issue in pending litigation . . . . Subjecting the letters in issue to the mail fraud statute would chill an attorney's efforts and duty to represent his or her client in the course of pending litigation.

Morin at 105, citing Spiegel v. Continental Illinois, 609 F. Supp. 1083, 1089 (N.D. Ill. 1985), aff'd, 790 F.2d 638 (7th Cir.), cert denied, 479 U.S. 787 (1986).

Bainer's motion, however, conveniently neglects to point out the rest of the court's holding which states: "Nor should our opinion be read to the immunize lawyers who are principals in a fraudulent scheme." Spiegel at 1089. This is exactly what Defendant Bainer would have this Court do. Bainer's motion relied upon two cases wherein the court addressed whether "garden-variety" actions by an attorney in support of his client's litigation was actionable under RICO. In each case, the court found that the correspondence at issue could not form the basis of a RICO law suit, and therefore, dismissed the cases pursuant to Rule 12(b)(6). Bainer's motion misled the court. Neither Morin, Kashelkar, nor Spiegel had anything to do with the admission into evidence of correspondence between co-conspirator attorneys at trial.

3

All three cases were rulings on motions to dismiss under Rule 12(b)(6).  Nor did any of the cases deal with co-conspirators who merely happened to be lawyers.

In the instant case, we are well past the 12(b)(6) stage.  This court has already held that Plaintiffs' complaint states a valid RICO claim.  Additionally, this court has already ruled in favor of Plaintiffs on Bainer and Fasano's Motions for Summary Judgment.

Bainer and Fasano's conduct is significantly different than the attorneys' conduct in Morin, Kashelkar, and Spiegel.  At the time Bainer and Fasano wrote their correspondence, they were not litigants "dealing at arm's length on behalf of their parties" Speigel 609 F.Supp. at 393.  Rather, they were working hand in hand to defraud Plaintiffs.  This court's ruling would essentially immunize attorneys for liability under RICO.  The thrust of the Speigel, Morin and Kashelkar decisions is that where attorneys are representing their litigant clients and nothing more, no liability will attach under RICO.  But that is not the issue before this court.  The issue is whether correspondence between co-conspirator attorneys is admissible into evidence.  Neither any of the decisions cited by Defendant Bainer, nor the Federal Rules of Evidence, prohibit the introduction of such correspondence.  The correspondence is relevant, it directly pertains to the issues at hand, and should be admissible.

Bainer's motion misled the court.  As recognized by Second Circuit Court of Appeals, "admission to the bar does not create a license to act maliciously, fraudulently, or knowingly to

tread upon the legal rights of others." Newburger, Loeb & Co., v. Gross, 563 F.2d 1057, 1080 (2d Cir. 1977). That is exactly what Bainer would have this court allow by insulating the correspondence in which they engaged to further their fraudulent schemes merely because that correspondence is between attorneys.

    For the foregoing reasons, Plaintiffs request that this Court reconsider its ruling and allow the admission into evidence of correspondence between attorneys.

                                       **THE CADLE COMPANY AND**
                                       **D.A.N. JOINT VENTURE, L.P.**

By:_____
    Edward C. Taiman, Jr.
    Sabia & Hartley, LLC
    190 Trumbull Street, Suite 202
    Hartford, CT 06103
    (860) 541-2077
    Fed. Bar No. ct01319

    and

    F. Dean Armstrong, Esq.
    1324 Dartmouth Road
    Flossmoor, IL 60422
    Federal Bar No. ct22417

## CERTIFICATE OF SERVICE

      I certify that the foregoing instrument was hand delivered on May 24, 2005 to all defense counsel of record as shown on the attached Service List.

                                                      _____
                                                      Edward C. Taiman, Jr.

E:\WPDOCS\CADLE\Flanagan\RICO\MtReconsiderCorres.wpd