UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL | : | CIVIL ACTION NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL | : | MAY 31, 2005 |

## MOTION IN LIMINE

Pursuant to §701 of the Federal Rule of Evidence, the Fasano defendants hereby move to preclude the plaintiffs from introducing any evidence of the value of Thompson & Peck's stock. First, plaintiffs have not introduced any expert witnesses pursuant to Rule 702 to testify about the value of the stock. Instead, they seek to introduce evidence of its value through lay witnesses pursuant to Rule 701. Second, plaintiffs should be precluded from doing so, as they are unable to establish Rule 701's prerequisites for establishing a foundation BEFORE lay opinion testimony is allowed. Third, the opinion itself is of no relevance to these claims since it was adopted by Thompson & Peck in February 2000, two years AFTER the alleged wrongdoing.

Federal Rule of Evidence 701 provides as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Indeed, a number of courts have recognized that "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and

---

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

susceptible to specific cross-examination." *Lightning Lube, Inc. v. Witco Corporation*, 4 F.3d 1153, 1175 (3d Cir. 1993) citing *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980). Plaintiffs are attempting to continue this modern trend, however, they seek to do so without establishing the necessary foundation. In fact, this <u>exact scenario</u> was considered by both the Third Circuit in *Lightning Lube, Inc.*, *supra*, whose rationale was then adopted by the Second Circuit in *Medforms Inc. v. Healthcare Management Solutions, Inc.*, 290 F.3d 98, 111 (2d Cir. 2002).

In *Lightning Lube*, the plaintiff sought to introduce evidence of damages through lay opinion of its principal. The defendants objected because the plaintiff's lay witness relied upon the reports of an accountant as the basis for his opinion. Though the court overruled defendant's objection, it did so ONLY because it found that plaintiff's principal had **personally participated** in making the report, thus his testimony was based upon personal knowledge, not hearsay. In this instance, there is no such personal knowledge. Mr. Prymas will testify that he and his partner, Charles Flanagan, merely incorporated the opinions of an accountant, BMG. They did not participate in the appraisal, nor do they have any personal knowledge of the accuracy of said opinion. Again, they simply hired the accountant to evaluate the company, and once the accountant rendered his opinion, they adopted it as their own. See BMG report, attached as Exhibit A; see Amendment to Buy-Sell Agreement, attached as Exhibit B. Thus, the opinion is by definition hearsay. More importantly, plaintiffs cannot lay a foundation for its admissibility as required by Rule 701.

Lastly, Mr. Prymas's opinion is of no relevance since it was adopted by him in February 2000, two years after the alleged stock scheme ended. The court will recall that the alleged stock scheme began in January 1998 with a memo from Charles Flanagan to his counsel, Len Fasano. Plaintiffs allege that had the stock been turned over at that time,

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

they would have satisfied approximately $1 million in judgments on a series of other Flanagan debts. Notwithstanding the speculative nature of this claim, the plaintiffs have no evidence of the stock's value at the time of the alleged wrongdoing. Again, their only purported evidence is two years after the fact. As a result, it should be precluded as a matter of law.

Respectfully submitted,

DEFENDANTS
LEONARD A. FASANO
FASANO, IPPOLITO & LEE, LLC

By_____
David G. Hill of
HALLORAN & SAGE LLP
Fed. Bar No. ct13435
Their Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 3 -
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

CERTIFICATION

This is to certify that on this 31st day of May 2005, a copy of the foregoing was mailed, postage prepaid, to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT 06103-2205
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL 60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer, LLC**

Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT 06405
**For Defendant Todd R. Bainer**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT 06509-1925
**For Defendant Stanley Prymas
& Thompson & Peck, Inc.**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
**For Defendant Thompson & Peck, Inc.**

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026
**For Defendant Charles A. Flanagan**

_____
David G. Hill

690426_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 4 -
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105



Exhibit A

Fair Market Valuation

of Thompson & Peck, Inc.

as of September 30, 1998

# STATEMENT OF VALUE

---

It is the opinion of BMG that the value of T&P as of September 30, 1998 is in the range of:

$1,995,000 to $2,125,000

(Midpoint $2,060,000)

Further this value is comprised of a book of business value range of:

$2,524,000 to $2,654,000

(Midpoint $2,589,000)

And an Adjusted Tangible Net Worth of -$529,000

This estimate of value is based on the information gathered and presented during the review of the firm together with the opinions and judgments of the appraiser.

Business Management Group
December, 1998

Exhibit
B

# AMENDMENT TO SHAREHOLDERS' (BUY-SELL) AGREEMENT DATED AUGUST 21, 1998 BETWEEN STANLEY F. PRYMAS AND CHARLES A. FLANAGAN

IT IS AGREED THAT THE VALUE OF THE CORPORATIONS IN ACCORDANCE WITH SECTION 4 OF THE AGREEMENT IS:

## $2,060,000

THE CORPORATIONS' VALUE WAS DETERMINED BY REAFFIRMING THE MIDPOINT VALUE DEVELOPED BY BUSINESS MANAGEMENT GROUP IN THEIR SEPTEMBER 30, 1998 FAIR MARKET VALUATION (SUMMARY PAGE ATTACHED AND FULL COPY AVAILABLE AT THE MAIN OFFICE OF THE CORPORATIONS).

*DATED THIS 18 TH OF DAY OF FEBRUARY 2000 AT NEW HAVEN, CONNECTICUT*

Witness

_____
Stanley F. Prymas
50% Owner/Shareholder and Director

Witness

_____
Charles A. Flanagan
50 % Owner/Shareholder and Director

*This Amendment should be attached to the Agreement.*

14 a.

PLAINTIFF'S EXHIBIT 230