UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL | : | CIVIL ACTION NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 1, 2005 |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE

The Fasano defendants have previously filed a Motion to Preclude dated May 20, 2005, which is directed to the alleged "bankruptcy tax fraud scheme"; specifically, it is directed to the plaintiffs failure to disclose said scheme as one of their alleged predicate acts. Attached to said motion, the Fasano defendants submitted three sets of discovery compliance from plaintiffs, none of which discloses the bankruptcy scheme. The Court has not yet acted on said motion, therefore, the Fasano defendants hereby submit another exhibit to show the plaintiffs' lack of disclosure. Attached as Exhibit A is a March 25, 2005 letter from plaintiffs' counsel. As the Court will see, counsel reiterates that the bankruptcy tax scheme is NOT one of the alleged predicate acts. Specifically, counsel advises that "[t]he three listed predicate act schemes [the settlement proceeds scheme, the shifting stock scheme and the checking account scheme] are the only RICO schemes that we are aware of." At no time have the plaintiffs disclosed a fourth scheme as one of their alleged predicate acts. In fact, they specifically failed to do so on four separate occasions. Clearly, to allow them to expand their claim at this late date is prejudicial to the defendants.

Any documents that were not previously produced are properly precluded from being presented at trial pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. Rule 37(c)(1) provides that:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0088
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed.R.Civ.P. 37(c)(1). "Compliance with Rule 26 is necessary for the elimination of unfair surprise to the opposing party and the conservation of resources." Hyun v. South Kent School, No. Civ.3:95CV2235(AHN), 1997 WL 597122, *1 (D.Conn. Sept. 17, 1997).

"Exclusion under Rule 37(c)(1) is a form of a sanction, designed to encourage compliance with the disclosure requirements of the rules and the Court." Schanzer v. United Technologies Corp., 120 F.Supp.2d 200, 206 (D. Conn. 2000). Rule 37(c)(1) prevents a party from sandbagging an adversary at trial with newly disclosed evidence. Id. Late disclosures based on bad faith or dilatory tactics may be sanctioned under Rule 37(c)(1). Id.

Allowing plaintiffs to use any additional documents that were not previously disclosed would result in an ambush, which the courts shun. M. Palma v. Pharmedica Communications, Inc., No. Civ.3:00CV1128(AHN), 2002 WL 32093275 (D.Conn. March 22, 2002); Suber v. Pitney Bowes, Inc., No. 98 CIV. 2914(HB),1999 WL 102815 n.6 (S.D.N.Y. Feb. 26, 1999). If the plaintiffs offer any additional documents that are not already in evidence, the defendant would be greatly disadvantaged by the untimeliness of its disclosure. The plaintiffs filed the pending action on April 4, 2001 and had ample opportunity to disclose documents during discovery. Any additional documents the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiffs attempt to submit into evidence should be precluded by the unfair surprise and unjust prejudice to the defendants they would create.

WHEREFORE, the plaintiffs should be precluded from introducing any and all evidence as to this new scheme, the alleged bankruptcy tax fraud scheme.

Respectfully submitted,
DEFENDANTS,
LEONARD A. FASANO
FASANO, IPPOLITO & LEE, LLC

By_____
June M. Sullivan
David G. Hill
HALLORAN & SAGE LLP
Fed. Bar No. ct24462
Fed. Bar No. ct13435
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 1ST day of June 2005, a copy of the foregoing was mailed, postage prepaid, to:

Edward C. Taiman, Jr., Esq.
Michael G. Albano, Esq.,
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT  06103-2205
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited
Partnership**

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL  60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited
Partnership**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gerald R. Swirsky, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT  06106-5123
**For Defendant Todd R. Bainer, LLC**

Barbara L. Cox, Esq.
William F. Gallagher, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT  06509-1925
**For Defendant Stanley Prymas
& Thompson & Peck, Inc.**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT  06443
**For Defendant Thompson & Peck, Inc.**

Roger J. Frechette, Esq.
Frechette & Frechette
12 Trumbull Street
New Haven, CT  06511
**For Defendant Leonard Fasano**

_____
David G. Hill

693271_1.DOC

One Goodwin Square                HALLORAN                Phone (860) 522-6103
225 Asylum Street                                         Fax (860) 548-0006
Hartford, CT 06103                & SAGE LLP              Juris No. 26105



Exhibit A

# ARMSTRONG LAW FIRM
1324 DARTMOUTH ROAD
FLOSSMOOR, ILLINOIS 60422

E-MAIL:
DINO@DINOLAW.COM

708/798-1599
(FAX) 708/798-1597

March 25, 2005

David G. Hill, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

  Re: Cadle, et al. v. Flanagan, et al.;
    No. 3:01-CV-531 (AVC)

Dear David:

  Thank you for your numerous courtesies in allowing me some additional time to respond to the matters raised in your February 10, 2005 letter.

  (1) Please consider the word "probably" deleted from Plaintiffs' interrogatory answers. All of the individuals listed (with the exception of Robert Skelton, who has since passed away) have knowledge of the facts supporting the allegations in the Complaint.

  (2) As far as attorneys' fees, it is my understanding that this information has been provided to you by Ed Taiman, Esq. Please let me know if you request any additional information.

  (3) As far as the lost debt damages, please see Plaintiffs' Second Supplemental Responses to the Interrogatories Submitted by Defendants Prymas and Thompson & Peck.

  (4) I attach a full and complete exhibit list. Please let me know if you don't have copies of any of the exhibits that are listed and I will promptly forward any requested copies to you.

  (5) Please see No. 4 above.

  (6) The three listed predicate act schemes are the only RICO schemes that we are aware of. The predicate acts in connection with the execution of those schemes are set forth in Plaintiffs' Second Supplemental Responses to Interrogatories

d G. Hill, Esq.
March 25, 2005
Page 2.

Submitted by Defendants Leonard A. Fasano and Fasano, Ippolito & Lee, L.L.C.

    (7) Please see No. 6 above.

Please feel free to give me a call should you desire any further information or clarification on any of the matters raised in this letter. Once again, thank you for your numerous courtesies.

                                Very truly yours,

                                F. Dean Armstrong

cc: Mary Anne Charron, Esq.
    Barbara Cox, Esq.
    Doug Skalka, Esq.
    Ed Taiman, Esq.
    Tim Dugic