UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
|     Defendants. | : | JUNE 3, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF JAN SCHLICHTMANN**

**I.     FACTS**

Defendants Thompson and Peck and Stanley Prymus have indicated on their witness list their intent to call Attorney Jan Schlichtmann to testimony in this matter. Attorney Schlichtmann has not been involved in any of the incidents leading to this case and does not have any relevant testimony to provide in this case. It is believed that the only purpose Defendants have in calling Attorney Schlichtmann to have him testify regarding his personal dislike of Dan Cadle growing out of Cadle's attempt to collect a debt from him in the past..

**II.     LEGAL ARGUMENT**

FRE 401 states that:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Attorney Schlichtmann has no independent knowledge of any of the events surrounding this case. The only purpose of his testimony appears to be as an attempt to confuse the jury with his celebrity status (the book and movie "A Civil Action" were based on him) and have him testify as to his personal dislike of Dan Cadle and his company. Attorney Schlichtmann's only knowledge of Cadle is through Cadle's attempts to collect a debt from Schlichtmann in the past. This information, however, has no relevance to the current case. Attorney Schlichtmann's testimony, therefore, does not meet the requirements for FRE 401 as it is not relevant to the case at hand.

Furthermore, even if Attorney Schlichtmann's testimony has some slight probative value, that value is completely outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and a waste of time. As noted above, Attorney Schlichtmann has no first-hand knowledge of any of the facts in this case. His status as a celebrity combined with his lack of knowledge of any facts in this case would be highly prejudicial to the Plaintiffs, would be likely to confuse and/or mislead the jury and would be a complete waste of time.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs request that this Court exclude the testimony of Attorney Jan Schlichtmann.

        THE CADLE COMPANY AND
        D.A.N. JOINT VENTURE, L.P.


By_____
  Edward C. Taiman, Esq.
  SABIA & HARTLEY, LLC
  190 Trumbull Street
  Suite 202
  Hartford, CT 06103-2205
  (860) 541-2077
  Fax (860) 713-8944

  and

  F. Dean Armstrong
  Ct. Fed. Bar #CT22417
  1324 Dartmouth Road
  Flossmoor, IL 60422
  (708) 798-1599
  Fax (708) 798-1597

  Attorneys for Plaintiffs
  The Cadle Company and
  D.A.N. Joint Venture,
  A Limited Partnership


## Certificate of Service

  I certify that a copy of the foregoing instrument was mailed on June 3, 2005 to all defense counsel as shown on the attached Service List.

           _____
           Edward C. Taiman, Jr.

E:\WPDOCS\CADLE\Flanagan\RICO\mol.exclude.schlichtmann.testimony.wpd