UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 6, 2005 |
| Defendants | : | |

## DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC AMENDED PROPOSED JURY CHARGES

Defendant Bainer hereby amends his Proposed Jury Charges to reflect the decision of this Court to grant summary judgment in his favor as to §1962(b) and the Court's decision of the court to permit the addition of a negligence count. Additionally, defendants have corrected editing errors from the May 18, 2005 filing.

Plaintiffs claim that defendants, individually and collectively as co-conspirators violated RICO. RICO is a very complex federal statute, so I will review each element necessary with you in detail.

A.    ENTERPRISE

In order for plaintiffs to be successful with any of their RICO claims against any of these defendants, plaintiffs must first demonstrate the existence of an "enterprise" that engaged in a pattern of racketeering activity. Racketeering activity is the commission of predicate acts. A RICO enterprise is an entity, a group of persons associated together for the common purpose of engaging in a course of conduct. U.S. v. Turkette, 452 U.S. 576 (1981). An enterprise has three primary characteristics: (1) it is an ongoing organization, formal or informal; (2) the various associates comprising the enterprise all must function as a common unit; and (3) the enterprise is an entity separate and apart from the pattern of racketeering. Id. at 583. Thus, for an association

of individuals to constitute an enterprise within RICO the individuals must share a common

purpose to engage in a fraudulent course of conduct and work together to achieve such purposes.

United States Fire Ins. Co. v. United Limousine Service, Inc., 303 F. Supp 2d 432, 447 (S.D.N.Y.

2004).

You must first determine if an enterprise existed.  That is, that Charles Flanagan and

defendants as his associates functioned as a common unit to engage in fraudulent conduct.  If you

find that an enterprise did not exist, then I instruct you, as a matter of law, to find judgment in

favor of all defendants.  If you find an enterprise existed, then you must determine if each

defendant, individually, was a member of that enterprise.  That is, was each defendant a part of a

common unit, with a common purpose of engaging in illegal or fraudulent predicate acts.  If you

find that Bainer was not a member of that enterprise, then I instruct you, as a matter of law, that

you must enter judgment in favor of Bainer.

If you find that Bainer was a member of the enterprise, then you must next address

whether the enterprise engaged in racketeering activity.

B.    RACKETEERING ACTIVITY

Racketeering activity is defined as the commission of what are called predicate acts

enumerated in 18 U.S.C. §1961(1).  City of New York v. Cyco.net, Inc., 2005 WL 1748482 at p.

17 (S.D.N.Y.).  Predicate acts are, in essence, violations of federal criminal law.

Here, plaintiffs claim three specific predicate acts: (1) bankruptcy fraud; (2) mail fraud;

and (3) wire fraud.  Although you may find that any or all of the defendants committed some

wrongful acts, if it is not bankruptcy fraud, mail fraud or wire fraud, you cannot consider such

wrongful act as a "predicate act" under RICO.  Additionally, you are instructed that you cannot

impute the knowledge of Charles Flanagan to Thompson & Peck, Inc., the corporation, unless

you find that Charles Flanagan was acting in his capacity as an officer not acting adversely to the

corporation's interests.

1.    Bankruptcy Fraud

It is undisputed that Charles Flanagan filed a Chapter 11 Bankruptcy Petition February 17, 1999.  With specific regard to bankruptcy fraud, plaintiffs must prove to you, by clear and convincing evidence that defendant Bainer: (a) knowingly and fraudulently concealed from a custodian, trustee, marshal or other officer of the court charged with the control and custody of property, any property belonging to the estate of the debtor, here, Charles Flanagan, or (b) in connection with Charles Flanagan's Title 11 bankruptcy, knowingly and fraudulently concealed, from creditors or the U.S. Trustee any property belonging to the estate of Charles Flanagan, or (c) Bainer in a personal capacity or as an agent or officer of Flanagan in contemplation of a case under Title 11 by Flanagan or against Flanagan with the intent to defeat the provisions of Title 11 knowingly and fraudulently transferred or concealed any of Flanagan's property.  With respect to (a) above, I instruct you that Mr. Bainer had no active role in the bankruptcy.  Therefore, I charge you, that you are not to consider Mr. Bainer to have violated (a).

With regard to (b) "in connection" with means during the bankruptcy Bankers Trust Co. v. Feldesman, 648 F. Supp. 17, 24 (S.D.N.Y. 1986).

