469

June 3, 2005. The motion is granted to the extent it seeks a clarification. In this regard, the court clarifies that Attorney Gallagher may serve as co-lead counsel during trial in this matter and, accordingly, any request for an order of disqualification is denied. SO ORDERED.

Alfred V. Covello, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | May 17, 2005 |
| Defendants. | § | |

### PLAINTIFFS' MOTION AND BRIEF FOR CLARIFICATION AS TO THE ROLE OF ATTORNEY WILLIAM GALLAGHER AS TRIAL COUNSEL

The lead attorney for Defendants Stanley F. Prymas ("Prymas") and Thompson & Peck, Inc. ("T&P"), Barbara Cox, Esq., was "uncertain" about whether Attorney William Gallagher was a fact witness and thus disqualified from serving as her co-counsel for the trial, and requested clarification on how Plaintiffs anticipated using Attorney Gallagher as a fact witness at trial. Plaintiffs will call Attorney Gallagher as a fact witness during their case in chief, and, pursuant to D.Conn.L.Civ.R. 83.13(b)(2), believe Attorney Gallagher is disqualified from serving as co-counsel with Attorney Cox for the trial of this case.

1. Attorney William Gallagher was the attorney for Defendant Prymas in connection with the suit between Charles A. Flanagan ("Flanagan") and Prymas, which resulted in the $75,000