

United States District Court
District of Connecticut
FILED AT HARTFORD
6/3/05
By: JWalker

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs | : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| VS. | : | |
| CHARLES A. FLANAGAN, ET AL<br>Defendants | : | JUNE 3, 2005 |

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT TODD R. BAINER'S
AND TODD R. BAINER, LLC'S MOTION FOR MISTRIAL**

I. **BACKGROUND**

Plaintiffs, The Cadle Company and D.A.N. Joint Venture, brought the instant civil RICO action pursuant to 18 U.S.C. § 1964, alleging that defendants Todd R. Bainer and Todd. R. Bainer, LLC ("Bainer") are jointly and severally liable to them for scheming to defraud plaintiffs of money due them from Mr. Charles Flanagan (herein "Flanagan"), pursuant to 18 U.S.C. §§ 1962(c), and (d).

On May 20, 2005, Bainer filed an Objection to various exhibits identified by the plaintiffs to the extent that such exhibits were to be used by plaintiffs as evidence of mail or wire fraud by Bainer and defendant Fasano. The basis for such objection was that the courts of the Second

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

District have confirmed that correspondence between attorneys may not serve as the basis for any claim of mail or wire fraud, Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 393 (S.D.N.Y. 2000); Morin v. Trupin, 711 F. Supp. 97, 105 (S.D.N.Y. 1998).

On May 23, 2005, this Court heard argument and sustained Bainer's Objection. Thereafter, plaintiffs filed a Motion for Reconsideration of this Court's May 23rd ruling and said Motion was denied on May 24, 2005. Since that time, plaintiffs' counsel has on several occasions asked witnesses questions with language taken directly from documents precluded from evidence, either on the basis of Bainer's May 20th objections or objections sustained at trial. Plaintiffs have also attempted to introduce the precluded evidence by reading excerpts from deposition testimony related to the precluded exhibits (for the alleged purpose of refreshing the recollection of a witness) over the objections of Bainer and in clear violation of this Court's ruling.

Although the Court has consistently sustained Bainer's objections and has instructed plaintiffs' counsel to refrain from reading these precluded exhibits and related deposition testimony, plaintiffs' counsel's repeated and clearly intentional disregard of this Court's ruling has had the cumulative impact of unduly prejudicing Bainer. Bainer has been unduly prejudiced and Bainer's right to a fair trial has been jeopardized because the jury has been exposed to the precluded evidence and Bainer cannot rebut the evidence to which the jury has been improperly

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

exposed without violating the court order precluding such evidence. As a result, Bainer is entitled to the grant of this Motion for Mistrial.

## II. STANDARD FOR MOTION FOR MISTRIAL

"A trial judge, when faced with a motion for a mistrial based on the submission of prejudicial information to a jury, must determine whether the error is harmless or whether it affects the substantial rights of the parties within the meaning of Fed.R.Civ.P. 61", O'Rear v. Fruehauf Corporation, 554 F.2d 1304, 1308 (5th 1977) (citing in support Kotteakos v. United States, 328 U.S. 750, 764 (1946)). In the O'Rear case, defense counsel repeatedly referred to a parallel state court proceeding, in deliberate disobedience of the trial court's order forbidding such reference.

The court in O'Rear held that "[t]here must be a line drawn in any trial where, after repeated exposure of a jury to prejudicial information, a judge realizes that cautionary instructions will have little, if any, effect in eliminating the prejudicial harm. It is at this point that a motion for a mistrial should be granted." Id at 1309.

In the case of Janopoulos v. Harvey L. Walner & Associates, Ltd., 866 F.Supp.1086, N.D. Ill. 1994), involving a sexual harassment claim brought by an employee against an employer, the court granted the defendant's motion for a mistrial because the plaintiff and "her

3

counsel's repeated and willful violations of the court's in limine orders jeopardized [the defendant's] right to a fair trial." Id. at 1093. The court had previously granted the defendant's motion in limine to preclude the introduction of evidence regarding two prior Equal Opportunity Complaints against him on the basis that such evidence was inadmissible character evidence under Fed. R. Evid. 404(a). The plaintiff, in disregard of the evidentiary rulings and the court's repeated admonitions, persisted in asking questions designed to elicit the precluded evidence.

## VIII.  CONCLUSION

Plaintiff's counsel is a seasoned trial attorney and was admitted pro hac vice on the basis of his substantial expertise in this area of law. His courtroom tactics, including (i) telling the Court in front of the jury how much he needs "those letters"; (ii) feigning lack of knowledge of how to introduce deposition testimony, (iii) repeated reading from the letters precluded from evidence and (iv) repeated reading from transcript testimony specifically related to the letters precluded from evidence. Said tactics were clearly designed to circumvent the Court's evidentiary ruling, has affected the substantial rights of Bainer, and clearly jeopardized his right to a fair trial. For the foregoing reasons, this Motion for Mistrial should be granted.

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

Counsel for the other defendants all concur with this Motion and join in with this Motion.

          DEFENDANTS: TODD R. BAINER and TODD R. BAINER, L.L.C.

By _____
      R. BRADLEY WOLFE
      Federal Bar No. ct04332
      GERALD R. SWIRSKY
      Federal Bar No. ct05574
      MARY ANNE A. CHARRON
      Federal Bar No. ct02274
      Gordon, Muir and Foley, LLP
      Hartford, CT 06106-1976
      Telephone (860) 525-5361
      Facsimile (860) 525-4849

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was hand delivered, to all counsel and pro se parties of record on June 3, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Douglas S. Skalka, Esquire
James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849         JURIS No. 24029

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

                                                      _____
                                                      MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\361427\1

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029