UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A . FLANAGAN, ET AL | : | |
|     Defendants. | : | JUNE 6, 2005 |

**PLAINTIFFS' MOTION IN LIMINE AND
MEMORANDUM OF LAW IN SUPPORT THEREOF
TO EXCLUDE THE TESTIMONY OF STEPHEN WRIGHT**

Plaintiffs, The Cadle Company and D.A.N. Joint Venture, A Limited Partnership, by and through their attorneys, Dean Armstrong, Esquire of the Armstrong law firm, and Edward Taiman, Esquire, of the law firm of Sabia and Hartley, LLP, hereby move this Court to exclude the testimony of Attorney Stephen Wright because it is irrelevant and would constitute inadmissible hearsay.

Defendants Thompson and Peck and Stanley Prymus have indicated on their witness list their intent to call Attorney Stephen P. Wright to testify in this matter. Attorney Wright is the attorney to Titan Real Estate Ventures, LLC., a corporation solely owned by Defendant Stanley Prymas. Attorney Wright also has represented other debtors from whom Cadle has attempted to collect outstanding debts in the past. Attorney Wright does not have any first-hand knowledge of any of the facts in this case. His only knowledge comes from his client,

Defendant Stanley Prymas. It is believed that the only purpose Defendants have in calling Attorney Wright is to have him testify regarding his personal dislike of the Cadle Company, and his interactions with Cadle in other cases. Furthermore, it is believed that Defendants are attempting to have Attorney Wright testify as a "fact witness" in an attempt to get Prymas's testimony before the jury without Prymas actually having to testify and submit to cross-examination.

I.    **Attorney Wright's testimony is inadmissible under FRE 401 and 403 because it is not relevant to the case and any slight probative value is outweighed by the danger of unfair prejudice.**

FRE 401 states that:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Attorney Wright has no independent knowledge of any of the events surrounding this case. The only purpose of his testimony appears to be as an attempt to confuse the jury with testimony regarding other cases involving the Cadle Company and have him testify as to his personal dislike of Dan Cadle and his company. Attorney Wright's testimony, therefore, does not meet the requirements for FRE 401 as it is not relevant to the case at hand.

Furthermore, even if Attorney Wright's testimony has some slight probative value, that value is completely outweighed by the danger of unfair prejudice, confusion of the issues,

misleading the jury and would be a waste of time. As noted above, Attorney Wright has no first-hand knowledge of any of the facts in this case. To allow him to introduce information regarding other cases in which Cadle has been involved would be highly prejudicial to the Plaintiffs, would be likely to confuse and/or mislead the jury and would be a complete waste of time. His testimony, therefore, should be excluded.

**II.     Because Attorney Wright's only knowledge of the case is through his client, Defendant Stanley Prymas, his testimony would constitute inadmissible hearsay.**

Attorney Wright has no first-hand knowledge of the facts in this case. His only knowledge of facts in this case come from his client, Defendant Stanley Pyrmas. His testimony as to any of the facts in this case, therefore, constitutes inadmissible hearsay. This is a blatant attempt by the Defendants to enter Stanley Prymas's testimony into evidence without requiring him to actually testify and be subjected to cross-examination. This attempt to circumnavigate the requirements that a party be allowed to cross-examine the witnesses who give testimony against him.

3

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court exclude the testimony of Attorney Stephen Wright.

                          **THE CADLE COMPANY AND**
                          **D.A.N. JOINT VENTURE, L.P.**

By_____
    Edward C. Taiman, Esq.
    SABIA & HARTLEY, LLC
    190 Trumbull Street
    Suite 202
    Hartford, CT 06103-2205
    (860) 541-2077
    Fax (860) 713-8944

    and

    F. Dean Armstrong
    Ct. Fed. Bar #CT22417
    1324 Dartmouth Road
    Flossmoor, IL 60422
    (708) 798-1599
    Fax (708) 798-1597

    Attorneys for Plaintiffs
    The Cadle Company and
    D.A.N. Joint Venture,
    A Limited Partnership

**Certificate of Service**

      I certify that a copy of the foregoing instrument was mailed on June 6, 2005 to all defense counsel as shown on the attached Service List.

                                                         _____
                                                         Edward C. Taiman, Jr.

E:\WPDOCS\CADLE\Flanagan\RICO\mol.exclude.wright.testimony.wpd