UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL., Plaintiff, | : : : | |
| vs. | : : | Civil No. 3:01CV0531(AVC) |
| CHARLES A. FLANAGAN, ET AL., Defendants. | : : | |

### RULING ON PRYMAS AND THOMPSON & PECK'S MOTION TO QUASH GALLAGHER SUBPOENA

This is a civil action seeking money damages. The plaintiffs, Cadle Company and D.A.N. Joint Venture, Ltd., allege, inter alia, that the defendants, attorney Leonard A. Fasano, attorney Todd Bainer, Stanley Prymas, and corporate defendants - Thompson & Peck, Inc., and the law firm of Fasano, Ippoito & Lee -- fraudulently attempted to frustrate Cadle's attempts to collect a judgment, all in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et. seq. The defendants Prymas and Thompson & Peck ("collectively Prymas") have filed the within motion to quash (document no. 468) the subpoena that the plaintiffs have served on attorney William Gallagher, co-trial counsel for Prymas.[1] For the reasons set forth below, the motion to quash (document no.468) is GRANTED.

### FACTS

Gallagher represented Prymas in prior completed litigation between Prymas and Charles A. Flanagan. Gallagher also happens to

---

[1] In considering this motion, the court has also reviewed the plaintiffs' "motion . . . for clarification as to the role of attorney William Gallagher as trial counsel"(document no.469).

be co-trial counsel for Prymas in this action. The plaintiffs argue that they intend to call Gallagher to testify about the settlement of the prior litigation between Prymas and Flanagan. Specifically, the plaintiffs state that Gallagher will testify that "it was the <u>desire</u> and <u>plan</u> of T&P, Prymas and Flanagan to treat the $75,000 in settlement payments as 1099 miscellaneous income" rather than wages. Furthermore, the plaintiffs argue that Gallagher's testimony is also relevant to Prymas's liability. Specifically, the plaintiffs state that they intend to illicit testimony from Gallagher showing that Prymas was aware of the court's orders in <u>Cadle I</u>.

In contrast, Prymas argues that the subpoena of Gallagher has "no purpose other than to set the stage" for the plaintiff's attempts to disqualify Gallagher. Specifically, Prymas argues that the court should not allow the plaintiffs to call Gallagher as a witness because the plaintiffs "could obtain the necessary information" from other witnesses. Furthermore, Prymas argues that Gallagher's testimony is otherwise inadmissible. Prymas also argues that the timing of the subpoena shows "bad faith" on the part of the plaintiffs.

## STANDARD

The Second Circuit has not established a standard for determining when a court should allow a party to call the opposing party's counsel as a witness at trial. District courts within the circuit, however, have addressed the issue of when it is

2

appropriate to allow the deposition of opposing counsel. The court will apply their reasoning here.

"[D]epositions of opposing counsel are disfavored." United States v. Yonkers Bd. of Educ., 946 F.2d 180, 195 (2d Cir. 1991). However, "[t]here is no general prohibition against obtaining the deposition of adverse counsel regarding relevant, non-privileged information." Johnston Devel. Grp. v. Carpenters Local Union No.1578, 130 F.R.D. 348, 352 (D.N.J. 1990).

In evaluating when depositions of opposing counsel are appropriate, district courts in the Second Circuit have overwhelmingly adopted the approach of the Eighth Circuit in Shelton v. Amer. Motors Corp., 805 F.2d 1323 (8th Cir. 1986). In Shelton, the Eighth Circuit held that the court should limit depositions of opposing counsel to situations in which the party seeking the testimony shows "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id. at 1327.

The Eighth Circuit, however, subsequently clarified that the application of Shelton is limited. Specifically, the "Shelton test was intend[ed] to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy" in the pending case. Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002). Furthermore, "Shelton was not intended to provide a

heightened protection to attorneys who represented a client *in a completed case* and then also happened to represent that same client in a *pending case* where the information known only by the attorneys regarding the prior concluded case was crucial." Id. at 730 (emphasis added). When a party seeks "relevant information uniquely known to [the opposing counsel] about prior terminated litigation, the substance of which is central to the pending case," the court may allow the opposing counsel to testify. Id. at 731.

According to the Second Circuit, although "[t]he Shelton majority makes clear the disfavor in which the tactic of seeking discovery from adversary counsel is generally regarded," the Shelton standard "is not a talisman for the resolution of all controversies of this nature." Gould Inc. v. Mitsu Mining & Smelting Co., Ltd., 825 F.2d 676, 680 n.2 (2d Cir. 1987). As one district court reasoned, "the request to depose a party's attorney must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself." Madenes v. Madenes, 199 F.R.D. 135, 151 (S.D.N.Y. 2001)(quoting Johnston Devel. Grp. v. Carpenters Local Union No.1578, 130 F.R.D. 348, 352 (D.N.J. 1990)).

## DISCUSSION

The defendants, Prymas and Thompson & Peck, seek to quash the subpoena that the plaintiffs served on their trial attorney, William Gallagher. Balancing the necessity of Gallagher's

testimony against its potential to oppress the defendants and to burden the adversarial process, the court concludes that the balance weighs in favor of granting the motion to quash. Although attorney Gallagher would simply be called upon to furnish testimony concerning a prior case - testimony that would not likely yield litigation strategy in this case - this is not the only factor that the court must consider. In particular, the court must evaluate the necessity for the testimony, that is, whether the plaintiffs have shown that no other means exist to obtain this information. The plaintiffs, at least at this juncture, have failed to make such a showing. Moreover, oppression of the defendants could very well follow, as an order denying the motion to quash the subpoena would likely lead to an order disqualifying attorney Gallagher from representing the defendants in this trial.

## CONCLUSION

For the forgoing reasons, the motion (document no. 468) is GRANTED.

It is so ordered this 3rd day of June, 2005, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge