UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs<br>vs.<br><br>CHARLES A. FLANAGAN, ET AL.<br>Defendants | : CASE NO: 3-01 CV 531<br>: (AVC)<br>:<br>:<br>: JUNE 6, 2005 |

### AMENDMENT TO PROPOSED JURY INSTRUCTIONS
### by DEFENDANT/COUNTERCLAIMANT THOMPSON & PECK, INC.

The Defendant/Counterclaimant, THOMPSON & PECK, INC., hereby proposes the following additional Jury Instructions, as to Defendant's Counterclaim in the above captioned proceeding:

### PROBABLE CAUSE

The Defendant, Thompson & Peck, Inc. has filed a Counterlcaim against the Plaintiffs in this lawsuit, claiming that the Plaintiffs did not have "probable cause" to bring their claims against Thompson & Peck, Inc. at the time that they were first filed.

For the purposes of Defendant's Counterclaim, "[t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man [or woman] of ordinary caution, prudence and judgment, under the circumstances, in entertaining it."

Wall v. Toomey, 52 Conn. 35, 36 (1884); *accord* Ledgebrook Condominium Assn., Inc., v. Lusk Corporation, 172 Conn. 577, 584, 376 A.2d 60 (1977).

"Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of."

Shea v. Berry, 93 Conn. 475, 477, 106 A. 761 (1919).

This means, basically, that Plaintiffs must have reasonably and truly believed that there was just cause for the claims they filed against Thompson & Peck, Inc., and that such belief, if it did in fact exist, was "bona fide", which is to say that an ordinary and prudent person would hold the same beliefs, based on the information available to the Plaintiffs at that time.

*See:*   Albertson v. Raboff, 46 Cal. 2d 375, 382, 295 P. 2d 405 (1956); 3 Restatement (Second), Torts § 662, comment (c), § 675, comment (d); *cf.* Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. 2d 667 (1978) (proof that an affiant included a false or reckless statement on a warrant affidavit may void the warrant); *compare* State v. Hamilton, 214 Conn. 692, 707 n.6, 573 A.2d 1197, vacated on other grounds, U.S., 111 S.Ct. 334, 112 L.Ed 2d 299 (1990) (the test for probable cause is objective; an arresting or investigating officer's good faith is insufficient).

## MALICE

Malice may be inferred from lack of probable cause.

Vandersluis v. Weil, 176 Conn. 353, 356 (1978); *citing* Zenik v. O'Brien, 137 Conn. 592, 596-597(1951), 79 A.2d 769; Thomson v. Beacon Valley Rubber Co., 56 Conn. 493, 496, 16 A. 554.

Malice is also evidenced by actions taken in bad faith or with an improper purpose to harm, embarrass, humiliate or inconvenience the opposing party.

## **GENERAL DISCUSSION**

If you find that the Plaintiffs filed their lawsuit in this matter against the Defendant Thompson & Peck, Inc. without probable cause as I have defined this term, you should then find in favor of the Defendant Thompson & Peck, Inc. on this portion of their Counterclaim.

You should further note that this determination is to be made based upon your determination of the Plaintiffs' state of mind and level of knowledge or belief *at the time that they first filed this lawsuit* against Thompson & Peck, Inc. This is the date of the first Complaint filed by the Plaintiffs in this matter.

If you find that the Plaintiffs did not have probable cause to file their claims against Thompson & Peck, Inc. as of the date of Plaintiffs' first Complaint in this matter, you may then determine whether Plaintiffs filed their lawsuit against Thompson & Peck, Inc. maliciously, with an intent to harm, embarrass, humiliate or inconvenience them.

If you find in favor of Thompson & Peck, Inc. on one or both of the above issues (lack of probable cause; malice) you should then make a finding as to the actual costs and attorneys' fees reasonably incurred by Thompson & Peck, Inc. in defending Plaintiffs' claims in this lawsuit. A series of questions or interrogatories have been provided for you on these issues–and others–for your use in presenting your verdict.

THE DEFENDANT / COUNTERCLAIMANT
THOMPSON & PECK, INC.

By  */s/ Bradley K. Cooney*
Bradley K. Cooney, of
BRADLEY K. COONEY, P.C.
Its attorney
69 Island Avenue/ Madison, CT 06443
phone: (203) 318-0464
facsimile: (203) 318-0065
federal bar # ct 08295

## CERTIFICATION OF SERVICE

I hereby certify that on this 6th day of June, 2005, a copy of the foregoing was sent by first class mail, postage prepaid, and/or by hand delivery, to the following legal counsel of record:

**F. Dean Armstrong, Esquire**
639 Perth Avenue
Flossmoor, IL 60422

**Mary Anne Charron, Esq.**
**R. Bradley Wolfe, Esq.**
Gordon, Muir & Foley, LLP
10 Columbus Blvd.
Hartford, CT 06106-5123

**Jill Hartley, Esq.**
**Edward C. Taiman, Esq.**
Sabia & Hartley, LLC
190 Trumbull St. / Suite 202
Hartford, CT 06103-2205

**Douglas S. Skalka, Esq.**
Neubert, Pepe & Monteith, P.C.
195 Church Street / 13th Floor
New Haven, CT 06510

**Todd R. Bainer, Esq**
71 Cedar Street
Branford, CT 06405

**William F. Gallagher, Esq.**
**Barbara L. Cox, Esq.**
The Gallagher Law Firm
377 Boulevard
P.O. Box 1925
New Haven, CT 06509

**David G. Hill, Esq.**
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_/s/ Bradley K. Cooney_
Bradley K. Cooney