STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 7, 2005 |
|     Defendants | : | |

## PROPOSED JURY INTERROGATORIES AS TO DEFENDANT THOMPSON & PECK, INC.

A.

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1. | Do you find a RICO enterprise? | | |
| 2. | If no, you must enter judgment in favor of defendants on all RICO claims: §1962(b), (c) and (d). | | |
| 3. | If yes, do you find that defendant was a member of the RICO enterprise? | | |
| 4. | If no, you must enter judgment in favor of defendant Thompson & Peck, Inc. on all RICO claims against him: §1962(b), (c) and (d). | | |
| 5. | If yes, proceed to Section B. | | |

B.   §1962(b)

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1.a. | Did defendant Thompson & Peck, Inc. commit predicate acts of bankruptcy fraud? | | |
| 1.b. | If yes, was there transactional loss and loss causation? (If no, then as a matter of law, there is no predicate act of bankruptcy fraud.) | | |
| 2.a. | Did defendant Thompson & Peck, Inc. commit predicate acts of mail fraud? | | |

| | | | |
|---|---|---|---|
| 2.b. | If yes, was there transactional loss and loss causation? (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 3. | If yes, was there reliance? (If no, then as a matter of law there is no predicate act of mail fraud.) | | |
| 4.a. | Did defendant Thompson & Peck, Inc. commit predicate acts of wire fraud? | | |
| 4.b. | If yes, was there transactional loss and loss causation? (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 5. | If yes, was there reliance? (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 6. | Do you find that the wire fraud communications crossed state lines? | | |
| 7. | If no, then as a matter of law, there is no wire fraud. | | |
| 8. | Do you find that defendant Thompson & Peck, Inc. committed two or more predicate acts within ten years? (If you answer no, then you must find in favor of defendant Thompson & Peck, Inc.) | | |
| 9. | Of the predicate acts you determined were committed by defendant Thompson & Peck, Inc., do you find that these predicate acts were related? | | |
| 10. | Of the predicate acts you determine were committed by defendant Thompson & Peck, Inc., do you find that these acts amount to or pose a threat of continued criminal activity through either closed-ended or open-ended continuity? | | |
| 11. | If you answered no to 5 or 6, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 12. | If you answered yes to both 5 and 6 above, do you find that defendant Thompson & Peck, Inc. acquired an interest or control of the enterprise itself? | | |
| 13. | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 14. | If yes, do you find a separate "acquisitional" injury? | | |
| 15. | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 16. | If yes, do you find that plaintiffs were injured in their business or property? | | |
| 17. | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 18. | If yes, do you find that plaintiffs' injuries were proximately caused by the patter of predicate acts committed by defendant Thompson & Peck, Inc.? | | |
| 19. | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 20. | If yes, you must find in favor of plaintiffs on §1962(b) and proceed to E. | | |

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029

C. **§1962(c)**

| NO. | QUESTIONS | YES | NO |
|---|---|---|---|
| 1.a. | Did defendant Thompson & Peck, Inc. commit predicate acts of bankruptcy fraud? | | |
| 1.b. | If yes, was there transactional loss and loss causation? (If no, then as a matter of law, there is no predicate act of bankruptcy fraud.) | | |
| 2.a. | Did defendant Thompson & Peck, Inc. commit predicate acts of mail fraud? | | |
| 2.b. | If yes, was there transactional loss and loss causation? (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 3. | If yes, was there reliance? (If no, then as a matter of law, there is no predicate act of mail fraud.) | | |
| 4.a. | Did defendant Thompson & Peck, Inc. commit predicate acts of wire fraud? | | |
| 4.b. | If yes, was there transactional loss and loss causation? (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 5. | If yes, was there reliance? (If no, then as a matter of law, there is no predicate act of wire fraud.) | | |
| 6. | Do you find that the wire fraud communications crossed state lines? | | |
| 7. | If no, then as a matter of law, there is no wire fraud. | | |
| 8. | Do you find that defendant Thompson & Peck, Inc. committed two or more predicate acts? (If you answer no, then you must find in favor of defendant Thompson & Peck, Inc.) | | |
| 9. | Of the predicate acts you determine were committed by defendant Thompson & Peck, Inc., do you find that these predicate acts were related? | | |
| 10. | Of the predicate acts you determine were committed by defendant Thompson & Peck, Inc., do you find that these acts amount to or pose a threat of continued criminal activity through either closed-ended or open-ended continuity? | | |
| 11. | If you answered no to 5 or 6, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 12. | If you answered yes to both 5 and 6 above, do you find that defendant Thompson & Peck, Inc. participated in the operation and management of | | |

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS NO. 24029

|     |                                                                                                                                                      | YES | NO |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------------|-----|----|
|     | the enterprise?                                                                                                                                      |     |    |
| 13. | If no, you must find in favor of defendant Thompson & Peck, Inc.                                                                                     |     |    |
| 14. | If yes, do you find that plaintiffs were injured in their business or property?                                                                      |     |    |
| 15. | If no, you must find in favor of defendant Thompson & Peck, Inc.                                                                                     |     |    |
| 16. | If yes, do you find that plaintiffs' injuries were proximately caused by the pattern of predicate acts committed by defendant Thompson & Peck, Inc.? |     |    |
| 17. | If no, you must find in favor of defendant Thompson & Peck, Inc.                                                                                     |     |    |
| 18. | If yes, you must find in favor of plaintiffs on §1962(c) and proceed to F.                                                                           |     |    |

D.   **§1962(d)**

| NO. | QUESTIONS | YES | NO |
|-----|-----------|-----|----|
| 1.  | Did you find that defendant Thompson & Peck, Inc. violated either §1962(b) or (c)? | | |
| 2.  | If no, then you must find in favor of defendant Thompson & Peck, Inc. | | |
| 3.  | If yes, do you find that defendant Thompson & Peck, Inc., by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the enterprise? | | |
| 4.  | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 5.  | If yes, do you find that plaintiffs were injured in their business or property? | | |
| 6.  | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 7.  | If yes, do you find that plaintiffs' injuries were factually and proximately caused by the pattern of predicate acts committed by the co-conspirators? | | |
| 8.  | If no, you must find in favor of defendant Thompson & Peck, Inc. | | |
| 9.  | If yes, you must find in favor of plaintiffs and proceed to G. | | |

E.   **§1962(b) Damages**

| NO. | QUESTIONS | AMOUNT |
|-----|-----------|--------|
| 1.  | Amount of damages less recovery = net damages proximately caused by predicate acts of defendant Thompson & Peck, Inc. | |

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

F.    **§1962(c) Damages**

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of defendant Thompson & Peck, Inc. | |

G.    **§1962(d) Damages**

| NO. | QUESTIONS | AMOUNT |
|---|---|---|
| 1. | Amount of damages less recovery = net damages proximately caused by predicate acts of co-conspirators. | |

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By _/s/ Mary Anne Charron_
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

::ODMA\PCDOCS\DOCS\394930\4

5

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029