UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUN 10 P 1: 20
U.S. DISTRICT COURT
HARTFORD, CT.

THE CADLE COMPANY ET AL., :
   Plaintiffs, :
    :
   v. : Civil No. 3:01CV531(AVC)
CHARLES FLANAGAN ET AL., :
   Defendants. :

### VERDICT FORM

We the jury unanimously find as follows:

**I. Racketeer Influenced and Corrupt Organizations Act**

1. Operation & Management and RICO § 1962(c).

    Have the plaintiffs, The Cadle Company and D.A.N. Joint Venture, proven by a preponderance of the evidence that one or more of the defendants violated RICO section 1962(c)?

    Answer by writing "Yes" or "No" next to each defendant's name.

        __Yes__    Leonard A. Fasano

        __No__    Todd R. Bainer

        __No__    Stanley F. Prymas

        __No__    Thompson & Peck, Inc.

        __Yes__    Fasano, Ippolito & Lee, LLC

2. Conspiracy and RICO § 1962(d).

    Have the plaintiffs, The Cadle Company and D.A.N. Joint Venture, proven by a preponderance of the evidence that one or more of the defendants violated RICO section 1962(d)?

Answer by writing "Yes" or "No" next to each defendant's name.

_YES_  Leonard A. Fasano

_YES_  Todd R. Bainer

_YES_  Stanley F. Prymas

_YES_  Thompson & Peck, Inc.

_YES_  Fasano, Ippolito & Lee, LLC

3. RICO Damages

If you answered YES with respect to any defendant set forth above in Questions 1 or 2, you must answer the following question concerning the amount of RICO damages. If you answered NO with respect to each defendant set forth above in Questions 1 and 2, then skip this section and proceed to answer the questions set forth on this form at Section II - Counterclaim.

Amount of RICO Damages

What sum of money would fairly and reasonably compensate the plaintiffs for their actual damages, if any, proximately caused by such violation(s) of RICO?

> Here, the plaintiffs' claim of damages fall into two categories: (1) lost debt damages; and (2) collection expense damages.
>
> For <u>lost debt damages</u>, the plaintiffs must show by a preponderance of the evidence the amount of the debt that they most likely would have been able to collect from Charles Flanagan, but were prevented from doing so because of the defendant(s)' alleged RICO violations.
>
> For <u>collection expense damages</u>, the plaintiffs must show by a preponderance

of the evidence the amount of legal
fees and other expenses that they
incurred in their unsuccessful attempts
to collect on Flanagan's assets which
were proximately caused by the
Defendant(s)' alleged RICO violations?

As there are multiple defendants and two
separate theories of RICO liability, you may
find multiple violations.  If so, you may
not award damages as a multiple of the
number of violations.  In other words,
the plaintiffs are not permitted a
double or triple recovery simply because
there may be 2 or 3 violations.  The total
damages must be no more than an amount
to compensate the plaintiffs for any lost
debt and/or collection expenses as
defined above.

Answer:   $ __500,000__


## II.  Counterclaim

1.  Vexatious Litigation

   Has the defendant, Thompson & Peck, Inc., proven by a preponderance of the evidence that the plaintiffs, The Cadle Company and D.A.N. Joint Venture, engaged in vexatious litigation as described to you in Section 4(A) of the charge?

   Yes_____   No__✓__


2.  Vexatious Litigation with Malice

   Has the defendant, Thompson & Peck, Inc., proven by a preponderance of the evidence that the plaintiffs, The Cadle Company and D.A.N. Joint Venture, engaged in vexatious litigation with malice as described to you in Section 4(B) of the charge?

   Yes_____   No__✓__

3.  Damages

If you answered "Yes" to questions 1 and/or 2, what do you find to be the cost of attorneys' fees and costs reasonably incurred by Thompson & Peck, Inc., to defend against the plaintiffs' claims in this lawsuit?

Answer:   $ ___N/A___

You have now completed your deliberations.  Please date and sign this form below.

Dated at Hartford, Connecticut this __10__ day of June, 2005.

_____
Foreperson