United States District Court
District of Connecticut
FILED AT HARTFORD
6/8/05
Kevin F. Rowe, Clerk
[signature] Walker
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| VS. | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 8, 2005 |
| Defendants | : | |

**PROPOSED JURY CHARGE OF
DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC,
AS RAISED IN ORAL OBJECTION TO THE COURT'S CHARGE TO JURY**

1.  There can be no RICO conspiracy without a substantive violation, i.e., here a violation of §1962(c). Therefore, I instruct you, as a matter of law, that if you find no violation of §1962(c) by any of these defendants, then you must find that such defendant is not liable under §1962(d) and enter judgment in his favor. First Capital Asset Management, Inc. v. Brickellbush, 219 F. Supp. 2d 576, 588, fn 92 (S.D.N.Y. 2002); Wood v. Incorporated Village of Patchogue of New York, 311 F. Supp. 2d 344, 360 (E.D.N.Y. 2004).

2.  Damages as compensation under RICO for injury to property, must place plaintiffs in the same position they would have been in but for the illegal conduct. Commercial

Union Assurance Co. v. Milken, 17 F.3d 608, 612 (2d Cir. 1998). To the extent plaintiffs' have recovered money in excess of plaintiffs' total investment, plaintiffs have suffered no RICO loss. Id. Additionally, plaintiffs are not entitled to recoup monies expended by them to acquire judgments against Charles Flanagan, as plaintiffs are required to exhaust their bargained for remedies available to them. Costs above and beyond their bargained for remedies are recoverable as damages. Motorola Credit Corp. v. Uzan, 322 F.3d 130, 135 (2d Cir. 2003).

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By _____
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

2

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was hand delivered to all counsel and pro se parties of record on June 8, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Roger J. Frechette, Esquire
Frechette & Frechette
12 Trumbull Street
New Haven, CT 06511

_____
R. BRADLEY WOLFE
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\395037\1

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

With respect to the attorney-defendants in this case, however, you may not find them liable under section 1962 (c) of RICO if you find that they did nothing more than furnish legal advice or provide standard legal services to a client.

2. Conspiracy and § 1962 (d)

Section 1962 (d) provides that,

> It shall be unlawful for any person to conspire to violate [section 1962 (c) of RICO].

[Insert (1) here]

A conspiracy charge is proven if the plaintiffs show that such defendant violated §1962(c) as to a individ. Δ; embraced the objective of the alleged conspiracy; and by his words or actions agreed to commit at least two predicate acts in furtherance thereof.

[A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of section 1962 (c) of RICO, that is, an offense where a defendant participated in the operation or management of the enterprise.] [struck through]

To prove their conspiracy claims, the plaintiffs do not have to show that the defendant(s) had full knowledge of all the details of the conspiracy, but only that each defendant was aware of the general nature of the conspiracy and that the conspiracy extended beyond the defendant's individual role.

If the plaintiffs prove by a preponderance of the evidence that a particular defendant has knowingly and willfully joined the alleged conspiracy, it does not

13

matter that the defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

~~Further, the plaintiffs must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy. An "overt act" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some unlawful object of the conspiracy.~~ deleted as per Beck v. Prupis, 529 U.S. 494, 505 (2000)

Overall, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy did exist as alleged, you should next determine which defendant(s) became a member of that conspiracy.

2.  **AFFIRMATIVE DEFENSES**

The defendants have asserted the affirmative defense of reliance on advice of professionals.

<u>**RELIANCE ON ADVICE OF PROFESSIONALS**</u>

**Intent to defraud is a necessary element to each of the alleged predicate acts of wire fraud, mail fraud, and bankruptcy fraud. If you find that a defendant relied on the advice of a qualified professional prior to performing any of the acts complained of, then you may consider the advice of the**

14

harm which was proximately caused by the defendant(s) wrongful conduct. These are known as compensatory damages. Compensatory damages seek to make the plaintiff whole, that is, to compensate them for the injuries that they have suffered.

Proximate Cause

In your determination of the damages to be awarded to the plaintiffs, if any, you must first determine that there is a causal connection between the defendant's conduct and the actual loss claimed an d proved. An injury is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in brining about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission. In other words, the plaintiffs must prove by a preponderance of the evidence that the defendant's conduct brought about the loss to the plaintiffs.

In this RICO case, the plaintiffs damages are limited to lost debt damages, that is, the amount of the debt that they most likely would have been able to collect from Flanagan, but were prevented from doing so because of the defendant(s)' alleged RICO violations, and money expended pursuing the fraudulently concealed monies. [insert ② here] RICO injury does not exist where such a loss is

18