UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and | § | No. 3:01CV531(AVC) |
| D.A.N. JOINT VENTURE, | | |
| A LIMITED PARTNERSHIP, | § | |
| | | |
| Plaintiffs, | § | |
| | | |
| vs. | § | |
| | | |
| CHARLES A. FLANAGAN, et al. | § | July 13, 2005 |
| | | |
| Defendants. | § | |

**AFFIDAVIT OF F. DEAN ARMSTRONG IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS OF SUIT**

My name is F. Dean Armstrong. I am over the age of 21, fully competent to make this affidavit, and personally acquainted with the facts as stated herein. If called as a witness upon the trial of this case, I could and would testify as follows:

1. I am an attorney licensed to practice law in the states of Illinois and Texas, and I was permitted to try this case in this Court pro hac vice. I have concentrated in the area of litigation since I obtained my law license in November of 1977. My education background and employment background are set forth in my curriculum vitae, a copy of which is attached to this affidavit.

2. I have considerable experience in trying complex and sophisticated business litigation cases, some of which are listed on my CV. Throughout the past 27 years, my law practice



has concentrated in the area of complex and sophisticated business litigation from the plaintiff's side of the docket, with particular expertise developed in the area of prosecution of civil RICO cases and legal malpractice cases.

3.   I am aware of the standards of reasonableness for legal fees for the prosecution of complex business litigation cases of this nature.

4.   This case was filed on April 4, 2001 , with the trial lasting from May 23, 2005 to June 10, 2005. The time and labor required for the prosecution of this case was extensive. Moreover, the factual and legal issues were highly complicated.

5.   In addition, there were a considerable number of depositions taken by the parties, and many thousands of pages of documents that were produced and reviewed.  Moreover, the trial of this case lasted approximately three weeks, and the time spent in preparation for the trial was extensive.

6.   It should also be noted that a large number of hours were expended by The Cadle Company's in-house counsel, Victor O. Buente, Jr. toward the research, investigation and prosecution of this case, but no reimbursement of Mr. Buente's time is sought in this fee application.  Further, no charges were made by me for travel time except for any portions of any flights where I was able to otherwise perform productive legal work on this case.

7.    This case involved novel and difficult factual and legal issues in connection with the role of attorneys as co-conspirators for the implementation and execution of a fraudulent transfer scheme.

8.    It is my opinion that a considerable degree of skill was required to perform the legal services in this case due to the complex nature of the facts; the novel legal issues involved; and the courtroom experience and extensive qualifications of opposing counsel.    Further, the pre-trial matters and the three week trial of this case were inordinately intense and complex.

9.    In addition, as a result of my representation of the Plaintiffs in this case, there was the preclusion of other employment due to the complex nature of this case and the amount of time that it took to try this case.    I am a solo practitioner, so there were no other attorneys that were able to handle my other legal matters during the extensive time that I spent involved in the pre-trial and trial of this case. Accordingly, during much of the pre-trial activities and the entire three week trial of this case, it was virtually impossible for me to work on other legal matters for other clients.

10.    Plaintiffs agreed to pay my legal fees on a straight time charge basis and to reimburse me for the expenses in

-3-

connection with the prosecution of this case.    Plaintiffs have
paid all of my fees and have reimbursed me for all of my out-of-
pocket expenses, and have paid all of the legal bills and
expense reimbursements submitted by Sabia & Hartley and Paul M.
Gaide, LLC.

    11.    The time limitations imposed by Plaintiffs and the
circumstances of this case were substantial in that the results
of this case would serve to deter other attorneys from engaging
in wrongful conduct with their clients in connection with the
fraudulent transfer of assets.    The amount involved in this case
and the results obtained reflect on the reasonableness of the
attorney fees requested herein.

    12.    Also, I believe that my experience, reputation and
ability for the prosecution of plaintiff's business litigation
cases justify the award of the fees requested herein.    My area
of expertise is in plaintiff's business litigation, and I
believe I have obtained a good reputation in the prosecution of
large and complicated business litigation matters.    In addition,
I have a proven track record of successfully prosecuting
business litigation cases of this nature.

    13.    I also believe that the fees requested herein are
reasonable in light of the undesirability of this case.    While
the jury ultimately agreed with Plaintiffs' view of the case, it
is believed that most plaintiff's attorneys would shy away from

-4-

a case of this nature because of the claims of wrongful conduct by fellow attorneys and the political influence of some of the Defendants.

14. The fees requested are also justified based on the nature and length of my professional relationship with Plaintiffs. I have represented The Cadle Company on large and complicated business litigation matters on a continuous basis from 1991 to the present.

15. I also believe that the fees requested herein are reasonable and justified based on attorney fee awards in similar cases in which I've participated or of which I have knowledge.

16. Further, the legal and factual issues in connection with the prosecution of Plaintiffs' RICO claims are inextricably intertwined with the legal and factual issues pertaining to the other claims in this case and the defense of Thompson & Peck's counterclaim. Simply, all of the claims in this case and the counterclaim by Thompson & Peck involve a common core of operative facts. Plaintiffs request reimbursement for the full amount of attorneys' fees billed and paid in connection with this case.

17. I have reviewed the legal bills submitted by (1) Armstrong Law Firm (attached hereto as Px A-1); (2) Sabia & Hartley (attached hereto as Px A-2); and (3) Paul M. Gaide, LLC (attached hereto as Px A-3) as well as the expense statement (Px

A-4) submitted in connection with the prosecution and the trial of this case. Based on (1) my educational background; (2) my experience as a trial lawyer in complex and complicated business litigation cases of this nature; (3) my review of the file in this case; (4) my research and investigation on the issue of reasonable and necessary attorney fees and litigation expenses for a case of this nature; and (5) my actual experience as the lead trial lawyer for the Plaintiffs in this case, it is my opinion, based on a reasonable degree of certainty, that:

(1)    the time spent by the Armstrong Law Firm, Sabia & Hartley and Paul M. Gaide, LLC in connection with the prosecution of this case was fair, reasonable and necessary;

(2)    the hourly rates charged by the Armstrong Law Firm, Sabia & Hartley and Paul M. Gaide, LLC in connection with the prosecution of this case were fair and reasonable;

(3)    the expenses incurred in connection with the prosecution of this case were fair, reasonable and necessary;

(4)    a total award of attorneys' fees for the pre-trial aspects and the trial of this case in the amount of $640,445.70 is fair and reasonable;

(5)    an award of costs for the pre-trial aspects and the trial of this case in the amount of $51,399.88 is fair and reasonable;

(6)    an additional award of attorneys' fees in the amount of $10,000 would be fair and reasonable for handling this case from jury verdict until the entry of a final judgment and resolution of post-verdict and post-judgment motions before the case is appealed

by the Defendants to the Second Circuit Court of Appeals; and

(7) a total award of attorneys' fees for the pre-trial and trial of this case, including the resolution of any post-verdict and post-judgment motions, in the amount of $650,445.70 is fair and reasonable, particularly in view of the results obtained.

I know the above facts from personal knowledge and they are true and correct.

F. Dean Armstrong

SWORN TO AND SUBSCRIBED TO BEFORE ME by the said F. Dean Armstrong on this /3TH/ day of July, 2005.

Notary Public
State of Illinois

My Commission Expires:

-7-