UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | July 14, 2005 |
| Defendants. | § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON JURY VERDICT AND AWARD OF ATTORNEYS' FEES**

The jury trial in this case commenced on May 23, 2005. This case went to the jury on June 8, 2005, and the jury returned its verdict in favor of the Plaintiffs and against the Defendants on June 10, 2005.

Based on the jury's answers to the questions in the verdict and supplemental verdict, the evidence introduced during the trial, the stipulations of the parties and the applicable law, Plaintiffs request that the Court enter judgment in their favor for: (a) monetary damages for the Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §§1961-1968) ("RICO"); (b) costs of suit under 18 U.S.C. §1964(c); and (c) reasonable and necessary attorneys' fees and costs under 18 U.S.C. §1964(c).

### I. Plaintiffs Are Entitled To Treble Damages Under RICO

Under §1964(c) of RICO, the prevailing plaintiff is entitled to recover "threefold the damages he sustains . . .."

### II. Plaintiffs Can Recover Pre-Judgment Interest

A plaintiff who prevails on a RICO claim can recover pre-judgment interest on the actual damage award from the date of the injury to the date of the judgment. See Abell v. Potomac Ins. Co., 858 F.2d 1104, 1142-43 (5th Cir. 1988), vacated on other grounds sub nom., Fryar v. Abell, 492 U.S. 914 (1989); Liquid Air Corp. v. Rogers, 834 F.2d 1297, 1309-10 (7th Cir. 1987). See, also, Note Treble Damages Under RICO: Characterization and Computation, 61 Notre Dame Law Rev. 526, 544-46 (1986). Accordingly, the actual damages assessed by the jury in the amount of $500,000 is fair and reasonable in light of the pre-judgment interest to which Plaintiffs are entitled to recover in connection with their collection expense damages. The pre-judgment interest on the actual damage award is part of the damages to be trebled by the Court. See 61 Notre Dame Law Rev. at 546.

### III. Plaintiffs Are Entitled To Recover Attorneys' Fees For The Prosecution Of This Case

The jury found that the Defendants violated §1962 of RICO, which proximately caused damages to Plaintiffs in the amount of $500,000. Pursuant to §1964(c) of RICO, the prevailing

-2-

Plaintiffs are entitled recover "threefold the damages he sustains and the costs of the suit, including a reasonable attorneys' fee."

A plaintiff who prevails on a RICO claim can recover attorneys' fees for the prosecution of the entire case, including non-RICO claims and the defense of a counterclaim, so long as the RICO claims and the other claims derive from related theories and involve a common core of operative facts. See Bingham v. Zolt, 66 F.3d 553, 565-66 (2d Cir. 1995); Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 525 (7th Cir. 1995); Abell v. Potomac Ins. Co. of Illinois, 946 F.2d 1160, 1169 (5th Cir. 1991); Abell, 858 F.2d at 1142. As shown by the attorney fee affidavit of F. Dean Armstrong, and as shown by the pleadings and the evidence introduced at the trial, the RICO claims, the non-RICO claims and the counterclaim asserted by Thompson & Peck derive from related theories and involve a common core of operative facts. Accordingly, Plaintiffs are entitled to recover attorneys' fees for the prosecution and defense of all claims in this suit.

### IV. Plaintiffs Are Entitled To Recover All Reasonable Costs Of Suit

While the prevailing party in a case tried in federal court can recover his statutory court costs under Fed.R.Civ.P. 54(d) and 28 U.S.C. §1920 regardless of the nature of the underlying claim, the prevailing plaintiff in a RICO case can recover "the

cost of suit" under §1964(c), which includes standard statutory court cost items and other "cost of suit" items such as (1) expert witness fees; (2) copying costs; (3) costs for preparation of demonstrative aids at trial; (4) costs for depositions; (5) witness fees; (6) fees for serving process; (7) costs for preparation of the trial transcript; (8) costs for audio/visual equipment at trial; (9) travel expenses; (10) costs for lodging; (11) long distance telephone charges; (12) postage; and (13) delivery service charges.  See Hertz Corp. v. Caulfield, 796 F.Supp. 225, 229-30 (E.D.La. 1992); Uniroyal Goodrich Tire Company v. Mutual Trading Corporation, 1994 WL 605719 pp. 3-5 n. 1 (N.D.Ill. November 3, 1994), aff'd, 63 F.3d 516, 526-27 (7th Cir. 1995).  Accordingly, Plaintiffs are entitled to recover all necessary and reasonable costs of suit as set forth in the attorney fee affidavit of F. Dean Armstrong.

### V.    Plaintiffs Are Entitled To Post-Judgment Interest

Pursuant to 28 U.S.C. §1961, Plaintiffs are entitled to post-judgment interest at the then prevailing rate as set by the Court.

**PRAYER**

Plaintiffs respectfully request that the Court grant their Motion for Judgment and for Award of Attorneys' Fees and enter final judgment in favor of Plaintiffs against the Defendants as set forth in the proposed form of judgment submitted with Plaintiffs' Motion.

```
                              Respectfully submitted,

                              ARMSTRONG LAW FIRM

DATED: July 14, 2005.         By_____
                                F. Dean Armstrong
                                Ct. Fed. Bar #CT22417
                              1324 Dartmouth Road
                              Flossmoor, IL 60422
                              (708) 798-1599
                              Fax (708) 798-1597


                              Edward C. Taiman, Esq.
                              SABIA & HARTLEY, LLC
                              190 Trumbull Street
                              Suite 202
                              Hartford, CT 06103-2205
                              (860) 541-2077
                              Fax (860) 713-8944

                              Attorneys for Plaintiffs
                              The Cadle Company and
                              D.A.N. Joint Venture,
                              A Limited Partnership
```

### Certificate of Service

I certify that a correct copy of the foregoing instrument was faxed and mailed on July 14, 2005 to all defense counsel as shown on the attached Service List.

_____
F. Dean Armstrong

## SERVICE LIST

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson & Peck, Inc.)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano and Fasano & Ippolito, LLC)

Roger J. Frechette, Esq.
Frechette & Frechette, Esq.
12 Trumbull Street
New Haven, CT 06511
(counsel for Leonard A. Fasano)

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405