UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, ET AL : | CIVIL ACTION NO. |
|     Plaintiffs, : | 3:01CV531(AVC) |
| : | |
| vs. : | |
| : | |
| CHARLES A. FLANAGAN, ET AL : | |
|     Defendants. : | SEPTEMBER 15, 2005 |

**PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO FILE MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDGMENT AS A MATTER OF LAW AND DEFENDANTS' JOINT MOTION FOR NEW TRIAL AND/OR MOTION FOR REMITTITUR**

1. On or about June 24, 2005, all Defendants filed both a Motion for New Trial and/or Motion for Remittitur and a Joint Motion for Judgment as a Matter of Law with a supporting Memorandum of Law.

2. The forty-three (43) page Memorandum of Law and the nineteen (19) page Motion for New Trial raised numerous issues. Many of those issues were premised on testimony presented during the trial and/or ruling made by the Court during the trial.

3. Defendants made many generalized statements about what the testimony allegedly included or did not include. Much of Defendants' Motions were premised on allegations that Plaintiff failed to place certain evidence into testimony and or that certain statements were made during the trial.

4. By motion dated July 13, 2005 Plaintiffs requested additional time to respond on the

basis that a careful review of the trial transcripts was necessary and that it would take until sometime in September, 2005 before they could be prepared by the court reporters. On July 14, 2005 the court granted the Plaintiffs' request for additional time to respond to the motions at issue and set a response date of October 10, 2005.

5. Plaintiffs ordered copies of the transcripts from the trial and have received all copies with the exception of May 23, 2005.

6. During the week of September 5, 2005, the undersigned contacted Diana Huntington, the court reporter on May 23, 2005, to make inquiry as to why a copy of the May 23, 2005 transcript was not available. The undersigned was informed that the bill for the cost of preparing the May 23, 2005 transcript, originally ordered by Attorney Mary Anne Charron (counsel to Defendant Todd Bainer), had not been fully paid and could not be released. On September 13, 2005, the undersigned spoke to Attorney Mary Anne Charron and was informed that payment would be made by noon of that day. Apparently, there was a dispute of sorts between the defendants concerning who would pay what. As of the close of business on September 13, 2005, the subject transcript was not being released by the court reporter due to a lack of full payment by defendant Todd Bainer and/or his counsel, Mary Anne Charron.

7. On September 14, 2005, the undersigned spoke to Diana Huntington who stated that the original May 23, 2005 transcript was fully prepared and had been prepared for several weeks now, but that no copy could be released to Plaintiffs until full payment had been made by the party who ordered the original transcript, that being Todd Bainer, by and through his counsel,

Mary Anne Charron. Ms. Huntington informed the undersigned that she was owed approximately $600.00 and to the best of her understanding, all of the defendants were in a dispute concerning who pays what. Ms Huntington further stated she could not even file a copy with the court until full payment had been made.

8. On September 14, 2005, the undersigned made inquiry upon all counsel of record concerning whether, under these circumstances, they would consent to an additional one month continuance to respond to the pending motions. Defendant Todd Bainer responded to Plaintiffs' request by stating the following:

> **My understanding is that all the transcripts have been available for about a week now. Further, it is my understanding that the Plaintiff's (sic) reply is due tomorrow. My attorneys are hereby instructed not to agree to any extensions, whatsoever, under the circumstances. The matter requires closure. If the Plaintiff's (sic) reply is due tomorrow, as represented by me, then my attorneys are hereby instructed to make appropriate additional Motion (sic) if it is not timely filed. Enough of these last minute, factually misleading, delays by the Plaintiff! (sic)**

(emphasis in original)

Todd Bainer's counsel of record, Bradley Wolfe, concurred with his client. No other counsel responded to Plaintiffs' request.

9. Given the foregoing, Plaintiffs request they be given an additional one month, or until November 10, 2005, whichever is later, to respond to the pending motions.

WHEREFORE, it is requested that this Court grant Plaintiffs an extension until one month after the May 23, 2005 transcript is released by the court reporter, or until November 10, 2005, whichever is later, to respond to Defendants' Motion for New Trial and/or Motion for Remittitur and Defendants' Joint Motion for Judgment as a Matter of Law.

          PLAINTIFFS, THE CADLE COMPANY AND
          **D.A.N. JOINT VENTURE, L.P.**

          By: _____
              Edward C. Taiman, Jr.
              Sabia & Hartley, LLC
              190 Trumbull Street, Suite 202
              Hartford, CT 06103
              (860) 541-2077
              Fed. Bar No. ct01319

              and

              F. Dean Armstrong, Esq.
              1324 Dartmouth Road
              Flossmoor, IL 60422
              Federal Bar No. ct22417

## Certification of Service

I hereby certify that a true and correct copy of the foregoing instrument was mailed, postage prepaid, U.S. regular mail to all defense counsel on September 15, 2005 as shown on the attached Service List.

_____
Edward C. Taiman, Jr.

E:\WPDOCS\CADLE\Flanagan\RICO\2d.Motion.Ext.New.Trial.JML.wpd