> communicating plans and strategies in
> furtherance of the above.

(*Id.*)

In the Court's Charge, the Jury was instructed that:

> Mail and wire fraud can be lumped together
> under one heading. To prove the crime of
> mail fraud or wire fraud, the plaintiffs
> must show that an individual participated in
> a scheme or artifice to defraud; two, with
> money or property as the object of the
> scheme; three, that <u>an individual in the
> scheme used the mail or interstate telephone
> communications or caused the mail or
> interstate telephone communications to be
> used</u>.

> One causes the use of mail or wires when
> that person commits some act knowing or
> reasonably foreseeing that the use of the
> mail or wires will follow in the ordinary
> course of business even if not actual use of
> the mail or wires follow; and, four, the use
> of the mail or interstate telephone
> communications was for the purpose of
> executing the scheme.

> Further, with respect to wire fraud, there
> must be evidence of interstate telephone
> communications. That is, communications
> between individuals in at least two
> different states.

> <u>The use of the mail or telephone
> communications is chargeable to all the
> participants in the scheme</u> even if the other
> participants could not have foreseen that
> the use of the wires, mails or wires would
> occur.

(6/8/05 Tr. pp. 103-05 (emphasis added))

In overruling Fasano's motion for summary judgment, the
Court also discussed the RICO predicate act of bankruptcy fraud:

> "Section 152 of Title 18 of the United
> States Code provides that it is unlawful for

-36-

> any individual . . . to knowingly and
> fraudulently transfer or conceal any of his
> . . . property in contemplation of a
> bankruptcy proceeding, or with the intent to
> defeat the bankruptcy law." <u>United States
> v. DePalma</u>, 461 F.Supp. 778, 798
> (S.D.N.Y.1978). Where a defendant is
> alleged to have fraudulently transferred an
> asset and subsequently concealed the same
> asset by making false statements in a
> bankruptcy petition, there are two separate
> violations of the bankruptcy fraud statute
> sufficient to constitute a pattern of
> racketeering activity within the meaning of
> RICO. <u>See</u> <u>Cadle v. Flanagan</u>, 271 F.Supp.2d
> 279, 385 (D. Conn. 2003) (<u>citing</u> <u>Bankers
> Trust v. Feldesman</u>, 648 F.Supp. 17 (S.D.N.Y.
> 1986), on reargument, 676 F.Supp. 496
> (S.D.N.Y. 1987), rev'd sub nom. on other
> grounds, <u>Bankers Trust v. Rhoades</u>, 859 F.2d
> 1096 (2d Cir. 1988)).

2005 WL 139005 at *11. <u>See</u>, <u>also</u>, <u>First Capital</u>, 385 F.2d at
179.

The Court then commented on the sufficiency of the summary
judgment evidence to sustain a predicate act claim of bankruptcy
fraud:

> On February 17, 1999, Flanagan filed for
> relief under Chapter 11 of the United States
> Bankruptcy Code. Flanagan did not disclose
> in that petition that he owned three
> residential properties or the rental income
> he received from tenants of those
> properties. Just a few months prior to his
> bankruptcy filing, in December of 1998,
> Flanagan transferred title to his
> residential properties to his wife's cousin,
> one Joseph Caporale, and then used
> Caporale's name to collect the rental income
> for himself during the pendency of the
> bankruptcy petition. The foregoing
> constitutes evidence that Flanagan
> fraudulently transferred assets and
> subsequently concealed the same assets by

SABIA & HARTLEY, LLC | 190 Trumbull Street   Suite 202   Hartford, CT 06103-2205

> making false statements in a bankruptcy
> petition. Accordingly, <u>there</u> <u>is</u> <u>predicate</u>
> <u>conduct</u> <u>of</u> <u>bankruptcy</u> <u>fraud</u> <u>sufficient</u> <u>to</u>
> <u>constitute</u> <u>the</u> <u>basis</u> <u>for</u> <u>a</u> <u>cause</u> <u>of</u> <u>action</u>
> <u>under</u> <u>RICO</u>.

2005 WL 1039005 at *11 (emphasis added).

In the Court's Charge the Jury was instructed on bankruptcy fraud as a RICO predicate act as follows:

> The third predicate act is bankruptcy fraud.
> Now to prove bankruptcy fraud, the plaintiff
> must show that an individual knowingly
> concealed property, or engaged in knowing
> falsity under penalty of perjury in
> contemplation of a bankruptcy proceeding.
> Specifically, the plaintiffs must prove,
> first, that an individual knowingly and
> fraudulently concealed from creditors of the
> United States Trustee any property belonging
> to the bankruptcy estate of Charles
> Flanagan; or B, an individual knowingly and
> fraudulently made a false declaration,
> certificate, verification, or statement
> under penalty of perjury in relation to a
> bankruptcy proceeding.

(6/8/05 Tr. p. 105)

As shown by the evidence introduced at trial, and as discussed below, there was sufficient evidence for the Jury to conclude that the Fasano Defendants engaged in the predicate acts of mail fraud, wire fraud and bankruptcy fraud as the Defendants and Flanagan (<u>see</u> Px B p. 2 #2) operated as a "common unit for the common purpose of engaging in a course of conduct to defraud the plaintiffs." (6/8/05 Tr. p. 103)

-38-

### (1) There Is Sufficient Evidence To Support The Conclusion Of The Jury That The Fasano Defendants Were Involved In The Settlement Proceeds Scheme.

The Defendants contend that the only evidence as to Fasano's involvement in the settlement proceeds scheme was Fasanos's supposed insistence "that the characterization [of the settlement proceeds] be accurate." (Ds' Mem. p. 20) The Defendants' argument is without merit. (See 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05 testimony of Charles Flanagan; 6/3/05 testimony of Charles Flanagan; 5/31/05 testimony of Andrea Steele & Pxs 3, 20, 21, 22, 24, 25, 25A, 25B, 65, 68, 68A, 69, 72-R, 90, 119, 140, 144 & 145)[7]

### (2) There Is Sufficient Evidence To Support The Conclusion Of The Jury That The Fasano Defendants Were Involved In The Checking Account Scheme.

