December 12, 2005. The motion for reconsideration is GRANTED. The relief request, however, is granted only to the extent as reflected in the trial transcript. SO ORDERED.

Alfred V. Covello, U.S.D.J.

FILED
2005 MAY 24 A 9:58

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs, | : | CIVIL ACTION NO.<br>3:01CV531(AVC) |
| vs. | : | |
| CHARLES A. FLANAGAN, ET AL<br>Defendants. | : | MAY 24, 2005 |

## MOTION TO RECONSIDER ORDER

The Plaintiffs, The Cadle Company and D.A.N. Joint Venture, A Limited Partnership, hereby request the Court to reconsider its ruling of May 23, 2005, wherein it sustained the objection of Todd Bainer and Todd Bainer, LLC ("Bainer") to the introduction by Plaintiffs of correspondence between legal counsel regardless of the fact that they are co-conspirators. Plaintiffs request reconsideration on the basis that neither case cited by Bainer stands for the proposition that correspondence between attorney co-conspirators is somehow protected or otherwise inadmissible into evidence. In support hereof, Plaintiffs state the following.

Bainer's objection relied upon two cases: <u>Morin v. Trupin</u>, 711 F. Supp. 97, (S.D.N.Y. 1989) and <u>Kashelkar v. Rubin</u>, 97 F. Supp. 2d 383 (S.D.N.Y. 2000). Neither case stands for the proposition that correspondence between attorney co-conspirators is inadmissible into evidence. In fact, neither case addressed the admissibility of evidence at trial. Rather, both the <u>Morin</u> and <u>Kashelkar</u> cases are Rule 12(b)(6) decisions, with facts clearly distinguishable from those presented in the instant matter.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com