531

December 12, 2005. Granted to the extent reflected in the trial transcript. SO ORDERED.

Alfred W. Covello, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, ET AL<br>Plaintiffs, | : CIVIL ACTION NO.<br>: 3:01CV531(AVC)<br>: |
| vs. | : |
| CHARLES A. FLANAGAN, ET AL<br>Defendants. | :<br>: JUNE 6, 2005 |

### PLAINTIFFS' MOTION TO ADMIT REDACTED
### LETTERS FOR PURPOSES OF IMPEACHMENT

1. On the first day of the trial, the Court ruled that the "lawyer-to-lawyer" letters were not admissible for the purposes for showing mail fraud or wire fraud under RICO. After that ruling, the Defendants have carefully crafted their testimony to that of positions which are at odds with the admissions that were made in their lawyer-to-lawyer letters.

2. On the second day of trail, however, the Court clarified its prior ruling by making it clear that the lawyer-to-lawyer letters – if redacted – might be admissible for the independent purpose of impeachment:

> By the same token, correspondence such as that might be the subject of impeachment of the testimony of the witness, and perhaps what's going to have to happen with respect to these letters is that they're all going to have to be expurgated and perhaps a sentence or two out of them authorized.

(5/24/05 Tr. at p. 62, copy attached as Px A) Indeed, the Defendants did not to preclude Plaintiffs' use of the letters for all purposes – they only claimed that lawyer-to-lawyer letters were not admissible for purpose of proving mail fraud or wire fraud.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
| 190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com