UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUN 10 P 1:20
DISTRICT COURT
HARTFORD, CT.

THE CADLE COMPANY ET AL.,  :
   Plaintiffs,  :
                     :
   v.                :  Civil No. 3:01CV531(AVC)
CHARLES FLANAGAN ET AL.,  :
   Defendants.  :

### VERDICT FORM

We the jury unanimously find as follows:

I. **Racketeer Influenced and Corrupt Organizations Act**

1. Operation & Management and RICO § 1962(c).

    Have the plaintiffs, The Cadle Company and D.A.N. Joint Venture, proven by a preponderance of the evidence that one or more of the defendants violated RICO section 1962(c)?

    Answer by writing "Yes" or "No" next to each defendant's name.

    __Yes__  Leonard A. Fasano

    __No__  Todd R. Bainer

    __No__  Stanley F. Prymas

    __No__  Thompson & Peck, Inc.

    __Yes__  Fasano, Ippolito & Lee, LLC

2. Conspiracy and RICO § 1962(d).

    Have the plaintiffs, The Cadle Company and D.A.N. Joint Venture, proven by a preponderance of the evidence that one or more of the defendants violated RICO section 1962(d)?

Answer by writing "Yes" or "No" next to each defendant's name.

_YES_    Leonard A. Fasano

_YES_    Todd R. Bainer

_YES_    Stanley F. Prymas

_YES_    Thompson & Peck, Inc.

_YES_    Fasano, Ippolito & Lee, LLC

3.  RICO Damages

If you answered YES with respect to any defendant set forth above in Questions 1 or 2, you must answer the following question concerning the amount of RICO damages. If you answered NO with respect to each defendant set forth above in Questions 1 and 2, then skip this section and proceed to answer the questions set forth on this form at Section II - Counterclaim.

Amount of RICO Damages

What sum of money would fairly and reasonably compensate the plaintiffs for their actual damages, if any, proximately caused by such violation(s) of RICO?

> Here, the plaintiffs' claim of damages fall into two categories: (1) lost debt damages; and (2) collection expense damages.
>
> For <u>lost debt damages</u>, the plaintiffs must show by a preponderance of the evidence the amount of the debt that they most likely would have been able to collect from Charles Flanagan, but were prevented from doing so because of the defendant(s)' alleged RICO violations.
>
> For <u>collection expense damages</u>, the plaintiffs must show by a preponderance

2

of the evidence the amount of legal fees and other expenses that they incurred in their unsuccessful attempts to collect on Flanagan's assets which were proximately caused by the Defendant(s)' alleged RICO violations?

As there are multiple defendants and two separate theories of RICO liability, you may find multiple violations. If so, you may not award damages as a multiple of the number of violations. In other words, the plaintiffs are not permitted a double or triple recovery simply because there may be 2 or 3 violations. The total damages must be no more than an amount to compensate the plaintiffs for any lost debt and/or collection expenses as defined above.

Answer:   $ _500,000_

## II. Counterclaim

1. Vexatious Litigation

Has the defendant, Thompson & Peck, Inc., proven by a preponderance of the evidence that the plaintiffs, The Cadle Company and D.A.N. Joint Venture, engaged in vexatious litigation as described to you in Section 4(A) of the charge?

Yes_____   No_✓_

2. Vexatious Litigation with Malice

Has the defendant, Thompson & Peck, Inc., proven by a preponderance of the evidence that the plaintiffs, The Cadle Company and D.A.N. Joint Venture, engaged in vexatious litigation with malice as described to you in Section 4(B) of the charge?

Yes_____   No_✓_

3

3. Damages

If you answered "Yes" to questions 1 and/or 2, what do you find to be the cost of attorneys' fees and costs reasonably incurred by Thompson & Peck, Inc., to defend against the plaintiffs' claims in this lawsuit?

Answer:   $ ___N/A___


You have now completed your deliberations. Please date and sign this form below.

Dated at Hartford, Connecticut this __10__ day of June, 2005.

_____
Foreperson

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUN 10 P 1:20
DISTRICT COURT
HARTFORD, CT.

THE CADLE COMPANY ET AL., :
  Plaintiffs, :
    :
  v. : Civil No. 3:01CV531(AVC)
CHARLES FLANAGAN ET AL., :
  Defendants. :

### SUPPLEMENTAL VERDICT FORM

We the jury unanimously find as follows:

**I. Racketeer Influenced and Corrupt Organizations Act**
**A.** Operation & Management and RICO § 1962(c)

If you have found that the plaintiffs, The Cadle Company and D.A.N. Joint Ventures, have proven by a preponderance of the evidence that one or more of the defendants violated RICO section 1962(c), for each of the defendants that you have found violated § 1962(c) please articulate the acts that the defendant committed.

|  | Settlement Proceeds Scheme | Checking Account Scheme | Shifting Stock Scheme | Bankruptcy Fraud Scheme |
|---|---|---|---|---|
| Leonard A. Fasano | Yes | Yes | Yes | Yes |
| Todd R. Bainer | — | — | — | — |
| Stanley F. Prymas | — | — | — | — |
| Thompson & Peck, Inc. | — | — | — | — |
| Fasano, Ippolito & Lee, LLC | No | Yes | No | Yes |

2.  **Conspiracy and RICO § 1962(d).**

   If the plaintiffs, The Cadle Company and D.A.N. Joint Venture, have proven by a preponderance of the evidence that one or more of the defendants violated RICO section 1962(d), please answer the following questions.

   A.  Locate the name of each defendant that the plaintiffs have proven by a preponderance of the evidence violated RICO section 1962(d) and write next that defendant's name the name(s) of the individual(s) with whom the defendant conspired.

| | |
|---|---|
| Leonard A. Fasano | C. Flanagan, T. Bainer, T&P, S. Prymas, F,I&L LLC |
| Todd R. Bainer | C. Flanagan, L. Fasano, S. Prymas, T&P |
| Stanley F. Prymas | C. Flanagan, T. Bainer, L. Fasano, T&P |
| Thompson & Peck, Inc. (T&P) | C. Flanagan, S. Prymas, T. Bainer, L. Fasano |
| Fasano, Ippolito & Lee, LLC (F,I,L LLC) | C. Flanagan, L. Fasano |

   B.  Locate the name of each of the defendant that the plaintiffs have proven by a preponderance of the evidence violated RICO section 1962(d) and indicate on the grid which scheme that defendant conspired in:

| | Settlement Proceeds Scheme | Checking Account Scheme | Shifting Stock Scheme | Bankruptcy Fraud Scheme |
|---|---|---|---|---|
| Leonard A. Fasano | Yes | Yes | Yes | Yes |
| Todd R. Bainer | Yes | No | Yes | No |
| Stanley F. Prymas | Yes | No | Yes | No |
| Thompson & Peck | Yes | No | Yes | No |
| Fasano, Ippolito, & Lee, LLC | Yes | Yes | Yes | Yes |

2

3. **RICO Damages**

If you have awarded RICO damages, please indicate the amount of lost debt damages and the amount of collection expense damages.

Lost Debt Damages: __—0—__

Collection Expense Damages: __$500,000__

Dated at Hartford, Connecticut this __10__ day of June, 2005.

_____
Foreperson

3