UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THE CADLE COMPANY** and **D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP,** | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.,** | § | January 24, 2006 |
| Defendants. | § | |

### PLAINTIFFS' RESPONSE TO DEFENDANT FASANO'S SUPPLEMENTAL MOTION TO SET ASIDE THE COLLECTION EXPENSE DAMAGES

Claiming that the jury found that Plaintiffs did not incur any lost debt damages, the Fasano Defendants argue that Plaintiffs are precluded from recovering collection expense damages. The Fasano Defendants are wrong.

First, the jury did not find, as represented by the Defendants, that Plaintiffs suffered no lost debt damages. Rather, the jury simply found that Plaintiffs failed to meet their burden of proving their claim for lost debt damages. The failure of a plaintiff to meet its burden of proving a certain proposition does not mean that the jury found the opposite of that proposition. Rather, it simply means that the party with the burden of proof on that issue -- herein, the Plaintiffs --

failed to meet its burden of proving that proposition, nothing more.

Further, in the verdict form, the jury was instructed that:

> For <u>collection expense damages</u>, the plaintiffs must show by a preponderance of the evidence the amount of legal fees and other expenses that they incurred in their unsuccessful attempts to collect on Flanagan's assets which were proximately caused by the defendant(s)' alleged RICO violations?

(Verdict Form pp. 2-3)  With the finding of a dollar amount by the jury, the jury necessarily found that the Plaintiffs met their burden of proving by a preponderance of the evidence the amount of legal fees and other expenses that they incurred in their unsuccessful attempts to collect on Flanagan's assets which were proximately caused by the Defendants' RICO violations.

And second, even though Plaintiffs failed to meet their burden of proving their lost debt damages, under <u>Stochastic Decisions, Inc. v. DiDomenico</u>, 995 F.2d 1158, 1165-67 (2d Cir. 1993), Plaintiffs are still entitled to recover their collection expense damages.  In <u>Stochastic Decisions</u> the Second

Circuit affirmed the district court's disallowance of the plaintiff's attempt to recover lost debt damages because those claims were not yet ripe, but found that the plaintiff was entitled to recover collection expense damages based on the "defendants' illegal actions in impeding [plaintiff's] collection of those judgments." 995 F.2d at 1166. As recognized by the Second Circuit in Stochastic Decisions, "legal fees may constitute RICO damages when they are proximately caused by a RICO violation." Id. at 1167. Thus, despite the fact that the plaintiff in Stochastic Decisions was not entitled to recover lost debt damages, the plaintiff was still entitled to recover under RICO for its collection expense damages. Id.

There is no evidence that Plaintiffs fully recovered on the underlying judgments; no evidence that Plaintiffs fully recovered their $1,500,000 out-of-pocket loss; and no evidence that Plaintiffs recouped the over $500,000 that they expended in their unsuccessful efforts to locate and execute upon Flanagan's transitory assets. Unlike the cases cited by the Defendants, the $500,000 in collection expenses incurred by the Plaintiffs was expended as a direct result of the Defendants'

RICO violations, and has not been recouped. These damages, therefore, were properly awarded, and the Jury Verdict should not be disturbed.

The Defendants reliance upon Commercial Union Assurance Co. v. Milken, 17 F.3d 608 (2d Cir. 1994) is misplaced. In Commercial Union the undisputed summary judgment evidence showed that the plaintiffs were fully repaid in connection with their investments and suffered no out-of-pocket loss. Here, however, there is no evidence that Plaintiffs fully recovered on all of the underlying judgments; no evidence that Plaintiffs fully recovered their $1,500,000 out-of-pocket loss; and no evidence that Plaintiffs recouped the over $500,000 that they expended in their unsuccessful efforts to locate and execute upon Flanagan's ephemeral assets.

Likewise, First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994) does not help the Defendants escape accountability for their wrongful conduct. In First Nationwide Bank the plaintiff's claims were not ripe because plaintiff had not yet exercised its contractual right to foreclose on the collateral that was pledged to secure the loans in question. Here Plaintiffs had no such collateral pledged to secure the

numerous judgments owed by Flanagan, and Flanagan's assets had already been scattered and dissipated in the Defendants' concerted efforts to delay, hinder and defraud Plaintiffs in their attempts to execute on Flanagan's assets.

Under <u>Stochastic Decisions</u>, Plaintiffs are entitled to recover for the collection expense damages they incurred in their unsuccessful efforts to locate and execute upon Flanagan's transitory assets. Accordingly, the Fasano Defendants' Supplemental Motion to Set Aside the Collection Expense Damages should be denied.

## Conclusion

Based on the foregoing, Plaintiffs respectfully request that the Court deny the Fasano Defendants' Supplemental Motion to Set Aside the Collection Expense Damages, and that the Court then enter judgment for Plaintiffs on the Jury Verdict and Supplemental Jury Verdict.

                                      Respectfully submitted,

                                      ARMSTRONG LAW FIRM

DATED: January 24, 2006.        By_____
                                        F. Dean Armstrong

          Ct. Fed. Bar #CT22417
          1324 Dartmouth Road
          Flossmoor, IL 60422
          (708) 798-1599
          Fax (708) 798-1597

          Edward C. Taiman, Esq.
          SABIA & HARTLEY, LLC
          190 Trumbull Street
          Suite 202
          Hartford, CT 06103-2205
          (860) 541-2077
          Fax (860) 713-8944

          Attorneys for Plaintiffs
          The Cadle Company and
          D.A.N. Joint Venture,
          A Limited Partnership

**<u>Certificate of Service</u>**

    I certify that a correct copy of the foregoing instrument was faxed and mailed on January 24, 2006 to all defense counsel as shown on the attached Service List.

                                                _____

                                                F. Dean Armstrong