UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL NO. 3:01CV531(AVC) |
|     PLAINTIFFS | | |
| | | |
| VS. | : | |
| | | |
| CHARLES FLANAGAN, ET AL | : | |
|     DEFENDANTS | : | FEBRUARY 2, 2006 |

DEFENDANT LEONARD A. FASANO'S RESPONSE
TO PLAINTIFFS' RESPONSE TO DEFENDANT
FASANO'S SUPPLEMENTAL MOTION TO SET
ASIDE THE COLLECTION EXPENSE DAMAGES

The Defendant, Leonard A. Fasano, through counsel, respectfully moves this Honorable Court for permission to respond to Plaintiffs' January 24, 2006 Response To Defendant Fasano's Supplemental Motion To Set Aside The Collection Expense Damages.

The undersigned respectfully represents that Plaintiffs' Response concedes that judgment should enter in favor of Leonard Fasano, indeed all Defendants, against the Plaintiffs.

In paragraph 2 of Plaintiffs' January 24, 2006 Response, the Plaintiffs claim:

> First, the jury did not find, as represented by the Defendants, that Plaintiffs suffered no lost debt damages. Rather, the jury simply found that Plaintiffs failed to meet their burden of proving their claim for lost debt damages.

1

That quotation concedes the Plaintiffs have suffered no lost debt damages, as Exhibit A states that the jury found "Lost Debt Damages – 0 – ", that erroneous claim by the Plaintiffs is a concession that the Plaintiffs did not have any lost debt damages, nor could they, nor did they, prove any lost debt damages, and the Response by the jury, [attached as Exhibit A], states specifically that the Plaintiffs suffered no lost damages as it held "Lost Debt Damages:  - 0 - ". Therefore, the Plaintiffs concede the jury held and wrote out that the Plaintiffs suffered no "Lost Debt Damages – 0 – ", and for the Plaintiffs to attempt to tell this Honorable Court that the jury found lost debt damages, but found that the Plaintiffs failed to meet their burden of proving their claim for lost debt damages requires this Honorable Court to understand that the Plaintiffs are challenging the intelligence of this Honorable Court to make such an assertion.

   Therefore, it is respectfully submitted on page 2 of their Response, Plaintiff's incorrectly state:

> With the finding of a dollar amount by the jury, the jury necessarily found that the Plaintiffs met their burden of proving by a preponderance of the evidence the amount of legal fees and other expenses that they incurred in their unsuccessful attempts to collect on Flanagan's assets which were proximately caused by the Defendants' RICO violations.

That is a completely erroneous conclusion, as the jury form itself disproves that statement because there are two separate portions on the jury form which state:

> If you have awarded RICO damages, please indicate the amount of lost debt damages and the amount of collection expense damages.

(First)   Lost Debt Damages –0-_____

2

(Second)    Collection Expense Damages:  $500,000____

That jury form proves without question that the Plaintiffs' claim is completely without merit and judgment must be reversed.  The reason Plaintiffs claim is erroneous is because, in 1996 Cadle Company sued Flanagan, Civ. No. 3:96CV2648 (AVC); on March 20, 1997 it obtained judgment against him in the amount of $90,747.87; on January 5, 1998, a writ of execution was served on Thompson & Peck Co., a company that Flanagan owned with Stanley Primus; on February 25, 1998, Cadle served Flanagan with subpoena duces tecum for March 9, 1998 to conduct an examination of judgment debtor, and Attorney Robert Skeleton, then Flanagan's attorney, appearing for Flanagan, represented to the Court that because Flanagan was under criminal investigation by the FBI and the IRS, that Flanagan would invoke his Fifth Amendment Rights against self-incrimination; the Court entered an order forbidding Flanagan to transfer his assets, and ordered an "in camera" inspection of those assets.  Attorney Fasano later reporter to the Court that there were literally thousands of documents, and they would be produced during the next week.  On November 16, 1998 Flanagan, [not Attorney Fasano], was held in contempt, and the Court ordered him committed to the Federal Bureau of Prisons; the Court ordered a stay, and three days later, November 19, 1998, the sum of $99,542.87, the amount of judgment plus interest through that date, was deposited in the Registry of the Court, and that paid the entire debt in full.  The instant case, a 2001 case, which is subsequent to the Plaintiffs' first case, in which 1996 case the Plaintiffs recovered each and every penny of the judgment that they were

3

awarded.  That is the reason that the jury found, as proven by Exhibit A, that the instant Plaintiffs had no lost debt damages, as set forth, "Lost Debt Damages:  - 0 - ".  For the Plaintiffs to represent in their January 24, 2006 Response, knowing that the $99,542.87 judgment in the prior case was paid in full, that the jury did not find that the Plaintiff suffered no lost debt damages is such a far reaching, illogical, mind boggling statement that it conceded the jury found no lost debt damages, as the jury wrote "Lost Debt Damages – 0 – ".

