

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL | : | CIVIL ACTION NO:<br>3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 24, 2005 |

## MOTION FOR NEW TRIAL
## AND/OR MOTION FOR REMITTITUR

3:01cv531 (AVC). March 31, 2006. The defendants argue that they entitled to a new trial or a remittitur on account that: (1) the evidence did not support the $500,000 damages award; (2) a trebling of damages is not authorized; (3) the jury improperly heard evidence of negligence; (4) the plaintiffs' attorney delivered improper argument; and (5) the jury engaged in premature deliberations because the court charged the jury at the beginning of the trial that:

> During the course of the trial, we want you to discuss this case among yourselves. We don't expect you to sit here like eight pieces of stone and receive all of this information and not comment or discuss it among yourselves. A couple of very important warning points, however. If you are going to discuss the case, be certain that you're all present. . . Second, if you are going to or even if you don't discuss the case, don't form an opinion here until all the evidence is in. We don't want you to start to deliberate until you've heard all of the evidence and the court's charge at the end of the case. So we want you to keep an open mind until you've begun the deliberations.

Having reviewed the submissions of counsel, the court concludes: (1) the evidence was sufficient to support a $500,000 damages award; (2) the trebling of damages is required; (3) the plaintiffs did not offer improper evidence of negligence; and (4) although the record supports a finding that during two weeks of trial counsel for both the parties offered improper editorial, the simple fact of the matter is that such moments were cured by instruction, waived by a failure to object, or of such minor import that they could not have caused prejudice. With respect to the court's pre-charge, the court perceives no basis for a new trial because any such error is harmless and is waived on account of the defendants' failure to take exception to the pre-charge at trial. See United States v. Broome, 732 F.2d 363, 366 & n. 3 (4th Cir. 1984). Further, because the court admonished the jury not to "form an opinion here until all the evidence is in. . . [and to refrain from deliberating] until you've heard all of the evidence and the court's charge at the end of the case," the court perceives no prejudice flowing from the instruction. The motion (document no. 560) is therefore denied. The defendants' two motions for mistrial requested at trial are also denied.
SO ORDERED.

Alfred V. Covello, U.S.D.J.