UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL. | : | CIVIL ACTION NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL. | : | MARCH 31, 2006 |

## DEFENDANTS' JOINT REPLY TO PLAINTIFFS' SUPPLEMENTAL RESPONSE

On March 21, 2006, this Court issued an Order to Show Cause "why the Defendants' motion for judgment as a matter of law should not be granted." Notwithstanding the gravity of this order, Plaintiffs have inexplicably chosen not to comply with it.

First, Plaintiffs did not comply with the court's deadline, as their supplemental response was filed one day late. Second, Plaintiffs also failed to comply with Local Rule 7(a)2, as their brief is 54 pages. Third, Plaintiffs ignored this Court's order to "cite with particularity trial evidence supporting their claim of continuity." Lastly, and most egregiously, Plaintiffs' citations to the record are often inaccurate, misleading, and in some cases, sanctionable. In short, Plaintiffs' Supplemental Response should either be stricken, ignored or viewed as inadequate. Either way, it does not establish proof of continuity.

10361.0088

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### A.  **Plaintiffs' Supplemental Response Was Late**

The Order to Show Cause ordered Plaintiffs to file a Supplemental Response by March 24.  During a conference call on March 23, counsel requested and received an extension until March 27, as he claimed that he and local counsel did not have the resources to comply by March 24.  When asked by defense counsel if March 27 meant 5:30 in the afternoon, counsel agreed to provide copies by "mid-day".  However, Plaintiffs' reply was not filed by mid-day, it was not even filed by the end of the day.  It was filed one day late, on March 28.  No request for extension of time, no request to file *nunc pro tunc*, just another late pleading. [1/]  As a result, Defendants' have herewith filed a Motion to Strike Plaintiffs' Supplemental Response.  The audacity of not complying with an Order to Show Cause cannot and should not be tolerated.

### B.  **Plaintiffs' Supplemental Response Does Not Comply with our Local Rules**

Local Rule 7(a)2 requires that all pleadings be limited in length.  In addition, parties are required to obtain leave of the court before filing a pleading in excess of that limit.  Plaintiffs, though represented by out-of-state counsel, are aware of this rule, as (1) they are also represented by local counsel, and (2) they have previously sought

---

1/   The Court will recall that the timeliness of Plaintiffs' pleadings has been an ongoing issue in this case – from personal problems to printer problems, from computer crashes to misplaced documents, from travel problems to time management issues, we've seen it all.  In fact, Plaintiffs' original Response to Defendants' Rule 50 Motion was also late.  The Rule 50 Motion was filed June 24, 2005.  Plaintiffs requested and received extensions for 4½ months, but still missed their November 7, 2005 deadline.  Therefore, they requested a one-day extension *nunc pro tunc*.  The reason this time was a computer crash.  Unfortunately, our journey didn't end there, as the next day, Plaintiffs realized that they mistakenly filed a rough draft of their brief, not the final version, thus, they sought leave to file an "amended and corrected response."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

permission under 7(a)2 to file pleadings beyond the local limit.  Nevertheless, they failed to do so on this occasion, therefore, the Court has another basis to reject their pleading.

**C.     Plaintiffs Did Not "Cite With Particularity" Evidence Supporting Continuity**

Additionally, Plaintiffs did not "cite with particularity" any evidence to support their claim of continuity.  Instead, most of their brief regurgitates a slew of facts that have nothing to do with continuity, but only 3 of 54 pages focus on the issue at hand.  See Plaintiffs' Supplemental Response, pp. 49-52.  Those three pages, however, do not establish continuity.

First, Plaintiffs have not cited *any* evidence of continuity for their substantive claims under 18 U.S.C. §1962(c).  In fact, the only evidence cited is evidence of the alleged conspiracy under §1962(d).  As the court knows, Plaintiffs must prove both; however, even after getting another opportunity from this Court, they have not met their burden.  The reason, respectfully, is that the burden cannot be met.  There was no evidence at trial to establish continuity under 1962(c), therefore, Plaintiffs have nothing to cite.   As a result, judgment should enter on the 1962(c) claim as a matter of law.

