```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

THE CADLE COMPANY and D.A.N.     :
JOINT VENTURE, LTD.              :
     Plaintiffs,                 :
                                 :
                                 :
VS.                              :          Civil No. 3:01CV531 (AVC)
                                 :
CHARLES A. FLANAGAN,             :
ET AL.,                          :
     Defendants.                 :
```

### ORDER CORRECTING THE COURT'S RULING DENYING THE DEFENDANTS' MOTION FOR NEW TRIAL AND/OR REMITTITUR

On March 31, 2006, the court denied the defendants' motion for new trial and/or remittitur. As part of that ruling, the court rejected the defendants' claim of prejudice flowing from the court's pre-charge in which the court authorized the jury to discuss the case among themselves during the trial. In reasoning that the instruction did not constitute a predicate for a new trial, the court stated that it "perceives no basis for a new trial because any such error is harmless and <u>is waived on account of the defendants' failure to take exception</u> to the pre-charge at trial." (Emphasis added).

The record reflects that although the defendants did not object to the instruction directly after the court delivered the pre-charge, they did nevertheless except to the instruction after the commencement of evidence and did request a curative instruction that was not furnished. The court's March 31, 2006 ruling is therefore ordered corrected in this regard.

With this correction, however, the court fails to perceive

the basis for a new trial as the court, as part of the very same instruction, admonished the jury not to discuss the case unless all jurors were present, to refrain from forming an opinion until all the evidence was in, and to refrain from deliberating until all the evidence was heard and the court's charge at the close of the case.  See United States v. Salameh, 152 F.3d 88, 142 (2d Cir. 1998) ("in determining whether there is any prejudice "[the court views] as a whole the charge actually given").  Further, any error in this regard – though preserved for review – is nevertheless harmless.  See Andrews v. United States, 732 F.2d 366 at n.3(4th Cir. 1984)( "[the Fourth Circuit] has held that a trial judge who twice instructed the jurors that it would be proper for them to discuss the case during recess committed only harmless error.  Had appellants objected at trial, there would have been no reason to have held differently in this case.")

    The clerk of the court is therefore ordered to correct the order denying the motion for new trial and/or remittitur (document no. 643 )in this respect only.

    It is so ordered, this 8th day of May, 2006 at Hartford, Connecticut.

                                                  _____
                                                  Alfred V. Covello
                                                  United States district Judge