UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|     Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | MAY 5, 2006 |
|     Defendants | : | |

### DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC, STANLEY F. PRYMAS, THOMPSON & PECK, INC., LEONARD A. FASANO, AND FASANO, IPPOLITO & LEE, LLC'S JOINT OBJECTION TO PLAINTIFFS' MOTION AND SUPPLEMENTAL MOTION FOR JUDGMENT ON JURY VERDICT AND AWARD OF ATTORNEYS' FEES AND DEFENDANTS' REQUEST FOR EVIDENTIARY HEARING

For the reasons stated herein, the defendants object to the Plaintiffs' Motion and Supplemental Motion for Judgment on Jury Verdict and Award of Attorneys' Fees. Further, pursuant to ¶3 of this Court's Order Denying Without Prejudice Motion for Judgment on Jury Verdict and Award of Attorneys' Fees and Entry of Scheduling Order, dated March 31, 2006, an evidentiary hearing on the application for fees is requested for the following reasons:

    (a)    The evidence provided by the plaintiffs in support of their attorneys' fees and costs reflects time entries that are one or more of the following: (i) vague; (ii) unrelated to this lawsuit; (iii) include matters that are related and unrelated to this lawsuit and it is impossible to

determine how much time was spent on related matters; (iv) related to claims upon which plaintiffs were unsuccessful; or (v) an apparent duplication of fees awarded by the jury.

(b)     The plaintiffs are not entitled to collect prejudgment interest as they have been more than compensated by the award of treble damages.

(c)     The plaintiffs have provided no evidence that the time entries were contemporaneous with the legal services provided.

## I.     BACKGROUND

The Complaint in this case alleged violations of 18 U.S.C. §§1962 (b), (c), and (d) by all of the defendants. On June 10, 2005, the jury returned a verdict in favor of the defendants in part and in favor of the plaintiffs in part. The jury found in favor of defendants Todd R. Bainer, Stanley F. Prymas, Thompson and Peck, Incorporated as to the alleged violations of 18 U.S.C. §§1962 (b) and (c). The jury found (i) in favor of the plaintiffs and against Leonard Fasano and Fasano & Ippolito as to the violation of 18 U.S.C. §§1962 (c) and (d) and (ii) in favor of plaintiffs and against Todd R. Bainer, Stanley F. Prymas, Thompson and Peck, Incorporated as to violations of 18 U.S.C. §§1962(d). There was no verdict against Todd R. Bainer, L.L.C., nor was there any evidence put forth by the plaintiffs at trial regarding any liability of that entity. The jury found no "lost debt damages" in this case and awarded the plaintiffs $500,000.00 in "collection expense" monetary damages.

2

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

The plaintiffs have requested in their motion that they be awarded (i) $500,000.00 in actual damages trebled to $1,500,000.00; (ii) attorneys' fees in the amount of $731,618.70 and costs of suit in the amount of $51,769.11. The plaintiffs have also claimed that they are entitled to prejudgment interest.

## II. ARGUMENT

18 U.S.C. §1964(c) states that a person injured by a violation of 18 U.S.C. §1964 "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee".

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (citations omitted).

### A. ADJUSTMENTS TO THE LODESTAR CALCULATION ARE NECESSARY

"The fee award provisions contained in section 1964(c) of RICO parallels that of section 4 of the Clayton Act, 15 U.S.C. §15" Nu-Life Construction Corp. v. Board of Education of the City of New York, 795 F. Supp. 602, 605 (1992) aff'd, Terminate Control Corp. v. Horowitz, 28

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029

F.3d 1335, 1342 (2d Cir. 1994). Consequently, it is reasonable to look to cases interpreting the Clayton Act for guidance regarding the recovery of attorneys' fees in RICO cases. <u>Aetna Casualty and Surety Company v. Liebowitz</u>, 730 F.2d 905 (1984).

In <u>Nu-Life</u>, a civil RICO case, the court started its calculation of a reasonable attorney's fee by first determining the "lodestar". The court stated that "a reasonable attorney's fee … is first determined by multiplying all reasonable hours expended by the successful party's attorney by a reasonable hourly billable rate.… The product of these figures is often referred to as the 'lodestar' which may be subject to further adjustment depending on other factors that a court may take into consideration when calculating an award of attorney's fees. <u>Nu-Life</u>, 795 F.Supp. at 605, (citing <u>U.S. Football League v. National Football League</u>, 887 F.2d 408, 413 (2d Cir. 1989) cert. denied 493 U.S. 1071 (1990)).

