*Rec'd/CADLE*

*JUL 08 2000*

LAW OFFICES OF

# F. DEAN ARMSTRONG
A PROFESSIONAL CORPORATION

639 PERTH AVENUE
FLOSSMOOR, ILLINOIS 60422

July 6, 2000

(708) 798-1599
FAX (708) 798-1597

Victor O. Buente, Esq.
The Cadle Company
100 N. Center St.
Newton Falls, OH  44444

## FOR PROFESSIONAL SERVICES RENDERED:

## Re:  The Cadle Company vs. Charles Flanagan
Your File No. ~~OH550020~~ *OH550020*

## February 26, 2000 thru July 5, 2000

    FD ARMSTRONG -- FEBRUARY 2000: 2/26 t/c with Alan Adams re
background facts (.2); MARCH 2000: 3/24 review file materials;
letter to Alan Adams (2.3); APRIL 2000: 4/4 t/c with Alan Adams re
background facts (.2); 4/7 t/c with Alan Adams re status and
strategy; conference call with Alan Adams and Paul Gaide re status
and strategy; legal research re RICO claims against co-
conspirators (3.7); MAY 2000: 5/2 t/c with Alan Adams re status
and strategy (.2); 5/17 t/c with Alan Adams re status and strategy
(.1); JUNE 2000: 6/1 review file materials; t/c with Alan Adams re
status and strategy; t/c with Paul Gaide re status and strategy;
(6.9); 6/5 t/c with Alan Adams re status and strategy (.2); 6/7
t/c with Alan Adams re status and strategy (.2); 6/8 t/c with Alan
Adams re status and strategy (.2); 6/12 t/c with Paul Gaide and
Alan Adams re status and strategy (.7); 6/13 t/c with Alan Adams
re status and strategy (.2); 6/16 t/c with Alan Adams re status
and strategy (.1); 6/19 t/c with Alan Adams re status and
strategy, legal research re fatal variance (.5); 6/20 t/c with
Alan Adams re status and strategy; t/c with Alan Adams and Ed
Jurkevitz re status and strategy; review transcript of grievance
trial and legal research (4.5); 6/26 review file, documents; t/c
with Alan Adams and Paul Gaide re status and strategy (4.1); 6/26
review transcript, pleadings and t/c with Alan Adams re status and
strategy (3.2); 6/29 t/c with Paul Gaide re facts, status and
strategy; t/c with Alan Adams re status and strategy (.4); JULY
2000: 7/5 t/c with Paul Gaide and Ed Jurkevitz re status and
strategy (.2).

                    28.1 hrs. @ $175          $ 4,917.50


            Total Current Charges:      $ 4,917.50

                                    TOTAL DUE    $ 4,917.50

*Prior $ 4,509.31*

LAW OFFICES OF
# F. DEAN ARMSTRONG
### A PROFESSIONAL CORPORATION

Rec'd/CADLE
APR 3 0 2001

639 PERTH AVENUE
FLOSSMOOR, ILLINOIS 60422

April 27, 2001

(708) 798-1599
FAX (708) 798-1597

Victor O. Buente, Esq.
The Cadle Company
100 N. Center St.
Newton Falls, OH  44444

