UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
|    Plaintiffs, | : | 3:01CV531(AVC) |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | MAY 26, 2006 |
|    Defendants. | : | |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON JURY VERDICT AND AWARD OF ATTORNEYS' FEES

This case was not an easy case. In fact, from the standpoint of Plaintiffs' counsel, it was exceedingly difficult. Not only were the underlying facts convoluted and extraordinarily complex, the legal issues were highly complicated as well. Plaintiffs prevailed on the vast majority of their claims and won jury verdicts against all of the Defendants. Under the RICO statute, therefore, Plaintiffs are entitled to recover the costs of the suit, including reimbursement of reasonable attorney fees expended. Plaintiffs have provided detailed documentation regarding the fees paid to their various attorneys as well as the other costs incurred. The fees are well documented and Defendants have provided no evidence that any of the fees are unreasonable. Plaintiffs, therefore, are entitled to recover their entire costs of suit including all of their attorneys fees requested.

Under 18 U.S.C. § 1964(c), prevailing plaintiffs are entitled to recover "the cost of suit, including a reasonable attorney's fee." Because this fee is mandatory under RICO (as opposed

to civil rights statutes where an award of attorney's fees is "permissive"), the Court need not apply the lodestar analysis to determine what attorneys' fees are considered "reasonable." See, e.g., Stochastic Decisions. Inc. v. DiDomenico, 995 F.2d 1158, 1168 (2d Cir. 1993) (lodestar analysis is "of limited applicability to statutes that mandate an award of attorney fees."); See, also, United States Football League v. National Football League, 887 F.2d 408, 412 (2d Cir. 1989), cert. denied, 493 U.S. 1071, 110 S. Ct. 1116, 107 L.Ed.2d 1022 (1990) (lodestar analysis "is of limited applicability" to claims under statutes with mandatory attorney fees awards). Despite this, many courts still use the lodestar formula or something similar to establish what is a "reasonable" attorney fee.

The "lodestar" is determined by "multiplying the hours spent on the case by a reasonable hourly rate of compensation for each attorney involved." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). There is a "strong presumption" that the lodestar represents a "reasonable fee". Id. at 565, 106 S.Ct. at 3098. In the Second Circuit, "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." United States Football League, 887 F.2d at 413.

Before adjusting the lodestar, the Court should take the following factors into account:

> (1) the time and labor required; (2) the novelty and difficulty of
> the questions; (3) the skill requisite to perform the legal service
> properly; (4) the preclusion of other employment by the attorney

2

> due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

United States Football League, 887 F.2d at 415 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). As the United States Supreme Court has noted, a "district court ... may consider ... factors identified in *Johnson* ... though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 434, n.9, 103 S.Ct. 1933, 1939 n.9, 76 L.Ed.2d 40 (1983).

## I. The Johnson Criteria Demonstrates That the Lodestar Should Not Be Reduced in this Case

As set forth in paragraphs 1-15 of Attorney Armstrong's affidavit and supplemental affidavit filed with the Motion, the Johnson criteria demonstrate that Plaintiffs are entitled to their entire attorney fee. Defendants have provided no evidence to suggest that Plaintiffs failed to meet each and every one of the criteria set forth in Johnson, 488 F.2d at 717-719 and United States Football League 887 F. 2d at 415. Plaintiffs, therefore, are entitled to reimbursement of the full fees expended.

3

II. **No Reduction of Fees Is Warranted Because the Successful and Unsuccessful Claims Are Inextricably Intertwined and the Time Spent on the Unsuccessful Claims Is Difficult to Segregate**

Plaintiffs successful and unsuccessful claims all are inextricably intertwined and arise from a common nucleus of facts. It would be impossible, therefore, to separate the time spent on the successful claims from the time spent on the unsuccessful claims. No reduction in fees, therefore, is warranted.

The Fifth Circuit held in Abell v. Potomac Ins. Co., 946 F.2d 1160 (5th Cir. 1991), cert. denied, 504 U.S. 911, 112 S.Ct. 1944, 118 L.Ed.2d 549 (1992), that "[w]here time spent on unsuccessful issues is difficult to segregate, no reduction of fees is required." Id. at 1169 (citing City of Riverside v. Rivera, 477 U.S. 561, 569-74, 106 S.Ct. 2686, 2691-94, 91 L.Ed.2d 466 (1986) (plurality opinion)). The Second Circuit expressed its agreement with that holding in Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1343 (2d Cir. 1994). Furthermore, the United States Supreme Court noted:

> In [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will

4

> encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.

Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (internal citations omitted). Where the court finds that the successful and unsuccessful claims are "inextricably intertwined" and "involve a common core of facts or [are] based on related legal theories" the court may award the entire fee. Reed v. A.W. Lawrence and Co., 95 F.3d 1170, 1182 (2d Cir. 1996) (citing Dominic v. Consolidated Edison Co. of New York, Inc., 822 F.2d 1249, 1250 (2d Cir. 1987)). "So long as the plaintiff's unsuccessful claims are not wholly unrelated to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the lodestar amount." Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994). As the Second Circuit noted in another RICO case: "[a]lthough plaintiff did not prevail on all of its claims and the jury did not find all the defendants guilty, the plaintiff obtained a jury verdict and a judgment against the defendants. It won the case." Bingham v. Zolt, 66 F.3d 553, 566 (2d. Cir. 1995). The Bingham Court, therefore, found the attorneys were entitled to their entire fees even though they had not succeeded on all claims and/or against all defendants.

SABIA & HARTLEY, LLC    190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
ATTORNEYS AT LAW         tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

The facts underlying Plaintiffs' § 1962(b), (c) and (d) claims are identical and cannot be separated out.[1] Plaintiffs expended no additional time pursuing their unsuccessful claims beyond that expended pursuing their successful claims. Plaintiffs have the right to pursue all legal grounds for recovery and "the court's rejection of . . . . [some] grounds is not sufficient reason for reducing a fee." Hensley 461 U.S. at 435. As the Fifth Circuit held in Abell, because it is difficult to separate out the time spent on the unsuccessful claims, "no reduction of fees is required."[2] In the end "plaintiff[s] obtained a jury verdict and a judgment against the defendants. [They] won the case." Bingham, 66 F.3d at 566. Plaintiffs, therefore, are entitled to reimbursement for the entire amount of attorney fees expended.

---

[1] Defendants incorrectly state that the jury found no liability under § 1962(b) of RICO. Rather, the Court dismissed the § 1962(b) claims prior to trial.

[2] Defendants suggest that Plaintiffs expended "significant time chasing Charles Flanagan as a defendant." Defendants' Brief pp. 6-7. Defendants, however, fail to provide any support for this allegation and/or define "significant time". They then erroneously state that Flanagan "could not, pursuant to bankruptcy law, be prosecuted in this case." Id. Rather, in an Order dated June 20, 2002, Judge Covello found that "plaintiffs were required to withdraw the [original] action against Flanagan", which the District Court found violated the automatic stay provisions of the bankruptcy laws, "because of an error in drafting the complaint." The District Court, however, allowed the Complaint to be amended to include Flanagan once the error was corrected. Id. Flanagan was then added as a Defendant to the Amended Complaint, which claims were later settled prior to trial. Thus, Plaintiffs should not be precluded from recouping the fees expended in pursuing and ultimately settling the claim against one of Defendants' co-conspirators.

Defendants would like this Court to take the law one step further and preclude Plaintiffs from recouping the attorneys fees spent on attempting to prove a specific category of damages arising from a successful claim (the "lost debt damages"). Defendants, however, have not pointed to any case law that suggests the lodestar can be reduced because a plaintiff failed to prove one category of damages as part of a successful claim. Furthermore, the claim for "lost debt damages" was inextricably intertwined with the claim for "collection expense damages." The underlying facts for both types of damages catergories were the same.

In this case, the results obtained were extraordinary. Although Plaintiffs did not recoup any "lost debt damages," they were awarded a jury verdict against all Defendants of $500,000 in collection expenses/damages, which damages under RICO are trebled to $1.5 million. Thus, an attorney fee award of approximately $700,000 is not out of proportion with the results obtained and the fact that Plaintiffs did not receive any "lost debt damages" should not be used to reduce the amount of attorneys fees that should be reimbursed to Plaintiffs. As the Second Circuit noted in <u>Stochastic</u>, 995 F.3d at 1168, in a RICO case where attorney fees are mandatory to the prevailing party (as opposed to civil rights cases where they are discretionary), the Court need not look at the reasonableness of the fees in comparison to the results obtained. Plaintiffs are entitled to reimbursement for the entire amount of attorneys' fees expended in prosecuting this RICO suit.

