
560

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE COMPANY, ET AL | : | CIVIL ACTION NO: 3:01-CV-531 (AVC) |
| V. | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 24, 2005 |



### MOTION FOR NEW TRIAL
### AND/OR MOTION FOR REMITTITUR

3:01cv531 (AVC). March 31, 2006. The defendants argue that they entitled to a new trial or a remittitur on account that: (1) the evidence did not support the $500,000 damages award; (2) a trebling of damages is not authorized; (3) the jury improperly heard evidence of negligence; (4) the plaintiffs' attorney delivered improper argument; and (5) the jury engaged in premature deliberations because the court charged the jury at the beginning of the trial that:

> During the course of the trial, we want you to discuss this case among yourselves. We don't expect you to sit here like eight pieces of stone and receive all of this information and not comment or discuss it among yourselves. A couple of very important warning points, however. If you are going to discuss the case, be certain that you're all present. . . Second, if you are going to or even if you don't discuss the case, don't form an opinion here until all the evidence is in. We don't want you to start to deliberate until you've heard all of the evidence and the court's charge at the end of the case. So we want you to keep an open mind until you've begun the deliberations.

Having reviewed the submissions of counsel, the court concludes: (1) the evidence was sufficient to support a $500,000 damages award; (2) the trebling of damages is required; (3) the plaintiffs did not offer improper evidence of negligence; and (4) although the record supports a finding that during two weeks of trial counsel for both the parties offered improper editorial, the simple fact of the matter is that such moments were cured by instruction, waived by a failure to object, or of such minor import that they could not have caused prejudice. With respect to the court's pre-charge, the court perceives no basis for a new trial because any such error is harmless and is waived on account of the defendants' failure to take exception to the pre-charge at trial. See United States v. Broome, 732 F.2d 363, 366 & n. 3 (4th Cir. 1984). Further, because the court admonished the jury not to "form an opinion here until all the evidence is in. . . [and to refrain from deliberating] until you've heard all of the evidence and the court's charge at the end of the case," the court perceives no prejudice flowing from the instruction. The motion (document no. 560) is therefore denied. The defendants' two motions for mistrial requested at trial are also denied.
SO ORDERED.

Alfred V. Covello, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CADLE COMPANY and D.A.N. :
JOINT VENTURE, LTD. :
    Plaintiffs, :
 :
 :
VS. : Civil No. 3:01CV531 (AVC)
 :
CHARLES A. FLANAGAN, :
ET AL., :
    Defendants. :

### ORDER CORRECTING THE COURT'S RULING DENYING THE DEFENDANTS' MOTION FOR NEW TRIAL AND/OR REMITTITUR

On March 31, 2006, the court denied the defendants' motion for new trial and/or remittitur. As part of that ruling, the court rejected the defendants' claim of prejudice flowing from the court's pre-charge in which the court authorized the jury to discuss the case among themselves during the trial. In reasoning that the instruction did not constitute a predicate for a new trial, the court stated that it "perceives no basis for a new trial because any such error is harmless and is waived on account of the defendants' failure to take exception to the pre-charge at trial." (Emphasis added).

The record reflects that although the defendants did not object to the instruction directly after the court delivered the pre-charge, they did nevertheless except to the instruction after the commencement of evidence and did request a curative instruction that was not furnished. The court's March 31, 2006 ruling is therefore ordered corrected in this regard.

With this correction, however, the court fails to perceive

the basis for a new trial as the court, as part of the very same instruction, admonished the jury not to discuss the case unless all jurors were present, to refrain from forming an opinion until all the evidence was in, and to refrain from deliberating until all the evidence was heard and the court's charge at the close of the case.  See United States v. Salameh, 152 F.3d 88, 142 (2d Cir. 1998) ("in determining whether there is any prejudice "[the court views] as a whole the charge actually given").  Further, any error in this regard – though preserved for review – is nevertheless harmless.  See Andrews v. United States, 732 F.2d 366 at n.3(4th Cir. 1984)( "[the Fourth Circuit] has held that a trial judge who twice instructed the jurors that it would be proper for them to discuss the case during recess committed only harmless error.  Had appellants objected at trial, there would have been no reason to have held differently in this case.")

The clerk of the court is therefore ordered to correct the order denying the motion for new trial and/or remittitur (document no. 643 )in this respect only.

It is so ordered, this 8th day of May, 2006 at Hartford, Connecticut.

_____
Alfred V. Covello
United States district Judge

2