ORAL MOTION FOR MISTRIAL

6/1/05 Trial Transcript

63

```
1              THE COURT:  Folks, we'll take a short recess
2        here.  We'll take the morning recess.
3                  (Jury leaves the courtroom.)
4              MR. WOLFE:  Your Honor, I have to move for a
5        mistrial in this case.  Mr. Armstrong has taken to the
6        edge and continually disobeyed your Honor's instructions
7        and orders.  He's testifying.  He's putting in facts not
8        in evidence.  It's highly prejudicial, the way he's
9        proving this.  I think that this trial has been completely
10       contaminated by his continued asking improper questions
11       and I so move.
12             THE COURT:  I'll take the papers on your motion.
13             MR. WOLFE:  Thank you.
14                 (Recess.)
15                 (In Open Court, Jury Not Present.)
16             MR. HILL:  Judge, if I may, I want the record to
17       reflect I join in Mr. Wolfe's motion for mistrial he made
18       before the break.  I don't know if the Court ruled on that
19       yet, but short of that type of ruling I stand again and
20       ask the Court to admonish Mr. Armstrong for the umpteenth
```

21    time for his behavior in this courtroom.  What we've gone

22    through before the last break was the gentleman testifying

23    as to an exhibit that was not admitted by this Court and

24    if we had the luxury of polling this jury, there would be

25    no doubt in any of their minds as to content of that

64

1    solely because of misconduct of plaintiffs' counsel.  And

2    I ask the Court first for mistrial for all the reasons Mr.

3    Wolfe mentioned.

4         I also ask the Court, short of mistrial,

5    Mr. Armstrong be severely admonished and told if this

6    happens once again, we are going to have a mistrial, and

7    we have a mistrial with sanctions where the plaintiff pays

8    all the defense costs.

9         THE COURT:  He's doing the very best he can.

10    We're all doing the very best we can.

11         Sir, with respect to this 483 motion to preclude

12    vis-a-vis the predicate acts, the Court has reviewed the

13    complaints and all of that was in the complaint from the

14    beginning.  There's no showing of prejudice as a result of

15    his failure to articulate it in response to the

16    interrogatory.  So 483 is denied.

17         That's all I want to rule on at the moment.  The

18    Court has taken the papers on the --

19         MR. HILL:  Thank you, your Honor.  Just if I

20    could clarify, your Honor, when you say there's no

21    prejudice, for the Court's benefit, the prejudice lies in

22    that it wasn't disclosed during discovery, it wasn't

23    disclosed during the RICO case.  Yes, it's in the

24    complaint.  The reason we have discovery under the Federal

25    Rules is so we can decipher from the complaint which of

65

```
1       the facts will be put before the jury at the time of

2       trial.  We did that.  They didn't include the bankruptcy

3       tax fraud scheme.  To now allow it would be highly

4       prejudicial.

5                 THE COURT:  You have a ruling on it.

6                 MR. GALLAGHER:  The defendants Prymas and

7       Thompson and Peck join in the motion.

8                 THE COURT:  Okay.  I guess we got everybody's

9       point of view.

10                          (Jury enters the courtroom.)
```

Case 3:01-cv-00531-AVC    Document 523    Filed 06/03/2005    Page 1 of 7

United States District Court
District of Connecticut
FILED AT HARTFORD
6/3/05

By _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | JUNE 3, 2005 |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TODD R. BAINER'S AND TODD R. BAINER, LLC'S MOTION FOR MISTRIAL

### I.    BACKGROUND

Plaintiffs, The Cadle Company and D.A.N. Joint Venture, brought the instant civil RICO action pursuant to 18 U.S.C. § 1964, alleging that defendants Todd R. Bainer and Todd. R. Bainer, LLC ("Bainer") are jointly and severally liable to them for scheming to defraud plaintiffs of money due them from Mr. Charles Flanagan (herein "Flanagan"), pursuant to 18 U.S.C. §§ 1962(c), and (d).

On May 20, 2005, Bainer filed an Objection to various exhibits identified by the plaintiffs to the extent that such exhibits were to be used by plaintiffs as evidence of mail or wire fraud by Bainer and defendant Fasano. The basis for such objection was that the courts of the Second

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

District have confirmed that correspondence between attorneys may not serve as the basis for any claim of mail or wire fraud, Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 393 (S.D.N.Y. 2000); Morin v. Trupin, 711 F. Supp. 97, 105 (S.D.N.Y. 1998).

