May 23, 2005 Trial Transcript

Vol. 1 - Page 47

nutshell, what must be proven is there was some duty owed to the plaintiffs, that they breached that duty, and that that was the proximate cause of the injuries that the plaintiffs received.

Now, I told you that there's a counterclaim here for vexatious litigation. And with respect to the counterclaim, Thompson & Peck has the burden of proof with respect to that.

Now, to prevail on a vexatious litigation cause of action, they must prove that the plaintiffs lacked probable cause to bring this RICO action; that there was just no probable basis for having done this to them; that there was some malice on the part of the plaintiffs in doing this. And then the third element has to be the determination of the RICO action in their favor.

Now, I see by your dilated pupils that you obviously learned more than you care to know here. Mercifully, we're almost done. I just want to talk to you about the conduct of jurors. It all gets a good deal better from this point on.

First, during the course of a trial, we want you to discuss this case among yourselves. We don't expect you to sit here like eight pieces of stone and receive all of this information and not comment or discuss it among yourselves. A couple of very important warning points,

however. If you are going to discuss the case, be certain that you're all present. Obviously if four of you go out to lunch and you go out to a cafeteria and you start talking about the case, the others aren't going to have the benefit of your discussion and it's just not appropriate. So if you are going to discuss it, make sure that all of you are present.

Obviously you can't and shouldn't discuss the case with outside influences: Family members, friends, whatever.

Second, if you are going to or even if you don't discuss the case, don't form an opinion here until all the evidence is in. We don't want you to start to deliberate until you've heard all of the evidence and the Court's charge at the end of the case. So we want you to keep an open mind until you've begun the deliberations.

I cautioned you about doing independent research, whether that be with your computer or whether you hear -- apparently these folks are from New Haven, I don't believe any of you are, but that there was some reference to a building or something like that, to say, well, maybe I'll drive by there on the way home and see if it's as that witness said it is. Again, you simply can't do that. You have to decide the case based upon what you hear here.