UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:01CV531(AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | AUGUST 21, 2006 |
| Defendants | : | |

**DEFENDANTS TODD R. BAINER AND TODD R. BAINER, LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO ENTRY OF JUDGMENT IN ACCORDANCE WITH PLAINTIFFS' MOTION AND SUPPLEMENTAL MOTION FOR JUDGMENT ON JURY VERDICT AND AWARD OF ATTORNEYS' FEES**

For the reasons stated herein and in furtherance of the Defendants' Joint Objection to Plaintiffs' Motion and Supplemental Motion for Judgment on Jury Verdict and Award of Attorneys' Fees dated May 5, 2006 ("Prior Objection"), the defendants Todd R. Bainer and Todd R. Bainer, LLC (collectively, "Bainer") object to the entry of judgment pursuant to Plaintiffs' Motion and Supplemental Motion for Judgment on Jury Verdict and Award of Attorneys' Fees dated July 15, 2005 and April 21, 2006, respectively.

First, defendant Bainer objects to the entry of judgment on the basis that plaintiffs neglected and failed to credit to defendant the aggregate amount of the recoveries and

settlements received by plaintiffs ($1,998,250.00). This credit should be applied to offset both the amount of damages and attorneys' fees payable by Bainer to the plaintiffs in this case. Second, the hours charged by plaintiffs' counsel to this action are not reasonable, not readily identified to this case, are not connected to this case or were not incurred in the successful prosecution of the claims asserted in this case. Third, the costs claimed are not all connected to this case and/or are more properly part of a bill of costs instead of a statutory damage award under 18 U.S.C. §§ 1961-68. The combination of defects should reduce the claimed bills by no less than fifty percent (50%) under these principles, as more fully set forth in the earlier objection.

The plaintiffs received the following recoveries and settlements from the defendants in this case:

| | | |
|---|---|---|
| (a) | Leonard A. Fasano and Fasano, Ippolito & Lee, LLC: | $650,000.00 |
| (b) | Thompson & Peck Inc. and Stanley F. Prymas | $650,000.00 |
| (c) | Angela Cimino Burr: 95% ownership of MJCC Realty LP and 95% interest in MJCC Corporation | $698,250.00* |
| (d) | Socrates T. Babacus | $00.00 |
| (e) | Joseph Caporale | $00.00 |
| (f) | Charles A. Flanagan | $00.00 |
| (g) | Lisa G. Flanagan | $00.00 |

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

| | | |
|---|---|---|
| (h) | MJCC Corp. (See c) | $00.00 |
| (i) | MJCC Realty Limited Partnership (See c) | $00.00 |
| (j) | Todd R. Bainer | $_____ |
| (k) | Todd R. Bainer, LLC | $_____ |
| | TOTAL | **$1,998,250.00** |

\* value of interests based on 95% of the aggregate value of real property owned by MJCC Realty Limited Partnership at the time of transfer of interests to plaintiff - 25 Queach Road, Branford, CT ($250,000.00 appraised value) and 230 Millbrook, New Haven, CT ($485,000.00 sale price). (Testimony of D. Cadle, May 2, 2005 at pp. 96-97).

## I. BACKGROUND

The Complaint in this case alleged violations of 18 U.S.C. §§ 1962 (b), (c), and (d) by all of the defendants. On June 10, 2005, the jury returned a verdict in favor of the defendants in part and in favor of the plaintiffs in part. The jury found in favor of defendants Todd R. Bainer, Stanley F. Prymas, Thompson and Peck, Incorporated as to the alleged violations of 18 U.S.C. §§ 1962 (b) and (c). The jury found (i) in favor of the plaintiffs and against Leonard Fasano and Fasano & Ippolito as to the violation of 18 U.S.C. §§ 1962 (c) and (d) and (ii) in favor of plaintiffs and against Todd R. Bainer, Stanley F. Prymas, Thompson and Peck, Incorporated as to violations of 18 U.S.C. §§ 1962(d). There was no verdict against Todd R. Bainer, LLC, nor was there any evidence put forth by the plaintiffs at trial regarding any liability of that entity.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

The jury found no "lost debt damages" in this case and awarded the plaintiffs $500,000.00 in "collection expense" monetary damages.

