## Issued by the
## UNITED STATES DISTRICT COURT

EXHIBIT A

_____ DISTRICT OF __Connecticut_____

The Cadle Company, et al

V.

Charles A. Flanagan, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: ¹ 3:01-cv-00531(AVC)

TO: R. Bradley Wolfe, Esq.,  Gordon Muir and Foley, LLP
Hartford Square North, Ten Columbus Boulevard, Hartford, CT

[x] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| U.S. District Court<br>450 Main Street<br>Hartford CT 06103 | One |
| | DATE AND TIME |
| | 8/24/06 @ 1:00 p.m |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| U.S. District Court<br>450 Main Street, Courtroom One, Hartford, CT | 8/24/06 @ 1:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

ATTEST:
A TRUE COPY
CHARLES J. LILLEY
CONNECTICUT MARSHAL
HARTFORD COUNTY

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Edward C. Taiman, Jr., Atty Plaintiff | 8/16/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward C. Taiman, Jr., Sabia & Hartely, LLC,
190 Trumbull Street, Suite 202, Hartford, CT 06103; Tel. (860) 541-2077

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Definitions and Instructions

The following definitions and instructions are applicable to all requests for production contained herein:

(A) With respect to any document which is withheld in whole or in part on the ground of privilege, state with regard thereto:

(1) the subject matter of the document;

(2) the type of document for which the privilege is claimed (e.g., letter, memorandum, etc.);

(3) the date of preparation and/or transmittal of the document;

(4) the author of the document, including the specific capacity in which such person acted in doing same;

(5) the identity of each person who received the original or a copy thereof of the document or to whom the contents of the document were communicated, including the specific capacity in which such person received the document or communication; and

(6) identify all persons now in possession of the document and the nature and specific basis for the claim of privilege, including why such basis applies to the document in question.

(B) If any requested document has been destroyed or discarded, identify the document by providing the information called for in subparagraphs (1) through (4) of the preceding paragraph, and provide the date of destruction or discard, the identity of the person responsible for having the document destroyed or discarded and the reason for the destruction or discard of the document.

(C) To the extent that any of the following requests are considered objectionable, state specifically the portion of each request that is claimed to be objectionable and specify the grounds for each such objection. This discovery request does not seek documents subject to the attorney-client privilege or protected by the attorney work product doctrine.

(D) Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purposes of limitation.

(E) "Identify," "identity" or "identification" shall mean: When used with respect to a document, (i) to set forth, as applicable, the type of document (e.g. letter, memorandum, chart, etc.) its date, author, signatories, publisher, designated and actual recipients, titles, stated subject or general subject matter, and present or last known location and custodian. Each document to be so identified may be produced for inspection in lieu of such identification provided it is identified in the answer in a manner that will distinguish it from all other copies of documents delivered at the same time. After the initial full identification of any document, it will be sufficient thereafter merely to describe it by reference to the original description.

(F) "Document" shall mean any written, recorded, or graphic matter however produced or reproduced, including but not limited to, letters, telegrams, memoranda (including written memoranda of telephone conversations, other conversations, meetings, discussions, agreements, acts and/or activities), minutes of any meetings, reports, notes, schedules, tabulations, work papers, interoffice and intra-office communications, bulletins, financial calculations and representations, accounting and diary entries, invoices, plans and specifications, contracts, agreements, analyses, calendars, tape recordings, photographs, books, pamphlets, brochures, records, studies, charts, appraisals, statements, periodicals, drawings, prints, surveys,

handwritten notes, papers, sketches, indices, data sheets, data processing cards, computer printouts, film, advertisements, and any other writings and recordings, whether or not claimed to be privileged. "Document" includes the original and all drafts and copies which differ in any respect from the original. "Document" also includes any mechanical or electronic information or records including, but not limited to, any information inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form, such as tapes, cassettes, discs, diskettes, recordings, TIF files or similar digital records or representations, computerized records, files, electronic mail, e-mail and/or writings of any kind (including those located on electronic media such as zip drives, files, archival tapes, backup tapes, compact discs, and/or hard drives, individual computers, computer networks, personal information managers, palm pilots, personal computing devices, computer peripherals and main frame computers). "Document" also includes facsimiles including, but not limited to, any and all cover pages or cover sheets submitted via facsimile and records confirming the submission and/or the receipt of any facsimiles.

(G)     Documents "relating to" any given subject mean all materials that constitute, contain, embody, reflect, identify, state, refer to, deal with, or are in any way pertinent to that subject, including without limitation documents which relate to the preparation of another document, or are attached to or constitute enclosures with another document.

(H)     "Communication" shall mean any act or instance of transmitting knowledge or intelligence, fact or opinion from one person to another through or by any medium, technique, signal or system, including, but not limited to, oral, written or electronic communications which occur at meetings or conferences or by telephone, telegram, letter or other correspondence.

(I)     The singular and masculine form of any noun or pronoun shall include, and be read and applied as including, the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

(J)     "Person" includes natural persons, groups of natural persons, such as a committee or boards of directors, corporations, partnerships, associations, joint ventures, public corporations, federal government, state governments, local governments, governmental agencies, or any other incorporated or unincorporated business, social or legal entity.

(K)     Unless otherwise indicated, "you" or "your" shall refer to R. Bradley Wolfe.

(L)     "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and." The words shall be construed to make the Request for Production inclusive rather than exclusive.

(M)    "Support" shall mean to provide a basis for, to tend to support, and/or to be believed to support.

(N)    "Duplicated" shall mean any manner in which a document as that term is defined in subparagraph (F) above was reproduced including, but not limited, to a xerox or photocopy and/or a copy made on computer hardware or software.

**DOCUMENTS TO BE PRODUCED**

Produce copies of all documents which show:

1.      The hourly rate charge by you and/or anyone at the law firm of Gordon Muir and Foley, LLP in connection with <u>The Cadle Company, et al v. Charles A. Flanagan, et al</u>, bearing case No. 3:01cv00531(AVC) (the "RICO Case").

4

2. The amount of attorney fees charged by you and/or the law firm of Gordon Muir and Foley, LLP in connection with the RICO Case.

3. Any and all bills sent to Todd Bainer in connection with the RICO Case.