UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and<br>D.A.N. JOINT VENTURE,<br>A LIMITED PARTNERSHIP, | §<br>§ | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | December 18, 2006 |
| Defendants. | § | |

### SUPPLEMENTAL AFFIDAVIT OF F. DEAN ARMSTRONG IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS OF SUIT

My name is F. Dean Armstrong. I am over the age of 21, fully competent to make this affidavit and personally acquainted with the facts as stated herein. If called as a witness upon the trial of this case, I could and would testify as follows:

1.   I am an attorney licensed to practice law in the states of Illinois and Texas, and I was permitted to try this case in this Court pro hac vice. I have concentrated in the area of litigation since I obtained my law license in November of 1977. My education background and employment background are set forth in my curriculum vitae, a copy of which is attached to my July 13, 2005 affidavit filed herein on that date.

2.   I have considerable experience in trying complex and sophisticated business litigation cases, some of which are listed on my CV. Throughout the past 27 years, my law practice has concentrated in the area of complex and sophisticated

business litigation from the plaintiff's side of the docket, with particular expertise developed in the area of prosecution of civil RICO cases and legal malpractice cases. A brief review of the recorded RICO jury verdicts shows that I have tried as plaintiff's counsel more civil-RICO cases and prevailed before a jury on those cases than any other attorney in the United States.

3. I am aware of the standards of reasonableness for legal fees for the prosecution of complex business litigation cases of this nature.

4. This case was filed on April 4, 2001, with the trial lasting from May 23, 2005 to June 10, 2005. The time and labor required for the prosecution of this case were extensive. Moreover, the factual and legal issues were highly complicated. Indeed, this was an extremely difficult and intense case to prosecute and try. As shown by the attached Pxs 31,32, 199 and 200, Defendant Todd R. Bainer sent letters to Plaintiffs' counsel threatening them with grievances and civil suits if Plaintiffs' counsel continued with the prosecution of this case.

5. In addition, there was a considerable number of depositions taken by the parties, and many thousands of pages of documents were produced and reviewed. Moreover, the trial of this case lasted approximately three weeks, and the time spent in preparation for the trial was extensive.

6. It should also be noted that a large number of hours were expended by The Cadle Company's in-house counsel, Victor O. Buente, Jr. toward the research, investigation and prosecution of this case, but no reimbursement of Mr. Buente's time is sought in this fee application. Further, no charges were made by me for travel time except for any portions of any flights where I was able to otherwise perform productive legal work on this case.

7. This case involved novel and difficult factual and legal issues in connection with the role of attorneys as co-conspirators for the implementation and execution of a fraudulent transfer scheme.

8. It is my opinion that a considerable degree of skill was required to perform the legal services in this case due to the complex nature of the facts; the novel legal issues involved and the courtroom experience and extensive qualifications of opposing counsel. Further, the pre-trial matters and the three-week trial of this case were inordinately intense and complex.

9. In addition, as a result of my representation of the Plaintiffs in this case, I was precluded from other employment due to the complex nature of this case and the amount of time that it took to prepare for trial and try this case. I am a solo practitioner, so there were no other attorneys that were able to handle my other legal matters during the extensive time

that I spent involved in the pre-trial and trial of this case. Accordingly, during much of the pre-trial activities and the entire three-week trial of this case, it was virtually impossible for me to work on other legal matters for other clients.

10. Plaintiffs agreed to pay my legal fees on a straight time charge basis and to reimburse me for the expenses in connection with the prosecution of this case. Plaintiffs have paid all of my fees, have reimbursed me for all of my out-of-pocket expenses and have paid all of the legal bills and expense reimbursements submitted by Sabia & Hartley and Paul M. Gaide, LLC.

11. The time limitations imposed by Plaintiffs and the circumstances of this case were substantial in that the results of this case would serve to deter other attorneys from engaging in wrongful conduct with their clients in connection with the fraudulent transfer of assets. The amount involved in this case and the results obtained support the reasonableness of the attorney fees requested herein.

