UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CASE NO. 3:01-CV 531 |
| Plaintiff | : | (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
| DEFENDANTS | : | FEBRUARY 15, 2007 |

**PROPOSED PARTIAL OBJECTION TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS MJCC CORPORATION AND MJCC REALTY, LIMITED PARTNERSHIP BY PARTY IN INTEREST, TITAN REAL ESTATE VENTURE, LLC**

Party in interest, Titan Real Estate Ventures, LLC ("Titan"), hereby objects to the Plaintiffs' Second Amended Motion for Judgment for Final Judgment Against Defaulting Defendants and Award of Attorneys Fees ("Motion") as it seeks entry of default judgment against MJCC Corporation and MJCC Realty, Limited Partnership ("MJCC"), for the following reasons:

1.  Plaintiffs' motion, filed by their local counsel, Edward C. Taiman and Dean F. Armstrong, is unethical and a violation of Connecticut Rule of Professional Conduct 1.7[1]. Attorney Taiman is counsel of record to MJCC in connection with the bankruptcy proceedings In re Charles Atwood Flanagan, Case Number 99-30565 (Flanagan Bankruptcy), currently pending in the bankruptcy court of the District of Connecticut, and in Titan Real Estate Ventures, LLC v. MJCC Realty Limited Partnership, ADV.PRO. No. 04-03146, also pending in the bankruptcy court. Attorney Taiman and Armstrong's Motion seeking default judgment in the instant proceeding *against his own client* is clearly acting against the interest of MJCC and constitutes a

---

[1] This Court recognizes the authority of the Connecticut Rules of Professional Conduct as expressing the standards of professional conduct expected fo lawyers practicing in this District. Conn. R. Civ. Proc.("Local Rule") 83.2(a).
   This Court may enforce the standards of the Rules of Professional Conduct by appropriate proceedings other than referral to the Grievance Committee. Local Rule 83.2 (c)3. This Court may also refer this matter to the Federal Grievance Committee pursuant to Local Rule 83.2(c)3.

violation of Rule 1.7(a),(b).

2.   Party in interest, Titan is an entity that has purchased the Flanagan bankruptcy estate's interest in MJCC from the Trustee in Flanagan Bankruptcy following Court sanctioned sale of that asset. Consequently, Titan has an interest in MJCC's assets and seeks to protect them against the unethical conduct of the Plaintiffs and their Attorneys.

3.   The Court should be aware of the relationship between the Plaintiffs in this action and Defendant MJCC. Daniel Cadle is the president and controlling partner of the two plaintiffs in this action. Mr. Cadle also holds himself out as the president of MJCC. Mr. Cadle violates his fiduciary duty towards MJCC by seeking to hold it liable for millions of dollars in damages. Upon information and belief, Titan is concerned that should a judgment enter in favor of Cadle against MJCC, that Cadle would levy or execute against all the assets of MJCC thereby effectively ending Titans' action against MJCC in bankruptcy court, as there would be no assets of MJCC left for Titan to execute upon once judgment entered in Cadle's favor

4.   The claims made by Titan against MJCC are that it improperly and wrongfully seized and disposed of assets of the bankruptcy estate without notice to or permission of the trustee or the bankruptcy court. Specifically, MJCC improperly exerted control over real estate identified in paragraphs 12 through 14 of the Second Amended Complaint in this action. It is alleged that MJCC then sold the property located at 230 Millbrook Road, North Haven, Connecticut, that belonged to the bankruptcy estate of Charles Flanagan without permission of the bankruptcy court or notice to the trustee based on its claim. The sale proceeds of $460,000 were retained by MJCC and eventually distributed to Cadle. MJCC, aside from being sued by Titan, is also the subject of a motion for contempt filed in the bankruptcy court. The entry of a default judgment against MJCC in this case would permit the plaintiffs to continue their end-run

around the bankruptcy court's jurisdiction, to Titan's detriment.

5.  As indicated, in the Proposed Final Judgment provided the court by the plaintiff, they settled prior to trial with named defendants Angela Cimino Burr, Charles A. Flanagan and Lisa Flanagan, and the settled after trial with defendants Leonard A Fasano, Fasano & Ippolito, Thompson & Peck, Inc., Stanley F. Prymas, Todd R. Bainer and Todd R. Bainer, LLC. It is conceivable that the amounts obtained from the aforementioned defendants exceed the amount of damages and attorney's fees Plaintiff may be entitled to in this case, particularly when the sale proceeds from the sale of the North Haven property are included in this sum. The Judgment in the Plaintiff's favor against the non-appearing Defendants would be irrelevant and unnecessary as no monies would be due and owing to the Plaintiffs.

Wherefore, party in interest, Titan, requests the Second Motion for Final Judgment against Defaulting Defendants and Award Attorneys Fees filed by the Plaintiffs be denied.

Respectfully Submitted
Titan Real Estate Ventures, LLC

By:_____
Stephen P. Wright ct: 02255
Harlow, Adams & Friedman
300 Bic Dr.
Milford, CT 06460
Tel: 203-878-0661