**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE CADLE COMPANY and** | § | **No. 3:01CV531(AVC)** |
| **D.A.N. JOINT VENTURE,** | | |
| **A LIMITED PARTNERSHIP,** | § | |
| | | |
| **Plaintiffs,** | § | |
| | | |
| **vs.** | § | |
| | | |
| **CHARLES A. FLANAGAN, et al.** | § | **March 15, 2007** |
| | | |
| **Defendants.** | § | |

<u>**PLAINTIFFS' OBJECTION TO MOTION TO INTERVENE**</u>

The Plaintiffs, The Cadle Company ("Cadle") and D.A.N. Joint Venture, A Limited Partnership ("DAN"), (collectively "Plaintiffs"), hereby object to the Motion to Intervene as a Defendant Under Rule 24 to Contest Entry of Final Default Judgment as to MJCC Corporation and MJCC Limited Partnership (the "Motion"), filed by Titan Real Estate Ventures, LLC ("Titan"), dated February 15, 2007.  In support thereof, Plaintiffs state the following.

**I.    STATEMENT OF FACTS**

On April 4, 2001, Plaintiffs brought the instant RICO action pursuant to 18 U.S.C. §1961, et. seq.  Plaintiffs sought to recover damages against the various defendants on the basis that they had conspired with Charles A. Flanagan to deprive and prevent Plaintiffs from collecting on their lawful judgment

claims.  One such defendant was Angela Cimino Burr ("Burr"), who
was initially represented herein by Attorney Robert G. Skelton.
Burr was the owner of a 95% interest in MJCC Realty Limited
Partnership ("MJCC Realty").  MJCC Realty is a defendant to this
action and was also initially represented herein by Attorney
Robert G. Skelton.  Attorney Skelton died sometime on or before
December 11, 2002.  By motion dated December 11, 2002,
Plaintiffs filed their Motion for Default from Failure to Appear
as to Burr, MJCC Realty, Socrates Babacus, Joseph Caporale and
others, who were all previously represented by Attorney Skelton.
On December 19, 2002, the Court granted Plaintiffs' motion and
entered a default as to the aforementioned defendants and
others.

    In January, 2003, Plaintiffs settled their claims against
Burr.  As part consideration for the settlement between the
parties, Burr transferred or otherwise assigned to Plaintiff DAN
her 95% interest in MJCC Realty.

    Titan was formally organized on January 5, 2004.  See,
Exhibit A attached hereto.  Its sole member is a former co-
defendant herein, Stanley F. Prymas ("Prymas").  In 2004, Titan
purchased certain claims from Bonnie Mangan, Trustee of the
chapter 7 bankruptcy estate of Charles A. Flanagan, case number
99-30565.  Titan purchased whatever right or interest the

bankruptcy estate had in MJCC Realty and MJCC Corporation and their assets, if any.  A copy of the Trustee's Bill of Sale to Titan is attached hereto as Exhibit B.

By complaint dated October 15, 2004, Titan brought suit against MJCC Realty and others, wherein it claimed an ownership interest in both MJCC Realty and its assets which consist in part of certain real property known as 25 Queach Road, Branford, Connecticut.  The lawsuit was filed with the United States Bankruptcy Court for the District of Connecticut and is currently pending before The Honorable Albert S. Dabrowski, United States Bankruptcy Judge.  <u>See</u>, <u>Titan Real Estate Ventures LLC v. MJCC Realty Corp., et al</u>, Adversary No. 04-03146 ("<u>Titan v. MJCC</u>").  Attorney Edward C. Taiman, Jr. was

retained as counsel to defend MJCC Realty and MJCC Corp. DAN, as 95% owner of MJCC Realty, expressly waived any conflict of interest that existed by virtue of Attorney Taiman's concurrent representation of the MJCC entities in the <u>Titan v. MJCC</u> lawsuit and the Plaintiffs in the instant case.

On August 30 and September 1, 2005, a hearing was held on Titan's Application for Prejudgment Remedy wherein Titan was required to establish a showing of probable cause to sustain the validity of its claims. By ruling dated August 15, 2006 (the "Bankruptcy Ruling"), the Bankruptcy Court denied Titan's Application for Prejudgment Remedy on the basis that "Plaintiff had not demonstrated probable cause that it will overcome MJCC's Section 546(a) defense to the Alter Ego Claim." <u>See</u>, Exhibit C attached hereto, Bankruptcy Ruling at 14. Section 546(a) of the Bankruptcy Code sets forth the statute of limitations for a trustee to bring an action to recover property for the benefit of the estate. Thus, the Bankruptcy Court ruled:

> On the record of this case and adversary proceeding it appears beyond dispute that Section 546(a)'s limitations expired prior to the Trustee's assignment to Titan. Thus, if the Alter Ego Claim is subject to Section 546(a)'s limitations, Titan received a stale claim from the Trustee.

Bankruptcy Ruling at 8.

On or about February 15, 2007, Titan filed with this Court its Motion.

## II.   LEGAL ARGUMENT

Titan seeks intervention "as of right" pursuant to F.R.C.P. Rule 24(a)(2) on the basis that "it claims an interest in the property of [the] MJCC Defendants, which interest would be severely impaired were the Plaintiffs to obtain a disingenuous default judgment against the same."  Titan's Motion lacks merit and should be denied.

The overall thrust of the Motion is that Titan claims "a property interest in MJCC and its assets."  Motion at pg. 1. Well established case law within the Second Circuit demonstrates that a Rule 24(a)(2) Motion to Intervene can only be granted where all four of the following conditions are met:

> [A]n applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by parties to the action.

