UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CADLE CO., INC., ET AL.    :
        Plaintiffs,    :
            :
v.    :    CIVIL NO. 3:01-CV-00531 (AVC)
            :
CHARLES A. FLANAGAN, ET AL.    :
        Defendants.    :    MARCH 21, 2007
            :

**DEFENDANT JOSEPH CAPORALE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND AMENDED MOTION FOR FINAL (DEFAULT) JUDGMENT, AND REQUEST FOR EVIDENTIARY HEARING**

The long and tortured history of this case, which itself arose from a prior action in this Court,[1] is almost certainly too well known to the Court. It was commenced in April, 2001 against twelve defendants, including Joseph Caporale, and in pertinent part set forth a civil RICO claim based on the alleged activities of the defendants in seeking to thwart the plaintiffs' collection of its judgment from the prior action against Charles A. Flanagan.

---

[1] Cadle Co. v. Charles A. Flanagan, 3:96-CV-02648 (AVC).

- 1 -

On July 25, 2001, the plaintiffs filed a motion to default Mr. Caporale for failing to appear,[2] which was granted by the clerk on August 2, 2001. On August 10, 2001, an appearance was filed on Mr. Caporale's behalf by Attorney Robert Skelton, along with a motion to set aside the default.[3] On February 7, 2002, the Court granted Attorney Skelton's motion to set aside the default. In the meantime, on August 31, 2001, Attorney Skelton filed a motion to dismiss and a supporting memorandum on behalf of Mr. Caporale and the seven other defendants he represented at that time.[4] This was granted in part and denied in part on March 27, 2002. The motion to dismiss was the last substantive pleading filed on Mr. Caporale's behalf. The last communication between Mr. Caporale and Attorney Skelton occurred on September 7, 2001, at which time Attorney Skelton informed Mr. Caporale that the case against him soon would be dismissed by the court or otherwise disposed of, and that he had nothing more to do and nothing to worry about.

---

[2] Docket Entry No. 48.
[3] Docket Entries Nos. 51 and 52.
[4] Docket Entries 56 and 57.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

On August 3, 2002, Attorney Skelton died, a fact which Mr. Caporale did not learn until February, 2007. In the intervening period, and based on Attorney Skelton's statements to Mr. Caporale, Mr. Caporale assumed and believed that the lawsuit against him had been dismissed or disposed of as Attorney Skelton had assured him it would be.

On December 12, 2002, the plaintiffs moved for entry of a default against six defendants, including Mr. Caporale, all of whom had been represented by Attorney Skelton, for failure to file an answer.[5] This was granted by the Clerk on December 19, 2002. The endorsement granting the default directed that "[a] Motion for Default Judgment Pursuant to FRCP 55(b) shall be filed within 30 days or this action will be dismissed by the Clerk pursuant to Rule 41(b) FRCP." On January 13, 2003, the plaintiffs filed a motion seeking a 60 day extension of time to file their motion for default judgment against the non-answering defendants.[6] This motion was granted on January 16, 2003, but modified the following day to provide that the plaintiffs'

---

[5] Docket Entry No. 109.
[6] Docket Entry No. 114.

- 3 -

motion for default judgment was to be filed on or before March 18. 2003. No such motion was filed within the prescribed timeframe and, in consequence, this action should have been dismissed against these defaulted defendants pursuant to F.R.Civ.P. Rule 41(b) on March 19, 2003.

Trial commenced on May 23, 2005, and lasted approximately three weeks. In response to a subpoena, Mr. Caporale appeared and testified at trial as a witness. In the course of that appearance, no one said or did anything which alerted him to his continuing status as a party. The jury returned a verdict for the plaintiffs in the amount of $500,000. The plaintiffs shortly thereafter moved that it be trebled, and that the plaintiffs be awarded attorneys' fees pursuant to 18 U.S.C. §1964(c). After a fairly lengthy course of post-trial proceedings and settlement conferences, the plaintiffs entered into settlements with all of the major defendants and most of the minor ones.[7]

---

[7] The plaintiffs had settled with several defendants, including Charles Flanagan, prior to trial.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

