UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE CO., INC., ET AL. : | |
| Plaintiffs, : | |
| v. : | CIVIL NO. 3:01-CV-00531 (AVC) |
| CHARLES A. FLANAGAN, ET AL. : | |
| Defendants. : | MARCH 20, 2007 |

### AFFIDAVIT OF JOSEPH CAPORALE

I, Joseph Caporale, being duly sworn, hereby affirm that:

1. I am over eighteen years of age, and I understand and believe in the obligations of an oath.

2. I have personal knowledge of the facts contained in this affidavit.

3. Sometime in April, 2001, I was listed as one of many defendants in a lawsuit brought by The Cadle Company against Charles Flanagan and others (The Cadle Co., Inc. v. Charles Flanagan).

4. Charles (Charlie) Flanagan is the husband of my wife's second cousin, Lisa Flanagan.

5. After receiving the lawsuit papers I contacted Charlie Flanagan, who directed me to Attorney Robert G. Skelton in Hartford.

6. On September 7, 2001, I met with Attorney Skelton at his office in Hartford, and he told me that he would represent me and defend me in the Cadle lawsuit.

7. September 7, 2001 was the one and only time that I met with Attorney Skelton about the Cadle lawsuit or anything else.

8. I have a letter dated September 7, 2001 signed by Attorney Skelton (and me) in which Attorney Skelton agreed to represent me and defend me in the Cadle lawsuit.

9. During my September 7, 2001 meeting with Attorney Skelton he told me that the Cadle lawsuit against me soon would be dismissed by the court or otherwise disposed of, that I had nothing else to do, and that I had nothing to worry about. He assured me that everything would be fine.

10. After September 7, 2001, and based on what Attorney Skelton had told me during our meeting, I assumed that the Cadle lawsuit against me had been dismissed by the court or otherwise

- 2 -

disposed of while Attorney Skelton was my lawyer.

11.  In 2005 I received a subpoena ordering me to appear in federal court in Hartford in May or June, 2005 to testify, which I did.  While I was in the courtroom and before I testified, one of the lawyers directed me out of the courtroom and into a nearby waiting room and instructed me to wait there until I was called to testify, which I did.  When I was called back into the courtroom to testify, I answered the questions put to me by the lawyers and then left the building.

12.  Nobody said or did anything while I was in court in May or June, 2005 which indicated to me that I was still being sued as a defendant in the lawsuit.

13.  When I appeared in court in May or June, 2005 I had no idea that I had been "defaulted" in December, 2002, that Attorney Skelton had died, or that I was still being sued as a defendant in the Cadle lawsuit.

14.  After my September 7, 2001 conversation with Attorney Skelton in which he assured me that the lawsuit against me soon would be dismissed by the court or disposed of and that I had

- 3 -

nothing else to do or worry about, the next communication I received from anyone alerting me to the fact that I was still being sued as a defendant was the Court's "Order to Show Cause" dated January 25, 2007, which I received in February, 2007.

15.  In February, 2007, I learned that Attorney Skelton had died in August, 2002, and that I had been "defaulted" as a defendant in December, 2002.

16.  I believe that I have defenses to the plaintiffs' claims against me.  For example, I knew nothing about Charlie Flanagan's business dealings; I knew nothing about Charlie Flanagan's debts or the plaintiffs' claims against Charlie Flanagan; I did not knowingly or intentionally join or participate in any conspiracy to defraud the Cadle plaintiffs or anyone else; I did not establish, and had nothing to do with the establishment of, any post office box with or for Charlie Flanagan; I did not make or knowingly participate in any property transfers intended to defraud the Cadle plaintiffs or anyone else; I never saw any of Charlie Flanagan's property deeds or banking statements; I did not receive, handle, endorse,

- 4 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

deposit or cash any rent checks associated with Charlie Flanagan's properties, and did not even know that there were any rent checks. In fact, I had never heard of The Cadle Company until I was subpoenaed to testify in connection with a bankruptcy proceeding involving Charlie Flanagan. And, until this lawsuit, I had never heard of Leonard Fasano, Stanley Prymas, Todd Bainer or Socrates Babacus.

17.  I believe that my conduct was not illegal or otherwise improper as claimed by the plaintiffs, and I believe that a jury would have agreed with me had I been aware that I was still a defendant in this lawsuit and defended myself at the trial in Hartford.

18.  Any default that entered against me in December 2002 entered without my knowledge and without any fault or misconduct on my part. I have no recollection of receiving any notice of a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

"default" against me from the court or from any lawyer in December 2002 or January 2003, and believe that I did not.

*[signature]*
Joseph Caporale

The foregoing was signed and sworn to before me this 20th day of March, 2007.

*[signature]* Karen Pembleton
Notary Public

My Commission Expires Oct 31, 2007

- 6 -