UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CASE NO. 3:01-CV 531 |
|     Plaintiff | : | (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
|     DEFENDANTS | : | MARCH 26, 2007 |

## REPLY TO OBJECTION TO MOTION TO INTERVENE

Party in interest, Titan Real Estate Ventures, LLC ("Titan"), hereby files its reply to the Plaintiff's Objection to Motion to Intervene dated March 15, 2007, and would respectfully show as follows:

1. Notwithstanding the unsubstantiated allegations made by the Plaintiffs, The Cadle Company and D.A.N. Joint Ventures, a limited partnership (hereinafter collectively referred to as "The Cadle Company"), in their Objection to Motion to Intervene, the reason that Titan felt compelled to file a Motion to Intervene, was to necessarily and rightfully prevent The Cadle Company from dissipating and diluting assets of MJCC Realty Limited Partnership ("MJCC").

2. As The Cadle Company admits in its Objection, The Cadle Company owns 95% interest in MJCC, and since the time that it bullied MJCC's previous 95% owner, Angela Cimino Burr, out of her interest, it has controlled and dominated the business decisions of MJCC. Evidence of this is the sale of the property owned by MJCC located on Millbrook Road, North Haven, Connecticut, proceeds of which the Cadle Company's president, Daniel C. Cadle, testified in a Bankruptcy Court hearing that he distributed to he and his wife.

3. Given that MJCC is now essentially owned lock, stock and barrel by The Cadle Company, there wouldn't seem to be any necessity for it to go through the charade of obtaining a

final judgment against MJCC, as any judgment entered would essentially be entered against itself.

4.  Nevertheless, The Cadle Company, through its Attorney Edward Taiman, Jr., is pressing for such a judgment to enter against MJCC a company which Attorney Taiman also represents in a somewhat related matter located in the United States Bankruptcy Court, New Haven Division, entitled <u>Titan Real Estate Ventures, LLC v. MJCC Realty Corp. et al</u>, Adversary Number 04-03146. The reason that The Cadle Company and Attorney Taiman are so intent on having this court enter a final judgment against MJCC, is that in the aforementioned bankruptcy matter, Titan is prosecuting an action against MJCC claiming that MJCC and its assets, are assets of the Charles Flanagan Bankruptcy Estates, which interests Titan Purchased some time ago by way of a Bankruptcy Court order which is now final.

5.  Should this court allow The Cadle Company to complete its insidious and incestuous plans, by entering a final judgment in its favor, against its subsidiary there is little doubt that The Cadle Company will execute on whatever assets MJCC has, which assets The Cadle Company would be more than familiar with given that the 95% owner of the same, and through such action make it extremely difficult if not impossible for Titan to collect on any judgment that enters in its favor in the bankruptcy court. There is simply no reason for this court to enter such a judgment, as there is no honest or necessary reasons for the same.

6.  As for The Cadle Company's claim that Titan cannot satisfy the four prongs required under F.R.C.P. Rule 24(a)(2), as set forth in Titan's original motion to intervene such an allegation is incorrect.

Titan's motion is timely as, until The Cadle Company filed it's Motion for Entry of Final Default Judgment, there was no way that Titan could have anticipated the underhanded length

that The Cadle Company would go to, to undermine Titan's valid claims brought in the bankruptcy court.[1] Additionally, until The Cadle Company's Motion for Entry of Final Default Judgment was filed, numerous of the named defendants in the RICO action objected to entry of the final default judgment, and accordingly Titan's position was protected. Now that Cadle has systematically withdrawn its action against all of the named defendants, other than those who did not appear, there is nobody to carry the torch for Titan, necessitating Titan seeking to intervene at this time.

8. There can be no justifiable claim made that Titan has no interest in the current action, as Titan claims that it is the actual owner of MJCC and any and all of its assets by virtue of the assignment of interest made by Trustee, Bonnie Mangan, in the Bankruptcy Court. That assignment was approved by the Court, Dabrowski, J. Accordingly, Titan certainly has an interest in the entity which is seeking to be defaulted, as well as the assets of that entity which Cadle is ultimately attempting to control and dissipate.

9. As set forth above, Titan's interest in MJCC and its assets would be severely impaired were this Court to grant the Plaintiff's Motion to For Entry of Final Default Judgment against MJCC, as Cadle would ultimately plunder MJCC and its assets thus preventing Titan from being able to collect on a judgment it expects to enter in its favor at the trial in the bankruptcy action.

10. Finally, Titan's interest currently is not being protected, as The Cadle Company has systematically withdrawn it's action against all the defendants, other than those not appearing. Certainly Titan cannot expect MJCC to make any attempts to prevent the default

---

[1] Further evidence of the lengths that The Cadle Company is willing to go is threat of Rule 11 Sanctions which it has made to the undersigned in connection with this litigation (Copy of Motion for Rule 11 Sanctions attached).

judgment from entering against it as counsel for MJCC in other matters is also counsel for The Cadle Company in the matter, and therefore is seeking a default judgment against his own client. Accordingly, absent allowing Titan to intervene, it's interests will not be protected by anybody which would be an injustice.

    Accordingly, this Court should grant Titan's Motion to Intervene and allow it to defend its position regarding its ownership interest in MJCC and its assets to prevent The Cadle Company from making an end around Titan's claims in the bankruptcy court.

    BY:/s/ Stephen P. Wright
    Stephen P. Wright ct02255
    Harlow, Adams & Friedman
    300 Bic Drive
    Milford, CT 06460
    Tel: (203) 878-0661

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, ET AL | : | CASE NO. 3:01-CV 531 |
|     Plaintiff | : | (AVC) |
| | : | |
| VS. | : | |
| | : | |
| CHARLES A. FLANAGAN, ET AL | : | |
|     DEFENDANTS | : | MARCH 26, 2007 |

## CERTIFICATION

I hereby certify that on March 26, 2007, a copy of the foregoing Reply to Objection to Motion to Intervene Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                     BY:/s/ Stephen P. Wright
                                                                                         Stephen P. Wright ct02255
                                                                                         Harlow, Adams & Friedman
                                                                                         300 Bic Dr.
                                                                                         Milford, CT 06460
                                                                                        (203) 878-0661