```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

THE CADLE COMPANY and           §        No. 3:01CV531(AVC)
D.A.N. JOINT VENTURE,
A LIMITED PARTNERSHIP,          §

    Plaintiffs,                 §

vs.                             §

CHARLES A. FLANAGAN, et al.     §        April 27, 2007

    Defendants.                 §
```

## MOTION FOR RULE 11 SANCTIONS

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Plaintiffs, The Cadle Company ("Cadle") and D.A.N. Joint Venture, A Limited Partnership ("DAN") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby move this Court to enter sanctions against Titan Real Estate Ventures, LLC, its attorney, Stephen Wright, and Attorney Wright's law firm, Harlow Adams & Friedman, P.C., for filing and prosecuting a certain Motion To Intervene As A Defendant Under Rule 24 To Contest Entry Of Final Default Judgment As To MJCC Corporation And MJCC Limited Partnership (the "Motion"), dated February 15, 2007.

Sanctions are appropriate because the claims raised in the Motion are not warranted by existing law or by any non-frivolous argument for the extension, modification or reversal of existing

law or the establishment of new law.  In support of this Motion, Plaintiffs present the following:

I.   **Relevant Facts**

On April 4, 2001, Plaintiffs brought the instant RICO action pursuant to 18 U.S.C. §1961, et. seq.  Plaintiffs sought to recover damages against the various defendants on the basis that they had conspired with Charles A. Flanagan to deprive and prevent Plaintiffs from collecting on their lawful judgment claims.  One such defendant was Angela Cimino Burr ("Burr"), who was initially represented herein by Attorney Robert G. Skelton.  Burr was the owner of a 95% interest in MJCC Realty Limited Partnership ("MJCC Realty").  MJCC Realty is a defendant to this action and was also initially represented herein by Attorney G. Skelton.  Attorney Skelton died sometime on or before December 11, 2002.  By motion dated December 11, 2002, Plaintiffs filed their Motion for Default for Failure to Appear as to Burr, MJCC Realty, Socrates Babacus, Joseph Caporale and others, who were all previously represented by Attorney Skelton.  On December 19, 2002, the Court granted Plaintiffs' motion and entered a default as to the aforementioned defendants and others.

In January, 2003, Plaintiffs settled their claims against Burr.  As part consideration for the settlement between the

parties, Burr transferred or otherwise assigned to Plaintiff DAN her 95% interest in MJCC Realty.

Titan was formally organized on January 5, 2004.  See, Exhibit A attached hereto.  Its sole member is a former co-defendant herein, Stanley F. Prymas ("Prymas").  In 2004, Titan purchased certain claims from Bonnie Mangan, Trustee of the chapter 7 bankruptcy estate of Charles A. Flanagan, case number 99-30565.  Titan purchased whatever right or interest the bankruptcy estate had in MJCC Realty and MJCC Corporation and their assets, if any.  A copy of the Trustee's Bill of Sale to Titan is attached hereto as Exhibit B.

By complaint dated October 15, 2004, Titan brought suit against MJCC Realty and others, wherein it claimed an ownership interest in both MJCC Realty and its assets which consist in part of certain real property known as 25 Queach Road, Branford, Connecticut.  The lawsuit was filed with the United States Bankruptcy Court for the District of Connecticut and is currently pending before The Honorable Albert S. Dabrowski, United States Bankruptcy Judge.  See, Titan Real Estate Ventures LLC v. MJCC Realty Corp., et al, Adversary No. 04-03146 ("Titan v. MJCC").  Attorney Edward C. Taiman, Jr. was retained as counsel to defend MJCC Realty and MJCC Corp.  DAN, as 95% owner of MJCC Realty, expressly waived any conflict of interest that

existed by virtue of Attorney Taiman's concurrent representation of the MJCC entities in the Titan v. MJCC lawsuit and the Plaintiffs in the instant case.

On August 30 and September 1, 2005, a hearing was held on Titan's Application for Prejudgment Remedy wherein Titan was required to establish a showing of probable cause to sustain the validity of its claims. By ruling dated August 15, 2006 (the "Bankruptcy Ruling"), the Bankruptcy Court denied Titan's Application for Prejudgment Remedy on the basis that "Plaintiff had not demonstrated probable cause that it will overcome MJCC's Section 546(a) defense to the Alter Ego Claim." See, Exhibit C attached hereto, Bankruptcy Ruling at 14. Section 546(a) of the Bankruptcy Code sets forth the statute of limitations for a trustee to bring an action to recover property for the benefit of the estate. Thus, the Bankruptcy Court ruled:

> On the record of this case and adversary proceeding it appears beyond dispute that Section 546(a)'s limitations expired prior to the Trustee's assignment to Titan. Thus, if the Alter Ego Claim is subject to Section 546(a)'s limitations, Titan received a stale claim from the Trustee.

