UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE CO., INC., ET AL. : | |
|     Plaintiffs, : | |
| v. : | CIVIL NO. 3:01-CV-00531 (AVC) |
| CHARLES A. FLANAGAN, ET AL. : | |
|     Defendants. : | MAY 3, 2007 |

**DEFENDANT JOSEPH CAPORALE'S REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND AMENDED MOTION FOR FINAL (DEFAULT) JUDGMENT, AND IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
(REPLY TO DOCKET ENTRY # 719)**

The plaintiffs' April 27, 2007 "objection" and "response" (Docket #719) is far more notable for what it omits and ignores than for what is addresses. There is no mention, for example, of the fact that this Court ordered the plaintiffs to file a motion for judgment on the default no later than March 19, 2003 or their case against Mr. Caporale would be dismissed. There is no mention of the fact that the plaintiffs not only failed to file a motion for judgment within this Court's deadline, but instead waited nearly four years to do so. There is no mention of the fact that the plaintiffs have settled with virtually all of the defendants in this action, and all of the major ones, and

- 1 -

that anything received incident to those settlements reduced, and may have eliminated, the plaintiffs' right to recover anything from Mr. Caporale.  There is no mention of the fact that the plaintiffs almost certainly gave releases incident to the prior settlements, and that the terms of those releases are clearly relevant to whether Mr. Caporale's liability, if any, survived.  There is not even any explicit mention of the settled legal standards governing Mr. Caporale's motion to set aside the default.

Instead the plaintiffs offer only conclusory assertions that Mr. Caporale must have known of Attorney Skelton's death, and that he was a knowing co-conspirator with Charles Flanagan.  Faced with Mr. Caporale's sworn testimony, the plaintiffs rest on their view that "it strains credulity"[1] that Mr. Caporale did not know of Attorney Skelton's death, and that "we may safely assume"[2] that he actually did know.  If the plaintiffs' strained credulity or safe assumptions constituted evidence, there might be something for this Court to weigh.  However, they do not

---

[1]  Plaintiffs' Objection [...] [and] Response [...], p. 2.

[2]  Plaintiffs' Objection [...] [and] Response [...], p. 8.

- 2 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

constitute evidence.  Even in the realm of strained credulity, is it more difficult to believe Mr. Caporale's sworn testimony concerning his knowledge of Attorney Skelton's death, and his ignorance of Charles Flanagan's financial situation, or that the plaintiffs, faced with a court-ordered 60 day deadline to file a motion for judgment chose instead to wait nearly four years?  Is it more difficult to believe Mr. Caporale than to believe that the plaintiffs, knowing of Attorney Skelton's death, continued to certify pleadings to him for fourteen months?  These are not matters of speculation or conjecture; they are matters of record.

The evidence before the Court establishes that Mr. Caporale believed the case against him had been dismissed in 2001, and that he had no idea that Mr. Flanagan's request to transfer title of certain properties to him had anything to do with either defrauding Flanagan's creditors generally, or defrauding the plaintiffs in particular.  This evidence constitutes a *prima facie* showing that the default entered against Mr. Caporale did not occur because of his willful conduct, and that he possesses meritorious defenses to the plaintiffs' claims.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

As to the remaining consideration relevant to Mr. Caporale's motion to set aside the default, *i.e.*, prejudice to the plaintiff, it was acknowledged in Mr. Caporale's earlier memorandum that it would certainly have been more economical and convenient for the plaintiffs to have attempted to prove their case against Mr. Caporale in the context of the trial which occurred in the spring of 2005.  However, as also noted earlier, whatever injury the plaintiffs may suffer arises from their own egregiously dilatory conduct in not moving for judgment within the timeframe expressly ordered by this Court.  Had the plaintiffs complied with this Court's order, they either would already have a judgment against Mr. Caporale, or he would almost certainly have become aware, contrary to Attorney Skelton's assurances and Mr. Caporale's understanding, that he was still a party, and he could have moved for relief from the judgment at a time which would have permitted the plaintiffs to attempt to prove their claims, and permitted Mr. Caporale to offer his defenses, in the 2005 trial.  In their memorandum the plaintiffs advance no reason why Mr. Caporale's rights and interests should be sacrificed to ameliorate the consequences of the plaintiffs' entirely self-inflicted wound.

- 4 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

For the reasons set out at greater length in Mr. Caporale's earlier memoranda, the plaintiffs' motion for entry of judgment should be denied for the simple reason that it is egregiously untimely, and comes nearly four years after the case against Mr. Caporale should have been dismissed as a ministerial matter by the Clerk.  Even if it is not denied on that basis, an evidentiary hearing would be required concerning the plaintiffs' recoveries from other defendants, and the terms of the releases given incident to those settlements.  Finally, if the case is not simply terminated because the plaintiffs ignored this Court's order and deadline, Mr. Caporale's motion to set aside the default should be granted, and he should be allowed to offer his meritorious defenses to the plaintiffs' claims.

      RESPECTFULLY SUBMITTED,

      THE DEFENDANT,
      JOSEPH CAPORALE

      BY: _____
      ERIC P. SMITH, ESQ.
      FEDERAL BAR NO. ct16141
      e-mail: ESmith@ltke.com

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

**CERTIFICATION OF SERVICE**

    I hereby certify that on MAY 3, 2007, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

BY: _____
ERIC P. SMITH, ESQ.
FEDERAL BAR NO. ct16141
e-mail: ESmith@ltke.com

- 6 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278