UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CADLE COMPANY et al.,           :
   Plaintiffs,                  :
                                :
v.                              :    Case No. 3:01-CV-531(AVC)
                                :
CHARLES A. FLANAGAN, et al.,    :
   Defendants.                  :


**RULING ON THE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS, AND TITAN REAL ESTATE VENTURES' MOTION TO INTERVENE, AND ORDER OF DISMISSAL**

This is an action for damages. It is brought pursuant to, inter alia, the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961 et seq. The plaintiffs, the Cadle Company and D.A.N. Joint Venture Ltd., allege that in violation of the RICO Act, the various defendants conspired to defeat the plaintiffs' debt collection efforts through fraud.

**I. Motion for Default Judgment**

The plaintiffs now move for default judgments against Socrates T. Babacus, Joseph Caporale, MJCC Corporation, and MJCC Realty, Ltd. Partnership ("MJCC Realty"). Specifically, the plaintiffs contend that they are entitled to $2,283,387.71 in damages, attorneys' fees, and costs because the aforementioned defendants "never answered [the] Plaintiffs' complaint."

Joseph Caporale is the only defendant that responded to the motion. Although Caporale never filed an answer in this action, he nevertheless argues that the plaintiffs are not entitled to judgment against the defaulting defendants. Specifically,

Caporale contends that "the plaintiffs' motion for entry of judgment should be denied for the simple reason that it is egregiously untimely, and comes nearly four years after the case against [the defendants in default] should have been dismissed as a ministerial matter by the Clerk."

The court agrees that the plaintiffs' motion is untimely. On April 4, 2001, the plaintiffs filed the complaint in this action. On December 19, 2002, pursuant to Federal Rule of Civil Procedure 55(a), the clerk noted the default of Lisa Flanagan, Socrates T. Babacus, Joseph Caporale, MJCC Corporation, and MJCC Realty, and ordered the plaintiffs to file a motion for default judgment by January 18, 2003. On January 16, 2003, the court granted a motion for an extension of time filed by the plaintiffs, and ordered the plaintiffs to file a motion for default judgment by March 18, 2003. On December 19, 2006, the plaintiffs filed the within motion, some forty-five months after the time limit imposed by the court had expired.[1]

The plaintiffs offer no explanation as to the cause of their

---

[1] On February 8, 2005, twenty-three months after the time limit set by the court expired, the plaintiffs filed a motion for default judgment against MJCC Corporation and MJCC Realty. On May 6, 2005, because the motion was not accompanied by a memorandum of law as required by local rule 7(a), the court denied the motion without prejudice to its refiling in compliance with the local rules. Nineteen months later, the plaintiffs filed the present untimely motion, again seeking default judgment, and again failing to file a memorandum of law in support thereof.

gross delay in seeking judgment. Nor have they explicitly sought an extension of time in which to file the present motion, in accordance with Federal Rule of Civil Procedure 6(b), or local rule 7(b). Accordingly, the motion for default judgment (document no. 700) is untimely, and as such, is DENIED.

**II. Motion to Intervene**

Titan Real Estate Ventures LLC ("Titan") moves to intervene in this action, on the basis of its property interests in MJCC Corporation and MJCC Realty. Specifically, Titan argues that it is entitled to intervene "as of right . . . [because its] interests would be severely impaired were the Plaintiffs to obtain a . . . default judgment" against MJCC Corporation and MJCC Realty.

As the court has denied the motion for default judgment, there is no longer any danger that Titan's interest in these entities will be impaired. Nor is there any other sound reason to permit Titan to intervene at this late date. Accordingly, the motion to intervene (document no. 705) is DENIED.

**III. Motions for Sanctions**

In response to the motion to intervene, the plaintiffs move for sanctions against Titan, Titan's counsel, one Stephen Wright, and Wright's law firm, Harlow, Adams, & Friedman, P.C. Specifically, they are argue that pursuant to Federal Rule of Civil Procedure 11, "[s]anctions are appropriate because the

claims raised in the Motion [to intervene] are not warranted by existing law or by any non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law."

A motion for sanctions may not be filed with or presented to the court until twenty-one days after the movant has served the motion upon the non-moving party.  Fed. R. Civil P. 11(c)(1).  The certificates of service appended to the within motions indicate that the plaintiffs filed their motions for sanctions with the court simultaneously as they served Titan, its counsel, and its counsel's law firm.  Accordingly, as the plaintiffs have failed to comply with the notice requirements of Rule 11, the motions for sanctions (document no. 720 and 721) are DENIED.

**IV. Order of Dismissal**

The plaintiffs filed this action over six years ago.  The only remaining defendants are those in default, against whom the plaintiffs have failed to bring a timely motion for default judgment.[2]  Accordingly, as the plaintiffs have failed to press their remaining claims within the reasonable time limits established by the court, this action is dismissed, pursuant to Federal Rule of Civil Procedure 41(b) and the "inherent

---

[2] Under such circumstances, it is unclear whether there is still a case or controversy before the court.  As this action is dismissed on other grounds, the court declines to resolve this issue.

authority" of the district court "to dismiss sua sponte for lack of prosecution. . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31(1962) (affirming the dismissal of an action without notice after six years of litigation where counsel failed to appear at a conference scheduled by the court); see Fed. R. Civ. P. 41(b) (recognizing the authority of the court to dismiss actions where parties fail to adhere to the court's orders); D. Conn. L. Civ. R. 41(a) (providing for the dismissal of actions by the clerk were the parties have failed to take action for over six months).

## CONCLUSION

The motions for default judgment (document no. 700), to intervene (document no. 705), and for sanctions (documents no. 720 and 721) are DENIED. Further, this action is DISMISSED.

It is so ordered this 9TH of May, 2007, at Hartford, Connecticut.

_____/S/_____
Alfred V. Covello, U.S.D.J.