UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and | § | No. 3:01CV531(AVC) |
| D.A.N. JOINT VENTURE, | | |
| A LIMITED PARTNERSHIP, | § | |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | MAY 25, 2007 |
| Defendants. | § | |

**PLAINTIFFS' Rule 60 MOTION TO: (a) SET ASIDE JUDGMENT OF DISMISSAL AND (b) CORRECT THE RECORD AND GRANT APPROPRIATE RELIEF**

The Plaintiffs, the Cadle Company and D.A.N. Joint Venture, A Limited Partnership, hereby request relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. Plaintiffs seek an Order setting aside its Judgment of Dismissal dated May 15, 2007 in order to permit the Court to correct the record by amending its Ruling On The Plaintiffs' Motions For Default Judgment and Sanctions, And Titan Real Estate Ventures' Motion To Intervene, And Order Of Dismissal (hereinafter, the Ruling), dated May 9, 2007 and docketed on May 10, 2007. The effect of the Ruling was to deny Plaintiff's Motion for Entry of Final Default Judgment against defendants MJCC Corporation, MJCC Realty Limited Partnership, Joseph Caporale and Socrates Babacus.

Plaintiffs seek Rule 60 relief on the basis that the Court was mistaken as to the facts on which it relied. The Ruling held that Plaintiffs' Motion for Judgment was filed forty-five months after the March 18, 2003 deadline with no explanation as to the cause of the delay. However, on or about February 8, 2005, Plaintiffs did file with the Court Plaintiffs Motion For Entry Of Final Default Judgment Against Defendants MJCC Corporation And MJCC Realty, Limited Partnership. See, exhibit A. Attached thereto was an affidavit of Dan Cadle in support.

Furthermore, sufficient cause existed for the delay in filing the February 8, 2005 Motion for Entry Of Final Default Judgment. As the Court may recall, this litigation was complex and hotly contested. The exact damage component of Plaintiffs case was largely undetermined in 2003. All of the parties spent many months litigating the issue of Plaintiffs' damages. It was not 2005, when Plaintiffs' were responding to various motions for summary judgment and preparing for the May '05 trial, that Plaintiffs were in a position to seek judgment against MJCC and MJCC Realty Limited Partnership.

Thus, the Ruling was incorrect and the Court was mistaken as to the facts. Plaintiffs did not wait forty-five months before filing their motion and good cause existed for the delay. To the extent the Ruling denied Plaintiffs relief in the form of a judgment against MJCC Corporation and MJCC Realty Limited Partnership, this Court

should reopen the May 15, 2007 judgment of dismissal and grant judgment against the MJCC defendants.

WHEREFORE, Plaintiffs request relief in accordance with the foregoing.

>By _____/s/_____
>Edward C. Taiman, Jr.
>Barry & Taiman, LLC
>202 West Center Street,
>1st Floor
>Manchester, CT 06040
>860-649-4400
>Federal Bar No. ct01319
>Their Attorney

## **CERTIFICATION**

    I hereby certify that on May 25, 2007, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                      By: _____/s/_____
                                          Edward C. Taiman, Jr.
                                          Federal Bar No.  ct01319
                                          e-mail: ed@barrytaiman.com