UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | February 8, 2005 |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS MJCC CORPORATION AND MJCC REALTY, LIMITED PARTNERSHIP (A/K/A M.J.C.C. REALTY LIMITED PARTNERSHIP)**

1. On December 19, 2002 the Court granted Plaintiffs' Motion for Entry of Default as to Defendants MJCC Corporation ("MJCC Corp.") and MJCC Realty, Limited Partnership (a/k/a M.J.C.C. Realty Limited Partnership) ("MJCC Ltd.").

2. The actual damages sought by Plaintiffs against Defendants MJCC Corp. and MJCC Ltd. as of December 19, 2002 are $2,030,229.72 as set forth in the attached affidavit of Dan Cadle submitted herewith as Px A.

3. Further, pursuant to 18 U.S.C. §1964(c), Plaintiffs are entitled to recovery of attorneys' fees for prosecuting this action. Plaintiffs seek recovery of attorneys' fees as of December 19, 2002 in the amount of $102,802 for prosecuting this action as set forth in the attached affidavit of Dan Cadle submitted herewith as Px A.

4. Pursuant to Rule 54(b), Fed.R.Civ.P., there is no just reason for delay as far as the entry of final judgment against MJCC Corp. and MJCC Ltd.

### PRAYER

Plaintiffs respectfully request that the Court grant this Motion and enter a final default judgment against Defendants MJCC Corp. and MJCC Ltd. as set forth in the proposed form of final default judgment submitted with this Motion.

Respectfully submitted,

ARMSTRONG LAW FIRM

DATED: February 8, 2005.

By_____
F. Dean Armstrong
Ct. Fed. Bar #CT22417
1324 Dartmouth Road
Flossmoor, IL 60422
(708) 798-1599
Fax (708) 798-1597

Edward C. Taiman, Esq.
SABIA & HARTLEY, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205
(860) 541-2077
Fax (860) 713-8944

Attorneys for Plaintiffs
The Cadle Company and
D.A.N. Joint Venture,
A Limited Partnership

## Certificate of Service

I certify that a correct copy of the foregoing instrument was faxed and mailed on February 8, 2005 to all defense counsel as shown on the attached Service List.

_____
F. Dean Armstrong

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § | |
| Defendants. | § | |

**FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS MJCC
CORPORATION AND MJCC REALTY, LIMITED PARTNERSHIP
(A/K/A M.J.C.C. REALTY LIMITED PARTNERSHIP)**

On this date the Court considered Plaintiffs' Motion for Entry of Final Default Judgment against Defendants MJCC Corporation ("MJCC Corp.") and MJCC Realty, Limited Partnership (a/k/a M.J.C.C. Realty Limited Partnership) ("MJCC Ltd."). After considering the pleadings, the law, the affidavit of Dan Cadle proving-up damages, and the arguments and authorities of counsel, the Court is of the opinion that the Motion should be GRANTED.

Accordingly, final default judgment is hereby entered against Defendants MJCC Corporation and MJCC Realty, Limited Partnership (a/k/a M.J.C.C. Realty Limited Partnership), jointly and severally, in the amount of $2,030,229.72, plus treble damages pursuant to 18 U.S.C. §1964(c) in the amount of $6,090,689.16, plus recovery of attorneys' fees for prosecuting this action in the amount of $102,802, for total judgment

against MJCC Corporation and MJCC Realty, Limited Partnership (a/k/a M.J.C.C. Realty Limited Partnership), jointly and severally, in the amount of $8,220,920.88.

Further, court costs as between Plaintiffs and Defendants MJCC Corp. and MJCC Ltd. are hereby assessed, jointly and severally, against Defendants MJCC Corp. and MJCC Ltd.

Finally, pursuant to Rule 54(b), Fed.R.Civ.P., this Court directs the entry of this final judgment against Defendant MJCC Corp. and MJCC Ltd. upon the express determination that there is no just reason for delay, and upon the express direction for the entry of this final judgment.

IT IS SO ORDERED.

Dated: _____, 2005.

                                                        Hon. Alfred V. Covello
                                                        U.S. District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY and D.A.N. JOINT VENTURE, A LIMITED PARTNERSHIP, | § § § | No. 3:01CV531(AVC) |
| Plaintiffs, | § § | |
| vs. | § | |
| CHARLES A. FLANAGAN, et al. | § § | February 8, 2005 |
| Defendants. | § | |

**AFFIDAVIT OF DAN CADLE IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS MJCC CORPORATION AND MJCC REALTY, LIMITED PARTNERSHIP (A/K/A M.J.C.C. REALTY LIMITED PARTNERSHIP)**

My name is Dan Cadle. I am over the age of 21, fully competent to make this affidavit, and personally acquainted with the facts as set forth herein. If called to testify upon the trial of this case, I could and would testify as follows:

1. I am the president of Plaintiff The Cadle Company and Cadle Company of Ohio, Inc., the general partner of Plaintiff D.A.N. Joint Venture, A Limited Partnership (collectively, "Cadle"), and I am authorized on behalf of both Plaintiffs to make this affidavit on their behalf.

2. The actual damages incurred by Plaintiffs as of December 19, 2002 total $2,030,229.72 comprised of (a) $350,000 in collection costs and attorneys' fees paid by Cadle in connection with the futile efforts to track down and execute on the assets of Charles A. Flanagan ("Flanagan") when there was a

-1-

RICO conspiracy to hide, transfer and otherwise shield Flanagan's assets from the claims of Cadle; (b) $65,000 in fees and expenses paid by Cadle in connection with the defense of Cadle's collection attorney, Paul Gaide, Esq., when the grievance against Attorney Gaide was part of Flanagan's RICO conspiracy to sue Gaide to get Gaide and Cadle to back off the efforts to locate and execute upon Flanagan's assets; and (c) lost debt damages in the amount of $1,615,229.72 on notes and judgments against Flanagan that Plaintiffs could have and would have collected but were prevented from collecting because of the RICO conspiracy to hide, transfer and otherwise shield Flanagan's assets from the claims of Cadle.

3. Further, as of December 19, 2002 Plaintiffs had paid in excess of $102,802 in attorneys fees and expenses for the prosecution of this RICO suit.

I know the above facts from personal knowledge, and they are true and correct.

_____
Dan Cadle

SWORN TO AND SUBSCRIBED TO BEFORE ME by the said Dan Cadle on February 8, 2005.

_____
Notary Public
State of Ohio

MY COMMISSION expires:
JO BETH GIBBS
Notary Public, State of Ohio
My Comm. Expires Sept. 20, 2007

-2-