With regard to (c), an intent to engage in a transfer for the purpose of hindering potential creditors does not alone rise to the level of bankruptcy fraud.  First Capital Asset Management, Inc. v. Brickellbush, Inc., 219 F.2d 576, 582 (S.D.N.Y. 2002).  Plaintiffs must demonstrate that Mr. Bainer engaged in the transfer with the intent to defraud a U.S. Bankruptcy court.  Id.; Burke v. Dowling, 944 F. Supp. 1036, 66 (E.D.N.Y. 1995).

2.    Mail Fraud

Mail fraud is (1) a scheme to defraud, (2) the use of the mails to further, and (3) money or property as the object of that scheme.  18 U.S.C. §1341; Lorentzen v. Curtis, 18 F. Supp. 2d 322,

329 (2d Cir. 1996). A "scheme to defraud" is a plan to deprive a person of something of value by trick, deceit, chicane or overreaching. U.S. v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000). In other words, plaintiffs must prove that there was a scheme to deprive them of money by trick, deceit, chicanery or over-teaching. Plaintiffs must prove the elements of mail fraud by clear and convincing evidence. Bank of China v. NBM LLC, 359 F.3d 171, 175 (2d Cir. 2004).

With specific regard to correspondence between Mr. Bainer and other attorneys, I instruct you, as a matter of law, that correspondence between attorneys cannot be considered predicate acts of mail fraud. Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 393 (S.D.N.Y. 2000); Morin v. Trupin, 711 F. Supp. 97, 105 (S.D.N.Y. 1998). Thus, to hold Mr. Bainer to be responsible for a predicate act of mail fraud, plaintiffs must prove that Mr. Bainer sent a mailing to non-lawyers, which mailing was in furtherance of the "scheme to defraud" plaintiffs of money or property.

3.    Wire Fraud

Wire fraud is the commission of fraud through the use of interstate wire transmission which you would understand to be telephone communication, including facsimile transmissions through the phone lines. Specifically, plaintiffs must demonstrate by clear and convincing evidence: (1) the existence of a scheme to defraud; (2) Mr. Bainer's knowing or intentional participation in the scheme; and (3) his use of transmission facilities in furtherance of the scheme. Odyssey re: (London) Limited v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 282, 301 (S.D.N.Y. 2001); S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996). You are asked to use the definition of "scheme to defraud" from mail fraud above. Wire fraud also requires the additional element of a communication crossing state lines. Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York, 808 F. Supp. 213, 227 (S.D.N.Y. 1992); Mathon v. Feldstein, 303 F. Supp. 2d 317 (E.D.N.Y. 2004). Also, as with mail fraud, I instruct

you that, as a matter of law, wire communications between attorneys cannot be considered predicate acts of wire fraud.

If you find that defendant Bainer did not commit bankruptcy fraud, mail fraud or wire fraud, then I instruct you as a matter of law to find judgment in favor of Mr. Bainer.

4.     Proximate Causation

If you find by clear and convincing evidence that Mr. Bainer committed any of the above predicate acts of bankruptcy fraud, mail fraud or wire fraud, you must next determine whether those predicate acts were the proximate cause of plaintiffs' injury.

The proximate cause requirement means that plaintiffs must also prove three elements: "but for causation", transaction causation and loss causation.  Baisch v. Gallina, 346 F.3d 366, 373 (2d Cir. 2003).  "But for" causation means you must find that, but for the predicate act committed by Mr. Bainer, plaintiffs would not have suffered any injury.  "Transaction causation" means that the fraud must have led plaintiffs to enter into the transaction at issue.  "Loss causation" means that the fraud must be both actual and proximate source of the loss that plaintiffs suffered.  Odyssey re: (London) Ltd. V. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 282, 302 (S.D.N.Y. 2000).  Thus, in addition to showing that "but for" defendants' fraudulent acts the transaction would not have come about, the plaintiffs must also show that the misstatements were the sole reason the transaction turned out to be a losing one.  Additionally, when factors other than the defendant's fraud are an intervening direct cause of plaintiffs' injury, that same injury cannot be said to have occurred "by reason of" the defendant's actions.  Oak Beverages, Inc. v. Tomra of Massachusetts, L.L.C., 96 F. Supp. 2d 336, 342 (2d Cir. 1995).

As part of the causation element for mail and wire fraud, plaintiffs must also prove

reliance.  That is, plaintiffs must show "reasonable reliance" on Mr. Bainer's fraudulent acts. <u>Bank of China v. NBM LLC</u>, 359 F.3d 171 (2d Cir. 2004).  The plaintiffs, however, need not be the entity that relied on Mr. Bainer's fraudulent acts, as long as a third party relied on such fraud. <u>Ideal Steel Supply Corp. v. Anza</u>, 373 F.3d 251, 263 (2d Cir. 2004).