The Defendants contend that there was

> no proof that Fasano knew of the so-called checking account scheme, that he advised Flanagan to divert money into his children's account, or that he advised Flanagan to divert money into the corporate account of MJCC. In fact, the Court will recall that Flanagan admitted he acted alone.

(Ds' Mem. p. 21) The Defendants' argument is not only meritless, it is sanctionable. (See See 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05 testimony of

---

[7]     See n. 3.

-39-

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

Charles Flanagan; 6/3/05 testimony of Charles Flanagan; & Pxs 13, 79, 100, 254-56)[8]

### (3) There Is Sufficient Evidence To Support The Conclusion Of The Jury That The Fasano Defendants Were Involved In The Shifting Stock Scheme.

The Defendants argue that there was "no evidence" that the Fasano Defendants "knew that the [restrictive] legend had been placed [on Flanagan's T&P stock]", and that "[t]he only evidence to that effect are the denials by both Fasano and Flanagan." (Ds' Mem. p. 22)  Once again, the Defendants' arguments are meritless and sanctionable. (See See 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05 testimony of Charles Flanagan; 6/3/05 testimony of Charles Flanagan; & Pxs 1, 2, 3, 6, 20, 56-59, 61, 62, 128, 130 & 160)[9]

### (4) There Is Sufficient Evidence To Support The Conclusion Of The Jury That The Fasano Defendants Were Involved In The Bankruptcy Fraud Scheme.

The Defendants raise a number of complaints about the Jury finding that the Fasano Defendants were involved in the bankruptcy fraud scheme.  First, the Defendants contend that the "[bankruptcy fraud] scheme should not have been allowed into evidence due to lack of disclosure."  Next, the Defendants claim that Plaintiffs did not plead bankruptcy fraud with the particularity required by Rule 9(b), Fed.R.Civ.P.  Third, the

---

[8]    See n. 3.

[9]    See n. 3.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

Defendants claim that there was no evidence of the Fasano Defendants' fraudulent intent in connection with the bankruptcy fraud scheme. And finally, the Defendants argue that there was no bankruptcy fraud because "it now appears" that Flanagan's bankruptcy schedules were accurate. (Ds. Mem. pp. 23-24) All of the Defendants' arguments are without merit.

First, Plaintiffs did, in fact, make an adequate disclosure of their claim of bankruptcy fraud as a predicate act under RICO. Plaintiffs not only specifically alleged bankruptcy fraud as a RICO predicate act in Plaintiffs' Second Amended Complaint and Plaintiffs' Third Amended Complaint (¶80.1), Plaintiffs outlined their proof of bankruptcy fraud as a RICO predicate act in connection with Plaintiffs' April 18, 2005 Second Amended Response to Defendant Fasano's Motion for Summary Judgment. (See pp. 52-53)

Second, Plaintiffs did, in fact, plead bankruptcy fraud with the particularity required by FRCP 9(b). As noted by the Court in its July 3, 2003 ruling on Flanagan's motion to dismiss:

> The allegations in this case are that Flanagan fraudulently transferred a portion of his assets to others prior to filing bankruptcy and that he did so in order to keep those assets out of the bankruptcy estate and away from his creditors. The second amended complaint further alleges that Flanagan filed false bankruptcy accounts in connection with his Title 11 proceeding. Taken as true, these allegations are sufficient to establish that

SABIA & HARTLEY, LLC          190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
ATTORNEYS AT LAW              tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

> Flanagan engaged in racketeering activity
> for purposes of RICO.

Cadle Company v. Flanagan, 271 F.Supp.2d at 285-86. See, also, First Capital, 385 F.3d at 179. Plaintiffs plead their bankruptcy fraud claims with sufficient particularity to put the Defendants on fair notice of the nature of Plaintiffs' claims. See Quaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir.1990); Update Traffic Systems v. Gould, et al., 857 F.Supp. 274, 281 (E.D.N.Y.1994); Center Cadillac v. Bank Leumi Trust Company of New York, 808 F.Supp. 213, 228 (S.D.N.Y.1992); Corwin v. Marney, Orton Investments, 788 F.2d 1063, 1068 n. 4 (5th Cir.1986); Cadle Co., 779 F.Supp. at 396.

Third, there was ample evidence for the Jury to conclude that Fasano acted with the requisite fraudulent intent in connection with the bankruptcy fraud scheme. (See 5/23/05 testimony of Joseph Caporale; 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05 testimony of Charles Flanagan; 6/3/05 testimony of Charles Flanagan; & Pxs 130, 209 & 210)[10]

Finally, the evidence introduced at trial was sufficient for the Jury to conclude that Flanagan's bankruptcy schedules were not, in fact, accurate. The Defendants claim that "it now appears that the information in [Flanagan's bankruptcy schedules] was indeed accurate" because Flanagan did not hold

---

[10]    See n. 3.

-42-

record title to his rental properties at the time that he filed for bankruptcy. (Ds' Mem. pp. 23-24)  It was still bankruptcy fraud, however, for Fasano to fail to list in Flanagan's bankruptcy schedules the rental income that Flanagan continued to receive even after he transferred paper title to his rental properties to his relative, Joe Caporale, on the eve of bankruptcy.  (See 5/23/05 testimony of Joseph Caporale; 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05 testimony of Charles Flanagan; 6/3/05 testimony of Charles Flanagan)[11]

### D. There Was Sufficient Evidence To Support The Jury Finding Of Continuity.

The Defendants contend that the evidence was insufficient to support the jury finding of either closed-ended continuity (related wrongful conduct over a closed and fixed period of time exceeding two years) or open-ended continuity (related wrongful conduct over a short period of time which contains an implicit threat of continuing wrongful conduct).  The Defendants, again, are wrong.

In overruling Flanagan's motion to dismiss, this Court summarized the RICO "continuity" requirement as follows:

> Section 1961(5) provides: "'pattern of racketeering activity' requires at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity."  18 U.S.C. §1961(5)

---

[11]     See n. 3.