The proof that this is the law is set forth in Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158, as set forth on pages 10, 11, 12 and 13 of the undersigned's December 19, 2005 Motion To Enter Judgment In Favor of Leonard A. Fasano.  Succinctly, the Plaintiffs have misrepresented on the last paragraph on page 2 and the first four lines of page 3 of their aforesaid Response To Fasano's Supplemental Motion to Set Aside the Collection Expense Damages, as Stochastic, Id., refers to the two debts in which Stochastic commenced suit against DiDomenico, et al, as set forth on page 1162, Id., as the first case is the "Insurance Case", and the second case is the "Guarantee Case", also set forth on page 1162.  What must be understood is on January 10, 1986, Stochastic instituted suit to recover on the "Insurance Case", on June 13, 1988, judgment was entered in favor of Stochastic; on October 31, 1988, Stochastic moved for the appointment of a receiver, who was appointed on December 6, 1988, the judgment was affirmed by the Appellate Division on October 1, 1989, and certification was denied by the New Jersey Supreme

Court on January 25, 1990, and, as specifically set forth on page 1162 of <u>Stochastic</u>, <u>Id</u>.:

> Stochastic eventually recovered the full amount of the judgment subsequent to the filing of the instant action.

The judgment in <u>Stochastic</u>, <u>Id</u>., unlike the judgment in the instant case, was not paid and therefore Collection Expenses Damages in <u>Stochastic</u>, <u>Id</u>., were mandatory.

Similarly in the "Guarantee Case" <u>Stochastic</u> filed suit on January 10, 1986; on April 10, 1989 it obtained a judgment, and was awarded legal fees and expenses incurred, and, the time this opinion was written, "they remained unpaid".

> On April 10, 1989, Stochastic obtained a judgment in the amount of $474,150.38. On September 7, 1989, Stochastic was awarded an additional judgment of $19,338.38 for legal fees and expenses incurred in the Guarantee Case. No appeal has been taken from these judgments. Stochastic apparently has not filed these judgments in New York, <u>and they remain unpaid</u>. [Emphasis added].

Further, on page 1165, the Court held:

> The district court held, however, that the attorney fees expended <u>in pursuing collection of the judgments constituted RICO damages and were subject to trebling</u>. [Emphasis added.]

Again, this shows that <u>Stochastic</u>, <u>Id</u>., supports Fasano's position in the instant case, because the judgment was paid before the <u>institution</u> of the instant case.

On page 1166 of <u>Stochastic</u>, <u>Id</u>., the Court mandates the requirement that if one collects the judgment, it cannot obtain collection expense damages when it states:

5

> In the event, however, that Stochastic should ultimately fail to collect the judgment in the Guarantee Case, it may then have a RICO claim as a basis for a separate action.

It is repetitious, but that is Fasano's claim. In the instant case, the judgment had already been paid before the institution of the instant case. Therefore, no collection expense damages may be awarded to the Plaintiffs.

Further on page 1166 of Stochastic, Id., the Court states:

> Bankers Trust makes clear that such a RICO claim does not accrue until it is established that collection of the claim or judgment has been successfully frustrated. [Emphasis added].

This is another statement in Stochastic, that mandates Fasano's position that the collection of the judgment prior to the institution of the instant suit precludes any collection expense damages. Therefore, the Stochastic Court again correctly awarded "Collection Expense Damages", which, because the judgments were not paid in any prior case, but in the instant Stochastic case; therefore, "Collection Expense Damages" were mandatory. The undersigned asserts that there is not one case in which a jury found "Lost Debt Damages:  - 0 – ", in which collection expense damages were allowed. It must be understood, as hereinbefore stated, the instant case is completely contrary to the situation in Stochastic, Id. The reason for that is, in Stochastic, the lost debt damages were ongoing, as were the collection expense damages, as opposed to the instant case in which there are no "Lost Debt Damages:  - 0 – ". Stochastic proves that Cadle is not entitled to any, not one penny, of collection expense damages.

6

On page 3 of Plaintiffs' Response, the Plaintiffs erroneously state:

> There is no evidence that Plaintiffs fully recovered on the underlying judgments.

Of course there is. That evidence is without dispute that they recovered on the underlying judgment. The jury so found when it stated that the Plaintiffs suffered "Lost Debt Damages: - 0-". The Plaintiffs are making a statement that is in direct conflict with what the jury, through its foreperson, wrote in its verdict of June 10, 2005. When the Plaintiffs state that there is no evidence that the Plaintiffs recouped the $500,000.00 that they expended, that proves the Defendant's case. They cannot recover collection expense damages without lost debt damages, as proven by Stochastic, Id. When the Plaintiffs further assert on page 3, paragraph 2, "Unlike the cases cited by the Defendants, the $500,000 in collection expenses incurred by the Plaintiffs was expended as a direct result of the Defendants' RICO violations, and has not been recouped." Because the Plaintiffs were paid the sum of $99,542.87 before the institution of the instant suit, all of the cases prove that the instant Plaintiffs cannot recover collection expense damages, because they were paid the amount of judgment before the institution of the instant suit.