Second, Plaintiffs continue to rely on acts or omissions that are not RICO crimes.  In addition, Plaintiffs make no attempt to advise this court how those acts or omissions constitute "predicate acts".  Plaintiffs "Chronology of Continuity Facts" is a perfect example.  For purposes of this Rule 50 motion, Defendants have already

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

conceded one year of predicate acts during the calendar year 1998. However, in a desperate attempt to extend that period, Plaintiffs cite two more acts – the mailing of MJCC checks by Flanagan in the Fall of 1997 (see Plaintiffs' Supplemental Response, p. 41) and the "Settlement Agreement" payments to Flanagan in 1999 and 2000 (see Supplemental Response, p. 49) – without explaining how they constitute "predicate acts". The reason, of course, is that they do not.

1. <u>the MJCC checks</u>

First and foremost, even if mailing these checks was a predicate act, they only extend the period by three months, far short of the time needed. Additionally, the checks themselves, or the mailing of them, was not a predicate act. The only testimony at trial is that the checks were payment of legal fees incurred by Flanagan. (6/1/05, pp. 8-10; 6/2/05, pp. 196-198). No attempt to delay or hinder, only an effort to pay one's attorney. Moreover, the payments were made long before any of the 1998 court orders that were allegedly violated. How then can the simple act of paying one's attorney constitute a RICO crime? More importantly, how do Plaintiffs justify their claim that the checks represent predicate acts? The answers, respectively, are "it doesn't" and "they don't". Nevertheless, Plaintiffs again expect this Court to marshal evidence to find something they couldn't find themselves.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.   the Settlement Agreement payments

Plaintiffs also claim that the "Settlement Agreement" payments to Flanagan in 1999 and 2000 (as well as the corresponding W-2 report to the IRS) are predicate acts.  First, those payments simply became part of the bankruptcy estate, therefore, when Flanagan filed for bankruptcy, the alleged scheme was inherently terminable, and thus, came to its conclusion.  FCAM v. Satinwood, Inc., 385 F. 3d 159, 180-81(2d Cir. 2004).  Second, plaintiffs have not demonstrated why these payments and the IRS report were RICO crimes.   There is no claim or evidence that the checks were mailed, thus, there is no claim of mail fraud as to the payments themselves.

Third, plaintiffs have never established how changing one alternative tax treatment to another, the centerpiece of the so-called "settlement proceeds scheme," constitutes a RICO crime.  The uncontroverted evidence was that the settlement proceeds could be considered either W-2 income or 1099 miscellaneous income (5/31/05, p. 78; Ex. 712), but as Dan Cadle himself admitted, the ultimate characterization was the proper one (6/2/05, p. 203).  Thus, changing one alternative tax treatment to a more preferable one[2] cannot, as a matter of law, constitute a RICO crime, particularly when Plaintiffs admit that the re-characterization applied the correct classification. (Id.).  Plaintiffs have never cited *any* authority to the contrary, nor have

---

[2]   The payments to Flanagan of past due compensation under the settlement agreement, later reduced to a judgment, were more properly considered wages for federal income tax purposes. E.g., United States v. Cleveland Indians Baseball Company, 532 U.S. 200, 121 S.Ct. 1433, (2001)(settlement payments representing back wages subject to FICA and FUTA taxes according to year in which the wages were in fact paid); Hemelt v. United States, 122 F.3d 204, 210 (4th Cir. 1997)(settlement payments representing wage-based relief should be treated as wages).

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

they argued that they enjoyed a protected interest in the initial tax classification for the monies.  Consequently, neither the Settlement Agreement payments to Flanagan nor the truthful IRS filing can be considered predicate acts under RICO; thus, they cannot be the basis for proving closed-ended continuity.

    3.    Court Pleadings

Similarly, Plaintiffs cannot rely on any of the pleadings filed by the Defendants as proof of predicate acts.  The pleadings filed in Cadle I, for example, are not predicate acts under RICO.  Gabovitch v. Shear, 70 F.3d 1252, 1995 WL 697319 (1st Cir. Nov. 21, 1995) (holding that plaintiff's claim that a party's "litigation stance" in another case was "fraudulent" does not state a claim under RICO), cert. denied, 516 U.S. 1175 (1996); Sundwall v. Weinstein & Assocs., No. 3:97 CV 405 (GLG), 1997 WL 507724, *2 (D. Conn., Aug. 19, 1997) (finding claim that defendant attorneys took improper and fraudulent litigation position in another lawsuit was "insufficient, as a matter of law, to constitute the necessary predicate acts under RICO").  In fact, the cases unequivocally hold that RICO's predicate act requirement cannot be satisfied by characterizing court pleadings as "fraud" or "obstruction of justice."  See, e.g., Dadonna v. Gaudio, 156 F. Supp. 2d 153, 162 (D. Conn. 2000) (citing, among other cases, von Bulow v. von Bulow, 657 F. Supp. 1134, 1145 (S.D.N.Y. 1987) (Walker, J.)); see also; Gunn v. Palmieri, No 87 CV 1418, 1989 WL 119519 (E.D.N.Y. Sept. 29, 1989) (rejecting litigation conduct as basis for "obstruction of justice" predicate act),