In arriving at the lodestar, "[c]entral to an application for attorney's fees is the submission of time records reflecting the hours expended by the attorney in pursuing the successful claims of his client". <u>Id</u>. at 605. "As a general rule, only the time expended on the plaintiff's successful claims is to be considered in arriving at a fee award". <u>Id</u>. "In order for a party to recover attorney's fees, such time records must be made contemporaneously with the associated work … furthermore, 'these records should specify, for each attorney, the date, the hours expended, and the nature of the work done.'" <u>New York State Ass'n for Retarded</u>

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361              FACSIMILE (860) 525-4849              JURIS NO. 24029

Children, Inc. v. Carey, 711 F.2d. 1136, 1148 (2d Cir. 1983); Meriwether v. Coughlin, 727 F. Supp. 823, 831 (S.D.N.Y.) (1989). "Contemporaneous time records are important for a number of reasons. The Court must have a basis for checking on the requested fee and determining whether the hours claimed were productively spent." McCann v. Coughlin, 698 F. 2d 112, 131 (2d Cir.1983). Additionally, contemporaneous records provide the court with information about whether the time was spent in furtherance of plaintiffs' successful claims, as opposed to unsuccessful or unrelated claims. Nu-Life, 795 F. Supp. at 606. The court in Nu-Life denied a request for fees that were not substantiated by invoices. Id. at 609. Additionally, the court applied a 30% reduction to the fee request for "vague and non-contemporaneous time records," as well as a 30% discount to the request for costs due to plaintiff's failure to "particularize the manner in which the expenses relate to the successful claims". Id. at 609.

     The Second Circuit has made it clear that it will make downward adjustments to the lodestar for time entries that are too vague. Where the court cannot ascertain whether time entries are recoverable or not, fees cannot be properly awarded. U.S. Football League, 887 F.2d at 477. "[A]mbiguities arising out of poor time records should be resolved against the applicant". Id. at 478. Here, Attorney Armstrong's billing records are peppered with vague references such as telephone calls with various individuals "re: status and strategy." These vague references fail to satisfy the requirement in this circuit that an applicant for attorney's fees

5

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS NO. 24029

"specify" the nature of the work performed. For example, the great majority of time entries contained in Attorney Armstrong's bill of July 6, 2000 (a copy of which is attached as Exhibit A) are telephone conferences "re: status and strategy." Attorney Armstrong's bill dated April 27, 2001 (a copy of which is attached as Exhibit B), the month the civil RICO case was commenced, contains no fewer than fifty references to telephone conferences "re: status and strategy." The references to "status and strategy" do not inform the Court of the nature of the services performed.

Although the court found (and the plaintiff argues) that "[w]here … a plaintiff is entitled to fees arising from one claim, that plaintiff may also obtain fees for other successful claims arising from the same common nucleus of facts", Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 525 (1995), there is, and can be, no precedent for awarding fees to a plaintiff for claims arising in different cases in different courts. Although the court in Uniroyal found that the plaintiff was entitled to attorney's fees for violations of RICO as well as violations of state law claims, these claims were brought in the same case.

**B.     PLAINTIFFS CANNOT RECOVER ATTORNEYS' FEES FOR UNSUCCESSFUL CLAIMS**

As referenced above, plaintiffs are only entitled to an award of attorneys' fees under §1964(c) to the extent those fees were incurred in the prosecution of a successful claim. Here, plaintiffs expended significant time chasing Charles Flanagan as a defendant. Charles Flanagan,

6

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS NO. 24029

a debtor in bankruptcy, could not, pursuant to bankruptcy law, be prosecuted in this case. The bankruptcy court specifically found plaintiffs in contempt for violating the automatic bankruptcy stay and plaintiffs were sanctioned. Several time entries in the invoices submitted with plaintiffs' Motion for Attorneys' Fees reflect time spent researching and addressing Charles Flanagan's status. Therefore, attorneys' fees relating to this work should not be awarded by this court.

Moreover, plaintiffs also sued defendants under §1962(b) and the jury specifically found no liability under this section of the RICO Act. Therefore, any fees associated with this cause of action should not be awarded. Plaintiffs were also unsuccessful in their attempt to find defendants Bainer, Thompson & Peck and Stanley Prymas liable under §1962(c).

Lastly, despite all of plaintiffs' efforts, the jury found no "lost debt" damages. Plaintiffs' claim for "lost debt damages", as testified to by Dan Cadle on June 2, 2005, was $1,788,700.66 **(Tr. 6/2/05, p. 21, line 7)** and counsel spent a significant amount of time attempting to prove those damages. Any and all attorneys' fees associated with these efforts should not be awarded by this court.