**FOR PROFESSIONAL SERVICES RENDERED:**

**Re:  The Cadle Company vs. Charles Flanagan
Your File No. 0450071B**

**March 14, 2001 thru April 27, 2001:**

| | |
|---|---|
| **Balance Forward** | **$23,319.50** |

**FD ARMSTRONG -- MARCH 2001:** 3/13 t/c with Tom Cloutier re subpoena served on Len Fasano for hearing on motion for sanctions, production of documents (.2); 3/15 t/c with Ed Jurkiewicz re Fasano's motion to quash; t/c with Maureen Horgan re production of grievance file; t/c with Tom Cloutier re production of documents at the contempt hearing; t/c with Alan Adams re status and strategy, preparation of RICO suit; t/c with Ed Taiman re RICO case statement, pro hac vice application, service of process on the defendants; t/c with Tom Cloutier re Fasano's production of documents; t/c with Len Fasano re scheduling conflict, production of documents, preparation of affidavit; review depositions, documents and prepare for hearing on motion for contempt (3.7); 3/16 t/c with Alan Adams re status and strategy; t/c with Paul Gaide re status and strategy; t/c with Paul Gaide and Ed Jurkiewicz re status and strategy; t/c with Paul Gaide re status and strategy; t/c with Ed Jurkiewicz re status and strategy; prepare for hearing on motion for sanctions and motion for contempt; t/c with Ed Jurkiewicz re status and strategy; t/c with Paul Gaide re status and strategy; review depositions, documents and prepare for hearing on motion for contempt and renewed motion to dismiss (6.8); 3/18 review depositions, documents and prepare for hearing on motion for sanctions and motion for contempt (7.3); 3/19 review depositions, documents and prepare for hearing on motion for contempt and renewed motion to dismiss; conference with Paul Gaide and Ed Jurkiewicz re status and strategy; prepare for hearing on motion for contempt and renewed motion to dismiss; attend hearing on motion for sanctions and renewed motion for contempt; conference with Paul Gaide and Ed Jurkiewicz re status and strategy; review depositions, documents and prepare for continuation of contempt trial (8.7); 3/20 t/c with Alan Adams re status and strategy (.2); 3/21 t/c with Alan Adams re status and strategy, Sharon Demetropolous deposition; t/c with Paul Gaide re status and strategy; t/c with Alan Adams re status and strategy; t/c with Paul Gaide re status and strategy; review depositions, additional documents produced and prepare for grievance trial

Victor O. Buente, Esq.
April 27, 2001
Page 2.

(1.7); 3/22 t/c with Paul Gaide re status and strategy; t/c with
Alan Adams re status and strategy (.4); **APRIL:** 4/2 t/c with Alan
Adams re revisions to RICO complaint, status and strategy; review,
revise and finalize RICO complaint; t/c with Paul Gaide and Ed
Jurkiewicz re Ben Mazzucco; review depositions, documents and
prepare for resumption of grievance trial (4.7); 4/3 t/c with Alan
Adams re status and strategy; t/c with Alan Adams and Ed Taiman re
status and strategy; review depositions, additional documents
produced and prepare for resumption of grievance trial (4.5); 4/4
t/c with Paul Gaide and Ed Jurkiewicz re status and strategy; t/c
with Paul Gaide re status and strategy; t/c with Ed Jurkiewicz and
Paul Gaide re status and strategy; t/c with Sharon Demetropolous
re subpoena; t/c with Alan Adams re filing of RICO suit; review
documents, depositions and prepare for resumption of grievance
trial; t/c with Alan Adams re status and strategy; t/c with Paul
Gaide re status and strategy; conference call with Alan Adams and
Ed Taiman re RICO suit; review documents, depositions and prepare
for resumption of grievance trial; letter to Tom Cloutier; letter
to Flanagan's attorney Cooney (10.0   ); 4/5 review documents,
depositions and prepare for resumption of grievance trial;
conference with Paul Gaide and Alan Adams re status and strategy;
review documents, depositions and prepare for resumption of
grievance trial (10.0); 4/6 prepare for resumption of grievance
trial; conference with Alan Adams and Paul Gaide re status and
strategy; prepare for and attend resumption of grievance trial;
conference with Paul Gaide and Alan Adams re status and strategy;
letter to Flanagan's attorney Cooney (10.0); 4/9 t/c with Paul
Gaide re status and strategy; t/c with Alan Adams re status and
strategy; t/c with Paul Gaide re status and strategy; t/c with
Brad Cooney re new trial date; t/c with Alan Adams re status and
strategy; t/c with Alan Adams and Ed Taiman re status and
strategy; ltr to grievance counsel attorney Maureen Horgan re
trial dates (.6); 4/10 review fax from Paul Gaide; prepare letter
to Paul Gaide; t/c with Alan Adams re status and strategy (.5);
4/11 review fax from Paul Gaide; t/c with Vic Buente re Paul
Gaide, status and strategy; draft letter to Paul Gaide (.5); 4/12
t/c with Vic Buente re materials on Todd Bainer; t/c with Alan
Adams re status and strategy; t/c with Paul Gaide re Todd Bainer;
review materials re Todd Bainer; t/c with Alan Adams, Ed Taiman
and Randy Sabia re status and strategy; t/c with Alan Adams re
status and strategy (1.4); 4/16 t/c with Paul Gaide re status and
strategy; t/c with Maureen Horgan re new trial date; t/c with Paul
Gaide re status and strategy; t/c with Alan Adams re status and
strategy (.4); 4/17 t/c with Dave Lavenberg re action against
Socrates Babacas in Massachusetts; t/c with Alan Adams re status
and strategy, deposition of Sharon Demetropolous (.4); 4/19 t/c
with Ed Taiman re status and strategy; work on RICO case statement
required by local rules; review and revise RICO case statement
(4.7); 4/20 t/c with Ed Taiman re status and strategy; t/c with
clerk re appearance form (.2); 4/23 t/c with Ed Jurkiewicz re
status and strategy; t/c with Paul Gaide re status and strategy;