7

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

### III. Attorney Armstrong's Records Are Sufficiently Detailed to Support Plaintiffs' Request for His Fees

Defendants appear to challenge only the invoices of Attorney Armstrong for their alleged lack of detail.[3] The entries which they challenge refer to communications between Attorney Armstrong and the Plaintiffs and/or Plaintiffs' representatives. These communications, however, are subject to the attorney-client privilege. Plaintiffs have revealed the name of the attorney, the person with whom the attorney was speaking, and the date and the length of time of the conversations. This is all that is required. The records, therefore, have sufficient detail. Plaintiffs should not be required to waive their attorney-client privilege in order to receive reimbursement for the attorney fees to which they are entitled under the RICO statute.[4]

In order to recoup their fees, attorneys are required to keep contemporaneous time records. See, New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983). Those records should "specify, for each attorney, the date, the hours expended, and the nature of the work done." Id. "Plaintiff's counsel, of course, is not required to record

---

[3] Defendants apparently accept that Sabia & Hartley and Attorney Gaide's invoices are sufficiently detailed as they have made no challenges to the level of detail contained in those records.

[4] Defendants reference the United States Football League case in support of a quote regarding ambiguities in billing records on page 5 of their brief. The case, however, contains no such quote and the page cite given for the quote does not exist.

8

in great detail how each minute of his time was expended." Hensley v. Eckerhart, 461 U.S. 424, 438 n.12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In addition, the attorney-client privilege protects communications made between the attorney and his client relative to the litigation. See e.g., Swidler & Berlin v. United States, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998) ("The attorney-client privilege is one of the oldest recognized privileges for confidential communications.") Defendants have pointed to nothing that would indicate such attorney-client privilege is waived by filing a fee petition.

Defendants challenge Attorney Armstrong's billing records because they are "peppered with" references to attorney client communications that reference the communication only as "status and strategy." These records, however, indicate with whom Attorney Armstrong was communicating, the date and hours expended in the communication, and the fact that the communication was about status of the case and/or strategy to be used. It would be difficult to and dangerous to provide more information without waiving the attorney-client privilege. This is sufficient information for the Court to determine the reasonableness of the fees charged for those protected communications. Attorney Armstrong's billing records (which were, in fact, contemporaneous records), therefore, meet the requirements for contemporaneous billing records in this circuit and Plaintiffs are entitled to reimbursement for all the attorneys' fees paid.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

### IV. Defendants Fail to Show That Any Specific Fees Are Unrelated to this Litigation

Defendants bear the burden of proving that the lodestar should be reduced. <u>United States Football League</u>, 887 F.2d at 413. Defendants make broad sweeping allegations that one-half of Attorney Armstrong's bills are unrelated to this litigation. Defendants, however, conspicuously fail to point out which entries they believe fall under this category and/or why they assert each entry is unrelated, leaving Plaintiffs no way to respond. Such vague allegations are insufficient to meet Defendants' burden of proving the lodestar should be reduced

Similarly, Defendants' challenge Attorney Gaides's bills suggesting that "most entries related solely to the bankruptcy matter." Again, however, Defendants have failed to point to which entries they believe are unrelated to this action and/or to point to any proof of that assertion. In fact, the summary at the front of Plaintiffs' Exhibit A-3 shows a breakdown of Attorney Gaides fees for the RICO action versus the Bankruptcy and District Court actions.

Defendants only challenges to Sabia and Hartley's fees consist of a vague suggestion that because some of these invoices are the same invoices provided by Plaintiffs to Defendants during discovery, that they must be duplicative and an even more oblique suggestion that some unidentified entries "appear improper." <u>Defendants' Brief</u> p. 10. A simple look at the invoices, however, shows that while the bills contain entries both for the RICO litigation and other matters (such as those that were part of the compensatory damages award), Plaintiffs only are requesting reimbursement of Sabia and Hartley fees for those entries related to the RICO

10

matter. In fact, Defendants specifically note that Sabia and Hartley provided notations on their invoices indicating which time entries were applicable to the RICO case and which were applicable to other cases. Defendant's Brief p. 8. In addition, because the Defendants have failed to point to even one example of an entry that "appears improper" the court should disregard that unsubstantiated allegation entirely.

Defendants fail to meet their burden of proving that the lodestar should be reduced. Plaintiffs, therefore, are entitled to reimbursement for the entire amount expended on attorneys' fees in this matter.