On May 23, 2005, this Court heard argument and sustained Bainer's Objection. Thereafter, plaintiffs filed a Motion for Reconsideration of this Court's May 23rd ruling and said Motion was denied on May 24, 2005. Since that time, plaintiffs' counsel has on several occasions asked witnesses questions with language taken directly from documents precluded from evidence, either on the basis of Bainer's May 20th objections or objections sustained at trial. Plaintiffs have also attempted to introduce the precluded evidence by reading excerpts from deposition testimony related to the precluded exhibits (for the alleged purpose of refreshing the recollection of a witness) over the objections of Bainer and in clear violation of this Court's ruling.

Although the Court has consistently sustained Bainer's objections and has instructed plaintiffs' counsel to refrain from reading these precluded exhibits and related deposition testimony, plaintiffs' counsel's repeated and clearly intentional disregard of this Court's ruling has had the cumulative impact of unduly prejudicing Bainer.  Bainer has been unduly prejudiced and Bainer's right to a fair trial has been jeopardized because the jury has been exposed to the precluded evidence and Bainer cannot rebut the evidence to which the jury has been improperly

2

exposed without violating the court order precluding such evidence. As a result, Bainer is
entitled to the grant of this Motion for Mistrial.

## II.    STANDARD FOR MOTION FOR MISTRIAL

"A trial judge, when faced with a motion for a mistrial based on the submission of
prejudicial information to a jury, must determine whether the error is harmless or whether it
affects the substantial rights of the parties within the meaning of Fed.R.Civ.P. 61", O'Rear v.
Fruehauf Corporation, 554 F.2d 1304, 1308 (5th 1977) (citing in support Kotteakos v. United
States, 328 U.S. 750, 764 (1946)). In the O'Rear case, defense counsel repeatedly referred to a
parallel state court proceeding, in deliberate disobedience of the trial court's order forbidding
such reference.

The court in O'Rear held that "[t]here must be a line drawn in any trial where, after
repeated exposure of a jury to prejudicial information, a judge realizes that cautionary
instructions will have little, if any, effect in eliminating the prejudicial harm. It is at this point
that a motion for a mistrial should be granted." Id at 1309.

In the case of Janopoulos v. Harvey L. Walner & Associates, Ltd., 866 F.Supp.1086,
N.D. Ill. 1994), involving a sexual harassment claim brought by an employee against an
employer, the court granted the defendant's motion for a mistrial because the plaintiff and "her

3

counsel's repeated and willful violations of the court's in limine orders jeopardized [the defendant's] right to a fair trial." Id. at 1093. The court had previously granted the defendant's motion in limine to preclude the introduction of evidence regarding two prior Equal Opportunity Complaints against him on the basis that such evidence was inadmissible character evidence under Fed. R. Evid. 404(a). The plaintiff, in disregard of the evidentiary rulings and the court's repeated admonitions, persisted in asking questions designed to elicit the precluded evidence.

## VIII.   CONCLUSION

Plaintiff's counsel is a seasoned trial attorney and was admitted pro hac vice on the basis of his substantial expertise in this area of law. His courtroom tactics, including (i) telling the Court in front of the jury how much he needs "those letters"; (ii) feigning lack of knowledge of how to introduce deposition testimony, (iii) repeated reading from the letters precluded from evidence and (iv) repeated reading from transcript testimony specifically related to the letters precluded from evidence. Said tactics were clearly designed to circumvent the Court's evidentiary ruling, has affected the substantial rights of Bainer, and clearly jeopardized his right to a fair trial. For the foregoing reasons, this Motion for Mistrial should be granted.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

Counsel for the other defendants all concur with this Motion and join in with this Motion.

DEFENDANTS: TODD R. BAINER and TODD R. BAINER, L.L.C.

By _____
R. BRADLEY WOLFE
Federal Bar No. ct04332
GERALD R. SWIRSKY
Federal Bar No. ct05574
MARY ANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was hand delivered, to all counsel and pro se parties of record on June 3, 2005:

F. Dean Armstrong, Esquire
1324 Dartmouth Road
Flossmoor, IL 60422

Edward C. Taiman, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, #202
Hartford, CT 06103-2205

David G. Hill, Esquire
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103-4303

Todd R. Bainer, Esquire
71 Cedar Street
P.O. Box 1092
Branford, CT 06405-8092

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Douglas S. Skalka, Esquire
James A. Lenes, Esquire
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

6

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029

Bradley K. Cooney, Esquire
69 Island Avenue
Madison, CT 06443

_____
MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\361427\I

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS No. 24029