The plaintiffs have requested in their motion that they be awarded (i) $500,000.00 in actual damages trebled to $1,500,000.00; (ii) attorneys' fees in the amount of $731,618.70 and costs of suit in the amount of $51,769.11, for a total of $2,283,387,81. The plaintiffs have also claimed that they are entitled to prejudgment interest. No credit for settlements reached was proposed.

## II.    ARGUMENT

18 U.S.C. § 1964(c) states that a person injured by a violation of 18 U.S.C. § 1964 "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee".

In <u>Singer v. Olympia Brewing Co</u>., 878 F.2d 596 (2d Circuit 1989), "the Court of Appeals adopted the "one-satisfaction rule" as a uniform national rule of settlement credit: Under this rule, when a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages". <u>Bankers Trust Company v. Rhoades</u>, 1992 WL 170677 (S.D.N.Y)(¶ 4).

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

The courts of the Second Circuit have found that, "to the extent of a successful collection, the RICO claim is abated *pro tanto*, prior to any application of trebling", Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158, 1166 (1993); also see Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 612. A plaintiff can only recover under RICO to the extent that he has been injured, Id at 612.

In the context of offsetting settlements and recovery amounts in assessing damages, the Second Circuit has made a distinction between those cases where "a RICO violation['s] … central purpose was to prevent the collection of a claim or judgment" and other types of RICO cases (First Capital Asset Management, Inc. v. Brickellbush, 217 F. Supp. 2d 369 (S.N.D.Y. 2002). This distinction is discussed in the case of Crazy Eddie Securities Litigation v. Antar, 948 F.Supp. 1154 (E.D.N.Y 1996), where the court cited Stochastic and Commercial Union stating that "[t]hese RICO cases involved the collection of debt. The court therefore deducted amounts collected before trebling damages since the collection efforts were integral to the RICO injury. Significantly, the Stochastic court discussed a series of cases where an off-set was credited after trebling, and distinguished these cases because they did not involve the collection of debt". Id. at 1169, fn. 12.

It is undisputed that defendant Angela Burr Cimino transferred her interest in MJCC to Cadle who received $698,250.00 in cash and property from that transaction. The context of the

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029

transfer can best be traced from the time records of Cadle's counsel (Taiman and Armstrong) to be part of the bankruptcy proceeding. An examination of Plaintiff's Exhibits A1 and 2 at the hearing will disclose the enormous amount of time expended in the bankruptcy matter on this topic.

Thus, the $698,250.00 recovery should offset the $500,000.00 award, in total. The $1,300,000.00 settlement paid must then be set off against any remaining award (fees and costs).

### III.  CONCLUSION

Whether this Court determines that the recovered amounts should be set off before or after trebling, the fact is that the plaintiffs in the case at hand have received $1,998,250.00 in recoveries and settlements. The Second Circuit has clearly confirmed that a nonsettling defendant (Bainer) is entitled to offset against his potential damages the amounts received by plaintiffs from settling defendants as well as other recoveries. Given the size of the recovery, no award should enter against the defendant Todd Bainer. No verdict was entered against Bainer LLC, so no judgment should enter against it.

DEFENDANTS: TODD R. BAINER and
TODD R. BAINER, L.L.C.

By_____

6

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029

                      R. BRADLEY WOLFE
                      Federal Bar No. ct04332
                      MARY ANNE A. CHARRON
                      Federal Bar No. ct02274
                      Gordon, Muir and Foley, LLP
                      Ten Columbus Boulevard
                      Hartford, CT 06106-1976
                      Telephone (860) 525-5361
                      Facsimile (860) 525-4849

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029

## CERTIFICATION OF SERVICE

      I hereby certify that on the 21st day of August, 2006, a copy of the foregoing Objection to Entry of Judgment in Accordance with Plaintiffs' Motion and Supplemental Motion for Judgment on Jury Verdict and Award of Attorneys' Fees was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                                      R. BRADLEY WOLFE
                                                      MARY ANNE A. CHARRON

::ODMA\PCDOCS\DOCS\421994\4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029