12. Also, I believe that my experience, reputation and ability for the prosecution of plaintiff's business litigation cases justify the award of the fees requested herein. My area of expertise is in plaintiff's business litigation, and I believe I have obtained a good reputation in the prosecution of

large and complicated business litigation matters. In addition, I have a proven record of successfully prosecuting business litigation cases of this nature.

13. I also believe that the fees requested herein are reasonable in light of the undesirability of this case. While the jury ultimately agreed with Plaintiffs' view of the case, it is my belief that most plaintiff's attorneys would turn down a case of this nature because of the claims of wrongful conduct by fellow attorneys and the political influence of some of the Defendants.

14. The fees requested are also justified based on the nature and length of my professional relationship with Plaintiffs. I have represented The Cadle Company on large and complicated business litigation matters on a continuous basis from 1991 to the present.

15. I also believe that the fees requested herein are reasonable and justified based on attorney fee awards in similar cases in which I've participated or of which I have knowledge.

16. Further, the legal and factual issues in connection with the prosecution of Plaintiffs' RICO claims are inextricably intertwined with the legal and factual issues pertaining to the other claims in this case and the defense of Thompson & Peck's counterclaim. Simply put, all of the claims in this case and the counterclaim by Thompson & Peck involve a common core of

operative facts. Plaintiffs request reimbursement for the full amount of their attorneys' fees and costs billed and paid in connection with this case.

17. I have reviewed the legal bills submitted by (1) Armstrong Law Firm (attached to my July 13, 2005 affidavit as Px A-1); (2) Sabia & Hartley (attached to my July 13, 2005 affidavit as Px A-2); (3) Paul M. Gaide, LLC (attached to my July 13, 2005 affidavit as Px A-3); (4) the supplemental legal bills submitted by Armstrong Law Firm (previously submitted as Px A-5); and the supplemental legal bills from Sabia & Hartley (previously submitted as Px A-6) as well as the expense statement (attached to my July 13, 2005 affidavit as Px A-4) and supplemental expense statement (reflected in the supplemental legal bills) submitted in connection with the prosecution and the trial of this case. Based on (1) my educational background; (2) my experience as a trial lawyer in complex and complicated business litigation cases of this nature; (3) my review of the file in this case; (4) my research and investigation on the issue of reasonable and necessary attorney fees and litigation expenses for a case of this nature and (5) my actual experience as the lead trial lawyer for the Plaintiffs in this case, it is my opinion, based on a reasonable degree of certainty, that:

> (1) the time spent by the Armstrong Law Firm, Sabia & Hartley and Paul M. Gaide, LLC in connection with the prosecution of this case was fair, reasonable and necessary;

(2) the hourly rates charged by the Armstrong Law Firm, Sabia & Hartley and Paul M. Gaide, LLC in connection with the prosecution of this case were fair and reasonable;

(3) the expenses incurred in connection with the prosecution of this case were fair, reasonable and necessary;

(4) a total award of attorneys' fees for the pre-trial aspects and the trial of this case in the amount of $640,445.70 is fair and reasonable;

(5) an award of costs for the pre-trial, the trial and post-trial aspects of this case in the amount of $51,769.11 ($51,399.88 plus $369.23) is fair and reasonable;

(6) an additional award of attorneys' fees in the amount of $91,173 is fair and reasonable for handling this case from jury verdict until the entry of a final judgment and resolution of post-verdict and post-judgment motions before the case is appealed by the Defendants to the Second Circuit Court of Appeals; and

(7) a total award of attorneys' fees for the pre-trial and trial of this case, including the resolution of any post-verdict and post-judgment motions, in the amount of $731,618.70 ($640,445.70 plus $91,173.00) is fair and reasonable, particularly in view of the results obtained.

I know the above facts from personal knowledge and they are true and correct.

_____
F. Dean Armstrong

SWORN TO AND SUBSCRIBED TO BEFORE ME by the said F. Dean Armstrong on this 18th day of December, 2006.

                                          Notary Public
                                          State of Illinois

My Commission Expires:
10-22-09



"OFFICIAL SEAL"
DIANE R VAN ORT
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 10/22/09