In re: Bank of N.Y. Derivative Litigation, 320 F.3d 291, 300 (2d Cir. 2003)(internal quotation marks omitted).  The failure to satisfy any one of these four requirements is deemed a sufficient ground to deny the application.  Id.

5

Turning to the case at bar, Titan cannot satisfy even one of these four criteria. Titan's Motion is not timely. This case was filed in April, 2001. Although MJCC Realty was initially represented by counsel, said defendant was defaulted for failure to appear on December 19, 2002 after its counsel died. Prymas knew of this default at that time. After forming Titan in 2004, Prymas took no steps to intervene for a full three years. During that time this case went to trial and a verdict entered against all appearing defendants. Furthermore, when a party against whom a judgment for affirmative relief is sought has failed to defend, it is in default and a judgment by default may be entered either by the Clerk or the Court. Fed. R. Civ. P. 55. Thus, liability has already been established and it is now proper and timely for this Court to determine the correct amount of damages. The Motion is therefore untimely. What Titan's Motion seeks to accomplish at this late date is unclear. One thing that is certain is that Titan and Prymas are acting in bad faith and with ill intent towards the Plaintiffs. Titan's Motion is an attempt by Prymas to seek revenge on Plaintiffs for having brought this RICO action.

The second prong of the test for intervention requires a showing of an interest in the pending action. There are no circumstances under which Titan can establish that it has an

interest in the pending action.  This RICO action arises out of a pattern of racketeering activity which began in the mid-1990s and continued through the date that Plaintiffs initiated suit in April, 2001.  Titan did not exist as a legal entity in 2001. Titan was not formally organized until January 5, 2004.  Titan's Motion to Intervene speaks of certain real property owned by MJCC Realty and known as 25 Queach Road, Branford, Connecticut; however, the only issue before this Court is the

amount of damages, including attorney's fees and costs, to which
Plaintiffs are entitled.  What the Motion fails to disclose is
that:  (1) Titan was formed by former co-defendant  Prymas, and
its business address is listed with the Secretary of State's
Office as 321 Whitney Avenue, New Haven, CT, which is the exact
same address as another former co-defendant, Thompson & Peck,
Inc.; and (2) the Bankruptcy Court has already ruled in the
Titan v. MJCC action that there is no probably cause to sustain
Titan's claims of having an ownership interest in MJCC or its
assets.  See, Exhibit C attached hereto.  Under these
circumstances, not only is it a stretch for Titan to claim an
interest in the subject of this action, its failure to provide
full disclosure of all relevant facts to this Court sounds in
bad faith.

The third prong of the intervention test requires a showing
that Titan is so situated that without intervention, the
disposition of the action may, as a practical matter, impair or
impede its ability to protect its interest.  See, United States
v. Pitney Bowes, Inc., 25 F. 3d 66, 70 (2d Cir. 1994).  If, in
Titan v. MJCC, Titan could not establish probable cause to
sustain its claim that it has an ownership interest in MJCC or
its property, then it cannot possibly argue in good faith that
without intervention herein, the disposition of this action will

impair or impede Titan's ability to protect that very same interest.  The answer is simple:  it cannot.  The probable cause standard presents the lowest possible burden of proof in our system of jurisprudence.  "Proof of probable cause is not as demanding as proof by a fair preponderance of the evidence." Newtown Associates v. Northeast Structures, Inc., 15 Conn. App. 633, 636-37 (1988).

> The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and as such would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it . . . . Probable cause is a flexible common sense standard.  It does not demand that a belief be correct or more likely true than false.

36 Deforest Avenue, LLC v. Creadore, 99 Conn. App. 690, 695 (2007).

Thus, Titan was unable to prove to the Bankruptcy Court even the most basic facts to sustain its claims because they were all time barred by operation of 11 U.S.C. §546(a).

The fourth prong of the intervention test requires a showing that Titan's interest is not adequately represented by the other parties. <u>United States v. Pitney Bowes, Inc.</u> at 70. Because Titan has no interest in MJCC or its property, there is no need for this Court to further explore the issue of whether the other parties adequately represent that "interest."

## III. CONCLUSION

Titan's Motion to Intervene was filed in bad faith and with ill intent. Titan's actions herein are really those of former co-defendant Prymas seeking to disrupt and cause financial harm to the Plaintiffs. Titan has failed to provide this Court with full disclosure of relevant, material facts. Given the totality of the circumstances, including Titan's inability to satisfy even one of the four prongs required for intervention as of right, Titan's Motion should be denied, and sanctions and attorneys fees and costs should enter against them.

THE CADLE COMPANY
D.A.N. JOINT VENTURE,
A LIMITED PARTNERSHIP


By_____
   Edward C. Taiman, Jr.

10

Barry & Taiman, LLC
202 West Center Street,1st Floor
Manchester, CT 06040
860-649-4400
Federal ID No.CT01319
Their Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE CADLE COMPANY and** | § | **No. 3:01CV531(AVC)** |
| **D.A.N. JOINT VENTURE,** | | |
| **A LIMITED PARTNERSHIP,** | § | |
| **Plaintiffs,** | § | |
| | | |
| **vs.** | § | |
| | | |
| **CHARLES A. FLANAGAN, et al.** | § | **March 15, 2007** |
| **Defendants.** | § | |

### CERTIFICATION

I hereby certify that on March 15, 2007, a copy of the foregoing Motion was filed electronically and served by mail on counsel or unrepresented parties unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By _____
Edward C. Taiman, Jr.
Barry & Taiman, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
860-649-4400
Federal ID No. CT01319

ClientDataBase A – Z\C\Cadle Company\Flanagan\Flanagan\RICO\Obj.Mt.Intervene.doc