On December 19, 2006, the plaintiffs filed what they characterized as a <u>Second Amended Motion for Final Judgment Against Defaulting Defendants and Award of Attorneys Fees</u>.[8] The referenced "defaulting defendants" consisted of Mr. Caporale, one Socrates T. Babacus, and two entities both of which are now apparently controlled by the plaintiffs themselves. On January 25, 2007, the Court issued an Order to Show Cause directing the identified defendants, including Mr. Caporale, to show cause by February 19, 2007 why the requested default judgment should not enter against them.[9] Mr. Caporale received this order, and on February 8, 2007 wrote to the Court requesting an extension of time to respond.[10] The Court treated this as a letter motion, and granted an extension until March 21, 2007. For the reasons set out below, the defendant Joseph Caporale objects to entry of the requested default judgment, and requests an evidentiary hearing.

---

[8] Docket Entry No. 700. The undersigned is somewhat confused by the designation, as it suggests that there was at least one prior motion for a default judgment filed against the identified defendants, and the undersigned has been unable to locate any such motion on the docket sheet.
[9] Docket Entry No. 701.
[10] Docket Entry No. 706.

- 5 -

I. **AS TO THE DEFENDANT JOSEPH CAPORALE, THIS ACTION WAS DISMISSED ON MARCH 19, 2003, AND NO JUDGMENT MAY ENTER AGAINST MR. CAPORALE UNLESS OR UNTIL THE PLAINTIFFS PREVAIL ON A MOTION TO VACATE OR SET ASIDE THAT DISMISSAL.**

As noted above, on January 17, 2003 this Court granted the plaintiffs' request to extend by sixty days the time within which they might file a motion for a default judgment based upon the default previously entered against Mr. Caporale for failing to answer the plaintiffs' complaint. As the plaintiffs themselves noted in their January, 2003 motion for an extension of time,[11] they had been ordered to file a motion for a default judgment within thirty days of the entry of the default, and informed that their failure to do so <u>will</u> result in dismissal of the action pursuant to F.R.Civ.P. Rule 41(b). The plaintiffs did not file a motion for a default judgment within the time ordered, and did not request any further extensions of the time within which they might do so. Rather, the plaintiffs waited nearly four years before renewing their efforts to secure a default judgment against Mr. Caporale.

The defendant respectfully submits that as to Mr. Caporale, this action was dismissed on March 19, 2003, the day following

---

[11] See, Docket Entry No. 114, ¶ 3.

- 6 -

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

the expiration of the additional sixty days sought by the plaintiffs and allowed by the Court.  Further, while F.R.Civ.P. Rule 60(b) might arguably have permitted the plaintiffs to seek relief from the judgment of dismissal entered on March 19, 2003 by reason of inadvertence or excusable neglect, their right to do so is limited by the rule itself to a period of one year following entry of that judgment.  In consequence, there is no action pending against Mr. Caporale within which a default judgment may enter, and the time has long since passed within which the plaintiffs could seek relief from the dismissal.

II.  **EVEN IF THIS ACTION IS STILL PENDING AS TO MR. CAPORALE, HE IS ENTITLED TO AN EVIDENTIARY HEARING CONCERNING WHAT THE PLAINTIFFS HAVE ALREADY RECEIVED AS A RESULT OF THEIR SETTLEMENTS WITH THE OTHER DEFENDANTS.**

It is elementary that a plaintiff is entitled to but one recovery on his claim.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 348 (1971); Northern Assurance Co. of America v. Square D Co., 201 F.3d 84, 88, n.4 (2nd Cir., 2000); St. Clair v. Eastern Air Lines, 302 F.2d 477, 479 (2nd Cir., 1962).  It is equally elementary that any payments made to the present plaintiffs by the settling defendants reduce the amounts remaining due "at least to the extent of the payments

- 7 -

made." Restatement (Second) Torts, §885(3); <u>Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.</u>, 453 F.2d 552, 554 (2nd Cir., 1972). It is undisputed that the plaintiffs have settled their claims against all of the individual defendants except Mr. Caporale and Socrates T. Babacus, and with all of the institutional defendants except MJCC Corporation and MJCC Realty Ltd. Partnership, two entities which are now apparently controlled by the plaintiffs themselves, presumably through their settlements with other parties. Neither Mr. Caporale nor the Court has any idea what the plaintiffs received through their settlements or, consequently, what amount, if any, would remain due from Mr. Caporale and Mr. Babacus.