Bankruptcy Ruling at 8.

On or about February 15, 2007, Titan filed with this Court its Motion.

**II.   Legal Argument**

Titan seeks intervention "as of right" pursuant to F.R.C.P. Rule 24(a)(2) on the basis that "it claims an interest in the property of [the] MJCC Defendants, which interest would be severely impaired were the Plaintiffs to obtain a disingenuous default judgment against the same." Titan's Motion lacks merit and should be denied.

The overall thrust of the Motion is that Titan claims "a property interest in MJCC and its assets." Motion at pg. 1. Well established case law within the Second Circuit demonstrates that a Rule 24(a)(2) Motion to Intervene can only be granted where all four of the following conditions are met:

> [A]n applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by parties to the action.

In re: Bank of N.Y. Derivative Litigation, 320 F.3d 291, 300 (2d Cir. 2003)(internal quotation marks omitted). The failure to satisfy any one of these four requirements is deemed a sufficient ground to deny the application. Id.

Turning to the case at bar, the Court should find that Titan cannot satisfy even one of these four criteria. Titan's Motion is not timely. This case was filed in April, 2001. Although MJCC Realty was initially represented by counsel, said

defendant was defaulted for failure to appear on December 19, 2002 after its counsel died. Prymas knew of this default at that time. After forming Titan in 2004, Prymas took no steps were taken to intervene for a full three years. During that time this case went to trial and a verdict entered against all appearing defendants. Furthermore, when a party against whom a judgment for affirmative relief is sought has failed to defend, it is in default, and a judgment by default may be entered either by the Clerk or the Court. Fed. R. Civ. P. 55. Thus, liability has already been established and it is proper and timely for this Court to determine the correct amount of damages. The Motion is therefore untimely. What Titan's Motion seeks to accomplish at this late date is unclear. One thing that is certain is that Titan/Prymas are acting in bad faith and with ill intent towards the Plaintiffs. Titan's Motion is an attempt by Prymas to seek revenge on Plaintiffs for having brought this RICO action.

    The second prong of the test for intervention requires a showing of an interest in the pending action. There are no circumstances under which Titan can establish that it has an interest in the pending action. This RICO action arises out of a pattern of racketeering activity which began in the mid-1990s and continued through the date that Plaintiffs initiated suit in

April, 2001.  Titan did not exist as a legal entity in 2001. Titan was not formally organized until January 5, 2004.  Titan's Motion to Intervene speaks of certain real property owned by MJCC Realty and known as 25 Queach Road, Branford, Connecticut; however, the only issue before this Court is the amount of damages, including attorney's fees and costs, to which Plaintiffs are entitled.  What the Motion fails to disclose is that:  (1) Titan was formed by former co-defendant Prymas and its business address is listed with the Secretary of State's Office as 321 Whitney Avenue, New Haven, CT, which is the exact same address as another former co-defendant, Thompson & Peck, Inc.; and (2) the Bankruptcy Court has already ruled in the <u>Titan v. MJCC</u> action that there is no probable cause to sustain Titan's claims of having an ownership interest in MJCC or its assets.  <u>See</u>, Exhibit C attached hereto.  Under these circumstances, not only is it a stretch for Titan to claim an interest in the subject of this action, its failure to provide full disclosure of all relevant facts to this Court sounds in bad faith.

The third prong of the intervention test requires a showing that Titan is so situated that without intervention, the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest.  <u>See</u>, <u>United States</u>

7

v. Pitney Bowes, Inc., 25 F. 3d 66, 70 (2d Cir. 1994). If, in Titan v. MJCC, Titan could not establish probable cause to sustain its claim that it has an ownership interest in MJCC or its property, then it cannot possibly argue in good faith that without intervention herein, the disposition of this action will impair or impede Titan's ability to protect that very same interest. The answer is simple: it cannot. The probable cause standard presents the lowest possible burden of proof in our system of jurisprudence. "Proof of probable cause is not as demanding as proof by a fair preponderance of the evidence." Newtown Associates v. Northeast Structures, Inc., 15 Conn. App. 633, 636-37 (1988).

> The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and as such would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it . . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false.