If you find that the fraudulent acts personally committed by Mr. Bainer were not the proximate cause of plaintiffs' injury, I instruct you as a matter of law, you must find in favor of Mr. Bainer and against plaintiffs as to plaintiffs' RICO §1962(c) claims.

If you find that Mr. Bainer committed one or more predicate acts and that those predicate acts proximately caused plaintiffs' injury, then you must next address liability under the specific RICO provisions of §1962(c) and §1962(d).

C.    §1962(c)

Section 1962(c) makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprises affairs through a pattern of racketeering.

A violation of §1962(c) by Bainer requires his participation in the (1) conduct (2) of the enterprise (3) through a pattern (4) of racketeering.  <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479 (1985).

1.    <u>Conduct</u>

To "conduct or participate" directly or indirectly, in the conduct of the enterprise's affairs requires Mr. Bainer's participation in the operation and management of the enterprise itself, meaning he must have some part in directing the enterprise's affairs.  <u>Reves v. Ernst & Young</u>, 507 U.S. 170 (1993).  "Conduct" requires some degree of direction and "participate" requires some part in that direction.  <u>Id</u>.  Aiding and abetting a violation is insufficient to trigger liability.

<u>Lesavoy v. Lane</u>, 2004 WL 99815 at p. 11 (S.D.N.Y. January 22, 2004).  Performance of tasks that are necessary, important or even helpful to the enterprise, without more is also insufficient, since providing important services is not the same as directing the affairs of an enterprise.  <u>Id.</u>, <u>Madanes v. Madanes</u>, 981 F. Supp. 241, 256-57 (S.D.N.Y. 1997).  With specific regard to attorneys, I instruct you that, as a matter of law, Mr. Bainer's provision of standard legal services does not create liability for Mr. Bainer.  <u>Madanes</u>, 981 F. Supp. at 257, even if the provision of his services was essential to the operation of the RICO enterprise.  <u>Id.</u>

I instruct you, as a matter of law, that if you find that Mr. Bainer did not participate in the operation and management of the enterprise, then you must find in favor of Mr. Bainer and against plaintiffs as to plaintiffs claim under §1962(c).

2.    <u>Pattern of Racketeering</u>

If you find that defendant Bainer did participate in the operation and management of the enterprise, then you must next address whether there was a pattern of racketeering activity by Mr. Bainer individually, that is, a pattern of the predicate acts of defendant Bainer you previously found to exist.

To establish "pattern of racketeering" plaintiffs must demonstrate by a preponderance of the evidence that Mr. Bainer committed at least two predicate acts of racketeering activity within a ten year period.  <u>First Capital Asset Management, Inc. v. Satinwood, Inc.</u>, 385 F.3d 159, 178 (2d Cir. 2004).  Moreover, Bainer's predicate acts must be (1) related and amount to or pose a threat of (2) continued criminal activity.  <u>Kades v. Organic, Inc.</u>, 2003 WL 470331 at p. 10.

If you find that Mr. Bainer did not commit at least two predicate acts of racketeering in a ten year period of time, then I instruct you as a matter of law to enter judgment in favor of defendant Bainer and against plaintiffs as to their §1962(c) claims.

If you find that Mr. Bainer did commit at least two predicate acts of racketeering within

ten years, then you must next determine if those acts are "related".

For Mr. Bainer's racketeering acts to be "related" they must have the same purpose, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.  Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 240 (2d Cir. 1999).

If you find that the predicate acts committed by Mr. Bainer are not "related", I instruct you as a matter of law to enter judgment in favor of Bainer and against plaintiffs as to plaintiffs RICO §1962(c) claims.

If you find that the predicate acts committed by Bainer are "related" you must next address the issue of whether Bainer's predicate acts "amount to or pose a threat of continued criminal activity."

The continued criminal activity/continuity necessary to prove a pattern can either by "closed-ended continuity" or "open-ended continuity".  Kades v. Organic, Inc., 2003 WL 470331, p. 10.

Closed-ended continuity is defined as a series of related predicate acts amounting to continued criminal activity by a particular defendant extending over a substantial period of time. DeFalco v. Bernas, 224 F.3d 286, 321 (2d Cir. 2001).  I instruct that, as a matter of law, a "substantial period of time" means a period not less than two years.  DeFalco, 244 F.3d at 321.

If you find that the predicate acts committed by Bainer spanned less than two years in duration, then I instruct you to find no closed-ended continuity.

Open-ended continuity will exist where Mr. Bainer's predicate acts themselves include a specific threat of repetition extending indefinitely into the future or where it is shown that the predicate acts are a regular way of conducting Mr. Bainer's on-going legitimate business. Brookes v. August 22 Development d/b/a, 1997 WL 76664 at p. 3 (D.Conn. 1977).