-43-

(2000).  The United States Supreme Court has determined that the definition in section 1961(5) "places an outer limit on the concept of a pattern of racketeering activity . . ." <u>H.J. Inc. v. Northwestern Bell Telephone Co</u>., 492 U.S. 229, 237, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). "[T]he statement that a pattern 'requires at least' two predicates implies 'that while two acts are necessary, they may not be sufficient.'" <u>H.J. Inc. v. Northwestern Bell Telephone Co</u>., 492 U.S. 229, 237, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting <u>Sedima, S.P.R.L. v. Imrex Co</u>., 473 U.S. 479, 496, n.4, 105 S.Ct. 3275, 87 L.Ed2d 346; <u>Id</u>. at 527, 105 S.Ct. 3275 (1985)).  In order to prove "a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, <u>and</u> that they amount to or pose a threat of continued criminal activity." <u>H.J. Inc. v. Northwestern Bell Telephone Co</u>., 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (emphasis in original).  Two or more acts are related if the acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." <u>Id</u>. at 240.  However, the relatedness of "racketeering activities is not alone enough to satisfy §1962's pattern element." <u>Id</u>.

271 F.Supp.2d at 388.  The Court then concluded:

"[I]t must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, <u>continuing</u> racketeering activity." <u>Id</u>. (emphasis in original).  "What a plaintiff . . . must prove is continuity of racketeering activity, or its threat, simpliciter . . . .. This may be done in a variety of ways, thus making it difficult to formulate in the abstract any general test for continuity." <u>H.J. Inc. v. Northwestern Bell Telephone Co</u>., 492 U.S. 229, 241, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).  "'Continuity' is both a closed- and open-ended concept, referring

-44-

> either to a closed period of repeated
> conduct, or to past conduct that by its
> nature projects into the future with a
> threat of repetition." _Id_. at 249. The
> Supreme Court has held that a RICO
> complainant "may demonstrate continuity over
> a closed period by proving a series of
> related predicates extending over a
> substantial period of time . . .. or by
> proving the _threat_ of continuity" of related
> predicates. _H.J. Inc. v. Northwestern Bell
> Telephone Co._, 492 U.S. 229, 242, 109 S.Ct.
> 2893, 106 L.Ed2d 195 (1989) (emphasis in
> original).

_Id_. at 388-89. The evidence introduced at trial was sufficient
for the Jury to find both closed-ended and open-ended
continuity. Accordingly, the Defendants' Joint Motion as a
Matter of Law should be denied.

### (1) There Was Sufficient Evidence To Support The Jury Finding Of Closed-Ended Continuity.

The Defendants contend that Plaintiffs only proved wrongful
acts that occurred over a 13 month period from January of 1998
until February of 1999, and thus did not prove closed-ended
continuity. (Ds. Mem. p. 25) Once again, the Defendants are
wrong.

In overruling Flanagan's motion to dismiss, the Court
concluded:

> The second amended complaint alleges that
> several persons, including friends, family
> members and various legal entities allegedly
> created by Flanagan, schemed together to
> defraud various financial institutions. The
> predicate acts supporting the scheme took
> place over several years, but within a ten-
> year period. Viewing the second amended
> complaint in a light most favorable to the

-45-

> plaintiffs, it sufficiently alleges closed-ended continuity by setting forth a series of related predicate acts extending over a substantial period of time that was within the statutory time frame.

271 F.Supp.2d at 389.

At trial, the Court instructed the Jury on closed-ended continuity as follows:

> Predicate acts -- again under this heading of closed-ended continuity, predicate acts that are related and are shown to have continued over a substantial period of time meet the RICO requirement of closed-ended continuity. Related predicate acts occurring during a period of less than two years do not constitute a substantial period of time for purposes of closed-ended continuity.

(6/8/05 Tr. p. 106)

The Jury specifically found that the Fasano Defendants conspired with Flanagan in connection with the settlement proceeds scheme; the checking account scheme; the shifting stock scheme; and the bankruptcy fraud scheme. (Px B p. 2 #2) The evidence introduced at trial showed that the schemes continued over a substantial period of time from at least January of 1998 until at least June of 2001, a period in excess of three years. (See 5/31/05 Tr. p. 66; Px 227; 5/23/05 testimony of Joseph Caporale; 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05 testimony of Charles Flanagan; 6/3/05 testimony of Charles Flanagan)[12]

---

[12]    See n. 3.

SABIA & HARTLEY, LLC    | 190 Trumbull Street    Suite 202    Hartford, CT 06103-2205

Accordingly, there was sufficient evidence to support the Jury finding of closed-ended continuity.

### (2) There Was Sufficient Evidence To Support The Jury Finding Of Open-Ended Continuity.

The Defendants claim that "plaintiffs never alleged open-ended continuity in any of their complaints", and that "plaintiffs did not offer any evidence of open-ended continuity at trial . . .." (Ds' Mem. p. 27)  Once again, the Defendants' arguments are both meritless and sanctionable.

Contrary to the Defendants' representations, Plaintiffs did specifically allege open-ended continuity in each of their complaints.  As stated in ¶81 of Plaintiffs' Third Amended Complaint:

> [T]here was <u>continuity</u> of conduct in that the <u>predicate</u> <u>acts</u> <u>and</u> <u>other</u> <u>wrongful</u> <u>activities</u> of the Defendants described herein extended over a considerable period of time and <u>involved</u> <u>conduct</u> <u>with</u> <u>the</u> <u>threat</u> <u>of</u> <u>continuing</u> <u>wrongful</u> <u>activities</u>.

For short term wrongful activities (<u>i.e.</u>, covering only "a few weeks or months", <u>H.J.</u>, 492 U.S. at 242), a RICO plaintiff must show, in addition to the related wrongful conduct, the threat of continuing wrongful activities.  <u>Id</u>.  This threat of continuing wrongful activities can be shown either through the nature of the wrongful acts themselves, or through the nature of the business enterprise.  <u>Id</u>. at 242-43.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

As made clear by the Supreme Court in H.J., the nature of certain predicate acts themselves may pose the threat of continuing wrongful activities:

> A RICO pattern may surely be established if the related predicates themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit. . . . Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity.