The last paragraph on page 3 of Plaintiffs' Response concedes that the Defendant is correct when it states:

> The Defendants reliance upon Commercial Union Assurance Co. v. Milken, 17 F. 3d 608 (2d Cir. 1994) is misplaced. In

> Commercial Union the undisputed summary judgment evidence showed that the plaintiffs were fully repaid in connection with their investments and suffered no out-of-pocket loss.

That is the concession that requires this Court respectfully to set aside the "Collection Expense Damages: $500,000" and enter judgment in favor of Leonard A. Fasano, and indeed, all Defendants, because the instant Plaintiffs recovered the aforesaid sum of $99,542.87 <u>before the institution of the instant case</u>. Defendants, in essence, have conceded this on page 3 of their response.

<u>Milken</u>, <u>Id</u>., clearly states, on page 612:

> The RICO claim was dismissed by the district court on alternative grounds: one on a finding that appellants have not suffered compensable damages under RICO…Dismissal of the RICO claim must be affirmed because appellants' claim lacks that most fundamental of legal elements necessary to support a viable cause of action – <u>any demonstrable damages</u>. [Emphasis added].

Again, the jury found "Lost Debt Damages: - 0 –". In response to the last citation in Plaintiffs' Response, the Plaintiffs state: "In <u>First Nationwide Bank</u> the Plaintiff's claims were not ripe because Plaintiff had not yet exercised its contractual right to foreclose on the collateral that was pledged to secure the loans in question." Of course, therefore, Collection Expense Damages were not permitted in that case. Nor should they have been. But the instant case is even more compelling in that the aforesaid sum of $99,542.87 was collected by the Plaintiffs <u>before</u> the institution of the instant suit. <u>First Nationwide Bank v. Gelt Funding Corp</u>., 27 F. 3d 763, 766 (2d Cir. 1994) in referring to RICO damages:

8

> To show that an injury resulted <u>"by reason of" the defendant's action</u>, and therefore to have standing under RICO, the plaintiff must allege "that the defendant's violations were a <u>proximate cause of the plaintiff's injury</u>. i.e., that there was a direct relationship between the plaintiff's injury and the defendant's injurious conduct.

It is drawn to this Honorable Court's attention that the Plaintiffs have not responded to the Defendant Fasano's comments on pages 8 through 15 of his Memorandum.

Again, and this is repetitious, the Defendants have all asserted, and much more importantly, the jury has found, that the instant Plaintiffs, the Cadle Co., et al suffered no "Lost Debt Damages: -0-". In essence, the Plaintiffs' Response has conceded that Fasano's December 19, 2005 Motion to Set Aside the "Collection Expense Damages, $500,000" and Enter Judgment in Favor of Leonard Fasano" should be granted.

                RESPECTFULLY SUBMITTED,
                LEONARD FASANO


    BY  _____
       ROGER J. FRECHETTE, ESQ. (CT0823)
       ITS COUNSEL
       FRECHETTE & FRECHETTE, ESQS.
       12 TRUBMULL STREET
       NEW HAVEN, CT 06511
       TEL. NO. 203-865-2133

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on this 2nd day of February, 2006 to:

| | |
|---|---|
| David G. Hill, Esq.<br>June M. Sullivan<br>Halloran & Sage, LLP<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06106 | Barbara L. Cox, Esq.<br>William F. Gallagher, Esq.<br>1377 Ella Grasso Boulevard<br>P.O. Box 1925<br>New Haven, CT 60509-1925 |
| Edward C. Taiman, Jr., Esq.<br>Michael G. Albano, Esq.<br>Sabla & Hartley, LLC<br>190 Trumbull Street, Ste. 202<br>Hartford, CT 06103-2205 | Bradley K. Cooney, Esq.<br>Bradley K. Cooney, P.C.<br>60 Island Avenue<br>Madison, CT 06443 |
| F. Dean Armstrong, Esq.<br>Armstrong Law Firm<br>1324 Dartmouth Road<br>Flossmoor, IL 60422 | Todd R. Bainer, Esq.<br>Todd R. Bainer, LLC<br>71 Cedar Street<br>Branford, CT 06405 |
| Mary Anne Charron, Esq.<br>R. Bradley Wolfe, Esq.<br>Gordon, Muir & Foley<br>Hartford Square North<br>10 Columbus Boulevard<br>Hartford, CT 06106-5123 | |

_____
Roger J. Frechette