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

aff'd mem., 904 F.2d 33 (2d Cir. 1990), cert. denied, 498 U.S. 1049 (1991); Nakahara v. Bal, No. 97 Civ. 2027 (DLC), 1998 WL 35123, at *8 (S.D.N.Y. Jan. 30, 1998) (claim that a party has filed unjustified lawsuits cannot fulfill predicate act requirement under RICO); Auburn Medical Center, Inc. v. Andrus, 9 F. Supp. 2d 1291, 1299 (M.D. Ala. 1998) (same). Cf. Hecht v. Commerce Clearing House, Inc., supra, 897 F.2d at 24 (purpose of civil RICO statute does not extend to deterrence of any illegal act for which there are state and common law remedies).

In addition, Plaintiffs' position is further weakened because the underlying conduct – court pleadings – is not only excluded as a predicate act, it is immune from liability under state tort law. Under Connecticut law, a person simply cannot be sued for what he or she says in the course of a judicial or quasi-judicial proceeding, whether acting as a party, a lawyer or a witness. "Communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." Petyan v. Ellis, 200 Conn. 243, 245-46 (1986) (emphasis added). See also Restatement (Second) Torts §§ 586-588 (1977). This rule of absolute immunity also applies with full force to conduct in relation to bar grievance proceedings. See Field v. Kearns, 43 Conn. App. 265, 271, cert denied, 239 Conn. 942 (1996). Thus, in addition to the other deficiencies in Plaintiffs' proof, Defendants' litigation-related conduct cannot be used to prove predicate acts or continuity merely by calling it "fraud;" Dadonna, supra; as

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

said conduct is absolutely privileged, and hence, immune from all liability under state tort law.

In short, the Court need look no further than Plaintiffs' Chronology on pp. 41-49 to find the deficiencies in Plaintiffs' continuity claim.  Plaintiffs have highlighted and underlined the acts that they believe to be "predicate acts".  Specifically, there are 17 references to "**mails**", "**mailed**" and "**faxes**", all of which span a time period of only 15 months.  Therefore, <u>even</u> if those references constitute predicate acts, which itself is in dispute, Plaintiffs' own chronology does not prove continuity.  Thus, judgment should enter as a matter of law under 1962(c) for the Fasano defendants.

Once judgment enters under 1962(c), judgment should enter for all defendants under 1962(d), as the Second Circuit requires "actionable violations of § 1962(a)-(c) in order to establish a conspiracy claim under 1962(d).  <u>See</u> Defendants' Joint Motion for Judgment, dated June 24, 2005, §VII, pp. 30-33 "Without A Substantive RICO Offense, There Can Be No RICO Conspiracy", citing a number of cases, most notably <u>Beck v. Prupis</u>, 529 U.S. 494 (2000), <u>FCAM v. Satinwood</u>, 385 F.3d 159, 182 (2d Cir. 2004) and <u>FCAM v. Brickelbush</u>, 219 F.Supp. 2d 576, 588 (S.D.N.Y. 2002).

### D.   **The Evidence Cited By Plaintiffs is Inaccurate and Misleading**

Mindful that the Court's focus is continuity, Defendants nevertheless feel compelled to advise the Court of Plaintiffs' misconduct.  On countless occasions,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs have taken liberties with the facts, have made improper citations, and in some cases, have inserted facts that have never been alleged. Frankly, the misstatements and improper citations are too numerous to mention (lest our reply also be 54 pages); therefore, Defendants will limit themselves to just a few:

> "In 1997 and 1998, Flanagan ran his rental property income through these nominal checking accounts, at Fasano's direction, to avoid the execution efforts by TCC and . . . other creditors." (Emphasis added). 5/26/05 Tr. pp. 45 & 113; 6/2/05 Tr. pp. 195-197, 200 & 240; 6/3/05 Tr. pp. 32 & 35-36. [3]