    C.    **PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES UNRELATED TO THE PROSECUTION OF THIS ACTION**

The plaintiffs have requested in their motion attorneys' fees in the amount of $731,618.70. The plaintiffs have submitted to the court as exhibits to their motion invoices for

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361        Facsimile (860) 525-4849        Juris No. 24029

attorneys' fees charged by Attorney Dean Armstrong, the law firm of Sabia & Hartley and Attorney Paul Gaide. The first date of service reflected by these invoices is a time entry on an invoice submitted by Attorney Armstrong dated July 6, 2000 for time spent on February 26, 2000 (see Exhibit A). It is important to note that in February of 2000, the plaintiffs, and Attorney Armstrong as their representative, were involved in various other Charles Flanagan related matters. Among these matters was the initial Federal Court lawsuit against Flanagan (Cadle I), and the grievance against Attorney Gaide and Flanagan's bankruptcy (filed February 17, 1999). Although the law firm of Sabia & Hartley has provided notations on the invoices from that firm regarding which time entries relate to its services regarding the instant RICO action, no such similar exercise was undertaken as to the invoices of Attorney Armstrong.

Attorney Armstrong, by way of a sworn Affidavit attached to plaintiffs' Supplemental Motion for Judgment on Jury Verdict and Award of Attorneys' Fees, swears under oath that his own fees for this case total $448,119.03 exclusive of costs, such as copying, research, travel and other miscellaneous costs. He further swears that he has reviewed the time entries of Sabia & Hartley, as well as Paul Gaide and that their respective attorneys' fees of $257,259.75 and $32,037.92 relate to this litigation. The time billing invoices for each are appended to plaintiffs' Motion as Exhibits A-1, A-2 and A-3.

8

After a careful review of Exhibits A-1, A-2 and A-3, it is submitted that a significant portion of Attorney Armstrong's fees and Attorney Gaide's requested fees do <u>not</u> relate to this litigation.

In that regard, a careful review of Attorney Armstrong's bills reveals that from the date of first invoice, July 6, 2000 to the date of the June 16, 2003 invoice, Attorney Armstrong logged in a total of 1,173 hours at a cost of $209,437.50 (Attorney Armstrong charged $175.00 until April 10, 2002 and thereafter charged $200.00/hour). Of those hours, only 159.3 hours were clearly related to this litigation. Even at $200.00/hour, this only totals $31,860.00. Parts of several other entries arguably relate to this RICO litigation, adding between 150 – 250 additional hours, or an additional $30,000.00 - $50,000.00. It is obvious to defendants, who have lived this litigation for nearly as long as Attorney Armstrong, which of Attorney Armstrong's entries relate to this matter, and conversely, which do <u>not</u> relate to this matter. However, defendants cannot apportion out Attorney Armstrong's actual time spent for each entry due to Mr. Armstrong's poor record keeping and defendants therefore cannot ascertain the actual attorneys' fees related to this litigation. A chart attached hereto as Exhibit C summarizes Attorney Armstrong's time entries for Invoices dated July 6, 2000 to June 16, 2003.

From June 17, 2003 onward, the majority of Attorney Armstrong's time relates to this litigation. However, there are several entries in this time frame where his time entries relate to

9

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS No. 24029

actions other than this RICO litigation. Again, defendants cannot ascertain the actual time spent on these tasks, as they are not separated out. Suffice it to say, it appears that nearly ½ of Attorney Armstrong's time does <u>not</u> relate to this litigation and should not be awarded to plaintiffs. Indeed, several entries appear to be for assistance in "chasing assets". Others seem to be for defending the Gaide grievance which are neither part of this case, nor are they related to the recovery of assets.

As relates to Attorney Gaide's time, plaintiffs seek a total of $32,037.92. Despite the representations by plaintiffs and plaintiffs' counsel that Attorney Gaide's billings have been segregated out and that the $32,037.97 only represents time spent on this litigation, a careful review shows otherwise. Many of the entries relate solely to the bankruptcy matter. The last invoice is for Attorney Gaide's "services" as a witness at this trial. Attorney Gaide was not an expert in this case and was never noticed as an expert, therefore, plaintiffs are not entitled to recover attorneys' fees for his testimony as a fact witness. Also, of note are several hand-written markings which change the file number to which Gaide's time is charged. Legal fees possibly related to this case total approximately ½ of what is requested by plaintiffs.

Lastly, Sabia & Hartley bills total $255,301.75. Of that amount, some entries identified as relating to this litigation appear improper.