Victor O. Buente, Esq.
April 27, 2001
Page 3.


t/c with Alan Adams re status and strategy; t/c with Ed Taiman re
motion for sanctions, subpoena of bank records (.6); 4/24 review
Flanagan's motion for contempt re violation of bankruptcy stay;
research re RICO claims and bankruptcy stay (2.3); 4/25 t/c with
Dr. Kapachinski re Paul Gaide's severe depression, disability; t/c
with Alan Adams re status and strategy; letter to Ed Jurkiewicz;
t/c with Ed Taiman re status and strategy; t/c with Ed Taiman re
status and strategy; t/c with Ed Jurkiewicz re status and
strategy; t/c with Alan Adams and Ed Taiman re case transfer to
Judge Covello; continue legal research re bankruptcy stay and
accrual of RICO action (2.5); 4/26 continue legal research re RICO
claim and bankruptcy stay; review document subpoena served on
Fleet Bank and document subpoena served on Chase Manhattan Bank;
continue legal research re RICO claim and bankruptcy stay (2.4).

                    **84.7 hrs. @ $175**                      **$ 14,822.50**

**Disbursements for your account:**

|                                | |
|--------------------------------|--------:|
| Copies 1,008 @ .20             | 201.60 |
| UPS/Fed Ex                     | 80.65 |
| Westlaw                        | 97.82 |
| Travel expenses/3-19-01/4-5-01 | |
| Airfare                        | 685.00 |
| Hotel                          | 228.16 |
| Miscellaneous                  | 320.00 |

                **Total disbursements for your account:**    **$ 1,613.23**

                        **Total Current Charges:**    **$16,435.73**

                            **TOTAL DUE:**    **$39,755.23**

**EXHIBIT C**

ANALYSIS OF INVOICES SUBMITTED BY ARMSTRONG DATED JULY 6, 2000- JUNE 16, 2003 ("Analysis Period")

NOTE:   The process by which defendants prepared this chart was as follows.  The defendants counsel reviewed all of Mr. Armstrong's invoices submitted to support the plaintiffs' motion for an award of attorney's fees.  The invoices that appeared most objectionable to the defendants were those invoices dated 4/7/00 (date of first invoice submitted) to and including 4/4/02 (the "Analysis Period").  In an attempt to calculate the total time and fees actually related to this case during the Analysis Period, counsel then omitted from that calculation all time entries that described only services that were clearly not services provided in the prosecution of this case.  Next, a list was compiled of all time entries that described only services provided in the prosecution of this case.  These time entries are listed in column one of the chart.  Lastly, a list was compiled with time entries that list services provided in the prosecution of this case as well as other cases (for example the Flanagan bankruptcy, Gaide grievance and state law case) which is reflected in column 2 of the following chart.  The invoices for these time entries provide total time spent on the day of service but don't provide the breakdown necessary to determine the time spent on that day for services provided in the prosecution of this case as opposed to other cases.

I.      List of Time Entries that Appear to Refer to Services Rendered in the Prosecution of this Case during Analysis Period

| Date of Time Entry | Column I (This Case Only) | * Column II (This Case and Other Cases) |
| --- | --- | --- |
| 4/7/00 | 3.7 | |
| 9/23/00 | | 5.3 * |
| 10/19/00 | | 1.1 * |
| 10/31/00 | | 1.1 * |
| 12/8/00 | | 7.5 * |
| 12/18/00 | | 1.3 * |
| 1/26/01 | .1 | |
| 2/3/01 | | 8.3 * |
| 2/4/01 | 6.3 | |
| 2/10/01 | | 7.3 * |
| 2/11/01 | | 6.4 * |
| 2/12/01 | | 7.5 * |
| 2/13/01 | | 6.9 * |
| 2/14/01 | | 6.7 * |
| 2/15/01 | | 7.3 * |

* This represents entries that include time associated with the prosecution of this case and time not associated with the prosecution of this case.  Because Attorney Armstrong did not apportion his time on the invoice, it is not possible for defendants to determine exact time spent on this case.