Defendants have further used their brief in opposition to Plaintiffs' request for attorneys' fees as yet another attempt to denigrate Plaintiffs and their attorneys, and state that in their collective opinion, Dan Cadle's "testimony [at the trial] was false." Defendants' Brief p. 12. Apparently, Defendants believe that the fees requested by Plaintiffs' attorney are the same fees that Plaintiffs incurred in "chasing assets" that were previously awarded by the jury. Defendants, however, have provided no proof of these allegations other than to state that some of the attorneys' invoices provided in support of this fee petition were allegedly provided in response to a discovery request regarding compensatory damages.[5] At trial, Dan Cadle specifically stated that the $494,000 he spent "chasing assets" did not include attorneys fees for this RICO suit (as well a variety of other things he excluded, such as defense of the baseless

---

[5] Conspicuously, Defendants have failed to provide any proof of this allegation.

11

grievance launched by the Defendants against Cadle's former attorney, Paul Gaide). June 2, 2005 Transcript pp. 22-25. Defendants have provided no proof that Plaintiffs' attorney fees requested in this action were in any way related to the amounts spent by Dan Cadle in "chasing assets" and thus subsumed within the jury award of collection expenses damages.

Defendants have failed to meet their burden of showing that any of the time entries of Plaintiffs' attorneys are unrelated to this litigation. Plaintiffs, therefore, should be entitled to reimbursement for the entire requested fee.

V.  **The Hourly Fees Charged by Sabia and Hartley, Attorney Armstrong and Paul M. Gaide Are Discounted Well below the Prevailing Market Rate in the Area for Attorneys of Similar Experience**

Defendants do not appear to challenge the hourly rates charged by any of the listed attorneys. In fact, the rates charged by these attorneys are significantly below the prevailing rates in Connecticut. Thus, Plaintiffs' attorneys have already significantly discounted the amount of attorneys fees for which they are requesting payment.

The Court should evaluate the reasonableness of the hourly rate by comparing the requested rate to other attorneys' hourly rate within the District of Connecticut. See Cruz v. Local Union No. 3, 34 F.3d 1148, 1159 (2d Cir. 1994), and using its own knowledge of such rates. See Miele v. New York State Teamster Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987). Such a comparison demonstrates that the rates changed by Plaintiffs' attorneys

SABIA & HARTLEY, LLC  |  190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
ATTORNEYS AT LAW  |  tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

are well below the typical hourly rate in Connecticut for attorneys with their levels of experience.

Recently, the District Court of Connecticut determined that $300 per hour was a reasonable rate for legal services in Connecticut based on the counsel's 40-plus years of legal experience and her expertise in the relevant area of law. Goins v. JBC & Assoc., P.C., 2005 U.S. Distr. LEXIS 34978 (D.Conn. Nov. 28, 2005). In Tsombanidis v. City of West Haven, 208 F.Supp.2d 263 (D. Conn. 2002), the court upheld a rate of $275 for a Bridgeport attorney with 17 years of experience. In fact, in Blackledge v. Carlone, 126 F.Supp.2d 224 (D.Conn. 2001) the court upheld a rate of $200 per hour for an associate in Connecticut. It is clear, based on these cases, that the rates charged by the attorneys in this case ($175 to $200 per hour for Attorney Armstrong, $100 to $160 per hour for Sabia & Hartley and $165 to $185 per hour for Attorney Gaide) were significantly below the area's prevailing rates.

In addition, Plaintiffs have not requested reimbursement for the time expended by Attorney Victor O. Buentes, Jr., Cadle's in-house counsel, for the many hours expended in toward the research, investigation and prosecution of this matter. Plaintiffs have not requested reimbursement for paralegal time expended by any of the law firms involved. Additionally, Plaintiffs are not requesting reimbursement for Attorney Armstrong's travel time.[6] Plaintiffs,

---

[6] Even though case law indicates that a discounted rate for travel time would be is appropriate. See e.g., Williams v. N.Y. City Housing Auth., 975 F.Supp. 317, 324 (S.D.N.Y. 1997) (holding 50% of hourly rate for travel time to be reasonable).

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

therefore, already have already significantly reduced the amount they are asking for reimbursement of their attorneys' fees, and the Court should take this into account when considering Defendants' request to further reduce the lodestar.

## VI. An Award of Costs Is Proper

It appears that Defendants are challenging only the award of costs to Attorney Armstrong and those incurred by Cadle on its own behalf. The Court, therefore, should award those costs requested by the law firm of Sabia and Hartley as Defendants have not challenged those costs. In addition, those costs requested by Attorney Armstrong also should be awarded as they were appropriate, reasonable and sufficiently documented. Defendants have provided no evidence to show that the costs requested include anything other than those costs related to the RICO claim.