Mr. Caporale is entitled to an evidentiary hearing to establish what the plaintiffs have recovered to date from the other defendants, as well as the value of any tangible assets, such as the holdings of the MJCC defendants, now owned or controlled by the plaintiffs.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

III. **EVEN IF THIS ACTION IS STILL PENDING AS TO MR. CAPORALE, HE IS ENTITLED TO AN EVIDENTIARY HEARING CONCERNING THE TERMS OF ANY RELEASES GIVEN BY THE PLAINTIFFS IN CONNECTION WITH THEIR SETTLEMENTS WITH THE OTHER DEFENDANTS.**

The Supreme Court has repudiated the old common law rule that a release of one joint tortfeasor operates as a release of all in favor of a case-by-case analysis focusing on the intentions of the parties. <u>Aro Manuf. Co., Inc. v. Convertible Top Replacement Co., Inc.</u>, 377 U.S. 476, 501 (1964). See also, <u>Restatement (Second) Torts</u>, §885(1). As noted earlier, the plaintiffs have settled with all of the principal defendants in this action, and with several of the minor defendants as well. Presumably, releases were given incident to these settlements. In light of the fact-driven, case-by-case inquiry as to the effect of a release given to one joint tortfeasor on the liability of others, Mr. Caporale is entitled to an evidentiary hearing for the purpose of exploring the releases given to the other defendants and their bearing, if any, on whether he could remain liable to the plaintiffs.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

IV.   **FOR THE REASONS SET OUT MORE FULLY IN MR. CAPORALE'S MARCH 21, 2006 <u>MOTION TO SET ASIDE DEFAULT</u>, THE PLAINTIFFS' <u>MOTION FOR ENTRY OF A DEFAULT JUDGMENT</u> SHOULD BE DENIED.**

Along with the instant memorandum objecting to and opposing entry of a default judgment against him, Mr. Caporale has filed a motion pursuant to F.R.Civ.P. Rule 55(c) asking the Court to set aside the default entered against him. Without repeating the facts and arguments set out in that motion, the gist of Mr. Caporale's claim is that he had a reasonable and good faith belief, dating from September 7, 2001 and arising from Attorney Skelton's representations to him, that this action would be dismissed as to him shortly after September 7, 2001. Indeed, subsequent to September 7, 2001 Attorney Skelton never again communicated with Mr. Caporale, and Mr. Caporale first learned of Attorney Skelton's death in February, 2007 when he made inquiries after receiving the plaintiffs' motion for entry of a default judgment and the Court's show cause order. In the interim, and hearing nothing further from Attorney Skelton or indeed from the plaintiffs or anyone else connected to this action, Mr. Caporale reasonably assumed that Attorney Skelton's representation had been accurate and that he was no longer involved in this action. This conclusion was surely buttressed

- 10 -

when Mr. Caporale appeared as a witness at trial and Attorney Skelton was not present, and no one said or did anything giving him notice that he remained a party in the case.

Because, for the reasons set out in Mr. Caporale's <u>Motion to Set Aside Default</u>, he satisfies the legal standards governing the Court's exercise of discretion under F.R.Civ.P. Rule 55(c), the default should be set aside and the plaintiffs' motion for a default judgment must, consequently, be denied.

> RESPECTFULLY SUBMITTED,
>
> THE DEFENDANT,
> JOSEPH CAPORALE
>
> BY: _____
> ERIC P. SMITH, ESQ.
> FEDERAL BAR NO. ct16141
> e-mail: ESmith@ltke.com

- 11 -

**CERTIFICATION OF SERVICE**

    I hereby certify that on March 21, 2007, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                         BY: _____
                              ERIC P. SMITH, ESQ.
                              FEDERAL BAR NO. ct16141
                              e-mail: ESmith@ltke.com

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278