36 Deforest Avenue, LLC v. Creadore, 99 Conn. App. 690, 695 (2007). Thus, Titan was unable to prove to the Bankruptcy Court even the most basic facts to sustain its claims because all of Titan's claims were time barred by operation of 11 U.S.C. §546(a).

The fourth prong of the intervention test requires a showing that Titan's interest is not adequately represented by the other parties.  <u>United States v. Pitney Bowes, Inc.</u> at 70.  Because Titan has no interest in MJCC or its property, there is no need for this Court to further explore the issue of whether that "interest" is adequately represented by the other parties.

### III. <u>Application of Rule 11 to the Case At Bar</u>

Rule 11(b) of the Federal Rules of Civil Procedure states in pertinent part:

> (b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
> (1)  it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;
> (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law.

With respect to Rule 11(b) a party/attorney's reasonable inquiry is best established by looking to various factors which "include the time available for investigation, whether the attorney had to rely on information from a client, and the general plausibility of legal arguments."  <u>Battles v. City of</u>

9

Fort Myers, 127 F.3d 1298, 1300 (11th Cir. 1997).  In the case at bar, the reasonable inquiry standard has not been met.  The Motion was filed herein by Titan/Prymas.  Titan is party to Titan v. MJCC, pending in the Bankruptcy Court.  Movant's attorney, Stephen Wright of the law firm of Harlow Adams & Friedman, P.C., is the same attorney representing Titan in Titan v. MJCC lawsuit.  Thus, well before the Motion was filed, the Movant and its legal counsel had full knowledge that there was no probable cause to sustain its claim that Titan had a protectable interest in MJCC Realty or its property.

Titan and its counsel knew, or should have known, that there is no legal basis for intervention herein.  Their failure to disclose to this Court all of the relevant facts (i.e., that Titan's sole member is Prymas and the Bankruptcy Court's Ruling regarding a lack of probable cause) is evidence that the Motion is being presented for an improper purpose.  The Bankruptcy Court has already ruled that Titan has no probable cause to sustain its claims, and yet Titan/Prymas decided to move this Court for intervention, and in doing so caused unnecessary delay and increased the cost of litigation to the Plaintiffs herein.  This is unacceptable.

With respect to Rule 11(b)(2), the "frivolousness clause", the relevant inquiry has two prongs: (1) whether the attorney

made a reasonable inquiry into the facts; (2) whether the attorney made a reasonable investigation of the law. <u>Brown v. Federation of State and Medical B.D.S. of United States</u>, 830 F. 2d, 1429, 1435 (7th Cir. 1987). The pleading is not well grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known by the attorney signing the document. <u>Id</u>. Titan's legal counsel is an experienced attorney who had full knowledge of the Bankruptcy Ruling in <u>Titan v. MJCC</u>. The Bankruptcy Ruling established there was no probable cause to sustain Titan's claims of having an ownership interest in MJCC and/or its property. Titan/Prymas and its counsel knew, or should have known, that the Motion was not well grounded in fact or law, and sanctions are therefore appropriate.

Rule 11(c) of the Federal Rules of Civil Procedure states that a court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

At a minimum, Titan and its counsel should be sanctioned by "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as direct result of the violation." Rule 11(c)(2). A far greater sanction, however, would appear to be necessary to deter future

harassment by Titan/Prymas and its attorneys.  Respondents should be ordered to pay an amount equal to three times Plaintiffs' attorneys fees and expenses into this Court pursuant to Rule 11(c)(2) as detailed by the Affidavit of Edward C. Taiman, Jr. In Support of Motion For Rule 11 Sanctions filed concurrently herewith.  For all these reasons, Plaintiffs' request relief in accordance with the foregoing.

                        THE CADLE COMPANY
                        D.A.N. JOINT VENTURE,
                        A LIMITED PARTNERSHIP


                        By_____
                          Edward C. Taiman, Jr.
                          Barry & Taiman, LLC
                          202 West Center Street, 1st Floor
                          Manchester, CT 06040
                          860-649-4400
                          Federal ID No.CT01319
                          Their Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE CADLE COMPANY** and **D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP,**     Plaintiffs, | § § § § | No. 3:01CV531(AVC) |
| vs. | § | |
| **CHARLES A. FLANAGAN, et al.**     Defendants. | § § | April 27, 2007 |

### CERTIFICATION

I hereby certify that on April 27, 2007, a copy of the foregoing Motion was filed electronically and served by mail on counsel or unrepresented parties unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By _____
Edward C. Taiman, Jr.
Barry & Taiman, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
860-649-4400
Federal ID No. CT01319