If you find that there was no closed-ended and no open-ended continuity, I instruct you, as a matter of law, that you must enter judgment in favor of Bainer and against plaintiffs as to plaintiffs' RICO claim under §1962(c).

If you find either closed-ended or open-ended continuity, then you must next address the issue of "injury" and proximate causation detailed below in Sections F and G.

D.     §1962(d)

Section 1962(d) makes it unlawful for any person to conspire to violate §1962(a) (b) or (c).

     1.     Substantive Violation

There can be no RICO conspiracy without a substantive violation, i.e., here a violation of §1962(c). Therefore, I instruct you, as a matter of law, that if you find no violation of §1962(c) by Mr. Bainer, then you must find that he is not liable under §1962(d) and enter judgment in his favor. First Capital Asset Management, Inc. v. Brickellbush, 219 F. Supp. 2d 576, 588 (S.D.N.Y. 2002)

     2.     Knowledge

If you find a substantive violation against Mr. Bainer, then plaintiffs must show that Mr. Bainer knew about and agreed to facilitate the scheme. Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003). Additionally, plaintiffs must show that defendant Bainer embraced the objective of the alleged conspiracy, or, by his words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise. Kades v. Organic, Inc., 2003 WL 470331 at p. 13 (S.D.N.Y. February 24, 2003); (citing Colony at Holbrook, Inc. v. Strata G.C., Inc., 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996); Wood v. Incorporated Village of Patchague of N.Y., 311 F. Supp. 2d 344, 360 (E.D.N.Y. 2004).

If you find that Mr. Bainer, by words or actions, did not manifest an agreement to commit

two predicate acts in furtherance of the common purpose of the RICO enterprise, then I instruct you, as a matter of law, to find in favor of Mr. Bainer and against plaintiffs on plaintiffs claim under §1962(d).

If you find that Mr. Bainer, by words or actions, did manifest an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise, then you must next address "injury" defined below.

E.     INJURY

Plaintiffs must demonstrate that they suffered an injury to their business or property.  That means they must have suffered some actual out-of-pocket financial loss.  Dornberger v. Metropolitan Life Ins. Co., 961 F. Supp. 506, 52 (S.D.N.Y. 1997).  RICO injury does not exist so long as the loss is speculative or the amount and nature is not provable.  Rohland v. Syn-fuel Assoc. LTD Partnership, 879 F. Supp. 322 (S.D.N.Y. 1995).

It is only after plaintiffs have exhausted the bargained for remedies available to them that they can assert that they were damaged by defendants fraud and then only to the extent of the deficiency.  Motorola Credit Corp. v. Uzan, 322 F.3d 130, 135 (2d Cir. 2003).  That is because damages as compensation under RICO for injury to property, must place plaintiffs in the same position they would have been in but for the illegal conduct.  Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 612 (2d Cir. 1998).  To the extent plaintiffs' have recovered money in excess of plaintiffs' total investment, plaintiffs have suffered no RICO loss.  Id.

Here, plaintiffs claim that "but for" the RICO violations committed by defendants, they (1) would have received the bi-weekly settlement agreement payment from Thompson & Peck to Charles Flanagan from January 5, 1998 to February 7, 1998; and (2) would have gained possession of the stock and been able to sell the stock.

There is in evidence the amount of money plaintiffs paid for the loan packages and

judgments against Charles Flanagan.  There is also in evidence the amounts plaintiffs collected in connection with the Flanagan debts: $99,542.87 paid in the federal court litigation known as Cadle I, $485,000.00 received by plaintiffs for the sale of Charles Flanagan's home, $100,000.00 received from the sale of property in Litchfield, Connecticut, and ownership of property in Branford, Connecticut.

Plaintiffs also claim they incurred attorney's fees.  As a matter of law, I instruct you that only the attorneys fees incurred after the judgments were entered may be considered by you as damages.  Motorola Credit Corp. v. Uzan, 322 F.3d at 135-36.  Additionally, I instruct you, as a matter of law that plaintiffs' payment of Attorney Gaide's attorney's fees related to the grievances filed by Mr. Flanagan are not to be considered by you as damages.  Ruling on Flanagan's Motion for Summary Judgment dated _____.

If after you deduct amounts of money recovered by plaintiffs, you find that plaintiffs suffered no loss, then you must find that there is no injury and you are instructed as a matter of law to enter judgment in favor of the defendants and against plaintiffs on plaintiffs' claims.