492 U.S. at 242.  Further, the Second Circuit in Cosmos ruled:

> The requirement of continuity is met since the unlawful acts recurred with regularity over at least fifteen months, and the open-ended activity stopped only when [the plaintiffs started to investigate the defendants' conduct].

115 F.3d at 310.

In addition, the very nature of Flanagan's past wrongful conduct posed a distinct threat of continuing wrongful conduct. See Busacca, 936 F.2d at 237-38.  Further, the proof of mail fraud, wire fraud and bankruptcy fraud in connection with the fraudulent transfers and continuing custodianship of Flanagan's assets involved a distinct threat of repetition continuing indefinitely into the future, and thus supplied the requisite threat of continuity.  H.J., 492 U.S. at 242.  Although the wrongful acts of the Defendants constituted long-term related wrongful conduct, the nature of the wrongful acts themselves

-48-

also posed an implicit threat of continuing wrongful conduct. Thus under the evidence, Plaintiffs proved facts sufficient to meet the continuity requirement of a RICO pattern.   See H.J., 492 U.S. at 250; Landry, 901 F.2d at 426.

Further, the threat of continuity may be established by showing the relationship of the predicate acts to the nature of the defendant's business enterprise.  In addition to showing the nexus between the predicate acts and the more traditional criminal enterprise,

> the continuity requirement is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes), or of conducting or participating in an ongoing and legitimate RICO "enterprise".

H.J., 492 U.S. at 243.

In DeFalco the RICO defendants contended that "the alleged scheme . . . was inherently finite and therefore did not pose a threat of repetition."   214 F.3d at 323.   The Second Circuit disagreed:

> [T]he record reveals sufficient evidence from which a reasonable jury could infer that the nature of the predicate acts committed by the . . . defendants implied a threat of continued criminal activity.

> \* \* \*

> In assessing whether or not the plaintiff has shown open-ended continuity, the nature of the RICO enterprise and the predicate acts are relevant. . . .   Where an

> inherently unlawful act is performed at the behest of an enterprise whose business is racketeering activity, there is a threat of continued criminal activity, and thus open-ended continuity.

DeFalco, 244 F.3d at 323.  As in DeFalco, the nature of the enterprise in this case involves inherently unlawful activities.

Further, continuity is a prospective determination, made at the time of the wrongful conduct, not in hindsight after the Defendants have gotten caught.    Cosmos, 113 F.3d at 310; Busacca, 936 F.2d at 238; Morrow v. Black, 742 F.Supp. 1199, 1207 (E.D.N.Y.1990).  As stated by the court in Busacca:

> An analysis of the threat of continuity cannot be made solely from hindsight.  All racketeering activity must necessarily come to an end sometime.  The lack of a threat of continuity of racketeering activity cannot be asserted merely by showing a fortuitous interruption of that activity such as by an arrest, indictment or guilty verdict.
>
> Rather, in the context of an open-ended period of racketeering activity, the threat of continuity must be viewed at the time the racketeering activity occurred.

936 F.2d at 238 (emphasis added)[13].

Moreover, at the time the Defendants were assisting Flanagan with his fraudulent transfer scheme and aiding with the "continuing custodianship" over Flanagan's assets, Flanagan had no intention of stopping even if he had met some intermediate

---

[13] See, also, DeFalco, 244 F.3d at 323; Azrielli v. Cohen Law Offices, 21 F.3d 512, 521-22 (2d Cir.1994); First International Advisors, 956 F.Supp. at 486; Welch Foods, Inc. v. Moran, 1996 WL 107130 at *6 (W.D.N.Y. Mar. 6, 1996); Morrow v. Black, 742 F.Supp. 1199, 1207 (E.D.N.Y. 1990).

SABIA & HARTLEY, LLC        190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
ATTORNEYS AT LAW            tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

goal.   See DeFalco, 244 F.3d at 323-24; Tabas v. Tabas, 47 F.3d 1280, 1296 (3d Cir.1995).

Finally, the determination of a RICO "pattern" is a question of fact for resolution by the trier of fact.   See Handeen, 112 F.3d at 1353; Landry, 902 F.2d at 426 & 433; Brant v. Schal Associates, Inc., 854 F.2d 948, 952 (7th Cir.1988); George, 718 F.Supp. at 551.   Here the Jury was justified in finding open-ended continuity.   See DeFalco, 244 F.3d at 322-24; Metromedia, 983 F.2d at 368-69.

The allegations and pleading deficiencies addressed in First Capital are distinguishable from the evidence and the Jury findings in this case.   [distinguish fcam]

The Court charged the Jury on open-ended continuity as follows:

> Predicate acts that are related and that threaten repetition meet the RICO requirement of open-ended continuity. Hence, to establish open-ended continuity, the plaintiffs must show a threat of continuing criminal activity.

(6/8/05 Tr. p. 106)

Under the evidence introduced at trial, a threat of continuing wrongful activities was established by showing that the predicate acts committed by Flanagan and the other Defendants were a regular way of conducting or participating in the conduct of the RICO enterprise, the association-in-fact enterprise dedicated to the purpose of hiding and shielding and

-51-

continuing the custodianship over Flanagan's assets.    See H.J.,
492 U.S. at 250.[14] Simply, under the teachings of the Supreme
Court in H.J. and the Second Circuit in DeFalco, the evidence
introduced at trial was sufficient for the Jury to find the
existence of an implicit threat of continuing wrongful
activities by Flanagan and the other Defendants.

In overruling Flanagan's motion to dismiss, the Court
commented on Plaintiffs' open-ended continuity allegations as
follows:

> The second amended complaint also alleges
> that the "continuing custodianship" of
> Flanagan's assets involves "a distinct
> threat of repetition continuing indefinitely
> into the future" since the enterprise is
> "dedicated to hiding and shielding and
> continuing the custodianship over Flanagan's
> assets."    Taken as true and drawing all
> reasonable inferences therefrom, the second
> amended complaint sufficiently alleges open-
> ended continuity.