For the Court's convenience, the pages cited by Plaintiffs have been attached as Exhibit A. In fact, to put the supposed evidence into proper context, the pages before and after those cited have been attached as Exhibit A. As the Court will see, those pages do not even suggest, let alone prove, that Fasano directed Mr. Flanagan to run rental income through his accounts to avoid the execution efforts. Nevertheless, Plaintiffs are undeterred. In fact, in the very next sentence, they state:

> "Accordingly, Fasano knew that Flanagan was running his rental property income through these nominee checking accounts in an effort to defeat the judgment claims of TCC and Flanagan's other creditors. (Id.; 5/26/05 Tr. pp. 45 & 113; 6/2/05 Tr. pp. 195-200 & 240; 6/3/05 Tr. pp. 32 & 35-36; Pxs 254, 255 & 256; 6/1/05 Tr. p. 11; 6/3/05 Tr. pp. 110, 131 & 133). [4]

Again, if the Court reviews the supposed evidence, attached as Exhibit B, it will see the liberties that have been taken. Nevertheless, these types of citations are evident throughout Plaintiffs' pleading. Frankly, if the Defendants were not so anxious to get

---

[3]/   See Plaintiffs' Supplemental Response, p. 13

[4]/   Id.

- 9 -

One Goodwin Square    HALLORAN    Phone (860) 522-6103
225 Asylum Street     & SAGE LLP   Fax (860) 548-0006
Hartford, CT 06103                 Juris No. 26105

on with their lives, they would be seeking sanctions for this egregious conduct. However, it's time to put this matter behind us. Plaintiffs' repeated failure to cite evidence of continuity is at least one of the reasons to do so.

### E.   Conclusion

Plaintiffs have been given every opportunity to provide this Court with evidence of continuity.  Their continued failure to do so speaks volumes about the merits of their claim.  This Court, and other courts, have previously recognized that "civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device." In re: SmithKline Beecham Clinical Laboratories, Inc., 108 F. Supp. 2d 84, 92 (D. Conn. 1999, Covello, J).  However, that device is even more dangerous without the facts to support it.  Clearly, Plaintiffs do not have those facts.  As a result, Defendants' Joint Motion for Judgment should be granted.

Respectfully submitted,

DEFENDANTS,
LEONARD A. FASANO
FASANO, IPPOLITO & LEE, LLC

By_____
   David G. Hill of
   HALLORAN & SAGE  LLP
   Fed. Bar No. ct13435
   One Goodwin Square
   225 Asylum Street
   Hartford, CT 06103
   Their Attorneys

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        Respectfully submitted,

        DEFENDANT,
        TODD R. BAINER, LLC

  By_____
    Mary Anne Charron, Esq.
    R. Bradley Wolfe, Esq.
    Gerald R. Swirsky, Esq.
    Gordon, Muir & Foley
    Hartford Square North
    10 Columbus Blvd.
    Hartford, CT 06106-5123

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Respectfully submitted,

DEFENDANTS,
STANLEY PRYMAS &
THOMPSON & PECK, INC.


By_____
   Barbara L. Cox, Esq.
   William F. Gallagher, Esq.
   Gallagher & Calistro
   1377 Ella Grasso Boulevard
   P. O. Box 1925
   New Haven, CT  06509-1925

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 31st day of March 2006, I hereby mailed or hand delivered a copy of the foregoing to:

Edward C. Taiman, Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Ste. 202
Hartford, CT  06103-2205
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P. O. Box 1925
New Haven, CT  06509-1925
**For Defendant Stanley Prymas
& Thompson & Peck, Inc.**

F. Dean Armstrong, Esq.
Armstrong Law Firm
1324 Dartmouth Road
Flossmoor, IL  60422
**For Plaintiffs The Cadle Company &
D.A.N. Joint Venture, A Limited Partnership**

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT  06443
**For Defendant Thompson & Peck, Inc.**

Mary Anne Charron, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123
**For Defendant Todd R. Bainer, LLC**

Todd R. Bainer, Esq.
Todd R. Bainer, LLC
71 Cedar Street
Branford, CT  06405
**For Defendant Todd R. Bainer**

Roger J. Frechette, Esq.
Frechette & Frechette
12 Trumbull Street
New Haven, CT 06511
**For Defendant Leonard Fasano**

_____
David G. Hill

812397

812397v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 13 -


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105