### D. DUPLICATION OF FEES

The Second Circuit has warned that "attorneys' fees are to be awarded with an eye to moderation, seeking to avoid either the reality or appearance of awarding windfall fees." Carey, 711 F.2d at 1139. (Internal quotations omitted.) As this court knows, the jury found no "lost debt damages" in this case and awarded the plaintiffs $500,000.00 in "collection expense" monetary damages. The only evidence of these damages provided at trial was the testimony of Dan Cadle on June 2, 2005 that his "collection expense damages" were "checks that [he had] to write to attorneys and sheriffs and court costs in order to try to get the assets" and that they "spent $494,000.00 chasing the assets". He further testified on June 2, 2005 that excluded from such figure for collection expenses damages were (i) the litigation costs of this case **(Tr. 6/2/05, pp. 22-3, lines 21-25, 1-2)**; (ii) some attorneys' fees "[they] would normally spend to collect on a judgment" **(Tr. 6/2/05, p. 23, line 25, p. 24, lines 1-3)**; (iii) the attorneys fees paid in connection with the "Paul Gaide grievance" **(Tr. 6/2/05, p. 24, lines 4-22)**; (iv) the attorneys fees associated with the defense of the contempt order against Mr. Flanagan **(Tr. 6/2/05, p. 25, lines 1-3)**; and interest on the collection expense damages **(Tr. 6/2/05, p.23, lines 8-10)**.

As part of discovery regarding the amount of compensatory damages claimed by plaintiffs, plaintiffs submitted legal invoices from the law firms of Dean Armstrong, Sabia & Hartley and the law offices of Paul Gaide. The invoices submitted for Dean Armstrong, Sabia &

11

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

Hartley and Paul Gaide as evidence of compensatory damages are the very same invoices as are appended to the original Motion and Supplemental Motion for an award of attorneys' fees under §1964(c). Since plaintiffs were awarded no other damages than legal fees, it is apparent that those fees were the basis for Cadle's testimony and the subsequent award by the jury. Plaintiffs cannot now seek such sums again, essentially quadrupling the jury verdict. Without the attorneys' fees that plaintiffs now seek, as testified by Mr. Cadle, what exactly did that leave for "collection costs" incurred by Cadle to "chase the assets"? In fact, if Attorney Armstrong's fees on this case were excluded from "collection expenses", plaintiffs could not have spent the $494,000.00 incurred in "chasing the assets" and Mr. Cadle's testimony was false.

E. **PLAINTIFFS ARE NOT ENTITLED TO UNSUBSTANTIATED AND/OR UNRELATED COSTS**

Plaintiffs have requested in their Motion, costs in the amount of $51,769.11. The invoices of Attorney Armstrong attached to plaintiffs' Motion show costs of $25,315.27. There has been no attempt to apportion out costs associated with the prosecution of this case as opposed to costs associated with the other Cadle matters on which Attorney Armstrong worked, or even to apportion out costs Mr. Cadle testified to as being included in the $494,000.00 "chasing the assets".

The law firm of Sabia & Hartley, according to billing submitted with plaintiffs' Motion show costs of $3,488.12. If we add the costs of Attorney Armstrong and Sabia & Hartley, we

12

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361          Facsimile (860) 525-4849                              Juris No. 24029

only arrive at a total of $28,803.39. Plaintiffs claim that Cadle, itself, incurred costs of $25,087.04. However, there is no backup submitted to support this claimed expenditure. Plaintiffs should not be entitled to collect any of Cadle's costs, as they are unsubstantiated.

    F.    **THE PLAINTIFFS ARE NOT ENTITLED TO AN AWARD OF PREJUDGMENT INTEREST**

The United States Supreme Court has repeatedly declared that discretionary awards of prejudgment interest are permissible in certain circumstances. The award, however, should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court. See Wickham Contracting Co., Inc. v. Local Union No.3, 955 F.2d 831 (2nd Cir. 1992) *citing* Loeffler v. Frank, 486 U.S. 549, 557-58, 108 S.Ct. 1965, 1970-71, 100 L.Ed.2d 549 (1988); Blau v. Lehman, 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed.2d 403 (1962); Rodgers v. United States, 332 U.S. 371, 373-74, 68 S.Ct. 5, 6-7, 92 L.Ed. 3 (1947); Board of County Comm'rs of the County of Jackson v. United States, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939); Miller v. Robertson, 266 U.S. 243, 257-58, 45 S.Ct. 73, 78-79, 69 L.Ed. 265 (1924).