| **Date of Time Entry** | **Column I**<br>(This Case Only) | * **Column II**<br>(This Case and Other Cases) |
|---|---|---|
| 2/16/01 | | 7.1 * |
| 2/17/01 | 4.7 | |
| 2/18/01 | 4.5 | |
| 2/19/01 | | 7.3 * |
| 2/21/01 | | 1.3 * |
| 2/22/01 | | 4.7 * |
| 2/23/01 | | 1.4 * |
| 2/25/01 | | 3.7 * |
| 2/26/01 | 2.3 | |
| 3/7/01 | | 3.6 * |
| 3/12/01 | | 3.5 * |
| 3/15/01 | | 3.7 * |
| 4/2/01 | | 4.7 * |
| 4/4/01 | | 10.0 * |
| 4/12/01 | | 1.4 * |
| 4/19/01 | | 4.7 * |
| 4/24/01 | | 2.3 * (?) |
| 4/25/01 | | 2.5 * (?) |
| 4/26/01 | | 2.4 * (?) |
| 5/2/01 | | 6.3 * (?) |
| 5/3/01 | | 5.3 * |
| 5/10/01 | | .9 * |
| 5/11/01 | 6.3 | |
| 5/14/01 | | 1.4 * |
| 5/18/01 | | 2.3 * |
| 5/21/01 | | 6.3 * |
| 8/21/01 | | .8 * |
| 8/24/01 | 4.0 (?) | |
| 9/1/01 | 3.3 | |
| 9/5/01 | | .6 * |
| 9/11/01 | | 3.7 * |
| 9/12/01 | 5.3 | |
| 9/13/01 | | 5.7 * |
| 9/22/01 | 4.0 | |
| 9/23/01 | 4.0 | |
| 9/24/01 | 8.0 | |
| 9/25/01 | 8.0 | |
| 9/26/01 | 12.00 | |
| 9/27/01 | | 4.7 * |
| 9/28/01 | 1.0 | |

* This represents entries that include time associated with the prosecution of this case <u>and</u> time not associated with the prosecution of this case.  Because Attorney Armstrong did not apportion his time on the invoice, it is not possible for defendants to determine exact time spent on this case.

| **Date of Time Entry** | **Column I**<br>**(This Case Only)** | **\* Column II**<br>**(This Case and Other Cases)** |
|---|---|---|
| 10/11/01 | | 1.0 * |
| 11/14/01 | | 4.2 * |
| 4/1/02 | | 2.7 * |
| 4/2/02 | .3 | |
| 4/2/02 | .3 | |
| 4/4/02 | | 2.3 * |
| 4/10/02 | | .9 * |
| 4/11/02 | | .9 * |
| 4/12/02 | .2 | |
| 4/15/02 | .1 | |
| 4/22/02 | .3 | |
| 4/23/02 | | 1.0 * |
| 4/26/02 | | 6.4 * |
| 4/29/02 | 5.7 | |
| 4/30/02 | | 8.4 * |
| 5/1/02 | | 5.4 * |
| 5/8/02 | .3 | |
| 5/10/02 | | .6 * |
| 5/15/02 | .5 | |
| 5/16/02 | .5 | |
| 5/17/02 | | .3 * |
| 5/21/02 | | 2.9 * |
| 9/10/02 | | 2.3 * |
| 9/17/02 | | 2.7 * |
| 9/26/02 | | 2.1 * |
| 9/30/02 | | 1.2 * |
| 10/14/02 | | .6 * |
| 10/15/02 | | 2.5 * |
| 10/17/02 | | 1.4 * |
| 10/22/02 | .2 | |
| 10/24/02 | | 1.5 * |
| 10/25/02 | | 1.2 * |
| 11/12/02 | | 4.5 * |
| 11/13/02 | | 3.0 * |
| 11/14/02 | | 8.0 * |
| 11/15/02 | 8.0 | |
| 11/19/02 | | .8 * |
| 11/22/02 | .2 | |
| 11/25/02 | | .4 * |
| 11/26/02 | | 1.1 * |

\* This represents entries that include time associated with the prosecution of this case <u>and</u> time not associated with the prosecution of this case. Because Attorney Armstrong did not apportion his time on the invoice, it is not possible for defendants to determine exact time spent on this case.