Defendants allege that the costs expended by Cadle directly have not been sufficiently documented. Documentation for the costs, however, was attached as Plaintiffs' Exhibit A-4 to Plaintiffs' Motion. Such fees, therefore, have been sufficiently documented and should be reimbursed.

## VII. An Award of Prejudgment Interest is Appropriate in this Case

The United States Supreme Court has indicated that awards of prejudgment interest are appropriate under federal law. See e.g., Leoffler v. Frank, 486 U.S. 549, 557-58, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) (awarding prejudgment interest in a Title VII case); Blau v.

14

Lehman, 368 U.S. 403, 414 82 S.Ct. 451, 7 L.Ed.2d 403 (1962) (awarding prejudgment interest in a Securities Exchange Act case); Rodgers v. United States, 332 U.S. 371, 373-74, 6 S.Ct. 5, 92 L.Ed. 3 (1947) (awarding prejudgment interest in an Agricultural Adjustment Act case). An award of prejudgment interest:

> should be the function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.

Wickham Contracting Co., Inc. v. Local Union No. 3, 955 F.2d 831, 833-34 (2d Cir. 1992). The RICO statute is silent as to the award of prejudgment interest. The Second Circuit, however, has "allowed discretionary awards of prejudgment interest, notwithstanding the statute's silence on the subject of interest, when the awards were fair, equitable and necessary to compensate the wronged party fully." Id. at 835. The Second Circuit has precedent for allowing the award of prejudgment interest in a RICO. See D'Orange v. Feely, 101 F.3d 1393, 1996 WL 446254 at *4 (2d Cir. 1996). Other courts addressing the issue also have allowed prejudgment interest in a RICO case in addition to the mandatory treble damages. See e.g. Liquid Air Corp. v. Rogers, 834 F.2d 1297 (7th Cir. 1987), cert denied, 492 U.S. 917 (1989) (affirming award under RICO that included prejudgment interest); Miltland Raleigh-Durham v. Myers, 840 F. Supp. 235 S.D.N.Y. 1983) (awarding prejudgment interest on a RICO award of damages).

Although Plaintiffs recognize that prejudgment interest is not generally available for awards that are punitive in nature, the RICO treble damages provisions are compensatory rather than punitive. See e.g., Liquid Air Corp., 834 F.2d at 1310 n.8 ("Although there is some sense in which RICO treble damages are punitive, they are largely compensatory in the special sense that they ensure that wrongs will be redressed in light of the recognized difficulties of itemizing" the damages caused from racketeering activity.)  Plaintiffs, therefore, are entitled to prejudgment interest on their award of damages.

## VIII.   Plaintiffs Are Entitled to Post Judgment Interest

As Defendants have not challenged Plaintiffs' right to post-judgment interest, such an award is proper and should be granted.

## IX.   Conclusion

For the foregoing reasons, Plaintiffs request that the Court grant their Motion for Judgment and for Award of Attorneys' Fees and enter final judgment in favor of Plaintiffs against the Defendants as set forth in their proposed form of judgment submitted with Plaintiffs' Motion.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

PLAINTIFFS, THE CADLE COMPANY AND
D.A.N. JOINT VENTURE, L.P.

By: _____
Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077
Fed. Bar No. ct01319

and

F. Dean Armstrong, Esq.
1324 Dartmouth Road
Flossmoor, IL 60422
Federal Bar No. ct22417

17

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed, postage prepaid, via U.S. regular mail, to all defense counsel on May 26, 2006 as shown on the attached Service List.

_____
Edward C. Taiman, Jr.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

## SERVICE LIST

William F Gallagher, Esq.
Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT 06509
(counsel for Stanley Prymas and Thompson
& Peck, Inc.)

David G. Hill, Esq.
June Sullivan, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(counsel for Leonard A. Fasano and
Fasano & Ippolito, LLC)

Roger J. Frechette, Esq.
Frechette & Frechette, Esq.
12 Trumbull Street
New Haven, CT 06511
(counsel for Leonard A. Fasano)

Mary Anne A. Charron, Esq.
Gerald R. Swirsky, Esq.
R. Bradley Wolfe, Esq.
Gordon, Muir and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT 06106-5123
(counsel for Todd Bainer)

Bradley K. Cooney, Esq.
Bradley K. Cooney, P.C.
69 Island Avenue
Madison, CT 06443
(counsel for Thompson & Peck, Inc.)

Todd R. Bainer
71 Cedar Street
P.O. Box 1092
Branford, CT 06405