If after you have deducted amounts recovered, you have a net positive number, you must next determine whether those damages were factually and proximate caused by the acts of defendants.

F.    PROXIMATE CAUSATION

In order for plaintiffs to be entitled to bring their RICO claims against defendants, you must determine whether plaintiffs' injury was by reason of the RICO violations.

"By reason of" means plaintiffs' injuries must be both factually and proximately caused by the alleged RICO violation.  Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 262 (1992).  This is often called "but for" causation meaning but for the RICO violation, plaintiffs would not have been injured.  In other words, plaintiffs must have suffered an injury that was

directly, not indirectly, caused by the RICO predicate acts, even if plaintiffs' injury was proximately caused by some non-RICO violations committed by defendants.  Baisch v. Gallina, 346 F.3d 366, 373 (2d Cir. 2003).  A defendant is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were a substantial factor in the sequence of responsible causation and whose injury was reasonably foreseeable or anticipated as a natural consequence.  Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 258 (2d Cir. 2004).

If you find that plaintiffs' injuries were not proximately caused by Mr. Bainer's predicate acts, then as a matter of law, I instruct you to enter judgment in favor of Mr. Bainer.

If after finding plaintiffs have proven all of the aforementioned necessary elements for RICO violations by Mr. Bainer and you find that plaintiffs' injuries were proximately caused by Mr. Bainer's predicate acts, then you may find in favor of plaintiffs.

G.    NEGLIGENCE

Plaintiffs allege that Mr. Bainer breached his duties to the Court and to the plaintiffs in failing to "honor" the January 5, 1998 property execution, the March 9, 1998 injunction prohibiting Flanagan from transferring his assets and the April 13, 1998 turnover order requiring Flanagan and Thompson & Peck, Inc, to turn over Flanagan's stock (collectively, the "Execution, Injunction and Order").  The plaintiffs claim that this breach constitutes negligence.

In order to find that Mr. Bainer was negligent, the plaintiffs must prove that (i) Mr. Bainer had a duty to the plaintiffs to comply with the Execution, Injunction and Order; (ii) Mr. Bainer breached that duty; (iii) his breach of that duty was the proximate cause the plaintiffs' damages; and (iv) the plaintiffs have sustained such actual damages.  See Coburn v. Lenox Homes, Inc. 186 Conn. 370, 384 (1982); Silano v. Cumberland Farms, Inc., 85 Conn. App. 450 (2004).

You must first determine if Mr. Bainer had a duty to the plaintiffs to comply with the Execution, Injunction and Order.

If you do not find that Mr. Bainer had such a duty, then, I instruct you, as a matter of law, to find judgment in favor of Mr. Bainer on the count of negligence.

If you find that Mr. Bainer had such a duty, then you must next determine if he breached that duty.

If you find that Mr. Bainer did not breach that duty, then, I instruct you, as a matter of law, to find judgment in favor of Mr. Bainer on the count of negligence.

If you find that Mr. Bainer breached his duty to comply with the Execution, Injunction and Order, you must next determine if his failure to so comply was the proximate cause of the plaintiffs' actual damages.  "**Proximate cause** is defined as an actual cause that is a substantial factor in the resulting harm", Monk v. Temple George Associates, LLC, 273 Conn. 108, 124 (2005).  You must determine whether or not Mr. Bainer's failure to comply was an actual cause that was a substantial factor in the plaintiffs' damages.  You must also determine whether the harm which occurred to the plaintiffs was of the same general nature as the foreseeable risk created by Mr. Bainer's negligence.

If you find that the breach by Mr. Bainer of a duty to comply with the Execution, Injunction and Order was not the proximate cause of the plaintiffs' actual damages, I instruct you, as a matter of law, to find judgment in favor of Mr. Bainer on the count of negligence.

If you find that the breach by Mr. Bainer of a duty to comply with the Execution, Injunction and Order was the proximate cause of the plaintiffs' damages, I instruct you, as a matter of law, to find judgment in favor of the plaintiffs on the count of negligence.

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.


By_____
     R. BRADLEY WOLFE
     Federal Bar No. ct04332
     GERALD R. SWIRSKY
     Federal Bar No. ct05574
     MARY ANNE A. CHARRON
     Federal Bar No. ct02274
     Gordon, Muir and Foley, LLP
     Ten Columbus Boulevard
     Hartford, CT 06106-1976
     Telephone (860) 525-5361
     Facsimile (860) 525-4849

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was hand delivered to all counsel and pro se parties of record on June 6, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Roger J. Frechette, Esquire
Frechette & Frechette
12 Trumbull Street
New Haven, CT 06511

_____
R. BRADLEY WOLFE
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\394822\1