271 F.Supp.2d at 389.    Likewise, the evidence introduced at
trial was sufficient to support the Jury finding of open-ended
continuity.    (See 5/23/05 testimony of Joseph Caporale; 5/25/05
testimony of Paul Gaide; 5/31/05 testimony of Paul Gaide; 6/3/05
testimony of Charles Flanagan; 6/3/05 testimony of Charles
Flanagan; 5/31/05 testimony of Andrea Steele)[15]

---

[14]    See, also, Akin, 959 F.2d at 533; Ticor Title Ins. Co. v. Florida, 937
F.2d 447, 450-51 (9th Cir. 1991); Ikuno v. Yip, 912 F.2d 306, 309-19 (9th
Cir. 1990).
[15]    See n. 3.

-52-

Accordingly, there was sufficient evidence for the Jury to find open-ended continuity, and the Defendants' Joint Motion for Judgment as a Matter of Law should be denied.

### E. There Was Sufficient Evidence To Support The Jury's Finding Of Reliance.

The Defendants contend that Plaintiffs did not offer any evidence as to reliance. According to the Defendants, the only evidence regarding reliance was a series of questions posed to Fasano as to whether he intended others to rely on his pleadings" but, supposedly, there was no evidence that anyone relied on Fasano's false pleadings. Further, the Defendants claim that "[b]oth Fasano and Flanagan admitted that all of the information in [Fasano's false] pleadings was provided by Flanagan . . .." (Ds' Mem. p. 29)   The Defendants, again, are wrong.

Reliance can be established through circumstantial evidence and by conduct. In addition, when a misrepresentation involves the failure to disclose material information, reliance is presumed. See Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 967 F.2d 742, 747-48 (2d Cir. 1992); Simon DeMartolo Group L.P. v. Richard E. Jacobs, 186 F.3d 157, 173 (2d Cir. 1999).   In a non-disclosure case when reliance is presumed, the burden then shifts to the defendant to show that the plaintiff did not, in fact, rely upon the non-disclosure. See Id.

SABIA & HARTLEY, LLC

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

The Court charged the Jury on the RICO reliance issue as follows:

> The plaintiffs under RICO must also prove reliance. That is, reasonable reliance on any of the defendants' alleged fraudulent acts. The plaintiffs need not be the party that relied on the fraudulent acts, however. In this regard if the plaintiffs established that the defendants' misrepresentations to a third-party harmed the plaintiffs, the plaintiffs need only show that the third-party reasonably relied on the misrepresentations.

(6/8/05 Tr. p. 106)[16] There was ample evidence introduced at trial to support the Jury finding of reliance. (See 5/25/05 Tr. pp. 36, 38, 47, 51, 62, 69, 70, 75, 77, 83-5, 109, 118-23, 125-28, 135-38, 140 & 141; 5/26/05 Tr. pp. 91, 105 & 115)[17]

### VII. Because There Was The Commission Of An Underlying RICO Substantive Offense, The Defendants Can Be Held Liable Under §1962(d) As RICO Conspirators.

Relying on Beck v. Prupis, 529 U.S. 494 (2000), the Defendants claim that because the Jury did not find Bainer, T&P and Prymas liable for violating §1962(c), those Defendants cannot be held liable as co-conspirators with the Fasano Defendants under §1962(d). (Ds' Mem. p. 33) The Defendants are wrong.

The Defendants have engaged in a glib and superficial reading of some of the words used in the Beck v. Prupis

---

[16]    The issue of what reliance, if any, is required in a RICO action, mail fraud or wire fraud action is now pending before the Supreme Court. See Bank of China v. NBM, 125 S.Ct. 348 & 125 S.Ct. 2956 (2005).

[17]    See n. 3.

SABIA & HARTLEY, LLC    |    190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
ATTORNEYS AT LAW    |    tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

decision.    The  decision  in  <u>Beck  v.  Prupis</u>  stands  for  the
proposition that while under criminal law, the mere existence of
a conspiracy without the commission of an underlying substantive
offense  can  constitute  a  crime,  this  is  not  so  for  a  civil
(monetary) action under RICO.

       <u>Beck v. Prupis</u> does not, however, stand for the proposition
that  a  defendant  cannot  be  held  liable  for  a  civil  RICO
conspiracy claim under §1962(d) unless that defendant is also
liable for a RICO substantive offense under §1962(a), (b) or
(c).  Rather, the Supreme Court in <u>Beck v. Prupis</u> simply held
that a civil RICO conspiracy claim, like a common law conspiracy
claim,  is  a  cause  of  action  that  does  not  exist  absent  the
finding that an underlying substantive offense was committed.
529 U.S. at 506-07.   In other words, a civil RICO conspiracy
claim, like a common law conspiracy claim, is a parasitic cause
of action which can only be asserted against the co-conspirators
if  the  underlying  wrongful  conduct  by  one  or  all  of  the
conspirators  constitutes  the  commission  of  a  substantive
offense.  <u>Id</u>.

       Indeed,  the Supreme Court in <u>Beck v. Prupis</u> specifically
ruled that:

                   Under   our   interpretation   [of   RICO],   a
                   plaintiff could, through a [RICO] §1964(c)
                   [civil  damage]  suit  for  a  [conspiracy]
                   violation of §1962(d), sue co-conspirators
                   who might not themselves have violated one
                   of the substantive provisions of §1962.

-55-

529 U.S. at 506-07.   Therefore, under the Supreme Court's interpretation of RICO in Beck v. Prupis, here Plaintiffs can pursue a §1964(c) RICO civil damage action against Bainer, T&P and Prymas as co-conspirators with the Fasano Defendants and Flanagan for a violation of §1962(d) even though the Jury did not find Bainer, T&P and Prymas liable for a substantive offense under §1962(c).   Accordingly, the Defendants' arguments on the applicability of Beck v. Prupis are without merit, and the Defendants' Joint Motion for Judgment as a Matter of Law should be denied.