In this case, the RICO statute is silent on the subject of prejudgment interest, however, awards of prejudgment interest are discretionary with the trial court. See Nu-Life Construction Corp. v. Board of Education of the City of New York, 789 F.Supp. 103 (E.D.NY 1992). See also

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

City of New York v. Rapgal Assocs., 703 F.Supp. 284, 288 (S.D.N.Y.1989) *quoting* Waterside Ocean Navigation Co., Inc. v. International Navigation Ltd., 737 F.2d 150, 153-54 (2nd Cir. 1984). ("whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts")

Notwithstanding the court's discretion, the Second Circuit has suggested that prejudgment interest is improper where the statute itself already provides for full compensation or punitive damages. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 80 (2nd Cir.1971) (treble and punitive damages available under antitrust laws), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); United States v. Foster Wheeler Corp., 447 F.2d 100, 102 (2nd Cir.1971) (double damages available under False Claims Act); or where tradition or the language of the statute makes the award inappropriate, see Gretchen v. United States, 618 F.2d 177, 178 & n. 2 (2nd Cir.1980) (Public Vessels Act failed to provide interest until "rendition of judgment"); Gilroy v. Erie-Lackawanna R.R. Co., 44 F.R.D. 3, 4 (S.D.N.Y.1968) (prejudgment interest "traditionally" not awarded on claims under Federal Employers' Liability Act).

Thus, an important consideration in determining whether to award pre-judgment interest is whether the federal statute under which damages have been obtained is remedial or punitive in nature. In this regard, the Second Circuit has well established that "prejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature."

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS No. 24029

Wickham, *supra* at p. 834. Although it remains an open question as to whether RICO's treble damage provision is in fact punitive, the Second Circuit has suggested that an award of interest is generally improper where the statute already provides for treble damages. See Wickham, *supra* at p. 835; Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 80 (2nd Cir.1971) *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

In Trans World Airlines, a private antitrust suit, the Second Circuit considered the treble damage provision of the Clayton Act, stating that the absence of congressional intent on the issue of interest indicated that the trebling of damages was itself a sufficient remedy, therefore, an award of interest was unnecessary. See Nu-Life Construction Corp., *supra* 789 F.Supp. 105. Further, in considering the treble damages available under the Clayton Act, the United States Supreme Court stated that §4 of the Clayton Act provides "the injured party [with] ample damages for the wrong suffered." See Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 635, 105 S.Ct. 3346, 3358-9, 87 L.Ed.2d 444 (1985) *quoting* Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 486 n. 10, 97 S.Ct. 690, 696 n. 10, 50 L.Ed.2d 701 (1977). By comparison, the legislative intent underlying the Clayton Act is similar to that involving the RICO statute. In fact, the Supreme Court found that "[t]he legislative history of §1964(c) reveals the same emphasis on the remedial role of the treble damages provision [as §4

15

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

of the Clayton Act]." See <u>Shearson/American Express v. McMahon</u>, 482 U.S. 220, 241, 107 S.Ct. 2332, 2345, 96 L.Ed.2d 185 (1987).

In short, the Second Circuit has already established that the treble damages provision of the Clayton Act sufficiently compensates plaintiffs ***without*** the need to add an award of interest (see <u>Trans World Airlines</u>, *supra* at p. 80). Similarly, the treble damages provision of RICO also provides sufficient compensation to plaintiffs, particularly since the legislative intent of RICO's treble damage provision tracks that of the Clayton Act. Therefore, interest awards under RICO are similarly unnecessary to compensate the plaintiff. Indeed, such an award would over compensate the plaintiff, as it is unrelated to any "business injury" the plaintiff sustained. Thus, an award of prejudgment interest is unwarranted in this matter.

### III. <u>CONCLUSION</u>

The plaintiffs have not met their burden of establishing an entitlement to the award of fees and costs requested. The fees and costs sought by plaintiffs are demonstrably excessive in that they include time billed for matters other than this litigation, have already been included in the proposed verdict, and are inadequately documented. The court, after an evidentiary hearing, should eliminate or severely reduce these fees and costs.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS NO. 24029

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By /s/ Mary Anne Charron
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Ten Columbus Boulevard
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

DEFENDANTS: LEONARD A. FASANO
AND FASANO, IPPOLITO & LEE, LLC

By _____
DAVID G. HILL
Federal Bar No. ct13435
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone (860) 522-6103
Facsimile (860) 548-0006

DEFENDANTS: STANLEY F. PRYMAS
AND THOMPSON & PECK, INC.

By: /s/ William F. Gallagher

WILLIAM F. GALLAGHER
Federal Bar No. ct04147
BARBARA L. COX
Federal Bar No. ct08523
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven, CT 06590
Telephone (203) 624-4165
Facsimile (203) 865-5598

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on May 5, 2006:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Roger J. Frechette, Esquire
Frechette & Frechette
12 Trumbull Street
New Haven, CT 06511

_____
R. BRADLEY WOLFE
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\417344\2