| Date of Time Entry | Column I<br>(This Case Only) | * Column II<br>(This Case and Other Cases) |
|---|---|---|
| 12/3/02 | | 1.3 * |
| 12/10/02 | | 1.3 * |
| 12/12/02 | | .6 * |
| 12/13/02 | | 2.3 * |
| 12/20.02 | | .4 * |
| 12/24/02 | | .7 * |
| 1/2/03 | | 2.5 * |
| 1/6/03 | | .3 * |
| 1/9/03 | | .7 * |
| 1/10/03 | .3 | |
| 1/12/03 | 4.0 | |
| 1/13/03 | 4.0 | |
| 1/14/03 | | 10.0 * |
| 1/15/03 | | 10.0 * |
| 1/16/03 | | 1.5 * |
| 1/17/03 | | 1.0 * |
| 1/20/03 | | 8.4 * |
| 1/21/03 | | 10.0 |
| 1/22/03 | | 6.7 * |
| 1/23/03 | | 1.5 * |
| 1/24/03 | | 1.0 * |
| 1/25/03 | .2 | |
| 1/28/03 | | 2.3 * |
| 1/29/03 | | 1.4 * |
| 1/30/02 | | .6 * |
| 2/12/03 | | .3 * |
| 2/13/03 | | .3 * |
| 2/14/03 | | .5 * |
| 2/20/02 | | .6 * |
| 2/21/03 | .1 | |
| 2/27/03 | | 1.1 * |
| 3/4/03 | | .6 * |
| 3/11/03 | 3.0 [1] | |
| 3/12/03 | 6.0 [2] | |
| 3/13/03 | 12.0 | |
| 3/14/03 | 12.0 | |
| 3/19/03 | | 1.0 * |
| 3/21/03 | .2 | |

---

[1] Original time was 6.3 hours, but cut to 3 hours by Cadle.
[2] Original time was 12 hours, but cut to 6 hours by Cadle.
* This represents entries that include time associated with the prosecution of this case and time not associated with the prosecution of this case. Because Attorney Armstrong did not apportion his time on the invoice, it is not possible for defendants to determine exact time spent on this case.

| Date of Time Entry | Column I (This Case Only) | * Column II (This Case and Other Cases) |
|---|---|---|
| 3/24/03 | .1 | |
| 3/27/03 | .2 (?) | |
| 4/3/03 | .1 | |
| 4/7/03 | .3 | |
| 4/9/03 | | .5 * |
| 5/6/03 | .2 | |
| 5/9/03 | .9 | |
| 5/12/03 | .5 | |
| 5/13/03 | | .2 * |
| 5/15/03 | .5 | |
| 5/16/03 | .1 | |
| 5/20/03 | 4.5 | |
| 5/21/03 | | 4.6 * |
| 5/23/03 | | 1.4 * |
| 5/29/03 | 4.7 | |
| 5/30/03 | 8.3 | |
| 6/2/03 | | 1.4 * |
| 6/3/03 | | .5 * |
| 6/4/03 | 2.0 | |
| 6/5/03 | | .5 * |
| 6/6/03 | .3 | |
| 6/9/03 | .3 | |
| 6/10/03 | .4 | |
| | 159.3 | 317.3  =    476.6 |

* This represents entries that include time associated with the prosecution of this case and time not associated with the prosecution of this case.  Because Attorney Armstrong did not apportion his time on the invoice, it is not possible for defendants to determine exact time spent on this case.

II.    Time Sheet Entries that do not Include Matters Other than This Case

Of the 476.6 hours reflected on Invoices for the Analysis Period potentially related to this case, only 159.3 of these hours are entries that do not include references to time spent on matters other than this case.

159.3 x $200.00 = $31,860.00

III.   Maximum Fee Calculation for Work on this case during the Analysis Period

The total of 476.6 hours breaks down as follows:

4/7/00 - 4/4/02 – 257.3 hours at $175.00 per hour = $45,027.50
4/10/02 - 6/10/03 – 219.3 hours at $200.00 per hour = $43,860.00
TOTAL FEES: $88,887.50*

IV.    Fees for the Analysis Period

| | |
|---|---|
| $209,437.50 | Total Fees for Analysis Period per Invoices Submitted by Plaintiff |
| 88,887.50* | Fees Related to this case during the Analysis Period |
| $120,550.00 | Fees Requested by Plaintiffs that are not RICO Related |

V.     Hours for Analysis Period

| | |
|---|---|
| 1173.3 | Total Hours reflected on Invoices for Analysis Period |
| 476.6* | Hours reflected on Invoices during Analysis Period related to this case |
| 696.70 | Hour Entries that are not related to this case |

* This represents entries that include time associated with the prosecution of this case and time not associated with the prosecution of this case. Because Attorney Armstrong did not apportion his time on the invoice, it is not possible for defendants to determine exact time spent on this case.