### VIII. There Was Sufficient Evidence For The Jury To Hold The Defendants Liable As Co-Conspirators Under §1962(d).

The Defendants raise a number of arguments attacking the Jury finding that Bainer, T&P and Prymas violated §1962(d) in connection with their conspiratorial conduct to assist the Fasano Defendants and Flanagan in violating §1962(c) of RICO. First, the Defendants argue that Plaintiffs failed to present adequate evidence supporting a verdict of participation in a RICO conspiracy under §1962(d).   Second, the Defendants argue that Plaintiffs' RICO conspiracy claims against Prymas and T&P (but apparently not the Fasano Defendants or Bainer) must fail as a matter of law because a plaintiff cannot recover for injury allegedly arising solely out of a RICO conspiracy.   And third, the Defendants reargue their limited (and rejected) version of the facts and claim that the evidence presented at trial was

-56-

insufficient to demonstrate that Plaintiffs' collection expense damages were the result of any of the crimes enumerated under RICO. (Ds' Mem. pp. 33-35)   Again, the Defendants are wrong.

### A.   The Evidence Was Sufficient For The Jury To Conclude That The Defendants Were Co-Conspirators With Flanagan In Violation Of §1962(d).

The Defendants claim that Plaintiffs failed to present adequate evidence supporting a verdict of participation in a RICO conspiracy under §1962(d).   (Ds. Mem. p. 33)   The Defendants' argument is without merit.

Here the Jury found that the Fasano Defendants (but not Bainer, T&P and Prymas) engaged in substantive violations of §1962(c) of RICO.  (Px A p. 1 #1)  The Jury, however, found that all of the Defendants, including Bainer, T&P and Prymas, engaged in a RICO conspiracy in violation of §1962(d).  (Px A p. 2 #2)

Then the Jury found that Fasano conspired with Flanagan, Bainer, T&P and Prymas in connection with the settlement proceeds scheme; the checking account scheme; the shifting stock scheme; and the bankruptcy fraud scheme.  (Px B p. 2 #2(A) & (B))   The Jury also found (a) that Bainer conspired with Flanagan, Fasano, Prymas & T&P in connection with the settlement proceeds scheme and the shifting stock scheme; (b) that Prymas conspired with Flanagan, Bainer, Fasano and T&P in connection with the settlement proceeds scheme and the shifting stock scheme; and (c) that T&P conspired with Flanagan, Prymas, Bainer and Fasano in connection with the settlement proceeds scheme and

-57-

the shifting stock scheme.  (Px B p. 2 #2(A) & (B))   There was sufficient evidence introduced at trial for the Jury to conclude that the Defendants engaged in conspiratorial conduct in violation of §1962(d) of RICO.

As recently noted by the Second Circuit:

> We also note that the requirements for RICO's conspiracy charges under §1962(d) are less demanding. A "conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." Salinas v. United States, 522 U.S. 52, 65 (1997). In the civil context, a plaintiff must allege that the defendant "knew about and agreed to facilitate the scheme." Id. at 66.  Baisch [the RICO plaintiff] has presented a genuine question as to [the alleged RICO co-conspirator's] knowledge of the racketeering enterprise and his willingness to promote it.

Baisch v. Gallina, 346 F.3d 366, 376-77 (2d Cir. 2003).   See, also, First Capital, 385 F.3d at 178.   The evidence was sufficient to affirmative acts by all of the Defendants to assist Flanagan in, at a minimum, the settlement proceeds scheme and the shifting stock scheme.

Further, contrary to the Defendants' assertions, §1962(d) of RICO does not require proof that each co-conspirator agreed to commit two predicate acts.   Zichettello, 208 F.3d at 99 n. 13.   Indeed, the Supreme Court has ruled that:

> Even if [the conspirator] did not commit [two or more acts of racketeering activity], there was ample evidence that he conspired

-58-

> to violate [§1962](c).  The evidence showed
> that [the primary wrongdoer] committed at
> least two acts of racketeering activity .  .
> . and that [the conspirator] knew about and
> agreed to facilitate the scheme.  This is
> sufficient to support a conviction under
> §1962(d).

United States v. Salinas, 522 U.S. 52, 118 S.Ct. 469, 478
(1997).  See, also, Baisch, 346 F.3d at 366-77 (citing Salinas
as controlling in a civil conspiracy case under RICO).

Further, a RICO conspiracy claim can be proven if the
defendant embraced the objective of the alleged conspiracy, and
agreed to commit predicate acts in furtherance thereof.
Zichettello, 208 F.3d at 99.  To prove a RICO conspiracy it need
only be shown that the defendants know the general nature of the
conspiracy and that the conspiracy extends beyond their
individual roles.  Id.  In applying this analysis, a court need
inquire only whether an alleged conspirator knew what the other
conspirators "were up to" or whether the situation would
logically lead an alleged conspirator "to suspect he was part of
a larger enterprise."  Id.

In addition, there is no rule requiring that a plaintiff
prove that a RICO conspirator knew of all predicate acts by
insiders in furtherance of the conspiracy.  Id. at 100.  To be
held liable as a RICO conspirator, a defendant need only be
shown to have possessed knowledge of the general contours of the
conspiracy.  Id.  Simply, a plaintiff need not prove that a RICO
conspirator-defendant agreed with every other conspirator, or

SABIA & HARTLEY, LLC          190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
ATTORNEYS AT LAW              tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

knew all of the other conspirators, or had full knowledge of all the details of the conspiracy. Id.

For RICO conspiracy liability under §1962(d), Plaintiffs need not prove that the Defendants, individually, committed each element of each predicate act. See Cadle Co., 779 F.Supp. at 400. Further, the Supreme Court has recently ruled:

> Under our interpretation, a plaintiff could, through a [RICO] §1964(c) [civil damage] suit for a violation of §1962(d), sue co-conspirators who might not themselves have violated one of the substantive provisions of §1962.

Beck v. Prupis, 529 U.S. 494, 506-07 (2000).

In the Court's Charge, the Jury was instructed on Plaintiffs' §1962(d) conspiracy claims as follows:

> Now Section 1962(d), the second section, provides that it shall be unlawful for any person to conspire to violate Section 1962(c).
>
> Now a conspiracy charge is proven if the plaintiffs show that the defendants embraced the objective of the alleged conspiracy and agreed to commit at least two predicate acts in furtherance thereof.
>
> A conspiracy in this sense is a combination or agreement of two or more persons to join together to accomplish an offense, which would be in violation of Section 1962(c) of RICO. That is, an offense where a defendant participated in the operation or management of the enterprise. To prove their conspiracy claims, the plaintiffs do not have to show that the defendants had full knowledge of all of the details of the conspiracy, but only that each defendant was aware of the general nature of the

-60-

> conspiracy and that the conspiracy extended
> beyond the defendants' individual role.
>
> If the plaintiffs prove, again by a
> preponderance of the evidence, that a
> particular defendant has knowingly and
> willfully joined the alleged conspiracy, it
> does not matter that the defendant, that
> defendant may not have participated in the
> earlier stages of the alleged conspiracy or
> scheme.
>
> Further, the plaintiffs must prove by a
> preponderance of the evidence that at least
> one of the alleged conspirators committed at
> least one overt act during the existence of
> the alleged conspiracy.
>
> An <u>overt act</u> is a transaction or event, <u>even
> one which may be entirely legal and innocent
> when considered alone</u>, but which is
> knowingly committed by a conspirator in an
> attempt to accomplish some unlawful object
> of the conspiracy.

(6/8/05 Tr. pp. 108-09 (emphasis added))

Finally, a plaintiff does not have to prove full knowledge

of all of the details of the conspiracy, but only that each

defendant was aware of the general nature of the conspiracy and

that the conspiracy extended beyond the defendant's individual

role. <u>Zichettello</u>, 208 F.3d at 99. <u>See</u>, <u>also</u>, <u>Baisch</u>, 346 F.3d

at 376-77. The Jury was justified in finding from the facts

presented that the Defendants knowingly took part with Flanagan

in Flanagan's RICO scheme to hide, transfer or otherwise shield

his assets from the judgment claims of Plaintiffs. <u>See</u> <u>Ricciuti</u>

<u>v. N.Y.C. Transit Authority</u>, 124 F.3d 123, 131 (2d Cir. 1997).

A reasonable jury could have reasonable inferred that Flanagan

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

and the Defendants were jointly involved in a common scheme -- a conspiracy to hide, transfer or otherwise shield Flanagan's assets from the judgment claims of Plaintiffs.  (Px B p. 2 #2)

There was sufficient evidence presented at trial to support a Jury finding that all the Defendants engaged in conspiratorial conduct in violation of §1962(d).   (See 5/23/05 testimony of Joseph Caporale; 5/25/05 testimony of Paul Gaide; 5/31/05 testimony of Andrea Steele; 6/2/05 testimony of Charles Flanagan; 6/3/05 testimony of Charles Flanagan)[18]   Accordingly, the Defendants' Joint Motion for Judgment as a Matter of Law should be denied.

**B.   With A Substantive Violation Under §1962(c), The Jury Was Justified In Finding The Defendants Liable As Co-Conspirators Under §1962(d).**

In again misconstruing Beck v. Prupis, the Defendants argue that Plaintiffs' RICO conspiracy claims against Prymas and T&P (but apparently not as to the Fasano Defendants and Bainer) fail as a matter of law because a plaintiff cannot recover for injury allegedly rising solely out of a RICO conspiracy.  (Ds' Mem. p. 33)  Again, the Defendants are wrong.

As discussed previously in §VII, there was a Jury finding as to both a substantive violation under §1962(c) and a conspiracy violation under §1962(d).   (Px A pp. 1-2, ##1 & 2) With the existence of a substantive violation under §1962(c) it was perfectly proper for the Jury to hold the Defendants jointly

---

[18]   See n. 3.

-62-

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

and severally liable as co-conspirators under §1962(d) for the damages proximately flowing from the violation of §1962(c). Accordingly, the Defendants' Joint Motion for Judgment as a Matter of Law is without merit, and should be denied.

    **C.   Because There Was A Substantive Violation Of §1962(c), Plaintiffs Can Hold The Defendants Jointly And Severally Liable As RICO Co-Conspirators Under §1962(d).**

The Defendants do not allege that there was insufficient evidence to show that Plaintiffs' collection expense damages were proximately caused by the Fasano Defendants' violations of §1962(c). Rather, the Defendants claim that, under <u>Beck v. Prupis</u>, a plaintiff cannot claim RICO damages from an overt act that is not the act of racketeering or otherwise wrongful under RICO. (Defendants' Mem. p. 34) The Defendants, once again, misconstrue the limited holding in <u>Beck v. Prupis</u>.

In <u>Beck v. Prupis</u> the Supreme Court stated:

> [I]njury caused by an overt act [<u>i.e.</u>, an act in furtherance of the conspiracy] that is not the act of racketeering or otherwise wrongful under RICO [<u>i.e.</u>, conduct that does not constitute a substantive violation of §1962(a)(b) or (c)] is not sufficient to give rise to a cause of action under §1964(c) [a civil RICO damage action] for a violation of §1962(d).

529 U.S. at 505. Here, however, there was an underlying substantive violation of §1962(c). (Px A p. 1 #1) Accordingly, it was perfectly proper for the Jury to hold the Defendants jointly and severally liable as RICO co-conspirators for the

-63-

damages proximately flowing from the Fasano Defendants' substantive violations of §1962(c).

Next the Defendants regurgitate their closing argument in claiming that the participation of Prymas and T&P (but not the Fasano Defendants and Bainer) in the settlement proceeds scheme and the shifting stock scheme do not constitute a violation of RICO. Although the Jury was charged that the mere violation of orders of this Court did not, in and of themselves, constitute RICO predicate acts (6/8/05 Tr. p. ____); charged as to the requirements of responding to a writ of execution (id. p. 112); and charged as to the notice requirements for violations of the Court's injunction and turnover order (id. p. 110), the Jury still found the Defendants' arguments unavailing. Indeed, as the Court instructed the jury in connection with Plaintiffs' civil RICO conspiracy claims under §1962(d):

> An overt act is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an attempt to accomplish some unlawful object of the conspiracy.

(6/8/05 Tr. p. 109) Simply, the claim by the Defendants that some of the affirmative conduct by Prymas and T&P may have been technically legal, does not shield them from liability as RICO con-conspirators for conspiring with Flanagan in connection with the execution of Flangan's fraudulent scheme to hide, transfer

-64-

or otherwise shield his assets from the judgment claims of Plaintiffs.

Indeed, the Defendants fail to realize that the RICO predicate acts of mail fraud and wire fraud do not require that the mailing or wire communications, by themselves, contain all of the elements of the wrongful conduct. Rather, the crime of mail fraud or wire fraud is committed when the mails or wire communications "are used as part of a scheme or artifice to defraud." Landry, 901 F.2d at 428.

## IX. The Defendants' Unplead And Unproved Affirmative Defense Of Abuse Of Process Does Not Bar Plaintiffs' RICO Claims.

The Defendants claim that Plaintiffs' attempt to use post-judgment collection procedures in Cadle I in an effort to execute on assets for satisfaction of other judgments that Plaintiffs held against Flanagan constitutes abuse of process, barring Plaintiffs' claims in this case. (D's Mem. p. 42)   The Defendants, again, are wrong.

While Plaintiffs disagree that the evidence introduced at trial proves a claim for abuse of process (5/25/05 testimony of Paul Gaide; 6/2/05 testimony of Dan Cadle)[19], any such claim by the Defendants would constitute an affirmative defense under Rule 8(c), Fed.R.Civ.P., and thus the burden was upon the Defendants to plead and prove that affirmative defense.   See Satchell v. Dilworth, 745 F.2d 781, 784 (2d Cir. 1984) ("Failure

---

[19]   See n.3.

-65-

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

to plead an affirmative defense in the answer results in 'the waiver of that defense and its exclusion from the case.'" (citing 5 C. Wright & Miller, Federal Practice & Procedure s. 1278, at 339 (1969)). See also, United States v. Continental Ilinois National Bank and Trust Company of Chicago, 889 F.2d 1248, 1253 (2d Cir. 1989) ("Failure to plead an affirmative defense in the answer results in a waiver of that defense and its exclusion from the case." (internal citations and quotations omitted)). Not only did the Defendants fail to plead the affirmative defense of abuse of process/illegality in compliance with Rule 8(c), the Defendants failed to submit the issue to the Jury in a proposed charge in substantially correct form. Accordingly, the Defendants waived the claim that Plaintiffs' conduct in connection with their execution efforts constituted a bar to Plaintiffs' RICO claims in this case. See United States v. Walsh, 700 F.2d 846, 855-56 (2d Cir. 1983) (failure to request a jury instruction and/or object to the lack of a jury instruction regarding an affirmative defense is fatal.)

Accordingly, the Defendants' abuse of process/illegality argument is without merit, and the Defendants' Joint Motion for Judgment as a Matter of Law should be denied.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

X.    There Was Sufficient Evidence For The Jury
To Find Continuity In Connection With The
Defendants' RICO Conspiracy Violations.

As discussed in §VIII, there was sufficient evidence introduced for the Jury to find both open-ended and closed-ended continuity in connection with Plaintiffs' RICO conspiracy claims against the Defendants.    Accordingly, the Defendants' argument is without merit, and the Defendants' Joint Motion for Judgment as a Matter of Law should be denied.

XI.    The Defendants' Motion Should Be Struck
Or Supplemented Because The Defendants
Failed To Make Specific Citations To
The Record.

Defendants raised numerous alleged errors at trial upon which they based their Motion for Judgment as a Matter of Law. Conspicuously absent from their Motion and Brief, however, was any specific references to the trial transcript.    Plaintiffs and this Court, therefore, are left to hunt through thousands of pages of transcripts to find references that Defendants might believe support their claims.    Plaintiffs have been highly prejudiced by Defendants' failure to reference the specific portions of the transcripts that they believe support their arguments.    While Plaintiffs have attempted to address as many of the allegations as possible in this Memorandum, they have been unable to locate all the references, and therefore, have not been able to address all of the allegations.    Plaintiffs,

SABIA & HARTLEY, LLC          190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
ATTORNEYS AT LAW          tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

therefore, have been unable to fully rebut many of Defendants' arguments.

Toward this end, Local Rule 7(a)(1) states that:

> Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record.

This Court, therefore, is not required to entertain Defendants' motion because they have failed to provide even the most rudimentary references to the record. Furthermore, Defendants' failure to provide these references is highly prejudicial to Plaintiffs because absent this information, Plaintiffs have been unable to fully respond in opposition to the Motion.

Toward that end, Plaintiffs request that Defendants' Motion for Judgment as a Matter of Law be dismissed in its entirety. In the alternative, Plaintiffs request that this Court order Defendants to supplement their Motion with specific references and provide Plaintiffs a reasonable amount of time to respond to the same.

## Conclusion

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' Joint Motion for Judgment as a Matter of Law, and that the Court enter judgment in favor of Plaintiffs' on the Jury Verdict.

-68-

Respectfully submitted,

ARMSTRONG LAW FIRM

DATED: November 7, 2005.

By /s/ F. Dean Armstrong
   F. Dean Armstrong
    Ct. Fed. Bar #CT22417
1324 Dartmouth Road
Flossmoor, IL 60422
(708) 798-1599
Fax (708) 798-1597

Edward C. Taiman, Esq.
SABIA & HARTLEY, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205
(860) 541-2077
Fax (860) 713-8944

Attorneys for Plaintiffs
The Cadle Company and
D.A.N. Joint Venture,
A Limited Partnership

## Certificate of Service

   I certify that a correct copy of the foregoing instrument was mailed on November 7, 2005 to all defense counsel as shown on the attached Service List.

/s/ F. Dean Armstrong
   F. Dean Armstrong

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

## SERVICE LIST

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson
& Peck, Inc.)

Douglas S. Skalka, Esq.
James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th floor
New Haven, CT 06510
(counsel for Charles A. Flanagan)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06443
(counsel for Leonard A. Fasano and
Fasano & Ippolito, LLC)

Roger J. Frechette, Esq.
Frechette & Frechette, Esq.
12 Trumbull Street
New Haven, CT 06511
(counsel for Leonard A. Fasano)

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405

Richard Roberts, Esq.
Karen T. Gerber, Esq.
Amber J. Branciforte, Esq.
Nuzzo & Roberts LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410-0747